# EXHIBIT 9



# EPA to Affirmatively Enforce Title VI

Nov 18, 2021

## WINSTON'S ENVIRONMENTAL LAW UPDATE

The Environmental Protection Agency ("EPA") is "taking a fresh look" at its authority to prioritize environmental justice.[1] This includes the EPA's "affirmative authority" to use Title VI of the Civil Rights Act to address disparate impacts. This has significant implications for entities seeking federal environmental permits or funding. Questions exist, however, regarding whether the EPA's—or any federal agency's—statutory authority under Title VI is so broad.

## TITLE VI, DISPARATE IMPACT, AND ENVIRONMENTAL JUSTICE

EPA Principal Deputy General Counsel Melissa Hoffer recently announced that the EPA would, for the first time, exercise "affirmative authority" to ensure that EPA funding recipients comply with Title VI.[2] Under Title VI of the Civil Rights Act, federally funded programs, activities, and institutions are prohibited from discriminating on the basis of "race, color, or national origin."[3] Those found to have violated the law may lose their federal funds or approvals.[4]

Hoffer acknowledged that the EPA's prior enforcement under Title VI has been "scant."[5] Title VI regulations permit parties to petition the EPA and other agencies to investigate whether permitting and other actions by funding recipients discriminate against the protected classes. The EPA has never made a formal finding of discrimination, never referred a case to the Department of Justice ("DOJ"), and never initiated a proceeding to withhold funding.[6]

Hoffer said the EPA now plans to start affirmatively using Title VI, because "without meaningful enforcement, recipients of federal funds make decisions every day that exacerbate racial inequities."[7] Further, the EPA's External Civil Rights Compliance Office ("ECRCO") announced it will issue guidance on how to consider disparate impacts in state-issued federal air and water permits. The EPA plans to publish a cumulative impact guidance by the end of the year. This is intended to address claims that permitting decisions disproportionately harm historically disadvantaged communities.

Not only is the EPA planning to affirmatively use Title VI, it is also pressing the DOJ to require other federal agencies to do the same. Lilian Dorka, director of the EPA's ECRCO, said during an EPA National Environmental Justice Advisory Council meeting that she wants to make sure all agencies "are taking into consideration civil rights requirements and civil rights considerations."[8] She wants the DOJ to clarify "that with respect to ensuring environmental justice, compliance with environmental laws is not compliance with Title VI."[9] It is reported that the DOJ Civil Rights section has been holding meetings with federal agencies discussing this issue.[10]

## QUESTIONS REGARDING TITLE VI AUTHORITY TO CONSIDER DISPARATE IMPACT

The EPA's and the DOJ's move toward affirmative use of Title VI to address disparate impact reflects a significant change from the enforcement objectives of the Trump Administration. In December 2020, the DOJ's Civil Rights Division finalized a rule amending the DOJ's own Title VI regulations. This would have limited those regulations to examining only whether there is disparate *intent*.[11] This rule never took effect. Before publication in the Federal Register, the incoming Biden Administration withdrew the pending rule change.

The DOJ's nearly finalized rule nevertheless raises important legal questions about the DOJ's—and, by extension, the EPA's—existing Title VI regulations. The DOJ has not substantively updated its Title VI regulations since 1973. In the intervening years, however (and as the DOJ's December 2020 final rule recounted), the Supreme Court has decided a number of cases interpreting Title VI and the limits of Congressional intent.

Reviewing those precedents, the DOJ's December 2020 rule reasoned that "Congress intended Title VI to prohibit 'only those classifications that would violate the Equal Protections Clause' if committed by a government actor." [12] The Supreme Court has held that "the Equal Protection Clause requires proof of intentional discrimination, and that discriminatory effect or *disparate impact alone does not constitute a violation*."[13] The DOJ continued: [the] "current regulations' extension of prohibited conduct to unintentional disparate impact expands the prohibition to a vastly broader scope of conduct than the intentionally discriminatory conduct that the statute itself prohibits." The DOJ thus claimed to be "harmonizing the implementing regulations' scope with the conduct that Congress actually intended Title VI to prohibit."[14]

The issues raised in the DOJ's December 2020 final rule implicate the EPA's proposal to assert "affirmative authority" to examine the potential disparate impact of grant-awarding and permitting decisions. If the DOJ's earlier interpretation of Title VI is correct, impacted entities might challenge the EPA. If actions taken to advance environmental justice are premised merely on findings of disparate impact without discriminatory intent, such challenges could have success. The Supreme Court has already written that Title-VI-implementing regulations like the DOJ's and the EPA's are in "considerable tension" with the Court's Title VI precedents.[15]

---

[1] ABA Panel, *Perspectives and Priorities from Senior Biden Administration Officials on the Biggest Environmental, Energy and Resources Challenges and Opportunities* (Oct. 14, 2021), https://www.americanbar.org/news/abanews/aba-news-archives/2021/10/aba-section-of-environment--energy--and-resources-to-host-virtua/.

[2] *Id.*

[3] Title VI, 42 U.S.C. § 2000 *et seq.*

[4] *Id.*

[5] *EPA Lawyer Vows Use of 'Affirmative Authority' To Enforce Civil Rights Law,* Inside EPA (Oct. 15, 2021), https://insideepa.com/daily-news/epa-lawyer-vows-use-affirmative-authority-enforce-civil-rights-law.

[6] Title VI, 42 U.S.C. § 2000 *et seq.*

[7] *Supra*, note 1.

[8] *EPA Pressing DOJ To Ensure Agencies Follow Title VI In NEPA Reviews*, Inside EPA (November 10, 2021), https://insideepa.com/daily-news/epa-pressing-doj-ensure-agencies-follow-title-vi-nepa-reviews.

[9] *Id.*

[10] *Id.*

[11] *See* Department of Justice Amendment of Title VI Regulations (proposing to amend 28 C.F.R. pt. 42), available at https://www.washingtonpost.com/context/read-the-document-justice-department-s-proposed-amendment-to-title-vi-regulations/78790299-551d-4c6f-b93b-f55c07bfde86/?itid=lk_readmore_manual_9.

[12] *Id.*, quoting *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265,287 (1978).

[13] *Id.*(emphasis added).

[14] *Id*.

[15] *Alexander v. Sandoval*, 532 U.S. 275, 282 (2001).

# AUTHOR

JONATHAN D.
BRIGHTBILL
Partner

+1 202-282-5855

## RELATED PROFESSIONALS



**Jonathan D. Brightbill**
Partner Washington, D.C.
+1 202-282-5855

*This entry has been created for information and planning purposes. It is not intended to be, nor should it be substituted for, legal advice, which turns on specific facts.*