# EXHIBIT 43

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D.C. 20460

EXTERNAL CIVIL RIGHTS COMPLIANCE OFFICE
OFFICE OF GENERAL COUNSEL

April 6, 2022

**In Reply Refer to:**
EPA Complaint Nos. 01R-22-R6 and 04R-22-R6

Dr. Chuck Carr Brown, Secretary
Louisiana Department of Environmental Quality
602 North Fifth Street
Baton Rouge, LA  70802
officesec@la.gov

**Re: Acceptance of Administrative Complaints**

Dear Secretary Brown:

The U.S. Environmental Protection Agency (EPA), External Civil Rights Compliance Office (ECRCO), is accepting for investigation the two administrative complaints referenced above, filed against the Louisiana Department of Environmental Quality (LDEQ), and received by ECRCO on January 20, 2022, and February 2, 2022, respectively. Both complaints allege that LDEQ discriminates on the basis of race in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(d) *et seq.*, and EPA's nondiscrimination regulation, at 40 C.F.R. Part 7.[1]

---

[1] EPA Complaint No. 01R-22-R6 was also filed against the Louisiana Department of Health (LDH) (assigned EPA Complaint No. 02R-22-R6) and also alleges discrimination on the basis of race. Specifically, the complaint alleges that LDH is engaged in an ongoing policy or practice of discrimination in that it fails in its duty to provide the predominantly Black residents of St. John the Baptist Parish with necessary information regarding the health threats posed by air pollutants emitted from the facility owned by Denka and other nearby sources—including to students attending the Fifth Ward Elementary School.  The complaint also alleges that LDH fails to make necessary recommendations to "all relevant government agencies" and affected communities regarding measures to reduce and prevent exposure to hazardous air pollutant emissions from these sources. Further the complaint alleges LDH fails, timely and transparently, to fulfill the terms of a grant awarded by EPA to assess the causes of higher cancer risk in St. John the Baptist Parish. ECRCO is accepting this complaint for investigation.

Secretary Chuck Carr Brown                                                                                          Page 2

Complaint No. 01R-22-R6 (St. John), filed by Earthjustice and Lawyers' Committee for Civil Rights Under Law on behalf of Concerned Citizens of St. John and Sierra Club, alleges LDEQ, in implementing its air pollution control program, subjects residents to discrimination on the basis of race, and specifically, that LDEQ's actions and failures to undertake certain actions, relative to the Denka Performance Elastomer LLC (Denka) facility, and other nearby sources, subject the predominantly Black residents of St. John the Baptist Parish to disproportionate levels of air pollution, including chloroprene emitted by Denka and ethylene oxide from various nearby sources. This complaint also alleges that LDEQ is engaged in an ongoing discriminatory policy or practice evidenced by LDEQ's continued failure to review, renew or strengthen measures for certain Denka air pollution permit applications, failure to properly conduct public notice and comment on air pollution permit renewals, and failure, timely and transparently, to fulfill the terms of a grant awarded by EPA to assess the causes of higher cancer risk in St. John the Baptist Parish.

EPA Complaint No. 04R-22-R6 (St. James), filed by Tulane Environmental Law Clinic on behalf of Stop the Wallace Grain Terminal, Inclusive Louisiana, RISE St. James, and the Louisiana Bucket Brigade, alleges LDEQ discriminates on the basis of race in implementing its air pollution control program by subjecting Black residents to ongoing disproportionate and adverse health and environmental impacts and that LDEQ fails to provide Black residents with meaningful involvement in air permitting decisions. The complaint also specifically alleges that LDEQ's August 5, 2021 decision to reaffirm issuance of 14 new air permits to the FG LA, LLC (Formosa) facility will subject the predominantly Black residents of St. James Parish to disproportionate levels of air pollution emitted by Formosa, including criteria air pollutants such as particulate matter (PM2.5), nitrogen dioxide, volatile organic compounds, and carbon monoxide, as well as toxic and carcinogenic air pollutants such as ethylene oxide, benzene, and formaldehyde.

