IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Jeff Landry, <br><br> PLAINTIFF, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 2:23-cv-00692 |

**STATE'S NOTICE IN RESPONSE TO JUNE 29 ORDER (DOC. 20)**

The State of Louisiana ("State") respectfully submits this notice in response to this Court's June 29, 2023 Order (Doc. 20) directing the State to address "what claims, if any, are resolved, and/or what claims remain in this lawsuit" in light of Defendants' post-suit dismissals of pending Title VI complaints against the State and its agencies. *See* Doc. 18.

The State respectfully submits that all of its claims continue to present justiciable controversies within this Court's jurisdiction. As the record makes clear, EPA is broadly seeking to enforce disparate impact and cumulative impact permitting requirements that are not authorized by any statute, and EPA is seeking to do so state wide. But in light of EPA's capitulation of its Title VI enforcement efforts regarding certain specific complaints, the State no longer seeks a preliminary injunction on some of its claims. Specifically, the State withdraws, without prejudice to renewal, its request for a preliminary injunction in two respects.

*First*, the State no longer seeks preliminary injunctive relief as to its non-delegation and 180-day claims (Counts I and II, as argued in section II of the preliminary injunction memorandum, Doc. 11-1 at 15-20). *Second*, the State limits its request for preliminary injunctive relief as to Extra-Regulatory

1

Requirements (Count VI, as argued in section IV, Doc. 11-1 at 37-41) to Defendants' attempts to impose cumulative-impact requirements and pre-decisional NEPA-like analysis, for which EPA has released publications detailing the mandates it intends to impose, *see* Doc. 11-1 at 40-41. The State continues to seek a preliminary injunction on its disparate-impact claims (Counts III, IV, and V, as argued in section III, Doc. 11-1 at 20-37) without modification, including the State's contention that imposition of disparate-impact mandates under Title VI on the States violates the Spending Clause (Doc. 11-1 at 32-33).

It appears that Defendants intend to impose their disparate-impact and cumulative-impact mandates for most or all of the permits that Louisiana Department of Environmental Quality ("LDEQ") issues during the pendency of this suit.[1] Given the numerous permits LDEQ issues in the course of its ordinary operations, it is a virtual certainty that the State will suffer irreparable harm during the pendency of this suit as a result of these mandates, which the State contends are unlawful.[2] Thus, despite Defendants' abrupt abandonment, post-preliminary-injunction motion, of their enforcement efforts in response to two specific complaints, the State continues to seek preliminary relief against unlawful mandates that would otherwise burden innumerable permitting decisions by LDEQ and other Louisiana agencies during the pendency of this suit.

The State's partial withdrawal of its request for a preliminary injunction is without prejudice to renewal if circumstances change. For example, a new Title VI complaint challenging LDEQ's administration of the Clean Air Act was filed on May 31, 2023—shortly after this suit was filed.[3]

---

[1] If Defendants do not believe that the cumulative-impact requirements announced in EPA's publications (Doc. 11-1 at 40-41) apply to future permitting decisions by Louisiana agencies, the State invites them to disavow any attempt to enforce such requirements. The failure to disavow such enforcement would provide further support to the State's arguments that the claims presented here are justiciable. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 165 (2014) (refusal to "disavow[] enforcement" of challenged law supported justiciability).

[2] Similarly, although the Louisiana Department of Health ("LDH") engages in less permitting operations than LDEQ, it appears that Defendants believe that their disparate-impact and cumulative-impact requirements govern significant swaths of LDH's operations.

[3] *See* EPA, *External Civil Rights Docket, 2014-Present Complaints Received and Compliance Reviews Initiated by EPA from January 1, 2014 – Present*, (https://www.epa.gov/external-civil-rights/external-civil-rights-docket-2014-present (last visited July 6,

Should EPA commit the same violations with respect to that complaint or others as it did here, the State may renew or amend its request for a preliminary injunction with respect to the claims advanced in sections II and IV.

Dated:   July 6, 2023

Respectfully submitted,

By: */s/ Joseph Scott St. John*

DREW C. ENSIGN *
  Special Assistant Solicitor General
202 E. Earll Drive
Suite 490
Phoenix, AZ 85004
drewensignlaw@gmail.com

ELIZABETH B. MURRILL (La #20685)
  Solicitor General
J. SCOTT ST. JOHN (La #36682)
  Deputy Solicitor General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70802
Tel: (225) 326-6766
murrille@ag.louisiana.gov
stjohnj@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

* admitted *Pro Hac Vice*

---

2023); *see also* https://www.epa.gov/system/files/documents/2023-06/07RNO-23-R6%20Complaint_Redacted.pdf (Complaint of Earthjustice, Sierra Club, and others).