**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| THE STATE OF LOUISIANA,<br><br>        Plaintiff,<br><br>   v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>        Defendants. | No. 2:23-cv-00692-JDC-KK |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**
**AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Local Civil Rule 56.1, Defendants hereby submit the following statement of material facts as to which there is no genuine issue.

1. Shortly after Title VI was enacted in 1964, a Presidential task force and the Department of Justice (DOJ) drafted model Title VI regulations. *See* 45 CFR § 80.3 (1964). These model regulations included a provision that recipients of federal funds may not use "criteria or methods of administration which have the *effect* of subjecting individuals to discrimination" on the basis of race, color, or national origin. *See id.* § 80.3(b)(2) (1964) (emphasis added).

2. In 1966, DOJ promulgated its own Title VI regulations with presidential approval. *See* Nondiscrimination in Federally Assisted Programs—Implementation of Title VI of the Civil Rights Act of 1964, 31 Fed. Reg. 10265 (July 29, 1966) (Administrative Record ("AR") 1-5).

3. In 1973, the Environmental Protection Agency (EPA) promulgated its own Title VI regulations with presidential approval. *See* Nondiscrimination Programs Receiving Federal Assistance from the Environmental Protection Agency, 38 Fed. Reg. 17,968 (July 5, 1973) (AR286-90).

4. Both agencies' regulations prohibited recipients of federal financial assistance from administering programs in a manner that has the effect of subjecting individuals to discrimination

based on race, color, or national origin. *See* Nondiscrimination in Federally Assisted Programs—Implementation of Title VI of the Civil Rights Act of 1964, 31 Fed. Reg. 10265 (July 29, 1966) (DOJ) (AR-15); Nondiscrimination Programs Receiving Federal Assistance from the Environmental Protection Agency, 38 Fed. Reg. 17,968 (July 5, 1973) (EPA) (AR286-90).

5. While both EPA and DOJ have amended their regulations periodically, the discriminatory-effect provisions have remained unchanged in substance for decades. *Compare* 28 C.F.R. § 42.104(b)(2) *with* 31 Fed. Reg. 10,266 (AR2), *and* 40 C.F.R. § 7.35(b) *with* 38 Fed. Reg. 17,968 (AR286).

6. In 2020, DOJ considered a draft rulemaking that would have sought to eliminate disparate-impact requirements from its Title VI regulations. AR277. Although DOJ submitted a draft Title VI rulemaking for review to the Office of Management and Budget (OMB) on December 21, 2020, *id.*, shortly thereafter, on January 14, 2021, DOJ notified OMB that the Department had decided not to proceed with publication of that rule and requested an end to OMB's review, AR279. The draft rule was never filed for public inspection with the Office of the Federal Register and was never published in the Federal Register. *See* AR279-80.

7. Since 1988, EPA has provided more than one billion dollars in federal financial assistance through annual funding grants to the Louisiana Department of Environmental Quality (LDEQ) and the Louisiana Department of Health (LDH). Declaration of Christopher Watkins ("Watkins Decl.") ¶ 4. Current grants total $120,238, 571 and at least 16 grant applications are pending. *Id.* ¶ 5.

8. LDEQ and LDH are required to certify, and have certified, their compliance with Title VI and EPA's regulations implementing Title VI when they apply for and receive federal financial assistance from EPA. *Id.* ¶¶ 5-11.

9. In 1984, EPA began requiring that applicants for federal funding assistance submit a signed EPA Form 4700-4. *Id.* ¶ 11. All applications for federal financial assistance by LDEQ, LDH, or the State of Louisiana since 1984 were required to contain a completed and signed Form 4700-4, which contains certifications that the funding recipient will fully comply with all applicable civil rights statutes and EPA regulations. *Id.*

10. As the discriminatory-effect provisions of EPA's Title VI regulations have remained unchanged in substance for decades, since 1984 LDEQ, LDH, and the State of Louisiana have certified with every application for federal financial assistance, including those made by LDEQ in June 2023 and by LDH in July 2023, that they will comply with the discriminatory-effect provisions of EPA's Title VI regulations. *Id.* ¶¶ 8-11.