Pursuant to EPA's nondiscrimination regulation, ECRCO conducts a preliminary review of administrative complaints to determine acceptance, rejection, or referral to the appropriate Federal agency.  *See* 40 C.F.R. § 7.120(d)(1). To be accepted for investigation, a complaint must meet the jurisdictional requirements described in the EPA's nondiscrimination regulation. First, the complaint must be in writing. *See* 40 C.F.R. § 7.120(b)(1). Second, it must describe an alleged discriminatory act that, if true, may violate the EPA's nondiscrimination regulation (*i.e.,* an alleged discriminatory act based on race, color, national origin, sex, age, or disability). *Id.* Third, it must be filed within 180 days of the alleged discriminatory act. *See* 40 C.F.R. § 7.120(b)(2). Finally, the complaint must be filed against an applicant for, or recipient of, EPA financial assistance that allegedly committed the discriminatory act. *See* 40 C.F.R. § 7.15.

After careful consideration, ECRCO has determined that both complaints meet the jurisdictional requirements stated above. First, the allegations are in writing. Second, they allege that discrimination occurred in violation of EPA's nondiscrimination regulation. Third, the discriminatory acts alleged in each complaint occurred within 180 days of the filing of these complaints, and/or raise continuing violations.  Finally, both allege discriminatory acts by LDEQ, which is a recipient of EPA financial assistance.

Secretary Chuck Carr Brown                                                                                    Page 3

For EPA Complaint Nos. 01R-22-R6 and 04R-22-R6, ECRCO will investigate the following issues.

1. Whether LDEQ uses criteria or methods of administering its air pollution control program that have the intent and/or effect of subjecting persons to discrimination on the basis of race in violation of Title VI of the Civil Rights Act of 1964 and EPA's implementing regulation at 40 C.F.R. Part 7 § § 7.30 and 7.35, including, but not limited and with respect to:

    a. LDEQ's acts or failures to undertake certain actions related to the Denka facility in connection with its air pollutant emissions, and the predominantly Black residents of St. John the Baptist Parish; and
    b. LDEQ's decision to reaffirm issuance of 14 new air permits for the Formosa facility, and the predominantly Black residents of St. James Parish.

2. Whether LDEQ has and is implementing the procedural safeguards required under 40 C.F.R. Parts 5 and 7 that all recipients of federal assistance must have in place to comply with their general nondiscrimination obligations, including specific policies and procedures to ensure meaningful access to LDEQ services, programs, and activities, for individuals with limited English proficiency (LEP) and individuals with disabilities, and whether LDEQ has a public participation policy and process that is consistent with Title VI and the other federal civil rights laws, and EPA's implementing regulation at 40 C.F.R. Parts 5 and 7.[2]

The initiation of an investigation of the issues identified above is not a decision on the merits. ECRCO is a neutral fact finder and will begin its process to gather the relevant information, discuss the matters further with LDEQ and the Complainants, and determine next steps utilizing ECRCO's internal procedures. Generally, the investigation and resolution options and procedures identified in EPA's nondiscrimination regulation and ECRCO's Case Resolution Manual (CRM) will be utilized for the complaint investigation process. We invite you to review

---

[2] *See* Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000(d) *et seq*.; Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794; *Lau v. Nichols*, 414 U.S. 563, 568-69 (1974) (finding that the government properly required language services to be provided under a recipient's Title VI obligations not to discriminate based on national origin); 40 C.F.R. § § 7.30, 7.35.  *See also* U.S. EPA, Guidance to Environmental Protection Agency Financial Assistance Recipients Regarding Title VI Prohibition Against National Origin Discrimination Affecting Limited English Proficient Persons. 69 FR 35602 (June 25, 2004) (available at https://www.epa.gov/sites/production/files/2020-02/documents/title_vi_lep_guidance_for_epa_recipients_2004.06.25.pdf); U.S. EPA, Title VI Public Involvement Guidance for EPA Assistance Recipients Administering Environmental Permitting Programs, 71 FR 14207 (March 21, 2006) (available at https://www.epa.gov/sites/production/files/2020-02/documents/title_vi_public_involvement_guidance_for_epa_recipients_2006.03.21.pdf); U.S. EPA, Procedural Safeguards Checklist for Recipients, at https://www.epa.gov/sites/production/files/2020-02/documents/procedural_safeguards_checklist_for_recipients_2020.01.pdf (rev. Jan. 2020) (which provides a more detailed explanation of nondiscrimination obligations and best practices); U.S. EPA, Disability Nondiscrimination Plan Sample, at https://www.epa.gov/sites/production/files/2020-02/documents/disability_nondiscrimination_plan_sample_for_recipients_2020.01.pdf. (2017).