11. On January 20, 2022, EPA's Office of External Civil Rights Compliance (OECRC) received: (1) the complaint subsequently docketed as EPA Complaint No. 01R-22-R6, titled "Complaint Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, Regarding Civil Rights Violations by Louisiana State Agency Grantees and Environmental Injustice in St. John the Baptist Parish"; and (2) the complaint subsequently docketed as EPA Complaint No. 02R-22-R6, titled "Complaint Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, Regarding Civil Rights Violations by Louisiana State Agency Grantees and Environmental Injustice in St. John the Baptist Parish." Declaration of Anhthu Hoang ("Hoang Decl.") ¶¶ 6-7.

12. On February 1, 2022, EPA's OECRC received the complaint subsequently docketed as EPA Complaint No. 04R-22-R6, titled "Complaint Under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 40 C.F.R. Part 7 against the Louisiana Department of Environmental Quality for Lack of Environmental Justice Procedures in its Air Permitting Program and Resulting Discriminatory Decision on Formosa Air Permits." Hoang Decl. ¶ 8.

13. On April 6, 2022, EPA's OECRC initiated: (1) an investigation of Complaint Nos. 01R-22-R6 and 04R-22-R6, which were filed against LDEQ; and (2) an investigation of Complaint No. 02R-22-R6, which was filed against LDH. Hoang Decl. ¶¶ 9-10.

14. On June 27, 2023, EPA's OECRC issued a letter to LDEQ administratively closing EPA Complaint Nos. 01R-22-R6 and 04R-22-R6, and stating that no further action will be taken with respect to Complaint Nos. 01R-22-R6 and 04R-22-R6. ECF No. 18-1; *see also* Hoang Decl. ¶ 18. This letter constituted EPA's final disposition of EPA Complaint Nos. 01R-22-R6, and 04R-22-R6. ECF No. 18-1; *see also* Hoang Decl. ¶ 18.

15. On June 27, 2023, OECRC issued a letter to LDH administratively closing EPA Complaint No. 02R-22-R6, and stating that no further action will be taken with respect to Complaint No. 02R-22-R6. ECF No. 18-2; Hoang Decl. ¶ 19. This letter constituted EPA's final disposition of EPA Complaint No. 02R-22-R6. ECF No. 18-2; Hoang Decl. ¶ 19.

16. On July 17, 2023, EPA rejected a Title VI Complaint (EPA Complaint No. 02R-23-R6) against LDEQ (Town of Mansura) that EPA received on December 16, 2022. Hoang Decl. ¶ 20.

17. On July 28, 2023, EPA rejected a Title VI Complaint (EPA Complaint No. 07RNO-23-R6) against LDEQ that EPA received on May 31, 2023. Hoang Decl. ¶ 21.

18. As of August 15, 2022, there are no Title VI complaints related to LDEQ, LDH, the State of Louisiana, or any of the State's subcomponents pending at or otherwise under consideration by EPA. Hoang Decl. ¶ 22.

19. EPA has never taken or attempted to take any enforcement steps outlined in 40 C.F.R. § 7.130 ("Actions available to EPA to obtain compliance") to terminate assistance, refuse to award assistance, or refuse to continue assistance, against any state to obtain compliance with EPA's disparate-impact regulations. Hoang Decl. ¶ 23.

Dated: August 16, 2023

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and
Compliance Section

DARIA NEAL
Deputy Chief, Federal Coordination and
Compliance Section

/s/ Katharine F. Towt
KATHARINE F. TOWT (MA Bar No. 690461)
Attorney
U.S. Department of Justice

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRANDON B. BROWN
United States Attorney

KAREN J. KING
Assistant United States Attorney

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

/s/ M. Andrew Zee
M. ANDREW ZEE (CA Bar No. 272510)
ALEXANDER W. RESAR
ANDREW J. RISING

| | |
|---|---|
| Civil Rights Division, Federal Coordination and Compliance Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 353-5054<br>Email: katie.towt@usdoj.gov | Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>Phone: (415) 436-6646<br>Email:   m.andrew.zee@usdoj.gov |

*Attorneys for Defendants*