Secretary Chuck Carr Brown																																							Page 4

ECRCO's Case Resolution Manual for a more detailed explanation of ECRCO's complaint resolution process, available at https://www.epa.gov/sites/production/files/2021-01/documents/2021.1.5_final_case_resolution_manual_.pdf.

ECRCO is providing LDEQ with an opportunity to make a written submission responding to, rebutting, or denying the issues that have been accepted for investigation within thirty (30) calendar days of receiving a copy of this letter notifying LDEQ of the acceptance of the Complaints referenced herein. *See* 40 C.F.R. § 7.120(d)(1)(ii-iii).

EPA's nondiscrimination regulation provides that ECRCO shall attempt to resolve complaints informally whenever possible. *See* 40 C.F.R. § 7.120(d)(2). Accordingly, ECRCO will contact LDEQ and the Complainants within 10 days of the date of this letter to provide information about ECRCO's complaint process, and to offer and discuss the alternative dispute resolution (ADR)[3] and informal resolution agreement[4] processes as potential options for resolution of the issues which ECRCO has accepted for investigation. If LDEQ (and the Complainants with respect to ADR) agrees to engage in either of these potential resolution processes, ECRCO will suspend the issuance of preliminary findings within 180 days. In the event that either of these potential resolution processes fails to result in an agreement, ECRCO will notify LDEQ as well as the Complainants that ECRCO has resumed its process to issue preliminary findings within 180 days of the start of the investigation – excluding any days spent in either of these potential resolution processes.[5]

Please be advised that a copy of each complaint is enclosed, consistent with 40 C.F.R. § 7.120(e). ECRCO is releasing the complaints with appropriate redactions consistent with the Freedom of Information Act (FOIA) and the Privacy Act and will only release identifying information to the extent necessary to comply with 40 C.F.R. Parts 5 and 7.[6]

The EPA regulation prohibits applicants, recipients, and other persons from intimidating, threatening, coercing, or engaging in other discriminatory conduct against anyone because they have either taken action or participated in an action to secure rights protected by the civil rights requirements that we enforce. See 40 C.F.R. § 7.100. Any individual alleging such harassment or intimidation may file a complaint with ECRCO.

Thank you for your attention to this matter. If you have any questions, please feel free to contact me at (202) 564-9649, by email at dorka.lilian@epa.gov or Zahra Khan, Case Manager, at (202) 564-0460, by email at khan.zahra@epa.gov.

---

[3] EPA ECRCO's Alternative Dispute Resolution (ADR) process involves the formal mediation of a complaint or complaint allegations between the complainant and recipient, through the use of a professionally trained mediator. See U.S. EPA, ECRCO Case Resolution Manual, Section 3.3, p.24 (https://www.epa.gov/sites/default/files/2021-01/documents/2021.1.5_final_case_resolution_manual_.pdf ) .

[4] Informal Resolution occurs between ECRCO and the recipient. *See* Case Resolution Manual, Section 3.1, p.22 (https://www.epa.gov/sites/default/files/2021-01/documents/2021.1.5_final_case_resolution_manual_.pdf ) .

[5] *See* 40 C.F.R. § 7.115(c).

[6] Freedom of Information Act, 5 U.S.C. § 552(b)(6) and (7)(c) and the Privacy Act of 1974, 5 U.S.C. § 552a.

Secretary Chuck Carr Brown                                                                                           Page 5

                                Sincerely,

                                Lilian S. Dorka, Director
                                External Civil Rights Compliance Office
                                Office of General Counsel

Enclosure: Via Email, Redacted Copy of Each Complaint

cc:     Ariadne Goerke
        Deputy Associate General Counsel
        Civil Rights & Finance Law Office

        Cecil Rodrigues
        Acting Deputy Regional Administrator
        Acting Deputy Civil Rights Official
        U.S. EPA Region 6

        James McGuire
        Regional Counsel
        U.S. EPA Region 6