*Louisiana v. EPA*, No. 2:23-cv-00692 (W.D. La.)

### Index to Administrative Record

| BATES RANGE | DATE | DESCRIPTION |
|---|---|---|
| AR_0001-0005 | 07/29/1966 | DOJ, *Nondiscrimination in Federally Assisted Programs—Implementation of Title VI of the Civil Rights Act of 1964*; Final Rule, 31 Fed. Reg. 10,265 (July 29, 1966) |
| AR_0006-0071 | 12/09/1971 | *Nondiscrimination in Federally Assisted Programs*; Joint Notice of Proposed Rulemaking, 36 Fed. Reg. 23,447 (Dec. 9, 1971) |
| AR_0072-0150 | 07/05/1973 | *Nondiscrimination in Federally Assisted Programs*; Joint Final Rule, 38 Fed. Reg. 17,919 (July 5, 1973) |
| AR_0151-0209 | 12/06/2000 | *Nondiscrimination on the Basis of Race, Color, National Origin, Handicap or Age in Programs or Activities Receiving Federal Financial Assistance*; Joint Notice of Proposed Rulemaking, 65 Fed. Reg. 76,460 (Dec. 6, 2000) |
| AR_0210 | 01/03/2001 | Letter dated Dec. 26, 2000 from Victoria Williams, City of Boston, Office of Civil Rights, to Merrily Friedlander, DOJ Civil Rights Division (Jan. 3, 2001) |
| AR_0211-0213 | 01/08/2001 | Letter from Merrily Friedlander, DOJ Civil Rights Division, to Yasmin Yorker, EPA Office of Civil Rights (Jan. 8, 2001) |
| AR_0214-0218 | 11/29/2001 | Memorandum from Merrily Friedlander, Civil Rights Division, to Ralph F. Boyd, Jr., Assistant Attorney General, Civil Rights Division; Regulatory Amendments for 22 Federal Agencies ("Cureton rule") (Nov. 29, 2001) |
| AR_0219-0276 | 08/26/2003 | *Nondiscrimination on the Basis of Race, Color, or National Origin in Programs or Activities Receiving Federal Financial Assistance*; Joint Final Rule, 68 Fed. Reg. 51,334 (Aug. 26, 2003) |
| AR_0277 | 12/21/2020 | Email from Robert Hinchman, DOJ Office of Legal Policy, to Joseph B. Nye, Office of Management and Budget; *Confirming Submission of CRT Title VI rule in ROCIS (CRT 140; 1190-AA75)* (Dec. 21, 2020) |
| AR_0278 | 01/08/2021 | OMB Webpage, OIRA Conclusion of EO 12866 Regulatory Review; Amendment of Title VI Regulations (Jan. 8, 2021) |
| AR_0279 | 01/14/2021 | Email from Kevin R. Jones, DOJ Office of Legal Policy, to Joseph B. Nye, Office of Management and Budget; *Title VI Rule (CRT 140)* (Jan. 14, 2021) [excerpted from otherwise deliberative email thread] |
| AR_0280 | 03/01/2021 | OMB Webpage, RIN 1190-AA75; Amendment of Title VI Regulations, Withdrawn (March 1, 2021) |

| AR_0281-0285 | 06/02/1972 | EPA, *Nondiscrimination in Programs Receiving Federal Assistance*; Notice of Proposed Rulemaking, 37 Fed. Reg. 11,072 (June 2, 1972) |
|---|---|---|
| AR_0286-0290 | 07/05/1973 | EPA, *Nondiscrimination in Programs Receiving Federal Assistance From the EPA—Effectuation of Title VI of the Civil Rights Act of 1964*; Final Rule, 38 Fed. Reg. 17,968 (July 5, 1973) |
| AR_0291-0297 | 01/08/1981 | EPA, *Non-Discrimination on the Basis of Race, Color, National Origin, Age, Handicap and Sex in Federally Assisted Programs*; Proposed Rule, 46 Fed. Reg. 2,306 (Jan. 8, 1981) |
| AR_0298-0308 | 01/12/1984 | EPA, *Nondiscrimination in Programs Receiving Federal Assistance From the Environmental Protection Agency*; Final Rule, 49 Fed. Reg. 1,656 (Jan. 12, 1984) |

objections must state the issues for the hearing. A hearing will be granted if the objections are supported by grounds legally sufficient to justify the relief sought. Objections may be accompanied by a memorandum or brief in support thereof.

*Effective date.* This order shall become effective on the date of its publication in the FEDERAL REGISTER.

(Sec. 409(c)(1), 72 Stat. 1786; 21 U.S.C. 348(c)(1))

Dated: July 22, 1966.

J. K. KIRK,
*Acting Commissioner of
Food and Drugs.*

[F.R. Doc. 66-8287; Filed, July 28, 1966; 8:46 a.m.]

## Title 28—JUDICIAL ADMINISTRATION

### Chapter I—Department of Justice

[Order No. 365-66]

### PART 42—NONDISCRIMINATION; EQUAL EMPLOYMENT OPPORTUNITY; POLICIES AND PROCEDURES

**Subpart C—Nondiscrimination in Federally Assisted Programs—Implementation of Title VI of the Civil Rights Act of 1964**

IMPLEMENTATION OF TITLE VI OF CIVIL RIGHTS ACT OF 1964 WITH RESPECT TO FEDERALLY ASSISTED PROGRAMS ADMINISTERED BY DEPARTMENT OF JUSTICE

By virtue of the authority vested in me by section 161 of the Revised Statutes (5 U.S.C. 22), section 2 of Reorganization Plan No. 2 of 1950, Title VI of the Civil Rights Act of 1964 (78 Stat. 252), and the Law Enforcement Assistance Act of 1965 (79 Stat. 828), it is hereby ordered as follows:

SECTION 1. The heading of Part 42 of Title 28 of the Code of Federal Regulations is hereby amended to read as set forth above.

SEC. 2. Part 42 is hereby amended by adding at the end thereof a new Subpart C to read as follows:

Subpart C—Nondiscrimination in Federally Assisted Programs—Implementation of Title VI of the Civil Rights Act of 1964 ¹

Sec.
42.101  Purpose.
42.102  Definitions.
42.103  Application of this subpart.
42.104  Discrimination prohibited.
42.105  Assurance required.
42.106  Compliance information.
42.107  Conduct of investigations.
42.108  Procedure for effecting compliance.
42.109  Hearings.
42.110  Decisions and notices.
42.111  Judicial review.
42.112  Effect on other regulations; forms and instructions.

Appendix A—Programs and Activities of the Department of Justice to Which This Subpart Applies.

¹ See also 28 CFR 50.3, Guidelines for enforcement of Title VI, Civil Rights Act.

AUTHORITY: The provisions of this Subpart C issued under sec. 161, Revised Statutes (5 U.S.C. 22); sec. 2, Reorganization Plan No. 2 of 1950; Title VI, Civil Rights Act of 1964 (78 Stat. 252); Law Enforcement Assistance Act of 1965 (79 Stat. 828).

§ 42.101  Purpose.

The purpose of this subpart is to implement the provisions of Title VI of the Civil Rights Act of 1964, 78 Stat. 252 (hereafter referred to as the "Act"), to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity receiving Federal financial assistance from the Department of Justice.

§ 42.102  Definitions.

As used in this subpart—

(a) The term "responsible Department official" with respect to any program receiving Federal financial assistance means the Attorney General, or Deputy Attorney General, or such other official of the Department as has been assigned the principal responsibility within the Department for the administration of the law extending such assistance.

(b) The term "United States" includes the several States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and all other territories and possessions of the United States, and the term "State" includes any one of the foregoing.

(c) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(d) The term "program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals (including education or training, rehabilitation, or other services or disposition, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities and cash or loan or other assistance to individuals), or for the provision of facilities for furnishing services, financial aid, or other benefits to individuals. The disposition, services, financial aid, or benefits provided under a program receiving Federal financial assistance shall be deemed to include any disposition, services, financial aid, or benefits pro-

vided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any disposition, services, financial aid, or benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(e) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(f) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization, or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assign, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(g) The term "primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(h) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible Department official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term "application" means such an application, request, or plan.

(i) The term "academic institution" includes any school, academy, college, university, institute, or other association, organization, or agency conducting or administering any program, project, or facility designed to educate or train individuals.

(j) The term "disposition" means any treatment, handling, decision, sentencing, confinement, or other prescription of conduct.

(k) The term "governmental organization" means the political subdivision for a prescribed geographical area.

§ 42.103  Application of this subpart.

This subpart applies to any program for which Federal financial assistance is authorized under a law administered by the Department. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the date of this subpart pursuant to an application whether approved before or after such date. This subpart does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, or (b) any employment practice concerning which the primary purpose of the Federal assistance is not that of providing employment as described in § 42.104(c).

## § 42.104  Discrimination prohibited.

(a) *General.* No person in the United States shall, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this subpart applies.

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program to which this subpart applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny an individual any disposition, service, financial aid, or benefit provided under the program;

(ii) Provide any disposition, service, financial aid, or benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject an individual to segregation or separate treatment in any matter related to his receipt of any disposition, service, financial aid, or benefit under the program;

(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any disposition, service, financial aid, or benefit under the program;

(v) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which individuals must meet in order to be provided any disposition, service, financial aid, function or benefit provided under the program; or

(vi) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program (including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section).

(2) A recipient, in determining the type of disposition, services, financial aid, benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which, such will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respects individuals of a particular race, color, or national origin.

(3) For the purposes of this section the disposition, services, financial aid, or benefits provided under a program receiving Federal financial assistance shall be deemed to include any portion of any program or function or activity conducted by any recipient of Federal financial assistance which program, function,

or activity is directly or indirectly improved, enhanced, enlarged, or benefited by such Federal financial assistance or which makes use of any facility, equipment or property provided with the aid of Federal financial assistance.

(4) The enumeration of specific forms of prohibited discrimination in this paragraph and in paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(c) *Employment practices.* Whenever a primary objective of the Federal financial assistance to a program, to which this subpart applies, is to provide employment, a recipient of such assistance may not (directly or through contractual or other arrangements) subject any individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff, or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation, and use of facilities). That prohibition also applies to programs as to which a primary objective of the Federal financial assistance is (1) to assist individuals, through employment, to meet expenses incident to the commencement or continuation of their education or training or (2) to provide work experience which contributes to the education or training of the individuals involved.

## § 42.105  Assurance required.

(a) *General.* Every application for Federal financial assistance to carry out a program to which this subpart applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this subpart. In the case of an application for Federal financial assistance to provide real property or structures thereon, or personal property or equipment of any kind, such assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for any other purpose involving the provisions of similar services or benefits. In all other cases, such assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. The responsible Department official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors, and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(b) *Assurances from government agencies.* In the case of any application from any department, agency, or

office of any State or local government for Federal financial assistance for any specified purpose, the assurance required by this section shall extend to any other department, agency, or office of the same governmental unit if the policies of such other department, agency, or office will substantially affect the project for which Federal financial assistance is requested. That requirement may be waived by the responsible Department official if the applicant establishes, to the satisfaction of the responsible Department official, that the practices in other agencies or parts or programs of the governmental unit will in no way affect (1) its practices in the program for which Federal financial assistance is sought, or (2) the beneficiaries of or participants in or persons affected by such program, or (3) full compliance with this subpart as respects such program.

(c) *Assurance from academic and other institutions.* (1) In the case of any application for Federal financial assistance for any purpose to an academic institution, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required with respect to an academic institution, detention or correctional facility, or any other institution or facility, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, wards, inmates, persons subject to control, or clients of the institution or facility or to the opportunity to participate in the provision of services, disposition, treatment, or benefits to such individuals, shall be applicable to the entire institution or facility unless the applicant establishes, to the satisfaction of the responsible Department official, that the practices in designated parts or programs of the institution or facility will in no way affect its practices in the program of the institution or facility for which Federal financial assistance is sought, or the beneficiaries of or participants in such program. If, in any such case, the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

## § 42.106  Compliance information.

(a) *Cooperation and assistance.* Each responsible Department official shall, to the fullest extent practicable, seek the cooperation of recipients in obtaining compliance with this subpart and shall provide assistance, and guidance to recipients to help them comply voluntarily with this subpart.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Department official or his designee timely, complete, and accurate compliance reports at such times, and in such form and containing such information, as the responsible Department official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this subpart.

In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient or subcontracts with any other person or group, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this subpart.

(c) *Access to sources of information.* Each recipient shall permit access by the responsible Department official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities, as may be pertinent to ascertain compliance with this subpart. Whenever any information required of a recipient is in the exclusive possession of any other agency, institution, or person and that agency, institution, or person fails or refuses to furnish that information, the recipient shall so certify in its report and set forth the efforts which it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this subpart and its applicability to the progam under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Department official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this subpart.

§ 42.107  Conduct of investigations.

(a) *Periodic compliance reviews.* The responsible Department official or his designee shall from time to time review the practices of recipients to determine whether they are complying with this subpart.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this subpart may by himself or by a representative file with the responsible Department official or his designee a written complaint. A complaint must be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Department official or his designee.

(c) *Investigations.* The responsible Department official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this subpart. The investigation should include, wherever appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this subpart occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this subpart.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this subpart, the responsible Department official or his designee will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 42.108.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the responsible Department official or his designee will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this subpart, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subpart. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this subpart, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 42.108  Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this subpart and if the noncompliance or threatened noncompliance cannot be corrected by informal means, the responsible Department official may suspend or terminate, or refuse to grant or continue, Federal financial assistance, or use any other means authorized by law, to induce compliance with this subpart. Such other means include, but are not limited to, (1) appropriate proceedings brought by the Department to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with assurance requirement.* If an applicant or recipient fails or refuses to furnish an assurance required under § 42.105, or fails or refuses to comply with the provisions of the assurance it has furnished, or otherwise fails or refuses to comply with any requirement imposed by or pursuant to Title VI of this subpart, Federal financial assistance may be suspended, terminated, or refused in accordance with the procedures of Title VI and this subpart. The Department shall not be required to provide assistance in such a case during the pendency of administrative proceedings under this subpart, except that the Department will continue assistance during the pendency of such proceedings whenever such assistance is due and payable pursuant to a final commitment made or an application finally approved prior to the effective date of this subpart.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Department official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this subpart, (3) the action has been approved by the Attorney General pursuant to § 42.110, and (4) the expiration of 30 days after the Attorney General has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Department official has determined that compliance cannot be secured by voluntary means, (2) the action has been approved by the Attorney General, and (3) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance.

§ 42.109  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 42.108(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. That notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for that action. The notice shall (1) fix a date, not less than 20 days after the date of such notice, within which the applicant or recipient may request that the responsible Department official schedule the matter for hearing, or (2) advise the applicant or recipient that a hearing concerning the matter in question has been scheduled and advise the applicant or recipient of the place and time of that hearing. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing afforded by section

AR_0003

10268

## RULES AND REGULATIONS

602 of the Act and § 42.108(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Department in Washington, D.C., at a time fixed by the responsible Department official, unless he determines that the convenience of the applicant or recipient or of the Department requires that another place be selected. Hearings shall be held before the responsible Department official or, at his discretion, before a hearing examiner designated in accordance with section 11 of the Administrative Procedure Act.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Department shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with sections 5 through 8 of the Administrative Procedure Act (5 U.S.C. 1004 through 1007), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this subpart, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied whenever reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this subpart with respect to two or more programs to which this subpart applies, or noncompliance with this subpart and the regulations of one or more other Federal departments or agencies issued under Title VI of the Act, the Attorney General may, by agreement with such other departments or agencies, whenever appropriate, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedure not inconsistent with this subpart.

Final decisions in such cases, insofar as this subpart is concerned, shall be made in accordance with § 42.110.

§ 42.110   Decisions and notices.

(a) *Decisions by person other than the responsible Department official.* If the hearing is held by a hearing examiner, such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record, including his recommended findings and proposed decision, to the responsible Department official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Whenever the initial decision is made by the hearing examiner, the applicant or recipient may, within 30 days of the mailing of such notice of initial decision, file with the responsible Department official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Department official may on his own motion, within 45 days after the initial decision, serve on the applicant or recipient a notice that he will review the decision. Upon filing of such exceptions, or of such notice of review, the responsible Department official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Department official.

(b) *Decisions on the record or on review by the responsible Department official.* Whenever a record is certified to the responsible Department official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible Department official conducts the hearing, the applicant or recipient shall be given a reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Department official shall be given in writing to the applicant or recipient and to the complainant, if any.

(c) *Decisions on the record whenever a hearing is waived.* Whenever a hearing is waived pursuant to § 42.109(a), a decision shall be made by the responsible Department official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible Department official shall set forth his ruling on each findings, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this subpart with which it is found that the applicant or recipient, has failed to comply.

(e) *Approval by Attorney General.* Any final decision of a responsible Department official (other than the Attorney General) which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this subpart or

the Act, shall promptly be transmitted to the Attorney General, who may approve such decision, vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with, and will effectuate the purposes of, the Act and this subpart, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this subpart, or to have otherwise failed to comply with this subpart, unless and until, it corrects its noncompliance and satisfies the responsible Department official that it will fully comply with this subpart.

§ 42.111   Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 42.112   Effect on other regulations; forms and instructions.

(a) *Effect on other regulations.* Nothing in this subpart shall be deemed to supersede any provision of Subpart A or B of this part or of any other regulation or instruction which prohibits discrimination on the ground of race, color, or national origin in any program or situation to which this subpart is inapplicable, or which prohibits discrimination on any other ground.

(b) *Forms and instructions.* Each responsible Department official, other than the Attorney General or Deputy Attorney General, shall issue and promptly make available to interested persons forms and detailed instructions and procedures for effectuating this subpart as applied to programs to which this subpart applies and for which he is responsible.

(c) *Supervision and coordination.* The Attorney General may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government, with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of Title VI of the Act and this subpart (other than responsibility for final decision as provided in § 42.110(d), including the achievement of the effective coordination and maximum uniformity within the Department and within the Executive Branch of the Government in the application of Title VI of the Act and this subpart to similar programs and in similar situations.

This subpart shall become effective on the 30th day following the date of its publication in the FEDERAL REGISTER.

Dated: July 5, 1966.

NICHOLAS deB. KATZENBACH,
*Attorney General.*

AR_0004

RULES AND REGULATIONS

10269

Approved: July 25, 1966.

LYNDON B. JOHNSON,
*President of the United States.*

APPENDIX A—PROGRAMS AND ACTIVITIES OF THE DEPARTMENT OF JUSTICE TO WHICH THIS SUBPART APPLIES

Law Enforcement Assistance Act of 1965.

[F.R. Doc. 66–8285: Filed, July 28, 1966; 8:46 a.m.]

# Title 29—LABOR

## Chapter XIV—Equal Employment Opportunity Commission

### PART 1601—PROCEDURAL REGULATIONS

### Miscellaneous Amendments

By virtue of the authority vested in it by section 713(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e–12(a), the Equal Employment Opportunity Commission hereby amends Part 1601 of its regulations as set forth below.

The purpose of this amendment is to describe more clearly the present Commission policy with respect to the filing and amendment of charges and to standardize the procedures for the investigation and disposition of charges and the reconsideration of Commission determinations with respect to charges.

Because the amendments herein adopted are procedural in nature the provisions of section 4 of the Administrative Procedure Act, 5 U.S.C. 1003, for public notice and delay in effective date are inapplicable, and these regulations shall become effective immediately.

1. The table of contents of Part 1601 is revised to read as follows:

Sec.
1601.1    Purpose.

Subpart A—Definitions

1601.2    Terms defined in Title VII of the Civil Rights Act of 1964.
1601.3    Title VII: Commission.
1601.4    Region; subregion.

Subpart B—Procedure for the Prevention of Unlawful Employment Practices

1601.5    Submission of information.
1601.6    Charges by aggrieved persons.
1601.7    Where to file.
1601.8    Forms; jurat.
1601.9    Withdrawal of charge by an aggrieved person.
1601.10   Charges by members of the Commission.
1601.11   Contents; amendment.
1601.12   Referrals to State and local authorities.
1601.13   Service of charge.

INVESTIGATION OF A CHARGE

1601.14   By whom made.
1601.15   Documentary evidence to be produced by a respondent.
1601.16   Witnesses.
1601.17   Payment of witness fees and mileage.
1601.18   Right to inspect or copy data.
1601.19   Determination of reasonable cause.
1601.20   Confidentiality.
1601.21   [Deleted]
1601.22   Conciliation; settlements.

PROCEDURE TO RECTIFY UNLAWFUL EMPLOYMENT PRACTICES

Sec.
1601.23   Refusal of respondent to cooperate.
1601.24   Confidentiality of endeavors.

PROCEDURE AFTER FAILURE OF CONCILIATION.

1601.25   Notice to respondent and aggrieved person.
1601.26   Referral to the Attorney General.

Subpart C—Notices to Employees, Applicants for Employment and Union Members

1601.27   Notices to be posted.

Subpart D—Interpretations and Opinions by the Commission

1601.28   Request for interpretation or opinion; who may file.
1601.29   Contents of request; where to file.
1601.30   Issuance of interpretation or opinion.

Subpart E—Construction of Rules

1601.31   Rules to be liberally construed.

Subpart F—Issuance, Amendment or Repeal of Rules

1601.32   Petitions.
1601.33   Action on Petition.

AUTHORITY: The provisions of this Part 1601 are issued under sec. 713(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000e–12(a).

2. Section 1601.11 is revised to read as follows:

§ 1601.11   Contents; amendment.

(a) Each charge should contain the following:

(1) The full name and address of the person making the charge.

(2) The full name and address of the person against whom the charge is made (hereinafter referred to as the respondent).

(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practice.

(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be.

(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local authority charged with the enforcement of fair employment practice laws, and, if so, the date of such commencement and the name of the authority.

(b) Notwithstanding the provisions of paragraph (a) of this section, a charge is deemed filed when the Commission receives from the person aggrieved a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments relate back to the original filing date. However, an amendment alleging additional acts constituting unlawful employment practices not directly related to or growing out of the subject matter of the original charge will be permitted only where at the date of the amendment the allega-

tion could have been timely filed as a separate charge.

3. Section 1601.13 is revised to read as follows:

§ 1601.13   Service of charge.

Upon the filing of a charge or the amendment of a charge, the Commission shall furnish the respondent with a copy thereof by certified mail or in person.

4. Section 1601.14 is revised to read as follows:

INVESTIGATION OF A CHARGE

§ 1601.14   By whom made.

The investigation of a charge shall be made by the Commission. During the course of such investigation, the Commission may utilize the services of State and local agencies which are charged with the administration of fair employment practice laws or appropriate Federal agencies. As part of each investigation, the charging party and the respondent shall each be offered an opportunity to submit a statement of its position or evidence with respect to the allegations. The statement and evidence of the respondent should be submitted within 10 days after receipt of the charge, but the Commission will endeavor to consider statements or evidence submitted thereafter by either party if received by the Commission prior to the determination pursuant to § 1601.19. The Commission encourages voluntary cooperation in its investigations, but will resort to the compulsory processes authorized by Title VII, when, in its judgment, such resort becomes necessary.

5. Section 1601.19 is revised to read as follows:

§ 1601.19   Determination of reasonable cause.

(a) Upon the completion of an investigation, the Commission shall determine whether there is reasonable cause to believe that the charge is valid. If the Commission determines that the charge fails to state a valid claim for relief under Title VII, or that there is not reasonable cause to believe that the charge is true, the Commission shall dismiss the charge. Where the Commission determines that there is reasonable cause to believe that an unlawful employment practice has occurred or is occurring, it shall endeavor to eliminate such practice by informal methods of conference, conciliation and persuasion.

(b) The Commission shall promptly notify the charging party, the respondent, and, in the case of a charge filed under § 1601.10, the person aggrieved, if known, of its determination under this section. Any party aggrieved by such determination may within 5 days of receipt of such notice request that the Commission reconsider its action. Such reconsideration will be granted only on the basis of additional material evidence not previously available to the party aggrieved or for other good cause shown. The Commission may at any time on its own motion reconsider a determination of reasonable cause, but a dismissal of a charge becomes final upon expiration of the time within which to seek reconsid-

AR_0005

**federal register**

**THURSDAY, DECEMBER 9, 1971**
WASHINGTON, D.C.
Volume 36 ■ Number 237



**PART II**

# Nondiscrimination in Federally Assisted Programs

■

## Notice of Proposed Rule Making

AR_0006

23448                                    PROPOSED RULE MAKING

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d to d-4, prohibits discrimination on the ground of race, color, or national origin, in programs which receive Federal financial assistance. Twenty Federal agencies, which have regulations implementing title VI, are proposing amendments to their regulations in accordance with recommendations of an interagency committee. One agency is proposing its initial regulation.

Due to the subject matter of the regulations, there is no statutory requirement of publication in the FEDERAL REGISTER as proposed rule making. See 5 U.S.C. 533(a). It has been decided, however, that the public should have an opportunity to comment on the amendments.[1]

Under Executive Order 11247, the Attorney General has responsibility for coordinating the enforcement of title VI. Accordingly, the Department of Justice is publishing the amendments on behalf of the other departments and agencies. The amendments of the following agencies are published below: The Departments of Agriculture; Commerce; Defense; Health, Education, and Welfare; Housing and Urban Development; Interior; Justice; Labor; and State; and the Agency for International Development; Atomic Energy Commission; Civil Aeronautics Board; General Services Administration; National Aeronautics and Space Administration; National Science Foundation; Office of Economic Opportunity; Office of Emergency Preparedness; Small Business Administration; Tennessee Valley Authority and Veterans Administration.[2] Also published below is the initial title VI regulation of the National Foundation on the Arts and the Humanities.

Interested persons may participate in the consideration of the proposals by submitting written comments. Communications should be submitted in triplicate to the Assistant Attorney General, Civil Rights Division, Department of Justice, Washington, D.C. 20530. All communications received within 30 days after publication of this notice in the FEDERAL REGISTER will be considered.

After comments have been received and analyzed, and any necessary changes have been made, the amendments and the regulation will be submitted to the President for approval in accordance

---

[1] In the past, title VI regulations and amendments to them have not been published as proposed rule making. With the exception of two departments, the amendments were adopted by the departments and agencies before the decision was made to publish them for comment. Accordingly, the preambles of the various amendments do not indicate that the proposed rule making procedure is being followed.

[2] Five agencies are completely reissuing their title VI regulations. They are: The Departments of Commerce; Defense; and Housing and Urban Development; the Office of Economic Opportunity; and the Office of Emergency Preparedness.

with section 602 of title VI, 42 U.S.C. 2000d-1. The amendments-and the regulation will take effect upon publication in the FEDERAL REGISTER after approval by the President.

The most important of the proposed uniform amendments involve:

(1) Specifying that the sites of facilities of federally assisted programs may not be selected with the purpose or effect of discrimination, on the ground of race, color, or national origin, against beneficiaries;

(2) Requiring affirmative action to overcome the effects of past discrimination;

(3) Providing that discriminatory employment practices are prohibited by title VI to the extent that such practices tend to cause discrimination in the services provided beneficiaries.

## DEPARTMENT OF AGRICULTURE

### Office of the Secretary

### [ 7 CFR Part 15 ]

### NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

The following proposed amendments to 7 CFR, Subtitle A, Part 15, Subpart A, primarily represent uniform revisions being jointly adopted by the various Departments and Agencies of the U.S. Government to put into effect clarifications to the regulations issued pursuant to title VI of the Civil Rights Act of 1964.

Title 7, CFR, Subtitle A, Part 15, Subpart A, is hereby amended as follows:

1. Section 15.1(a) is amended by inserting the language "of an applicant or recipient" immediately following the words "under any program or activity" so that the phrase reads "under any program or activity of an applicant or recipient receiving Federal financial assistance from the Department of Agriculture or any Agency thereof."

2. Section 15.1(b) is amended to read as follows:

(b) The regulations in this part apply to any program or activity of an applicant or recipient for which Federal financial assistance is authorized under a law administered by the Department including, but not limited to, the Federal financial assistance listed in the appendix to this part. They apply to money paid, property transferred, or other Federal financial assistance extended to an applicant or recipient for its program or activity after the effective date of these regulations pursuant to an application approved or statutory or other provision made therefor prior to such effective date. The regulations in this part do not apply to (1) any Federal financial assistance extended by way of insurance or guaranty contract, (2) money paid, property transferred, or other assistance extended prior to the effective date of the regulations in this part, (3) any assistance to an applicant or recipient who is an ulti-

mate beneficiary under any such program, or (4) except as provided in § 15.3 (c), any employment practice of any employer, employment agency or labor organization. The fact that a specific kind of Federal financial assistance is not listed in the appendix, shall not mean, if title VI of the Act is otherwise applicable, that such Federal financial assistance is not covered. Other Federal financial assistance under statutes now in force or hereinafter enacted may be added to this list by notice approved and issued by the Secretary and published in the FEDERAL REGISTER.

3. Section 15.2(d) is amended to read as follows:

(d) "Hearing Officer" means a hearing examiner appointed pursuant to 5 U.S.C. 3105, and designated to hold hearings under the regulations in this part or any person authorized to hold a hearing and make a final decision under the regulations in this part.

4. Section 15.3(a) is amended by inserting the language "or activity of the applicant or recipient" immediately following the language "under any program" so that the phrase reads "under any program or activity of the applicant or recipient to which these regulations apply."

5. Section 15.3(b) is amended by inserting a new subparagraph (3) reading as follows:

(3) In determining the site or location of facilities, an applicant or recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any of its activities or programs to which the regulations in this part apply, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act and these regulations.

6. Section 15.3(b), subparagraphs (3) and (4), are renumbered (4) and (5) respectively, and the renumbered subparagraph (4) is amended to read as follows:

(4) As used in this section, the services, financial aid, or other benefits provided under a program or activity of an applicant or recipient receiving Federal financial assistance shall be deemed to include any and all services, financial aid, or other benefit provided in or through a facility provided or improved in whole or part with the aid of Federal financial assistance.

7. Section 15.3(b) is further amended by adding the following new subparagraph (6) at the end thereof:

(6) These regulations do not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity of the applicant or recipient receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory

AR_0007

PROPOSED RULE MAKING

practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity of the applicant or recipient to which these regulations apply, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act and the regulations in this part.

8. Section 15.3(c) is amended by adding the following at the end thereof: "Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulations in this part, tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity of the applicant or recipient to which these regulations apply, the foregoing provisions of this § 15.3(c) shall apply to the employment practices of the recipient or other persons subject to these regulations, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries. The requirements applicable to construction employment under any program or activity of the applicant or recipient shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it."

9. Section 15.4(a) (1) and (2) is amended to read as follows:

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which these regulations apply, except a program to which paragraph (b) of this section applies, and every application for Federal financial assistance to provide a facility, shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the applicant's program or activity will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to the Act and the regulations in this part. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein, or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for the purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases, the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. The Agency

shall specify the form of the foregoing assurances and the extent to which like assurances will be required of subgrantees, contractors, and subcontractors, successors in interest and other participants. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures, or improvements thereon, or interests therein, which was acquired through Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is improved through Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Agency to revert title to the property in the event of a breach of the covenant where, in the discretion of the Agency concerned, such a condition and right of reverter is appropriate to the purposes of the Federal financial assistance under which the real property is obtained and to the nature of the grant and the grantee. In such event, if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Agency may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as it deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

10. Section 15.4(b) is amended to read as follows:

(b) Every application by a State or a State Agency, including a State Extension Service, but not including an application for aid to an institution of higher education, to carry out its program or activity involving continuing Federal financial assistance to which the regulations in this part apply shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the pro-

gram as are found by the Agency to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to the regulations in this part: *Provided,* That where no application is required prior to payment, the State or State Agency, including a State Extension Service, shall, as a condition to the extension of any Federal financial assistance, submit an assurance complying with the requirements of subparagraphs (1) and (2) of this paragraph.

11. Section 15.4(e) is amended by substituting for the language "U.S. Commissioner of Education" and "Commissioner", where said language appears, the language "responsible official of the Department of Health, Education, and Welfare", and by inserting the phrase "within the earliest practical time" immediately following the language "determines is adequate to accomplish the purposes of the Act and this part" in the first sentence.

12. Section 15.9(d) is amended by substituting for the language "Sections 5–8 of the Administrative Procedure Act", where said language appears, the language "5 U.S.C. 554–557".

13. Section 15.10 is amended by adding the following new paragraph (g) at the end and thereof:

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with the Act and these regulations and provides reasonable assurance that it will fully comply therewith. An elementary or secondary school or school system which is unable to file an assurance of compliance with § 15.4 (a), (b), or (d) shall be restored to full eligibility to receive Federal financial assistance if it complies with the requirements of § 15.4(e) and is otherwise in compliance with the Act and the regulations in this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Secretary to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the Secretary determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Secretary denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes the denial to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure set forth in Subpart C of this part. The applicant or recipient will be restored to such eligibility if it proves at such a hearing,

AR_0008

## PROPOSED RULE MAKING

that it has satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

14. Section 15.12(a) is amended by substituting for the language "(1) Executive Orders 10925 and 11114" where such language appears, the language "(1) Executive Order 11246".

15. Section 15.12(c) is amended by adding the following new sentence at the end thereof: "Any action taken, determination made, or requirement imposed by an official of another Department or Agency acting under this paragraph shall have the same effect as though such action had been taken by the Secretary or an Agency of this Department."

16. Section 15.2(b) is amended to read as follows:

(b) "Agency" means any service, bureau, agency, office, administration, instrumentality or of corporation within the U.S. Department of Agriculture extending Federal financial assistance to any program or activity, or any officer or employee of the Department to whom the Secretary delegates authority to carry out any of the functions or responsibilities of an agency under this part.

17. The introductory heading of the appendix to the regulations in this part is revised to read as follows: "Federal Financial Assistance of the Department of Agriculture Covered by Title VI of the Civil Rights Act of 1964".

This amendment issued under section 602, 78 Stat. 252, 42 U.S.C. 2000d, and the laws referred to in the appendix.

CLIFFORD M. HARDIN,
*Secretary of Agriculture.*

NOVEMBER 28, 1970.

[FR Doc.71–17869 Filed 12–8–71;8:45 am]

## ATOMIC ENERGY COMMISSION

[ 10 CFR Part 4 ]

### NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

**Notice of Proposed Rule Making**

Notice is hereby given of the proposed amendment of 10 CFR Part 4. The changes put into effect clarification of the regulations previously issued under title VI of the Civil Rights Act of 1964.

The amendments to § 4.51 set forth the procedural consequences of a situation in which an applicant or recipient files an answer to a notice of opportunity for hearing but does not request a hearing. The amendments make it clear that he may do so without waiving the requirement for findings of fact or conclusions of law or the right to seek Commission review.

Appendix A of 10 CFR Part 4 describes the AEC financial assistance to which the part applies. The amendments make appropriate additions, deletions, and

revisions in a few paragraphs of Appendix A in order to reflect program changes.

### § 4.12  [Amended]

1. A new paragraph (c) is added to § 4.12 of 10 CFR Part 4 to read as follows:

(c) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

2. Present paragraphs (c) and (d) of § 4.12 of 10 CFR Part 4 are relettered paragraphs (d) and (e), respectively.

3. A new paragraph (f) is added to § 4.12 of 10 CFR Part 4 to read as follows:

(f) This part does not prohibit the consideration of race, color or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

4. Section 4.13 of 10 CFR Part 4 is amended to read as follows:

### § 4.13  Employment practices.

(a) Where a primary objective of a program of Federal financial assistance to which this part applies is to provide employment, a recipient may not, directly or through contractual or other arrangements, subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is (1) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training, or (2) to provide work experience which contributes to the education or training of such individuals. (Examples of such programs are nuclear training equipment grants, grants and loans of materials for training, and fellowship programs.) The requirements applicable to construction employment under any such program shall be those specified in

or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(b) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to this part tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, the provisions of paragraph (a) of this section shall apply to the employment practices of the recipient or other persons subject to this part to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment or, beneficiaries.

### § 4.21  [Amended]

5. Paragraph (b) of § 4.21 of 10 CFR Part 4 is amended to read as follows:

(b) In the case of real property, structures or improvements thereon, or interests therein, which was acquired with Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the AEC to revert title to the property in the event of a breach of the covenant where, in the discretion of the AEC, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the AEC may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as the AEC deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

6. Section 4.22 of 10 CFR Part 4 is amended to read as follows:

### § 4.22  Continuing State programs.

Every application by a State or a State agency for continuing Federal financial

AR_0009

PROPOSED RULE MAKING

assistance shall require the submission of, and every grant, loan, or contract to or with a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies, shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the grant, loan or contract, contain or be accompanied by, a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and shall provide or be accompanied by provision for such methods of administration for the program as are found by the responsible AEC official to give reasonable assurance that the recipient and all other recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part.

7. Paragraph (b) of § 4.23 of 10 CFR Part 4 is amended to read as follows:

§ 4.23   E l e m e n t a r y   and secondary schools.

*      *      *      *      *

(b) Submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plan. In any case of continuing Federal financial assistance the responsible official of the Department of Health, Education, and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purpose of the Act and this part. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such plan, such plan shall be revised to conform to such final order, including any future modification of such order.

§ 4.25   [Amended]

8. New paragraphs (d) and (e) are added to § 4.25 of 10 CFR Part 4 to read as follows:

(d) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 4.34 to provide information as to the availability of the program or activity, and the rights of beneficiaries under this part, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will ensure that groups previously subjected to discrimination are adequately served.

(e) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

9. Section 4.49 of 10 CFR Part 4 is amended to read as follows:

§ 4.49   Other means authorized by law.

No action to effect compliance by any other means authorized by law shall be taken until (a) the responsible AEC official has determined that compliance cannot be secured by voluntary means, (b) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (c) the expiration of at least ten (10) days from the mailing of such notice to the recipient or other person. During this period of at least ten (10) days, additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 4.51   [Amended]

10. Paragraph (d) of § 4.51 of 10 CFR Part 4 is amended to read as follows:

(d) An applicant or recipient may file an answer, and waive or fail to request a hearing, without waiving the requirement for findings of fact and conclusions of law or the right to seek Commission review in accordance with the provisions of §§ 4.71–4.74. At the time an answer is filed the applicant or recipient may also submit written information or argument for the record if he does not request a hearing.

11. Paragraph (f) of § 4.51 of 10 CFR Part 4 is amended to read as follows:

(f) The failure of an applicant or recipient to file an answer within the period prescribed, or, if he requests a hearing, his failure to appear therefor, shall constitute a waiver by him of a right to (1) a hearing under section 602 of the Act and § 4.48, (2) conclusions of law, and (3) seek Commission review. In the event of such waiver, the responsible AEC official may find the facts on the basis of the record available and enter an order in substantially the form set forth in the notice of opportunity for hearing.

§ 4.63   [Amended]

12. The first sentence of paragraph (a) of § 4.63 of 10 CFR Part 4 is amended to read as follows:

(a) The hearing, decision, and any administrative review thereof shall be con-

ducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such procedures as are proper (and not inconsistent with §§ 4.61–4.64) relating to the conduct of the hearing, giving of notices subsequent to those provided for in § 4.51, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. * * *

13. A new § 4.75 is added to 10 CFR Part 4 to read as follows:

§ 4.75   Posttermination proceedings.

(a) An applicant or recipient adversely affected by an order issued under § 4.74 shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part. An elementary or secondary school or school system which is unable to file an assurance of compliance with §§ 4.11–4.14 shall be restored to full eligibility to receive Federal financial assistance, if it files a court order or a plan for desegregation which meets the requirements of § 4.23, and provides reasonable assurance that it will comply with this court order or plan.

(b) Any applicant or recipient adversely affected by an order entered pursuant to § 4.74 may at any time request the responsible AEC official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (a) of this section. If the responsible AEC official determines that those requirements have been satisfied, he shall restore such eligibility.

(c) If the responsible AEC official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible AEC official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (a) of this section. While proceedings under this section are pending, the sanctions imposed by the order issued under § 4.74 shall remain in effect.

§ 4.91   [Amended]

14. Section 4.91 of 10 CFR Part 10 is amended by changing the last sentence thereof to read as follows:

* * * Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (a) Executive Orders 10925, 11114, and 11246 and regulations issued thereunder, or (b) Executive Order 11063 and regulations issued thereunder and any other regulations or instructions insofar as such order, regulations or instructions prohibit discrimination on the ground of race, color, or national origin in

AR_0010

23452

PROPOSED RULE MAKING

any program or situation to which this part is inapplicable, or prohibit discrimination an any other ground.

§ 4.93  [Amended]

15. Section 4.93 of 10 CFR Part 4 is amended by adding the following sentence at the end thereof:

* * * Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this section shall have the same effect as though such action had been taken by the responsible AEC official.

16. The title of Appendix A of 10 CFR Part 4 is amended to read as follows:

APPENDIX A—FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES [1]

17. Footnote 1. to Appendix A of 10 CFR Part 4 is amended to read as follows:

[1] Categories of assistance may be added to Appendix A from time to time by notice published in the FEDERAL REGISTER. This part shall be deemed to apply to all grants, loans or contracts entered into under any such category of assistance on or after the effective date of the inclusion of the category of assistance in Appendix A.

18. Paragraph (b) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(b) *Nuclear training equipment grants.* Grants of used equipment to colleges, universities, hospitals and eleemosynary or charitable institutions to help equip and modernize their scientific laboratories with respect to nuclear instrumentation and related equipment, with the objective of improving the conduct of educational and training activities in nuclear fields.

19. Paragraph (c) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(c) *Grants of materials for training.* Grants of nuclear and other materials and of informational matter including slides and manuals to educational institutions for training and educational programs in nuclear fields.

20. Paragraph (d) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(d) *Special fellowships.* Fellowship programs, providing for AEC payment of an educational allowance in lieu of tuition and fees to educational institutions as well as stipends and dependency allowances to the individual fellows, to encourage highly qualified individuals to prepare for careers in atomic energy and to assist educational institutions in developing nuclear science capabilities, as follows:

(1) AEC special fellowships in nuclear science and engineering.

(2) AEC special fellowships in radiation science and protection.

(3) AEC traineeships for graduate students in nuclear engineering.

21. Paragraph (f) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(f) *Loan of nuclear and other materials for education and training.* Provision of AEC-owned materials, such as natural and enriched uranium, plutonium, and heavy water, to educational institutions, on a loan basis, without full-cost recovery; and loans of films, slides, manuals, and other materials to educational institutions, without full-cost recovery.

22. Paragraph (i) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(i) *Fuel cycle assistance for nuclear reactors for research and training.* Research reactor fuel cycle assistance, without full-cost recovery, designed to aid nonprofit educational institutions having science and engineering programs to maintain nuclear reactors for research and training purposes, and providing the following principal forms of aid:

(1) Loan of enriched uranium;

(2) Funds for fuel element fabrication and spent fuel shipments; and

(3) Fuel processing service.

23. A new paragraph (q) is added to Appendix A of 10 CFR Part 4 to read as follows:

(q) *Loan of employees of AEC cost-type contractors.* Loan of personnel to colleges, universities, or other institutions or organizations, to teach or provide other assistance in furthering AEC policies, programs, and activities.

24. Present paragraph (q) of Appendix A of 10 CFR Part 4 is relettered paragraph (r) and is amended to read as follows:

(r) *AEC assistance provided through AEC cost-type contractors.* Agreements by AEC laboratories, other AEC cost-type contractors and universities operating nuclear reactors, to provide assistance, at AEC expense and without full-cost recovery, in connection with AEC programs or activities, of the types designated in this section.

25. Present paragraphs (r) and (s) of Appendix A of 10 CFR Part 4 are relettered paragraphs (s) and (t) respectively.

(Sec. 602, 78 Stat. 252. Interpret or apply Atomic Energy Act of 1954, as amended, 68 Stat. 919; 42 U.S.C. 2011)

Dated: October 15, 1970.

GLENN T. SEABORG,
*Chairman,
Atomic Energy Commission.*

[FR Doc.71–17870 Filed 12–8–71;8:45 am]

# SMALL BUSINESS ADMINISTRATION

[ 13 CFR Part 112 ]

[Amdt. 2]

NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

Notice of Proposed Rule Making

These proposed amendments, except as described hereafter, are uniform revisions being jointly adopted by all Federal Departments and agencies with title VI responsibilities to put into effect clarification to their regulations adopted pursuant to title VI of the Civil Rights Act of 1964. Nonuniform amendments result from new responsibilities under section 312 of the Housing Act of 1964, section 7(e) of the Small Business Act and the adoption of a definition of "subrecipient."

Part 112 of Chapter I of Title 13 CFR is hereby amended by:

1. Revising § 112.2(a) and § 112.2(c) thereof to read as follows:

§ 112.2  Application of this part.

(a) Financial assistance activities: Except as hereinafter noted, this part applies to business activities or other activities receiving financial assistance pursuant to:

(1) Title IV of the Economic Opportunity Act of 1964;

(2) Sections 501 and 502 of the Small Business Investment Act of 1958;

(3) Sections 303, 304, and 305 of the Small Business Investment Act of 1958;

(4) Section 7(b) (1) of the Small Business Act involving individuals or organizations, whether or not operated for profit, which provide medical care or education or which conduct other activities of special significance to health, safety or welfare;

(5) Section 312 of the Housing Act of 1964;

(6) Section 7(e) of the Small Business Act; and

(7) Any other financial assistance program which, though not specifically referred to herein, is covered by title VI of the Civil Rights Act of 1964; whether extended directly or in cooperation with banks or other lenders through agreements to participate on an immediate basis. Other financial assistance programs under statutes now in force or hereafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

*     *     *     *     *

(c) The terms "applicant" and "recipient" mean, respectively, one who applies for and one who receives any of the financial assistance under any of the statutes referred to in paragraph (a) of this section. The term "recipient" also shall be deemed to include "subrecipients" of SBA financial assistance, i.e., concerns which secondarily receive financial assistance from the primary recipients of such financial assistance.

2. Adding the following paragraph (3) to § 112.3(b) :

§ 112.3  Discrimination prohibited.

*     *     *     *     *

(b) * * *

(3) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

AR_0011

PROPOSED RULE MAKING

23453

3. Revising § 112.4 thereof to read as follows:

§ 112.4   Discrimination in employment.

Small business concerns and development companies which apply for or receive any financial assistance of the kind described in subparagraphs (1) and (2) of § 112.2(a), including concerns which are identifiable beneficiaries of loans made under subparagraph (2), may not discriminate on the grounds of race, color, or national origin in their employment practices. Such assistance is deemed to have as a primary objective the providing of employment. Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of § 112.7(a) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity and nondiscriminatory treatment.

4. Revising § 112.9(d) thereof to read as follows:

(d) *Information to the public.* Each recipient shall make available to persons entitled under the Act and under this part to protection against discrimination by the recipient such information as SBA may find necessary to apprise them of their rights to such protection.

(1) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of equal opportunity. If the efforts required of the applicant or recipient under § 112.3(b)(3) to provide information as to the availability of equal opportunity, and the rights of individuals under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make equal opportunity fully available to racial and nationality groups previously subjected to discrimination.

(2) Even though an applicant or recipient has never used discriminatory policies, the opportunities in the business it operates may not in fact be equally available to some racial or nationality groups. In such circumstances a recipient may properly give special consideration to race, color, or national origin to make opportunity more widely available to such groups.

5. Revising § 112.11(d) thereof to read as follows:

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) SBA has determined that compliance cannot be secured by voluntary means; (2) the action has been ap-

proved by the Administrator or his designee; (3) the applicant or recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance; and (4) the expiration of at least 10 days from the mailing of such notice to the applicant or recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the applicant or recipient or other person to comply with this part and to take such corrective action as may be appropriate.

6. Revising § 112.12(d)(1) thereof to read as follows:

(d) *Procedures, evidence, and record.* (1) The hearing, decisions, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554 through 557 inclusive (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments, and briefs, request for findings, and other related matters. Both SBA and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

7. Adding to § 112.13 the following paragraph (f):

(f) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the Administrator to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the Administrator determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Administrator denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the Administrator. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) of this section shall remain in effect.

8. Revising § 112.15(a) thereof to read as follows:

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by SBA which impose requirements designed to prohibit any discrimination against individuals on the grounds of race, color, or national origin and which authorize the suspension or termination of or refusal to grant to or to continue financial assistance to any applicant for or recipient of such assistance for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation,. order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Order 11246 and regulations issued thereunder, or (2) any other orders, regulations or instructions, insofar as such order, regulations, or instructions prohibit discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable or prohibit discrimination on any other ground

9. Revising § 112.15(c) thereof to read as follows:

(c) *Supervision and coordination.* The Administrator may from time to time assign to officials of SBA or to officials of other agencies of the Government with the consent of such agencies, responsibilities in connection with the effectuation of the purpose of title VI of the Act and this part (other than responsibility for final decision as provided in § 112.13), including the achievement of effective coordination and maximum uniformity within SBA and within the Executive Branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Administrator of SBA.

HILARY SANDOVAL, Jr.,
*Administrator.*

SEPTEMBER 23, 1970.

[FR Doc.71–17871 Filed 12–8–71;8:45 am]

## CIVIL AERONAUTICS BOARD

[ 14 CFR Part 379 ]

[SPR–41, Amdt. 1]

### NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

#### Notice of Proposed Rule Making

Part 379 of the Board's special regulations effectuates the provisions of title

AR_0012

23454 PROPOSED RULE MAKING

VI of the Civil Rights Act of 1964. Pursuant to recommendations of the interagency committee for uniform title VI regulation amendments, Part 379 is proposed to be amended. Only one matter warrants comment.[1]

Employment practices of recipients of Federal financial assistance are not generally subject to coverage by title VI requirements unless a primary purpose of the legislation under which Federal assistance is extended is to provide employment. (Sec. 604, 42 U.S.C. 2000d–3.) Since providing employment cannot be said to be a primary objective of the subsidy program under section 406 of the Act, § 379.2(b) provides that the part does not apply to "any employment practice, under any such program, of any employer, employment agency, or labor organization." However, even if a primary purpose of a program is not to generate employment, the beneficiaries' right to equal treatment necessarily encompasses the employment practices of the recipient to the extent that such practices affect the equality of treatment afforded beneficiaries.[2] This principle is being incorporated in Part 379 by appropriate amendments of §§ 379.2 and 379.3.

Accordingly, the Civil Aeronautics Board hereby proposes to amend Part 379 of the Special Regulations as follows:

1. Amend § 379.2 to read as follows:

§ 379.2   Application of this part.

This part applies to any program for which Federal financial assistance is authorized under a law administered by the Board, including the payment of compensation by the Board under section 406 of the Federal Aviation Act of 1958 (49 U.S.C. 1376). It applies to money paid or other Federal financial assistance extended under any such program after the effective date of the part pursuant to a Board order, whether issued prior to or subsequent to such effective date, establishing a rate of compensation under section 406, or pursuant to an application for any other such Federal payment or financial assistance, whether approved prior to or subsequent to such effective date. This part does not apply to (a) money paid or other assistance extended under any such program before the effective date of this regulation, or (b) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 379.3(c).

2. Amend § 379.3 by redesignating present § 379.3(b) as § 379.3(b)(1), and adding new §§ 379.3(b)(2) and (3) and § 379.3(c). As amended, § 379.3(b) and § 379.3(c) will read as follows:

§ 379.3   Discrimination prohibited.

*       *       *       *       *

(b) Specific discriminatory actions prohibited. (1) No air carrier shall subject any person to discrimination on the ground of race, color, or national origin in connection with any air transportation for which such carrier is receiving or has claimed compensation payable by the Board under section 406 of the Federal Aviation Act of 1958.

(2) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding persons from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Civil Rights Act of 1964 or this part.

(3) This part does not prohibit the consideration of race, color or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which the part applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Civil Rights Act of 1964.

(c) Employment practices. Where discrimination on the grounds of race, color or national origin in the employment practices of the recipient under any program to which this part applies tends, on the grounds of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, then to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries, that recipient may not, directly or through contractual or other arrangements, subject a person to discrimination on the grounds of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees).

3. Amend paragraphs (b) and (d)(1) of § 379.8 to read as follows:

§ 379.8   Hearings.

*       *       *       *       *

(b) Time and place of hearing. Hearings shall be held at the offices of the Board in Washington, D.C., at a time fixed by the Board unless it determines that the convenience of the applicant or recipient or of the Board requires that another place be selected. Hearings shall be held before the Board or, at its discretion, before a hearing examiner designated in accordance with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

*       *       *       *       *

(d) Procedures, evidence, and record. (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking testimony, exhibits, arguments, and briefs, requests for findings, and other related matters. Both the Board and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

4. Amend § 379.9 by adding a new § 379.9(f) to read as follows:

§ 379.9   Decisions and notices.

*       *       *       *       *

(f) Posttermination proceedings. (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the Board to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the Board determines that those requirements have been satisfied, it shall restore such eligibility.

(3) If the Board denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes the Board to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with the procedures set forth in § 379.8. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) shall remain in effect.

5. By amending § 379.11(c) to read as follows:

---

[1] In addition to the substantive amendments adopted herein, an editorial change has been made in § 379.8.

[2] U.S. v. Jefferson County Bd. of Ed., 372 F.2d 836, 882–886, (5 Cir., 1966), cert. den. 389 U.S. 840 (1967), reh. den. 389 U.S. 965 (1967); see also Rogers v. Paul, 382 U.S. 198 (1965) and Cyprus v. Newport News General Hospital, 375 F.2d 648 (C.A. 4, 1967).

AR_0013

§ 379.11  Effect on other remedies: co-ordination.

\* \* \* \* \*

(c) *Supervision and coordination.* The Board may from time to time assign to officials of the Board, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Civil Rights Act of 1964 and this part (other than responsibility for final decision as provided in § 379.9), including the achievement of effective coordination and maximum uniformity within the Board and with other departments and agencies of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Board.

(Sec. 602, 78 Stat. 252; and secs. 102, 204, 406, 406, and 1002, Federal Aviation Act of 1958; 72 Stat. 740, 743, 760, 763, and 788; 49 U.S.C. 1302, 1324, 1374, 1376, and 1482)

Dated: November 24, 1970.

By the Civil Aeronautics Board.

[SEAL]                    HARRY J. ZINK,
                                  *Secretary.*

[FR Doc.71–17872 Filed 12–8–71;8:45 am]

**National Aeronautics and Space Administration**

**[ 14 CFR Part 1250 ]**

**NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS**

**Notice of Proposed Rule Making**

The following proposed amendments of 14 CFR Part 1250 are published to incorporate uniform revisions that are being jointly adopted by all Federal agencies to put into effect clarifications to the regulations enacted pursuant to title VI of the Civil Rights Act of 1964.

1. Paragraphs (g) and (j)(2) of § 1250.102 are revised to read as follows:

§ 1250.102  Definitions.

\* \* \* \* \*

(g) "Principal Compliance Officer" means the Director, Headquarters Administration, Office of Organization and Management, NASA Headquarters, or any successor officer to whom the Administrator should delegate authority to perform the functions assigned to the Principal Compliance Officer by this part.

\* \* \* \* \*

(j) \* \* \*

(2) Each Director of a field installation which makes or administers grants and contracts of the kind listed in Appendix A, or any officer to whom he has delegated authority to act within the

areas of responsibility assigned to him under this part.

2. Paragraph (a) of § 1250.103–2 is amended by the addition of subparagraph (3) and by renumbering subparagraphs (3), (4), (5), (6) as subparagraphs (4), (5), (6), (7); and paragraph (e) is revised, to read as follows:

§ 1250.103–2  Specific discriminatory acts prohibited.

(a) \* \* \*

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

\* \* \* \* \*

(e) The enumeration of specific forms of prohibited discrimination in this section does not limit the generality of the prohibition in § 1250.103–1. This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practices or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purpose of the Act.

3. Paragraph (c) of § 1250.103–3 is revised and paragraph (d) is added as follows:

§ 1250.103–3  Employment practices.

\* \* \* \* \*

(c) The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Executive Order 11246 or any Executive order which supersedes it.

(d) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of paragraph (a) of this section shall apply to the employment practices of the recipient or other persons subject

to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

4. Section 1250.103–4 is amended by the substitution of the title "Illustrative applications" for "Illustrations of discriminatory acts prohibited" and the addition of paragraphs (f) and (g) as follows:

§ 1250.103–4  Illustrative applications.

\* \* \* \* \*

(f) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 1250.105 to provide information as to the availability of the program or activity, and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(g) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

5. Paragraphs (e) through (g) of § 1250.104 are revised and a new paragraph (h) is added as follows:

§ 1250.104  Assurances.

\* \* \* \* \*

(e) *Instrument effecting or recording transfers of real property.* The instrument effecting or recording the transfer, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government,

## PROPOSED RULE MAKING

such covenant may also include a condition coupled with a right to be reserved by NASA to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible NASA official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee.

(f) *Assurances for transfer of surplus real property.* Transfers of surplus property are subject to regulations issued by the Administrator of General Services (41 CFR 101–6.2).

(g) *Form of assurances.* The responsible NASA officials shall specify the form of assurances required by this § 1250.104 and the extent to which like assurances will be required by subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program.

(h) *Requests for proposals.* Any request for proposals issued by NASA which relates to covered financial assistance listed in Appendix A shall have set forth therein or have attached thereto the assurance prescribed in accordance with paragraph (g) of this section, and shall require that the proposer either include the assurance as a part of his signed proposal or identify and refer to an assurance already signed and submitted by the proposer.

§ 1250.107 [Amended]

6. Paragraph (d) of § 1250.107 is revised as follows: Subparagraph (2) is revoked, subparagraphs (3) and (4) are renumbered (2) and (3).

7. Paragraphs (b) and (d) of § 1250.–108 are amended as follows:

§ 1250.108 Hearings.

*       *       *       *       *

(b) *Time and place of hearing.* Hearings shall be held at NASA Headquarters in Washington, D.C., at a time fixed by the Principal Compliance Officer unless he determines that the convenience of the applicant or recipient or of NASA requires that another place be selected. Hearings shall be held before the Administrator, or, at his discretion, before a hearing examiner designated in conformity with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

*       *       *       *       *

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (section 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments, and briefs, requests for findings, and other related matters. Both NASA and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for

hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

8. Section 1250.109 is amended by the addition of paragraph (g) as follows:

§ 1250.109 Decisions and notices.

*       *       *       *       *

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Principal Compliance Officer to restore fully the eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the Principal Compliance Officer determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Principal Compliance Officer denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the Principal Compliance Officer. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 1250.111 [Amended]

9. Section 1250.111 is amended as follows:

a. In paragraph (a) the number 11114 is deleted and the number 11246 is substituted.

b. In paragraph (b) the word "programs" is deleted and the words "financial assisatnce" are substituted.

c. In paragraph (c) the sentence "Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action has been taken by the responsible official of this agency" is added at the end of the paragraph.

10. Appendix A is amended by the substitution of "NASA Federal Financial Assistance To Which This Part Applies" for "Programs of NASA To Which This Part Applies."

GEORGE M. LOW,
*Acting Administrator.*

[FR Doc.71–17873 Filed 12–8–71;8:45 am]

# DEPARTMENT OF COMMERCE

## Office of the Secretary

### [ 15 CFR Part 8 ]

### NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

#### Notice of Proposed Rule Making

The Department of Commerce, in conjunction with the other Federal agencies and under the coordination of the Attorney General, has participated in a continuing study of the regulations issued pursuant to title VI of the Civil Rights Act of 1964. This review has resulted in a number of proposed uniform amendments being jointly adopted by the Federal agencies, including the Department of Commerce, which add to or revise or revoke provisions of the existing regulations. The Department has also amended its regulations in several respects of a nonuniform nature, so as to (1) terminate their applicability to federally assisted programs which have by legislation been transferred to other Federal agencies, e.g., highway construction and related projects now under the Department of Transportation, and economic development programs now under the Appalachian Regional Commission; (2) apply the regulations to additional federally assisted programs now subject to administration by the Department; (3) revise the descriptions of the applicability of the regulations to several federally assisted programs administered by the Department; and (4) otherwise clarify the applicability of the regulations.

In consideration of the foregoing, it is proposed that Part 8 of Subtitle A of Title 15 of the Code of Federal Regulations be revised to read as follows:

Subpart A—General Provision; Prohibitions; Nondiscrimination Clause; Applicability to Programs

Sec.
8.1     Purpose.
8.2     Application of this part.

AR_0015

PROPOSED RULE MAKING                                            23457

Sec.
8.3    Definitions.
8.4    Discrimination prohibited.
8.5    Nondiscrimination clause.
8.6    Applicability of this part to Depart-
       ment-assisted programs.

Subpart B—General Enforcement

8.7    Cooperation; compliance reports and
       reviews; access to records.
8.8    Complaints.
8.9    Intimidatory or retaliatory acts pro-
       hibited.
8.10   Investigations.
8.11   Procedures for effecting compliance.
8.12   Hearings.
8.13   Decisions and notices.
8.14   Judicial review.
8.15   Effect on other laws; supplementary
       instructions; coordination.

Appendix A—Federal Financial Assistance To
Which This Part Applies

AUTHORITY: The provisions of this Part 8
issued under sec. 602, Civil Rights Act of
1964 (42 U.S.C. 2000d-1).

**Subpart A—General Provisions; Pro-
hibitions: Nondiscrimination
Clause; Applicability to Programs**

**§ 8.1  Purpose.**

The purpose of this part is to effectu-
ate the provisions of title VI of the Civil
Rights Act of 1964 (hereafter referred
to as the "Act") to the end that no per-
son in the United States shall, on the
ground of race, color, or national origin,
be excluded from participation in, be
denied the benefits of, or be otherwise
subjected to discrimination under any
program receiving Federal financial as-
sistance from the Department of Com-
merce. This part is consistent with
achievement of the objectives of the
statutes authorizing the financial assist-
ance given by the Department of Com-
merce as provided in section 602 of the
Act.

**§ 8.2  Application of this part.**

(a)  This part applies to any program
for which Federal financial assistance is
authorized under a law administered by
the Department, including the federally
assisted programs listed in Appendix A
to this part and as said appendix may
be amended. It applies to money paid,
property transferred, or other Federal
financial assistance extended under any
such program after the effective date of
this part pursuant to an application ap-
proved prior to such effective date.

(b)  This part does not apply to (1)
any Federal financial assistance by way
of insurance or guaranty contracts, (2)
money paid, property transferred, or
other assistance extended under any
such program before the effective date
of this part, except where such assist-
ance was subject to the title VI regula-
tions of this Department or of any other
agency whose responsibilities are now
exercised by this Department, (3) any
assistance to any individual who is the
ultimate beneficiary under any such pro-
gram, or (4) any employment practice,
under any such program, of any em-
ployer, employment agency, or labor or-
ganization, except to the extent de-
scribed in § 8.4(c). The fact that a pro-

gram is not listed in Appendix A shall
not mean, if title VI of the Act is other-
wise applicable, that such program is not
covered. Other programs under statutes
now in force or hereinafter enacted may
be added to the list by notice published
in the FEDERAL REGISTER.

**§ 8.3  Definitions.**

(a)  "Department" means the Depart-
ment of Commerce, and includes each
and all of its operating and equivalent
other units.

(b)  "Secretary" means the Secretary
of Commerce.

(c)  "United States" means the States
of the United States, the District of Co-
lumbia, Puerto Rico, the Virgin Islands,
American Samoa, Guam, Wake Island,
the Canal Zone, and the territories and
possessions of the United States, and the
term "State" means any one of the
foregoing.

(d)  "Person" means an individual in
the United States who is or is eligible
to be a participant in or an ultimate
beneficiary of any program which re-
ceives Federal financial assistance, and
includes an individual who is an owner
or member of a firm, corporation, or
other business or organization which is
or is eligible to be a participant in or
an ultimate beneficiary of such a pro-
gram. Where a primary objective of the
Federal financial assistance to a pro-
gram is to provide employment, "per-
son" includes employees or applicants for
employment of a recipient or other party
subject to this part under such program.

(e)  "Responsible department official"
with respect to any program receiving
Federal financial assistance means the
Secretary or other official of the Depart-
ment who by law or by delegation has
the principal authority within the De-
partment for the administration of a
law extending such assistance. It also
means any officials so designated by due
delegation of authority within the De-
partment to act in such capacity with
regard to any program under this part.

(f)  "Federal financial assistance" in-
cludes (1) grants, loans, or agreements
for participation in loans, of Federal
funds, (2) the grant or donation of Fed-
eral property or interests in property, (3)
the sale or lease of, or the permission
to use (on other than a casual or tran-
sient basis), Federal property or any in-
terest in such property or in property in
which the Federal Government has an
interest, without consideration, or at a
nominal consideration, or at a considera-
tion which is reduced, for the purpose
of assisting the recipient, or in recogni-
tion of the public interest to be served
by such sale or lease to or use by the
recipient, (4) waiver of charges which
would normally be made for the furnish-
ing of Government services, (5) the de-
tail of Federal personnel, (6) technical
assistance, and (7) any Federal agree-
ment, arrangement, contract, or other
instrument which has as one of its pur-
poses the provision of assistance.

(g)  "Program" includes any program,
project, or activity for the planning or
provision of services, financial aid, prop-

erty, other benefits, or facilities for fur-
nishing services, financial aid, property,
or other benefits, whether provided by
the recipient or by others through con-
tracts or other arrangements with the
recipient, with the aid of Federal finan-
cial assistance, or with the aid of any
non-Federal funds, property, facilities
or other resources which are provided to
meet the conditions under which Federal
financial assistance is extended or which
utilizes federally assisted property, fa-
cilities or resources.

(h)  "Facility" includes all or any por-
tion of structures, equipment, vessels, or
other real or personal property or in-
terests therein, and the provision of fa-
cilities includes the construction, expan-
sion, renovation, remodeling, alteration,
contract for use, or acquisition of
facilities.

(i)  "Recipient" means any govern-
mental, public or private agency, institu-
tion, organization, or other entity, or any
other individual, who or which is an applicant
for Federal financial assistance, or to
whom Federal financial assistance is ex-
tended directly or through another re-
cipient for or in connection with any
program. Recipient further includes a
subgrantee, an entity which leases or
operates a facility for or on behalf of a
recipient, and any successors, assignees,
or transferees of any kind of the re-
cipient, but does not include any person
who is an ultimate beneficiary under any
program.

(j)  "Primary recipient" means any re-
cipient which is authorized or required
to extend or distribute Federal financial
assistance to another recipient for the
purpose of carrying out a program.

(k)  "Applicant" means one who sub-
mits an application, request, or plan re-
quired to be approved by a responsible
Department official, or by a primary re-
cipient, as a condition to eligibility for
Federal financial assistance, and "ap-
plication" means such an application, re-
quest, or plan.

(l)  "Other parties subject to this part"
includes any governmental, public or pri-
vate agency, institution, organization, or
other entity, or any individual, who or
which, like a recipient, is not to engage in
discriminatory acts with respect to ap-
plicable programs covered by this part, be-
cause of his or its direct or substantial
participation in any program, such as a
contractor, subcontractor, provider of
employment, or user of facilities or serv-
ices provided under any program.

**§ 8.4  Discrimination prohibited.**

(a)  *General.* No person in the United
States shall, on the ground of race, color,
or national origin be excluded from par-
ticipation in, be denied the benefits of,
or be otherwise subjected to discrimina-
tion under, any program to which this
part applies.

(b)  *Specific discriminatory acts pro-
hibited.* (1) A recipient of Federal fi-
nancial assistance, or other party sub-
ject to this part under any program to
which this part applies, shall not par-
ticipate, directly or through contractual
or other arrangements, in any act or

AR_0016

23458

## PROPOSED RULE MAKING

course of conduct which, on the ground of race, color, or national origin:

(i) Denies to a person any service, financial aid, or other benefit provided under the program;

(ii) Provides any service, financial aid, or other benefit, to a person which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subjects a person to segregation or separate or other discriminatory treatment in any matter related to his receipt (or nonreceipt) of any such service, financial aid, property, or other benefit under the program;

(iv) Restricts a person in any way in the enjoyment of services, facilities, or any other advantage, privilege, property, or benefit provided to others under the programs;

(v) Treats a person differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which persons must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vi) Denies a person an opportunity to participate in the program through the provision of property or services or otherwise, or affords him an opportunity to do so which is different from that afforded others under the program (including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section);

(vii) Denies a person the same opportunity or consideration given others to be selected or retained or otherwise to participate as a contractor, subcontractor, or subgrantee when a program is applicable thereto;

(viii) Denies a person the same opportunity or consideration given others to participate as a member of any planning, advisory or similar group or body which assists the recipient or is utilized under or in connection with the program.

(2) A recipient, or other party subject to this part under any program, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of persons to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of persons to be afforded an opportunity to participate in any such program, shall not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting persons to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect any persons of a particular race, color, or national origin.

(3) In determining the site or location of facilities, a recipient or other party subject to this part may not make selections with the purpose or effect of ex-

cluding persons from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided or made available in or through or utilizing a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(d) This part does not prohibit the consideration of race, color, or national origin in any program to which this part applies if the purpose and effect of such consideration are to remove or overcome the consequences of past or continuing discriminatory practices or impediments. Where previous or continuing discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, the recipient or other party subject to this part has an obligation to take reasonable and affirmative action to remove or overcome the consequences of the prior or continuing discriminatory practice or usage, and to accomplish the purposes of the Act.

(c) Employment practices. (1) Where a primary objective of the Federal financial assistance to a program to which this part applies is to provide employment, a recipient or other party subject to this part shall not, directly or through contractual or other arrangements, subject a person to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees). Such recipients and other parties subject to this part shall take affirmative action to ensure that applicants are employed, and employees are treated during employment without regard to their race, color, or national origin. Such recipients and other parties subject to this part shall, as may be required by supplemental regulations, develop a written affirmative action program. The requirements applicable to construction employment under any such program shall be in addition to those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it. Federal financial assistance to programs under

laws funded or administered by the Department which has as a primary objective the providing of employment include those set forth in Appendix A II of this part.

(2) Where a primary objective of the Federal financial assistance to a program to which this part applies is not to provide employment, but discrimination on the grounds of race, color, or national origin, in the employment practices of the recipient or other party subject to this part, tends, on the grounds of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under any such program, the provisions of subparagraph (1) of this paragraph shall apply to the employment practices of the recipient or other party subject to this part, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of such persons.

§ 8.5  Nondiscrimination clause.

(a) Applicability. Every application for, and every grant, loan, or contract authorizing approval of, Federal financial assistance to carry out a program and to provide a facility subject to this part, and every modification or amendment thereof, shall, as a condition to its approval and to the extension of any Federal financial assistance pursuant thereto, contain or be accompanied by an assurance that the program will be conducted in compliance with all requirements imposed by or pursuant to this part. The assurances shall be set forth in a nondiscrimination clause. The responsible Department official shall specify the form and contents of the nondiscrimination clause for each program as appropriate.

(b) Contents. Without limiting its scope or language in any way, a nondiscrimination clause shall contain, where determined to be appropriate, and in an appropriate form, reference to the following assurances, undertakings, and other provisions:

(1) That the recipient or other party subject to this part will not participate directly or indirectly in the discrimination prohibited by § 8.4, including employment practices when a program covering such is involved.

(2) That when employment practices are covered, the recipient or other party subject to this part will (i) in all solicitations or advertisements for employees placed by or for the recipient, state that qualified applicants will receive consideration for employment without regard to race, color or national origin; (ii) notify each labor union or representative of workers with which it has a collective bargaining agreement or other contract or understanding of the recipient's commitments under this section; (iii) post the nondiscrimination clause and the notice to labor unions in conspicuous places available to employees and applicants for employment; and (iv) otherwise comply with the requirements of § 8.4(c).

(3) That in a program involving continuing Federal financial assistance, the

AR_0017

recipient thereunder (i) will state that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (ii) will provide for such methods of administration for the program as are found by the responsible Department official to give reasonable assurance that all recipients of Federal financial assistance under such program and any other parties connected therewith subject to this part will comply with all requirements imposed by or pursuant to this part.

(4) That the recipient agrees to secure the compliance or to cooperate actively with the Department to secure the compliance by others with this part and the nondiscrimination clause as may be directed under an applicable program. For instance, the recipient may be requested by the responsible Department official to undertake and agree (i) to obtain or enforce, or to assist and cooperate actively with the responsible Department official in obtaining or enforcing, the compliance of other recipients or of other parties subject to this part with the nondiscrimination required by this part; (ii) to insert appropriate nondiscrimination clauses in the respective contracts with or grants to such parties; (iii) to obtain and to furnish to the responsible Department official such information as he may require for the supervision or securing of such compliance; (iv) to carry out sanctions for noncompliance with the obligations imposed upon recipients and other parties subject to this part; and (v) to comply with such additional provisions as the responsible Department official deems appropriate to establish and protect the interests of the United States in the enforcement of these obligations. In the event that the cooperating recipient becomes involved in litigation with a noncomplying party as a result of such departmental direction, the cooperating recipient may request the Department to enter into such litigation to protect the interests of the United States.

(5) In the case of real property, structures or improvements thereon, or interests therein, which are acquired for a program receiving Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government,

such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing facilities on such property for the purposes for which the property was transferred, the responsible Department official may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective

(6) In programs receiving Federal financial assistance in the form, or for the acquisition, of real property or an interest in real property to the extent that rights to space on, over, or under any such property are included as part of the program receiving such assistance the nondiscrimination requirements of this part shall extend to any facility located wholly or in part in such space.

(7) That a recipient shall not take action that is calculated to bring about indirectly what this part forbids it to accomplish directly.

(8) Provisions specifying the extent to which like assurances will be required of subgrantees, contractors and subcontractors, lessees, transferees, successors in interest, and other participants in the program.

(9) Provisions which give the United States a right to seek judicial enforcement of the assurances.

(10) In the case where any assurances are required from an academic, a medical care, detention or correctional, or any other institution or facility, insofar as the assurances relate to the institution's practices with respect to the admission, care, or other treatment of persons by the institution or with respect to the opportunity of persons to participate in the receiving or providing of services, treatment, or benefits, such assurances shall be applicable to the entire institution of facility. That requirement may be waived by the responsible Department official if the party furnishing the assurances establishes to the satisfaction of the responsible Department official that the practices in designated parts or programs of the institution or facility will in no way affect its practices in the program of the institution or facility for which Federal financial assistance is or is sought to be provided, or affect the beneficiaries of or participants in such program. If in any such case the assistance is or is sought for the construction of a facility or part of a facility, the assurances shall in any event extend to the entire facility and to facilities operated in connection therewith.

(11) In the case where the Federal financial assistance is in the form of or to aid in the acquisition of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipients, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient or transferee retains ownership or possession of the property, whichever is longer. In the case of any other type or form of assistance, the assurances shall be in effect for the duration of the period during which Federal financial assistance is extended to the program.

§ 8.6   Applicability of this part to Department assisted programs.

The following examples illustrate the applicability of this part to programs which receive or may receive Federal financial assistance administered by the Department. The fact that a particular program is not listed does not indicate that it is not covered by this part. The discrimination referred to is that described in § 8.4 against persons on the ground of race, color, or national origin.

(a) *Assistance to support economic development programs.* Discrimination in which recipients and other parties subject to this part shall not engage, directly or indirectly, includes discrimination in (1) the letting of contracts or other arrangements for the planning, designing, engineering, acquisition, construction, rehabilitation, conversion, enlargement, installation, occupancy, use, maintenance, leasing, subleasing, sales, or other utilization or disposition of property or facilities purchased or financed in whole or in part with the aid of Federal financial assistance; (2) the acquisition of goods or services, or the production, preparation, manufacture, marketing, transportation, or distribution of goods or services in connection with a program or its operations, (3) the onsite operation of the project or facilities; (4) services or accommodations offered to the public in connection with the program; and (5) in employment practices in connection with or which affect the program (as defined in § 8.4(c)) ; in the following programs:

(i) Any program receiving Federal financial assistance for the purchase or development of land and facilities (including machinery and equipment) for industrial or commercial usage.

(ii) Any program receiving Federal financial assistance in the form of loans or direct or supplementary grants for the acquisition or development of land and improvements for public works, public service or development facility usage, and the acquisition, construction, rehabilitation, alteration, expansion, or improvement of such facilities, including related machinery and equipment.

(iii) In any program receiving any form of technical assistance designed to

AR_0018

23460                           PROPOSED RULE MAKING

alleviate or prevent conditions of excessive employment or underemployment.

(iv) In any program receiving Federal financial assistance in the form of administrative expense grants.

(b) *Assistance to support the training of students.* A current example of such assistance is that received by State maritime academies or colleges, by contract, of facilities (vessels), related equipment and funds to train merchant marine officers. In this and other student training programs, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in the selection of persons to be trained and in their treatment by the recipients in any aspect of the educational process and discipline during their training, or in the availability or use of any academic, housing, eating, recreational, or other facilities and services, or in financial assistance to students furnished or controlled by the recipients or incidental to the program. In any case where selection of trainees is made from a predetermined group, such as the students in an institution or area, the group must be selected without discrimination.

(c) *Assistance to support mobile or other trade fairs.* In programs in which operators of mobile trade fairs using U.S.-flag vessels and aircraft and designed to exhibit and sell U.S. products abroad, or in which other trade fairs or exhibitions, receive technical and financial assistance, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in the selection or retention of any actual or potential exhibitors, or in access to or use of the services or accommodations by, or otherwise with respect to treatment of, exhibitors or their owners, officers, employees, or agents.

(d) *Assistance to support business entities eligible for trade adjustment assistance.* In programs in which eligible business entities receive any measure or kind of technical, financial or tax adjustment assistance because of or in connection with the impact of U.S. international trade upon such business, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in their employment practices as defined in § 8.4(c).

(e) *Assistance to support research and development and related activities.* In programs in which individuals, educational or other institutions, public governmental or business entities receive Federal financial assistance in order to encourage or foster research or development activities such as such, or to obtain, promote, develop, or protect thereby technical, scientific, environmental, or other information, products, facilities, resources, or services which are to be made available to or used by others, but where such programs do not constitute Government procurement of property or services, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination with respect to (1) the choice, retention or treatment of contractors, subcontractors, subgrantees or of any other person; (2) the

provision of services, facilities, or financial aid; (3) the participation of any party in the research activities; (4) the dissemination to or use by any person of the results or benefits of the research or development, whether in the form of information, products, services, facilities, resources, or otherwise. If research is performed within an educational institution under which it is expected that students or others will participate in the research as a part of their experience or training, on a compensated or uncompensated basis, there shall be no discrimination in admission of students to, or in their treatment by, that part of the school from which such students are drawn or in the selection otherwise of trainees or participants. The recipient educational institutions will be required to give the assurances provided in § 8.5(b)(10).

(f) *Assistance to aid in the operations of vessels engaged in U.S. foreign commerce.* In programs in which the operators of American-flag vessels used to furnish shipping services in the foreign commerce of the United States receive Federal financial assistance in the form of operating differential subsidies, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in soliciting, accepting or serving in any way passengers or shippers of cargo entitled to protection in the United States under the Act.

## Subpart B—General Compliance

§ 8.7 Cooperation, compliance reports and reviews and access to records.

(a) *Cooperation and assistance.* Each responsible Department official shall to the fullest extent practicable seek the cooperation of recipients and other parties subject to this part in obtaining compliance with this part and shall provide assistance and guidance to recipients and other parties to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient and other party subject to this part shall keep such records and submit to the responsible Department official timely, complete, and accurate compliance reports at such times and in such form and containing such information as the responsible Department official may determine to be necessary in order to ascertain whether the recipient or such other party has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, or under which a recipient is obligated to obtain or to cooperate in obtaining the compliance of other parties subject to this part, such other recipients or other parties shall also submit such compliance reports to the primary recipient or recipients as may be necessary to enable them to carry out their obligations under this part.

(c) *Access to sources of information.* Each recipient or other party subject to this part shall permit access by the responsible Department official or his

designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities, as may be pertinent to ascertain compliance with this part. Where any information required of a recipient or other party is in the exclusive possession of another who fails or refuses to furnish this information, the recipient or other party shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient or other party subject to this part shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner as this part and the responsible Department official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

(e) *Compliance review.* The responsible Department official or his designee shall from time to time review the practices of recipients and other parties subject to this part to determine whether they are complying with this part.

§ 8.8 Complaints.

(a) *Filing complaints.* Any person who believes himself or any specific class of persons to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Department official a written complaint. A complaint shall be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Department official.

§ 8.9 Intimidatory or retaliatory acts prohibited.

(a) No recipient or other party subject to this part shall intimidate, threaten, coerce, or discriminate against, any person for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because the person has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part.

(b) The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial or other proceeding arising thereunder.

§ 8.10 Investigations.

(a) *Making the investigation.* The responsible Department official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation shall include, where appropriate, a review of the pertinent practices and policies of the recipient or other party subject to this part, the circumstances under which the

AR_0019

## PROPOSED RULE MAKING

23461

possible noncompliance with this part occurred, and other factors relevant to a determination as to whether there has been a failure to comply with this part.

(b) *Resolution of matters.* (1) If an investigation pursuant to paragraph (a) of this section indicates a failure to comply with this part, the responsible Department official will so inform the recipient or other party subject to this part and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 8.11.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the responsible Department official will so inform the recipient or other party subject to this part and the complainant, if any, in writing.

§ 8.11   Procedures for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 8.5.* If a recipient or other party subject to this part fails or refuses to furnish an assurance required under § 8.5 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Department shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under said paragraph except that the Department shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application or contract therefor approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Department official has advised the recipient or other party subject to this part of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by such recipient or other party to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the

Secretary pursuant to § 8.13(e), and (4) the expiration of 30 days after the Secretary has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other recipient or other party as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Department official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other party has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other party. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other party to comply with this part and to take such corrective action as may be appropriate.

§ 8.12   Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 8.11(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected recipient or other party subject to this part. This notice shall advise the recipient or other party of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the recipient or other party may request of the responsible Department official that the matter be scheduled for hearing, or (2) advise the recipient or other party that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. A recipient or other party may waive a hearing and submit written information and argument for the record. The failure of a recipient or other party to request a hearing under this paragraph of this section or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 8.11(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Department in Washington, D.C., at a time fixed by the responsible Department official or hearing officer unless he deter-

mines that the convenience of the recipient or other party or of the Department requires that another place be selected. Hearings shall be held before the responsible Department official, or at his discretion, before a hearing officer.

(c) *Right to counsel.* In all proceedings under this section, the recipient or other party and the Department shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedures Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the recipient or other party shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Secretary may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings and for the application to such hearings of rules of procedures not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 8.13.

§ 8.13   Decisions and notices.

(a) *Decision by person other than the responsible Department official.* If the hearing is held by a hearing officer such hearing officer shall either make an initial decision, if so authorized, or certify

AR_0020

the entire record including his recommended findings and proposed decision to the responsible Department official for a final decision, and a copy of such initial decision or certification shall be mailed to the recipient or other party subject to this part. Where the initial decision is made by the hearing officer, the recipient or other party may within 30 days of the mailing of such notice of initial decision file with the responsible Department official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Department official may on his own motion within 45 days after the initial decision serve on the recipient or other party a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review, the responsible Department official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Department official.

(b) *Decisions on record or review by the responsible Department official.* Whenever a record is certified to the responsible Department official for decision or he reviews the decision of a hearing officer pursuant to paragraph (a) of this section, or whenever the responsible Department official conducts the hearing, the recipient or other party shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Department official shall be given in writing to the recipient or other party and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 8.12(a) a decision shall be made by the responsible departmental official on the record and a copy of such decision shall be given in writing to the recipient or other party, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible Department official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the recipient or other party has failed to comply.

(e) *Approval by Secretary.* Any final decision of a responsible Department official (other than the Secretary) which provides for the suspension or termination of, or the refusal to grant or continue, Federal financial assistance, or the imposition of any other sanction available under this part of the Act, shall promptly be transmitted to the Secretary, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the recipient or other party determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the responsible Department official that it will fully comply with this part.

(g) *Posttermination proceedings.* (1) Any recipient or other party which is adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any recipient or other party adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the recipient or other party has met the requirements of subparagraph (1) of this paragraph. If the responsible Department official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Department official denies any such request, the recipient or other party may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with rules of procedure issued by the responsible Department official. The recipient or other party will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 8.14  *Judicial review.*

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 8.15  *Effect on other laws; supplementary instructions; coordination.*

(a) *Effect on other laws.* All regulations, orders, or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any recipient or other party subject to this part of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any one of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Order 11246 and regulations issued thereunder, or (2) Executive Order 11063 and regulations issued thereunder, or any other regulations or instructions, insofar as such order, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* Each responsible Department official shall issue and promptly make available to interested parties forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* The Secretary may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 8.13), including the achievement of effective coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by the responsible official of this Department.

Dated: November 16, 1970.

MAURICE H. STANS,
*Secretary of Commerce.*

APPENDIX A

`I. FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

1. Loans, grants, technical and other assistance for public works and development facilities, for supplementing Federal grants-in-aid, for private businesses, and for other purposes, including assistance in connection with designated economic development districts and regions, under the Public Works and Economic Development Act of 1965, as amended (42 U.S.C. 3121 et seq.) and its predecessor Area Redevelopment Act (42 U.S.C. 2501 et seq.).

2. Operating differential subsidy assistance to operators of U.S.-flag vessels engaged in U.S. foreign commerce (46 U.S.C. 1171 et seq.).

AR_0021

PROPOSED RULE MAKING

23463

3. Assistance to operate State Maritime Academies and Colleges to train merchant marine officers (46 U.S.C. 1381–1388).

4. Assistance to trade fair operators (46 U.S.C. 1122b).

5. Trade adjustment assistance to eligible U.S. businesses under the Trade Expansion Act of 1962 (19 U.S.C. 1911–1920).

6. Grants to nonprofit institutions or organizations to further or obtain scientific research to be made available to the public or interested businesses or organizations (e.g., 42 U.S.C. 1891–1893).

7. Assistance to upgrade commercial fishing vessels and gear (16 U.S.C. 742c).

8. Trade adjustment assistance to eligible U.S. business under the Automotive Products Trade Act of 1965 (Public Law 89–283, 79 Stat. 1016).

9. Assistance to State projects designed for the research and development of commercial fisheries resources of the nation (16 U.S.C. 779a–779f).

10. Assistance to States in controlling and eliminating jellyfish, other such pests and floating seaweed (16 U.S.C. 1201 et seq.).

11. Assistance to States and other non-Federal interests under cooperative agreements to conserve, develop, and enhance Anadromous and Great Lakes Fisheries (16 U.S.C. 757a et seq.).

12. Assistance to States in the acquisition, development, and propagation of disease resistant oysters (16 U.S.C. 760j–760l).

13. Fishing Development of the South Pacific—Cooperation with State agencies, island governments and educational, industrial or other organizations or individuals in conducting fishing exploration and scientific studies for development and utilization of the high seas fishing resources of the Pacific Ocean (16 U.S.C. 758b).

14. Migratory Marine Fishing Program—Cooperation or contract with State and other institutions or agencies in research and study of migratory marine fish of interest to recreational fishermen (16 U.S.C. 760f).

15. Grants for education and training of personnel in commercial fishing (16 U.S.C. 760d).

16. Grants and other assistance under the National Sea Grant College and Program Act of 1966 (33 U.S.C. 1121–1124).

17. Cooperation with State or local governments, private agencies, organizations or individuals interested in fishery commodities in order to promote the flow of domestic fishery products by conducting an educational service and fishery technological, biological and related research programs (15 U.S.C. 713c–3).

II. A PRIMARY OBJECTIVE OF THE FEDERAL FINANCIAL ASSISTANCE LISTED IN APPENDIX A.1 WHICH IS AUTHORIZED BY EACH OF THE FOLLOWING STATUTES IS TO PROVIDE EMPLOYMENT.

1. Public Works and Economic Development Act of 1965, as amended, and predecessor Area Redevelopment Act.

2. Trade Expansion Act of 1962.

[FR Doc.71–17874 Filed 12–8–71;8:45 am]

# TENNESSEE VALLEY AUTHORITY

[ 18 CFR Part 302 ]

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

The purpose of the following proposed amendments of Part 302 of 18 CFR is to incorporate in TVA's regulations under title VI of the Civil Rights Act of 1964 uniform revisions that are being jointly applied in the interest of clarification by all agencies subject to title VI.

1. The entry for § 302.11 in the table of contents for Part 302 is revised to read:

Sec.
302.11 Effect on other regulations; supervision and coordination.

2. Subparagraphs (3) and (4) of paragraph (b) of § 302.3 are renumbered as subparagraphs (4) and (5), respectively, and the following new subparagraphs (3) and (6) are inserted:

§ 302.3 Discrimination prohibited.

*    *    *    *    *

(b) * * *

(3) In determining the site or location of facilities, a recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

*    *    *    *    *

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies, the recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

3. Paragraph (b) of § 302.4 is revised to read as follows:

§ 302.4 Assurances required.

*    *    *    *    *

(b) In the case of real property, structures or improvements thereon, or interests therein, which is acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer by TVA of real property or interest therein, the instrument effecting or recording the transfer of title shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of

Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained by transfer from TVA, the covenant against discrimination may also include a condition coupled with a right to be reserved by TVA to revert title to the property in the event of a breach of the covenant where, in the discretion of TVA, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, TVA may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as it deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

4. Paragraph (d) of § 302.7 is revised to read as follows:

§ 302.7 Procedure for effecting compliance.

*    *    *    *    *

(d) Other means authorized by law. No action to effect compliance by any other means authorized by law shall be taken until (1) TVA has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with the regulation and to take such corrective action as may be appropriate.

5. Paragraph (d)(1) of § 302.8 is revised to read as follows:

§ 302.8 Hearings.

*    *    *    *    *

(d) Procedures, evidence, and record. (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with the procedures contained in 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act) and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both TVA and the recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the

AR_0022

hearing at the outset of or during the hearing.

\* \* \* \* \*

6. A new paragraph (g) is added to § 302.9 as follows:

§ 302.9   Decisions and notices.

\* \* \* \* \*

(g) *Posttermination proceedings.* (1) A recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if he satisfies the terms and conditions of that order for such eligibility or if he brings himself into compliance with this regulation and provides reasonable assurance that he will fully comply with this regulation.

(2) Any recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request TVA to restore fully his eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the recipient has met the requirements of subparagraph (1) of this paragraph. If TVA determines that those requirements have been satisfied, it shall restore such eligibility.

(3) If TVA denies any such request, the recipient may submit a request for a hearing in writing, specifying why he believes TVA to have been in error. The recipient shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by TVA. The recipient will be restored to such eligibility if he proves at such a hearing that he satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

1. The title of § 302.11 is revised, the existing language of the section is designated paragraph (a), and a new paragraph (b) is added, all to read as follows:

§ 302.11   Effect on other regulations; supervision and coordination.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by TVA which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this regulation applies, and which authorize the suspension or termination of or refusal to grant or to continue financial assistance to any recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including

future amendments thereof): (1) Executive Order 11246 and regulations issued thereunder, or (2) any other regulations or instructions, insofar as they prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this regulation is inapplicable, or prohibit discrimination on any other ground.

(b) *Supervision and coordination.* TVA may from time to time assign to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 302.9), including the achievement of effective coordination and maximum uniformity within the Executive Branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by TVA.

8. The heading of Appendix A is revised to read:

Appendix A—Federal Financial Assistance to Which These Regulations Apply

Dated: September 15, 1970.

Tennessee Valley
Authority,
Lynn Seeber,
*General Manager.*

[FR Doc.71–17875 Filed 12–8–71; 8:45 am]

# DEPARTMENT OF STATE

[ 22 CFR Part 141 ]

[Dept. Reg. 108.631]

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

Part 141 of Title 22 of the Code of Federal Regulations is proposed to be amended as set forth below. The purpose of these proposed amendments is to promote uniformity among the Federal agencies. These amendments are uniform amendments adopted jointly by all Government agencies having title VI responsibilities, for the purpose of effecting necessary clarification to the title VI regulations.

1. Section 141.2 is revised to read as follows:

§ 141.2   Application of this part.

This part applies to any program for which Federal financial assistance, as defined in this part, is authorized under a law administered by the Department including, but not limited to, the federally assisted programs and activities listed in Appendix A of this part. It applies to Federal financial assistance of any form, including property which may be ac-

quired as a result of and in connection with such assistance, extended under any such program after the effective date of this regulation, even if the application is approved prior to such effective date. This part does not apply to (a) any Federal financial assistance by way of insurance of guaranty contracts, (b) money paid, property transferred, or other assistance extended under any such program before the effective date of this regulation, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, of any employer, employment agency, or labor organization except to the extent described in § 141.3(d), or (e) any assistance to an activity carried on outside the United States by a person, institution, or other entity not located in the United States. The fact that a program or activity is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Transfers of surplus property in the United States are subject to regulations issued by the Administrator of General Services (41 CFR 101–6.2).

2. In § 141.3 subparagraphs (1) (vi) and (2) of paragraph (b) are amended and new paragraphs (b) (5) and (d) are added to read as follows:

§ 141.3   Discrimination prohibited.

\* \* \* \* \*

(b) \* \* \*

(1) \* \* \*

(vi) Deny an individual an opportunity to participate in the program through the provision of services or otherwise afford him an opportunity to do so which is different from that afforded others under the program, including the opportunity to participate in the program as an employee in accordance with paragraph (d) of this section.

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the location or site of any facilities, or services, or the class of individuals to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration or select locations or sites for any facilities or services, which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin.

\* \* \* \* \*

(5) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences

AR_0023

23465

of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purpose of the Act.

* * * * *

(d) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program to which this part applies is to provide employment, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is (i) to reduce the unemployment of such individuals or to help them through employment to meet subsistence needs, (ii) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training, (iii) to provide work experience which contributes to the education or training of such individuals, or (iv) to provide remunerative activity to such individuals who because of severe handicaps cannot be readily absorbed in the competitive labor market.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of the foregoing paragraph of this paragraph (d) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

3. In § 141.4 paragraphs (a) and (b) (1) are revised and a new paragraph (c) is added to read as follows:

§ 141.4  Assurances required.

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies, as

a condition to its approval and the extension of any Federal financial assistance pursuant to the application, shall contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. The assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application.

(2) In any case where the Federal assistance is to provide, or is in the form of personal property, or real property or structures or any interest therein, or such property is acquired as a result of and in connection with such assistance, the assurance shall obligate the recipient, or, in the case of subsequent transfers, the transferees, for the period during which the property is used for a purpose for which the Federal assistance was, or is extended, or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Any assurance relating to property provided under or acquired as a result of or in connection with such assistance shall as appropriate require any instrument effecting or recording transfer, title or other evidence of ownership of right to possession, to include a covenant or condition assuring nondiscrimination for the period of obligation of the recipient or any transferee, which may contain a right to be reserved to the Department to revert title or right to possession. Where no transfer of property is involved, but property is improved or any interest of the recipient or transferee therein is increased as a result of a program of Federal financial assistance, the recipient or transferee shall agree to include such covenant or condition in any subsequent transfer of such property. Failure to comply with any such conditions or requirements contained in such assurances shall render the recipient and the transferees, where appropriate, presumptively in noncompliance.

(3) The responsible Department official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(b) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education, including assistance for construction, for research, for a special training project, for a student loan program, or for any other purpose, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

* * * * *

(c) *Elementary and secondary schools.* The requirements of paragraph (a) (1) of this section with respect to any ele-

mentary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the responsible official of the Department of Health, Education, and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

4. Section 141.7(a) is revised to read as follows:

§ 141.7  Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

* * * * *

§ 141.8  [Amended]

5. At the end of the second sentence of § 141.8(b), change the period to a comma and add the phrase: "in accordance with 5 U.S.C. 3105 and 3344 (formerly section 11 of the Administrative Procedure Act)." In (d) lines 4 and 5, change the Administrative Procedure Act citation to read "5 U.S.C. 554–557 (formerly sections 5–8 of the Administrative Procedure Act)." Paragraph (e) of the same section is amended to read as follows:

(e) *Consolidated or joint hearings; hearings before other agencies.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part and regulations of one or more other

AR_0024

Federal departments or agencies issued under title VI of the Act, the Secretary may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedures not inconsistent with this part, except that procedural requirements of the hearing agency if other than this Department may be adopted insofar as it is determined by the Secretary that variations from the procedures described in this section or elsewhere as may be required under this part do not impair the rights of the parties. The Secretary may also transfer the hearing of any complaint to any other department or agency, with the consent of that Department or Agency, (1) where Federal financial assistance to the applicant or recipient of the other Department or Agency is substantially greater than that of the Department of State, or (2) upon determination by the Secretary that such transfer would be in the best interests of the Government of effectuating this part. Final decisions in all such cases, insofar as this part is concerned, shall be made in accordance with § 141.9.

§ 141.9 [Amended]

6. In § 141.9 a new paragraph (g) is added to read as follows:

(g) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this paragraph shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information establishing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Department official determines that those requirements have been satisfied, he shall restore such eligibility, but such determination shall be in writing and shall be supported by evidence and findings of fact which shall be retained by the Department.

(3) If the responsible Department official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Department official. The burden of substantiating compliance with the requirements of subparagraph (1) of this paragraph shall be on the applicant or recipient. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

7. In § 141.11 paragraph (b) is amended to read as follows:

§ 141.11 Effect on other regulations; forms and instructions.

* * * * *

(b) *Supervision and coordination.* The Secretary may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such department or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part including the achievement of effective coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this Department.

8. In § 141.12 paragraphs (e) and (f) are amended and a new paragraph (j) is added to read as follows:

§ 141.12 Definitions.

* * * * *

(e) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, and (4) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance or other benefits to individuals whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient.

(f) The term "program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient. Services, financial aid, or other benefits shall include those provided with the aid of or through any facility provided for by the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions in order to receive Federal assistance.

* * * * *

(j) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration, or acquisition of facilities.

9. The title in Appendix A is changed to read as follows:

GRANTS AND ACTIVITIES TO WHICH THIS PART APPLIES

(Sec. 602, Civil Rights Act of 1964, 78 Stat. 252; sec. 4, 63 Stat. 111, as amended; 42 U.S.C. 2000d, 22 U.S.C. 2658)

[SEAL]     WILLIAM P. ROGERS,
                *Secretary of State.*

JANUARY 29, 1971.

[FR Doc.71-17876 Filed 12-8-71;8:45 am]

## Agency for International Development

[ 22 CFR Part 209 ]

[A.I.D. Reg. 9]

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

*Purpose of proposed amendments.* The amendments being proposed to this regulation are the uniform amendments adopted jointly by all Government agencies having title VI responsibilities, for the purpose of effecting necessary clarification to the title VI regulations.

1. The present § 209.4(b)(3) is redesignated as § 209.4(b)(4).

2. The present § 209.4(b)(4) is redesignated § 209.4(b)(5).

3. The following new paragraph is added to the regulation and is designated as § 209.4(b)(3):

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act of this regulation.

4. The following new paragraph is added to the regulation and is designated as § 209.4(b)(6):

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

AR_0025

PROPOSED RULE MAKING

23467

5. Section 209.5(a)(2) is revised to read as follows:

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient should agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Agency to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Agency official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new or improvement of existing facilities on such property for the purposes for which the property was transferred, the Administrator may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

6. Section 208.8 is corrected to read § 209.8.

7. Section 209.8(d) is revised to read as follows:

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Agency official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

8. The last sentence of § 209.9(b) is revised to read as follows: "Hearings shall be held before the Administrator or before a hearing examiner designated in accordance with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act)."

9. The first sentence of § 209.9(d)(1) is revised to read as follows:

(1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. * * *

10. The following new paragraph is added to the regulation and designated as § 209.10(f):

(f) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the responsible Agency official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Agency official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Agency official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Agency official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) of this section shall remain in effect.

11. The last sentence of § 209.12(a) is revised to read as follows: "Nothing in this part, however, shall be deemed to supersede any of the following (including future amendment thereof): (1) Executive Order 11246, and regulations issued thereunder, or (2) any other regulation or instruction insofar as it prohibits discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibits discrimination on any other ground."

12. The following new sentence is added to § 209.12(b) at the end thereof: "Any action taken, determination made, or requirement imposed by an official of

another Department or Agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this Agency."

13. The title of Appendix A to the regulation is revised to read as follows:

Federal Financial Assistance to Which This Regulation Applies

John A. Hannah,
*Administrator, Agency for International Development.*

October 7, 1970.

[FR Doc.71–17877 Filed 12–8–71;8:45 a.m.]

# DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

## Office of the Secretary

[ 24 CFR Part 1 ]

[Docket No. R–71–_____]

NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

The regulations to effectuate the provisions of title VI of the Civil Rights Act of 1964, published under Part 1 of Subtitle A of Title 24 of the Code of Federal Regulations (issued at 29 F.R. 16280, Dec. 4, 1964, and amended at 32 F.R. 14819, Oct. 26, 1967 and 36 F.R. 8784, May 13, 1971), are hereby proposed to be amended to effect certain clarifications in such regulations, to be consistent with the uniform amendments being adopted by Federal agencies; to include certain nonuniform minor revisions such as those set forth in § 1.7(e) and § 1.8(b); to make a nonuniform substantive change, in § 1.4(b)(2)(i), deleting "location or" because of new § 1.4(b)(3) concerning site selection; to add in § 1.5 a new paragraph (e), concerning elementary and secondary schools; to amend Appendix A to include additional Department assistance to which this Part 1 applies; and otherwise to revise such regulations to read as follows:

Sec.
1.1    Purpose.
1.2    Definitions.
1.3    Application of Part 1.
1.4    Discrimination prohibited.
1.5    Assurances required.
1.6    Compliance information.
1.7    Conduct of investigations.
1.8    Procedure for effecting compliance.
1.9    Hearings.
1.10   Decisions and notices.
1.11   Judicial review.
1.12   Effect on other regulations; forms and instructions.
Appendix A.

Authority: The provisions of this Part 1 issued under sec. 602, 78 Stat. 252, 42 U.S.C. 2000d–1; sec. 7(d), 79 Stat. 670, 42 U.S.C. 3535(d); and the laws listed in Appendix A to this Part 1.

AR_0026

23468

## PROPOSED RULE MAKING

### § 1.1  Purpose.

The purpose of this Part 1 is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the Department of Housing and Urban Development.

### § 1.2  Definitions.

As used in this Part 1—

(a) The term "Department" means the Department of Housing and Urban Development.

(b) The term "Secretary" means the Secretary of Housing and Urban Development.

(c) The term "responsible Department official" means the Secretary or, to the extent of any delegation of authority by the Secretary to act under this Part 1, any other Department official to whom the Secretary may hereafter delegate such authority.

(d) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(e) The term "Federal financial assistance" includes (1) grants, loans, and advances of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance. The term "Federal financial assistance" does not include a contract of insurance or guaranty.

(f) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, organization, or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program or activity, or who otherwise participates in carrying out such program or activity (such as a redeveloper in the Urban Renewal Program), including any successor, assign, or transferee thereof, but such term does not include any ultimate beneficiary under any such program or activity.

(g) The term "applicant" means one who submits an application, contract, request, or plan requiring Department approval as a condition to eligibility for

Federal financial assistance, and the term "application" means such an application, contract, request, or plan.

### § 1.3  Application of Part 1.

This Part 1 applies to any program or activity for which Federal financial assistance is authorized under a law administered by the Department, including any program or activity assisted under the statutes listed in Appendix A of this Part 1. It applies to money paid, property transferred, or other Federal financial assistance extended to any such program or activity on or after January 3, 1965. This Part 1 does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended to any such program or activity before January 3, 1965, (c) any assistance to any person who is the ultimate beneficiary under any such program or activity, or (d) any employment practice, under any such program or activity, of any employer, employment agency, or labor organization, except to the extent described in § 1.4(c). The fact that certain Federal financial assistance is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such financial assistance is not covered. Other financial assistance under statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

### § 1.4  Discrimination prohibited.

(a) *General.* No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity to which this Part 1 applies.

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program or activity to which this Part 1 applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny a person any housing, accommodations, facilities, services, financial aid, or other benefits provided under the program or activity;

(ii) Provide any housing, accommodations, facilities, services, financial aid, or other benefits to a person which are different, or are provided in a different manner, from those provided to others under the program or activity;

(iii) Subject a person to segregation or separate treatment in any matter related to his receipt of housing, accommodations, facilities, services, financial aid, or other benefits under the program or activity;

(iv) Restrict a person in any way in access to such housing, accommodations, facilities, services, financial aid, or other benefits, or in the enjoyment of any advantage or privilege enjoyed by others in connection with such housing, accommodations, facilities, services, financial aid, or other benefits under the program or activity;

(v) Treat a person differently from others in determining whether he satis-

fies any occupancy, admission, enrollment, eligibility, membership, or other requirement or condition which persons must meet in order to be provided any housing, accommodations, facilities, services, financial aid, or other benefits provided under the program or activity;

(vi) Deny a person opportunity to participate in the program or activity through the provision of services or otherwise, or afford him an opportunity to do so which is different from that afforded others under the program or activity (including the opportunity to participate in the program or activity as an employee but only to the extent set forth in paragraph (c) of this section).

(2) (i) A recipient, in determining the types of housing, accommodations, facilities, services, financial aid, or other benefits which will be provided under any such program or activity, or the class of persons to whom, or the situations in which, such housing, accommodations, facilities, services, financial aid, or other benefits will be provided under any such program or activity, or the class of persons to be afforded an opportunity to participate in any such program or activity, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting persons to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program or activity as respect to persons of a particular race, color, or national origin.

(ii) A recipient, in operating low-rent housing with Federal financial assistance under the United States Housing Act of 1937, as amended (42 U.S.C. 1401 et seq.), shall assign eligible applicants to dwelling units in accordance with a plan, duly adopted by the recipient and approved by the responsible Department official, providing for assignment on a community-wide basis in sequence based upon the date and time the application is received, the size or type of unit suitable, and factors affecting preference or priority established by the recipient's regulations, which are not inconsistent with the objectives of title VI of the Civil Rights Act of 1964 and this Part 1. The plan may allow an applicant to refuse a tendered vacancy for good cause without losing his standing on the list but shall limit the number of refusals without cause as prescribed by the responsible Department official.

(iii) The responsible Department official is authorized to prescribe and promulgate plans, exceptions, procedures, and requirements for the assignment and reassignment of eligible applicants and tenants consistent with the purpose of subdivision (ii) of this subparagraph, this Part 1, and title VI of the Civil Rights Act of 1964, in order to effectuate and insure compliance with the requirements imposed thereunder.

(3) In determining the site or location of housing, accommodations, or facilities, an applicant or recipient may not make selections with the purpose or effect of excluding individuals from,

AR_0027

denying them the benefits of, or subjecting them to discrimination under any program to which this Part 1 applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this Part 1.

(4) As used in this Part 1 the housing, accommodations, facilities, services, financial aid, or other benefits provided under a program or activity receiving Federal financial assistance shall be deemed to include any housing, accommodations, facilities, services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in paragraphs (b) and (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) This Part 1 does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the ground of race, color, or national origin. Where previous discriminatory practice or usage tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this Part 1 applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purpose of the Act.

(c) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program or activity to which this Part 1 applies is to provide employment, a recipient may not, directly or through contractual or other arrangements, subject a person to discrimination on the ground of race, color, or national origin in its employment practices under such program or activity (including recruitment or recruitment advertising, employment, layoff, termination, upgrading, demotion, transfer, rates of pay or other forms of compensation and use of facilities). The requirements applicable to construction employment under such program or activity shall be those specified in or pursuant to Part III of Executive Order 11246 or any executive order which supersedes or amends it.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to this Part 1 tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this Part 1 applies, the provisions of this paragraph (c) shall apply to the

employment practices of the recipient or other persons subject to this Part 1 to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

§ 1.5 Assurances required.

(a) *General.* (1) Every contract for Federal financial assistance to carry out a program or activity to which this Part 1 applies, executed on or after January 3, 1965, and every application for such Federal financial assistance submitted on or after January 3, 1965, shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to such contract or application, contain or be accompanied by an assurance that the program or activity will be conducted and the housing, accommodations, facilities, services, financial aid, or other benefits to be provided will be operated and administered in compliance with all requirements imposed by or pursuant to this Part 1. In the case of a contract or application where the Federal financial assistance is to provide or is in the form of personal property or real property or interest therein or structures thereon, the assurance shall obligate the recipient or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the contract or application. The responsible Department official shall specify the form of the foregoing assurance for such program or activity, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program or activity. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures or improvements thereon, or interests therein, acquired through a program of Federal financial assistance the instrument effecting any disposition by the recipient of such real property, structures or improvements thereon, or interests therein, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. In the case where Federal financial assistance is provided in the form of a transfer of real property or interests therein from the Federal Government, the instrument effecting or recording the transfer shall contain such a covenant.

(3) In program receiving Federal financial assistance in the form, or for

the acquisition, of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving such assistance, the nondiscrimination requirements of this Part 1 shall extend to any facility located wholly or in part in such space.

(b) *Preexisting contracts—funds not disbursed.* In any case where a contract for Federal financial assistance, to carry out a program or activity to which this Part 1 applies, has been executed prior to January 3, 1965, and the funds have not been fully disbursed by the Department, the responsible Department official shall, where necessary to effectuate the purposes of this Part 1, require an assurance similar to that provided in paragraph (a) of this section as a condition to the disbursement of further funds.

(c) *Preexisting contracts—periodic payments.* In any case where a contract for Federal financial assistance, to carry out a program or activity to which this Part 1 applies, has been executed prior to January 3, 1965, and provides for periodic payments for the continuation of the program or activity, the recipient shall, in connection with the first application for such periodic payments on or after January 3, 1965, (1) submit a statement that the program or activity is being conducted in compliance with all requirements imposed by or pursuant to this Part 1 and (2) provide such methods of administration for the program or activity as are found by the responsible Department official to give reasonable assurance that the recipient will comply with all requirements imposed by or pursuant to this Part 1.

(d) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of persons as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such persons, shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the responsible Department official, that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

(e) *Elementary and secondary schools.* The requirements of this section with respect to any elementary or

AR_0028

23470

# PROPOSED RULE MAKING

secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this Part 1 within the earliest practicable time, and provides reasonable assurance that it will carry out such plan.

### § 1.6  Compliance information.

(a) *Cooperation and assistance.* The responsible Department official and each Department official who by law or delegation has the principal responsibility within the Department for the administration of any law extending financial assistance subject to this Part 1 shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this Part 1 and shall provide assistance and guidance to recipients to help them comply voluntarily with this Part 1.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Department official or his designee timely, complete, and accurate compliance reports at such times, and in such form and containing such information, as the responsible Department official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this Part 1.

(c) *Access to sources of information.* Each recipient shall permit access by the responsible Department official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this Part 1. Where any information required of a recipient is in the exclusive possession of any other agency, institution, or person and this agency, institution, or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this Part 1 and its applicability to the program or activity under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Department official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this Part 1.

### § 1.7  Conduct of investigations.

(a) *Periodic compliance reviews.* The responsible Department official or his designee shall from time to time review the practices of recipients to determine whether they are complying with this Part 1.

(b) *Complaints.* Any person who believes himself or any specific class of persons to be subjected to discrimination prohibited by this Part 1 may by himself or by a representative file with the responsible Department official or his designee a written complaint. A complaint must be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Department official or his designee.

(c) *Investigations.* The responsible Department official or his designee shall make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this Part 1. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this Part 1 occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this Part 1.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this Part 1, the responsible Department official or his designee will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1.8.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph the responsible Department official or his designee will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any person for the purpose of interfering with any right or privilege secured by title VI of the Act or this Part 1, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Part 1. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this Part 1, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

### § 1.8  Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this Part 1, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this Part 1 may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance, or by any other means authorized by law. Such other means may include, but are not

limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 1.5.* If an applicant fails or refuses to furnish an assurance required under § 1.5 or otherwise fails or refuses to comply with the requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Department shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such paragraph, except that the Department shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to a contract therefor approved prior to January 3, 1965.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Department official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this Part 1, (3) the action has been approved by the Secretary, and (4) the expiration of 30 days after the Secretary has filed with the committees of the House and Senate having legislative jurisdiction over the program or activity involved a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Department official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the applicant or recipient. During this period of at least 10 days additional efforts shall be made to persuade the applicant or recipient to comply with this Part 1 and to take such corrective action as may be appropriate.

AR_0029

### § 1.9 Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1.8(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Department official that the matter be scheduled for hearing, or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated time and place. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph (a) or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 1.8(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Department in Washington, D.C., at a time fixed by the responsible Department official unless he determines that the convenience of the applicant or recipient or of the Department requires that another place be selected. Hearings shall be held before the responsible Department official or, at his discretion, before a hearing examiner designated in accordance with sections 3105 and 3344 of title 5, United States Code.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Department shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 and in accordance with the Practice and Procedure for Hearings issues by the Department and published in Part 2 of this subtitle relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this Part 1, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the Department and the applicant or recipient, and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this Part 1 with respect to two or more programs or activities to which this Part 1 applies, or noncompliance with this Part 1 and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Secretary may, by agreement with such other departments or agencies, where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedure not inconsistent with this Part 1. Final decisions in such cases insofar as this Part 1 is concerned, shall be made in accordance with § 1.10.

### § 1.10 Decisions and notices.

(a) *Decision by person other than the responsible Department official.* If the hearing is held by a hearing examiner, such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Department official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient by certified or registered mail, return receipt requested. Where the initial decision is made by the hearing examiner, the applicant or recipient may, within the period provided for in the rules of Practice and Procedure for Hearings issued by the Department (Part 2 of this subtitle), file with the responsible Department official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Department official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible Department official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Department official, in which event a copy shall also be sent to the complainant.

(b) *Decisions on record or review by the responsible Department official.* Whenever a record is certified to the responsible Department official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible Department official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Department official shall be given in writing to the applicant or recipient, and to the complainant, if any, by certified or registered mail, return receipt requested.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 1.9(a) a decision shall be made by the responsible Department official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any, by certified or registered mail, return receipt requested.

(d) *Rulings required.* Each decision of a hearing examiner or responsible Department official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this Part 1 with which it is found that the applicant or recipient has failed to comply.

(e) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, to the program or activity involved and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this Part 1, including provisions designed to assure that no Federal financial assistance will thereafter be extended for such program or activity to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this Part 1, or to have otherwise failed to comply with this Part 1, unless and until it corrects its noncompliance and satisfies the responsible Department official that it will fully comply with this Part 1.

(f) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this Part 1 and provides reasonable assurance that it will fully comply with this Part 1.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this

AR_0030

# PROPOSED RULE MAKING

paragraph. If the responsible Department official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Department official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with the Practice and Procedure for Hearings issued by the Department (Part 2 of this subtitle). The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) of this section shall remain in effect.

§ 1.11 Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1.12 Effect on other regulations; forms and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against persons on the ground of race, color, or national origin under any program or activity to which this Part 1 applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant or recipient for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this Part 1, except that nothing in this Part 1 shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to January 3, 1965. Nothing in this Part 1, however, shall be deemed to supersede any of the following (including future amendments thereof):

(1) Executive Orders 11246 and 11375 and regulations issued thereunder, or (2) Executive Order 11063 and regulations issued thereunder, or any other order, regulations or instructions, insofar as such order, regulations, or instructions, prohibit discrimination on the ground of race, color, or national origin in any program or activity or situation to which this Part 1 is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* The responsible Department official shall assure that forms and detailed instructions and procedures for effectuating this Part 1 are issued and promptly made available to interested persons.

(c) *Supervision and coordination.* The Secretary may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such department or agency, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this Part 1 (other than responsibility for final decision as provided in § 1.10), including the achievement of effective coordination and maximum uniformity within the Department and within the Executive Branch of the Government in the application of title VI and this Part 1 to similar programs or activities and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by the responsible official of this Department.

GEORGE ROMNEY,
*Secretary of Housing
and Urban Development.*

APPENDIX A

FEDERAL FINANCIAL ASSISTANCE OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT TO WHICH THIS PART 1 APPLIES

1. Advance Acquisition of Land. Sec. 704, Housing and Urban Development Act of 1965, 42 U.S.C. 3104.

2. Advice and Assistance with respect to Housing for Low and Moderate Income Families. Sec. 106, Housing and Urban Development Act of 1968, as amended by Sec. 903(a) Housing and Urban Development Act of 1970, 12 U.S.C. 1701x.

3. Alaska Housing Assistance. Sec. 1004, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3371.

4. College Housing. Title IV, Housing Act of 1950, 12 U.S.C. 1749.

5. Community Disposition Program. Atomic Energy Community Act of 1955, secs. 11-13, 21, 31-36, 41-43, 51-57, 61-66, 101-103, 111-119, 42 U.S.C. 2301; E.O. 11105, 28 F.R. 3909.

6. Comprehensive Planning Assistance and Comprehensive Planning Research and Demonstration Programs. Sec. 701, Housing Act of 1954, 40 U.S.C. 461.

7. Counselling Service to Mortgagors and Prospective Mortgagors. Sec. 237(e), National Housing Act, 12 U.S.C. 1715z-2.

8. Federal-State Training and City Planning and Urban Studies Fellowship Programs. Title VIII, Housing Act of 1964, 20 U.S.C. 801-807.

9. Grants for Housing Management Training. Sec. 803, Housing Act of 1964, 83 Stat. 393 (1969), 84 Stat. 1809 (1970), 20 U.S.C. 803.

10. Home Ownership for Lower Income Families. Sec. 235, National Housing Act, 12 U.S.C. 1715z.

11. Housing for Elderly or Handicapped. Sec. 202, Housing Act of 1959, 12 U.S.C. 1701q.

12. Loan and Grant Assistance for Planning Housing Projects in Appalachia, sec. 207, Appalachian Regional Development Act of 1965, as amended, 81 Stat. 257, 40 U.S.C. App. 207.

13. Low-Income Housing Demonstration Grant Program. Sec. 207, Housing Act of 1961, 42 U.S.C. 1436.

14. Low-Rent Public Housing Program (including housing in private accommodations). United States Housing Act of 1937, 42 U.S.C. 1401.

15. Model Cities Program. Title I, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3301.

16. National Flood Insurance Program. Title XIII, Housing and Urban Development Act of 1968, 42 U.S.C. 4001.

17. Neighborhood Facilities Grants. Sec. 703, Housing and Urban Development Act of 1965, 42 U.S.C. 3103.

18. New Communities. Title IV, Housing and Urban Development Act of 1968, 42 U.S.C. 3901.

19. Loans and Grants for New Community Development Programs. Secs. 710 to 729, Housing and Urban Development Act of 1970, 42 U.S.C. 4511.

20. New Technologies in the Development of Housing for Lower Income Families. Sec. 108, Housing and Urban Development Act of 1968, 12 U.S.C. 1701z.

21. Open-Space Land Programs. Title VII, Housing Act of 1961, 42 U.S.C. 1500. Note.

22. Public Facilities Liquidating Programs. See, generally, title II of Independent Offices Appropriation Act of 1955, Public Law 83-428, 12 U.S.C. 1701g-5.

23. Public Facility Loans Program. Title II, Housing Amendments of 1955, 42 U.S.C. 1491-1497 except 1492(a)(2) Assistance for Mass Transportation Facilities and Equipment (transferred to Secretary of Transportation by Reorganization Plan No. 2 of 1968, 33 F.R. 6965).

24. Public Works Acceleration Act Program. Public Works Acceleration Act, 42 U.S.C. 2641.

25. Public Works Planning Advances. Sec. 702, Housing Act of 1954, 40 U.S.C. 462.

26. Rehabilitation Loan Program. Sec. 312, Housing Act of 1964, 42 U.S.C. 1452b.

27. Rent Supplement Program. Sec. 101, Housing and Urban Development Act of 1965, 12 U.S.C. 1701s.

28. Rental and Cooperative Housing for Lower Income Families. Sec. 236, National Housing Act, 12 U.S.C. 1715z-1.

29. Research and Technology. Title V, Housing and Urban Development Act of 1970, 12 U.S.C. 1701z-1—1701z-4.

30. Sale of Surplus Federal Land for Housing, sec. 414, Housing and Urban Development Act of 1969, 40 U.S.C. 484b.

31. Special Assistance Functions. Sec. 305, National Housing Act. 12 U.S.C. 1720, including purchase of below market interest rate mortgages insured by FHA under sec. 221(d)(3). National Housing Act, 12 U.S.C. 1715l(d)(3).

32. Technical Assistance to Contractors or Subcontractors. Sec. 911(b), Housing and Urban Development Act of 1970, 15 U.S.C. 694(a). Note.

33. Urban Information and Technical Assistance Services. Title IX, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3351-3356.

34. Urban Mass Transportation Programs (Research, Development and Demonstration Projects; Grants for Technical Studies; Grants for Research and Training). Secs. 6(a), 9, and 11 of the "Urban Mass Transportation Act of 1964, as amended"; Reorganization Plan No. 2 of 1968, 33 F.R 6965; 49 U.S.C. 1605(a), 1607(a), 1609(c).

35. Urban Renewal Demonstration Grant Program. Sec. 314, Housing Act of 1954, 42 U.S.C. 1452a.

36. Urban Renewal Program (Urban Renewal Projects and Neighborhood Development Programs, Code Enforcement Programs, Demolition Programs, Rehabilitation Grants, Interim Assistance Grants, and Community Renewal Programs). Title I, Housing Act of 1949, 42 U.S.C. 1450.

37. Urban Research and Technology. Title III, Housing Act of 1948, 12 U.S.C. 1701e, 1701f; sec. 602, Housing Act of 1956, 12 U.S.C. 1701d-3; and secs. 1010 and 1011, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3372 and 3373.

38. Water and Sewer Facilities Grants. Sec. 702, Housing and Urban Development Act of 1965, 42 U.S.C. 3102.

[FR. Doc.71–17878 Filed 12-8-71; 8:45 am]

AR_0031

# DEPARTMENT OF JUSTICE

[ 28 CFR Part 42 ]

[Order No. 471–71]

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

I. The following proposed amendments to the Department of Justice regulation implementing title VI of the Civil Rights Act of 1964 are part of a joint effort by the Federal departments and agencies with title VI responsibility to effectuate uniform revision of the existing title VI regulations.

Pursuant to the authority granted by section 602 of title VI, 78 Stat. 252, 42 U.S.C. 2000d–1, it is proposed that the implementing regulation of the Department of Justice (28 CFR, Subpart 42–C) be amended in the manner set forth below.

§ 42.103   [Amended]

1. In § 42.103 *Application of this subpart*, the third sentence is amended by deleting the phrase "(b) any employment practice concerning which the primary purpose of the Federal assistance is not that of providing employment as described in § 42.104(c)" and substituting the following: "(b) Employment practices except to the extent described in § 42.104(c)."

2. Section 42.104 is amended as follows: a. In paragraph (b) by renumbering present subparagraphs (3) and (4) as (4) and (5) respectively and by adding new subparagraphs (3) and (6); b. in paragraph (c) by designating the present provision as subparagraph (1), by adding the following sentence at the end of that provision and by adding the following new subparagraph (2). As amended, § 42.104 reads as follows:

§ 42.104   Discrimination prohibited.

*         *         *         *         *

(b) * * *

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this subpart applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this subpart.

*         *         *         *         *

(6) (i) A recipient may consider race, color, or national origin in administering a program if the purpose of such consideration is to overcome the effect of prior practices or conditions which had the effect of limiting participation by persons of a particular race, color or national origin and to provide equal access to the program.

(ii) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take reasonable steps to overcome the effects of the prior discrimination.

(c) *Employment practices.* (1) * * * The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(2) In regard to Federal financial assistance which does not have providing employment as a primary objective, the provisions of subparagraph (1) of this paragraph apply to the employment practices of the recipient if discrimination on the ground of race, color, or national origin in such employment practices tends, on the ground of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of or to subject them to discrimination under the program receiving Federal financial assistance. In any such case, the provisions of subparagraph (1) of this paragraph shall apply to the extent necessary to assure equality of opportunity to and nondiscriminatory treatment of beneficiaries.

3. Section 42.105(a) is amended by designating the present provision as subparagraph (1), by replacing the second sentence of that provision with the following sentence and by adding the following new subparagraph (2):

§ 42.105   Assurance required.

*         *         *         *         *

(a) *General.* (1) * * * In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, such assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. * * *

(2) In the case of real property, structures or improvements thereon, or interest therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall

agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a condition and right of reverter are appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee.

*         *         *         *         *

§ 42.109   [Amended]

4.a. In § 42.109 *Hearings*, the second sentence in paragraph (a) is amended by deleting the phrase "section 11 of the Administrative Procedure Act" and substituting the following: "5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act)."

b. In § 42.109 *Hearings*, the first sentence in paragraph (d) is amended by deleting the phrase "sections 5 through 8 of the Administrative Procedure Act (5 U.S.C. 1004 through 1007)" and substituting the following: "5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act)."

5. Section 42.110 is amended by adding new paragraph (g) as follows:

§ 42.110   Decisions and notices.

*         *         *         *         *

(g) *Post-termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this subpart and provides reasonable assurance that it will fully comply with this subpart.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Department official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Department official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

AR_0032

## PROPOSED RULE MAKING

§ 42.112 [Amended]

6. Section 42.112 *Effect on other regulations; forms and instructions,* is amended as follows: a. In paragraph (a) by deleting the phrase "part or of any" and substituting the following: "part, of Executive Order 10925, 11114 or 11246, or of any.";

b. In paragraph (c) by deleting "§ 42.110(d)" in the first sentence and substituting "§ 42.110(e)" and by adding at the end the following sentence.: "Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Attorney General."

II. The appendix to the Department of Justice regulations implementing title VI of the Civil Rights Act of 1964 is hereby amended to read as follows:

APPENDIX A—ASSISTANCE ADMINISTERED BY THE DEPARTMENT OF JUSTICE TO WHICH THIS SUBPART APPLIES

1. Assistance provided by the Law Enforcement Assistance Administration pursuant to the Law Enforcement Assistance Act of 1965, and title I of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Omnibus Crime Control Act of 1970, 42 U.S.C. 3711–3781.

2. Assistance provided by the Federal Bureau of Investigation through its National Academy and law enforcement training activities pursuant to title I of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Omnibus Crime Control Act of 1970, 42 U.S.C. 3744.

3. Assistance provided by the Bureau of Narcotics and Dangerous Drugs pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. 872.

Dated: December 1, 1971.

JOHN N. MITCHELL,
*Attorney General.*

[FR Doc.71–17879 Filed 12–8–71; 8:46 am]

# DEPARTMENT OF LABOR

Office of the Secretary

[ 29 CFR Part 31 ]

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

Pursuant to the authority contained in section 602 of title VI of the Civil Rights Act of 1964 (Public Law 88–352, 78 Stat. 241), it is proposed that Part 31 of Title 29 of the Code of Federal Regulations be amended.

Part 31 will be amended to reflect current statutory citations and to add several paragraphs. These amendments incorporate uniform revisions being jointly adopted by Federal agencies, as well as a new provision (§ 31.3(d)) pertaining to employment practices, to put into effect clarifications to the regulations enacted pursuant to title VI of the Civil Rights Act of 1964. In addition, these amendments reflect other minor

changes, such as the deletion of obsolete statutory references and the substitution of new statutory references.

1. Section 31.3 is amended as follows: Subparagraph (3) of paragraph (b) is redesignated subparagraph (4), subparagraph (4) of paragraph (b) is redesignated subparagraph (5), a new subparagraph (3) is added to subparagraph (b), paragraph (c) is deleted, and new paragraphs (c), (d), and (e) are added. As amended, § 31.3 reads as follows:

§ 31.3.   General standards.

\*      \*      \*      \*      \*

(b) \* \* \*

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

(4) As used in this section the services, financial aid, or other benefit provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(c) *Overcoming the effects of past discrimination.* (1) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practices or usage, and to accomplish the purposes of the Act.

(2) The following will illustrate the application of the provisions of the foregoing paragraph to programs for which Federal financial assistance is furnished by this Department:

(i) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 31.7 (d) to provide information as to the availability of the program or activity, and the rights of beneficiaries under this

regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(ii) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups not then being adequately served. For example, where an employment service office is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

(d) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program to which this regulation applies is to provide employment, such as those programs described in § 31.5, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program including recruitment, examination, appointment, training, promotion, retention or any other personnel action.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the ground of race, color or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of the foregoing paragraph shall apply to the employment practices of the recipient to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries. Accordingly, the employment practices of recipients under programs enumerated in §§ 31.4 and 31.6 are subject to the provisions of this paragraph (d) to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, the beneficiaries of the Federal financial assistance.

(3) The requirements applicable to construction employment under any program for which Federal financial assistance is furnished by this Department shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

AR_0033

PROPOSED RULE MAKING

(e) *Application of standards.* The application of the foregoing standards to programs for which Federal financial assistance is furnished by this Department is set forth in §§ 31.4–31.6. Nothing contained in those sections limits the general application of this § 31.3.

2. Section 31.5 is amended as follows: Paragraphs (a) and (b) are amended, and a new paragraph (c) is added. As amended, § 31.5 reads as follows:

§ 31.5 Manpower Development and Training Act, work-incentive under Social Security Act, work-training under Economic Opportunity Act and other Government-sponsored training.

In the administration of the Manpower Development and Training Act, title IV of the Social Security Act, as amended, title I, parts B and D, of the Economic Opportunity Act, and any other training sponsored by the Department of Labor:

(a) Any contract, subcontract, agreement or arrangement with a recipient of Federal financial assistance which provides for the registration, counseling, testing, guidance, selection or referral to training or employment of any individual shall contain an assurance and provide that such service shall be furnished without discrimination because of race, color, or national origin and that violation shall constitute grounds for termination of the contract, subcontract, agreement or arrangement and shall include provisions which give the United States a right to seek its judicial enforcement.

(b) Any such contract, subcontract, agreement or arrangement providing for training or employment shall also contain an assurance and provide that the recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to any such trainee while receiving training or employment thereunder, shall be without regard to race, color, or national origin, and that violation shall constitute grounds for termination of the contract, subcontract, agreement or arrangement and shall include provisions which give the United States a right to seek its judicial enforcement.

(c) (1) In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the contract, subcontract, agreement or arrangement.

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired with Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the Secretary, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event, if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Secretary may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumberance remains effective.

3. Section 31.6 is amended as follows: The heading is revised and the first sentence of § 31.6 is revised. As amended, § 31.6 reads as follows:

§ 31.6 State and Federal unemployment insurance programs; allowances under trade readjustment assistance program, Manpower Development and Training Act and Social Security Act.

In the administration of the Federal and State unemployment insurance programs, and in the payment of allowances under the Trade Expansion Act, the Manpower Development and Training Act and the Social Security Act, as amended, by a recipient of Federal financial assistance:

(a) The filing for, adjudication and payment of benefits, establishment and maintenance of physical facilities and other application of the laws shall be without regard to race, color or national origin.

4. In § 31.10, paragraph (b) and paragraph (d) (1) are revised to read as follows:

§ 31.10 Hearings.

* * * * *

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Department in Washington, D.C., at a time fixed by the Secretary unless he determines that the convenience of the applicant or recipient or of the Department requires that another place be selected. Hearings shall be held before the Secretary or before a hearing examiner designated in accordance with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

* * * * *

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

5. Section 31.11 is amended to add a new paragraph (f) to read as follows:

§ 31.11 Decisions and notices.

* * * * *

(f) *Post-termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (c) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (c) of this section may at any time request the Secretary to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the Secretary determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Secretary denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes the Secretary to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the Secretary. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order

AR_0034

PROPOSED RULE MAKING

issued under paragraph (e) of this section shall remain in effect.

6. Section 31.13 is amended as follows: Paragraph (a) is amended, paragraph (b) is renumbered (b)(1) and a new paragraph (b)(2) is added. As amended, § 31.13 reads as follows:

§ 31.13  Effect on other regulations; supervision and coordination.

(a) *Effect on other regulations.* All regulations, orders or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof) : (1) Executive Orders 10925, 11114 and 11246 and regulations issued thereunder, (2) The "Standards for a Merit System of Personnel Administration," issued jointly by the Secretaries of Defense, of Health, Education, and Welfare, and of Labor, 23 F.R. 734, or (3) any other regulation or instruction insofar as it prohibits discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibits discrimination on any other ground.

(b) *Supervision and coordination.* (1) The Secretary may from time to time assign to officials of other departments or agencies of the Government (with the consent of such department or agency) responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 31.11), including the achievement of effective coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations.

(2) Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Secretary.

(Sec. 602, 42 U.S.C. 2000d; 42 U.S.C. 501; 29 U.S.C. 49k; and 5 U.S.C. 301)

Signed at Washington, D.C., this 12th day of March 1971.

JAMES D. HODGSON,
*Secretary of Labor.*

[FR Doc.71–17880 Filed 12–8–71; 8:46 am]

# DEPARTMENT OF DEFENSE

## Office of the Secretary

[ 32 CFR Part 300 ]

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

The following proposed reissuance is being made of this part in accordance with uniform regulation amendments being jointly adopted by Federal departments and agencies to clarify their regulations enacted pursuant to title VI of the Civil Rights Act of 1964. One nonuniform change is also being made: The addition of a subpart dealing with nondiscrimination in elementary and secondary schools. Such a subpart was included in the original title VI regulations of other departments and agencies.

§ 300.1  Purpose.

The purpose of this part is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred as the "Act") to the end that no person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from any component of the Department of Defense.

§ 300.2  Definitions.

(a) "Component" means the Office of the Secretary of Defense, a military department or a Defense agency.

(b) "Responsible Department official" means the Secretary of Defense or other official of the Department of Defense or component thereof who by law or by delegation has the principal responsibility within the Department or component for the administration of the law extending such assistance.

(c) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(d) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(e) The term "program" includes any program, project, or activity for the pro-

vision of services, financial aid, or other benefits to individuals, or for the provision of facilities for furnishing services, financial aid or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(f) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(g) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization, or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assign, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(h) The term "primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(i) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible Department official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term "application" means such an application, request or plan.

§ 300.3  Application.

This part applies to any program for which Federal financial assistance is authorized under a law administered by any component of the Department of Defense, including the federally assisted programs and activities listed in Appendix A of this part. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of this part pursuant to approval prior to such effective date. This part does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended under any such program before the effective date of this part, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any

AR_0035

such program, of any employer, employment agency, or labor organization, except as noted in § 300.4(b) (4). The fact that a program or activity is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

§ 300.4  Policy.

(a) *General.* No person in the United States shall, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this part applies.

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny an individual any service, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) In determining the site or location of facilities, make selections with the purpose of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part;

(iv) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(v) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(vi) Treat an individual differently from others in determining whether he satisfies an admission, enrollment, quota, eligibility, membership, or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vii) Be prohibited from considering race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies the ap-

plicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act;

(viii) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program.

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin.

(3) As used in this section the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(4) Where a primary objective of the Federal financial assistance is not to provide employment, but nevertheless discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to this part tends, on the grounds of race, color, or national origin of the intended beneficiaries, to exclude intended beneficiaries from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, the recipient or other persons subject to this part are prohibited from (directly or through contractual or other arrangements) subjecting an individual to discrimination on the grounds of race, color, or national origin in its employment, practices under such program (including recruitment or recruitment advertising; employment, layoff or termination; upgrading, demotion or transfer; rates of pay or other forms of compensation; and use of facilities), to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of the beneficiaries.

(5) The enumeration of specific forms of prohibited discrimination in this subsection does not limit the generality of the prohibition in paragraph (a) of this section.

§ 300.5  Responsibilities.

(a) The Assistant Secretary of Defense (Manpower and Reserve Affairs) shall be responsible for insuring that the policies of this part are effectuated

throughout the Department of Defense. He may review from time to time as he deems necessary the implementation of these policies by the components of the Department of Defense.

(b) The Secretary of each Military Department is responsible for implementing this part with respect to programs and activities receiving financial assistance from his Military Department; and the Assistant Secretary of Defense (Manpower and Reserve Affairs) is responsible for similarly implementing this part with respect to all other components of the Department of Defense. Each may designate official(s) to fulfill this responsibility in accordance with § 300.2(b).

(c) The Assistant Secretary of Defense (Manpower and Reserve Affairs) or, after consultation with the Assistant Secretary of Defense (Manpower and Reserve Affairs), the Secretary of each Military Department or other responsible Department official designated by the Assistant Secretary of Defense (Manpower and Reserve Affairs) may assign to officials of other departments or agencies of the Government, with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 300.11, including the achievement of effective coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or Agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by the responsible official of this agency.

§ 300.6  Assurances required.

(a) *General.* (1) (i) Every application for Federal financial assistance to carry out a program to which this part applies, except a program to which paragraph (b) of this section applies and every application for Federal financial assistance to provide a facility shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part.

(ii) In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property or structures are used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the

AR_0036

23478

## PROPOSED RULE MAKING

assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. In any case in which Federal financial assistance is extended without an application having been made, such extension shall be subject to the same assurances as if an application had been made. The responsible Department official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In the event a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing facilities on such property for the purposes for which the property was transferred, the responsible Department official may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective. In programs receiving Federal financial assistance in the form, or for the acquisition of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving such assistance, the nondiscrimination requirements of

this part shall extend to any facility located wholly or in part in such space.

(3) The assurance required in the case of a transfer of surplus personal property shall be inserted in a written agreement by and between the Department of Defense component concerned and the recipient.

(b) *Continuing State programs.* Every application by a State agency to carry out a program involving continuing Federal financial assistance to which this part applies shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible Department official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part. In cases of continuing State programs in which applications are not made, the extension of Federal financial assistance shall be subject to the same conditions under this subsection as if applications had been made.

(c) *Assurances from institutions.* (1) In the case of Federal financial assistance to an institution of higher education, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required with respect to an institution of higher education, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the responsible Department official, that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participate in such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

(d) *Elementary and secondary schools.* The requirement of paragraph (a), (b), or (c) of this section, with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future

modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part, and provides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the said Department officer may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purpose of the Act or this part within the earliest practicable time. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of said order.

§ 300.7  Compliance information.

(a) *Cooperation and assistance.* Each responsible Department official shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Department official timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the responsible Department official may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations imposed pursuant to this part.

(c) *Access to sources of information.* Each recipient shall permit access by the responsible Department official during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other institution or person and this institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Department

AR_0037

PROPOSED RULE MAKING

23479

official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

§ 300.8  Conduct of investigations.

(a) *Periodic compliance reviews.* The responsible Department official or his designee(s) shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Department official a written complaint. A complaint must be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Department official.

(c) *Investigations.* The responsible Department official will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination of whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the responsible Department official will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided in § 300.9.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the responsible Department official will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The identity of complainants shall not be disclosed except when necessary to carry out the purposes of this part, including the conduct of any investigation, hearing or judicial proceeding arising thereunder.

§ 300.9  Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law as determined by the responsible Department official. Such other means may include, but are not limited to (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) applicable proceedings under State or local law.

(b) *Noncompliance with § 300.6.* If an applicant fails or refuses to furnish an assurance required under § 300.6 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The component of the Department of Defense concerned shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such paragraph except that the component shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application therefor approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* Except as provided in paragraph (b) of this section no order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Department official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means; (2) there has been an express finding, after opportunity for a hearing (as provided in § 300.10), of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part; (3) the action has been approved by the Secretary of Defense pursuant to § 300.11; and (4) the expiration of 30 days after the Secretary of Defense has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to affect compliance by any other means authorized by law shall be taken until (1) the responsible Department official has determined that compliance cannot be secured by voluntary means, (2) the action has been approved by the Assistant Secretary of Defense (Manpower and Reserve Affairs), (3) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (4) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 300.10  Hearings.

(a) *Opportunity for a hearing.* Whenever an opportunity for a hearing is required by § 300.11, reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Department official that the matter be scheduled for hearing, or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of hearing. An applicant or recipient may waive a hearing and submit written information and argument. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 300.11(g) of this part and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the responsible component of the Department of Defense in Washington, D.C. at a time fixed by the responsible Department official unless he determines that the convenience of the applicant or recipient or of the component requires that another place be selected. Hearings shall be held before the responsible Department official or, at his discretion, before a hearing examiner designated by him.

(c) *Hearing examiner.* The examiner shall be a field grade officer or civilian employee above the grade of GS–12 (or the equivalent) who shall be a person admitted to practice law before a Federal court or the highest court of a State.

(d) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the responsible component of the Department shall have the right to be represented by counsel.

(e) *Procedures.* (1) The recipient shall receive an open hearing at which he or his counsel may examine any witnesses present. Both the responsible Department official and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in

AR_0038

23480    PROPOSED RULE MAKING

the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(f) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Assistant Secretary of Defense (Manpower and Reserve Affairs), the Secretary of a Military Department, or other responsible Department official designated by the Assistant Secretary of Defense (Manpower and Reserve Affairs) after consultation with the Assistant Secretary of Defense (Manpower and Reserve Affairs) may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of appropriate procedures not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 300.11.

§ 300.11    Decisions and notices.

(a) *Decision by person other than the responsible department official.* If the hearing is held by a hearing examiner such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Department official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible Department official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Department official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible Department

official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Department official.

(b) *Decisions on record or review by the responsible department official.* Whenever a record is certified to the responsible Department official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section or whenever the responsible Department official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Department official shall be given in writing to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 300.10(a) a decision shall be made by the responsible Department official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible Department official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by the Secretary of Defense.* Any final decision of a responsible Department official which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Secretary of Defense, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Contents of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the responsible department official that it will fully comply with this part.

(g) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal finan-

cial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Department official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Department official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Department official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this subsection are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 300.12    Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 300.13    Effect on other issuances.

(a) All issuances heretofore issued by any officer of the Department of Defense or its components which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part.

(b) Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Orders 10925, 11114, and 11246 and issuances thereunder, (2) the "Standards for a Merit System of Personnel Administration," issued jointly by the Secretaries of Defense, of Health, Education, and Welfare, and of Labor, 28 F.R. 734, or (3) Executive Order 11063 and issuances thereunder, or any other issuances, insofar as

AR_0039

PROPOSED RULE MAKING

22481

such order or issuances prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

§ 300.14  Implementation.

The Secretary of each Military Department shall submit regulations implementing this part to the Assistant Secretary of Defense (Manpower and Reserve Affairs).

(Public Law 88-352; Civil Rights Act, 1964; 78 Stat. 241, July 2, 1964)

DAVID PACKARD,
*Deputy Secretary of Defense.*

MAY 27, 1971.

APPENDIX A

FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

1. The Army and Air National Guard (Title 32, United States Code).

2. Various programs involving loan or other disposition of surplus property (various general and specialized statutory provisions including: 40 U.S.C. 483, 484, 512; 49 U.S.C. 1101-1119; 10 U.S.C. 2541, 2542, 2543, 2572, 2662, 7308, 7541, 7542, 7545, 7546, 7547).

3. National Program for Promotion of Rifle Practice (10 U.S.C 4307 and annual Department of Defense Appropriation Act).

4. National Defense Cadet Corps Program (10 U.S.C. 3540(b), 4651).

5. Office of Civil Defense assistance to programs of adult education in civil defense subjects (50 U.S.C. App. 2281 (e), (f)).

6. Office of Civil Defense radiological instruments grants (50 U.S.C. App. 2281(h)).

7. Office of Civil Defense program (with Public Health Service) for development of instructional materials on medical self-help (50 U.S.C. App. 2281 (e), (f)).

8. Office of Civil Defense university extension programs for civil defense instructor training (50 U.S.C. App. 2281(e)).

9. Office of Civil Defense programs for survival supplies and equipment, survival training, emergency operating center construction, and personnel and administrative expenses (50 U.S.C. App. 2281(i), 2285).

10. Office of Civil Defense Shelter Provisioning Program (50 U.S.C. App. 2281(h)).

11. Office of Civil Defense assistance to students attending Office of Civil Defense schools (50 U.S.C. App. 2281(e)).

12. Office of Civil Defense loans of equipment or materials from OCD stockpiles for civil defense, including local disaster purposes (50 U.S.C. App. 2281).

13. Navy Science Cruiser Program (See Nav Instruction 5720.19A).

14. Civil Air Patrol (10 U.S.C. 9441).

15. Research grants made under the authority of Public Law 85-934 (42 U.S.C. 1892).

16. Contracts with nonprofit institutions of higher education or with nonprofit organizations whose primary purpose is the conduct of scientific research, wherein title to equipment purchased with funds under such contracts may be vested in such institutions or organizations under the authority of Public Law 85-934 (42 U.S.C. 1891).

17. Army Corps of Engineers participation in cooperative investigations and studies concerning erosion of shores of coastal and lake waters (33 U.S.C. 426).

18. Army Corps of Engineers assistance in the construction of works for the restoration and protection of shores and beaches (33 U.S.C. 426 e-h).

19. Public park and recreational facilities at water resource development projects under the administrative jurisdiction of the Department of the Army (16 U.S.C. 4601 and Federal Water Project Recreation Act, Public Law 89-722, 79 Stat. 213, July 9, 1965).

20. Payment to States of proceeds of lands acquired by the United States for flood control, navigation, and allied purposes (33 U.S.C. 701-c-3).

21. Grants of easements without consideration, or at a nominal or reduced consideration, on lands under the control of the Department of the Army at water resource development projects. (33 U.S.C. 558c and 708 d-1; 10 U.S.C. 2668 and 2669; 43 U.S.C. 961; 40 U.S.C. 319.)

22. Army Corps of Engineers assistance in the construction of small boat harbor projects (33 U.S.C. 540 and 577, and 47 Stat. 42, Feb. 10, 1932).

[FR Doc.71-17881 Filed 12-8-71;8:46 am]

# OFFICE OF EMERGENCY PREPAREDNESS

[ 32 CFR Part 1704 ]

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

Pursuant to and in conformity with section 602, 78 Stat. 252, Public Law 81-875; 42 U.S.C. 1855-1855g; Public Law 89-769 and Public Law 91-79, it is proposed that Title 32 be amended by adding a new Part 1704. For purposes of codification, all OEP regulations will eventually be placed under a single title in the Code of Federal Regulations. At present the OEP has regulations appearing in Title 32 and Title 32A of the Code of Federal Regulations. This new Part 1704 supersedes OEP Regulation 5 in Title 32A.

This reprint includes uniform revisions being jointly adopted by the Federal departments and agencies to put into effect clarifications to the regulations enacted pursuant to title VI of the Civil Rights Act of 1964. In revising these regulations all references to the "Interim Emergency Management of Resources Program" have been deleted because title VI no longer has any application to that program.

| Sec. | |
|---|---|
| 1704.1 | Purpose. |
| 1704.2 | Definitions. |
| 1704.3 | Application of this part. |
| 1704.4 | Further application of this part. |
| 1704.5 | Specific discriminatory actions prohibited. |
| 1704.6 | Life, health, and safety. |
| 1704.7 | Assurances required. |
| 1704.8 | Elementary and secondary schools. |
| 1704.9 | Assurances from institutions. |
| 1704.10 | Compliance information. |
| 1704.11 | Conduct of investigations. |
| 1704.12 | Procedure for effecting compliance. |
| 1704.13 | Hearings. |
| 1704.14 | Decisions and notices. |
| 1704.15 | Judicial review. |
| 1704.16 | Effect on other regulations; forms and instructions. |

AUTHORITY: The provisions of this Part 1704 issued under sec. 602, 78 Stat. 252, Public Law 81-875; 42 U.S.C. 1855-1855g; Public Law 89-769 and Public Law 91-79.

§ 1704.1  Purpose.

The purpose of this part is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the Office of Emergency Preparedness.

§ 1704.2  Definitions.

As used in this part—

(a) The term "responsible agency official" with respect to any program receiving Federal financial assistance means the Director of the Office of Emergency Preparedness or other official of the agency who by law or by delegation has the principal responsibility within the agency for the administration of the law extending such assistance.

(b) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(c) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(d) The term "program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals (including education or training, health, welfare, rehabilitation, housing, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities and cash or loan or other assistance to individuals, or for the provision of facilities for furnishing services, financial aid or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which

AR_0040

23482

## PROPOSED RULE MAKING

must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(e) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(f) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(g) The term "primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(h) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible agency official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term "application" means such an application, request, or plan.

### § 1704.3  Application of this part.

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination by those receiving assistance under the "Federal Disaster Assistance" program (Public Law 81–875; 42 U.S.C. 1855–1855g; Public Law 89–769 and Public Law 91–79).

### § 1704.4  Further application of this part.

Other programs under statutes hereafter enacted may be covered by this part. This part applies to any program for which Federal financial assistance is authorized under a law administered by the Office of Emergency Preparedness. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of this part pursuant to an application approved prior to such effective date. This part does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended under any such program before the effective date of this part, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under such program, of any employer, employment agency, or labor organiza-

tion, except to the extent described in § 1704.5.

### § 1704.5  Specific discriminatory actions prohibited.

(a) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on ground of race, color, or national origin:

(1) Deny any individual any service, financial aid, or other benefit provided under the program;

(2) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(3) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(4) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(5) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(6) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program.

(b) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin.

(c) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(d) As used in this section the services, financial aid, or other benefits pro-

vided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(e) The enumeration of specific forms of prohibited discrimination in this section does not limit the generality of the prohibition in § 1704.4.

(f) This part does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

### § 1704.6  Life, health, and safety.

Notwithstanding the provisions of § 1704.5, a recipient of Federal financial assistance shall not be deemed to have failed to comply with § 1704.3, if immediate provision of a service or other benefit to an individual is necessary to prevent his death or serious impairment of his health or safety.

### § 1704.7  Assurances required.

Every application for Federal financial assistance to carry out a program to which this part applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted in compliance with all requirements imposed by or pursuant to this part. In the case of an application for Federal financial assistance to provide real property or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the real property or structures are used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. In the case of personal property the assurance shall obligate the recipient for the period during which he retains ownership or possession of the property. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. The responsible agency official shall specify the form of the foregoing assurances for each program, and

AR_0041

PROPOSED RULE MAKING

23483

the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

§ 1704.8  Elementary and secondary schools.

The requirements of § 1704.7 with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (a) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (b) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purpose of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plans; in any case of continuing Federal financial assistance the responsible agency official may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case to which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

§ 1704.9  Assurances from institutions.

(a) In the case of any application for Federal financial assistance to an institution of higher education, the assurance required by § 1704.7 shall extend to admission practices and to all other practices relating to the treatment of students.

(b) The assurances required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institutions or to the opportunity to participate in the provision of services or other benefits to such individuals; shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the Director of the Office of Emergency Preparedness that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

§ 1704.10  Compliance information.

(a) Cooperation and assistance. The responsible official in the Office of Emergency Preparedness shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) Compliance reports. Each recipient shall keep such records and submit to the responsible agency official or his designee timely, complete, and accurate compliance reports at such times, and in such form and containing such information, as the responsible agency official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) Access to sources of information. Each recipient shall permit access by the responsible agency official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) Information to beneficiaries and participants. Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible agency official finds necessary to apprise such persons of the protection against discrimination assured them by the Act and this part.

§ 1704.11  Conduct of investigations.

(a) Periodic compliance reviews. The responsible agency official or his designee shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) Complaints. Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the National Office or any Regional Office of the Office of Emergency Preparedness a written complaint. A complaint must be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible agency official or his designee.

(c) Investigations. The responsible agency official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) Resolution of matters. (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the responsible agency official or his designee will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1704.12.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph the responsible agency official or his designee will so inform the recipient and the complainant, if any, in writing.

(e) Intimidatory or retaliatory acts prohibited. No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 1704.12  Procedure for effecting compliance.

(a) General. If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) Noncompliance with § 1704.7. If an applicant fails or refuses to furnish an assurance required under § 1704.7 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this sec-

AR_0042

23484

## PROPOSED RULE MAKING

tion. The agency shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such subsection except that the agency shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application thereof approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible agency official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the Director of the Office of Emergency Preparedness pursuant to § 1704.14, and (4) the expiration of 30 days after the Director has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible agency official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

### § 1704.13  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1704.12(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may re-

quest of the responsible agency official that the matter be scheduled for hearing or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this subsection or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 1704.12(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the National Office of the Office of Emergency Preparedness in Washington, D.C., at a time fixed by the responsible agency official unless he determines that the convenience of the applicant or recipient or of the agency requires that another place be selected. Hearings shall be held before the responsible agency official or, at his discretion, before a hearing examiner designated in accordance with section 11 of the Administrative Procedures Act.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the agency shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedures Act), and in accordance with such rules of procedures as are proper and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the agency and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions

shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Director of the Office of Emergency Preparedness may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedures not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 1704.14.

### § 1704.14  Decisions and notices.

(a) *Decision by person other than the responsible agency official.* If the hearing is held by a hearing examiner such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible agency official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible agency official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible agency official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible agency official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible agency official.

(b) *Decisions on record or review by the responsible agency official.* Whenever a record is certified to the responsible agency official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever he conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of his final decision shall be given in writing to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 1704.13(a) a decision shall be made by the responsible agency official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible agency

AR_0043

PROPOSED RULE MAKING

23485

official shall set forth his rulings on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Director.* Any final decision of a responsible agency official (other than the Director of the agency) which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Director of the Office of Emergency Preparedness who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the Director of the Office of Emergency Preparedness that it will fully comply with this part.

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part. An elementary or secondary school or school system which is unable to file an assurance of compliance with § 1704.5 shall be restored to full eligibility to receive Federal financial assistance, if it files a court order or a plan for desegregation which meets the requirements of § 1704.8, and provides reasonable assurance that it will comply with this court order or plan.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section above may at any time request the responsible agency official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible agency official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible agency official denies any such request, the applicant or recipient may submit a request for

a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible agency official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 1704.15  Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1704.16  Effect on other regulations; forms and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by any officer of the Office of Emergency Preparedness which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin, under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede Executive Orders 10925, 11114, and 11246 (including future amendments thereof and regulations issued thereunder, or any other regulations or instructions, insofar as such regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* Each responsible agency official shall issue and promptly make available to interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* (1) The Director of the Office of Emergency Preparedness may from time to time assign to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purpose of title VI of the Act and this part (other than responsibility for final decision as provided in § 1704.14), including the achievement of effective coordination and maximum uniformity within the agency and within the executive branch of the Government in the application of title VI and this

part to similar programs and in similar situations.

(2) Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this agency.

This Part 1704 supersedes OEP Reg. 5 which was published in the FEDERAL REGISTER on January 9, 1965 (30 F.R. 321). OEP Reg. 5 is hereby revoked.

Dated: October 8, 1970.

G. A. LINCOLN,
*Director,*
*Office of Emergency Preparedness.*

[FR Doc.71-17832 Filed 12-8-71;8:46 am]

# VETERANS ADMINISTRATION

[ 38 CFR Part 18 ]

NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

Notice of Proposed Rule Making

Pursuant to recommendations of the Interagency Committee for Uniform Title VI Regulation Amendments for the purpose of putting into effect clarifications to the regulations enacted pursuant to title VI of the Civil Rights Act of 1964, it is proposed that Part 18, Chapter I of Title 38, Code of Federal Regulations—Nondiscrimination in Federally Assisted Programs of the Veterans Administration—Effectuation of title VI of the Civil Rights Act of 1964, as amended.

The amendments are as follows:

1. Section 18.2 is revised to read as follows:

§ 18.2  Application of this part.

This part applies to any program for which Federal financial assistance is authorized under a law administered by the Veterans Administration, including the federally assisted programs and activities listed in Appendix A to this part. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of this part pursuant to an application approved prior to such effective date. This part does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended under any such program before the effective date of this part, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 18.3. The fact that a program or activity is not listed in Appendix A to this part shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under

AR_0044

statutes now in force or hereinafter enacted may be added to Appendix A to this part by notice published in the FEDERAL REGISTER.

2. In § 18.3, paragraph (b) is amended to read as follows:

§ 18.3   Discrimination prohibited.

*     *     *     *     *

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on grounds of race, color, or national origin:

(i) Deny an individual any service, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(v) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under this program;

(vi) Deny a person an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program.

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program with respect to individuals of a particular race, color, or national origin.

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) As used in this section the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(6) This section does not prohibit the consideration of race, color or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in the program or activity receiving Federal financial assistance, on the grounds of race, color or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this section applies, the recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

*     *     *     *     *

3. In § 18.4, paragraphs (a) and (b) are amended and paragraph (c) is added so that the added and amended material reads as follows:

§ 18.4   Assurances required.

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies, except a program to which paragraph (b) of this section applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. Every program of Federal financial assistance shall require the submission of such an assurance. In the case of an application for Federal financial assistance to provide real property or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the real property or structures are used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. In the case of personal property the assurance shall obligate the recipient for the period during which he retains ownership or possession of the property. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. The

responsible agency official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) Transfers of surplus property are subject to regulations issued by the Administrator of General Services (41 CFR Subpart 101–6.2).

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies (including the programs listed in Appendix A to this part) shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible agency official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part. In any case in which the recipient is claiming financial assistance under a continuing program pursuant to arrangements entered into prior to the effective date of this part, the assurances provided by this paragraph shall be included in the first application or claim for assistance on or after the effective date of this part.

(c) *Elementary and secondary schools.* The requirements of paragraph (a) or (b) of this section with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible agency official determines is adequate to accomplish the purposes of the Act and this part, at the earliest practicable time, and provides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the responsible agency official may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

AR_0045

## PROPOSED RULE MAKING

23487

§ 18.5  [Revoked]

4. Section 18.5 is revoked. See Appendix B of this part.

5. In § 18.8, paragraph (d) is amended to read as follows:

§ 18.8  Procedure for effecting compliance.

*     *     *     *     *

(d) *Other means authorized by law.* No action to effect compliance with title VI of the Act by any other means authorized by law shall be taken by the Veterans Administration until (1) the responsible agency official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

6. In § 18.9, paragraphs (b) and (d) (1) are amended to read as follows:

§ 18.9  Hearings.

*     *     *     *     *

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Veterans Administration in Washington, D.C., at a time fixed by the responsible agency official unless he determines that the convenience of the applicant or recipient or of the Veterans Administration requires that another place be selected. Hearings shall be held before the responsible agency official or, at his discretion, before a hearing examiner appointed in accordance with section 3105 of title 5, United States Code, or detailed under section 3344 of title 5, United States Code.

*     *     *     *     *

(d) *Procedures, evidence, and record.* (1) The hearing, decision and any administrative review thereof shall be conducted in conformity with the procedures contained in 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act) and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Veterans Administration and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

*     *     *     *     *

7. In § 18.10, paragraphs (a), (b), (c), (d), and (e) are amended and paragraph (g) is added so that the amended and added material reads as follows:

§ 18.10  Decisions and notices.

(a) *Procedure on decisions by hearing examiner.* If the hearing is held by a hearing examiner, such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible agency official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible agency official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible agency official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible agency official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible agency official.

(b) *Decisions on record or review by the responsible agency official.* Whenever a record is certified to the responsible agency official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible agency official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a written copy of the final decision of the responsible agency official shall be sent to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 18.9(a) a decision shall be made by the responsible agency official on the record and a written copy of such decision shall be sent to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing examiner or responsible agency official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Administrator.* Any final decision by a hearing examiner which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Administrator personally, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

*     *     *     *     *

(g) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal finan-cial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this section and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible agency official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible agency official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible agency official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible agency official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

8. In § 18.12, paragraphs (a) and (c) are amended to read as follows:

§ 18.12  Effect on other regulations, forms, and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions issued before the effective date of this part by any officer of the Veterans Administration which impose requirements designed to prohibit any discrimination against individuals on the grounds of race, color, or national origin under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Orders 10925 (3 CFR, 1959–1963 Comp., p. 448), 11114 (3 CFR, 1959–1963, p. 774), and 11246 (3 CFR, 1965 Supp., p. 167) and regulations issued thereunder, or (2) Executive Order 11063 (3 CFR, 1959–1963 Comp., p. 652) and regulations issued thereunder, or any other

AR_0046

23488      **PROPOSED RULE MAKING**

orders, regulations, or instructions, inso-far as such orders, regulations, or in-structions prohibit discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrim-ination on any other ground.

    \*     \*     \*     \*     \*

    (c) *Supervision and coordination.* The Administrator may from time to time assign to officials of the Veterans Admin-istration or to officials of other depart-ments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 18.10) including the achievement of effective coordination and maximum uniformity within the Veterans Administration and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar sit-uations. Any action taken, determination made, or requirement imposed by an of-ficial of another department or agency acting pursuant to an assignment of re-sponsibility under this paragraph shall have the same effect as though such action has been taken by the responsible official of this Agency.

    9. In § 18.13, paragraphs (c), (f), and (h) are amended and paragraph (i) is added so that the amended and added material reads as follows:

**§ 18.13   Definitions.**

    As used in this part—

    \*     \*     \*     \*     \*

    (c) The term "responsible agency of-ficial" with respect to any program re-ceiving Federal financial assistance means the Administrator or other official of the Veterans Administration or an of-ficial of another department or agency to the extent the Administrator has dele-gated his authority to such official.

    (f) The term "program," except those specifically excluded in § 18.2, includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals conducted under a law administered by the Vet-erans' Administration, including but not limited to the programs and ac-tivities listed in Appendix A to this part. The services, financial aid, or other benefits provided under a pro-gram receiving Federal financial as-sistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal finan-cial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other condi-tions which must be met in order to re-ceive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through

a facility provided with the aid of Fed-eral financial assistance or such non-Federal resources.

    \*     \*     \*     \*     \*

    (h) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or polit-ical subdivision, any public or private agency, institution, or organization, or other entity, or any individual, in the United States, to whom Federal financial assistance is extended, directly or through another recipient, for any pro-gram, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

    (i) The term "applicant" means a per-son who submits an application, request, or plan required to be approved by the Administrator, or by a recipient, as a condition to eligibility for Federal finan-cial assistance, and "application" means such an application, request, or plan.

    10. Appendix B (formerly § 18.5) is added to read as follows:

    APPENDIX B

    ILLUSTRATIVE APPLICATIONS

    The following examples, without being ex-haustive, will illustrate the application of the nondiscrimination provisions to certain grants of the Veterans Administration. (In all cases the discrimination prohibited is dis-crimination on the grounds of race, color, or national origin prohibited by title VI of the Act and this part, as a condition of the re-ceipt of Federal financial assistance.)

    (a) In grants which support the provision of health or welfare services for veterans in State homes, discrimination in the selection or eligibility of individuals to receive the services, and segregation or other discrimina-tory practices in the manner of providing them, are prohibited. This prohibition ex-tends to all facilities and services provided by the State as grantee under the program or by a political subdivision of the State. It ex-tends also to services purchased or otherwise obtained by the grantee (or political subdi-vision) from hospitals, nursing homes, schools, and similar institutions for benefi-ciaries of the program, and to the facilities in which such services are provided, subject, however, to the provisions of § 18.3(c).

    (b) In grants to assist in the construction of facilities for the provision of health or welfare services assurances will be required that services will be provided without dis-crimination, to the same extent that discrim-ination would be prohibited as a condition of Federal operating grants for the support of such services. Thus, as a condition of grants for the construction of a State home for furnishing nursing home care, assurances will be required that there will be no dis-crimination in the admission or treatment of patients. In the case of such grants the as-surance will apply to patients, to interns, residents, student nurses, and other trainees, and to the privilege of physicians, dentists, and other professionally qualified persons to practice in the nursing home, and will apply to the entire facility for which, or for a part of which, the grant is made, and to facilities operated in connection therewith.

    (c) Upon transfers of real or personal surplus property for health or educational uses, discrimination is prohibited to the same extent as in the case of grants for the construction of facilities or the provision of equipment for like purposes.

    (d) A recipient may not take action that is calculated to bring about indirectly what this part forbids it to accomplish directly. Thus a State, in selecting or approving proj-ects or sites for the construction of a nursing home which will receive Federal financial assistance, may not base its selections or approvals on criteria which have the effect of defeating or of substantially impairing accomplishment of the objectives of the Fed-eral assistance program with respect to in-dividuals of a particular race, color, or na-tional origin.

(Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1; 38 U.S.C. 641, 644, 5031–5037, 5055, 3402(a) (2), Chapters 31, 34, 35, and 36)

        DONALD E. JOHNSON,
      *Administrator of Veterans Affairs.*

OCTOBER 13, 1970.

    [FR Doc.71–17883 Filed 12–8–71;8:46 am]

# GENERAL SERVICES ADMINISTRATION

**[ 41 CFR Part 101–6 ]**

## NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

    Subpart 101–6.2 is amended to include uniform revisions being adopted by agen-cies for the purpose of clarifying their regulations previously issued pursuant to title VI of the Civil Rights Act of 1964. The amendment also provides that the title VI regulations of the Department of Transportation will apply in the case of property transferred or conveyed by GSA, without monetary consideration, for public airport purposes, and that the title VI regulations of the Department of the Interior will apply in the case of conveyance of surplus real property for public park, public recreation, or historic monument purposes. The program in-volving stabilization payments to small domestic producers of lead and zinc ores and concentrates has been deleted, the statutory authority for the program hav-ing expired. A new program, surplus real property for housing for persons of low or moderate income has been added, and the title VI regulations of the Depart-ment of Housing and Urban Develop-ment will apply thereto. Additionally, a number of editorial changes have been made to reflect changes in statutory authorities.

    The table of contents for Part 101–6 is amended to provide a revised title for Subpart 101–6.2 and new and revised section entries, as follows:

Subpart 101–6.2—Nondiscrimination in Programs Receiving Federal Financial Assistance

Sec.
101–6.207     [Reserved]
101–6 208     [Reserved]
101–6.213–7  Post termination proceedings.
101–6.217    Laws authorizing Federal fi-nancial assistance for pro-grams to which this subpart applies.

AR_0047

PROPOSED RULE MAKING

23489

**Subpart 101–6.2—Nondiscrimination in Programs Receiving Federal Financial Assistance**

1. Section 101–6.201 is revised to read as follows:

§ 101–6.201   Scope of subpart.

This subpart provides the regulations of the General Services Administration (GSA) under title VI of the Civil Rights Act of 1964 (52 U.S.C. 2000d—2000d–4) concerning nondiscrimination in federally assisted programs in connection with which Federal financial assistance is extended under laws administered in whole or in part by GSA.

2. Section 101–6.203 is revised to read as follows:

§ 101–6.203   Application of subpart.

(a) Subject to paragraph (b) of this section, this subpart applies to any program for which Federal financial assistance is authorized under a law administered in whole or in part by GSA, including the laws listed in § 101–6.217. It applies to money paid, property transferred, or other Federal financial assistance extended to any such program after the effective date of this subpart pursuant to an application approved prior to such effective date. This subpart does not apply to (1) any Federal financial assistance by way of insurance or guaranty contracts, (2) money paid, property transferred, or other assistance extended to any such program before the effective date of this subpart, except to the extent otherwise provided by contract, (3) any assistance to any individual who is the ultimate beneficiary under any such program, or (4) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 101–6.204–2(d). The fact that a statute which authorizes GSA to extend Federal financial assistance to a program or activity is not listed in § 101–6.217 shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs involving statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

(b) The regulations issued by the following Departments pursuant to title VI of the Act shall be applicable to the programs involving Federal financial assistance of the kind indicated, and those Departments shall respectively be responsible for determining and enforcing compliance therewith:

(1) Department of Health, Education, and Welfare—donation or transfer of surplus property for purposes of education or public health (§ 101–6.217 (a)(2) and (b)).

(2) Department of Defense—donation of surplus personal property for purposes of civil defense (§ 101–6.217(a)(2)).

(3) Department of Transportation—donation of property for public airport purposes (§ 101–6.217(c)). GSA will, however, be responsible for obtaining

such assurances as may be required in applications and in instruments effecting the transfer of property.

(4) Department of the Interior—disposal of surplus real property, including improvements, for use as a public park, public recreational area, or historic monument (§ 101–6.217(d) (1) and (2)). GSA will, however, be responsible for obtaining such assurances as may be required in applications and in instruments effecting the transfer of property for use as a historic monument.

(5) Department of Housing and Urban Development—disposal of surplus real property for use in the provision of rental or cooperative housing to be occupied by families or individuals of low or moderate income (§ 101–6.217(q)).

(c) Each Department named in paragraph (b) of this section shall keep GSA advised of all compliance and enforcement actions, including sanctions imposed or removed, taken by it with respect to the programs specified in paragraph (b) of this section to which the regulations of such Department apply.

3. Section 101–6.204–2 is amended to read as follows:

§ 101–6.204–2   Specific discriminatory actions prohibited.

(a) (1) In connection with any program to which this subpart applies, a recipient may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

*       *       *       *       *

(3) In determining the site or location of facilities, an applicant or recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this subpart applies, on the ground of race, color, or national origin or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this subpart.

(4) This subpart does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the ground of race, color, or national origin. Where previous discriminatory practice or usage tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this subpart applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

*       *       *       *       *

(d) (1) Where a primary objective of the Federal financial assistance to a program to which this subpart applies is to provide employment, a recipient

may not, directly or through contractual or other arrangements, subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including, but not limited to, recruitment or recruitment advertising; employment; layoff or termination; upgrading, demotion, or transfer; rates of pay or other forms of compensation; selection for training, including apprenticeship; and use of facilities). The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or the corresponding provisions of any Executive order which supersedes it.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to this subpart tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this subpart applies, the provisions of subparagraph (1) of this paragraph (d) shall apply to the employment practices of the recipient or other persons subject to this subpart, to the extent necessary to insure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

4. Section 101–6.205–1 is amended to read as follows:

§ 101–6.205–1   General.

*       *       *       *       *

(b) In the case of real property, structures or improvements thereon, or interests therein, which is acquired with Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by GSA to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible GSA official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event, if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing con-

AR_0048

23490

## PROPOSED RULE MAKING

struction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Administrator may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forebear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

\*　\*　\*　\*　\*

5. Section 101–6.205–2 is revised to read as follows:

§ 101–6.205–2  Continuing State programs.

Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this subpart applies shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (a) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this subpart, and (b) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible GSA official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this subpart.

6. Section 101–6.205–3 is revised to read as follows:

§ 101–6.205–3  Elementary and secondary schools.

The requirements of §§ 101–6.205–1 and 101–6.205–2 with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (a) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (b) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this subpart within the earliest practicable time, and provides reasonable assurance that it will carry out such plan. In any case of continuing Federal financial assistance such responsible official may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this subpart. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

7. Section 101–6.206 is amended to read as follows:

§ 101–6.206  Illustrative applications.

The following examples will illustrate the application of the foregoing provisions of this subpart to certain programs for which Federal financial assistance is extended by GSA (in all cases the discrimination prohibited is discrimination on the ground of race, color, or national origin, prohibited by title VI of the Act and this subpart) :

\*　\*　\*　\*　\*

(g) In the program involving the transfer of surplus real property for use in the provision of rental or cooperative housing to families or individuals of low or moderate income (§ 101–6.217(q)), discrimination in the selection and assignment of tenants is prohibited.

\*　\*　\*　\*　\*

In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 101–6.209–4 to provide information as to the availability of the program or activity and the rights of beneficiaries under this subpart have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will ensure that groups previously subjected to discrimination are adequately served.

(j) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances, an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

8. Sections 101–6.207, including the subsections thereof, and 101–6.208 are deleted and reserved as follows:

§ 101–6.207  [Reserved]

§ 101–6.208  [Reserved]

9. Section 101–6.211–4 is revised to read as follows:

§ 101–6.211–4  Other means authorized by law.

No action to effect compliance by any other means authorized by law shall be

taken until (a) the responsible GSA official has determined that compliance cannot be secured by voluntary means, (b) the recipient or other person has been notified of his failure to comply and of the action to be taken to effect compliance, and (c) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with this subpart and to take such corrective action as may be appropriate.

10. Section 101–6.212–2 is revised to read as follows:

§ 101–6.212–2  Time and place of hearing.

Hearings shall be held, at a time fixed by the responsible GSA official, at the offices of GSA in Washington, D.C., unless such official determines that the convenience of the applicant or recipient or of GSA requires that another place be selected. Hearings shall be held before the responsible GSA official or, at his discretion, before a hearing examiner designated in accordance with 5 U.S.C. 3105 or 3344 (section 11 of the Administrative Procedure Act).

11. Section 101–6.212–4 is amended to read as follows:

§ 101–6.212–4  Procedures, evidence, and record.

(a) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act) and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in § 101–6.212–1, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both GSA and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

\*　\*　\*　\*　\*

12. Section 101–6.213–7 is added as follows:

§ 101–6.213–7  Post termination proceedings.

(a) An applicant or recipient adversely affected by an order issued under § 101–6.213–6 shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this subpart and provides reasonable assurance that it will fully comply with this subpart. An elementary or secondary school or school system which is unable to file an assurance of compliance with § 101–6.204 shall be restored to full eligibility to receive Federal financial assistance if it files a court order or a plan

AR_0049

PROPOSED RULE MAKING                                                           23491

for desegregation meeting the requirements of § 101–6.205–3 and provides reasonable assurance that it will comply with this court order or plan.

(b) Any applicant or recipient adversely affected by an order entered pursuant to § 101–6.213–6 may at any time request the responsible GSA official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (a) of this section. If the responsible GSA official determines that those' requirements have been satisfied, he shall restore such eligibility.

(c) If the responsible GSA official denies any such request, the applicant or recipient may submit a request, in writing, for a hearing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible GSA official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (a) of this section. While proceedings under this section are pending, the sanctions imposed by the order issued under § 101–6.213–6 shall remain in effect.

13. Section 101–6.215–1 is amended to read as follows:

§ 101–6.215–1   Effect on other regulations.

\*      \*      \*      \*      \*

(a) Executive Orders 10925, 11114, and 11246, and regulations issued thereunder.

(b) Any other orders, regulations, or instructions, insofar as such orders, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this subpart is inapplicable, or prohibit discrimination on any other ground.

14. Section 101–6.215–3 is revised to read as follows:

§ 101–6.215–3   Supervision and coordination.

The Administrator may from time to time assign to officials of other departments or agencies of the Government, with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this subpart (other than responsibility for final decision as provided in § 101–6.213), including the achievement of effective coordination and maximum uniformity within GSA and within the executive branch of the Government in the application of title VI and this subpart to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or Agency acting pursuant

to an assignment of responsibility under this section shall have the same effect as though such action had been taken by the responsible GSA official.

15. Section 101–6.217 is amended to read as follows:

§ 101–6.217   Laws authorizing Federal financial assistance for programs to which this subpart applies.

(a) (1) Donation of surplus personal property to educational activities which are of special interest to the armed services (section 203(j)(2) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C. 484(j)(2)).

(2) Donation of surplus personal property for use in any State for purposes of education, public health, or civil defense, or for research for any such purposes (sections 203(i)(3) and (4) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C. 484 (j) (3) and (4)), and the making available to State agencies for surplus property, or the transfer of title to such agencies, of surplus personal property approved for donation for purposes of education, public health, or civil defense, or for research for any such purposes (section 203(n) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C. 484(n)).

(b) Disposal of surplus real and related personal property for purposes of education or public health, including research (section 203(k)(1) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C. 484(k)(1)).

(c) Donation of property for public airport purposes (section 13(g) of the Surplus Property Act of 1944, 50 U.S.C. App. 1622(g); section 23 of the Airport and Airway Development Act of 1970, Public Law 91–258).

(d) (1) Disposal of surplus real property, including improvements, for use as a historic monument (section 13(h) of the Surplus Property Act of 1944, 50 U.S.C. App. 1622(h)).

(2) Disposal of surplus real and related personal property for public park or public recreational purposes (section 203(k)(2) of the Federal Property and Administrative Services Act of 1949, 40 U.S.C. 484(k)(2)).

\*      \*      \*      \*      \*

(q) Disposal of surplus real property for use in the provision of rental or cooperative housing to be occupied by families or individuals of low or moderate income (section 414 of the Housing and Urban Development Act of 1969, Public Law 91–152).

\*      \*      \*      \*      \*

(Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1)

Dated: November 13, 1970.

ROD KREGER,
*Acting Administrator
of General Services.*

[FR Doc.71–17884 Filed 12–8–71;8:46 am]

# DEPARTMENT OF THE INTERIOR

## Office of the Secretary

### [ 43 CFR Part 17 ]

### NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

#### Notice of Proposed Rule Making

Most of the following proposed amendments make uniform revisions with all agencies are adopting to clarify regulations issued pursuant to the Civil Rights Act of 1964. A few of the amendments deal with departmental administration and procedures. Enforcement responsibility has been vested in the Office of the Secretary rather than in the office or bureau administering the Federal financial assistance. Final decision authority is placed in the Office of Hearings and Appeals in the Department. Appendix A is modified to bring up to date reference to the statutes under which federally assisted programs are administered by the Department of the Interior.

§ 17.2   [Amended]

1. Section 17.2 is redesignated as § 17.2(a) and paragraphs (a), (b), (c), and (d) of § 17.2 are redesignated as subparagraphs (1), (2), (3), and (4) of § 17.2(a).

2. In § 17.2, paragraph (b) is added to read as follows:

(b) In any program receiving Federal financial assistance in the form, or for the acquisition, of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving that assistance, the nondiscrimination requirement of this part shall extend to any facility located wholly or in part of that space.

§ 17.3   [Amended]

3. Paragraph (b) of § 17.3 is amended as follows: Subparagraphs (3) and (4) are redesignated as subparagraphs (5) and (6). Subparagraphs (3) and (4) are revised to read as follows:

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding persons from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) This part does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color or national origin, to exclude individuals from participation in, to deny

AR_0050

23492

## PROPOSED RULE MAKING

them the benefits of, or to subject them to discrimination under any program or activity to which this part applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

4. Paragraph (c) of § 17.3 is revised to read as follows:

(c) *Employment practices.* (1) Where a primary objective of a program of Federal financial assistance to which this part applies is to provide employment, a recipient or other party subject to this part shall not, directly or through contractual or other arrangements, subject a person to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees). Such recipient shall take affirmative action to insure that applicants are employed, and employees are treated during employment, without regard to their race, color, or national origin. The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(2) The requirements of subparagraph (1) of this paragraph apply to programs under laws limited or administered by the Department where a primary objective of the Federal financial assistance is (i) to reduce the unemployment of such individuals or to help them through employment to meet subsistence needs, (ii) to assist such individuals in meeting expenses incident to the commencement or continuation of their education or training, or (iii) to provide work experience which contributes to the education or training of such individuals. Assistance given under the following laws has one of the above purposes as a primary objective: Water Resources Research Act of 1964, title I, 78 Stat. 329, and those statutes listed in Appendix A where the facilities or employment opportunities provided are limited, or a preference is given, to students, fellows, or other persons in training or related employment.

(3) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefit of, or to subject them to discrimination under any program to which this regulation applies, the provisions of subparagraph (1) of this paragraph shall apply to the employment practices of the recipient or other persons subject to this part, to the extent neces-

sary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

5. Paragraph (e) of § 17.3 is deleted.

§ 17.4    [Amended]

6. Paragraph (a) of § 17.4 is revised to read as follows:

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies, except a program to which paragraph (b) of this section applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by, an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. Every program of Federal financial assistance shall require the submission of such an assurance. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, or improvement of real property or structures, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended to the program. In the case where the assistance is sought for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith. The Secretary shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case where Federal financial assistance is provided in the form of a transfer of real property, structures, or improvements thereon, or interest therein, from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such covenant in any subsequent transfer of such prop-

erty. When the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the Secretary, such a condition and right to reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing facilities on such property for the purposes for which the property was transferred, the Secretary may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

7. In § 17.4(b) (1) (ii), the phrase "the Secretary or his designee" is substituted for the phrase "the head of the bureau or office administering the Federal financial assistance."

8. Subparagraph (2) in the first sentence of § 17.4(c) is revised to read as follows: (c) * * * (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time and provides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the responsible official of the Department of Health, Education, and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part.

9. Paragraph (d) of § 17.4 is revised by substituting in subparagraph (2) the phrase "the Secretary or his designee" for the phrase "the head of the bureau official administering the Federal financial assistance."

10. Section 17.5 is revised to read as follows:

§ 17.5    Compliance information.

(a) *Cooperation and assistance.* The Secretary or his designee shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the Secretary or his designee timely, complete and accurate compliance reports, at such times, and in such form and containing such information, as the Secretary or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the

AR_0051

case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) *Access to sources of information.* Each recipient shall permit access by the Secretary or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the Secretary or his designee finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

11. Paragraphs (a), (b), (c), and (d) of § 17.6 are revised to read as follows:

§ 17.6   Conduct of investigations.

(a) *Periodic compliance reviews.* The Secretary or his designee shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Secretary a written complaint. A complaint must be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the Secretary, or his designee.

(c) *Investigations.* Whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part, a prompt investigation shall be made. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the recipient shall be informed in writing and the matter will be resolved by informal means when-

ever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 17.7.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the recipient and complainant, if any, shall be informed in writing.

§ 17.7   [Amended]

12. Subparagraph (1) of § 17.7(c) is revised to read as follows:

(1) The Secretary or his designee has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means.

13. Paragraph (d) of § 17.7 is revised as follows: Subparagraph (2) is deleted and subparagraphs (3) and (4) are redesignated as subparagraphs (2) and (3). Subparagraph (1) is revised to read as follows:

(1) The Secretary or his designee has determined that compliance cannot be secured by voluntary means.

§ 17.8   [Amended]

14. In the second sentence of paragraph (a) of § 17.8 the words "the head of the bureau or office or" are deleted.

15. Paragraph (b) of § 17.8 is revised to read as follows:

(b) *Time and place of hearing.* Hearings shall be held at the Office of Hearings and Appeals of the Department in the Washington, D.C., area, at a time fixed by the hearing examiner to whom the matter has been assigned unless he determines that the convenience of the applicant or recipient or of the Department requires that another place be selected. Hearings shall be held before a hearing examiner designated by the Office of Hearings and Appeals in accordance with 5 U.S.C. sections 3105 and 3344.

16. In subparagraph (1) of paragraph (d) of § 17.8 the phrase "in conformity with sections 5 through 8 of the Administrative Procedure Act (5 U.S.C. 1004 through 1007)" is amended to read "in conformity with 5 U.S.C. sections 554-557."

17. Section 17.9 is revised to read as follows:

§ 17.9   Decisions and notices.

(a) *Initial decision by a hearing examiner.* The hearing examiner shall make an initial decision and a copy of such initial decision shall be sent by registered mail, return receipt requested to the recipient or applicant.

(b) *Review of the initial decision.* The applicant or recipient may file his exceptions to the initial decision, with his reasons therefor, with the Director, Office of Hearings and Appeals, within 30 days of receipt of the initial decision. In the absence of exceptions, the Director, Office of Hearings and Appeals, on his own motion within 45 days after the initial decision, may notify the ap-

plicant or recipient that he will review the decision. In the absence of exceptions or a notice of review, the initial decision shall constitute the final decision subject to the approval of the Secretary pursuant to paragraph (f) of this section.

(c) *Decisions by the Director, Office of Hearings and Appeals.* Whenever the Director, Office of Hearings and Appeals, reviews the decision of a hearing examiner pursuant to paragraph (b) of this section, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contention, and a copy of the final decision of the Director, Office of Hearings and Appeals, shall be given to the applicant or recipient and to the complainant, if any.

(d) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to paragraph (a) of § 17.8, a decision shall be made by the Director, Office of Hearings and Appeals on the record and a copy of such decision shall be given in writing to the applicant or recipient and to the complainant, if any.

(e) *Rulings required.* Each decision of a hearing examiner or the Director, Office of Hearings and Appeals, shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(f) *Approval by Secretary.* Any final decision of a hearing examiner or of the Director, Office of Hearings and Appeals, which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Secretary, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(g) *Content of decisions.* The final decision may provide for the suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this regulation, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the Secretary that it will fully comply with this part.

(h) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (g) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into

AR_0052

23494 PROPOSED RULE MAKING

compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (g) of this section may at any time request the Secretary to restore fully its eligibility to receive Federal finance assistance.

(3) If the Secretary denies any such request, the applicant or recipient may submit to the Secretary a request for a hearing in writing, specifying why it believes the Secretary to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with the procedures set forth in Part 17A of this title. The applicant or recipient shall be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph.

(4) While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (g) of this section shall remain in effect.

§ 17.11 [Amended]

18. Subparagraph (1) in the second sentence of paragraph (a) of § 17.11 is amended to read, "(1) Executive Orders 10925, 11114, and 11246 and regulations issued thereunder."

19. In paragraph (b) of § 17.11, the phrase "The Secretary or his designee" is substituted for the phrase "the head of each bureau and office administering Federal financial assistance."

20. Paragraph (c) of § 17.11 is revised by addition of the following as a final sentence: "Any action taken, determination made or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by the Secretary of this Department."

21. Section 17.12 is revised by amending paragraph (c) and adding paragraph (k) to read as follows:

§ 17.12 Definitions.

*     *     *     *     *

(c) The term "Secretary" means the Secretary of the Interior or, except in § 17.9(f) any person to whom he has delegated his authority in the matter concerned.

*     *     *     *     *

(k) The term "Office of Hearings and Appeals" refers to a constituent office of the Department established July 1, 1970. 35 F.R. 12081 (1970).

22. In Appendix A, part I, item 7 is deleted and items 8 through 21 are redesignated as items 7 through 20.

23. In Appendix A, part III, item 3 is added to read as follows:

3. Sealing and filling of voids in abandoned coal mines, reclamation of surface mine areas, and extinguishing mine fires (79 Stat. 13, as amended, 40 U.S.C. sec. 205).

24. In Appendix A, part (a) of part IV in Appendix A, the heading is amended and items 5 and 7 are revised to read as follows:

(a) Grants of Federal funds.

*     *     *     *     *

5. Anadromous Fish Act of 1965 (79 Stat. 1125, 16 U.S.C. secs. 757a-757f).

*     *     *     *     *

7. Jellyfish Act of 1966 (80 Stat. 1149, 16 U.S.C. secs. 1201-1205).

25. Items 2 and 3 are deleted from paragraph (b) of part IV in Appendix A and items 4 through 6 are redesignated as items 2 through 4.

26. Items 1, 4 and 5 are deleted from paragraph (c) of part IV in Appendix A and items 2, 3, and 6 are redesignated as items 1, 2 and 3.

27. Item 3 in paragraph (a) of section V in Appendix A is revised and item 9 is added in the same paragraph, to read as follows:

3. Historic Preservation Act of 1966 (80 Stat. 915, 16 U.S.C. sec. 47a).

*     *     *     *     *

9. Outdoor Recreation Programs (78 Stat. 897, as amended, 16 U.S.C. secs. 4601-4—4601-11).

28. Any rule, order, policy, guideline, finding, determination, authorization, requirement, designation or other action prescribed, issued or taken before the effective date of these amendments under Part 17 shall have the same effect as if these amendments to Part 17 had not been made. No administrative proceeding shall abate by reasons of the taking effect of these amendments. Administrative proceedings initiated under Part 17 prior to these amendments and not finally disposed of prior to such effective date shall be governed by the provisions of Part 17 as amended. If any case under Part 17 where a hearing examiner had rendered an initial or recommended decision, the case shall be concluded in accordance with the provisions of Part 17 as amended.

FRED J. RUSSELL,
*Acting Secretary of the Interior.*

DECEMBER 3, 1970.

[FR Doc.71–17885 Filed 12–8–71;8:46 am]

# DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE

## Office of the Secretary

[ 45 CFR Part 80 ]

### NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

#### Notice of Proposed Rule Making

Amendments to 45 CFR Part 80 are proposed for the purposes indicated below. Revisions similar to those described below (except for revisions described in items numbered 6–8) are uniform changes being adopted by other agencies which provide Federal financials assistance, pursuant to title VI of the Civil Rights Act of 1964. The revisions described under items 6–8 below are not uniform; they are procedural in nature and designed for the regulation of this

agency only. In addition, citations to statutory authority are added immediately after each section of 45 CFR Part 80.

1. The present subparagraphs (3) and (4) of § 80.3(b) are renumbered (4) and (5), respectively, and a new subparagraph (3) is added to clarify nondiscrimination requirements with respect to the selection of sites and locations for facilities which affect the provision of federally assisted benefits.

2. A new § 80.3(b)(6) is added to specify that affirmative steps to make services more equitably available are not prohibited and that such steps are required when necessary to overcome the consequences of prior discrimination. Illustrative applications are added as § 80.6(i) and (j).

3. A subparagraph is added to § 80.3(c) to state the rule concerning discriminatory employment practices which result in excluding individuals from participation in, denying them the benefits of, or subjecting them to discrimination under any program or activity to which this regulation applies.

4. Section 80.4(a)(2) is revised to delete the requirement that surplus property transfers contain a reverter for breach of the nondiscrimination provisions and instead to authorize a reverter discretionary with the responsible department official in the case of any real property transfer. As revised, a covenant running with the land, to assure nondiscriminatory use, will be included when any Federal financial assistance is extended in the form of a transfer of real property by the Federal Government. In other cases where property is acquired or improved with Federal financial assistance, the amendment requires that the recipient agree to include such a convenant in any subsequent transfer.

5. Language of § 80.4(b) which provided that noncomplying features of existing continuing State programs could be corrected in the future has been deleted. These programs have now had ample time to achieve full compliance under the Act.

6. Section 80.9(a) provided that in the case of a waiver of a right to a hearing the decision may be made on the basis of "such information as is available." This is amended to provide that the decision in such a case may be made on the basis of "such information as may be filed as the record."

7. Under § 80.10, prior to the present amendment, a party to a proceeding could request the Secretary to review a hearing examiner's decision even though there was no request for the intervening review of the Reviewing Authority, which is a matter of right. The amendment to § 80.10(c) authorizes a request for review by the Secretary only if the matter has first been considered by the Reviewing Authority.

8. Subparagraph (4) of § 80.10(g) duplicates the provision of the last sentence of subparagraph (3) of such section. Subparagraph (4) is deleted to eliminate that inadvertent duplication.

AR_0053

# PROPOSED RULE MAKING

9. A sentence is added to § 80.12(c) specifying that actions taken by an official of another Department or Agency under an assignment of responsibility shall have the same effect as though taken by the responsible official of this Department.

10. In some provisions the word "program" has been used to refer to the arrangement under which Federal financial assistance is made available; in other places it was used to mean the operation or activity of the applicant or recipient. Technical revisions are made in the designation of Part 80 and throughout the regulation to eliminate the use of "program" to refer to the arrangement under which Federal financial assistance is made available.

11. Clause 3 is added to § 80.12(a) to make clear that these regulations and amendments will not affect the requirements for Emergency School Assistance as published in 35 F.R. 13442 and codified as 45 CFR Part 181.

12. The listing of Appendix A is revised to eliminate the use of "program" to refer to the arrangement under which Federal financial assistance is made available and to bring the listings in the Appendix up to date.

1. The designation of Part 80 is amended to read:

**PART 80—NONDISCRIMINATION UNDER PROGRAMS RECEIVING FEDERAL FINANCIAL ASSISTANCE THROUGH THE DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

2. Section 80.2 is amended to read:

**§ 80.2** *Application of this regulation.*

This regulation applies to any program for which Federal financial assistance is authorized to be extended to a recipient under a law administered by the Department, including the Federal assistance programs and activities listed in Appendix A of this regulation. It applies to money paid, property transferred, or other Federal financial assistance extended after the effective date of the regulation pursuant to an application approved prior to such effective date. This regulation does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended before the effective date of this regulation, (c) the use of any assistance by any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 80.3. The fact that a type of Federal assistance is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that a program is not covered. Federal financial assistance under statutes not in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

(Secs. 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253; 42 U.S.C. 2000d–1, 2000d–3)

**§ 80.3** [Amended]

3. Section 80.3(b) is amended by renumbering the present subparagraphs (3) and (4), as subparagraphs (4) and (5), respectively, and adding new subparagraphs (3) and (6). As so changed, subparagraphs (3), (4), (5), and (6) read as follows:

(3) In determining the site or location of facilities, an applicant or recipient may not make selections with the effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any programs to which this regulation applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the ground of race, color, or national origin. Where previous discriminatory practice or usage tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

4. Paragraphs (c) and (d) of § 80.3 are amended to read:

(c) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program to which this regulation applies is to provide employment, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is (i) to reduce the unemployment of such individuals

or to keep them through employment to meet subsistence needs, (ii) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training, (iii) to provide work experience which contributes to the education or training of such individuals, or (iv) to provide remunerative activity to such individuals who because of severe handicaps cannot be readily absorbed in the competitive labor market. The following, under existing laws, have one of the above objectives as a primary objective:

(a) Projects under the Public Works Acceleration Act, Public Law 87–658, 42 U.S.C. 2641–2643.

(b) Community work and training assisted under title IV of the Social Security Act, 42 U.S.C. 609.

(c) Work-study under the Vocational Education Act of 1963, as amended, 20 U.S.C. 1371–1374.

(d) Programs assisted under laws listed in Appendix A as respects employment opportunities provided thereunder, or in facilities provided thereunder, which are limited, or for which preference is given, to students, fellows, or other persons in training for the same or related employments.

(e) Assistance to sheltered workshops under the Vocational Rehabilitation Act, 29 U.S.C. 32–34, 41a and 41b.

(2) The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(3) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the foregoing provisions of this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

(d) *Indian Health and Cuban Refugee Services.* An individual shall not be deemed subjected to discrimination by reason of his exclusion from the benefits of a program limited by Federal law to individuals of a particular race, color, or national origin different from his.

**§ 80.4** [Amended]

5. Subparagraph (2) of § 80.4(a) is amended to read:

(2) Where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government the instrument effecting or recording the transfer shall contain a covenant running with the land to assure nondiscrimination for the period during which the real property is used for a purpose

AR_0054

for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved but property is improved with Federal financial assistance, the recipient shall agree to include such a covenant to any subsequent transfer of the property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a condition and right of reverter is appropriate to the statute under which the real property is obtained and to the nature of the grant and the grantee. In the event a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the responsible Department official may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

6. Paragraph (b) of § 80.4 is amended to read:

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this regulation applies (including the Federal financial assistance listed in Part 2 of Appendix A) shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this regulation, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible department official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this regulation.

7. Subparagraph (1) of § 80.4(d) is amended to read:

(d) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education (including assistance for construction, for research, for special training purposes, for student loans or for any other purpose), the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

8. The introductory statement of § 80.5 and paragraphs (a), (b), (e), and (h) are amended and paragraphs (i) and

(j) are added as illustrative applications of the new § 80.3(b)·(6) to read:

§ 80.5   *Illustrative applications.*

The following examples will illustrate the application of the foregoing provisions to some programs aided by Federal financial assistance of the Department. (In all cases the discrimination prohibited is discrimination on the ground of race, color, or national origin prohibited by title VI of the Act and this regulation, as a condition of the receipt of Federal financial assistance.)

(a) In federally assisted programs for the provision of health or welfare services, discrimination in the selection or eligibility of individuals to receive the services, and segregation or other discriminatory practices in the manner of providing them, are prohibited. This prohibition extends to all facilities and services provided by the grantee under the program or, if the grantee is a State, by a political subdivision of the State. It extends also to services purchased or otherwise obtained by the grantee (or political subdivision) from hospitals, nursing homes, schools, and similar institutions for beneficiaries of the program, and to the facilities in which such services are provided, subject, however, to the provisions of § 80.3(e).

(b) In federally affected area assistance (Public Law 815 and Public Law 874) for construction aid and for general support of the operation of elementary or secondary schools, or in more limited support to such schools such as for the acquisition of equipment, the provision of vocational education, or the provision of guidance and counseling services, discrimination by the recipient school district in any of its elementary or secondary schools in the admission of students, or in the treatment of its students in any aspect of the educational process, is prohibited. In this and the following illustrations the prohibition of discrimination in the treatment of students or other trainees includes the prohibition of discrimination among the students or trainees in the availability or use of any academic, dormitory, eating, recreational, or other facilities of the grantee or other recipient.

*      *      *      *      *

(e) In grants to assist in the construction of facilities for the provision of health, educational, or welfare services, assurances will be required that services will be provided without discrimination, to the same extent that discrimination would be prohibited as a condition of Federal operating grants for the support of such services. Thus, as a condition of grants for the construction of academic, research, or other facilities at institutions of higher education, assurances will be required that there will be no discrimination in the admission or treatment of students. In case of hospital construction grants the assurance will apply to patients, to interns, residents, student nurses, and other trainees, and ot the privilege of physicians, dentists, and other professionally qualified

persons to practice in the hospital, and will apply to the entire facility for which, or for a part of which, the grant is made, and to facilities operated in connection therewith. In other construction grants the assurances required will similarly be adapted to the nature of the activities to be conducted in the facilities for construction of which the grants have been authorized by Congress.

*      *      *      *      *

(h) A recipient may not take action that is calculated to bring about indirectly what this regulation forbids it to accomplish directly. Thus, a State, in selecting or approving projects or sites for the construction of public libraries which will receive Federal financial assistance, may not base its selections or approvals on criteria which have the effect of defeating or of substantially impairing accomplishment of the objectives of the Federal assistance as respects individuals of a particular race, color, or national origin.

(i) In some situations, even though past discriminatory practices attributable to a recipient or applicant have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts require of the applicant or recipient under § 80.6(d), to provide information as to the availability of the program or activity and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary under the requirement stated in the second sentence of § 80.3 (b)·(6) for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(j) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances, an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

§ 80.6   [Amended]

9. Paragraph (d) of § 80.6 is amended to read:

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries,

AR_0055

PROPOSED RULE MAKING

23497

and other interested persons such information regarding the provisions of this regulation and its applicability to the program for which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Department official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this regulation.

10. Paragraph (a) of § 80.9 is amended to read:

§ 80.9  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 80.8(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for such action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Department official that the matter be scheduled for hearing or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 80.8(c) of this regulation and consent to the making of a decision on the basis of such information as may be filed as the record.

§ 80.10  [Amended]

11. Paragraphs (e) and (f) of § 80.10 are amended to read:

(e) *Review in certain cases by the Secretary.* If the Secretary has not personally made the final decision referred to in paragraphs (a), (b), or (c) of this section, a recipient or applicant or the counsel for the Department may request the Secretary to review a decision of the Reviewing Authority in accordance with rules of procedure issued by the responsible Department official. Such review is not a matter of right and shall be granted only where the Secretary determines there are special and important reasons therefor. The Secretary may grant or deny such request, in whole or in part. He may also review such a decision upon his own motion in accordance with rules of procedure issued by the responsible Department official. In the absence of a review under this paragraph, a final decision referred to in par-

agraphs (a), (b), or (c) of this section shall become the final decision of the Department when the Secretary transmits it as such to Congressional committees with the report required under section 602 of the Act. Failure of an applicant or recipient to file an exception with the Reviewing Authority or to request review under this paragraph shall not be deemed a failure to exhaust administrative remedies for the purpose of obtaining judicial review.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, to which this regulation applies, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this regulation, including provisions designed to assure that no Federal financial assistance to which this regulation applies will thereafter be extended under such law or laws to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this regulation, or to have otherwise failed to comply with this regulation, unless and until it corrects its noncompliance and satisfies the responsible Department official that it will fully comply with this regulation.

12. Subparagraph (4) of § 80.10(g) is deleted.

13. Paragraph (a) of § 80.12 is amended and a new concluding sentence is added to paragraph (c) to read:

§ 80.12  Effect on other regulations; forms and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this regulation applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of assistance for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this regulation, except that nothing in this regulation shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this regulation. Nothing in this regulation, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) The "Standards for a Merit System of Personnel Administration," issued jointly by the Secretaries of Defense, of Health, Education, and Welfare, and of Labor, Part 70 of this chapter; (2) Executive Order 11063 and regulations issued thereunder, or any other regulations or instructions, insofar as such order, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any pro-

gram or situation to which this regulation is inapplicable, or prohibit discrimination on any other ground; or (3) requirements for Emergency School Assistance as published in 35 F.R. 13442 and codified as Part 181 of this title.

*    *    *    *    *

(c) *Supervision and coordination.* The responsible Department official may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this regulation (other than responsibility for review as provided in § 80.10(e)), including the achievement of effective coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of title VI and this regulation to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or Agency acting pursuant to an assignment of responsibility under this section shall have the same effect as though such action had been taken by the responsible official of this Department.

§§ 80.1, 80.2, 80.3, 80.4, 80.5, 80.6, 80.7, 80.8, 80.9, 80.10, 80.11, 80.12  [Amended]

14. The following citations are added immediately after each of the listed sections of 45 CFR Part 80 as indicated below:

Section 80.1: (Sec. 601, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d.)

Section 80.2: (Secs. 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253; 42 U.S.C. 2000d, 2000d-3.)

Section 80.3: (Secs. 601, 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253; 42 U.S.C. 2000d, 2000d-1, 2000d-3.)

Section 80.4: (Secs. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1, sec. 182; 80 Stat. 1209; 42 U.S.C. 2000d-5.)

Section 80.5: (Secs. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1.)

Section 80.6: (Secs. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1.)

Section 80.7: (Secs. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1.)

Section 80.8: (Secs. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1, Sec. 182, 80 Stat. 1209; 42 U.S.C. 2000d-5.)

Section 80.9: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1.)

Section 80.10: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1.)

Section 80.11: (Sec. 603, Civil Rights Act of 1964; 78 Stat. 253; 42 U.S.C. 2000d-2.)

Section 80.12: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1.)

AR_0056

23498                                 PROPOSED RULE MAKING

Section 80.13: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d–1.)

Dated: November 4, 1971.

ELLIOT L. RICHARDSON,
*Secretary of Health,
Education and Welfare.*

APPENDIX A

FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

*Part. 1. Assistance other than for State-Administered Continuing Programs*

1. Loans for acquisition of equipment for academic subjects, and for minor remodeling (20 U.S.C. 445).

2. Construction of facilities for institutions of higher education (20 U.S.C. 701–758).

3. School construction in federally affected and in major disaster areas (20 U.S.C. 631–647).

4. Construction of educational broadcast facilities (47 U.S.C. 390–399).

5. Loan service of captioned films and educational media; research on, and production and distribution of, educational media for the handicapped, and training of persons in the use of such media for the handicapped (20 U.S.C. 1452).

6. Demonstration residential vocational education schools (20 U.S.C. 1321).

7. Research and related activities in education of handicapped children (20 U.S.C. 1441).

8. Educational research, dissemination and demonstration projects; research training; and construction under the Cooperative Research Act (20 U.S.C. 331–332(b)).

9. Research in teaching modern foreign languages (20 U.S.C. 512).

10. Training projects for manpower development and training (42 U.S.C. 2601, 2602, 2610a–2610c).

11. Research and training projects in Vocational Education (20 U.S.C. 1281(a), 1282–1284).

12. Allowances to institutions training NDEA graduate fellows (20 U.S.C. 461–465).

13. Grants for training in librarianship (20 U.S.C. 1031–1033).

14. Grants for training personnel for the education of handicapped children (20 U.S.C. 1431).

15. Allowances to institutions training teachers and related educational personnel in elementary and secondary education, or postsecondary vocational education (20 U.S.C. 1111–1118).

16. Recruitment, enrollment, training and assignment of Teacher Corps personnel (20 U.S.C. 1101–1107a).

17. Operation and maintenance of schools in federally affected and in major disaster areas (20 U.S.C. 236–241; 241–1; 242–244).

18. Grants or contracts for the operation of training institutes for elementary or secondary school personnel to deal with special educational problems occasioned by desegregation (42 U.S.C. 2000c–3).

19. Grants for inservice training of teachers and other school personnel and employment of specialists in the desegregation problems (42 U.S.C. 2000c–4).

20. Higher education student loan program (title II, National Defense Education Act, 20 U.S.C. 421–429).

21. Educational opportunity grants and assistance for State and private programs of low-interest insured loans and State loans to students in institutions of higher education (title IV, Higher Education Act of 1965, 20 U.S.C. 1061–1087).

22. Grants and contracts for the conduct of Talent Search, Upward Bound, and special services programs (20 U.S.C. 1068).

23. Land-grant college aid (7 U.S.C. 301–308; 32;–326; 328–331).

24. Language and area centers (title VI, National Defense Education Act, 20 U.S.C. 511).

25. American Printing House for the Blind (20 U.S.C. 101–105).

26. Future Farmers of America (36 U.S.C. 271–291) and similar programs.

27. Science clubs (Public Law 85–875, 20 U.S.C. 2, note).

28. Howard University (20 U.S.C. 121–129).

29. Gallaudet College (31 District of Columbia Code, Ch. 10).

30. Establishment and operation of a model secondary school for the deaf by Gallaudet College (31 District of Columbia Code 1051–1053; 80 Stat. 1027–1028).

31. Faculty development programs, workshops and institutes (20 U.S.C. 1131–1132).

32. National Technical Institute for the Deaf (20 U.S.C. 681–685).

33. Institutes and other programs for training educational personnel (Parts D, E and F, title V, Higher Education Act of 1965) (20 U.S.C. 1119–1111c–4).

34. Grants and contracts for research and demonstration projects in librarianship (20 U.S.C. 1034).

35. Acquisition of college library resources (20 U.S.C. 1021–1028).

36. Grants for strengthening developing institutions of higher education (20 U.S.C. 1051–1054); National Fellowships for teaching at developing institutions (20 U.S.C. 1055), and grants to retired professors to teach at developing institutions (20 U.S.C. 1056).

37. College Work-Study Program (42 U.S.C. 2751–2757).

38. Financial assistance for acquisition of higher education equipment, and minor remodeling (20 U.S.C. 1121–1129).

39. Grants for special experimental demonstration projects and teacher training in adult education (20 U.S.C. 1208).

40. Grant programs for advanced and under graduate international studies (20 U.S.C. 1171–1176; 22 U.S.C. 2452(b)).

41. Experimental projects for developing State leadership or establishment of special services (20 U.S.C. 865).

42. Grants to and arrangements with State educational and other agencies to meet special educational needs of migratory children of migratory agricultural workers (20 U.S.C. 241e(c)).

43. Grants by the Commissioner of Education to local educational agencies for supplementary educational centers and services; guidance, counseling, and testing (U.S.C. 841–844; 844b).

44. Resource centers for improvement of education of handicapped children (20 U.S.C. 1421) and centers and services for deaf-blind children (20 U.S.C. 1422).

45. Recruitment of personnel and dissemination of information on education of handicapped (20 U.S.C. 1433).

46. Grants for research and demonstrations relating to physical education or recreation for handicapped children (20 U.S.C. 1442) and training of physical educators and recreation personnel (20 U.S.C. 1443).

47. Dropout prevention projects (20 U.S.C. 887).

48. Bilingual education programs (20 U.S.C. 880b–880b–6).

49. Grants to agencies and organizations for Cuban refugees (22 U.S.C. 2601(b)(4)).

50. Grants and contracts for special programs for children with specific learning disabilities including research and related activities, training, and operating model centers (20 U.S.C. 1461).

51. Curriculum development in vocational and technical education (20 U.S.C. 1391).

52. Establishment, including construction, and operation of a National Center on Educational Media and Materials for the Handicapped (20 U.S.C. 1453).

53. Grants and contracts for the development and operation of experimental preschool and early education programs for handicapped (20 U.S.C. 1423).

54. Grants to public or private nonprofit agencies to carry on the Follow Through Program in kindergarten and elementary schools (42 U.S.C. 2809(a)(2)).

55. Grants for programs of cooperative education and grants and contracts for training and research in cooperative education (20 U.S.C. 1087a–1087c).

56. Grants and contracts to encourage the sharing of college facilities and resources (network for knowledge) (20 USC 1133–1133b).

57. Grants, contracts, and fellowships to improve programs preparing persons for public service and to attract students to public service (20 U.S.C. 1134–1134b).

58. Grants for the improvement of graduate programs (20 U.S.C. 1135–1135c).

59. Contracts for expanding and improving law school clinical experience programs (20 U.S.C. 1136–1136b).

60. Exemplary programs and projects in vocational education (20 U.S.C. 1301–1305).

61. Grants to reduce borrowing cost for construction of residential schools and dormitories (20 U.S.C. 1323).

62. Project grants and contracts for research and demonstration relating to new or improved health facilities and services (sec. 304, Public Health Service Act, 42 U S C 242b).

63. Grants for construction or modernization of emergency rooms of general hospitals (title VI, part C, Public Health Service Act, 42 U.S.C. 291r–291t).

64. Institutional and special project grants to schools of nursing (secs. 805–808, Public Health Service Act, 42 U.S.C. 296d–296g).

65. Grants for construction and initial staffing of facilities for prevention and treatment of alcoholism (sec. 241–2, Community Mental Health Centers Act (42 U S C 2688f and g).

66. Grants for construction and initial staffing of specialized facilities for the treatment of alcoholics requiring care in such facilities (sec. 243, Community Mental Health Centers Act, 42 U.S.C. 2688h).

67. Special project grants for training programs, evaluation of existing treatment programs, and conduct of significant programs relating to treatment of alcoholics (sec. 246, Community Mental Health Centers Act, 42 U.S.C. 2688k).

68. Grants for construction and initial staffing of treatment facilities for narcotic addicts (sec. 251, Community Mental Health Centers Act, 42 U.S.C. 2688m).

69. Special project grants for training programs, evaluation of existing treatment programs, and conduct of significant programs relating to treatment of narcotic addicts (sec. 252, Community Mental Health Centers Act, 42 U.S.C. 2688n).

70. Grants for consultation services for Community Mental Health Centers, alcoholism prevention and treatment facilities, specialized facilities for alcoholics, treatment facilities for narcotic addicts, and facilities for mental health of children (sec. 264, Community Mental Health Centers Act, 42 U S C 2688t).

71. Grants for construction and initial staffing of facilities for mental health of children (sec. 271, Community Mental Health Centers Act, 42 U.S.C. 2688W).

72. Special project grants for training programs and evaluation of existing treatment programs relating to mental health of children (sec. 272, Community Mental Health Centers Act, 42 U.S.C. 2688W).

73. Grants and loans for construction and modernization of medical facilities in the

AR_0057

## PROPOSED RULE MAKING

23499

District of Columbia (Public Law 90–457; 82 Stat. 631–3).

74. Teaching facilities for nurse training (secs. 801–804, Public Health Service Act, 42 U.S.C. 296–296c).

75. Teaching facilities for allied health professions personnel (sec. 791, Public Health Service Act, 42 U.S.C. 295h).

76. Mental retardation research facilities (title VII, part D, Public Health Service Act, 42 U.S.C. 295–295e).

77. George Washington University Hospital construction (76 Stat. 83, Public Law 87–460, May 31, 1962).

78. Research projects, including conferences, communication activities and primate or other center grants (secs. 301, 303, 304, and 308, Public Health Service Act, 42 U.S.C. 241, 242a, 242b, and 242f).

79. General research support (sec. 301(d), Public Health Service Act, 42 U.S.C. 241).

80. Mental health demonstrations and administrative studies (sec. 303(a)(2), Public Health Service Act, 42 U.S.C. 242a).

81. Migratory workers health services (sec. 310, Public Health Service Act, 42 U.S.C. 242b).

82. Immunization programs (sec. 317, Public Health Service Act, 42 U.S.C. 247b).

83. Health research training projects and fellowship grants (secs. 301, 433, Public Health Service Act, 42 U.S.C. 241, 289c).

84. Categorical (heart, cancer, air pollution, etc.) grants for training, traineeships or fellowships (secs. 303, 433, etc., Public Health Service Act, 42 U.S.C. 242a, 289c, etc.; sec. 103 Clean Air Act, 42 U.S.C. 1857b).

85. Advanced professional nurse traineeships (sec. 821, Public Health Service Act, 42 U.S.C. 297).

86. Department projects under Appalachian Regional Development Act (40 U.S.C. App. A).

87. Grants to institutions for traineeships for professional public health personnel (sec. 306, Public Health Service Act, 42 U.S.C. 242d).

88. Grants for graduate or specialized training in public health (sec. 309, Public Health Service Act, 42 U.S.C. 242g).

89. Health professions school student loan program (title VII, part C, Public Health Service Act, 42 U.S.C. 294–294i).

90. Grants for provision in schools of public health of training, consultation and technical assistance in the fields of public health and in the administration of State or local public health programs (sec. 309(c), Public Health Service Act U.S.C. 242(c)).

91. Project grants for developing and revising comprehensive regional, metropolitan area, or other local area plans for health services (sec. 314(b), Public Health Service Act, 42 U.S.C. 246(b)).

92. Project grants for training, studies, or demonstrations looking toward the development of improved comprehensive health planning (sec. 314(c), Public Health Service Act, 42 U.S.C. 246(c)).

93. Project grants for health services development (sec. 314(e), Public Health Service Act, 42 U.S.C. 246(e)).

94. Institutional and special grants to health professions schools (title VII, part E, Public Health Service Act, 42 U.S.C. 295f–295f–4).

95. Improvement grants to centers for allied health professions (sec. 792, Public Health Service Act, 42 U.S.C. 295h–1).

96. Scholarship grants to health professions schools (title VII, part F, Public Health Service Act, 42 U.S.C. 295h–1).

97. Scholarship grants to schools of nursing (title VIII, part D, Public Health Service Act, 42 U.S.C. 298c–298c–6).

98. Traineeships for advanced training of allied health professions personnel (sec. 793, Public Health Service Act, 42 U.S.C. 295h–2).

99. Grants for the development of curriculums and methods of training of health technologists (sec. 794, Public Health Service Act 42 U.S.C. 295–h–3).

100. Contracts to encourage full utilization of nursing educational talent (sec. 868, Public Health Service Act, 42 U.S.C. 289c–7).

101. Grants to community mental health centers for the compensation of professional and technical personnel for the initial operation of new centers or of new services in centers (Community Mental Health Centers Act, part B, 42 U.S.C. 2688–2688d).

102. Grants for the planning, construction, equipment and operation of multicounty demonstration health projects in the Appalachian region (sec. 202 of Appalachian Regional Development Act, Public Law 89–4, as amended, Public Law 90–103, 40 U.S.C. App. 202).

103. Education, research, training, and demonstrations in the fields of heart disease, cancer, stroke and related diseases (secs. 900–910, Public Health Service Act, 42 U.S.C. 299a–j).

104. Assistance to medical libraries (secs. 390–399, Public Health Service Act, 42 U.S.C. 280b–280b–9).

105. Nursing student loans (secs. 822–828, Public Health Service Act, 42 U.S.C. 297a–g).

106. Hawaii leprosy payments (sec. 331, Public Health Service Act, 42 U.S.C. 255).

107. Heart disease laboratories and related facilities for patient care (sec. 412(d), Public Health Service Act, 42 U.S.C. 287a(d)).

108. Grants for construction of hospitals serving Indians (Public Law 85–151, 42 U.S.C. 2005).

109. Indian Sanitation Facilities (Public Law 86–121, 42 U.S.C. 2004a).

110. Research projects relating to maternal and child health services and crippled children's services (42 U.S.C. 712).

111. Maternal and child health special project grants to State agencies and institutions of higher learning (42 U.S.C. 703(2)).

112. Maternity and infant care and family planning services; special project grants to local health agencies and other organizations (42 U.S.C. 708).

113. Special project grants to State agencies and institutions of higher learning for crippled children's services (42 U.S.C. 704 (2)).

114. Special project grants for health of school and preschool children (42 U.S.C. 709) and for dental health of children (42 U.S.C. 710).

115. Grants to institutions of higher learning for training personnel for health care and related services for mothers and children (42 U.S.C. 711).

116. Grants and contracts for the conduct of research, experiments, or demonstrations relating to the development, utilization, quality, organization, and financing of services, facilities, and resources of hospitals, long-term care facilities, or other medical facilities (sec. 304, Public Health Service Act, as amended by Public Law 90–174, 42 U.S.C. 242b).

117. Health research facilities (title VII, part A, Public Health Service Act, 42 U.S.C. 292–292j).

118. Teaching facilities for health professions personnel (title VII, part B, Public Health Service Act, 42 U.S.C. 293–293h).

119. Project grants and contracts for research, demonstrations, surveys and studies in the field of air pollution control (secs. 103 and 104, Clean Air Act, 42 U.S.C. 1857b and 1857b–1).

120. Grants to State, interstate and local agencies for planning, developing, establishing, improving, and maintaining air pollution control programs (section 105, Clean Air Act, 42 U.S.C. 1857c).

121. Grants to interstate agencies for expediting the establishment of air quality standards in interstate air quality control regions (sec. 106, Clean Air Act, 42 U.S.C. 1857c–1).

122. Grants to State agencies to develop uniform motor vehicle emission device inspection and emission testing programs (sec. 209, Clean Air Act, 42 U.S.C. 1857f–6b).

123. Solid waste disposal project grants and contracts for research, training, demonstrations, surveys and studies (sec. 204, Solid Waste Disposal Act, 42 U.S.C. 3253).

124. Grants to State and interstate agencies for conducting surveys of solid waste disposal problems and practices and developing disposal plans (sec. 205, Solid Waste Disposal Act, 42 U.S.C. 3255).

125. Project grants and contracts for research, development, training, and studies in the field of electronic product radiation (sec. 356, Public Health Service Act, 42 U.S.C. 263d).

126. Project grants and contracts for research, studies, demonstrations, training, and education relating to coal mine health (sec. 501, Federal Coal Mine Health and Safety Act of 1969, Public Law 91–173).

127. Surplus real and related personal property disposal (40 U.S.C. 484(k)).

128. Supplementary medical insurance benefits for the aged (title XXIII, part B, Social Security Act, 42 U.S.C. 1395j–1395w).

129. Issuance of rent-free permits for vending stands, credit unions, employee associations, etc. (20 U.S.C. 107–107f; 45 CFR Part 20; sec. 25, 12 U.S.C. 1770).

130. Grants for special vocational rehabilitation projects (29 U.S.C. 34(a)(1)).

131. Experimental, pilot or demonstration projects to promote the objectives of title I, X, XIV, XVI, or XIX or part A of title IV of the Social Security Act (42 U.S.C. 1315).

132. Social Security and welfare cooperative research or demonstration projects (42 U.S.C. 1310).

133. Child welfare research, training, or demonstration projects (42 U.S.C. 626).

134. Training projects (title V, Older Americans Act, 42 U.S.C. 3041–3042).

135. Grants for expansion of vocational rehabilitation services (29 U.S.C. 34(a)(A)).

136. Grants for construction of rehabilitation facilities (29 U.S.C. 41a(a)–(e)) and for initial staffing of rehabilitation facilities (29 U.S.C. 41a(f)).

137. Project development grants for rehabilitation facilities (29 U.S.C. 41a(g)(2)).

138. Rehabilitation Facility improvement grants (29 U.S.C. 41b(b)).

139. Agreement for the establishment and operation of a national center for deaf-blind youths and adults (29 U.S.C. 42a).

140. Project grants for services for migratory agricultural workers (29 U.S.C. 42b).

141. Grants for initial staffing of community mental retardation facilities (42 U.S.C. 2671–2677).

142. Grants for training welfare personnel and for expansion and development of undergraduate and graduate social work programs (42 U.S.C. 906, 908).

143. Research and development projects concerning older Americans (42 U.S.C. 3031–3032).

144. Special project grants to State agencies for health of school and preschool children (42 U.S.C. 709) and for dental health of children (42 U.S.C. 710).

145. Grants to States for training of nursing home administrators (42 U.S.C. 1396g(e)).

146. Contracts or jointly financed cooperative arrangements with industry (29 U.S.C. 34(a)(2)(B)).

147. Project grants for new careers in rehabilitation (29 U.S.C. 34(a)(2)(C)).

AR_0058

23500

## PROPOSED RULE MAKING

148. Children of low-income families (20 U.S.C. 241a–241m).
149. Grants for training (29 U.S.C. 37(a)(2)).
150. Grants for projects for training services (29 U.S.C. 41b(a)).
151. Grants for comprehensive juvenile delinquency planning (42 U.S.C. 3811).
152. Grants for project planning in juvenile delinquency (42 U.S.C. 3812).
153. Grants for juvenile delinquency rehabilitative services projects (42 U.S.C. 3822, 3842).
154. Grants for juvenile delinquency preventive services projects (42 U.S.C. 3832, 3842).
155. Grants for training projects in juvenile delinquency fields (42 U.S.C. 3842).
156. Grants for development of improved techniques and practices in juvenile delinquency services (42 U.S.C. 3871).
157. Grants for technical assistance in juvenile delinquency services (42 U.S.C. 3872).
158. Grants for State technical assistance to local units in juvenile delinquency services (42 U.S.C. 3873).
159. Retired senior volunteer program (42 U.S.C. 3044).
160. Foster grandparent program (42 U.S.C. 3044b).
161. Grants for public service careers projects (42 U.S.C. 2744).
162. Grants to public or private nonprofit agencies to carry on the Project Headstart Program (42 U.S.C. 2809(a)(1)).
163. Project grants for new careers for the handicapped (29 U.S.C. 34(a)(2)(D)).

**Part 2. Continuing Assistance to State Administered Programs**

1. Grants to States for public library services and construction, interlibrary cooperation and specialized State library services for certain State institutions and the physically handicapped (20 U.S.C. 351–358).
2. Grants to States for strengthening instruction in academic subjects (20 U.S.C. 441–444).
3. Grants to States for vocational education (20 U.S.C. 1241–1264).
4. Arrangements with State education agencies for training under the Manpower Development and Training Act (42 U.S.C. 2601–2602, 2610a).
5. Grants to States to assist in the elementary and secondary education of children of low-income families (20 U.S.C. 241a–241m).
6. Grants to States to provide for school library resources, textbooks and other instructional materials for pupils and teachers in elementary and secondary schools (20 U.S.C. 821–827).
7. Grants to States to strengthen State departments of education (20 U.S.C. 861–870).
8. Grants to States for community service programs (20 U.S.C. 1001–1011).
9. Grants to States for adult basic education and related research, teacher training and special projects (20 U.S.C. 1201–1213).
10. Grants to State educational agencies for supplementary educational centers and services, and guidance, counseling and testing (20 U.S.C. 841–848).
11. Grants to States for research and training in vocational education (20 U.S.C. 1281(b)).
12. Grants to States for exemplary programs and projects in vocational education (20 U.S.C. 1301–1305).
13. Grants to States for residential vocational education schools (20 U.S.C. 1322).
14. Grants to States for consumer and homemaking education (20 U.S.C. 1341).
15. Grants to States for cooperative vocational education program (20 U.S.C. 1351–1355).

16. Grants to States for vocational work-study programs (20 U.S.C. 1371–1374).
17. Grants to States to attract and qualify teachers to meet critical teaching shortages (20 U.S.C. 1108–1110c).
18. Grants to States for education of handicapped children (20 U.S.C. 871–880).
19. Grants for administration of State plans and for comprehensive planning to determine construction needs of institutions of higher education (20 U.S.C. 718(b)).
20. Grants to States for comprehensive health planning (sec. 314(a), Public Health Service Act, 42 U.S.C. 246(a)).
21. Grants to States for establishing and maintaining adequate public health services (sec. 314(d), Public Health Service Act, 42 U.S.C. 246(d)).
22. Grants, loans, and loan guarantees with interest subsidies for hospital and medical facilities (title VI, Public Health Service Act, 42 U.S.C. 291 et seq.).
23. Grants to States for community mental health centers construction (Community Mental Health Centers Act, part A, 42 U.S.C. 2681–2687).
24. Cost of rehabilitation services (title II, Social Security Act, sec. 222(d); 42 U.S.C. 422(d)).
25. Surplus personal property disposal donations for health and educational purposes through State agencies (42 U.S.C. 484).
26. Grants for State and community programs on aging (title III, Older Americans Act, 42 U.S.C. 3021–3025).
27. Grants to States for construction of mental retardation facilities (42 U.S.C. 2671–2677).
28. Grants to States for vocational rehabilitation services (29 U.S.C. 32); for innovation of vocational rehabilitation services (29 U.S.C. 33); and for rehabilitation facilities planning (29 U.S.C. 41a(g)(1)).
29. Designation of State licensing agency for blind operators of vending stands (20 U.S.C. 107–107f).
30. Grants to States for old-age assistance (42 U.S.C. 301 et seq.); aid to families with dependent children (42 U.S.C. 601 et seq.); child-welfare services (42 U.S.C. 620 et seq.); aid to the blind (42 U.S.C. 1201 et seq.); aid to the permanent and totally disabled (42 U.S.C. 1351 et seq.); aid to the aged, blind, or disabled (42 U.S.C. 1381 et seq.); medical assistance (42 U.S.C. 1396 et seq.).
31. Grants to States for maternal and child health and crippled children's services (42 U.S.C. 701–7077); for special projects for maternal and infant care (42 U.S.C. 708).
32. Grants to States for juvenile delinquency preventive and rehabilitative services (42 U.S.C. 3841).
33. Grants to States for evaluation and work adjustment services (42 U.S.C. 42–1).

[FR Doc.71–17886 Filed 12–8–71;8:46 am]

# NATIONAL SCIENCE FOUNDATION

**[ 45 CFR Part 611 ]**

## NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS

### Notice of Proposed Rule Making

In order to reflect the uniform revisions being jointly adopted by all agencies with title VI responsibilities, the following amendments are proposed to the National Science Foundation regulations implementing title VI of the Civil Rights Act of 1964:

1. Section 611.3 is amended as follows.
   a. A new subparagraph (3) is added to paragraph (b), and existing subparagraphs (3) and (4) are to be renumbered (4) and (5).
   b. A new subparagraph (6) is added to paragraph (b).
   c. Paragraph (c)(3) is revised to read as follows.
   d. New paragraph (c)(4) is added.
   As amended, § 611.3 reads as follows:

§ 611.3   Discrimination prohibited.

\*        \*        \*        \*        \*

(b)  \*        \*        \*

(3)  In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

\*        \*        \*        \*        \*

(6)  This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

(c)  \*        \*        \*

(3)  The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(4)  Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of the foregoing subparagraph (c) of this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

\*        \*        \*        \*        \*

AR_0059

# PROPOSED RULE MAKING

2. Section 611.4 is amended as follows:

a. Paragraph (a)(1) is amended to delete the existing second and third sentences and insert in lieu thereof the following:

b. Paragraph (a)(2) is revised to read as follows:

c. Paragraph (b) is amended to delete the term "Commissioner of Education" and insert in lieu thereof "the responsible Official of the Department of Health, Education, and Welfare".

As amended, § 611.4 reads as follows:

§ 611.4  Assurances required.

(a) *General.* (1) * * * In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. * * *

(2) In the case where Federal financial assistance is provided in the form of a transfer of real property, structures, or improvements thereon, or interest therein, from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Foundation to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Foundation official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the responsible Foundation official may agree, upon request of the transferee and if necessary to accomplish such financing, and such conditions as he deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

* * * * *

3. Section 611.5 is amended to add subparagraphs 6 and 7 as follows:

§ 611.5  Illustrative applications.

* * * * *

6. In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 611.6(d) to provide information as to the availability of the program or activity, and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals which will insure that groups previously subjected to discrimination are adequately served but not the establishment of discriminatory qualifications for participation in any program.

7. Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

4. Section 611.8(d) is amended by deleting the phrase following number 2 and renumbering 3 to 2.

5. Section 611.9 is amended as follows:

a. Paragraph (b) is amended to delete citation of the Administrative Procedure Act and insert in lieu thereof "5 U.S.C. 3105 and 3344".

b. Paragraph (d) is amended to delete the citation of the Administrative Procedure Act and insert in lieu thereof "5 U.S.C. 554-557".

6. Section 611.10 is amended by adding a new paragraph (g) as follows:

§ 611.10  Decisions and notices.

* * * * *

(g) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Foundation official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Foundation official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Foundation official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Foundation official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

6. Section 611.12 is amended as follows:

a. Paragraph (a) is amended to delete the existing last sentence and insert in lieu thereof the following:

b. Paragraph (c) is amended to add thereto the following:

§ 611.12  Effect on other regulations; forms and instructions.

(a) * * * Nothing in this part, however, supersedes any of the following (including future amendments thereof): (1) Executive Order 11246 and regulations issued thereunder, or (2) any other orders, regulations, or instructions, insofar as such orders, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

* * * * *

(c) * * * Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this agency.

7. Appendix A is deleted and the following substituted therefor:

APPENDIX A

Statutory Provisions under which the National Science Foundation provides Federal financial assistance:

The National Science Foundation Act of 1950, as amended (42 U.S.C. 1861-1875).
Title IX of the National Defense Education Act of 1958 (42 U.S.C. 1876-1879).
The National Sea Grant College and Program Act of 1966 (80 Stat. 998).[1]

W. D. McELROY,
*Director,*
*National Science Foundation.*

[FR Doc.71-17887 Filed 12-8-71;8:46 am]

[1] Functions to be transferred to the National Oceanic and Atmospheric Administration, Department of Commerce, under Reorganization Plan No. 4 of 1970.

AR_0060

23502

## PROPOSED RULE MAKING

# OFFICE OF ECONOMIC OPPORTUNITY

### [ 45 CFR Part 1010 ]

### NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

### Notice of Proposed Rule Making

It is proposed to revise Part 1010 of Title 45 of the Code of Federal Regulations in accordance with uniform revisions jointly adopted by the Federal agencies to effect clarifications to the regulations enacted pursuant to title VI of the Civil Rights Act of 1964.

Part 1010 now reads as follows:

Sec.
1010.1   Purpose.
1010.2   Definitions.
1010.3   Application of this part.
1010.4   Discrimination prohibited.
1010.5   Assurances required.
1010.6   Illustrative applications.
1010.7   Compliance information.
1010.8   Conduct of investigation.
1010.9   Procedure for effecting compliance.
1010.10   Hearings.
1010.11   Decisions and notices.
1010.12   Judicial review.
1010.13   Effect on other regulations; forms and instructions.

AUTHORITY: The provisions of this Part 1010 are issued under sec. 602, 78 Stat. 252; 42 U.S.C. 2000d-1; and sec. 602, 78 Stat. 528; 42 U.S.C. 2942.

### § 1010.1   Purpose.

The purpose of this part is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereinafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the Office of Economic Opportunity.

### § 1010.2   Definitions.

As used in this part—

(a) The term "Office" means the Office of Economic Opportunity, and includes all of its organizational units.

(b) The term "Director" means the Director of the Office of Economic Opportunity.

(c) The term "responsible Office official" with respect to any program receiving Federal financial assistance means the Director or other official of the Office who by law or by delegation has the principal responsibility within the Office for the administration of the law extending such assistance.

(d) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(e) The term "Federal financial assistance" includes (1) grants and loans

of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration, or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(f) The term "program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals (including education or training, health, welfare, rehabilitation, housing, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities and cash or loan or other assistance to individuals), or for the provision of facilities for furnishing services, financial aid or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(g) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(h) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, organization, or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient thereof, but such term does not include any ultimate beneficiary under any such program.

(i) The term "primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(j) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible Office official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term

"application" means any such application, request, or plan.

### § 1010.3   Application of this part.

(a) This part applies to any program for which Federal financial assistance is authorized under a provision of law administered by the Office, including the federally assisted programs and activities listed in Appendix A of this part. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of the part pursuant to an application approved prior to such effective date. This part does not apply to (1) any Federal financial assistance by way of insurance or guaranty contracts, (2) money paid, property transferred, or other assistance extended under any such program before the effective date of this part, (3) any assistance to any individual who is the ultimate beneficiary under any such program, (4) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 1010.4. Any action or inaction on the part of a recipient which is a direct violation of the Economic Opportunity Act of 1964, will be dealt with under regulations enacted pursuant to such Act. The fact that a program or activity is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereinafter enacted may be covered by this part after notice is published in the FEDERAL REGISTER.

(b) The regulations issued by the Department of Agriculture pursuant to title VI of the Act (7 CFR Part 15) shall be applicable to the program of grants and loans authorized under title III, Part A of the Economic Opportunity Act of 1964, as amended.

(c) The regulations issued by the Department of Labor pursuant to Title VI of the Act (29 CFR Part 31) shall be applicable to the work-training programs authorized under Title I, Part B of the Economic Opportunity Act of 1964, as amended, and to the Special Work and Career Development Programs authorized under Title I, Part E of the Economic Opportunity Act of 1964, as amended, and to the extent determined by that Department, to the Job Corps Program under Title I, Part A.

(d) The regulations issued by the Department of Health, Education, and Welfare pursuant to Title VI of the Act (45 CFR Part 80) shall be applicable to the work experience programs authorized under Title V, Part A of the Economic Opportunity Act of 1964, as amended, and shall be applicable to the "Project Head Start" authorized under Title II, and to the "Follow Through" Program authorized under Title II, of the Economic Opportunity Act of 1964, as amended.

(e) The regulations issued by the Small Business Administration pursuant to Title VI of the Act (13 CFR Part 112) shall be applicable to the program of

AR_0061

## PROPOSED RULE MAKING

23503

employment and investment incentives authorized under Title IV of the Economic Opportunity Act of 1964, as amended.

§ 1010.1  *Discrimination prohibited.*

(a) *General.* No person in the United States shall, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this part applies.

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny any individual any services, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(v) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vi) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program, including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section.

(2) A recipient in determining the type of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin.

(3) In determining the site or location of facilities, an applicant or recip-

ient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) This part does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

(c) *Employment practices.* Where a primary objective of the Federal financial assistance to a program or part thereof to which this part applies is to provide employment, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the grounds of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is (1) to reduce the unemployment of such individuals or to help them through employment to meet subsistence needs, (2) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training, or (3) to provide work experience which contributes to the education or training of such individuals. The following programs administered by the Office have one of the above objectives as a primary objective:

(i) Community Action Programs or parts thereof which have as a primary objective the provision of employment.

(ii) Programs of assistance for migrant, and other seasonally employed,

agricultural employees and their families which have as a primary objective the provision of employment.

The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any executive order which supersedes it. Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, the provisions of the foregoing subparagraph of this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

(d) *Indian programs.* An individual shall not be deemed subjected to discrimination by reason of his exclusion from the benefits of a program limited by Federal law to individuals of a particular race, color, or national origin different from his.

(e) *Medical emergencies.* Notwithstanding the foregoing provisions of this section, a recipient of Federal financial assistance shall not be deemed to have failed to comply with paragraph (a) of this section if immediate provision of a service or other benefit to an individual is necessary to prevent his death or serious impairment of his health, and such service or other benefit cannot be provided except by or through a medical institution which refuses or fails to comply with paragraph (a) of this section.

§ 1010.5  *Assurances required.*

(a) *General.* (1) (i) Every application for Federal financial assistance to a program to which this part applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part, and that the applicant will in all phases and levels of programs and activities, install an affirmative action program to achieve equal opportunities for participation, with provisions for effective periodic self-evaluation.

(ii) In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar

AR_0062

**PROPOSED RULE MAKING**

services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. The responsible Office official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired with Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is acquired or improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Office to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Office official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Director may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

(3) Transfers of surplus property are subject to regulations issued by the Administrator of General Services (41 CFR 101–6.2).

(b) *Elementary and secondary schools.* In the case of any program for the benefit of elementary or secondary school students which, as a necessary part of such program, utilizes to a substantial extent the facilities of an elementary or secondary school or school system, the requirements of paragraph (a) of this section shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the

United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plan. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order including any future modification of such order. The provisions of this paragraph do not apply to programs for preschool children.

(c) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education (including assistance for construction, for research, for a special training project, for a student loan program, or for any other purpose), the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution unless the institution establishes, to the satisfaction of the responsible Office official, that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

§ 1010.6 Illustrative applications.

The following examples illustrate some applications of the foregoing provisions to programs receiving Federal financial assistance administered by the Office of Economic Opportunity. In all cases, the "discrimination" prohibited is discrimination on the grounds of race, color, or national origin prohibited by title VI of the Act and this part, as a condition of the receipt of Federal financial assistance.

(a) *Community action programs.* Community action programs generally consist of a number of related antipoverty programs coordinated by a central community agency, either public or private nonprofit. There can be no dis-

crimination in the formulation of groups to conduct any program funded under title II of the Economic Opportunity Act of 1964, as amended. Nor can any such program be operated in a discriminatory manner. Such a program must be open to all regardless of race, color, or national origin, and must distribute its benefits in a nondiscriminatory manner. It may not restrict service to members of a group or groups if membership in the group depends on race, color, or national origin.

(b) *Programs in elementary or secondary schools.* In the case of a program covered by this part which benefits elementary or secondary school students and which is necessarily conducted in a school regularly attended by the participating students, the program must be run on a nondiscriminatory basis, or else the school system must give assurance that it is complying with a Federal court order or a plan approved by the responsible official of the Department of Health, Education, and Welfare leading to the desegregation of the school system. If, however, students do not participate in such a program in the schools they regularly attend, or if the use of school facilities is incidental to the program or not necessary to its conduct, the program must be run on a nondiscriminatory basis and the assurance specified in § 1010.5(a) must be given, whether or not there is a court order or approved plan with respect to the school system. This is the case in any program for preschool children.

(c) *Institutions of higher education.* In any research, training, demonstration, or other grant from the Office to a university for a program to be conducted in a college or university, discrimination in the admission and treatment of students in the program is prohibited, and the prohibition extends to the entire university unless it satisfies the responsible Office official that practices with respect to other parts or programs of the university will not interfere, directly or indirectly, with fulfillment of the assurance required with respect to the program.

§ 1010.7 Compliance information.

(a) *Cooperation and assistance.* Each responsible Office official shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part, and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Office official or his designee timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the responsible Office official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance

AR_0063

PROPOSED RULE MAKING

23505

reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) *Access to sources of information.* Each recipient shall permit access to the responsible Office official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner as the responsible Office official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

§ 1010.8   Conduct of investigations.

(a) *Periodic compliance reviews.* The responsible Office official or his designee shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Office official or his designee a written complaint. A complaint must be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Office official or his designee.

(c) *Investigations.* The responsible Office official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the responsible Office official or his designee will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1010.9.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the responsible Office official or his designee will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 1010.9   Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 1010.5.* If an applicant fails or refuses to furnish an assurance under § 1010.5 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Office shall not be required to provide assistance in such a case during pendency of the administrative proceedings under such paragraph.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Office official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the Director pursuant to § 1010.11(e), and (4) the expiration of 30 days after the Director has filed with the committee of the House and the committee of the Senate having

legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance with title VI of the Act by any other means authorized by law shall be taken until (1) the responsible Office official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 1010.10   Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1010.9(c), reasonable notice of such hearing shall be given by registered or certified mail, return receipt requested to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Office official that the matter be scheduled for hearing, or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this subsection or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 1010.9(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held in Washington, D.C., at a time and place fixed by the responsible Office official unless he determines that the convenience of the applicant or recipient or of the Office requires that another place be selected. Hearings shall be held before the responsible Office official, or at his discretion, before a hearing examiner designated in accordance with

AR_0064

23506

# PROPOSED RULE MAKING

5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Office shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Office and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence unless dispensed with by stipulation. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Director may, by agreement with such other departments or agencies, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedure not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 1010.11.

§ 1010.11   Decisions and notices.

(a) *Decision by person other than the responsible Office official.* If the hearing is held by a hearing examiner, such hearing examiner shall either make any initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Office official for a final decision and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner, the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible Office official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Office official may, on his own motion, within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review, the responsible Office official shall review the initial decision and issue his own decision thereon, including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Office official.

(b) *Decisions on record or review by the responsible Office official.* Whenever a record is certified to the responsible Office official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible Office official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the finl decision of the responsible Office official shall be given in writing to the applicant or recipient, and the complainant, if any.

(c) *Decisions on record where hearing is waived.* Whenever a hearing is waived pursuant to § 1010.10(a), a decision shall be made by the responsible Office official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible Office official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Director.* Any final decision of a responsible Office official (other than the Director) which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part of the Act, shall promptly be transmitted to the Director, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the responsible Office official that it will fully comply with this part.

(g) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Office official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Office official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Office official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Office official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under the paragraph (f) of this section shall remain in effect.

§ 1010.12   Judicial review.

Any action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1010.13   Effect on other regulations; forms and instructions.

(a) Nothing in this part shall be deemed to supersede (1) Executive Orders 10925, 11114, and 11246 and regulations issued thereunder, or (2) any other regulations or instructions insofar as they prohibit discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) Forms and instructions: Each responsible Office official shall issue and promptly make available to interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) Supervision and coordination: The Director may, from time to time, assign to officials of other departments or agencies of the Government (with the consent of such department or agency) responsibilities in connection with the effectuation of the purposes of title VI of

AR_0065

the Act and this part (other than responsibility for final decision as provided in § 1010.11), including the achievement of effective coordination and maximum uniformity within the Office and within the executive branch of the Government in the application of title VI and this part to similar programs in similar situations. Any action taken, determination made, or requirements imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this agency.

Dated: December 30, 1970.

FRANK CARLUCCI,
*Acting Director,*
*Office of Economic Opportunity.*

APPENDIX A

FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

Federal Financial assistance provided under the following provisions of the Economic Opportunity Act of 1964, as amended, are now administered by the Office and covered by this part:

Sections 113(b) and 113(c) (Experimental and Developmental Projects Relating to Job Corps).

Title I, Part D (Special Impact Programs).

Title II—except Head Start and Follow Through.

Title III, Part D (Assistance for Migrant, and Other Seasonally Employed, Farmworkers and Their Families).

Title VIII (Federal Financial Assistance to Domestic Volunteer Service Programs).

[FR Doc.71–17888 Filed 12–8–71;8:46 am]

# NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES

[ 45 CFR Part 1110 ]

NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

## Notice of Proposed Rule Making

Part 1110 reads as follows:

Sec.
1110.1  Purpose.
1110.2  Application of part.
1110.3  Discrimination prohibited.
1110.4  Assurances required.
1110.5  Illustrative applications.
1110.6  Compliance information.
1110.7  Conduct of investigations.
1110.8  Procedure for effecting compliance.
1110.9  Hearings.
1110.10  Decisions and notices.
1110.11  Judicial review.
1110.12  Effect on other regulations; forms and instructions.
1110.13  Definitions.

AUTHORITY: The provisions of this Part 1110 issued under sec. 602, 78 Stat. 252 and sec. 10(a)(1), 79 Stat. 852.

§ 1110.1  Purpose.

The purpose of this part is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as the "Act") to the end that

no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the National Endowment for the Arts or the National Endowment for the Humanities.

§ 1110.2  Application of part.

This part applies to any program for which Federal financial assistance is authorized under a law administered by the National Endowment for the Arts or the National Endowment for the Humanities including the federally assisted programs and activities listed in Appendix A of this part. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of the part pursuant to an application approved prior to such effective date. This part does not apply to (a) any Federal financial assistance by way of insurance or guaranty contract, (b) money paid, property transferred, or other assistance extended under any such program before the effective date of this part, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 1110.3. The fact that a program or activity is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

§ 1110.3  Discrimination prohibited.

(a) *General.* No person in the United States shall, on grounds of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this part applies.

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program to which this part applies may not directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny an individual any service, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(v) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vi) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program (including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section).

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respects individuals of a particular race, color, or national origin.

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in,

AR_0066

# PROPOSED RULE MAKING

to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

(c) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program to which this part applies is to provide employment, a recipient may not directly or through contractual or other arrangements subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation and use of facilities), including programs where a primary objective of the Federal financial assistance is (i) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training or (ii) to provide work experience which contributes to the education or training of such individuals or (iii) to reduce the unemployment of such individuals or to help them through employment to meet subsistence needs.

(2) The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Executive Order 11246 or any executive order which supersedes it.

(3) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of the foregoing subparagraph of this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and non-discriminatory treatment of, beneficiaries.

(d) *Medical emergencies.* Notwithstanding the foregoing provisions of this section, a recipient of Federal financial assistance shall not be deemed to have failed to comply with paragraph (a) of this section if immediate provision of a service or other benefit to an individual is necessary to prevent his death or serious impairment of his health, and such service or other benefit cannot be provided except by or through a medical institution which refuses or fails to comply with paragraph (a) of this section.

§ 1110.4  Assurances required.

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies,

and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer; and any other type or form of assistance, the assurances shall be in effect for the duration of the period during which Federal financial assistance is extended to the program. The responsible Endowment official shall specify the form of the foregoing assurances for each program and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Endowment to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Endowment official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In the event a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred,

the Chairman of the Endowment concerned may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

(3) Transfers of surplus property are subject to regulations issued by the Administrator of the General Services Administration. (41 CFR 101–6.2)

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible Endowment official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part.

(c) *Elementary and secondary schools* The requirements of paragraph (a) of this section with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time and provides reasonable assurance that it will carry out such plan. In any case of continuing Federal financial assistance, the responsible official of the Department of Health, Education, and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

(d) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education (including assistance for construction, for research, for a special training project, or for any other purpose), the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

AR_0067

PROPOSED RULE MAKING

23509

(2) The assurance required with respect to an institution of higher education or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the responsible Endowment official, that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in, such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

§ 1110.5 Illustrative applications.

The following examples will illustrate the application of the foregoing provisions to some of the activities for which Federal financial assistance is provided by the Endowments. (In all cases the discrimination prohibited is discrimination on the ground of race, color, or national origin prohibited by title VI of the Act and this part, as a condition of the receipt of Federal financial assistance.)

(a) In a research, training, or other grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited, and the prohibition extends to the entire university, unless it satisfies the responsible Endowment official that practices with respect to other parts or programs of the university will not interfere, directly or indirectly, with fulfillment of the assurance required with respect to the graduate school.

(b) In cases of Federal financial assistance to elementary or secondary schools, discrimination by the recipient school district in any of its elementary or secondary schools, or by the recipient private institution, in the admission of students, or in the treatment of its students in any aspect of the educational process, is prohibited. In this and the following illustration the prohibition of discrimination in the treatment of students or other trainees includes the prohibition of discrimination among the students or trainees in the availability or use of any academic, dormitory, eating, recreational, or other facilities of the grantee or other recipient.

(c) In a training grant to a non-academic institution, discrimination is prohibited in the selection of individuals to be trained and in their treatment by the grantee during their training. In a research or demonstration grant to such an institution, discrimination is prohibited with respect to any educational activity, any provision of medical or other services and any financial aid to individuals incident to the program.

(d) Where Federal financial assistance is provided to assist in the presentation of artistic and cultural productions to the public, assurances will be required that such productions will not be presented before any audience which has been selected on a discriminatory basis.

(e) A recipient may not take action that is calculated to bring about indirectly what this part forbids it to accomplish directly. Thus, a State, in selecting projects to be supported through a State agency, may not base its selections on criteria which have the effect of defeating or substantially impairing accomplishment of the objectives of the Federal financial assistance as respects individuals of a particular race, color, or national origin.

(f) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under section 1110.6(d) to provide information as to the availability of the program or activity, and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(g) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

§ 1110.6 Compliance information.

(a) Cooperation and assistance. The responsible Endowment official shall, to the fullest extent practicable, seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) Compliance reports. Each recipient shall keep such records and submit to the responsible Endowment official timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the responsible Endowment official may determine to be necessary to enable

him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) Access to sources of information. Each recipient shall permit access by the responsible Endowment official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) Information to beneficiaries and participants. Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Endowment official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

§ 1110.7 Conduct of investigations.

(a) Periodic compliance reviews. The responsible Endowment official shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) Complaints. Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Endowment official a written complaint. A complaint must be filed not later than ninety days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Endowment official.

(c) Investigations. The responsible Endowment official will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) Resolution of matters. (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the responsible Endowment official will so inform the recipient and the matter will be resolved

AR_0068

by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1110.8.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the responsible Endowment official will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 1110.8 Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 1110.4.* If an applicant fails or refuses to furnish an assurance required under § 1110.4 or otherwise fails to comply with that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Endowment concerned shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such paragraph, except that such Endowment shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application therefore approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Endowment official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the

record, after opportunity for hearings, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the Chairman of the Endowment concerned, and (4) the expiration of 30 days after the Chairman has filed with the Committee of the House and the Committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Endowment official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 1110.9 Hearing.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1110.8(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either:

(1) Fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Endowment official that the matter be scheduled for hearing or

(2) Advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 1110.8(c) of this part and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Endowment concerned in Washington, D.C., at a time fixed by the responsible Endowment official unless he determines that the convenience of the applicant or recipient or of the Endowment requires that another place be selected. Hearings shall be held before the responsible Endowment official or, at his discretion, before a hearing examiner designated in accordance with section 11 of the Administrative Procedure Act.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Endowment shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Endowment and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence entered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this Regulation with respect to two or more programs to which this part applies, or noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Chairman of the Endowment concerned may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules or procedures not inconsistent with this part. Final decisions in such cases, insofar as this regulation is concerned, shall be made in accordance with § 1110.10.

AR_0069

§ 1110.10 Decisions and notices.

(a) *Decision by person other than the responsible Endowment official.* If the hearing is held by a hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Endowment official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible Endowment official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Endowment official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible Endowment official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Endowment official.

(b) *Decisions on record or review by the responsible Endowment official.* Whenever a record is certified to the responsible Endowment official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible Endowment official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Endowment official shall be given in writing to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 1110.9(a) a decision shall be made by the responsible Endowment official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible Endowment official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Chairman.* Any final decision of a responsible Endowment official (other than the Chairman) which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Chairman, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the responsible Endowment official that it will fully comply with this part.

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation. (An elementary or secondary school or school system which is unable to file an assurance of compliance with § 1110.3 shall be restored to full eligibility to receive Federal financial assistance, if it files a court order or a plan for desegregation which meets the requirements of § 1110.4(c), and provides reasonable assurance that it will comply with this court order or plan.)

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Endowment official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Endowment official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Endowment official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Endowment official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 1110.11 Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1110.12 Effect on other regulations; forms and instructions.

(a) *Effect on other regulations.* Nothing in this part shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Orders 10925, 11114, and 11246, and regulations issued thereunder, or (2) Executive Order 11063 and regulations issued thereunder or any other regulations or instructions insofar as such order, regulation, or instructions prohibit discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* Each responsible Endowment official shall issue and promptly make available to interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* The Chairman of an Endowment may from time to time assign to other officials of the Endowment or to officials of other departments or agencies of the Government, with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part, including the achievement of effective coordination and maximum uniformity within the Endowment and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this agency.

§ 1110.13 Definitions.

As used in this part:

(a) The term "Foundation" means the National Foundation for the Arts and the Humanities, and includes the National Endowment for the Arts, the National Endowment for the Humanities, and each of their organizational units.

(b) The term "Endowment" means the National Endowment for the Arts or the National Endowment for the Humanities.

(c) The term "Chairman" means the Chairman of the National Endowment for the Arts or the Chairman of the National Endowment for the Humanities.

(d) The term "responsible Endowment official" with respect to any program receiving Federal financial assistance means the Chairman of any Endowment or other Endowment official designated by the Chairman.

AR_0070

# PROPOSED RULE MAKING

(e) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(f) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or the donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(g) The term "program" includes any program, project, or activity involving the provision of services, financial aid, or other benefits to individuals (including education or training, health, housing, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities and cash or loan or other assistance to individuals), or for the provision of facilities for furnishing services, financial aid or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(h) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(i) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization, or other entity or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assign, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(j) The term "primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purposes of carrying out a program.

(k) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible Endowment official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term "application" means such an application, request, or plan.

Dated: October 13, 1970.

NANCY HANKS,
*Chairman,*
*National Endowment for the Arts.*

WALLACE B. EDGERTON,
*Acting Chairman,*
*National Endowment for the*
*Humanities.*

APPENDIX A

FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

1. Assistance to groups for projects and productions in the arts.
2. Surveys, research and planning in the arts.
3. Assistance to State arts agencies for projects and productions in the arts.
4. Support of research in the humanities.
5. Support of educational programs in the humanities, including the training of students and teachers.
6. Assistance to promote the interchange of information in the humanities.
7. Assistance to foster public understanding and appreciation of the humanities.
8. Support of the publication of scholarly works in the humanities.

[FR Doc.71-17789 Filed 12-8-71;8:47 am]

AR_0071



THURSDAY, JULY 5, 1973
WASHINGTON, D.C.

Volume 38 ■ Number 128

PART II



# Nondiscrimination in Federally Assisted Programs

AR_0072

## RULES AND REGULATIONS

### NONDISCRIMINATION IN FEDER- ALLY ASSISTED PROGRAMS

Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d to d-4, prohibits discrimination on the ground of race, color or national origin in programs and activities receiving Federal financial assistance. At present, 21 Federal agencies have regulations implementing Title VI.[1]

Each of these agencies has adopted amendments to its Title VI regulation.[2] In addition, four agencies, the Civil Service Commission, Environmental Protection Agency, Federal Home Loan Bank Board, and National Foundation on the Arts and the Humanities, have adopted initial Title VI regulations. The regulation amendments of the 21 agencies and the four initial regulations have been approved by the President (FR Doc. 73-13407)[2a], in accord with section 602 of Title VI, 42 U.S.C. 2000d–1.

The background of the amendments and the new regulations is as follows: On December 9, 1971, uniform amendments to the Title VI regulations of 20 agencies and the initial regulation of the National Foundation on the Arts and the Humanities were published in the FEDERAL REGISTER as proposed rule making. See 36 FR. 23447. Comments on the proposals were submitted to the Department of Justice which has responsibility, under Executive Order 11247, for coordinating implementation of Title VI by Federal agencies. On the basis of the comments, the Department of Justice recommended that agencies with major Title VI responsibilities adopt certain additional amendments.

As a result of the above steps, the original uniform amendments are, with limited exceptions, included in each set of amendments to existing regulations and in each of the four initial regulations.[3] The most important of these provisions involve: prohibiting discrimination in the selection of sites for facilities of Federally assisted programs, requiring affirmative action to overcome the effects of past discrimination, and providing that discriminatory employment practices are prohibited by Title VI to the extent that such practices tend to cause discrimination in the services provided to beneficiaries.

[1] Title VI regulations are presently in effect for the Departments of Agriculture, Commerce, Defense, HEW, HUD, Interior, Labor, Justice, State and Transportation and the following agencies: AID, AEC, CAB, GSA, NASA, NSF, OEO, OEP, SBA, TVA and VA.

[2] The amendments of four agencies, Commerce, HUD, OEO and OEP, are in the form of complete reissuance of their respective regulations.

[2a] Filed with the Office of the Federal Register.

[3] Subsequent to December 9, 1971, the regulations of the Civil Service Commission, Environmental Protection Agency and Federal Home Loan Bank Board and amendments to the Department of Transportation regulation were published in the FEDERAL REGISTER as proposed rule making.

In addition, the amendments of 13 agencies with major Title VI responsibilities[4] include provisions which the Department of Justice had recommended on the basis of public comments. These additional provisions relate to: prohibiting discrimination in the selection of members of planning and advisory bodies, referring to the obligation of recipients of Federal funds to maintain racial and ethnic data with regard to program beneficiaries, and extending (from 90) to 180 days the time for filing complaints.

The regulation amendments and the four initial regulations will take effect on July 5, 1973.

### Title 5—Administrative Personnel

### CHAPTER I—CIVIL SERVICE COMMISSION

### PART 900—INTERGOVERNMENTAL PERSONNEL ACT GRANT PROGRAM

The purpose of this amendment adding Subpart D to Part 900 of the regulations of the Civil Service Commission is to implement section 601 of the Civil Rights Act of 1964.

Notice of proposed rulemaking concerning these regulations was published in the FEDERAL REGISTER of February 3, 1972. The purpose of that publication was to give interested persons an opportunity to submit written comments, objections, or suggestions. After consideration of all comments, objections, and suggestions as were presented by interested persons, § 900.404(b) (6) has been changed in order to clarify the affirmative action requirement of § 900.404.

Section 601 of the Civil Rights Act of 1964 forbids discrimination on the ground of race, color, or national origin under any program or activity that receives Federal financial assistance. Section 602 of the Act authorizes and directs each Federal department or agency that is empowered to assist any program or activity to issue regulations implementing section 601. Accordingly, the Commission[5] is adopting Subpart D of Part 900 to accomplish this legislative directive.

In consideration of the foregoing, Part 900 of Title 5 of the Code of Federal Regulations is amended by adding a new Subpart D as follows. This Subpart D shall become effective on July 5, 1973.

Pursuant to section 602 of the Civil Rights Act of 1964 (42 U.S.C. 2000d–1), this regulation has been approved by the President.

The authority statement now in Part 900 appearing in the FEDERAL REGISTER (FR. Doc. 71–120161 of August 17, 1971 on page 15515 is deleted and a new authority statement should be added immediately after the headings for Subparts A, B, and C as follows:

AUTHORITY: Sec. 503, 84 Stat. 1926.

[4] These agencies are the ten departments and OEO, SBA and VA.

### Subpart D—Nondiscrimination in Federally Assisted Programs in the U.S. Civil Service Commission—Effectuation of Title VI of the Civil Rights Act of 1964

Sec.
900.401   Purpose.
900.402   Application of this subpart.
900.403   Definitions.
900.404   Discrimination prohibited.
900.405   Assurances required.
900.406   Compliance information.
900.407   Conduct of investigations.
900.408   Procedure for effecting compliance.
900.409   Hearings.
900.410   Decisions and notices.
900.411   Judicial review.
900.412   Effect on other regulations, forms, and instructions.

Appendix A—Activities to which this subpart applies.
Appendix B—Activities to which this subpart applies when a primary objective of the Federal financial assistance is to provide employment.
Appendix C—Application of Subpart D, Part 900, to programs receiving Federal financial assistance of the U.S. Civil Service Commission.

AUTHORITY: The provisions of this Subpart D issued under sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1.

### Subpart D—Nondiscrimination in Federally Assisted Programs in the U.S. Civil Service Commission—Effectuation of Title VI of the Civil Rights Act of 1964

§ 900.401  Purpose.

The purpose of this subpart is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as title VI) to the end that no person in the United States shall not, on the ground of race, color, or national origin, be denied the benefits of, or be otherwise subjected to discrimination under, any program or activity receiving Federal financial assistance from the Commission.

§ 900.402  Application of this subpart.

(a) This subpart applies to each program for which Federal financial assistance is authorized under a law administered by the Commission, including the federally assisted programs listed in Appendix A to this subpart. It also applies to money paid, property transferred, or other Federal financial assistance extended under a program after the effective date of this subpart pursuant to an application approved before that effective date. This subpart does not apply to:

(1) Federal financial assistance by way of insurance or guaranty contracts;

(2) Money paid, property transferred, or other assistance extended under a program before the effective date of this subpart, except when the assistance was subject to the title VI regulations of an agency whose responsibilities are now exercised by the Commission;

(3) Assistance to any individual who is the ultimate beneficiary under a program; or

(4) Employment practices, under a program, of an employer, employment agency, or labor organization, except to the extent described in § 900.404(c).

The fact that a program is not listed in Appendix A to this subpart does not

mean, if title VI is otherwise applicable, that the program is not covered. Other programs under statutes now in force or hereinafter enacted may be added to Appendix A to this subpart.

(b) In a program receiving Federal financial assistance in the form, or for the acquisition, of real property or an interest in real property, to the extent that rights to space on, over, or under that property are included as part of the program receiving that assistance, the nondiscrimination requirement of this subpart extends to a facility located wholly or in part in that space.

§ 900.403  Definitions.

Unless the context requires otherwise, in this subpart:

(a) "Applicant" means a person who submits an application, request, or plan required to be approved by the Commission, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and "application" means that application, request, or plan.

(b) "Facility" includes all or any part of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration, or acquisition of facilities.

(c) "Federal financial assistance" includes:

(1) Grants and loans of Federal funds;

(2) The grant or donation of Federal property and interests in property;

(3) Details of Federal personnel;

(4) The sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in the property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by the sale or lease to the recipient; and

(5) A Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(d) "Primary recipient" means a recipient that is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(e) "Program" includes a program, project, or activity for the provision of services, financial aid, or other benefits to individuals (including education or training or other services whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities), or for the provision of facilities for furnishing services, financial aid, or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance are deemed to include a service, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet the matching

requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or non-Federal resources.

(f) "Recipient" may mean any State, the District of Columbia, the Commonwealth of Puerto Rico, a territory or possession of the United States, or any political subdivision thereof, or instrumentality thereof, any public or private agency, institution, or organization, or other entity, or any individual in any State, the District of Columbia, the Commonwealth of Puerto Rico, or territory or possession of the United States, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assignee, or transferee thereof, but the term does not include any ultimate beneficiary under a program.

(g) "Chairman" means the Chairman of the U.S. Civil Service Commission, or any person to whom he has delegated his authority in the matter concerned.

§ 900.404  Discrimination prohibited.

(a) General. A person in the United States shall not, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under, a program to which this subpart applies.

(b) Specific discriminatory actions prohibited. (1) A recipient under a program to which this subpart applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin—

(i) Deny a person a service, financial aid, or other benefit provided under the program;

(ii) Provide a service, financial aid, or other benefit to a person which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject a person to segregation or separate treatment in any matter related to his receipt of a service, financial aid, or other benefit under the program;

(iv) Restrict a person in any way in the enjoyment of an advantage or privilege enjoyed by others receiving a service, financial aid, or other benefit under the program;

(v) Treat a person differently from others in determining whether he satisfies an admission, enrollment, quota, eligibility, membership, or other requirement or condition which persons must meet in order to be provided a service, financial aid, or other benefit provided under the program; or

(vi) Deny a person an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program.

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under a program or the class of persons to whom, or the situations in

which, the services, financial aid, other benefits, or facilities will be provided under a program, or the class of persons to be afforded an opportunity to participate in a program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting persons to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program with respect to individuals of a particular race, color, or national origin.

(3) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance include a service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(4) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(5) Examples demonstrating the application of the provisions of this section to certain programs receiving Federal financial assistance from the Commission are contained in Appendix C of this subpart.

(6) (i) In administering a program regarding which the recipient had previously discriminated against persons on the ground of race, color, or national origin, the recipient shall take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of prior discrimination a recipient in administering a program shall take affirmative action as required by the Commission to overcome the effect of conditions which resulted in limiting participation by persons of a particular race, color, or national origin.

(iii) Any affirmative action under this paragraph shall be consistent with the principles stated in the Intergovernmental Personnel Act of 1970, 84 Stat. 1909.

(c) Employment practices. (1) When a primary objective of a program of Federal financial assistance to which this subpart applies is to provide employment, a recipient or other party subject to this subpart shall not, directly or through contractual or other arrangements, subject a person to discrimination on the ground of race, color, or national origin in its employment practices under the program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay, or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees). A recipient shall take affirmative action to insure that applicants are employed, and employees are treated during employment, without regard to race, color, or national origin. The requirements applicable to construction employment under a program are those specified in or pursuant to part III of Executive Order

AR_0074

11246 or any Executive order which supersedes it.

(2) Federal financial assistance to programs under laws funded or administered by the Commission which have as a primary objective the providing of employment include those set forth in Appendix B to this subpart.

(3) In regard to Federal financial assistance which does not have providing employment as a primary objective, the provisions of paragraph (c)(1) of this section apply to the employment practices of the recipient if discrimination on the ground of race, color, or national origin in the employment practices tends, on the ground of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under, the program receiving Federal financial assistance. The provisions of paragraph (c)(1) of this section apply to the extent necessary to assure equality of opportunity to and nondiscriminatory treatment of beneficiaries.

(d) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benfits of, or subjecting them to discrimination under, a program to which this subpart applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of title VI or this subpart.

§ 900.405  Assurances required.

(a) *General.* (1) An application for Federal financial assistance to carry out a program to which this subpart applies, except a program to which paragraph (d) of this section applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of Federal financial assistance pursuant to the application, contain or be accompanied by, assurances that the program will be conducted and the facility operated in compliance with the requirements imposed by or pursuant to this subpart. Every program of Federal financial assistance shall require the submission of these assurances. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurances shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In other cases, the assurances obligate the recipient for the period during which the Federal financial assistance is extended to the program. In the case where the assistance is sought for the construction of a facility or part of a facility, the assurances shall extend to the entire facility and to the facilities operated in connection therewith. The

Commission shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. The assurances shall include provisions which give the United States the right to seek judicial enforcement.

(2) When Federal financial assistance is provided in the form of a transfer of real property, structures, or improvements thereon, or interest therein, from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. When no transfer of property or interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include a covenant in any subsequent transfer of the property. When the property is obtained from the Federal Government, the covenant may also include a condition coupled with a right to be reserved by the Commission to revert title to the property in the event of a breach of the covenant where, in the discretion of the Commission, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In the event a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on property for the purposes for which the property was transferred, the Commission may agree, on request of the transferee and if necessary to accomplish the financing, and on conditions as he deems appropriate, to subordinate a right of reversion to the lien of a mortgage or other encumbrance.

(b) *Assurances from government agencies.* In the case of an application from a department, agency, or office of a State or local government for Federal financial assistance for a specified purpose, the assurance required by this section shall extend to any other department, agency, or office of the same governmental unit if the policies of the other department, agency, or office will substantially affect the project for which Federal financial assistance is requested. That requirement may be waived by the responsible Commission official if the applicant establishes, to the satisfaction of the responsible Commission official, that the practices in other agencies or parts or programs of the governmental unit will in no way affect (1) its practices in the program for which Federal financial assistance is sought, or (2) the beneficiaries of or participants in or persons affected by the program, or (3) full compliance with this subpart as respects the program.

(c) *Assurance from academic and other institutions.* (1) In the case of an application for Federal financial assistance by an academic institution, the assurance required by this section extends to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required by an academic institution, detention or correctional facility, or any other institution or facility, relating to the institution's practices with respect to admission or other treatment of individuals as students, patients, wards, inmates, persons subject to control, or clients of the institution or facility or to the opportunity to participate in the provision of services, disposition, treatment, or benefits to these individuals, is applicable to the entire institution or facility unless the applicant establishes, to the satisfaction of the responsible Commission official, that the practices in designated parts or programs of the institution or facility will in no way affect its practices in the program of the institution or facility for which Federal financial assistance is sought, or the beneficiaries of or participants in the program. If the assistance sought is for the construction of a facility or part of a facility, the assurance shall extend to the entire facility and to facilities operated in connection therewith.

(d) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this subpart applies (including the programs listed in Appendix A to this subpart) shall as a condition to its approval and the extension of Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with the requirements imposed by or pursuant to this subpart, and (2) provide or be accompanied by provision for methods of administration for the program as are found by the Commission to give reasonable guarantee that the applicant and all recipients of Federal financial assistance under the program will comply with the requirements imposed by or pursuant to this subpart.

§ 900.406  Compliance information.

(a) *Cooperation and assistance.* The Commission, to the fullest extent practicable, shall seek the cooperation of recipients in obtaining compliance with this subpart and shall provide assistance and guidance to recipients to help them comply voluntarily with this subpart.

(b) *Compliance reports.* Each recipient shall keep records and submit to the Commission timely, complete, and accurate compliance reports at the times, and in the form and containing the information the Commission may determine necessary to enable it to ascertain whether the recipient has complied or is complying with this subpart. In the case of a program under which a primary recipient extends Federal financial as-

AR_0075

sistance to other recipients, the other recipients shall also submit compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this subpart.

(c) *Access to sources of information.* Each recipient shall permit access by the Commission during normal business hours to its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this subpart. When information required of a recipient is in the exclusive possession of another agency, institution, or person and this agency, institution, or person fails or refuses to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons the information regarding the provisions of this subpart and its applicability to the program under which the recipient received Federal financial assistance, and make this information available to them in the manner, as the Commission finds necessary, to apprise the persons of the protections against discrimination assured them by title VI and this subpart.

§ 900.407   Conduct of investigations.

(a) *Periodic compliance reviews.* The Commission may from time to time review the practices of recipients to determine whether they are complying with this subpart.

(b) *Complaints.* Any person who believes himself or any specific class of persons to be subjected to discrimination prohibited by this subpart may by himself or by a representative file with the Commission a written complaint. A complaint shall be filed not later than 90 days after the date of the alleged discrimination, unless the time for filing is extended by the Commission.

(c) *Investigations.* The Commission will make a prompt investigation whenever a compliance review, report, complaint, or other information indicates a possible failure to comply with this subpart. The investigation will include, when appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this subpart occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this subpart.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this subpart, the Commission will so inform the recipient and the matter will be resolved by voluntary means whenever possible. If it has been determined that the matter cannot be resolved by voluntary means, action will be taken as provided for in § 900.408.

(2) If an investigation does not warrant action pursuant to paragraph (d) (1) of this section, the Commission will so inform, in writing, the recipient and the complainant, if any.

(e) *Intimidatory or retaliatory acts prohibited.* A recipient or other person shall not intimidate, threaten, coerce, or discriminate against an individual for the purpose of interfering with a right or privilege secured by section 601 of title VI or this subpart, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subpart. The identity of complainants shall be kept confidential; except to the extent necessary to carry out the purposes of this subpart, including the conduct of an investigation, hearing, or judicial proceeding arising thereunder.

§ 900.408   Procedure for effecting compliance.

(a) *General.* (1) If there appears to be a failure or threatened failure to comply with this subpart, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this subpart may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by other means authorized by law.

(2) Other means may include, but are not limited to, (i) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce the rights of the United States under a law of the United States (including other titles of the Civil Rights Act of 1964), or an assurance or other contractual undertaking, and (ii) any applicable proceeding under State or local law.

(b) *Noncompliance with § 900.405.* If an applicant fails or refuses to furnish an assurance required under § 900.405 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Commission shall not be required to provide assistance in that case during the pendency of the administrative proceedings under this paragraph. Subject, however, to § 900.412, the Commission shall continue assistance during the pendency of the proceedings where the assistance is due and payable pursuant to an application approved prior to the effective date of this subpart.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* An order suspending, terminating, or refusing to grant or to continue Federal financial assistance shall not become effective until—

(1) The Commission has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by informal voluntary means;

(2) There has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this subpart;

(3) The action has been approved by the Commission pursuant to § 900.410 (e); and

(4) The expiration of 30 days after the Chairman of the Civil Service Commission has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for the action.

An action to suspend or terminate or refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which the noncompliance has been so found.

(d) *Other means authorized by law.* An action to effect compliance with title VI by other means authorized by law shall not be taken by the Commission until—

(1) The Commission has determined that compliance cannot be secured by voluntary means;

(2) The recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance; and

(3) The expiration of at least 10 days from the mailing of a notice to the recipient or person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with the regulation and to take corrective action as may be appropriate.

§ 900.409   Hearings.

(a) *Opportunity for hearing.* When an opportunity for a hearing is required by § 900.408(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of notice within which the applicant or recipient may request of the Commission that the matter be scheduled for hearing or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated time and place. The time and place so fixed shall be reasonable and subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set is deemed to be a waiver of the right to a hearing under section 602 of title VI and § 900.408(c) and consent to the making of a decision on the basis of the information as is available.

17924

RULES AND REGULATIONS

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Commission in Washington, D.C., at a time fixed by the Commission unless it determines that the convenience of the applicant or recipient or of the Commission requires that another place be selected. Hearings shall be held before the Commission, or at its discretion, before a hearing examiner appointed in accordance with section 3105 of title 5, United States Code, or detailed under section 3344 of title 5, United States Code.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Commission have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and an administrative review thereof shall be conducted in conformity with sections 554 through 557 of title 5, United States Code, and in accordance with the rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Commission and the applicant or recipient are entitled to introduce relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence do not apply to hearings conducted pursuant to this subpart, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where determined reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. Documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. Decisions shall be based on the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this subpart with respect to two or more programs to which this subpart applies, or noncompliance with this subpart and the regulations of one or more other Federal departments or agencies issued under title VI, the Commission may, by agreement with the other departments or agencies, when applicable, provide for the conduct of consolidated or joint hearings, and for the application to these hearings of rules or procedures not inconsistent with this subpart. Final decisions in these cases, insofar as this regulation is concerned, shall be made in accordance with § 900.410.

§ 900.410  Decisions and notices.

(a) *Procedure on decisions by hearing examiner.* If the hearing is held by a hearing examiner, the hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the Commission for a final decision, and a copy of the initial decision or certification shall be mailed to the applicant or recipient. When the initial decision is made by the hearing examiner, the applicant or recipient may, within 30 days after the mailing of a notice of initial decision, file with the Commission his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the Commission may, on its own motion, within 45 days after the initial decision, serve on the applicant or recipient a notice that it will review the decision. On the filing of the exceptions or of notice of review, the Commission shall review the initial decision and issue its own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision, subject to paragraph (e) of this section, shall constitute the final decision of the Commission.

(b) *Decisions on record or review by the Commission.* When a record is certified to the Commission for decision or the Commission reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or when the Commission conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with it briefs or other written statements of the recipient's contentions, and a written copy of the final decision of the Commission will be sent to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* When a hearing is waived pursuant to § 900.409, a decision shall be made by the Commission on the record and a written copy of the decision shall be sent to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing examiner or the Commission shall set forth a ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this subpart with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Commission.* A final decision by an official of the Commission other than by the Commissioners, which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this subpart or title VI, shall promptly be transmitted to the Commission, which may approve the decision, vacate it, or remit or mitigate a sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain the terms, conditions, and other provisions as are consistent with and will effectuate the purposes of title VI and this subpart, including provisions designed to assure that Federal financial assistance will not thereafter be extended under the programs to the applicant or recipient determined by the decision to be in default in its performance of an assurance given by it under this subpart, or to have otherwise failed to comply with this subpart, unless and until it corrects its noncompliance and satisfies the Commission that it will fully comply with this subpart.

(g) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of the order for eligibility, or if it brings itself into compliance with this subpart and provides reasonable assurance that it will fully comply with this subpart.

(2) An applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Commission to restore fully its eligibility to receive Federal financial assistance. A request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (g) (1) of this section. If the Commission determines that those requirements have been satisfied, it shall restore the eligibility.

(3) If the Commission denies a request, the applicant or recipient may submit a request for hearing in writing, specifying why it believes the Commission is in error. The applicant or recipient shall be given an expeditious hearing, with a decision on the record in accordance with the rules or procedures issued by the Commission. The applicant or recipient shall be restored to eligibility if it proves at the hearing that it satisfied the requirements of paragraph (g) (1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section remain in effect.

§ 900.411  Judicial review.

Action taken pursuant to section 602 of title VI is subject to judicial review as provided in section 603 of title VI.

§ 900.412  Effect on other regulations, forms, and instructions.

(a) *Effect on other regulations.* Regulations, orders, or like directions issued before the effective date of this subpart by the Commission which impose requirements designed to prohibit discrimination against individuals on the ground of race, color, or national origin under a program to which this subpart applies, and which authorizes the suspension or termination of or refusal to grant or to continue Federal financial assistance to an applicant for or recipient of assistance under a program for failure to comply with the require-

AR_0077

RULES AND REGULATIONS

17925

ments, are superseded to the extent that discrimination is prohibited by this subpart, except that nothing in this subpart relieves a person of an obligation assumed or imposed under a superseded regulation, order, instruction, or like direction, before the effective date of this subpart. This subpart does not supersede any of the following (including future amendments thereof): (1) Executive Order 11246 (3 CFR, 1965 Supp.) and regulations issued thereunder or (2) any other orders, regulations, or instructions, insofar as these orders, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in a program or situation to which this subpart is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* The Commission shall issue and promptly make available to all interested persons forms and detailed instructions and procedures for effectuating this subpart as applied to programs to which this subpart applies, and for which it is responsible.

(c) *Supervision and coordination.* The Commission may from time to time assign to officials of the Commission, or to officials of other departments or agencies of the Government with the consent of the departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI and this subpart (other than responsibilities for final decision as provided in § 900.410), including the achievement of effective coordination and maximum uniformity within the Commission and within the executive branch in the application of title VI and this subpart to similar programs and in similar situations. An action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though the action had been taken by the Commission.

APPENDIX A

ACTIVITIES TO WHICH THIS SUBPART APPLIES

1. Use of grants made in connection with the Intergovernmental Personnel Act of 1970 (P.L. 91–648, 84 Stat. 1909).

2. Personnel mobility assignments of Commission personnel pursuant to title 5, U.S.C. chapter 33 and 5 CFR Part 334 (36 FR 6488).

APPENDIX B

ACTIVITIES TO WHICH THIS SUBPART APPLIES WHEN A PRIMARY OBJECTIVE OF THE FEDERAL ASSISTANCE IS TO PROVIDE EMPLOYMENT

1. None at this time.

APPENDIX C

APPLICATION OF SUBPART D, PART 900, TO PROGRAMS RECEIVING FEDERAL FINANCIAL ASSISTANCE OF THE U.S. CIVIL SERVICE COMMISSION

Nondiscrimination in Federally assisted programs or projects:

*Examples.* The following examples without being exhaustive illustrate the application of the nondiscrimination provisions of the Civil Rights Act of 1964 of this subpart in programs receiving financial assistance under programs of the U.S. Civil Service Commission.

(1) Recipients of IPA financial assistance for training programs or fellowships may not

differentiate between employees who are eligible for training or fellowships on the ground of race, color, or national origin.

(2) Recipients of IPA financial assistance for training programs may not provide facilities for training with the purpose or effect of separating employees on the ground of race, color, or national origin.

Issued in Washington, D.C., on July 3, 1973.

UNITED STATES CIVIL SERVICE COMMISSION,
JAMES C. SPRY,
*Executive Assistant to the Commissioners.*

[FR Doc.73–13295 Filed 7–3–73;8:45 am]

Title 7—Agriculture

SUBTITLE A—OFFICE OF THE SECRETARY OF AGRICULTURE

PART 15—NONDISCRIMINATION

Subpart A—Nondiscrimination in Federally-Assisted Programs of the Department of Agriculture—Effectuation of Title VI of the Civil Rights Act of 1964

UNIFORM REVISIONS

The following proposed amendments to 7 CFR, Subtitle A, Part 15, Subpart A, primarily represent uniform revisions being jointly adopted by the various Departments and Agencies of the U.S. Government to put into effect clarifications to the regulations issued pursuant to Title VI of the Civil Rights Act of 1964.

Title 7, CFR, Subtitle A, Part 15, Subpart A, is hereby amended as follows:

1. Section 15.1(a) is amended by inserting the language "of an applicant or recipient" immediately following the words "under any program or activity" so that the phrase reads "under any program or activity of an applicant or recipient receiving Federal financial assistance from the Department of Agriculture or any Agency thereof."

2. Section 15.1(b) is amended to read as set forth below.

§ 15.1  Purpose and application of part.

(a) [Amended]

(b) The regulations in this part apply to any program or activity of an applicant or recipient for which Federal financial assistance is authorized under a law administered by the Department including, but not limited to, the Federal financial assistance listed in the appendix to this part. They apply to money paid, property transferred, or other Federal financial assistance extended to an applicant or recipients for its program or activity after the effective date of these regulations pursuant to an application approved or statutory or other provision made therefor prior to such effective date. The regulations in this part do not apply to (1) any Federal financial assistance by way of insurance or guaranty contract, (2) money paid, property transferred or other assistance extended prior to the effective date of the regulations in this part, (3) any assistance to an applicant or recipient who is an ultimate beneficiary under any such program, or (4) except as provided

in § 15.3(c), any employment practice of any employer, employment agency or labor organization. The fact that a specific kind of Federal financial assistance is not listed in the appendix shall not mean, if Title VI of the Act is otherwise applicable, that such Federal financial assistance is not covered. Other Federal financial assistance under statutes now in force or hereinafter enacted may be added to this list by notice approved and issued by the Secretary and published in the FEDERAL REGISTER.

3. Section 15.2(d) is amended to read as follows:

§ 15.2  Definitions.

(d) 'Hearing Officer' means a hearing examiner appointed pursuant to 5 U.S.C. 3105, and designated to hold hearings under the regulations in this part or any person authorized to hold a hearing and make a final decision under the regulations in this part.

4. Section 15.3(a) is amended by inserting the language "or activity of the applicant or recipient" immediately following the language "under any program" so that the phrase reads "under any program or activity of the applicant or recipient to which these regulations apply."

5. Section 15.3(b) (1) is amended by inserting a new subdivision (vii) reading as set forth below.

6. Section 15.3(b) is further amended by inserting a new subparagraph (3) reading as set forth below.

7. In § 15.3(b), subparagraphs (3) and (4), are renumbered (4) and (5) respectively, and the renumbered subparagraph (4) is amended to read as set forth below.

8. Section 15.3(b) is further amended by adding the following new subparagraph (6) at the end thereof, reading as set forth below.

9. Section 15.3(c) is amended by adding a statement at the end thereof, reading as set forth below.

§ 15.3  Discrimination prohibited.

(a) [Amended]

(b) *Specific discriminatory actions prohibited.* (1) * * *

(vii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

(3) In determining the site or location of facilities, an applicant or recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any of its activities or programs to which the regulations in this part apply, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act and the regulations in this part.

(4) As used in this section, the services, financial aid, or other benefits provided under a program or activity of an

AR_0078

17926

## RULES AND REGULATIONS

applicant or recipient receiving Federal financial assistance shall be deemed to include any and all services, financial aid, or other benefit provided in or through a facility provided or improved in whole or part with the aid of Federal financial assistance.

\* \* \* \* \*

(6) (i). In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color or national origin.

(c) \* \* \* Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulations in this part, tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity of the applicant or recipient to which these regulations apply, the foregoing provisions of this § 15.3(c) shall apply to the employment practices of the recipient or other persons subject to these regulations, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries. The requirements applicable to construction employment under any program or activity of the applicant or recipient shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive Order which supersedes it.

\* \* \* \* \*

10. Section 15.4(a) (1) and (2) and (b) are amended to read as set forth below, and paragraph (e) of that section is amended by substituting for the language "U.S. Commissioner of Education" and "Commissioner", where said language appears, the language "responsible official of the Department of Health, Education, and Welfare", and by inserting the phrase "within the earliest practical time" immediately following the language "determines is adequate to accomplish the purposes of the Act and this part" in the first sentence.

§ 15.4   Assurances required.

(a)  General. (1) Every application for Federal financial assistance to carry out a program to which these regulations apply, except a program to which paragraph (b) of this section applies, and every application for Federal financial assistance to provide a facility, shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that

the applicant's program or activity will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to the Act and the regulations in this part. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein, or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for the purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases, the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. The Agency shall specify the form of the foregoing assurances and the extent to which like assurances will be required of subgrantees, contractors, and subcontractors, successors in interest and other participants. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures, or improvements thereon, or interests therein, which was acquired through Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is improved through Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Agency to revert title to the property in the event of a breach of the covenant where, in the discretion of the Agency concerned, such a condition and right of reverter is appropriate to the purposes of the Federal financial assistance under which the real property is obtained and to the nature of the grant and the grantee. In such event, if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Agency may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as it deems appropriate to forbear the exercise of such right to

revert title for so long as the lien of such mortgage or other encumbrance remains effective.

\* \* \* \* \*

(b) Every application by a State or a State Agency, including a State Extension Service, but not including an application for aid to an institution of higher education, to carry out its program or activity involving continuing Federal financial assistance to which the regulations in this part apply shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the Agency to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to the regulations in this part: Provided, That where no application is required prior to payment, the State or State Agency, including a State Extension Service, shall, as a condition to the extension of any Federal financial assistance, submit an assurance complying with the requirements of paragraph (b) (1) and (2) of this section.

\* \* \* \* \*

(e)  [Amended]

11. Section 15.5(b) is amended by adding the following to the end thereof:

§ 15.5   Compliance.

\* \* \* \* \*

(b) \* \* \* In general, recipients should have available for the Agency racial and ethnic data showing the extent to which members of minority groups are beneficiaries of Federally assisted programs.

\* \* \* \* \*

§ 15.6   [Amended]

12. Section 15.6 is amended by deleting 90 days and substituting 180 days therefore.

§ 15.9   [Amended]

13. Section 15.9(d) is amended by substituting for the language "Sections 5–8 of the Administrative Procedure Act", where said language appears, the language "5 U.S.C. 554–557".

14. Section 15.10 is amended by adding the following new paragraph (g) at the end thereof:

§ 15.10   Decisions and notices.

\* \* \* \* \*

(g)  Post termination proceedings. (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if its brings itself into compliance with the Act and the regulations in this part and provides reasonable assurance that it will fully comply there-

AR_0079

RULES AND REGULATIONS                                                                    17927

with. An elementary or secondary school or school system which is unable to file an assurance of compliance with § 15.4 (a), (b), or (d) shall be restored to full eligibility to receive Federal financial assistance if it complies with the requirements of a § 15.4(e) and is otherwise in compliance with the Act and the regulations in this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Secretary to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (g) (1) of this section. If the Secretary determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Secretary denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes the denial to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure set forth in Subpart C of this part. The applicant or recipient will be restored to such eligibility if it proves at such a hearing, that it has satisfied the requirements of paragraph (g) (1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 15.12   [Amended]

15. Section 15.12(a) is amended by substituting for the language "(1) Executive Orders 10925 and 11114" where such language appears the language "(1) Executive Order 11246"; and paragraph (c) of that section is amended by adding the following new sentence at the end thereof: "Any action taken, determination made, or requirement imposed by an official of another Department or Agency acting under this paragraph shall have the same effect as though such action had been taken by the Secretary or an Agency of this Department."

16. The introductory heading of the appendix to the regulations in this part is revised to read as follows: "Federal Financial Assistance of the Department of Agriculture Covered by Title VI of the Civil Rights Act of 1964".

This amendment issued under section 602, 78 Stat. 252, 42 U.S.C. 2000d, and the laws referred to in the appendix.

Dated: July 27, 1972.

EARL L. BUTZ,
Secretary of Agriculture.

[FR Doc.73–13282 Filed 7–3–73;8:45 am]

Title 10—Atomic Energy

CHAPTER I—ATOMIC ENERGY COMMISSION

PART 4—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS—EFFECTUATION OF TITLE IV OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

§ 4.12   [Amended]

1. A new paragraph (c) is added to § 4.12 of 10 CFR Part 4 to read as follows:

(c) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

2. Present paragraphs (c) and (d) of § 4.12 of 10 CFR Part 4 are relettered paragraphs (d) and (e), respectively.

3. A new paragraph (f) is added to § 4.12 of 10 CFR Part 4 to read as follows:

(f) This part does not prohibit the consideration of race, color or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

4. Section 4.13 of 10 CFR Part 4 is amended to read as follows:

§ 4.13   Employment practices.

(a) Where a primary objective of a program of Federal financial assistance to which this part applies is to provide employment, a recipient may not, directly or through contractual or other arrangements, subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is (1) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training, or (2) to provide work experience which contributes to the education

or training of such individuals. (Examples of such programs are nuclear training equipment grants, grants and loans of materials for training, and fellowship programs.) The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(b) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to this part tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, the provisions of paragraph (a) of this section shall apply to the employment practices of the recipient or other persons subject to this part to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

§ 4.21   [Amended]

5. Paragraph (b) of § 4.21 of 10 CFR Part 4 is amended to read as follows:

(b) In the case of real property, structures or improvements thereon, or interests therein, which was acquired with Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the AEC to revert title to the property in the event of a breach of the covenant where, in the discretion of the AEC, such a condition and right of reverter is appropriate to the program and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the AEC may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as the AEC deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

AR_0080

17928

## RULES AND REGULATIONS

6. Section 4.22 of 10 CFR Part 4 is amended to read as follows:

### § 4.22   Continuing State programs.

Every application by a State or a State agency for continuing Federal financial assistance shall require the submission of and every grant, loan, or contract to or with a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies, shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the grant, loan or contract, contain or be accompanied by, a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and shall provide or be accompanied by provision for such methods of administration for the program as are found by the responsible AEC official to give reasonable assurance that the recipient and all other recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part.

7. Paragraph (b) of § 4.23 of 10 CFR Part 4 is amended to read as follows:

### § 4.23   Elementary   and   secondary schools.

*       *       *       *       *

(b) Submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plan. In any case of continuing Federal financial assistance the responsible official of the Department of Health, Education, and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purpose of the Act and this part. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such plan, such plan shall be revised to conform to such final order, including any future modification of such order.

### § 4.25   [Amended]

8. New paragraphs (d) and (e) are added to § 4.25 of 10 CFR Part 4 to read as follows:

(d) In some situations even, though, past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 4.34 to provide information as to the availability of the program or activity, and the rights of beneficiaries under this part, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to

discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will ensure that groups previously subjected to discrimination are adequately served.

(e) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

9. Section 4.49 of 10 CFR Part 4 is amended to read as follows:

### § 4.49   Other means authorized by law.

No action to effect compliance by any other means authorized by law shall be taken until (a) the responsible AEC official has determined that compliance cannot be secured by voluntary means, (b) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (c) the expiration of at least ten (10) days from the mailing of such notice to the recipient or other person. During this period of at least ten (10) days, additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

### § 4.51   [Amended]

10. Paragraph (d) of § 4.51 of 10 CFR Part 4 is amended to read as follows:

(d) An applicant or recipient may file an answer, and waive or fail to request a hearing, without waiving the requirement for findings of fact and conclusions of law or the right to seek Commission review in accordance with the provisions of §§ 4.71–4.74. At the time an answer is filed the applicant or recipient may also submit written information or argument for the record if he does not request a hearing.

11. Paragraph (f) of § 4.51 of 10 CFR Part 4 is amended to read as follows:

(f) The failure of an applicant or recipient to file an answer within the period prescribed, or, if he requests a hearing, his failure to appear therefor, shall constitute a waiver by him of a right to (1) a hearing under section 602 of the Act and § 4.48, (2) conclusions of law, and (3) seek Commission review. In the event of such waiver, the responsible AEC official may find the facts on the basis of the record available and enter an order in substantially the form set forth in the notice of opportunity for hearing.

### § 4.63   [Amended]

12. The first sentence of paragraph (a) of § 4.63 of 10 CFR Part 4 is amended to read as follows:

(a) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such procedures as are proper (and not inconsistent with §§ 4.61–4.64) relating to the conduct of the hearing, giving of notices subsequent to those provided for in § 4.51, taking of testimony, exhibits, arguments and briefs, requests for finding, and other related matters. * * *

13. A new § 4.75 is added to 10 CFR Part 4 to read as follows:

### § 4.75   Posttermination proceedings.

(a) An applicant or recipient adversely affected by an order issued under § 4.74 shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part. An elementary or secondary school or school system which is unable to file an assurance of compliance with §§ 4.11–4.14 shall be restored to full eligibility to receive Federal financial assistance, if it files a court order or a plan for desegregation which meets the requirements of § 4.23, and provides reasonable assurance that it will comply with this court order or plan.

(b) Any applicant or recipient adversely affected by an order entered pursuant to § 4.74 may at any time request the responsible AEC official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (a) of this section. If the responsible AEC official determines that those requirements have been satisfied, he shall restore such eligibility.

(c) If the responsible AEC official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible AEC official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (a) of this section. While proceedings under this section are pending, the sanctions imposed by the order issued under § 4.74 shall remain in effect.

### § 4.91   [Amended]

14. Section 4.91 of 10 CFR Part 10 is amended by changing the last sentence thereof to read as follows:

* * * Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (a) Executive Orders 10925,

AR_0081

11114, and 11246 and regulations issued thereunder, or (b) Executive Order 11063 and regulations issued thereunder and any other regulations or instructions insofar as such order, regulations or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

§ 4.93 [Amended]

15. Section 4.93 of 10 CFR Part 4 is amended by adding the following sentence at the end thereof:

* * * Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this section shall have the same effect as though such action had been taken by the responsible AEC official.

16. The title of Appendix A of 10 CFR Part 4 is amended to read as follows:

APPENDIX A—FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES [1]

17. Footnote 1. to Appendix A of 10 CFR Part 4 is amended to read as follows:

[1] Categories of assistance may be added to Appendix A from time to time by notice published in the FEDERAL REGISTER. This part shall be deemed to apply to all grants, loans or contracts entered into under any such category of assistance on or after the effective date of the inclusion of the category of assistance in Appendix A.

18. Paragraph (b) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(b) *Nuclear training equipment grants.* Grants of used equipment to colleges, universities, hospitals and eleemosynary or charitable institutions to help equip and modernize their scientific laboratories with respect to nuclear instrumentation and related equipment, with the objective of improving the conduct of educational and training activities in nuclear fields.

19. Paragraph (c) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(c) *Grants of materials for training.* Grants of nuclear and other materials and of informational matter including slides and manuals to educational institutions for training and educational programs in nuclear fields.

20. Paragraph (d) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(d) *Special fellowships.* Fellowship programs, providing for AEC payment of an educational allowance in lieu of tuition and fees to educational institutions as well as stipends and dependency allowances to the individual fellows, to encourage highly qualified individuals to prepare for careers in atomic energy and to assist educational institutions in developing nuclear science capabilities, as follows:

(1) AEC special fellowships in nuclear science and engineering.

(2) AEC special fellowships in radiation science and protection.

(3) AEC traineeships for graduate students in nuclear engineering.

21. Paragraph (f) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(f) *Loan of nuclear and other materials for education and training.* Provision of AEC-owned materials, such as natural and enriched uranium, plutonium, and heavy water, to educational institutions, on a loan basis, without full-cost recovery; and loans of films, slides, manuals, and other materials to educational institutions, without full-cost recovery.

22. Paragraph (i) of Appendix A of 10 CFR Part 4 is amended to read as follows:

(i) *Fuel cycle assistance for nuclear reactors for research and training.* Research reactor fuel cycle assistance, without full-cost recovery, designed to aid nonprofit educational institutions having science and engineering programs to maintain nuclear reactors for research and training purposes, and providing the following principal forms of aid:

(1) Loan of enriched uranium;

(2) Funds for fuel element fabrication and spent fuel shipments; and

(3) Fuel processing service.

23. A new paragraph (q) is added to Appendix A of 10 CFR Part 4 to read as follows:

(q) *Loan of employees of AEC cost-type contractors.* Loan of personnel to colleges, universities, or other institutions or organizations, to teach or provide other assistance in furthering AEC policies, programs, and activities.

24. Present paragraph (q) of Appendix A of 10 CFR Part 4 is relettered paragraph (r) and is amended to read as follows:

(r) *AEC assistance provided through AEC cost-type contractors.* Agreements by AEC laboratories, other AEC cost-type contractors and universities operating nuclear reactors, to provide assistance, at AEC expense and without full-cost recovery, in connection with AEC programs or activities, of the types designated in this section.

25. Present paragraphs (r) and (s) of Appendix A of 10 CFR Part 4 are relettered paragraphs (s) and (t) respectively.

(Sec. 602, 78 Stat. 252. Interpret or apply Atomic Energy Act of 1954, as amended, 68 Stat. 919; 42 U.S.C. 2011)

Dated at Germantown, Maryland, this 26th day of June 1972.

For the Atomic Energy Commission.

JAMES R. SCHLESINGER, *Chairman.*

[FR Doc.73–13293 Filed 7–3–73;8:45 am]

Title 12—Banks and Banking

CHAPTER V—FEDERAL HOME LOAN BANK BOARD

[No. 72–616]

SUBCHAPTER B—FEDERAL HOME LOAN BANK SYSTEM

PART 529—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

MAY 25, 1972.

Whereas, by Resolution No. 72–33, dated January 4, 1972, which was duly published in the FEDERAL REGISTER on February 1, 1972 (37 FR. 2447), the Federal Home Loan Bank Board proposed to amend Subchapter B of Chapter V of Title 12, CFR, by adding a new Part 529—Nondiscrimination in Federally Assisted Programs, for the purpose of effectuating the provisions of Title VI of the Civil Rights Act of 1964, which requires the issuance of such regulations to apply to programs of Federal financial assistance administered by this Board (such as the Housing Opportunity Allowance Program);

Whereas, the text of such proposed regulations was developed pursuant to recommendations of an interagency committee with the objective of achieving uniform Title VI regulations; and

Whereas, all relevant material presented by interested persons or otherwise available has been considered by this Board;

Now, therefore, be it resolved, that this Board hereby adopts the amendment as so proposed and published, with the following changes:

1. In § 529.3, the second sentence is changed by substituting a comma for the period and adding at the end thereof the following words: "and to any such assistance extended under the Housing Opportunity Allowance Program, pursuant to Part 529 of this subchapter, since the inception of such program."

2. In paragraph (b) of § 529.7, the number "90" is changed to read "180".

3. In paragraph (a) of § 529.8, the second sentence is revised to read as set forth below.

And, be it further resolved, that the above amendment shall not become effective unless and until such Part 529 is approved by the President and duly published in the FEDERAL REGISTER.

By the Federal Home Loan Bank Board.

Sec.
529.1 Purpose.
529.2 Definitions.
529.3 Application of this part.
529.4 Discrimination prohibited.
529.5 Assurances required.
529.6 Compliance information.
529.7 Conduct of investigations.
529.8 Procedure for effecting compliance.
529.9 Hearings.
529.10 Decisions and notices.
529.11 Judicial review.
529.12 Effect on other regulations.

AUTHORITY: Sec. 602, Public Law 88–352, 78 Stat. 252; 42 U.S.C. 2000d–1; Sec. 17, 47 Stat. 736, as amended; 12 U.S.C. 1437. Reorg. Plan No. 3 of 1947, 12 FR 4981, 3 CFR, 1943–48 Comp., p. 1071.

§ 529.1 Purpose.

The purpose of this part is to effectuate the provisions of Title VI of the Civil Rights Act of 1964 (hereafter referred to as the Act) to the end that no person in the United States shall, on the grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the Federal Home Loan Bank Board.

AR_0082

17930

## RULES AND REGULATIONS

§ 529.2 Definitions.

Unless the context requires otherwise, as used in this part—

(a) "Applicant" means a person who submits an application, request, or plan required to be approved by the Board, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and "application" means such an application, request, or plan.

(b) "Board" means the Federal Home Loan Bank Board or, except in § 529.10 (e), any person to whom it has delegated its authority in the matter concerned.

(c) "Facility" includes all or any part of structures, equipment, or other real or personal property of interests therein, and the provision of facilities includes the construction, expansion, renovation remodeling, alteration or acquisition of facilities.

(d) "Federal financial assistance" includes:

(1) Grants and loans of Federal funds;

(2) The grant or donation of Federal property and interests in property;

(3) The detail of Federal personnel;

(4) The sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient; and

(5) Any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(e) "Primary recipient" means any recipient that is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(f) "Program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals (including education or training, health, welfare, rehabilitation, housing, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities), or for the provision of facilities for furnishing services, financial aid or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(g) "Recipient" may mean any State, territory, possession, the District of Columbia, or Puerto Rico, or any political subdivision thereof, or instrumentality thereof, any public or private agency, institution, or organization, or other entity, or any individual, in any State, territory, possession, the District of Columbia, or Puerto Rico, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

§ 529.3 Application of this part.

This part applies to any program for which Federal financial assistance is authorized under a law administered by the Board, including the Federally assisted programs and activities listed in Appendix A to this part. It also applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of this part pursuant to an application approved before that effective date, and to any such assistance extended under the Housing Opportunity Allowance Program, pursuant to Part 529 of this subchapter, since the inception of such program. This part does not apply to:

(a) Any Federal financial assistance by way of insurance or guaranty contracts;

(b) Money paid, property transferred, or other assistance extended under any such program before the effective date of this part;

(c) Any assistance to any individual who is the ultimate beneficiary under any such program; or

(d) Any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 529.4(c).

The fact that a program or activity is not listed in Appendix A to this part shall not mean, if Title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereafter enacted may be added to Appendix A to this part.

§ 529.4 Discrimination prohibited.

(a) General. No person in the United States shall, on the grounds of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under, any program to which this part applies.

(b) Specific discriminatory actions prohibited. (1) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on the grounds of race, color, or national origin—

(i) Deny a person any service, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to a person which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject a person to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(iv) Restrict a person in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(v) Treat a person differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which persons must meet in order to be provided any service, financial aid, or other benefit provided under the program; or

(vi) Deny a person an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program.

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of persons to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of persons to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting persons to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program with respect to individuals of a particular race, color, or national origin.

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding persons from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(6) This part does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin.

AR_0083

Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

(c) *Employment practices.* (1) Where a primary objective of a program of Federal financial assistance to which this part applies is to provide employment, a recipient or other party subject to this part shall not, directly or through contractual or other arrangements, subject a person to discrimination on the grounds of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees). Such recipient shall take affirmative action to insure that applicants are employed, and employees are treated during employment, without regard to their race, color, or national origin. The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of subparagraph (1) of this paragraph shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

(d) *Location of facilities.* A recipient may not make a selection of a site or location of a facility if the purpose of that selection, or its effect when made, is to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this rule applies, on the grounds of race, color, or national origin; or if the purpose is to, or its effect when made will, substantially impair the accomplishment of the objectives of this part.

§ 529.5  Assurances required.

(a) *General.* Every application for Federal financial assistance to carry out a program to which this part applies and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by, an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. Every program of Federal financial assistance shall require the submission of such an assurance. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended to the program. In the case where the assistance is sought for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith. The Board shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(b) *Real property.* In the case where Federal financial assistance is provided in the form of a transfer of real property, structures, or improvements thereon, or interest therein, from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Board to revert title to the property in the even of a breach of the covenant where, in the discretion of the Board, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Board may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as it deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

§ 529.6  Compliance information.

(a) *Cooperation and assistance.* The Board shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the Board timely, complete, and accurate compliance reports at such times, and in such form and containing such information, as the Board may determine to be necessary to enable it to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) *Access to sources of information.* Each recipient shall permit access by the Board during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution, or person and this agency, institution, or person fails or refuses to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the Board finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

§ 529.7  Conduct of investigations.

(a) *Periodic compliance reviews.* The Board shall from time to time review the practices of recipients, to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of persons to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Board a written complaint. A complaint must be filed not later than 180 days after the date of the alleged discrimination, un-

AR_0084

RULES AND REGULATIONS

less the time for filing is extended by the Board.

(c) *Investigations.* The Board will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation will include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the Board will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 529.8.

(2) If an investigation does not warrant action pursuant to paragraph (d) (1) of this section, the Board will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by secton 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 529.8 Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, (2) a proceeding brought under the Board's cease-and-desist authority pursuant to Part 550 or Part 566 of this chapter, and (3) any applicable proceeding under State or local law.

(b) *Noncompliance with § 529.5.* If an applicant fails or refuses to furnish an assurance required under § 529.5 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the

procedures of paragraph (c) of this section. The Board shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such paragraph. However, the Board shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until—

(1) The Board has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means;

(2) There has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part;

(3) The action has been approved by the Board pursuant to § 529.10(e); and

(4) The expiration of 30 days after the Board has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, to which such noncompliance has been found.

(d) *Other means authorized by law.* No action to effect compliance with Title VI of the Act by any other means authorized by law shall be taken by this Board until—

(1) The Board has determined that compliance cannot be secured by voluntary means;

(2) The recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance; and

(3) The expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with the regulation and to take such corrective action as may be appropriate.

§ 529.9 Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 529.3(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the

applicant or recipient may request of the Board that the matter be scheduled for hearing or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under § 602 of the Act and § 529.8(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Board in Washington, D.C., at a time fixed by the Board unless it determines that the convenience of the applicant or recipient or of the Board requires that another place be selected. Hearings shall be held before the Board, or at its discretion, before a hearing examiner appointed in accordance with § 3105 of Title 5, United States Code, or detailed under § 3344 of Title 5, United States Code.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Board shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with sections 554 through 557 of Title 5, United States Code, and in accordance with Part 509 of the General Regulations of the Federal Home Loan Bank Board (12 CFR Part 509), to the extent said Part 509 is consistent with this Part 529, and with such other regulations that may be necessary or appropriate for the conduct of hearings pursuant to this Part 529.

(2) Technical rules of evidence do not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part and the regulations of one or more other

AR_0085

Federal departments or agencies issued under Title VI of the Act, the Board may, by agreement with such other departments or agencies, where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules or procedures not inconsistent with this part. Final decisions in such cases, insofar as this regulation is concerned, shall be made in accordance with § 529.10.

§ 529.10  Decisions and notices.

(a)  *Procedure on decisions by hearing examiner.* If the hearing is held by a hearing examiner, the hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the Board for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner, the applicant or recipient may, within 30 days after the mailing of such notice of initial decision, file with the Board his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the Board may, on its own motion, within 45 days after the initial decision, serve on the applicant or recipient a notice that it will review the decision. Upon the filing of such exceptions or of notice of review, the Board shall review the initial decision and issue its own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall, subject to paragraph (e) of this section, constitute the final decision of the Board.

(b)  *Decisions on record or review by the Board.* Whenever a record is certified to the Board for decision or it reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the Board conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with it briefs or other written statements of its contentions and a written copy of the final decision of the Board shall be sent to the applicant or recipient and to the complainant, if any.

(c)  *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 529.9, a decision shall be made by the Board on the record and a written copy of such decision shall be sent to the applicant or recipient, and to the complainant, if any.

(d)  *Rulings required.* Each decision of a hearing examiner or the Board shall set forth his or its ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e)  *Approval by Board.* Any final decision by an official of the Board, other than the Board itself, which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Board itself, which may

approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f)  *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such programs to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the Board that it will fully comply with this part.

(g)  *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance-that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Board to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information, showing that the applicant or recipient has met the requirements of paragraph (g) (1) of this section. If the Board determines that those requirements have been satisfied, it shall restore such eligibility.

(3) If the Board denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes the Board to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with rules or procedures issued by the Board. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (g) (1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 529.11  Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 529.12  Effect on other regulations.

(a) Nothing in this part supersedes any of the following (including future amendments thereof): (1) Executive Order 11246 (3 CFR, 1965 Supp., p. 167) and regulations issued thereunder or (2) any other orders, regulations, or instructions, insofar as such orders, regulations, or instructions prohibit discrimination on

the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b)  *Forms and instructions.* The Board shall issue and promptly make available to all interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which it is responsible.

(c)  *Supervision and coordination.* The Board may from time to time assign to officials of the Board, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of Title VI of the Act and this part (other than responsibility for final decision as provided in § 529.10), including the achievement of effective coordination and maximum uniformity within the Board and within the Executive Branch of the Government in the application of Title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by this Board.

APPENDIX A—ACTIVITIES TO WHICH THIS PART APPLIES

1. Use by a member institution of a Federal Home Loan Bank of funds the interest charges on which have been adjusted pursuant to the Housing Opportunity Allowance Program (Pub. Law 91-351, July 24, 1970, 101).

[FR Doc.73-13299 Filed 7-3-73;8:45 am]

Title 13—Business Credit and Assistance

CHAPTER I—SMALL BUSINESS ADMINISTRATION

[Amdt. 2]

PART 112—NONDISCRIMINATION ON FEDERALLY ASSISTED PROGRAMS OF SBA—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

On December 9, 1971, there was published in the FEDERAL REGISTER (36 FR 23452) a notice of uniform revisions being adopted by SBA jointly with all Federal agencies with Title VI responsibilities to put into effect clarification of SBA regulations adopted pursuant to Title VI of the Civil Rights Act of 1964. Nonuniform amendments resulted from new responsibilities under Section 312 of the Housing Act of 1964, Section 7(e) of the Small Business Act and the adoption of a definition of "subrecipient." Having carefully considered all aspects of the proposal and comment thereon, it has been decided to adopt the proposal and also to change the time for filing complaints from 90 days to 180 days.

Accordingly, Part 112 of Chapter I of Title 13 of the Code of Federal Regulations is hereby amended by:

1. Revising § 112.2 (a) and (c) to read as follows:

AR_0086

17934

RULES AND REGULATIONS

§ 112.2   Application of this part.

(a) Financial assistance activities: Except as hereinafter noted, this part applies to business activities or other activities receiving financial assistance pursuant to:

(1) Title IV of the Economic Opportunity Act of 1964;

(2) Sections 501 and 502 of the Small Business Investment Act of 1958;

(3) Sections 303, 304, and 305 of the Small Business Investment Act of 1958;

(4) Section 7(b) (1) of the Small Business Act involving individuals or organizations, whether or not operated for profit, which provide medical care or education or which conduct other activities of special significance to health, safety or welfare;

(5) Section 312 of the Housing Act of 1964;

(6) Section 7(e) of the Small Business Act; and

(7) Any other financial assistance program which, though not specifically referred to herein, is covered by Title VI of the Civil Rights Act of 1964; whether extended directly or in cooperation with banks or other lenders through agreements to participate on an immediate basis. Other financial assistance programs under statutes now in force or hereafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

 *     *     *     *     *

(c) The terms "applicant" and "recipient" mean, respectively, one who applies for and one who receives any of the financial assistance under any of the statutes referred to in paragraph (a) of this section. The term "recipient" also shall be deemed to include "subrecipients" of SBA financial assistance, i.e., concerns which secondarily receive financial assistance from the primary recipients of such financial assistance.

2. Adding the following subparagraph (3) to § 112.3(b):

§ 112.3   Discrimination prohibited.

 *     *     *     *     *

(b) * * *

(3) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

3. Revising § 112.4 thereof to read as follows:

§ 112.4   Discrimination in employment.

Small business concerns and development companies which apply for or receive any financial assistance of the kind described in § 112.2(a) (1) and (2), including concerns which are identifiable beneficiaries of loans made under § 112.2 (a) (2), may not discriminate on the grounds of race, color, or national origin in their employment practices. Such assistance is deemed to have as a primary objective the providing of employment. Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of § 112.7(a) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity and nondiscriminatory treatment.

4. Adding paragraphs (d) (1) and (2) to § 112.7:

§ 112.7   Illustrative applications.

 *     *     *     *     *

(d) Affirmative action. (1) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of equal opportunity. If the efforts required of the applicant or recipient under § 112.3(b) (3) to provide information as to the availability of equal opportunity, and the rights of individuals under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make equal opportunity fully available to racial and nationality groups previously subjected to discrimination.

(2) Even though an applicant or recipient has never used discriminatory policies, the opportunities in the business it operates may not in fact be equally available to some racial or nationality groups. In such circumstances a recipient may properly give special consideration to race, color, or national origin to make opportunity more widely available to such groups.

5. Revising § 112.9(d) thereof to read as follows:

§ 112.9   Compliance information.

 *     *     *     *     *

(d) Information to the public. Each recipient shall make available to persons entitled under the Act and under this part to protection against discrimination by the recipient such information as SBA may find necessary to apprise them of their rights to such protection.

6. Revising paragraph (b) of § 112.10 thereof to read as follows:

§ 112.10   Conduct of investigations.

 *     *     *     *     *

(b) Complaints. Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may, by himself or by a representative, file with SBA a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by SBA.

 *     *     *     *     *

7. Revising § 112.11(d) thereof to read as follows:

§ 112.11   Procedure for effecting compliance.

 *     *     *     *     *

(d) Other means authorized by law. No action to effect compliance by any other means authorized by law shall be taken until (1) SBA has determined that compliance cannot be secured by voluntary means; (2) the action has been approved by the Administrator or his designee; (3) the applicant or recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance; and (4) the expiration of at least 10 days from the mailing of such notice to the applicant or recipient or other rperson. During this period of at least 10 days additional efforts shall be made to persuade the applicant or recipient or other person to comply with this part and to take such corrective action as may be appropriate.

8. Revising § 112.12(d) (1) thereof to read as follows:

§ 112.12   Hearings.

 *     *     *     *     *

(d) Procedures, evidence, and record. (1) The hearing, decisions, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554 through 557 inclusive (Sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments, and briefs, request for finds, and other related matters. Both SBA and the applicant or recipient, shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

9. Adding to § 112.13 the following paragraph (f):

§ 112.13   Decisions and notices.

 *     *     *     *     *

(f) Post termination proceedings. (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for

AR_0087

RULES AND REGULATIONS                                                                17935

such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the Administrator to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (f) (1) of this section. If the Administrator determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Administrator denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules and procedure issued by the Administrator. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (f) (1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) of this section shall remain in effect.

10. Revising § 112.15 (a) and (c) thereof to read as follows:

§ 112.15   Effect on other regulations; forms and instructions.

(a) Effect on other regulations. All regulations, orders or like directions heretofore issued by SBA which impose requirements designed to prohibit any discrimination against individuals on the grounds of race, color, or national origin and which authorize the suspension or termination of or refusal to grant to or to continue financial assistance to any applicant for or recipient of such assistance for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof) : (1) Executive Order 11246 and regulations issued thereunder, or (2) any other orders, regulations or instructions, insofar as such order, regulations, or instructions prohibit discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable or would prohibit discrimination on any other ground.

*        *        *        *        *

(c) Supervision and coordination. The Administrator may from time to time assign to officials of SBA or to officials of other agencies of the Government with

the consent of such agencies, responsibilities in connection with the effectuation of the purpose of Title VI of the Act and this part (other than responsibility for final decision as provided in § 112.13), including the achievement of effective coordination and maximum uniformity within SBA and within the Executive Branch of the Government in the application of Title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Administrator of SBA.

Effective date: July 5, 1973.

THOMAS S. KLEPPE,
Administrator.

[FR Doc.73–13306 Filed 7–3–73;8:45 am]

Title 14—Aeronautics and Space
CHAPTER II—CIVIL AERONAUTICS BOARD
[Reg. SPR–55; Amdt. 2]
PART 379—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE BOARD—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

Part 379 of the Board's Special Regulations effectuates the provisions of Title VI of the Civil Rights Act of 1964. Pursuant to recommendations of the interagency committee for uniform Title VI regulation amendments, certain amendments to Part 379 were adopted by the Board[1] and forwarded to the Attorney General who, under Executive Order 11247, has been assigned the responsibility for coordinating the enforcement of Title VI. Thereafter, it was determined to publish SPR–41 as a proposed rule[2] along with similar amendments and rules which had already been adopted by a total of 20 Federal departments and agencies. The public was invited to file comments with the Assistant Attorney General, Civil Rights Division, Department of Justice, Washington, D.C. 20530, rather than with the particular issuing agency or department.

We have been advised by the Department of Justice that none of the filed comments were directed specifically to the amendments proposed by the Board, but that a number of general comments were filed. We have now decided, after reviewing those general comments, to adopt the within amendments, as proposed, without modification, in accordance with the recommendation of the Attorney General, exercising his Title VI coordinating responsibility. Pursuant to section 602 of Title VI, 42 U.S.C. 2000d–1, these amendments will not become effective until they have been approved by the President and published in the FEDERAL REGISTER.

[1] SPR–41 adopted November 24, 1970.
[2] 36 FR 23453, December 9, 1971.

Accordingly, the Civil Aeronautics Board hereby amends Part 379 of the Special Regulations (14 CFR Part 379) as follows:

1. Amend § 379.2 to read as follows:

§ 379.2   Application of this part.

This part applies to any program for which Federal financial assistance is authorized under a law administered by the Board, including the payment of compensation by the Board under section 406 of the Federal Aviation Act of 1958 (49 U.S.C. 1376) . It applies to money paid or other Federal financial assistance extended under any such program after the effective date of the part pursuant to a Board order, whether issued prior to or subsequent to such effective date, establishing a rate of compensation under section 406, or pursuant to an application for any other such Federal payment or financial assistance, whether approved prior to or subsequent to such effective date. This part does not apply to (a) money paid or other assistance extended under any such program before the effective date of this regulation, or (b) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 379.3(c).

2. Amend § 379.3 by redesignating present § 379.3(b) as § 379.3(b) (1), and adding new §§ 379.3(b) (2) and (3) and § 379.3(c). As amended, § 379.3(b) and § 379.3(c) will read as follows:

§ 379.3   Discrimination prohibited.

*        *        *        *        *

(b) Specific discriminatory actions prohibited. (1) No air carrier shall subject any person to discrimination on the ground of race, color, or national origin in connection with any airtransportation for which such carrier is receiving or has claimed compensation payable by the Board under section 406 of the Federal Aviation Act of 1958.

(2) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding persons from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Civil Rights Act of 1964 or this part.

(3) This part does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which the part ap-

AR_0088

## RULES AND REGULATIONS

plies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Civil Rights Act of 1964.

(c) *Employment practices.* Where discrimination on the grounds of race, color, or national origin in the employment practices of the recipient under any program to which this part applies tends, on the grounds of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, then to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries, that recipient may not, directly or through contractual or other arrangements, subject a person to discrimination on the grounds of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees).

3. Amend paragraphs (b) and (d) (1) of § 379.8 to read as follows:

### § 379.8 Hearings.

* * * * *

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Board in Washington, D.C., at a time fixed by the Board unless it determines that the convenience of the applicant or recipient or of the Board requires that another place be selected. Hearings shall be held before the Board or, at its discretion, before a hearing examiner designated in accordance with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

* * * * *

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking testimony, exhibits, arguments, and briefs, requests for findings, and other related matters. Both the Board and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

4. Amend § 379.9 by adding a new § 379.9(f) to read as follows:

### § 379.9 Decisions and notices.

* * * * *

(f) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the Board to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the Board determines that those requirements have been satisfied, it shall restore such eligibility.

(3) If the Board denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes the Board to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with the procedures set forth in § 379.8. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) shall remain in effect.

5. By amending § 379.11(c) to read as follows:

### § 379.11 Effect on other remedies; coordination.

* * * * *

(c) *Supervision and coordination.* The Board may from time to time assign to officials of the Board, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Civil Rights Act of 1964 and this part (other than responsibility for final decision as provided in § 379.9), including the achievement of effective coordination and maximum uniformity within the Board and with other departments and agencies of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Board.

(Sec. 602, 78 Stat. 252; and secs. 102, 204, 404, 406, and 1002, Federal Aviation Act of 1958; 72 Stat. 740, 743, 760, 763, and 788; 49 U.S.C. 1302, 1324, 1374, 1376, and 1482)

Effective date: July 5, 1973.

By the Civil Aeronautics Board.

[SEAL]                    HARRY J. ZINK,
                                  *Secretary.*

[FR Doc.73–13294 Filed 7–3–73;8:45 am]

## CHAPTER V—NATIONAL AERONAUTICS AND SPACE ADMINISTRATION

### PART 1250—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF NASA—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

#### Miscellaneous Amendments

1. Paragraphs (g) and (j)(2) of § 1250.102 are revised to read as follows:

### § 1250.102 Definitions.

* * * * *

(g) "Principal Compliance Officer" means the Director, Equal Employment Opportunity Office, Office of Organization and Management, NASA Headquarters, or any successor officer to whom the Administrator should delegate authority to perform the functions assigned to this Principal Compliance Officer by this part.

* * * * *

(j) * * *

(2) Each Director of a field installation which makes or administers grants and contracts of the kind listed in Appendix A, or any officer to whom he has delegated authority to act within the areas of responsibility assigned to him under this part.

2. Paragraph (a) of § 1250.103–2 is amended by the addition of subparagraph (3) and by renumbering subparagraphs (3), (4), (5), (6) as subparagraphs (4), (5), (6), (7); and paragraph (e) is revised, to read as follows:

### § 1250.103–2 Specific discriminatory acts prohibited.

(a) * * *

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

* * * * *

(e) The enumeration of specific forms of prohibited discrimination in this section does not limit the generality of the prohibition in § 1250.103–1. This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practices or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or to activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage,

AR_0089

and to accomplish the purpose of the Act.

3. Paragraph (c) of § 1250.103–3 is revised and paragraph (d) is added as follows:

§ 1250.103–3   Employment practices.

(c). The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Executive Order 11246 or any Executive order which supersedes it.

(d) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of paragraph (a) of this section shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

4. Section 1250.103–4 is amended by the substitution of the title "Illustrative applications" for "Illustrations of discriminatory acts prohibited" and the addition of paragraphs (f) and (g) as follows:

§ 1250.103–4   Illustrative applications.

(f) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 1250.105 to provide information as to the availability of the program or activity, and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(g) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available

to such group, and take other steps to provide that group with more adequate service.

5. Paragraphs (e) through (g) of § 1250.104 are revised and a new paragraph (h) is added as follows:

§ 1250.104   Assurances.

(e) Instrument effecting or recording transfers of real property. The instrument effecting or recording the transfer, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by NASA to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible NASA official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee.

(f) Assurances for transfer of surplus real property. Transfers of surplus property are subject to regulations issued by the Administrator of General Services (41 CFR 101–6.2).

(g) Form of assurances. The responsible NASA officials shall specify the form of assurances required by this § 1250.104 and the extent to which like assurances will be required by subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program.

(h) Requests for proposals. Any request for proposals issued by NASA which relates to covered financial assistance listed in Appendix A shall have set forth therein or have attached thereto the assurance prescribed in accordance with paragraph (g) of this section, and shall require that the proposer either include the assurance as a part of his signed proposal or identify and refer to an assurance already signed and submitted by the proposer.

§ 1250.107   [Amended]

6. Paragraph (d) of § 1250.107 is revised as follows: Subparagraph (2) is revoked, subparagraphs (3) and (4) are renumbered (2) and (3).

7. Paragraphs (b) and (d) of § 1250.108 are amended as follows:

§ 1250.108   Hearings.

(b) Time and place of hearing. Hearings shall be held at NASA Headquarters in Washington, D.C., at a time fixed by the Principal Compliance Officer unless he determines that the convenience of the applicant or recipient or of NASA requires that another place be selected.

Hearings shall be held before the Administrator, or, at his discretion, before a hearing examiner designated in conformity with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

(d) Procedures, evidence, and record. (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (section 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments, and briefs, requests for findings, and other related matters. Both NASA and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

8. Section 1250.109 is amended by the addition of paragraph (g) as follows:

§ 1250.109   Decisions and notices.

(g) Post termination proceedings. (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Principal Compliance Officer to restore fully the eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the Principal Compliance Officer determines that these requirements have been satisfied, he shall restore such eligibility.

AR_0090

(3) If the Principal Compliance Officer denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the Principal Compliance Officer. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 1250.111 [Amended]

9. Section 1250.111 is amended as follows:

a. In paragraph (a) the number 11114 is deleted and the number 11246 is substituted.

b. In paragraph (b) the word "programs" is deleted and the words "financial assistance" are substituted.

c. In paragraph (c) the sentence "Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action has been taken by the responsible official of this agency" is added at the end of the paragraph.

10. Appendix A is amended by the substitution of "NASA Federal Financial Assistance To Which This Part Applies" for "Programs of NASA To Which This Part Applies."

GEORGE M. LOW,
*Acting Administrator.*

[FR Doc.73-13301 Filed 7-3-73; 8:45 am]

Title 15—Commerce and Foreign Trade
SUBTITLE A—OFFICE OF THE SECRETARY OF COMMERCE

PART 8—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF COMMERCE—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

The Department of Commerce, in 1965, adopted regulations implementing Title VI. Thereafter a number of amendments were approved and the regulations, as amended, were published in the FEDERAL REGISTER of December 9, 1971, at page 23456.

Since that time, several additional amendments and language changes have been recommended by the Department of Justice which, by Executive Order, has authority to coordinate the Federal agencies in their execution of Title VI. These include: A provision ensuring nondiscrimination in the selection of members for planning and advisory bodies, which differs slightly from the one Commerce originally proposed (§ 8.4(b)(1) (viii) ); reference to a recipient's responsibility to collect data on the race of beneficiaries (§ 8.7.(b) ); modification of the language of the affirmative action

provision (§ 8.4(b)(6) ); and changing the time from 90 to 180 days for the filing of discrimination complaints (§ 8.8). The Department of Commerce agrees that all the changes are appropriate.

In consideration of the foregoing, Part 8 of Subtitle A of Title 15 of the Code of Federal Regulations is revised and such revision will become effective on July 5, 1973.

Subpart A—General Provisions; Prohibition; Non-discrimination Clause; Applicability to Programs

Sec.
8.1   Purpose.
8.2   Application of this part.
8.3   Definitions.
8.4   Discrimination prohibited.
8.5   Nondiscrimination clause.
8.6   Applicability of this part to Department-assisted programs.

Subpart B—General Enforcement

8.7   Cooperation; compliance reports and reviews; access to records.
8.8   Complaints.
8.9   Intimidatory or retaliatory acts prohibited.
8.10  Investigations.
8.11  Procedures for effecting compliance.
8.12  Hearings.
8.13  Decisions and notices.
8.14  Judicial review.
8.15  Effect on other laws; supplementary instructions; coordination.

Appendix A—Federal Financial Assistance to Which This Part Applies.

AUTHORITY: Section 602, Civil Rights Act of 1964 (42 U.S.C. 2000d–1).

Subpart A—General Provisions; Prohibitions; Nondiscrimination Clause; Applicability to Programs

§ 8.1   Purpose.

The purpose of this part is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program receiving Federal financial assistance from the Department of Commerce. This part is consistent with achievement of the objectives of the statutes authorizing the financial assistance given by the Department of Commerce as provided in section 602 of the Act.

§ 8.2   Application of this part.

(a) This part applies to any program for which Federal financial assistance is authorized under a law administered by the Department, including the federally assisted programs listed in Appendix A to this part and as said Appendix may be amended. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after January 9, 1965, pursuant to an application approved prior to such effective date.

(b) This part does not apply to (1) any Federal financial assistance by way of insurance or guaranty contracts, (2) money paid, property transferred, or other assistance extended under any such program before January 9, 1965, except where such assistance was subject to the title VI regulations of this De-

partment or of any other agency whose responsibilities are now exercised by this Department, (3) any assistance to any individual who is the ultimate beneficiary under any such program, or (4) any employment practice, under any such program, of any employer, employment agency, or labor organization except to the extent described in § 8.4(c). The fact that a program is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereinafter enacted may be added to the list by notice published in the FEDERAL REGISTER.

§ 8.3   Definitions.

(a) "Department" means the Department of Commerce, and includes each and all of its operating and equivalent other units.

(b) "Secretary" means the Secretary of Commerce.

(c) "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(d) "Person" means an individual in the United States who is or is eligible to be a participant in or an ultimate beneficiary of any program which receives Federal financial assistance, and includes an individual who is an owner or member of a firm, corporation, or other business or organization which is or is eligible to be a participant in or an ultimate beneficiary of such a program. Where a primary objective of the Federal financial assistance to a program is to provide employment, "person" includes employees or applicants for employment of a recipient or other party subject to this part under such program.

(e) "Responsible department official" with respect to any program receiving Federal financial assistance means the Secretary or other official of the Department who by law or by delegation has the principal authority within the Department for the administration of a law extending such assistance. It also means any officials so designated by due delegation of authority within the Department to act in such capacity with regard to any program under this part.

(f) "Federal financial assistance" includes (1) grants, loans, or agreements for participation in loans, of Federal funds, (2) the grant or donation of Federal property or interests in property, (3) the sale or lease of, or the permission to use (on other than a casual or transient basis), Federal property or any interest in such property or in property in which the Federal Government has an interest, without consideration, or at a nominal consideration, or at a consideration which is reduced, for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to or use by the recipient, (4) waiver of charges which would normally be made for the furnishing of Government services, (5) the detail of

AR_0091

RULES AND REGULATIONS                                                  17939

Federal personnel, (6) technical assistance, and (7) any Federal agreement, arrangement, contract, or other instrument which has as one of its purposes the provision of assistance.

(g) "Program" includes any program, project, or activity for the planning or provision of services, financial aid, property, other benefits, or facilities for furnishing services, financial aid, property, or other benefits, whether provided by the recipient or by others through contracts or other arrangements with the recipient, with the aid of Federal financial assistance, or with the aid of any non-Federal funds, property, facilities or other resources which are provided to meet the conditions under which Federal financial assistance is extended or which utilizes federally assisted property, facilities or resources.

(h) "Facility" includes all or any portion of structures, equipment, vessels, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration, contract for use, or acquisition of facilities.

(i) "Recipient" means any governmental, public or private agency, institution, organization, or other entity, or any individual, who or which is an applicant for Federal financial assistance, or to whom Federal financial assistance is extended directly or through another recipient for or in connection with any program. Recipient further includes a subgrantee, an entity which leases or operates a facility for or on behalf of a recipient, and any successors, assignees, or transferees of any kind of the recipient, but does not include any person who is an ultimate beneficiary under any program.

(j) "Primary recipient" means any recipient which is authorized or required to extend or distribute Federal financial assistance to another recipient for the purpose of carrying out a program.

(k) "Applicant" means one who submits an application, request, or plan required to be approved by a responsible Department official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and "application" means such an application, request, or plan.

(l) "Other parties subject to this part" includes any governmental, public or private agency, institution, organization, or other entity, or any individual, who or which, like a recipient, is not to engage in discriminatory acts with respect to applicable persons covered by this part, because of his or its direct or substantial participation in any program, such as a contractor, subcontractor, provider of employment, or user of facilities or services provided under any program.

§ 8.4  Discrimination prohibited.

(a) General. No person in the United States shall, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this part applies.

(b) Specific discriminatory acts prohibited. (1) A recipient of Federal financial assistance, or other party subject to this part under any program to which this part applies, shall not participate, directly or through contractual or other arrangements, in any act or course of conduct which, on the ground of race, color, or national origin:

(i) Denies to a person any service, financial aid, or other benefit provided under the program;

(ii) Provides any service, financial aid, or other benefit, to a person which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subjects a person to segregation or separate or other discriminatory treatment in any matter related to his receipt (or nonreceipt) of any such service, financial aid, property, or other benefit under the program;

(iv) Restricts a person in any way in the enjoyment of services, facilities, or any other advantage, privilege, property, or benefit provided to others under the programs;

(v) Treats a person differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which persons must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vi) Denies a person an opportunity to participate in the program through the provision of property or services or otherwise, or affords him an opportunity to do so which is different from that afforded others under the program (including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section);

(vii) Denies a person the same opportunity or consideration given others to be selected or retained or otherwise to participate as a contractor, subcontractor, or subgrantee when a program is applicable thereto;

(viii) Denies a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

(2) A recipient, or other party subject to this part under any program, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of persons to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of persons to be afforded an opportunity to participate in any such program, shall not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting persons to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect any persons of a particular race, color, or national origin.

(3) In determining the site or location of facilities, a recipient or other party subject to this part may not make selections with the purpose or effect of excluding persons from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided or made available in or through or utilizing a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color or national origin.

(c) Employment practices. (1) Where a primary objective of the Federal financial assistance to a program to or other party subject to this part shall not, directly or through contractual or other arrangements, subject a person to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees). Such recipients and other parties subject to this part shall take affirmative action to ensure that applicants are employed, and employees are treated during employment without regard to their race, color, or national origin. Such recipients and other parties subject to this part shall, as may be required by supplemental regulations, develop a written affirmative action program. The requirements applicable to construction employment under any such program shall be in addition to those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it. Federal financial assistance to programs under laws funded or administered by the Department which has as a primary objective the providing of employment include those set forth in Appendix A II of this part.

AR_0092

(2) Where a primary objective of the Federal financial assistance to a program to which this part applies is not to provide employment, but discrimination on the grounds of race, color, or national origin, in the employment practices of the recipient or other party subject to this part, tends, on the grounds of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under any such program, the provisions of subparagraph (1) of this paragraph shall apply to the employment practices of the recipient or other party subject to this part, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of such persons.

§ 8.5 Nondiscrimination clause.

(a) *Applicability.* Every application for, and every grant, loan, or contract authorizing approval of, Federal financial assistance to carry out a program and to provide a facility subject this part, and every modification or amendment thereof, shall, as a condition to its approval and to the extension of any Federal financial assistance pursuant thereto, contain or be accompanied by an assurance that the program will be conducted in compliance with all requirements imposed by or pursuant to this part. The assurances shall be set forth in a nondiscrimination clause. The responsible Department official shall specify the form and contents of the nondiscrimination clause for each program as appropriate.

(b) *Contents.* Without limiting its scope or language in any way, a nondiscrimination clause shall contain, where determined to be appropriate, and in an appropriate form, reference to the following assurances, undertakings, and other provisions:

(1) That the recipient or other party subject to this part will not participate directly or indirectly in the discrimination prohibited by § 8.4, including employment practices when a program covering such is involved.

(2) That when employment practices are covered, the recipient or other party subject to this part will (i) in all solicitations or advertisements for employees placed by or for the recipient, state that qualified applicants will receive consideration for employment without regard to race, color, or national origin; (ii) notify each labor union or representative of workers with which it has a collective bargaining agreement or other contract or understanding of the recipient's commitments under this section; (iii) post the nondiscrimination clause and the notice to labor unions in conspicuous places available to employees and applicants for employment; and (iv) otherwise comply with the requirements of § 8.4(c).

(3) That in a program involving continuing Federal financial assistance, the recipient thereunder (i) will state that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (ii) will

provide for such methods of administration for the program as are found by the responsible Department official to give reasonable assurance that all recipients of Federal financial assistance under such program and any other parties connected therewith subject to this part will comply with all requirements imposed by or pursuant to this part.

(4) That the recipient agrees to secure the compliance or to cooperate actively with the Department to secure the compliance by others with this part and the nondiscrimination clause as may be directed under an applicable program. For instance, the recipient may be requested by the responsible Department official to undertake and agree (i) to obtain or enforce or to assist and cooperate actively with the responsible Department official in obtaining or enforcing, the compliance of other recipients or of other parties subject to this part with the nondiscrimination required by this part; (ii) to insert appropriate nondiscrimination clauses in the respective contracts with or grants to such parties; (iii) to obtain and to furnish to the responsible Department official such information as he may require for the supervision or securing of such compliance; (iv) to carry out sanctions for noncompliance with the obligations imposed upon recipients and other parties subject to this part; and (v) to comply with such additional provisions as the responsible Department official deems appropriate to establish and protect the interests of the United States in the enforcement of these obligations. In the event that the cooperating recipient becomes involved in litigation with a noncomplying party as a result of such departmental direction, the cooperating recipient may request the Department to enter into such litigation to protect the interests of the United States.

(5) In the case of real property, structures or improvements thereon, or interests therein, which are acquired for a program receiving Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever, is longer. Where no transfer of property is involved, but property is improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a

condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing facilities on such property for the purposes for which the property was transferred, the responsible Department official may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate to forebear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

(6) In programs receiving Federal financial assistance in the form, or for the acquisition, of real property or an interest in real property to the extent that rights to space on, over, or under any such property are included as part of the program receiving such assistance the nondiscrimination requirements of this part shall extend to any facility located wholly or in part in such space.

(7) That a recipient shall not take action that is calculated to bring about indirectly what this part forbids it to accomplish directly.

(8) Provisions specifying the extent to which like assurances will be required of subgrantees, contractors and subcontractors, lessees, transferees, successors in interest, and other participants in the program.

(9) Provisions which give the United States a right to seek judicial enforcement of the assurances.

(10) In the case where any assurances are required from an academic, a medical care, detention or correctional, or any other institution or facility, insofar as the assurances relate to the institution's practices with respect to the admission, care, or other treatment of persons by the institution or with respect to the opportunity of persons to participate in the receiving or providing of services, treatment, or benefits, such assurances shall be applicable to the entire institution or facility. That requirement may be waived by the responsible Department official if the party furnishing the assurances establishes to the satisfaction of the responsible Department official that the practices in designated parts or programs of the institution or facility will in no way affect its practices in the program of the institution or facility for which Federal financial assistance is or is sought to be provided, or affect the beneficiaries of or participants in such program. If in any such case the assistance is or is sought for the construction of a facility or part of a facility, the assurances shall in any event extend to the entire facility and to facilities operated in connection therewith.

(11) In the case where the Federal financial assistance is in the form of or to aid in the acquisition of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipients, or, in the case of a subsequent transfer, the

AR_0093

transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient or transferee retains ownership or possession of the property, whichever is longer. In the case of any other type or form of assistance, the assurances shall be in effect for the duration of the period during which Federal financial assistance is extended to the program.

§ 8.6  Applicability of this part to Department assisted programs.

The following examples illustrate the applicability of this part to programs which receive or may receive Federal financial assistance administered by the Department. The fact that a particular program is not listed does not indicate that it is not covered by this part. The discrimination referred to is that described in § 8.4 against persons on the ground of race, color, or national origin.

(a) *Assistance to support economic development programs.* Discrimination in which recipients and other parties subject to this part shall not engage, directly or indirectly, includes discrimination in (1) the letting of contracts or other arrangements for the planning, designing, engineering, acquisition, construction, rehabilitation, conversion, enlargement, installation, occupancy, use, maintenance, leasing, subleasing, sales, or other utilization or disposition of property or facilities purchased or financed in whole or in part with the aid of Federal financial assistance; (2) the acquisition of goods or services, or the production, preparation, manufacture, marketing, transportation, or distribution of goods or services in connection with a program or its operations; (3) the onsite operation of the project or facilities; (4) services or accommodations offered to the public in connection with the program; and (5) in employment practices in connection with or which affect the program (as defined in § 8.4(c)); in the following programs:

(i) Any program receiving Federal financial assistance for the purchase or development of land and facilities (including machinery and equipment) for industrial or commercial usage.

(ii) Any program receiving Federal financial assistance in the form of loans or direct or supplementary grants for the acquisition or development of land and improvements for public works, public service or development facility usage, and the acquisition, construction, rehabilitation, alteration, expansion, or improvement of such facilities, including related machinery and equipment.

(iii) In any program receiving any form of technical assistance designed to alleviate or prevent conditions of excessive employment or underemployment.

(iv) In any program receiving Federal financial assistance in the form of administrative expense grants.

(b) *Assistance to support the training of students.* A current example of such assistance is that received by State maritime academies or colleges, by contract, of facilities (vessels), related equipment and funds to train merchant marine officers. In this and other student training programs, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in the selection of persons to be trained and in their treatment by the recipients in any aspect of the educational process and discipline during their training, or in the availability or use of any academic, housing, eating, recreational, or other facilities and services, or in financial assistance to students furnished or controlled by the recipients or incidental to the program. In any case where selection of trainees is made from a predetermined group, such as the students in an institution or area, the group must be selected without discrimination.

(c) *Assistance to support mobile or other trade fairs.* In programs in which operators of mobile trade fairs using U.S. flag vessels and aircraft and designed to exhibit and sell U.S. products abroad, or in which other trade fairs or exhibitions, receive technical and financial assistance, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in the selection or retention of any actual or potential exhibitors, or in access to or use of the services or accommodations by, or otherwise with respect to treatment of, exhibitors or their owners, officers, employees, or agents.

(d) *Assistance to support business entities eligible for trade adjustment assistance.* In programs in which eligible business entities receive any measure or kind of technical, financial or tax adjustment assistance because of or in connection with the impact of U.S. international trade upon such business, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in their employment practices as defined in § 8.4(c).

(e) *Assistance to support research and development and related activities.* In programs in which individuals, educational or other institutions, public governmental or business entities receive Federal financial assistance in order to encourage or foster research or development activities as such, or to obtain, promote, develop, or protect thereby technical, scientific, environmental, or other information, p r o d u c t s, facilities, resources, or services which are to be made available to or used by others; but where such programs do not constitute Government procurement of property or services, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination with respect to (1) the choice, retention or treatment of contractors, subcontractors, subgrantees or of any other person; (2) the provision of services, facilities, or financial aid; (3) the participation of any party in the research activities; (4) the dissemination to or use by any person of the results or benefits of the research or development, whether in the form of information, products, services, facilities, resources, or otherwise. If research is performed within an educational institution under which it is expected that students or others will participate in the research as a part of their experience or training, on a compensated or uncompensated basis, there shall be no discrimination in admission of students to, or in their treatment by, that part of the school from which such students are drawn or in the selection otherwise of trainees or participants. The recipient educational institutions will be required to give the assurances provided in § 8.5 (b) (10).

(f) *Assistance to aid in the operations of vessels engaged in U.S. foreign commerce.* In programs in which the operators of American-flag vessels used to furnish shipping services in the foreign commerce of the United States receive Federal financial assistance in the form of operating differential subsidies, discrimination which is prohibited by recipients and other parties subject to this part includes discrimination in soliciting, accepting or serving in any way passengers or shippers of cargo entitled to protection in the United States under the Act.

Subpart B—General Compliance

§ 8.7  Cooperation, compliance reports and reviews and access to records.

(a) *Cooperation and assistance.* Each responsible Department official shall to the fullest extent practicable seek the cooperation of recipients and other parties subject to this part in obtaining compliance with this part and shall provide assistance and guidance to recipients and other parties to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient and other party subject to this part shall keep such records and submit to the responsible Department official timely, complete, and accurate compliance reports at such times and in such form and containing such information as the responsible Department official may determine to be necessary to enable him to ascertain whether the recipient or such other party has complied or is complying with this part. In general, recipients should have available for the department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of federally assisted programs. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, or under which a recipient is obligated to obtain or to cooperate in obtaining the compliance of other parties subject to this part, such other recipients or other parties shall also submit such compliance reports to the primary recipient or recipients as may be necessary to enable them to carry out their obligations under this part.

(c) *Access to sources of information.* Each recipient and other party subject to this part shall permit access by the responsible Department official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities, as may be pertinent to ascer-

AR_0094

tain compliance with this part. Where any information required of a recipient or other party is in the exclusive possession of another who fails or refuses to furnish this information, the recipient or other party shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient or other party subject to this part shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner as this part and the responsible Department official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

(e) *Compliance review.* The responsible Department official or his designee shall from time to time review the practices of recipients and other parties subject to this part to determine whether they are complying with this part.

§ 8.8 Complaints.

(a) *Filing complaints.* Any person who believes himself or any specific class of persons to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Department official a written complaint. A complaint shall be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Department official.

§ 8.9 Intimidatory or retaliatory acts prohibited.

(a) No recipient or other party subject to this part shall intimidate, threaten, coerce, or discriminate against, any person for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because the person has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part.

(b) The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial or other proceeding arising thereunder.

§ 8.10 Investigations.

(a) *Making the investigation.* The responsible Department official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation shall include, where appropriate, a review of the pertinent practices and policies of the recipient or other party subject to this part, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether there has been a failure to comply with this part.

(b) *Resolution of matters.* (1) If an investigation pursuant to paragraph (a) of this section indicates a failure to comply with this part, the responsible Department official will so inform the recipient or other party subject to this part and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 8.11.

(2) If an investigation does not warrant action pursuant to paragraph (b) (1) of this section, the responsible Department official will so inform the recipient or other party subject to this part and the complainant, if any, in writing.

§ 8.11 Procedures for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 8.5.* If a recipient or other party subject to this part fails or refuses to furnish an assurance required under § 8.5 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Department shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under said paragraph except that the Department shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application or contract therefor approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Department official has advised the recipient or other party subject to this part of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by such recipient or other party to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the Secretary pursuant to § 8.13(e), and (4) the expiration of 30 days after the Secretary has filed with the committee of the

House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other recipient or other party as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Department official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other party has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other party. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other party to comply with this part and to take such corrective action as may be appropriate.

§ 8.12 Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 8.11(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected recipient or other party subject to this part. This notice shall advise the recipient or other party of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the recipient or other party may request of the responsible Department official that the matter be scheduled for hearing, or (2) advise the recipient or other party that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. A recipient or other party may waive a hearing and submit written information and argument for the record. The failure of a recipient or other party to request a hearing under this paragraph of this section or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 8.11(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Department in Washington, D.C., at a time fixed by the responsible Department official or hearing officer unless he determines that the convenience of the recipient or other party or of the Department requires that another place be selected. Hearings shall be held before the

AR_0095

responsible Department official, or at his discretion, before a hearing officer.

(c) *Right to counsel.* In all proceedings under this section, the recipient or other party and the Department shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedures Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the recipient or other party shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part, and the regulations of one or more other Federal departments or agencies issued under Title VI of the Act, the Secretary may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings and for the application to such hearings of rules of procedures not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 8.13.

§ 8.13   Decisions and notices.

(a) *Decision by person other than the responsible Department official.* If the hearing is held by a hearing officer such hearing officer shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Department official for a final decision, and a copy of such ini-

tial decision or certification shall be mailed to the recipient or other party subject to this part. Where the initial decision is made by the hearing officer, the recipient or other party may within 30 days of the mailing of such notice of initial decision file with the responsible Department official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Department official may on his own motion within 45 days after the initial decision serve on the recipient or other party a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review, the responsible Department official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Department official.

(b) *Decisions on record or review by the responsible Department official.* Whenever a record is certified to the responsible Department official for decision or he reviews the decision of a hearing officer pursuant to paragraph (a) of this section, or whenever the responsible Department official conducts the hearing, the recipient or other party shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Department official shall be given in writing to the recipient or other party and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 8.12(a) a decision shall be made by the responsible departmental official on the record and a copy of such decision shall be given in writing to the recipient or other party, and to the complainant, if any.

(d) *Ruling required.* Each decision of a hearing officer or responsible Department official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the recipient or other party has failed to comply.

(e) *Approval by Secretary.* Any final decision of a responsible Department official (other than the Secretary) which provides for the suspension or termination of, or the refusal to grant or continue, Federal financial assistance, or the imposition of any other sanction available under this part of the Act, shall promptly be transmitted to the Secretary, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no

Federal financial assistance will thereafter be extended under such program to the recipient or other party determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the responsible Department official that it will fully comply with this part.

(g) *Posttermination proceedings.* (1) Any recipient or other party which is adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any recipient or other party adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the recipient or other party has met the requirements of paragraph (g) (1) of this section. If the responsible Department official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Department official denies any such request, the recipient or other party may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with rules of procedure issued by the responsible Department official. The recipient or other party will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (g) (1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 8.14   Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 8.15   Effect on other laws; supplementary instructions; coordination.

(a) *Effect on other laws.* All regulations, orders, or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorizes the suspension or termination of or refusal to grant or to continue Federal financial assistance to any recipient or other party subject to this part of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that

AR_0096

17944

RULES AND REGULATIONS

nothing in this part shall be deemed to relieve any one of any obligations assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to January 9, 1965. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Order 11246 and regulations issued thereunder, or (2) Executive Order 11063 and regulations issued thereunder, or any other regulations or instructions, insofar as such order, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* Each responsible Department official shall issue and promptly make available to interested parties forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* The Secretary may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 8.13), including the achievement of effective coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by the responsible official of this Department.

Dated: July 14, 1972.

PETER G. PETERSON,
*Secretary of Commerce.*

APPENDIX A

I. FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

1. Loans, grants, technical and other assistance for public works and development facilities, for supplementing Federal grants-in-aid, for private businesses, and for other purposes, including assistance in connection with designated economic development districts and regions, under the Public Works and Economic Development Act of 1965, as amended (42 U.S.C. 3121 et seq.) and its predecessor Area Redevelopment Act (42 U.S.C. 2501 et seq.).

2. Operating differential subsidy assistance to operators of U.S. flag vessels engaged in U.S. foreign commerce (46 U.S.C. 1171 et seq.).

3. Assistance to operate State Maritime Academies and Colleges to train merchant marine officers (46 U.S.C. 1381–1388).

4. Assistance to trade fair operators (46 U.S.C. 1122b).

5. Trade adjustment assistance to eligible U.S. businesses under the Trade Expansion Act of 1962 (19 U.S.C. 1911–1920).

6. Grants to nonprofit institutions or organizations to further or obtain scientific research to be made available to the public or interested businesses or organizations (e.g., 42 U.S.C. 1891–1893).

7. Assistance to upgrade commercial fishing vessels and gear (16 U.S.C. 742c).

8. Trade adjustment assistance to eligible U.S. businesses under the Automotive Products Trade Act of 1965 (Public Law 89–283, 79 Stat. 1016).

9. Assistance to State projects designed for the research and development of commercial fisheries resources of the nation (16 U.S.C. 779a–779f).

10. Assistance to States in controlling and eliminating jellyfish, other such pests and floating seaweed (16 U.S.C. 1201 et seq.).

11. Assistance to other non-Federal interests under cooperative agreements to conserve, develop, and enhance Anadromous and Great Lakes Fisheries (16 U.S.C. 757a et seq.).

12. Assistance to States in the acquisition, development, and propagation of disease resistant oysters (16 U.S.C. 760j–760l).

13. Fishing Development of the South Pacific—Cooperation with State agencies, island governments and educational, industrial or other organizations or individuals in conducting fishing exploration and scientific studies for development and utilization of the high seas fishing resources of the Pacific Ocean (16 U.S.C. 758b).

14. Migratory Marine Fishing Program—Cooperation or contract with State and other institutions or agencies in research and study of migratory marine fish of interest to recreational fishermen (16 U.S.C. 760f).

15. Grants for education and training of personnel in commercial fishing (16 U.S.C. 760d).

16. Grants and other assistance under the National Sea Grant College and Program Act of 1966 (33 U.S.C. 1121–1124).

17. Cooperation with State or local governments, private agencies, organizations or individuals interested in fishery commodities in order to promote the flow of domestic fishery products by conducting an educational service and fishery technological, biological and related research programs (15 U.S.C. 713c–3).

II. A PRIMARY OBJECTIVE OF THE FEDERAL FINANCIAL ASSISTANCE LISTED IN APPENDIX A1 WHICH IS AUTHORIZED BY EACH OF THE FOLLOWING STATUTES IS TO PROVIDE EMPLOYMENT

1. Public Works and Economic Development Act of 1965, as amended, and predecessor Area Redevelopment Act.

2. Trade Expansion Act of 1962.

[FR Doc.73–13283 Filed 7–3–73;8:45 am]

Title 18—Conservation of Power and Water Resources

CHAPTER II—TENNESSEE VALLEY AUTHORITY

PART 302—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF TVA-EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

1. The entry for § 302.11 in the table of contents for Part 302 is revised to read:

Sec.
302.11 Effect on other regulations; supervision and coordination.

2. Subparagraphs (3) and (4) of paragraph (b) of § 302.3 are renumbered as

subparagraphs (4) and (5), respectively, and the following new subparagraphs (3) and (6) are inserted:

§ 302.3 Discrimination prohibited.

*      *      *      *      *

(b) * * *

(3) In determining the site or location of facilities, a recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

*      *      *      *      *

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies, the recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

3. Paragraph (b) of § 302.4 is revised to read as follows:

§ 302.4 Assurances required.

*      *      *      *      *

(b) In the case of real property, structures or improvements thereon, or interests therein, which is acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer by TVA of real property or interest therein, the instrument effecting or recording the transfer of title shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained by transfer from TVA, the covenant against discrimination may also include a condition coupled with a right to be reserved by TVA to revert title to the property in the event of a breach of the covenant where, in the discretion of TVA, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a trans-

AR_0097

RULES AND REGULATIONS                                             17945

feree of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, TVA may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as it deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

4. Paragraph (d) of § 302.7 is revised to read as follows:

§ 302.7  Procedure for effecting compliance.

*       *       *       *       *

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) TVA has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with the regulation and to take such corrective action as may be appropriate.

5. Paragraph (d) (1) of § 302.8 is revised to read as follows:

§ 302.8  Hearings.

*       *       *       *       *

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with the procedures contained in 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act) and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both TVA and the recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

*       *       *       *       *

6. A new paragraph (g) is added to § 302.9 as follows:

§ 302.9  Decisions and notices.

*       *       *       *       *

(g) *Posttermination proceedings.* (1) A recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if he satisfies the terms and conditions of that order for such eligibility or if he brings himself into compliance with this regulation and provides reasonable assurance that he will fully comply with this regulation.

(2) Any recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request TVA to restore fully his eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the recipient has met the requirements of subparagraph (1) of this paragraph. If TVA determines that those requirements have been satisfied, it shall restore such eligibility.

(3) If TVA denies any such request, the recipient may submit a request for a hearing in writing, specifying why he believes TVA to have been in error. The recipient shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with the rules of procedure issued by TVA. The recipient will be restored to such eligibility if he proves at such a hearing that he satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

1. The title of § 302.11 is revised, the existing language of the section is designated paragraph (a), and a new paragraph (b) is added, all to read as follows:

§ 302.11  Effect on other regulations; supervision and coordination.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by TVA which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this regulation applies, and which authorize the suspension or termination of or refusal to grant or to continue financial assistance to any recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Order 11246 and regulations issued thereunder, or (2) any other regulations or instructions, insofar as they prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this regulation is inapplicable, or prohibit discrimination on any other ground.

(b) *Supervision and coordination.* TVA may from time to time assign to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in

§ 302.9), including the achievement of effective coordination and maximum uniformity within the Executive Branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by TVA.

8. The heading of Appendix A is revised to read:

APPENDIX A—FEDERAL FINANCIAL ASSISTANCE TO WHICH THESE REGULATIONS APPLY

*Effective date.* The foregoing amendments will become effective on July 5, 1973.

DATED: June 1, 1972.

TENNESSEE VALLEY
AUTHORITY,
LYNN SEEBER,
*General Manager.*

[FR Doc. 73–13307 Filed 7–3–73;8:45 am]

Title 22—Foreign Relations

CHAPTER I—DEPARTMENT OF STATE

SUBCHAPTER O—CIVIL RIGHTS

[Dept. Reg. 108.675]

PART 141—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF STATE—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

A notice of proposed rulemaking was published in the FEDERAL REGISTER on December 9, 1971 (36 FR 23464–23466) to amend Part 141 of Title 22 of the Code of Federal Regulations. The amendments were uniform amendments issued for the purpose of effecting necessary clarification to the Title VI regulations proposed by all Government agencies having Title VI responsibilities.

As a result of comments received, certain changes have been made to the proposed amendments to conform to the uniform agency amendments. A new provision (vii) is added to section 141.3 to prohibit discrimination in the selection of planning and advisory boards; the requirement that a recipient take affirmative action to eliminate discrimination is clarified in § 141.5; § 141.5(b) is amended to require that recipients maintain data showing the extent to which minority group persons receive the benefits of Federal financial assistance; and § 141.6(b) is revised to extend the time limit for filing complaints from 90 days to 180 days.

Accordingly, Part 141 is amended as set forth below.

1. Section 141.2 is revised to read as follows:

§ 141.2  Application of this part.

This part applies to any program for which Federal financial assistance, as defined in this part, is authorized under a law administered by the Department including, but not limited to, the Federally

AR_0098

17946

**RULES AND REGULATIONS**

assisted programs and activities listed in Appendix A of this part. It applies to Federal financial assistance of any form, including property which may be acquired as a result of and in connection with such assistance, extended under any such program after the effective date of this regulation, even if the application is approved prior to such effective date. This part does not apply to: (a) Any Federal financial assistance by way of insurance of guaranty contracts; (b) money paid, property transferred, or other assistance extended under any such program before the effective date of this regulation; (c) any assistance to any individual who is the ultimate beneficiary under any such program; or (d) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 141.3(d), or (e) any assistance to an activity carried on outside the United States by a person, institution, or other entity not located in the United States. The fact that a program or activity is not listed in Appendix A of this part shall not mean, if Title VI of the Act is otherwise applicable, that such program is not covered. Transfers of surplus property in the United States are subject to regulations issued by the Administrator of General Services (41 CFR 101–6.2).

2. In § 141.3, subparagraphs (1) (vi) are amended and a new subparagraph (vii) is added to paragraph (b); paragraph (b) (2) is amended; and new paragraphs (b) (5) and (d) are added to read as follows:

**§ 141.3  Discrimination prohibited.**

\*    \*    \*    \*    \*

(b)  \*  \*  \*

(1)  \*  \*  \*

(vi) Deny an individual an opportunity to participate in the program through the provision of services or otherwise afford him an opportunity to do so which is different from that afforded others under the program, including the opportunity to participate in the program as an employee in accordance with paragraph (d) of this section.

(vii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the location or site of any facilities, or services, or the class of individuals to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration or select locations or sites for any facilities or services, which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as re-

spect individuals of a particular race, color, or national origin.

\*    \*    \*    \*    \*

(5) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color, or national origin.

(d) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program to which this part applies is to provide employment, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is: (i) To reduce the unemployment of such individuals or to help them through employment to meet subsistence needs; (ii) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training; (iii) to provide work experience which contributes to the education or training of such individuals; or (iv) to provide remunerative activity to such individuals who because of severe handicaps cannot be readily absorbed in the competitive labor market.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of paragraph (d) (1) of this section shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

3. In § 141.4, paragraphs (a) and (b) (1) are revised and a new paragraph (c) is added to read as follows:

**§ 141.4  Assurances required.**

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, shall

contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. The assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application.

(2) In any case where the Federal assistance is to provide, or is in the form of personal property, or real property or structures or any interest therein, or such property is acquired as a result of and in connection with such assistance, the assurance shall obligate the recipient, or, in case of subsequent transfers, the transferees, for the period during which the property is used for a purpose for which the Federal assistance was, or is extended, or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Any assurance relating to property provided under or acquired as a result of or in connection with such assistance shall as appropriate require any instrument effecting or recording transfer, title or other evidence of ownership or right to possession, to include a covenant or condition assuring nondiscrimination for the period of obligation of the recipient or any transferee, which may contain a right to be reserved to the Department to revert title or right to possession. Where no transfer of property is involved, but property is improved or any interest of the recipient or transferee therein is increased as a result of a program of Federal financial assistance, the recipient or transferee shall agree to include such covenant or condition in any subsequent transfer of such property. Failure to comply with any such conditions or requirements contained in such assurances shall render the recipient and the transferees, where appropriate, presumptively in noncompliance.

(3) The responsible Departmental official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(b) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education, including assistance for construction, for research, for a special training project, for a student loan program, or for any other purpose, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

\*    \*    \*    \*    \*

(c) *Elementary and secondary schools.* The requirements of paragraph (a) (1) of this section, with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is sub-

AR_0099

RULES AND REGULATIONS                                                                 17947

ject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurances that it will comply with such order, or (2) submits a plan the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the responsible official of the Department of Health, Education, and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

4. Section 141.5(b). is revised to read as follows:

§ 141.5  Compliance information.

*      *      *      *      *

(b) Compliance reports. Each recipient shall keep such records and submit to the responsible Departmental official or his designee timely, complete and accurate compliance reports at such times, and in such form and containing such information, as a responsible Departmental official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In general, recipients should have available for the Department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of Federally assisted programs. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

5. Section 141.6(b) is revised to read as follows:

§ 141.6  Conduct of investigations.

*      *      *      *      *

(b) Complaints. Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Departmental official a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Departmental official or his designee.

6. Section 141.7(a) is revised to read as follows:

§ 141.7  Procedure for effecting compliance.

(a) General. If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

7. In § 141.8, paragraphs (b), (d), and (e) are amended to read as follows:

§ 141.8  Hearings.

*      *      *      *      *

(b) Time and place of hearing. Hearings shall normally be held at the offices of the Department in Washington, D.C., at a time fixed by the responsible Department official. Hearings shall be held before an official designated by the Secretary other than the responsible Department official, in accordance with 5 U.S.C. 3105 and 3344 (formerly section 11 of the Administrative Procedure Act).

*      *      *      *      *

(d) Procedures, evidence, and record. (1) The hearing, decision, and any administrative review thereof shall be conducted with as much conformity as is practicable with 5 U.S.C. 554–557 (formerly sections 5–8 of the Administrative Procedure Act, and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(e) Consolidated or joint hearings; hearings before other agencies. In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part and regulations of one or more other Federal departments or agencies issued under Title VI of the Act, the Secretary may, by agreement with such other departments or agencies where applicable,

provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedures not inconsistent with this part, except that procedural requirements of the hearing agency if other than this Department may be adopted insofar as it is determined by the Secretary that variations from the procedures described in this section or elsewhere as may be required under this part do not impair the rights of the parties. The Secretary may also transfer the hearing of any complaint to any other department or agency, with the consent of that Department or Agency, (1) where Federal financial assistance to the applicant or recipient of the other Department or Agency is substantially greater than that of the Department of State, or (2) upon determination by the Secretary that such transfer would be in the best interests of the Government of effectuating this part. Final decisions in all such cases, insofar as this part is concerned, shall be made in accordance with § 141.9.

8. A new paragraph (g) is added to § 141.9 to read as follows:

§ 141.9  Decisions and notices.

*      *      *      *      *

(g) Post-termination proceedings. (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Departmental official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information establishing that the applicant or recipient has met the requirements of paragraph (g)(1) of this section. If the responsible Departmental official determines that those requirements have been satisfied, he shall restore such eligibility, but such determination shall be in writing and shall be supported by evidence and findings of fact which shall be retained by the Department.

(3) If the responsible Departmental official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Departmental official. The burden of substantiating compliance with the requirements of paragraph (g)(1) of this section shall be on the applicant or recipient. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

AR_0100

## RULES AND REGULATIONS

9. In § 141.11, paragraph (b) is amended to read as follows:

§ 141.11 Effect on other regulations; forms and instructions.

* * * * *

(b) *Supervision and coordination.* The Secretary may, from time to time, assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such department or agencies, responsibilities in connection with the effectuation of the purposes of Title VI of the Act and this part including the achievement of effectiveness coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of Title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this Department.

10. In § 141.12, paragraphs (e) and (f) are amended and a new paragraph (j) is added to read as follows:

§ 141.12 Definitions.

* * * * *

(e) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, and (4) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance or other benefits to individuals whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient.

(f) The term "program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient. Services, financial aid, or other benefits shall include those provided with the aid of or through any facility provided for by the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions in order to receive Federal assistance.

* * * * *

(j) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration, or acquisition of facilities.

11. The title of Appendix A is changed to read as follows:

GRANTS AND ACTIVITIES TO WHICH THIS PART APPLIES

(Sec. 602, Civil Rights Act of 1964, 78 Stat. 252; sec. 4, 63 Stat. 111, as amended; 42 U.S.C. 2000d; 22 U.S.C. 2658)

*Effective date.* These amendments shall be effective on July 5, 1973.

[SEAL]      JOHN N. IRWIN II,
     *Acting Secretary of State.*

AUGUST 31, 1972.

[FR Doc.73–13290 Filed 7–3–73;8:45 am]

CHAPTER II—AGENCY FOR INTERNATIONAL DEVELOPMENT, DEPARTMENT OF STATE

[A.I.D. Reg. 9]

PART 209—NON-DISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE AGENCY FOR INTERNATIONAL DEVELOPMENT—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

### Miscellaneous Amendments

On December 9, 1971, a notice of proposed rule making was published in the FEDERAL REGISTER (36 FR 23466) proposing amendments to Part 209 of title 22, Code of Federal Regulations, for the purpose of effecting necessary clarifications of this Agency's regulations implementing Title VI of the Civil Rights Act of 1964. The proposed amendments were published on behalf of this Agency by the Department of Justice, pursuant to that Department's responsibility under Executive Order 11247, to coordinate enforcement of Title VI.

Interested persons were invited to participate in the consideration of the proposed amendments by submitting written comments to the Assistant Attorney General, Civil Rights Division, Department of Justice, within thirty days of the publication of the notice of proposed rule making.

Comments on these amendments have been received and reviewed by the Civil Rights Division. On the basis of those comments, this Agency has been advised by the Civil Rights Division that no additions are required to be made to the proposed amendments. The Civil Rights Division has recommended that we take the necessary steps to adopt the proposals as final amendments.

Accordingly, the proposed amendments are hereby adopted without change and are set forth below.

*Effective date.* These amendments shall become effective on July 5, 1973.

Dated May 18, 1972.

JOHN A. HANNAH,
*Administrator, Agency for
International Development.*

§ 209.4 [Amended]

1. The present § 209.4(b) (3) is redesignated as § 209.4(b) (4).

2. The present § 209.4(b) (4) is redesignated as § 209.4(b) (5).

3. The following new paragraph is added to the regulation and is designated as § 209.4(b) (3):

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, or denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

4. The following new paragraph is added to the regulation and is designated as § 209.4(b) (6):

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this Regulation applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

5. Section 209.5(a) (2) is revised to read as follows:

§ 209.5 Assurance required.

(a) * * *

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Agency to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Agency official, such a condition and right of reverter is appropriate to the program

AR_0101

RULES AND REGULATIONS

17949

under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposed to mortgage or otherwise encumber the real property as security for financing construction of new or improvement of existing facilities on such property for the purposes for which the property was transferred, the Administrator may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

*　*　*　*　*

7. Section 209.8(d) is revised to read as follows:

§ 209.8　Procedure for effecting compliance.

*　*　*　*　*

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Agency official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 209.9　[Amended]

8. The last sentence of § 209.9(b) is revised to read as follows: "Hearings shall be held before the Administrator or before a hearing examiner designated in accordance with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act)."

9. The first sentence of § 209.9(d) (1) is revised to read as follows:

(1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper and not inconsistent with this section) relating to the conduct of the proper (and not inconsistent with this hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters.

10. The following new paragraphs are added to the regulation and designated as § 209.10(f):

§ 209.10　Decisions and notices.

*　*　*　*　*

(f) *Post Termination Proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the responsible Agency official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Agency official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Agency official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Agency official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) of this section shall remain in effect.

§ 209.12　[Amended]

11. The last sentence of § 209.12(a) is revised to read as follows:

"Nothing in this part, however, shall be deemed to supersede any of the following (including future amendment thereof):

"(1) Executive Order 11246, and regulations issued thereunder, or (a) any other regulation or instruction insofar as it prohibits discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibits discrimination on any other ground."

12. The following new sentence is added to § 209.12 (b) at the end thereof: "Any action taken, determination made, or requirement imposed by an official of another Department or Agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this Agency."

13. The title of Appendix A to the regulation is revised to read as follows:

Federal Financial Assistance To Which This Regulation Applies

[FR Doc.73–13292 Filed 7–3–73;8:45 am]

Title 24—Housing and Urban Development

SUBTITLE A—OFFICE OF THE SECRETARY, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

[Docket No. R–71–107]—

PART 1—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

The purpose of these regulations is to further effectuate the provisions of title VI of the Civil Rights Act of 1964 and to make the Department of Housing and Urban Development's regulations consistent with the uniform amendments being adopted by Federal agencies under that title. On December 9, 1971 (36 FR 23467), the Department published a notice of proposed rule making to amend the existing regulations (29 FR 16280, Dec. 4, 1964, amended 32 FR 14819, Oct. 26, 1967 and 36 FR 8784, May 13, 1971) with comments to be submitted to the Department of Justice.

The comments received have been evaluated by the Department of Justice and HUD, and in response to these comments, the following changes have been made to the proposed regulations as noticed. In other respects, the amendment is adopted as published in the notice of rule making.

In § 1.4(b), a new item (vii) has been added to the list of prohibitions, that of discriminating in the selection of members of planning or advisory boards where the recipient of Federal aid has control over the board and the board is an integral part of the program receiving Federal aid.

Section 1.6(b) has been revised to expressly provide that racial and ethnic data should be made available by the recipient to the Department as part of the information necessary for determining compliance.

Section 1.4(b) (6) has been reworded and divided into two subparagraphs in order to clarify that affirmative action is required in those programs where discrimination as prohibited by § 1.4 has previously occurred, but may also be taken where conditions has resulted in limiting participation in a program to persons of a particular race, color or national origin.

In § 1.7(b) the time allowed a complainant for filing a complaint has been changed from 90 days to 180 days in order to make these regulations consistent with other civil rights laws. (42 U.S.C. 2000e–5(e); 42 U.S.C. 3610(b); 41 CFR 60–1.21)

Accordingly, Part 1 of Subtitle A of Title 24 of the Code of Federal Regulations is amended as follows:

Sec.
1.1　Purpose.
1.2　Definitions.
1.3　Application of Part 1.

AR_0102

17950

**RULES AND REGULATIONS**

Sec.
1.4    Discrimination prohibited.
1.5    Assurances required.
1.6    Compliance information.
1.7    Conduct of investigations.
1.8    Procedure for effecting compliance.
1.9    Hearings.
1.10   Decisions and notices.
1.11   Judicial review.
1.12   Effect on other regulations; forms and
        instructions.
Appendix A.

AUTHORITY: The provisions of this Part 1 issued under sec. 602, 78 Stat. 252, 42 U.S.C. 2000d-1; sec. 7(d), 79 Stat. 670, 42 U.S.C. 3535(d); and the laws listed in Appendix A to this Part 1.

§ 1.1   Purpose.

The purpose of this Part 1 is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the Department of Housing and Urban Development.

§ 1.2   Definitions.

As used in this Part 1—

(a) The term "Department" means the Department of Housing and Urban Development.

(b) The term "Secretary" means the Secretary of Housing and Urban Development.

(c) The term "responsible Department official" means the Secretary or, to the extent of any delegation of authority by the Secretary to act under this Part 1, any other Department official to whom the Secretary may hereafter delegate such authority.

(d) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(e) The term "Federal financial assistance" includes (1) grants, loans, and advances of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance. The term "Federal financial assistance" does not include a contract of insurance or guaranty.

(f) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, organization, or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program or activity, or who otherwise participates in carrying out such program or activity (such as a redeveloper in the Urban Renewal Program), including any successor, assign, or transferee thereof, but such term does not include any ultimate beneficiary under any such program or activity.

(g) The term "applicant" means one who submits an application, contract, request, or plan requiring Department approval as a condition to eligibility for Federal financial assistance, and the term "application" means such an application, contract, request, or plan.

§ 1.3   Application of Part 1.

This Part 1 applies to any program or activity for which Federal financial assistance is authorized under a law administered by the Department, including any program or activity assisted under the statutes listed in Appendix A of this Part 1. It applies to money paid, property transferred, or other Federal financial assistance extended to any such program or activity on or after January 3, 1965. This Part 1 does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended to any such program or activity before January 3, 1965, (c) any assistance to any person who is the ultimate beneficiary under any such program or activity, or (d) any employment practice, under any such program or activity, of any employer, employment agency, or labor organization, except to the extent described in § 1.4(c). The fact that certain financial assistance is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such financial assistance is not covered. Other financial assistance under statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

§ 1.4   Discrimination prohibited.

(a) *General.* No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity to which this Part 1 applies.

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program or activity to which this Part 1 applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny a person any housing, accommodations, facilities, services, financial aid, or other benefits provided under the program or activity;

(ii) Provide any housing, accommodations, facilities, services, financial aid, or other benefits to a person which are different, or are provided in a different manner, from those provided to others under the program or activity;

(iii) Subject a person to segregation or separate treatment in any matter related to his receipt of housing, accommodations, facilities, services, financial aid, or other benefits under the program or activity;

(iv) Restrict a person in any way in access to such housing, accommodations, facilities, services, financial aid, or other benefits, or in the enjoyment of any advantage or privilege enjoyed by others in connection with such housing, accommodations, facilities, services, financial aid, or other benefits under the program or activity;

(v) Treat a person differently from others in determining whether he satisfies any occupancy, admission, enrollment, eligibility, membership, or other requirement or condition which persons must meet in order to be provided any housing, accommodations, facilities, services, financial aid, or other benefits provided under the program or activity;

(vi) Deny a person opportunity to participate in the program or activity through the provision of services or otherwise, or afford him an opportunity to do so which is different from that afforded others under the program or activity (including the opportunity to participate in the program or activity as an employee but only to the extent set forth in paragraph (c) of this section).

(vii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

(2) (i) A recipient, in determining the types of housing, accommodations, facilities, services, financial aid, or other benefits which will be provided under any such program or activity, or the class of persons to whom, or the situations in which, such housing, accommodations, facilities, services, financial aid, or other benefits will be provided under any such program or activity, or the class of persons to be afforded an opportunity to participate in any such program or activity, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting persons to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program or activity as respect to persons of a particular race, color, or national origin.

(ii) A recipient, in operating low-rent housing with Federal financial assistance under the United States Housing Act of 1937, as amended (42 U.S.C. 1401 et seq.), shall assign eligible applicants to dwelling units in accordance with a plan, duly adopted by the recipient and approved by the responsible Department official, providing for assignment on a community-wide basis in sequence based upon the date and time the application is received, the size or type of unit suitable, and factors affecting preference or priority established by the recipient's regulations, which are not inconsistent with the objectives of title VI of the Civil Rights Act of 1964 and this Part 1. The plan may allow an applicant to refuse a tendered

AR_0103

vacancy for good cause without losing his standing on the list but shall limit the number of refusals without cause as prescribed by the responsible Department official.

(iii) The responsible Department official is authorized to prescribe and promulgate plans, exceptions, procedures, and requirements for the assignment and reassignment of eligible applicants and tenants consistent with the purpose of subdivision (ii) of this subparagraph, this Part 1, and title VI of the Civil Rights Act of 1964, in order to effectuate and insure compliance with the requirements imposed thereunder.

(3) In determining the site or location of housing, accommodations, or facilities, an applicant or recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this Part 1 applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this Part 1.

(4) As used in this Part 1 the housing, accommodations, facilities, services, financial aid, or other benefits provided under a program or activity receiving Federal financial assistance shall be deemed to include any housing, accommodations, facilities, services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in paragraphs (b) and (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program should take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color or national origin. Where previous discriminatory practices or usage tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this Part 1 applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purpose of the Act.

(c) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program or activity to which this Part 1 applies is to provide employment, a recipient may not, directly or through contractual or other arrangements, subject a person to discrimination on the ground of race, color, or national origin in its employment practices under such program or activity (including recruitment or recruitment advertising, employment, layoff, termination, upgrading, demotion, transfer, rates of pay or other forms of compensation and use of facilities). The requirements applicable to construction employment under such program or activity shall be those specified in or pursuant to Part III of Executive Order 11246 or any executive order which supersedes or amends it.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to this Part 1 tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this Part 1 applies, the provisions of this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to this Part 1 to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

§ 1.5    Assurances required.

(a) *General.* (1) Every contract for Federal financial assistance to carry out a program or activity to which this Part 1 applies, executed on or after January 3, 1965, and every application for such Federal financial assistance submitted on or after January 3, 1965, shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to such contract or application, contain or be accompanied by an assurance that the program or activity will be conducted and the housing, accommodations, facilities, services, financial aid, or other benefits to be provided will be operated and administered in compliance with all requirements imposed by or pursuant to this Part 1. In the case of a contract or application where the Federal financial assistance is to provide or is in the form of personal property or real property or interest therein or structures thereon, the assurance shall obligate the recipient or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the contract or application. The responsible Department official shall specify the form of the foregoing assurance for such program or activity, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program or activity. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures or improvements thereon, or interests therein, acquired through a program of Federal financial assistance the instrument effecting any disposition by the recipient of such real property, structures or improvements thereon, or interests therein, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. In the case where Federal financial assistance is provided in the form of a transfer of real property or interests therein from the Federal Government, the instrument effecting or recording the transfer shall contain such a covenant.

(3) In program receiving Federal financial assistance in the form, or for the acquisition, of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving such assistance, the nondiscrimination requirements of this Part 1 shall extend to any facility located wholly or in part in such space.

(b) *Preexisting contracts—funds not disbursed.* In any case where a contract for Federal financial assistance, to carry out a program or activity to which this Part 1 applies, has been executed prior to January 3, 1965, and the funds have not been fully disbursed by the Department, the responsible Department official shall, where necessary to effectuate the purposes of this Part 1, require an assurance similar to that provided in paragraph (a) of this section as a condition to the disbursement of further funds.

(c) *Preexisting contracts—periodic payments.* In any case where a contract for Federal financial assistance, to carry out a program or activity to which this Part 1 applies, has been executed prior to January 3, 1965, and provides for periodic payments for the continuation of the program or activity, the recipient shall, in connection with the first application for such periodic payments on or after January 3, 1965, (1) submit a statement that the program or activity is being conducted in compliance with all requirements imposed by or pursuant to this Part 1 and (2) provide such methods of administration for the program or activity as are found by the responsible Department official to give reasonable assurance that the recipient will comply with all requirements imposed by or pursuant to this Part 1.

(d) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the

AR_0104

17952

**RULES AND REGULATIONS**

institution's practices with respect to admission or other treatment of persons as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such persons, shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the responsible Department official, that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

(e) *Elementary and secondary schools.* The requirements of this section with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this Part 1 within the earliest practicable time, and provides reasonable assurance that it will carry out such plan.

**§ 1.6   Compliance information.**

(a) *Cooperation and assistance.* The responsible Department official and each Department official who by law or delegation has the principal responsibility within the Department for the administration of any law extending financial assistance subject to this Part 1 shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this Part 1 and shall provide assistance and guidance to recipients to help them comply voluntarily with this Part 1.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Department official or his designee timely, complete, and accurate compliance reports at such times, and in such form and containing such information, as the responsible Department official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this Part 1. In general, recipients should have available for the department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of federally assisted programs.

(c) *Access to sources of information.* Each recipient shall permit access by the responsible Department official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and

its facilities as may be pertinent to ascertain compliance with this Part 1. Where any information required of a recipient is in the exclusive possession of any other agency, institution, or person and this agency, institution, or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this Part 1 and its applicability to the program or activity under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Department official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this Part 1.

**§ 1.7   Conduct of investigations.**

(a) *Periodic compliance reviews.* The responsible Department official or his designee shall from time to time review the practices of recipients to determine whether they are complying with this Part 1.

(b) *Complaints.* Any person who believes himself or any specific class of persons to be subjected to discrimination prohibited by this Part 1 may by himself or by a representative file with the responsible Department official or his designee a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Department official or his designee.

(c) *Investigations.* The responsible Department official or his designee shall make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this Part 1. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this Part 1 occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this Part 1.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this Part 1, the responsible Department official or his designee will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1.8.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph the responsible Department official or his designee will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person

shall intimidate, threaten, coerce, or discriminate against any person for the purpose of interfering with any right or privilege secured by title VI of the Act or this Part 1, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this Part 1. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this Part 1, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

**§ 1.8   Procedure for effecting compliance.**

(a) *General.* If there appears to be a failure or threatened failure to comply with this Part 1, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this Part 1 may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance, or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 1.5.* If an applicant fails or refuses to furnish an assurance required under § 1.5 or otherwise fails or refuses to comply with the requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Department shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such paragraph, except that the Department shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to a contract therefor approved prior to January 3, 1965.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Department official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this Part 1, (3) the action has been approved by the Secretary, and (4) the expiration of 30 days after the Secretary has filed with the committees of the House and Senate having legislative jurisdiction over the program or activity involved a full written report of the circumstances and the grounds for such action. Any action to suspend or

AR_0105

RULES AND REGULATIONS    17953

terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Department official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the applicant or recipient. During this period of at least 10 days additional efforts shall be made to persuade the applicant or recipient to comply with this Part 1 and to take such corrective action as may be appropriate.

§ 1.9  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1.8(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Department official that the matter be scheduled for hearing, or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated time and place. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph (a) or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 1.8(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Department in Washington, D.C., at a time fixed by the responsible Department official unless he determines that the convenience of the applicant or recipient or of the Department requires that another place be selected. Hearings shall be held before the responsible Department official or, at his discretion, before a hearing examiner designated in accordance with sections 3105 and 3344 of title 5, United States Code.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Department shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554-557 and in accordance with the Practice and Procedure for Hearings issues by the Department and published in Part 2 of this, subtitle relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this Part 1, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the Department and the applicant or recipient, and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this Part 1 with respect to two or more programs or activities to which this Part 1 applies, or noncompliance with this Part 1 and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Secretary may, by agreement with such other departments or agencies, where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedure not inconsistent with this Part 1. Final decisions in such cases insofar as this Part 1 is concerned, shall be made in accordance with § 1.10.

§ 1.10  Decisions and notices.

(a) *Decision by person other than the responsible Department official.* If the hearing is held by a hearing examiner, such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Department official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient by

certified or registered mail, return receipt requested. Where the initial decision is made by the hearing examiner, the applicant or recipient may, within the period provided for in the rules of Practice and Procedure for Hearings issued by the Department (Part 2 of this subtitle), file with the responsible Department official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Department official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible Department official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Department official, in which event a copy shall also be sent to the complainant.

(b) *Decisions on record or review by the responsible Department official.* Whenever a record is certified to the responsible Department official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible Department official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Department official shall be given in writing to the applicant or recipient, and to the complainant, if any, by certified or registered mail, return receipt requested.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 1.9(a) a decision a hearing examiner or responsible Department official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any, by certified or registered mail, return receipt requested.

(d) *Rulings required.* Each decision of a hearing examiner or responsible Department official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this Part 1 with which it is found that the applicant or recipient has failed to comply.

(e) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, to the program or activity involved and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this Part 1, including provisions designed to assure that no Federal financial assistance will thereafter be extended for such program or activity to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this Part 1, or to

AR_0106

17954

## RULES AND REGULATIONS

have otherwise failed to comply with this Part 1, unless and until it corrects its noncompliance and satisfies the responsible Department official that it will fully comply with this Part 1.

(f) *Posttermination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (e) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this Part 1 and provides reasonable assurance that it will fully comply with this Part 1.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (e) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Department official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Department official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with the Practice and Procedure for Hearings issued by the Department (Part 2 of this subtitle). The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) of this section shall remain in effect.

§ 1.11  Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1.12  Effect on other regulations; forms and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against persons on the ground of race, color, or national origin under any program or activity to which this Part 1 applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant or recipient for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this Part 1, except that nothing in this Part 1 shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to January 1, 1965. Nothing in this Part 1, however, shall be deemed

to supersede any of the following (including future amendments thereof):

(1) Executive Orders 11246 and 11375 and regulations issued thereunder, or

(2) Executive Order 11063 and regulations issued thereunder, or any other order, regulations or instructions, insofar as such order, regulations, or instructions, prohibit discrimination on the ground of race, color, or national origin in any program or activity or situation to which this Part 1 is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* The responsible Department official shall assure that forms and detailed instructions and procedures for effectuating this Part 1 are issued and promptly made available to interested persons.

(c) *Supervision and coordination.* The Secretary may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such department or agency, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this Part 1 (other than responsibility for final decision as provided in § 1.10), including the achievement of effective coordination and maximum uniformity within the Department and within the Executive Branch of the Government in the application of title VI and this Part 1 to similar programs or activities and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by the responsible official of this Department.

*Effective date.* This part shall be effective July 5, 1973.

JAMES T. LYNN,
*Secretary of Housing
and Urban Development.*

JUNE 29, 1973

APPENDIX A

FEDERAL FINANCIAL ASSISTANCE OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT TO WHICH THIS PART I APPLIES

1. Advance Acquisition of Land. Sec. 704, Housing and Urban Development Act of 1965, 42 U.S.C. 3104.

2. Advice and Assistance with respect to Housing for Low and Moderate Income Families. Sec. 106, Housing and Urban Development Act of 1968, as amended by Sec. 903(a) Housing and Urban Development Act of 1970, 12 U.S.C. 1701x.

3. Alaska Housing Assistance. Sec. 1004, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3371.

4. College Housing Program. Title IV, Housing Act of 1950, 12 U.S.C. 1749.

5. Community Disposition Program. Atomic Energy Community Act of 1955, secs. 11–13, 21, 31–36, 41–43, 51–57, 61–66, 101–103, 111–119, 42 U.S.C. 2301; R.O. 11105, 28 F.R. 3909.

6. Comprehensive Planning Assistance and Comprehensive Planning Research and Demonstration Programs. Sec. 701, Housing Act of 1954, 40 U.S.C. 461.

7. Counselling Service to Mortgagors and Prospective Mortgagors. Sec. 237(e), National Housing Act, 12 U.S.C. 1715z–2.

8. Federal-State Training and City Planning and Urban Studies Fellowship Programs. Title VIII, Housing Act of 1964, 20 U.S.C. 801–807.

9. Grants for Housing Management Training. Sec. 803, Housing Act of 1964, 83 Stat. 393 (1969), 84 Stat. 1800 (1970), 20 U.S.C. 803.

10. Home Ownership for Lower Income Families. Sec. 235, National Housing Act, 12 U.S.C. 1715z.

11. Housing for Elderly or Handicapped. Sec. 202, Housing Act of 1959, 12 U.S.C. 1701q.

12. Loan and Grant Assistance for Planning Housing Projects in Appalachin, sec. 207, Appalachian Regional Development Act of 1965, as amended, 81 Stat. 257, 40 U.S.C. App. 207.

13. Low-Income Housing Demonstration Grant Program. Sec. 207, Housing Act of 1961, 42 U.S.C. 1436.

14. Low-Rent Public Housing Program (including housing in private accommodations). United States Housing Act of 1937, 42 U.S.C. 1401.

15. Model Cities Program. Title I, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3301.

16. National Flood Insurance Program. Title XIII, Housing and Urban Development Act of 1968, 42 U.S.C. 4001.

17. Neighborhood Facilities Grants. Sec. 703, Housing and Urban Development Act of 1965, 42 U.S.C. 3103.

18. New Communities. Title IV, Housing and Urban Development Act of 1968, 42 U.S.C. 3901.

19. Loans and Grants for New Community Development Programs. Secs. 710 to 720, Housing and Urban Development Act of 1970, 42 U.S.C. 4511.

20. New Technologies in the Development of Housing for Lower Income Families. Sec. 108, Housing and Urban Development Act of 1968, 13 U.S.C. 1701z.

21. Open-Space Land Programs. Title VII, Housing Act of 1961, 42 U.S.C. 1500. Note.

22. Public Facilities Liquidating Programs. See, generally, title II of Independent Offices Appropriation Act of 1965, Public Law 83–428, 12 U.S.C. 1701g–5.

23. Public Facility Loans Program. Title II, Housing Amendments of 1955, 42 U.S.C. 1491–1497 except 1492(a)(2) Assistance for Mass Transportation Facilities and Equipment (transferred to Secretary of Transportation by Reorganization Plan No. 2 of 1968, 33 F.R. 6965).

24. Public Works Acceleration Act Program. Public Works Acceleration Act, 42 U.S.C. 2641.

25. Public Works Planning Advances. Sec. 702, Housing Act of 1954, 40 U.S.C. 462.

26. Rehabilitation Loan Program. Sec. 312, Housing Act of 1964, 42 U.S.C. 1452b.

27. Rent Supplement Program. Sec. 101, Housing and Urban Development Act of 1965, 12 U.S.C. 1701s.

28. Rental and Cooperative Housing for Lower Income Families. Sec. 236, National Housing Act, 12 U.S.C. 1715z–1.

29. Research and Technology. Title V, Housing and Urban Development Act of 1970, 12 U.S.C. 1701z–1—1701z–4.

30. Sale of Surplus Federal Land for Housing, sec. 414, Housing and Urban Development Act of 1969, 40 U.S.C. 484b.

31. Special Assistance Functions. Sec. 305, National Housing Act. 12 U.S.C. 1720, including purchase of below market interest rate mortgages insured by FHA under sec. 221(d)(3). National Housing Act, 12 U.S.C. 1715I(d)(3).

32. Technical Assistance to Contractors or Subcontractors. Sec. 911(b), Housing and Urban Development Act of 1970, 15 U.S.C. 694(a). Note.

33. Urban Information and Technical Assistance Services. Title IX, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3351–3356.

34. Urban Mass Transportation Programs (Research, Development and Demonstration

AR_0107

RULES AND REGULATIONS

17955

Projects; Grants for Technical Studies; Grants for Research and Training). Secs. 6(a), 9, and 11 of the "Urban Mass Transportation Act of 1964, as amended"; Reorganization Plan No. 2 of 1968, 33 FR 6965; 49 U.S.C. 1605(a), 1607(a), 1609(c).

35. Urban Renewal Demonstration Grant Program. Sec. 314, Housing Act of 1954, 42 U.S.C. 1452a.

36. Urban Renewal Program (Urban Renewal Projects and Neighborhood Development Programs, Code Enforcement Programs, Demolition Programs, Rehabilitation Grants, Interim Assistance Grants, and Community Renewal Programs). Title I, Housing Act of 1949, 42 U.S.C. 1450.

37. Urban Research and Technology. Title III, Housing Act of 1948, 12 U.S.C. 1701e, 1701f; sec. 602, Housing Act of 1956, 12 U.S.C. 1701d-3; and secs. 1010 and 1011, Demonstration Cities and Metropolitan Development Act of 1966, 42 U.S.C. 3372 and 3373.

38. Water and Sewer Facilities Grants. Sec. 702, Housing and Urban Development Act of 1965, 42 U.S.C. 3102.

[FR Doc.73–13286 Filed 7–3–73;8:45 am]

Title 28—Judicial Administration

CHAPTER I—DEPARTMENT OF JUSTICE

[Order No. 519–73]

PART 42—NONDISCRIMINATION; EQUAL EMPLOYMENT OPPORTUNITY; POLICIES AND PROCEDURES

Subpart C—Nondiscrimination in Federally Assisted Programs—Implementation of Title VI

REGULATIONS TO IMPLEMENT TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 WITH RESPECT TO FEDERAL ASSISTANCE ADMINISTERED BY THE DEPARTMENT OF JUSTICE

By virtue of the authority vested in me by section 602 of Title VI of the Civil Rights Act of 1964, 78 Stat. 252, 42 U.S.C. 2000d–1, Subpart C of Part 42 of Title 28, Code of Federal Regulations, is amended as follows:

§ 42.103  [Amended]

1. Section 42.103 is amended by deleting in the last sentence the phrase "(b) any employment practice concerning which the primary purpose of the Federal assistance is not that of providing employment as described in § 42.104 (c)" and substituting the following: "(b) employment practices except to the extent described in § 42.104(c)."

2. Section 42.104(b) is amended by adding the following new subparagraph (1)(vii) at the end thereof, and by renumbering subparagraphs (3) and (4) as (4) and (5) and adding new subparagraphs (3) and (6) as set forth below. Section 42.104(c) is amended by designating the present provision as subparagraph (1) and adding the following sentence at the end thereof and by adding the following new subparagraph (2):

§ 42.104  Discrimination prohibited.

* * * * *

(b)  *Specific discriminatory actions prohibited.* (1)  * * *

(vii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

* * * * *

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this subpart applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this subpart.

* * * * *

(6) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color, or national origin.

(c) (1)  * * * The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(2) In regard to Federal financial assistance which does not have providing employment as a primary objective, the provisions of paragraph (c) (1) of this section apply to the employment practices of the recipient if discrimination on the ground of race, color, or national origin in such employment practices tends, on the ground of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of or to subject them to discrimination under the program receiving Federal financial assistance. In any such case, the provisions of paragraph (c) (1) of this section shall apply to the extent necessary to assure equality of opportunity to and nondiscriminatory treatment of beneficiaries.

3. In § 42.105, paragraph (a) · is amended by designating the present provision as subparagraph (1) and by substituting the following for the second sentence of that provision; by adding a new subparagraph (2) reading as set forth below; and by adding a new paragraph (d), reading as set forth below.

§ 42.105  Assurance required.

(a)  *General.* (1)  * * * In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, such assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. * * *

(2) In the case of real property, structures or improvements thereon, or interest therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a condition and right of reverter are appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee.

* * * * *

(d)  *Continuing State programs.* Any State or State agency administering a program which receives continuing Federal financial assistance subject to this regulation shall as a condition for the extension of such assistance (1) provide a statement that the program is (or, in the case of a new program, will be) conducted in compliance with this regulation, and (2) provide for such methods of administration as are found by the responsible Department official to give reasonable assurance that the primary recipient and all other recipients of Federal financial assistance under such program will comply with this regulation.

§ 42.106  [Amended]

4. Section 42.106(b) is amended by inserting the following after the first sentence: "In general, recipients should have available for the Department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of federally assisted programs."

§ 42.107  [Amended]

5. Section 42.107(b) is amended by deleting "90 days" and substituting "180 days."

§ 42.109  [Amended]

6. In § 42.109, paragraph (b) is amended by deleting the phrase "section 11 of the Administrative Procedure Act" and substituting the following: "5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act)." Paragraph (d) of § 42.109 is amended by deleting the phrase "sections 5 through 8 of the Administrative Procedure Act (5 U.S.C. 1004 through 1007)" and substituting the following: "5 U.S.C. 554–557 (sections

AR_0108

5–8 of the Administrative Procedure Act)."

7. Section 42.110 is amended by adding the following new paragraph (g) at the end thereof:

§ 42.110   Decisions and notices.

*          *          *          *          *

(g) *Post-termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this subpart and provides reasonable assurance that it will fully comply with this subpart.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (g) (1) of this section. If the responsible Department official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Department official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (g) (1) of this section. While proceedings under this paragraph are pending, sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

8. In § 42.112, paragraph (a) is amended by deleting the phrase "part or of any" and substituting the following: "part or Executive Order 11114 or 11246, as amended, or of any." Paragraph (d) of § 42.112 is amended by substituting "§ 42.110(e)" for "§ 42.110(d)" in the first sentence and by adding at the end the following sentence: "Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Attorney General."

9. Appendix A to Subpart C is amended to read as follows:

APPENDIX A—ASSISTANCE ADMINISTERED BY THE DEPARTMENT OF JUSTICE TO WHICH THIS SUBPART APPLIES

1. Assistance provided by the Law Enforcement Assistance Administration pursuant to the Law Enforcement Assistance Act of 1965, and title I of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Omnibus Crime Control Act of 1970, 42 U.S.C. 3711–3781.

2. Assistance provided by the Federal Bureau of Investigation through its National Academy and law enforcement training activities pursuant to title I of the Omnibus Crime Control and Safe Streets Act of 1968, as amended by the Omnibus Crime Control Act of 1970, 42 U.S.C. 3744.

3. Assistance provided by the Bureau of Narcotics and Dangerous Drugs pursuant to the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. 872.

Dated: Dec. 19, 1972.

RICHARD G. KLEINDIENST,
*Attorney General.*

[FR Doc.73–13288 Filed 7–3–73;8:45 am]

Title 29—Labor
SUBTITLE A—OFFICE OF THE SECRETARY OF LABOR

PART 31—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF LABOR—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

Pursuant to the authority contained in section 602 of title VI of the Civil Rights Act of 1964 (Public Law 88–352, 78 Stat. 241), part 31 of title 29 of the Code of Federal Regulations is hereby amended.

Part 31 will be amended to reflect current statutory citations and to add several paragraphs, and to redesignate several paragraphs. These amendments incorporate uniform revisions jointly adopted by Federal agencies to put into effect clarifications to the regulations enacted pursuant to title VI of the Civil Rights Act of 1964. In addition, these amendments reflect other minor changes, such as the deletion of obsolete statutory references and the substitution of new statutory references.

1. In § 31.3 a new subdivision (viii) is added to paragraph (b) (1), paragraph (b) (3) and (4) is redesignated as paragraph (b) (4) and (5), and a new paragraph (b) (3) and (6) is added. Paragraph (c) is deleted, and new paragraphs (c) and (d) are added. Also, § 31.4 is redesignated § 31.3(d) (1), § 31.5 is redesignated § 31.3(d) (2), § 31.6 is redesignated § 31.3(d) (3). As amended, § 31.3 reads as follows:

§ 31.3   General standards.

*          *          *          *          *

(b) (1) * * *

(viii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

*          *          *          *          *

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the ground of race, color or national origin; or with the purpose or effect of

defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

(4) As used in this section the services, financial aid, or other benefit provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(6) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program shall take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color or national origin.

(7) The following will illustrate the application of the provisions of the foregoing paragraph to programs for which Federal financial assistance is furnished by this Department:

(i) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 31.5(d) to provide information as to the availability of the program or activity, and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(ii) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In some circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups not then being adequately served. For example, where an employment service office is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

(c) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program to which

AR_0109

RULES AND REGULATIONS    17957

this regulation applies is to provide employment, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program including recruitment, examination, appointment, training, promotion, retention or any other personnel action.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the ground of race, color or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provision of the foregoing paragraph shall apply to the employment practices of the recipient to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries. Accordingly, the employment practices of recipients under programs enumerated in §§ 31.3(d)(2) and 31.3(d)(3) are subject to the provisions of this paragraph (c) to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, the beneficiaries of the Federal financial assistance. Any action taken by the Department pursuant to this provision with respect to a State or local agency subject to the Standards for a Merit System of Personnel Administration, 45 CFR Part 70, shall be consistent with those standards and shall be coordinated with the United States Civil Service Commission.

(3) The requirements applicable to construction employment under any program for which Federal financial assistance is furnished by this Department shall be those specified in or pursuant to part III of Executive Order 11246 or any Executive order which supersedes it.

(d) In order that all parties may have a clear understanding of the applicability of the regulations in this part to their activities, there are listed in this section programs and activities together with illustrations by way of example only, of types of activity covered by the regulations in this part. These illustrations and examples, however, are not intended to be all inclusive. The fact that a particular program is not listed does not, of course, indicate that it is not covered by the regulations in this part. Moreover, the examples set forth with respect to any particular listed program are not limited to that program alone and the prohibited actions described may also be prohibited in other programs or activities whether or not listed below.

(1) Employment service programs. (i) The registration, counseling, testing, recruitment, selection and referral of individuals for job openings or training opportunities and all other activities performed by or through employment service offices financed in whole or in part from Federal funds, including the establishment and maintenance of physical facilities, shall be conducted without regard to race, color, or national origin.

(ii) No selection or referral of any individual for employment or training shall be made on the basis of any job order or request containing discriminatory specifications with regard to race, color, or national origin.

(2) Manpower Development and Training Act, work-incentive under Social Security Act, Area Redevelopment Act, work-training under Economic Opportunity Act and other Government-sponsored training. (i) The registration, counseling, testing, guidance, selection, referral or training of any individual including employment as an enrollee under title I–B of the Economic Opportunity Act shall be furnished without discrimination because of race, color, or national origin.

(ii) The recruitment, examination, appointment, training, promotion, retention, or any other personnel action with respect to any trainee or enrollee under the Manpower Development and Training Act, Area Redevelopment Act, or the Economic Opportunity Act while the individual is receiving training or employment shall be without regard to race, color or national origin.

(3) State and Federal Unemployment Insurance Programs; allowances under Trade Readjustment Assistance Programs, Manpower Development and Training Act, and Area Redevelopment Act. (i) The filing for, adjudication and payment of benefits, establishment and maintenance of physical facilities and other application of the laws shall be without regard to race, color or national origin.

2. Section 31.7 is redesignated § 31.5 and paragraph (b) is revised. Revised § 31.5 reads as follows:

§ 31.5    Compliance information.

*    *    *    *    *

(b) Compliance reports. Each recipient shall keep such records and submit to the Secretary timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the Secretary may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In general, recipients should have available for the department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of federally assisted programs. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

3. Section 31.6 is a new section and reads as follows:

§ 31.6.    Assurances required.

(a) General. (1) Every application for Federal financial assistance to carry out a program to which this part applies, and every contract, subcontract, agreement or arrangement to carry out such program except a program to which paragraph (b) of this section applies, and every application for Federal financial assistance to provide a facility, and every contract, subcontract, agreement or arrangement to provide such a facility shall as a condition to its approval and the extension of any Federal financial-assistance pursuant to the application, contract, subcontract, agreement or arrangement contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. Every program of Federal financial assistance shall require the submission of such an assurance. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended to the program. In the case where the assistance is sought for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith. The Secretary shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case where Federal assistance is provided in the form of a transfer of real property, structures, or improvements thereon, or interest therein, from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or interest therein from the Federal Government is involved, but property is acquired under a program of Federal financial assistance, the recipient shall agree to include such covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of

AR_0110

the covenant where, in the discretion of the Secretary, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing facilities on such property for the purpose for which the property was transferred, the Secretary may agree, upon request of the transferee and if necessary to accomplish such financing and upon such conditions as he deems appropriate, to subordinate such right of reversion to the sum of such mortgage or other encumbrance.

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing federal financial assistance to which this part applies shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the Secretary to give reasonable guarantee that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part.

4. Section 31.8 is redesignated § 31.7 and paragraphs (b) and (d) are revised. As revised § 31.7 reads as follows:

§ 31.7  Conduct of investigations.

* * * * *

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Secretary a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the Secretary.

* * * * *

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) indicates a failure to comply with this part, the Secretary will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 31.8.

* * * * *

§ 31.8  [Redesignated]

5. Section 31.9 is redesignated as § 31.8.
6. Section 31.10 is redesignated § 31.9 and is amended as follows:

§ 31.9  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 31.8(b), reasonable notice

shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the Secretary that the matter be scheduled for hearing, or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this section or to appear at a hearing under this section or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 31.8(b) of this part and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Department in Washington, D.C., at a time fixed by the Secretary unless he determines that the convenience of the applicant or recipient or of the Department requires that another place be selected. Hearings shall be held before the Secretary or before a hearing examiner designated in accordance with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554-557 (sections 5-8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Department and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies or noncompliance with this part and the regulations of one or more other Federal departments or agencies issued

under title VI of the Act, the Secretary may, by agreement with such other departments or agencies, where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings or rules of procedure not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 31.10.

7. Section 31.11 is redesignated as § 31.10 and is revised by amending paragraph (c) and by adding a new paragraph (f) to read as follows:

§ 31.10  Decisions and notices.

* * * * *

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 31.9(a) a decision shall be made by the Secretary on the record and a copy of such decision shall be given in writing to the applicant or recipient and to the complainant, if any.

* * * * *

(f) *Post-termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (c) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (c) of this section may at any time request the Secretary to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (f) (1) of this section. If the Secretary determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Secretary denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes the Secretary to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the Secretary. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (f) (1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (e) of this section shall remain in effect.

§ 31.11  [Redesignated]

8. Section 31.12 is redesignated as § 31.11.

9. Section 31.13 is redesignated as § 31.12 and is amended as follows: Paragraph (a) is amended, paragraph (b) is renumbered (b) (1) and a new paragraph (b) (2) is added. As revised § 31.12 reads as follows:

AR_0111

§ 31.12. Effect on other regulations; supervision and coordination.

(a) *Effect on other regulations.* All regulations, orders or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligations assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Orders 10925, 11114 and 11246 and regulations issued thereunder, (2) the "Standards for a Merit System of Personnel Administration," issued jointly by the Secretaries of Defense, of Health, Education and Welfare, and of Labor, 23 FR 734, or (3) any other regulation or instruction insofar as it prohibits discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibits discrimination on any other ground.

(b) *Supervision and coordination.* (1) The Secretary may from time to time assign to officials of other departments or agencies of the government (with the consent of such department or agency) responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 31.11), including the achievement of effective coordination and maximum uniformity within the Department and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations.

(2) Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the Secretary.

(Sec. 602, 42 U.S.C. 2000d; 42 U.S.C. 501; 29 U.S.C. 49k; and 5 U.S.C. 301)

Signed at Washington, D. C., August 28, 1972.

J. D. HODGSON,
*Secretary of Labor.*

[FR Doc.73–13289 Filed 7–3–73;8:45 am]

Title 32—National Defense

CHAPTER I—OFFICE OF THE SECRETARY OF DEFENSE

SUBCHAPTER Q—CIVIL RIGHTS

PART 300—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

The following changes are being made in this part in accordance with uniform regulation amendments being jointly adopted by Federal departments and agencies to clarify their regulations issued pursuant to Title VI of the Civil Rights Act of 1964.

§ 300.3   [Amended]

1. In § 300.3 *Applicability,* the second and third sentence of § 300.3 are changed from "It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of this Directive pursuant to approval prior to such effective date. This Directive does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred or other assistance extended under any such program before the effective date of this Directive, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, if any employer, employment agency, or labor organization" to "This Directive applies to money paid, property transferred, or other Federal financial assistance extended under any such program after January 7, 1965 pursuant to an application approved prior to such date. This Directive does not apply to (a) any Federal financial assistance by way of insurance guaranty contracts, (b) money paid, property transferred, or other assistance extended under any such program before January 7, 1965, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, of any employer, employment agency, or labor organization, except as noted in subsection § 300.4(b) (5) below."

2. Section 300.4 *Policy* is amended as follows: a. In paragraph (b) (1) by adding new subdivisions (iii) and (viii) and renumbering subdivisions (iii), (iv), (v) and (vi) as (iv), (v), (vi) and (vii);

b. by amending paragraph (b) (4) and renumbering it as (6) and by adding the new subparagraph (4) and (5) set forth below; The amended portions of § 300.4 read as follows:

§ 300.4   Policy.

* * * * *

(b) * * *

(1) * * *

(iii) In determining the site or location of facilities, a recipient may not make selections with the purpose of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the ground of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(iv) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(v) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(vi) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vii) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program;

(viii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

* * * * *

(4) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color, or national origin.

(5) Where a primary objective of the Federal financial assistance is not to provide employment, but nevertheless discrimination on the grounds of race, color or national origin in the employment practices of the recipient or other persons subject to this Directive tends, on the grounds of race, color, or national origin of the intended beneficiaries, to exclude intended beneficiaries from participation in, to deny them benefits of, or to subject them to discrimination under any program to which this Directive applies, the recipient or other persons subject to this Directive are prohibited from (directly or through contractual or other arrangements) subjecting an individual to discrimination on the grounds of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising; employment, layoff or

AR_0112

termination; upgrading, demotion or transfer; rates of pay other forms of compensation; and use of facilities), to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of the beneficiaries. Any action taken by a Component pursuant to this provision with respect to a state or local agency subject to Standards for a Merit System of Personnel Administration, 45 CFR Part 70, shall be consistent with those standards and shall be coordinated with the United States Civil Service Commission.

(6) The enumeration of specific forms of prohibited discrimination in this section does not limit the generality of the prohibition in paragraph (a) of this section.

3. Section § 300.6 *Assurances required* is amended as follows: a. By designating the first sentence of present paragraph (a) (1) as (1) (i), by amending the second sentence of present paragraph (a) (1) to read as set forth below, by deleting the third sentence of present paragraph (a) (1), and by designating the second sentence and the remainder of the subparagraph as (1) (ii);

b. By deleting present paragraph (a) (2) and substituting the new paragraph (a) (2) as set forth below;

c. By amending the first sentence of paragraph (b) to read as set forth below;

d. By adding the new paragraph (d) set forth below.

The amended portions of § 300.6 reads as follows:

§ 300.6  Assurances required.

(a) *General.* (1) (i) * * *

(ii) In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property or structures are used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. * * *

(2) In the case of real property, structures or improvements thereon, or interest therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipi-

ent shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In the event a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing facilities on such property for the purposes for which the property was transferred, the responsible Department official may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective. In programs receiving Federal financial assistance in the form, or for the acquisition of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving such assistance, the nondiscrimination requirements of this part shall extend to any facility located wholly or in part in such space.

(b) *Continuing State programs.* Every application by a State agency to carry out a program involving continuing Federal financial assistance to which this part applies as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible Department official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part. * * *

* * * * *

(d) *Elementary and secondary schools.* The requirement of paragraph (a), (b), or (c) of this section, with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part, and pro-

vides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the said Department officer may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purpose of the Act or this part within the earliest practicable time. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of said order.

§ 300.7  [Amended]

4. In § 300.7 *Compliance information,* paragraph (b) is amended by adding after the first sentence, the following new sentence; "In general, recipients should have available for the Department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of federally assisted programs."

§ 300.8  [Amended]

5. In § 300.8 *Conduct of investigations,* the second sentence of paragraph (b) is amended by deleting "90 days" and substituting "180 days."

6. Section 300.11 *Decisions and notices,* is amended by adding new paragraph (g) as follows:

§ 300.11  Decisions and notices.

* * * * *

(g) *Post-termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Department official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Department official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Department official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Department official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this subsection are pending, the sanctions imposed by the order issued under

AR_0113

paragraph (f) of this section shall remain in effect.

Dated: September 20, 1972.

KENNETH RUSH,
*Deputy Secretary of Defense.*

[FR Doc.73–13284 Filed 7–3–73;8:45 am]

CHAPTER XVII—OFFICE OF EMERGENCY PREPAREDNESS

PART 1704—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

Sec.
1704.1    Purpose.
1704.2    Definitions.
1704.3    Application of this part.
1704.4    Further application of this part.
1704.5    Specific discriminatory actions pro-
              hibited.
1704.6    Life, health, and safety.
1704.7    Assurances required.
1704.8    Elementary and secondary schools.
1704.9    Assurances from institutions.
1704.10   Compliance information.
1704.11   Conduct of investigations.
1704.12   Procedure for effecting compliance.
1704.13   Hearings.
1704.14   Decisions and notices.
1704.15   Judicial review.
1704.16   Effect on other regulations; forms
              and instructions.

AUTHORITY: Sec. 602, 78 Stat. 252, Public Law 81–875; 42 U.S.C. 1855–1855g; Public Law 89–769 and Public Law 91–79.

§ 1704.1  Purpose.

The purpose of this part is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the Office of Emergency Preparedness.

§ 1704.2  Definitions.

As used in this part—

(a) The term "responsible agency official" with respect to any program receiving Federal financial assistance means the Director of the Office of Emergency Preparedness or other official of the agency who by law or by delegation has the principal responsibility within the agency for the administration of the law extending such assistance.

(b) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(c) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is re-

duced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(d) The term "program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals (including education or training, health, welfare, rehabilitation, housing, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities and cash or loan or other assistance to individuals), or for the provision of facilities for furnishing services, financial aid or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(e) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(f) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(g) The term "primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(h) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible agency official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term "application" means such an application, request, or plan.

§ 1704.3  Application of this part.

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be other-

wise subjected to discrimination by those receiving assistance under the "Federal Disaster Assistance" program (Public Law 91–606, 84 Stat. 1744, 42 U.S.C. 4401; Public Law 92–209, 85 Stat. 742).

§ 1704.4  Further application of this part.

Other programs under statutes hereafter enacted may be covered by this part. This part applies to any program for which Federal financial assistance is authorized under a law administered by the Office of Emergency Preparedness. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after January 8, 1965 pursuant to an application approved prior to such date. This part does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended under any such program before January 9, 1965, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under such program, of any employer, employment agency, or labor organization, except to the extent described in § 1704.5.

§ 1704.5  Specific discriminatory actions prohibited.

(a) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on ground of race, color, or national origin:

(1) Deny any individual any service, financial aid, or other benefit provided under the program;

(2) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(3) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(4) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(5) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(6) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program.

(b) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be

AR_0114

provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin.

(c) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(d) As used in this section the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(e) The enumeration of specific forms of prohibited discrimination in this section does not limit the generality of the prohibition in § 1704.4.

(f) This part does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

§ 1704.6  Life, health, and safety.

Nothwithstanding the provisions of § 1704.5, a recipient of Federal financial assistance shall not be deemed to have failed to comply with § 1704.3, if immediate provision of a service or other benefit to an individual is necessary to prevent his death or serious impairment of his health or safety.

§ 1704.7  Assurances required.

Every application for Federal financial assistance to carry out a program to which this part applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to

the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. In the case of an application for Federal financial assistance to provide real property or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the real property or structures are used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. In the case of personal property the assurance shall obligate the recipient for the period during which he retains ownership or possession of the property. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. The responsible agency official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

§ 1704.8  Elementary and secondary schools.

The requirements of § 1704.7 with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (a) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (b) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purpose of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plans; in any case of continuing Federal financial assistance the responsible agency official may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case to which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

§ 1704.9  Assurances from institutions.

(a) In the case of any application for Federal financial assistance to an institution of higher education, the assurance required by § 1704.7 shall extend to admission practices and to all other practices relating to the treatment of students.

(b) The assurances required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals; shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the Director of the Office of Emergency Preparedness that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

§ 1704.10  Compliance information.

(a) Cooperation and assistance. The responsible official in the Office of Emergency Preparedness shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) Compliance reports. Each recipient shall keep such records and submit to the responsible agency official or his designee timely, complete, and accurate compliance reports at such times, and in such form and containing such information, as the responsible agency official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) Access to sources of information. Each recipient shall permit access by the responsible agency official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) Information to beneficiaries and participants. Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives

AR_0115

Federal financial assistance, and make such information available to them in such manner, as the responsible agency official finds necessary to apprise such persons of the protection against discrimination assured them by the Act and this part.

§ 1704.11  Conduct of investigations.

(a) *Periodic compliance reviews.* The responsible agency official or his designee shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the National Office or any Regional Office of the Office of Emergency Preparedness a written complaint. A complaint must be filed not later than 90 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible agency official or his designee.

(c) *Investigations.* The responsible agency official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation should include, where appropriate, a review or the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the responsible agency official or his designee will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1704.12.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph the responsible agency official or his designee will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 1704.12  Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance

or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 1704.7.* If an applicant fails or refuses to furnish an assurance required under § 1704.7 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The agency shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such subsection except that the agency shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application thereof approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible agency official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the Director of the Office of Emergency Preparedness pursuant to § 1704.14, and (4) the expiration of 30 days after the Director has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible agency official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compli-

ance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 1704.13  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1704.12(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible agency official that the matter be scheduled for hearing, or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this subsection or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 1704.12(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the National Office of the Office of Emergency Preparedness in Washington, D.C., at a time fixed by the responsible agency official unless he determines that the convenience of the applicant or recipient or of the agency requires that another place be selected. Hearings shall be held before the responsible agency official or, at his discretion, before a hearing examiner designated in accordance with section 11 of the Administrative Procedures Act.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the agency shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedures Act), and in accordance with such rules of procedures as are proper and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the agency and the applicant or recipient shall be entitled to introduce all relevant

AR_0116

**RULES AND REGULATIONS**

evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part with respect to two or more programs to which this part applies, or noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Director of the Office of Emergency Preparedness may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedures not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 1704.14.

§ 1704.14 Decisions and notices.

(a) *Decision by person other than the responsible agency official.* If the hearing is held by a hearing examiner such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible agency official for a final decision, a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible agency official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible agency official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible agency official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible agency official.

(b) *Decisions on record or review by the responsible agency official.* Whenever a record is certified to the responsible agency official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever he conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of his final decision shall be given in writing to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 1704.13(a) a decision shall be made by the responsible agency official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible agency official shall set forth his rulings on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Director.* Any final decision of a responsible agency official (other than the Director of the Agency) which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part of the Act, shall promptly be transmitted to the Director of the Office of Emergency Preparedness who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the Director of the Office of Emergency Preparedness that it will fully comply with this part.

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part. An elementary or secondary school or school system which is unable to file an assurance of compli-

ance with § 1704.5 shall be restored to full eligibility to receive Federal financial assistance, if it files a court order or a plan for desegregation which meets the requirements of § 1704.8, and provides reasonable assurance that it will comply with this court order or plan.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section above may at any time request the responsible agency official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible agency official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible agency official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible agency official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 1704.15 Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1704.16 Effect on other regulations; forms and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by any officer of the Office of Emergency Preparedness which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin, under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede Executive Orders 10925, 11114, and 11246 (including future amendments thereof and regulations issued thereunder, or any other regulations or instructions, insofar as such regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable,

AR_0117

RULES AND REGULATIONS    17965

or prohibit discrimination on any other ground.

(b) *Forms and instructions.* Each responsible agency official shall issue and promptly make available to interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* (1) The Director of the Office of Emergency Preparedness may from time to time assign to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purpose of title VI of the Act and this part (other than responsibility for final decision as provided in § 1704.14), including the achievement of effective coordination and maximum uniformity within the agency and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations.

(2) Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this agency.

This Part 1704 supersedes OEP Reg. 5 which was published in the FEDERAL REGISTER on January 9, 1965 (30 F.R. 321). OEP Reg. 5 is hereby revoked.

G. A. LINCOLN,
*Director,*
*Office of Emergency Preparedness.*

[F.R. Doc.73-13305 Filed 7-3-73;8:45 am]

Title 38—Pensions, Bonuses, and Veterans' Relief

CHAPTER I—VETERANS ADMINISTRATION

PART 18—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE VETERANS ADMINISTRATION—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

Pursuant to recommendations of the Interagency Committee for Uniform Title VI Regulation Amendments for the purpose of putting into effect clarifications to the regulations enacted pursuant to Title VI of the Civil Rights Act of 1964, Part 18, Chapter I of Title 38, Code of Federal Regulations—Nondiscrimination in Federally-Assisted Programs of the Veterans Administration—Effectuation of Title VI of the Civil Rights Act of 1964, is being amended.

The amendments are as follows:

1. Section 18.2 is revised to read as follows:

§ 18.2   Application of this part.

This part applies to any program for which Federal financial assistance is authorized under a law administered by the Veterans Administration, including the federally-assisted programs and activities listed in Appendix A to this part. It

applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of this part pursuant to an application approved prior to such effective date. This part does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended under any such program before the effective date of this part, (c) any assistance to any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 18.3. The fact that a program or activity is not listed in Appendix A to this part shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereinafter enacted may be added to Appendix A to this part by notice published in the FEDERAL REGISTER.

2. In § 18.3, paragraph (b) is amended to read as follows:

§ 18.3   Discrimination prohibited.

* * * * *

(b) *Specific discriminatory actions prohibited.* (1) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on grounds of race, color, or national origin:

(i) Deny an individual any service, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(v) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program.

(vi) Deny a person an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program.

(vii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

(2) A recipient, in determining the types of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the sit-

uations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program with respect to individuals of a particular race, color, or national origin.

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this part applies on the grounds of race, color or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) As used in this section the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(6) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color or national origin.

* * * * *

3. In § 18.4, paragraphs (a) and (b) are amended and paragraphs (c) and (d) are added so that the added and amended material reads as follows:

§ 18.4   Assurances required.

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies, except a program to which paragraph (b) of this section applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. Every program of Federal financial assistance shall require the

AR_0118

17966

## RULES AND REGULATIONS

submission of such an assurance. In the case of an application for Federal financial assistance to provide real property or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the real property or structures are used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. In the case of personal property the assurance shall obligate the recipient for the period during which he retains ownership or possession of the property. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended pursuant to the application. The responsible agency official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) Transfers of surplus property are subject to regulations issued by the Administrator of General Services (41 CFR. Subpart 101–6.2).

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies (including the programs listed in App. A to this part) shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible agency official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part. In any case in which the recipient is claiming financial assistance under a continuing program pursuant to arrangements entered into prior to the effective date of this part, the assurances provided by this paragraph shall be included in the first application or claim for assistance on or after the effective date of this part.

(c) *Elementary and secondary schools.* The requirements of paragraph (a) or (b) of this section with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such

school or school system which the responsible agency official determines is adequate to accomplish the purposes of the Act and this part, at the earliest practicable time, and provides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the responsible agency official may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

(d) *Extent of application to institution or facility.* In the case where any assurances are required from an academic, a medical care, or any other institution or facility, insofar as the assurances relate to the institution's practices with respect to the admission, care, or other treatment of persons by the institution or with respect to the opportunity of persons to participate in the receiving or providing of services, treatment, or benefits, such assurances shall be applicable to the entire institution or facility. That requirement may be waived by the responsible agency official if the party furnishing the assurances establishes to the satisfaction of the responsible agency official that the practices in designated parts or programs of the institution or facility will in no way affect its practices in the program of the institution or facility for which Federal financial assistance is or is sought to be provided, or affect the beneficiaries of or participants in such program. If in any such case the assistance is or is sought for the construction of a facility or part of a facility, the assurances shall in any event extend to the entire facility and to facilities operated in connection therewith.

### § 18.5  [Revoked]

4. Section 18.5 is revoked. See Appendix B of this part.

5. In § 18.6, paragraph (b) is amended to read as follows:

### § 18.6  Compliance information.

* * * * *

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible agency official or his designee timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the responsible agency official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part. In general, recipients should have available for the agency racial and ethnic data show-

ing the extent to which members of minority groups are beneficiaries of federally assisted programs.

* * * * *

6. In § 18.7, paragraph (b) is amended to read as follows:

### § 18.7  Conduct of investigations.

* * * * *

(b) *Complaints.* Any person who believes himself or any specific class of individuals authorized to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible agency official or his designee a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible agency official or his designee.

* * * * *

7. In § 18.8, paragraph (d) is amended to read as follows:

### § 18.8  Procedure for effecting compliance.

* * * * *

(d) *Other means authorized by law.* No action to effect compliance with title VI of the Act by any other means authorized by law shall be taken by the Veterans Administration until (1) the responsible agency official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

8. In § 18.9, paragraphs (b) and (d) (1) are amended to read as follows:

### § 18.9  Hearings.

* * * * *

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Veterans Administration in Washington, D.C., at a time fixed by the responsible agency official unless he determines that the convenience of the applicant or recipient or of the Veterans Administration requires that another place be selected. Hearings shall be held before the responsible agency official or, at his discretion, before a hearing examiner appointed in accordance with section 3105 of title 5, United States Code, or detailed under section 3344 of title 5, United States Code.

* * * * *

(d) *Procedures, evidence, and record.* (1) The hearing decision and any administrative review thereof shall be conducted in conformity with the procedures contained in 5 U.S.C. 554–557 (sections 5–8 of the Administrative Procedure Act) and in accordance with such rules of procedure as are proper (and not inconsistent with this section) re-

AR_0119

lating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Veterans Administration and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset or during the hearing.

9. In § 18.10, paragraphs (a), (b), (c), (d) and (e) are amended and paragraph (g) is added so that the amended and added material reads as follows:

§ 18.10  Decisions and notices.

(a) *Procedure on decisions by hearing examiner.* If the hearing is held by a hearing examiner such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible agency official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible agency official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible agency official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible agency official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible agency official.

(b) *Decisions on record or review by the responsible agency official.* Whenever a record is certified to the responsible agency official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible agency official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a written copy of the final decision of the responsible agency official shall be sent to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 18.9(a) a decision shall be made by the responsible agency official on the record and a written copy of such decision shall be sent to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing examiner or responsible agency official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Administrator.* Any final decision by a hearing examiner which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Administrator personally, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

*    *    *    *    *

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this section and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible agency official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (g)(1) of this section. If the responsible agency official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible agency official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible agency official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (g)(1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

10. In § 18.12, paragraphs (a) and (c) are amended to read as follows:

§ 18.12  Effect on other regulations, forms and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions issued before the effective date of this part by any officer of the Veterans Administration which impose requirements designed to prohibit any discrimination against individuals on the grounds of race, color or national origin under any program to which this part applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assist-

ance under such program for failure to comply with such requirements, are hereby superseded to the extent that such discrimination is prohibited by this part, except that nothing in this part shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this part. Nothing in this part, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Orders 10925 (3 CFR, 1959–1963 Comp., p. 448), 11114 (3 CFR, 1959–1963 Comp., p. 774), and 11246 (3 CFR, 1965 Supp., p. 167) and regulations issued thereunder, or (2) Executive Order 11063 (3 CFR, 1959–1963 Comp., p. 652) and regulations issued thereunder, or any other orders, regulations or instructions, insofar as such orders, regulations, or instructions prohibit discrimination on the grounds of race, color or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

*    *    *    *    *

(c) *Supervision and coordination.* The Administrator may from time to time assign to officials of the Veterans Administration or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part (other than responsibility for final decision as provided in § 18.10) including the achievement of effective coordination and maximum uniformity within the Veterans Administration and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action has been taken by the responsible official of this Agency.

11. In § 18.13, paragraphs (c), (f) and (h) are amended and paragraph (i) is added so that the amended and added material reads as follows:

§ 18.13  Definitions.

As used in this part:

*    *    *    *    *

(c) The term "responsible agency official" with respect to any program receiving Federal financial assistance means the Administrator or other official of the Veterans Administration or an official of another department or agency to the extent the Administrator has delegated his authority to such official.

*    *    *    *    *

(f) The term "program," except those specifically excluded in § 18.2, includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals conducted under a law administered by the Veterans Administration, including but not

AR_0120

17968

**RULES AND REGULATIONS**

limited to the programs and activities listed in Appendix A to this part. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

\* \* \* \* \*

(h) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization, or other entity, or any individual, in the United States, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(i) The term "applicant" means a person who submits an application, request, or plan required to be approved by the Administrator, or by a recipient, as a condition to eligibility for Federal financial assistance, and "application" means such an application, request, or plan.

12. Appendix B (formerly § 18.5) is added to read as follows:

APPENDIX B

ILLUSTRATIVE APPLICATIONS

The following examples, without being exhaustive, will illustrate the application of the nondiscrimination provisions to certain grants of the Veterans Administration. (In all cases the discrimination prohibited is discrimination on the grounds of race, color, or national origin prohibited by title VI of the Act and this part, as a condition of the receipt of Federal financial assistance.)

(a) In grants which support the provision of health or welfare services for veterans in State homes, discrimination in the selection or eligibility of individuals to receive the services, and segregation or other discriminatory practices in the manner of providing them, are prohibited. This prohibition extends to all facilities and services provided by the State as grantee under the program or by a political subdivision of the State. It extends also to services purchased or otherwise obtained by the grantee (or political subdivision) from hospitals, nursing homes, schools, and similar institutions for beneficiaries of the program, and to the facilities in which such services are provided, subject, however, to the provisions of § 18.3(c).

(b) In grants to assist in the construction of facilities for the provision of health or welfare services assurances will be required that services will be provided without discrimination, to the same extent that discrimination would be prohibited as a condition of Federal operating grants for the support of such services. Thus, as a condition of grants for the construction of a State home for furnishing nursing home care, assurances will be required that there will be no dis-

crimination in the admission or treatment of patients. In the case of such grants the assurance will apply to patients, to interns, residents, student nurses, and other trainees, and to the privilege of physicians, dentists, and other professionally qualified persons to practice in the nursing home, and will apply to the entire facility for which, or for a part of which, the grant is made, and to facilities operated in connection therewith.

(c) Upon transfers of real or personal surplus property for health or educational uses, discrimination is prohibited to the same extent as in the case of grants for the construction of facilities or the provision of equipment for like purposes.

(d) A recipient may not take action that is calculated to bring about in directly what this part forbids it to accomplish directly. Thus a State, in selecting or approving projects or sites for the construction of a nursing home which will receive Federal financial assistance, may not base its selections or approvals on criteria which have the effect of defeating or of substantially impairing accomplishment of the objectives of the Federal assistance program with respect to individuals of a particular race, color, or national origin.

(Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1; 38 U.S.C. 641, 644, 5031–5037, 5055, 3402(a) (2), Chapters 31, 34, 35 and 36)

These VA Regulations are effective July 5, 1973.

Approved: August 2, 1972.

By direction of the Administrator.

[SEAL]          FRED B. RHODES,
                Deputy Administrator.

[FR Doc.73–13308 Filed 7–3–73;8:45 am]

Title 40—Protection of Environment

**CHAPTER I—ENVIRONMENTAL PROTECTION AGENCY**

SUBCHAPTER A—GENERAL

**PART 7—NONDISCRIMINATION IN PROGRAMS RECEIVING FEDERAL ASSISTANCE FROM THE ENVIRONMENTAL PROTECTION AGENCY—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

On June 2, 1972, the Environmental Protection Agency published (37 FR 11072) proposed regulations to implement title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. The regulations now promulgated as final regulations, after approval by the President pursuant to statutory requirement, reflect changes which have been made to the proposed regulations as a result of public comment which was received.

A provision has been added to § 7.8(e) to permit the Agency to promise that a complainant's name will be kept confidential, within certain limits. In addition, § 7.7(b) has been modified so that compliance reports may be required of applicants for financial assistance as well as recipients, which has been EPA practice. A number of minor changes and technical corrections have also been made. For administrative reasons, these regulations, which were published as proposed regulations for part 5 of title 40 are published as final regulations in part 7 of that title.

*Effective date.* The regulations of this part 7 shall become effective August 6, 1973, with respect to all grants awarded and assistance extended on or after such date. Grants awarded and assistance extended before such effective date shall continue to be governed by prior uncodified regulations and procedures (see 37 FR 11072), unless this part 7 is made applicable to such grants and assistance through a grant amendment or written agreement with the recipient.

WILLIAM D. RUCKELSHAUS,
Administrator.

Dated September 8, 1972.

Title 40 of the Code of Federal Regulations is amended by adding a new Part 7 to read as follows:

Sec.
7.1   Purpose.
7.2   Definitions.
7.3   Applicability.
7.4   Discrimination prohibited.
7.5   Affirmative action.
7.6   Assurances required.
7.7   Compliance information.
7.8   Investigations.
7.9   Procedure for obtaining compliance.
7.10  Hearings.
7.11  Decisions and notices.
7.12  Judicial review.
7.13  Effect on other regulations, forms, and instructions.

AUTHORITY: Sec. 602 of the Civil Rights Act of 1964, 42 U.S.C. 2000d–1.

**§ 7.1   Purpose.**

The purpose of this part is to effectuate title VI of the Civil Rights Act of 1964 (hereinafter referred to as the Act) to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving financial assistance from the Environmental Protection Agency (EPA).

**§ 7.2   Definitions.**

Unless the context requires otherwise, as used in this part the term:

(a) "Administrator" means the Administrator of the Environmental Protection Agency or, except in § 7.11(c), any other Agency official who by delegation may exercise the Administrator's authority.

(b) "Agency" means the Environmental Protection Agency and includes each and all of its organizational components.

(c) "Applicant" means one who submits an application, subagreement, request, plan, or any other document required to be approved by the Administrator, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and "application" means such an application, subagreement, request, plan, or any other such document.

(d) "Facility" includes all or any part of structures, equipment, or other real or personal property or interests therein, and the term "provision of facilities" includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

AR_0121

(e) "Federal financial assistance" includes:

(1) Grants, loans, and advances of Federal funds;

(2) The grant or donation of Federal property and interests in property;

(3) The detail of Federal personnel;

(4) The sale or lease of, or the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration, or for less than adequate consideration for the purpose of assisting the recipient, or in recognition of the public interest to be served by such a sale or lease to the recipient; and

(5) Any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(f) "Primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program for which it receives Federal financial assistance or

(g) "Program" includes any program, project, or activity for the provision of services, financial assistance, or other benefits to individuals (including education or training, health, welfare, housing, rehabilitation, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities or other assistance to individuals), or for the provisions of facilities for furnishing services, financial assistance, or other benefits to individuals. The services, financial assistance, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include (i) any services, financial assistance, or other benefits provided with the aid of Federal financial assistance or with the aid of any nonfederal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and (ii) any services, financial assistance, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-federal resources.

(h) "Recipient" means any State, or any political subdivision or instrumentality thereof, any public or private agency, institution, organization, or other entity, or any individual, in any State to which or whom Federal financial assistance is extended, directly or through another recipient, for any program, or who otherwise participates in carrying out such program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(i) "State" means any State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, or any territory or possession of the United States.

§ 7.3   Applicability.

(a) This part applies to any program for which Federal financial assistance is authorized under a statute administered by the Agency, including all EPA grant programs and activities (including, but not limited to, those listed in 40 CFR 30.301-4) and assistance under the Uniform Relocation Assistance and Land Acquisition Policies Act of 1970, 42 U.S.C. 4621 et seq. and the Disaster Relief Act of 1970, 42 U.S.C. 4401 et seq. It applies to any such program or activity to which money was paid, property transferred, or other Federal financial assistance extended after the effective date of this part including assistance extended pursuant to an application approved prior to the effective date. This part does not apply to: (1) Any program funded only by Federal financial assistance by way of insurance or guaranty, (2) any such program to which money was paid, property transferred, or other assistance extended only before the effective date of this part except where such assistance was subject to the title VI regulations of an agency whose responsibilities are now exercised by this Agency, (3) any assistance to any individual who is the ultimate beneficiary under any such program, or (4) any employment practice under any such program of any employer, employment agency, or labor organization, except as provided in § 7.4(c).

§ 7.4   Discrimination prohibited.

(a) General. No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity to which this part applies.

(b) Specific discriminatory actions prohibited. (1) A recipient under any program or activity to which this part applies may not, directly or indirectly, on the ground of race, color, or national origin:

(i) Deny a person any service, financial assistance, or other benefit provided under the program;

(ii) Provide to a person any service, financial assistance, or other benefit which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject a person to segregation or separate treatment in any matter related to his receipt of any service, financial assistance, or other benefit under the program;

(iv) Restrict a person in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial assistance, or other benefit under the program;

(v) Treat a person differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which persons must meet in order to be provided any service, financial assistance, or other benefit provided under the program;

(vi) Deny a person an opportunity to participate in the program through the provision of services (or otherwise) or afford him an opportunity to participate in a manner different from that afforded others; or

(vii) Deny a person the opportunity to participate as a member of any planning or advisory body which is an integral part of the program.

(2) A recipient in determining the types of services, financial assistance, or other benefits or facilities which will be provided under any such program or the class of persons to whom, or the situations in which such services, financial assistance, other benefits, or facilities will be provided under any such program, or the class of persons to be afforded an opportunity to participate in any such program may not, directly or indirectly, utilize criteria or methods of administration which have or may have the effect of subjecting a person to discrimination because of race, color, or national origin, or which have or may have the effect of defeating or substantially impairing accomplishment of the objectives of the program or activity with respect to individuals of a particular race, color, or national origin.

(3) In any program receiving financial assistance in the form, or for acquisition, of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving that assistance, the nondiscrimination requirement of this part shall extend to any facility located wholly or in part in that space during the period of time stated in § 7.6(a) (2).

(4) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(c) Employment practices. (1) Where a primary objective of a program receiving Federal financial assistance to which this part applies is to provide employment, a recipient or other person or entity subject to this part shall not discriminate, directly or indirectly, on the ground of race, color, or national origin in its employment practices under such program. Employment practices include recruitment, recruitment advertising employment, layoff, termination, firing, upgrading, demotion, transfer, rates of pay, or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees. Each recipient shall take affirmative steps to insure that applicants are employed and employees are treated during employment without regard to race, color, or national origin. Where this part applies to construction employment, the applicable requirements shall be those specified in or pursuant to Part III of Executive Order 11246, as amended, or any Executive order which may supersede it.

(2) In regard to Federal financial assistance which does not have providing employment as a primary objective, the provisions of paragraph (c)(1) of this section apply to the employment prac-

AR_0122

17970    **RULES AND REGULATIONS**

tices of the recipient if discrimination on the ground of race, color, or national origin in such employment practices tests, on the ground of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under the program receiving Federal financial assistance. In any such case, the provisions of paragraph (c) (1) of this section shall apply to the extent necessary to assure equality of opportunity to and nondiscriminatory treatment of beneficiaries.

(d) *Site selection.* A recipient may not make a selection of a site or location of a facility if the purpose of that selection, or its effect when made, is to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this rule applies, on the ground of race, color, or national origin.

(e) *Construction projects.* An EPA grantee of funds for the location, design, or construction of a demonstration facility or sewage treatment plant may not deny access to, or use of, the facility being constructed or the system of which it is a part of any person on the basis of race, color, or national origin.

§ 7.5  Affirmative action.

(a) Each applicant or recipient must take reasonable steps to remove or overcome the consequences of prior discrimination and to accomplish the purposes of the Act where previous practice or usage has in purpose or effect tended to exclude individuals from participation in, deny them the benefits of, or subject them to discrimination under any program or activity to which this part applies, on the ground of race, color, or national origin.

(b) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by, or denying benefits to, persons of a particular race, color, or national origin.

§ 7.6  Assurances required.

(a) *General.* (1) *Form of assurance.* Every application for Federal financial assistance to a program to which this part applies and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part, and that the applicant shall take affirmative steps to insure equal opportunity and shall periodically evaluate its performance. Like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which express consent to judicial enforcement by the United States.

(2) *Duration of assurance.* In cases where the Federal financial assistance is to provide or is in the form of either personal property or real property or any interest therein or structure thereon, the assurance shall obligate the recipient or in the case of a subsequent transfer, the transferee, for the period during which the property is used for any purpose for which the Federal financial assistance is or was extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended to the program.

(3) *Assistance for construction.* In the case where the assistance is sought for the construction of a facility, or a part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith. In particular, if a facility to be constructed is part of a larger system, the assurance shall extend to the larger system.

(4) *Assistance through transfer of real property.* Where Federal financial assistance is provided in the form of a transfer from the Federal Government of real property, structures, any improvements thereon, or any interest therein, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period for which the real property is used for a purpose for which the Federal financial assistance is or was extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or an interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, the covenant may also include a condition coupled with a right to be reserved by the Agency to revert title to the property in the event of a breach of the covenant. Such a condition and right of reverter may be included in covenants for any grants or other assistance that the Administrator in his discretion deems appropriate for such treatment. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Administrator may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, (1) contain or be accompanied by a statement that that program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or under this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the Administrator to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or under this part.

(c) *Assurances from educational institutions.* In the case of any application for Federal financial assistance to an institution of higher education, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

§ 7.7  Compliance information.

(a) *Cooperation and assistance.* Each responsible Agency official shall seek the cooperation of recipients and applicants in obtaining compliance with this part and shall provide assistance and guidance to recipients and applicants to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient or applicant shall keep such records and submit to the responsible Agency official or its designee timely, complete, and accurate compliance reports at such times, in such form, and containing such information, as the responsible Agency official or his designee may determine to be necessary or useful to enable the Agency to ascertain whether the recipient or applicant has complied or is complying with this part. Recipients and applicants shall have available for Agency officials on request racial/ethnic and national origin data showing the extent to which minorities are or will be beneficiaries of the assistance. In the case of any program under which a primary recipient extends or will extend Federal financial assistance to any other recipient such other recipient shall submit such compliance reports to the primary recipient as may be necessary or useful to enable the primary recipient to carry out its obligations as a recipient or applicant under this part.

(c) *Access to source of information.* Each recipient shall permit access by the responsible Agency official or his designee during normal business hours to such of its facilities, books, records, accounts, and other sources of information as may be relevant to a determination of whether or not the recipient is complying with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution, or person and such agency, institution, or person fails or refuses to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it had made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries,

AR_0123

and other interested persons any information pertinent to the provisions of this part and its applicability to the program receiving Federal financial assistance which is necessary or useful to apprise such persons of the protections against discrimination assured them by the Act and by this part.

§ 7.8  Investigations.

(a) *Periodic compliance reviews.* The Administrator shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person or entity who believes himself or any specific class of persons to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Administrator a written complaint. This complaint should be filed as promptly as possible after the date of the alleged discrimination.

(c) *Investigations.* The Administrator will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation will include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination of whether the recipient has failed to comply with this part.

(d) *Resolution of investigations.* (1) If an investigation indicates a failure to comply with this part, the Administrator will so inform the recipient and complainant, if any, in writing, and the matter will be resolved by informal means whenever possible. If the Administrator determines that the matter cannot be resolved by informal means, action will be taken as provided for in § 7.9.

(2) If an investigation does not warrant action pursuant to paragraph (d) (1) of this section, the Administrator will so inform the recipient and complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by the Act or by this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The Administrator or his designee may agree to keep confidential the identity of any complainant except to the extent that disclosure would be required by law in proceedings for the enforcement of this part.

§ 7.9  Procedure for obtaining compliance.

(a) *General.* If compliance with this part cannot be assured by informal means, compliance with this part shall be effected by termination of or refusal to grant or to continue Federal assistance in accordance with the procedures of paragraph (b) of this section, or by any other means authorized by law in accord-

ance with the procedures of paragraph (c) of this section. Such other means include, but are not limited to, (1) a referral of the matter to the Department of Justice with a recommendation that appropriate judicial proceedings be brought to enforce any rights of the United States under any law or assurance or contractual undertaking, and (2) any applicable proceeding under State or local law. A decision to take action under this section shall conform with "Guidelines for the enforcement of Title VI, Civil Rights Act of 1964," 28 CFR 50.3.

(b) *Procedure for termination or refusal to grant or continue assistance.* An order terminating or refusing to grant or continue Federal assistance shall become effective only after:

(1) The Administrator has advised the applicant or recipient of its failure to comply and has determined that compliance cannot be secured by voluntary means;

(2) There has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or under this part;

(3) The action has been approved by the Administrator pursuant to § 7.11(e); and

(4) The expiration of 30 days after the Administrator has filed with the Committee of the House and the Committee of the Senate having legislative jurisdiction over the program or activity involved, a full written report of the circumstances and the grounds for such action.

The termination or refusal to grant or continue assistance shall be limited to the particular political entity, or part thereof, or other recipient as to which a finding of noncompliance with title VI has been made and shall be limited in its effect to the particular program or part thereof in which such noncompliance has been so found.

(c) *Other means authorized by law.* No action to effect compliance with title VI of the Act by any other means authorized by law shall be taken until:

(1) The Administrator has determined that compliance cannot be secured by voluntary means, and the recipient or other person against whom action will be sought has been notified of such determination; and

(2) The expiration of at least 10 days from the mailing of such notice to the recipient or such other person. During this period of at least 10 days, additional efforts may be made to persuade the recipient or such other person to take such corrective action as may be appropriate.

§ 7.10  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 7.9(b), reasonable notice shall be given by certified mail, return receipt requested, to the affected applicant or recipient. This notice shall fix a date not less than 3 weeks after the date of receipt of such notice within which the applicant or recipient may file with the Administrator a request in writing

that the matter be scheduled for hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 7.9(b) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Agency in Washington, D.C., unless the Administrator determines that the convenience of the applicant or recipient or of the Agency requires that another place be selected. Hearings shall be held at a time fixed by the Administrator before a hearing examiner appointed in accordance with section 3105 of title 5, United States Code, or detailed under section 3344 of title 5, United States Code.

(c) *Right to counsel.* In any proceeding under this section, the applicant or recipient and the Agency shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (1970).

(2) Technical rules of evidence do not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute either (1) noncompliance with this part with respect to two or more types of Federal financial assistance to which this part applies, or (2) noncompliance with both this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Administrator may, by agreement where necessary with such other departments or agencies, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules or procedures not inconsistent with this part. Final decisions in such cases, insofar as this Agency is concerned, shall be made in accordance with § 7.11.

§ 7.11  Decisions and notices.

(a) *Procedure on decisions by hearing examiner.* The hearing examiner shall make an initial decision, including his recommended findings and proposed decision, and a copy of such initial decision shall be mailed by certified mail (return receipt requested) to the applicant or recipient. The applicant or recipient may, within 30 days after the receipt of such

AR_0124

17972                                    RULES AND REGULATIONS

notice of initial decision, file with the Administrator his exceptions to the initial decision, and his reasons therefor. In the absence of exceptions, the Administrator may, on his own motion, within 45 days after the initial decision, serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of notice of review, the Administrator shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall, subject to paragraph (e) of this section, constitute the final decision of the Administrator.

(b) *Decisions on record on review by the Administrator.* Whenever the Administrator reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, the applicant or recipient, the Agency officials responsible, and the complainant, if any, shall be given reasonable opportunity to file with him briefs or other written statements of their contentions, and a written copy of the final decision of the Administrator shall be sent to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 7.10(a), a decision shall be made by the Administrator on the record and a written copy of such decision shall be sent to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing examiner shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Administrator.* Any decision by an official of the Agency, other than the Administrator personally, which provides for the termination of, or the refusal to grant or continue, Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Administrator personally, who may approve such decision, vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, to the program involved and may contain such terms, conditions, and other provisions · as are consistent with and will effectuate the purpose of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient as determined by such decision to have failed to comply with requirements imposed by or under this part unless and until it corrects its noncompliance and satisfies the Administrator that it will fully comply with this part.

(g) *Post-termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance from the Agency if it satisfies the terms and conditions of that order for such eligibility and brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part in the future.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Administrator to restore fully its eligibility to receive Federal financial assistance from the Agency. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (g) (1) of this section. If the Administrator determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Administrator denies any request made under paragraph (g) (2) of this section, the applicant or recipient may submit a request in writing for a hearing, specifying why it believes him to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with rules or procedures issued by the Administrator. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (g) (1) of this section. Failure to file such a request within 3 weeks after receipt of notice of such denial shall constitute consent to the Administrator's determination.

(4) While proceedings under paragraph (g) of this section are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 7.12  *Judicial review.*

Action taken under the Act is subject to judicial review as provided therein.

§ 7.13  *Effect on other regulations, forms, and instructions.*

(a) *Effect on other regulations.* All regulations, orders, or like directions issued before the effective date of this part by any officer of the Agency, or by any predecessor of such an officer, which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorize the termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that the discrimination against which they are directed is also prohibited by this part, except that nothing in this part shall relieve any person of any obligation assumed or imposed under any such superseded regulations, order, or like direction before the effective date of this part. Nothing in this part, however, supersedes any of the following (including future amendments

thereof) : (1) Executive Order 11246 (3 CFR 1965 Supp., page 167) and regulations issued thereunder, or (2) any other orders, regulations, or instructions insofar as such orders, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* The Administrator shall issue and promptly make available to all interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* The Administrator may from time to time assign to officials of the Agency, or to officials of other departments or agencies of the government with the consent of such departments or agencies, responsibilities in connection with effectuation of the purposes of title VI of the Act and this part including the achievement of effective coordination and maximum uniformity within the Agency and within the Executive Branch of the government in the application of title VI and this part to similar programs and in similar situations. The Administrator may delegate in writing any function assigned (other than responsibility for final decision as provided in § 7.11) to him by the Act or by this part. Any action taken, determination made or requirement imposed by an official of another department or agency acting pursuant to an assignment or delegation of responsibility under this paragraph shall have the same effect as though such action had been taken by the Administrator of the Agency. All actions taken pursuant to this part with respect to EPA grants including written communications to or from a grant applicant or grantee shall be effected through the appropriate EPA Grants Officer.

[FR Doc.73–13298 Filed 7–3–73;8:45 am]

**Title 41—Public Contracts and Property Management**

CHAPTER 101—FEDERAL PROPERTY MANAGEMENT REGULATIONS

PART 101–6 MISCELLANEOUS REGULATIONS

Nondiscrimination in Federally Assisted Programs

On pages 23488 through 23491 of the FEDERAL REGISTER of December 9, 1971, there was published a notice of a proposed rule making to issue regulations designed to ensure nondiscrimination in programs for which Federal financial assistance is authorized to be provided by GSA. Interested persons were invited to submit comments, suggestions, or objections regarding the proposed regulations. Comments were submitted to and reviewed by the Civil Rights Division, Department of Justice, which determined that no additions are required to the GSA regulations. Accordingly, the proposed regulations are hereby adopted without change and are set forth below.

AR_0125

*Effective date.* These regulations shall be effective July 5, 1973.

ARTHUR F. SAMPSON,
*Acting Administrator of General Services.*

JULY 11, 1972.

The table of contents for Part 101–6 is amended to provide a revised title for Subpart 101–6.2 and new and revised section entries, as follows:

Subpart 101–6.2—Nondiscrimination in Programs Receiving Federal Financial Assistance

Sec.
101–6.207   [Reserved]
101–6.208   [Reserved]
101–6.213–7   Post termination proceedings.
101–6.217   Laws authorizing Federal financial assistance for programs to which this subpart applies.

Subpart 101–6.2—Nondiscrimination in Programs Receiving Federal Financial Assistance

1. Section 101–6.201 is revised to read as follows:

§ 101–6.201   Scope of subpart.

This subpart provides the regulations of the General Services Administration (GSA) under title VI of the Civil Rights Act of 1964 (52 U.S.C. 2000d—2000d–4) concerning nondiscrimination in federally assisted programs in connection with which Federal financial assistance is extended under laws administered in whole or in part by GSA.

2. Section 101–6.203 is revised to read as follows:

§ 101–6.203   Application of subpart.

(a) Subject to paragraph (b) of this section, this subpart applies to any program for which Federal financial assistance is authorized under a law administered in whole or in part by GSA, including the laws listed in § 101–6.217. It applies to money paid, property transferred, or other Federal financial assistance extended to any such program after the effective date of this subpart pursuant to an application approved prior to such effective date. This subpart does not apply to (1) any Federal financial assistance by way of insurance or guaranty contracts, (2) money paid, property transferred, or other assistance extended to any such program before the effective date of this subpart, except to the extent otherwise provided by contract, (3) any assistance to any individual who is the ultimate beneficiary under any such program, or (4) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 101–6.204–2(d). The fact that a statute which authorizes GSA to extend Federal financial assistance to a program or activity is not listed in § 101–6.217 shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs involving statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

(b) The regulations issued by the following Departments pursuant to title VI of the Act shall be applicable to the programs involving Federal financial assistance of the kind indicated, and those Departments shall respectively be responsible for determining and enforcing compliance therewith:

(1) Department of Health, Education, and Welfare—donation or transfer of surplus property for purposes of education or public health (§ 101–6.217 (a)(2) and (b)).

(2) Department of Defense—donation of surplus personal property for purposes of civil defense (§ 101–6.217(a)(2)).

(3) Department of Transportation—donation of property for public airport purposes (§ 101–6.217(c)). GSA will, however, be responsible for obtaining such assurances as may be required in applications and in instruments effecting the transfer of property.

(4) Department of the Interior—disposal of surplus real property, including improvements, for use as a public park, public recreational area, or historic monument (§ 101–6.217(d)(1) and (2)). GSA will, however, be responsible for obtaining such assurances as may be required in applications and in instruments effecting the transfer of property for use as a historic monument.

(5) Department of Housing and Urban Development—disposal of surplus real property for use in the provision of rental or cooperative housing to be occupied by families or individuals of low or moderate income (§ 101–6.217(q)).

(c) Each Department named in paragraph (b) of this section shall keep GSA advised of all compliance and enforcement actions, including sanctions imposed or removed, taken by it with respect to the programs specified in paragraph (b) of this section to which the regulations of such Department apply.

3. Section 101–6.204–2 is amended to read as follows:

§ 101–6.204–2   Specific discriminatory actions prohibited.

(a)(1) In connection with any program to which this subpart applies, a recipient may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin:

*   *   *   *   *

(3) In determining the site or location of facilities, an applicant or recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this subpart applies, on the ground of race, color, or national origin or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this subpart.

(4) This subpart does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participa-

tion in, the program or activity receiving Federal financial assistance, on the ground of race, color, or national origin. Where previous discriminatory practice or usage tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this subpart applies, the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

*   *   *   *   *

(d) (1) Where a primary objective of the Federal financial assistance to a program to which this subpart applies is to provide employment, a recipient may not, directly or through contractual or other arrangements, subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including, but not limited to, recruitment or recruitment advertising; employment; layoff or termination; upgrading, demotion, or transfer; rates of pay or other forms of compensation; selection for training, including apprenticeship; and use of facilities). The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or the corresponding provisions of any Executive order which supersedes it.

(2) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to this subpart tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this subpart applies, the provisions of subparagraph (1) of this paragraph (d) shall apply to the employment practices of the recipient or other persons subject to this subpart, to the extent necessary to insure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

4. Section 101–6.205–1 is amended to read as follows:

§ 101–6.205–1   General.

*   *   *   *   *

(b) In the case of real property, structures or improvements thereon, or interests therein, which is acquired with Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision

AR_0126

17974

## RULES AND REGULATIONS

of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by GSA to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible GSA official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event, if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Administrator may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forebear the exercise of such right to revert title for so long as the lien of such mortgage or other encumberance remains effective.

\* \* \* \* \*

5. Section 101-6.205-2 is revised to read as follows:

§ 101-6.205-2  Continuing State programs.

Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this subpart applies shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (a) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this subpart, and (b) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible GSA official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this subpart.

6. Section 101-6.205-3 is revised to read as follows:

§ 101-6.205-3  Elementary and second-ary schools.

The requirements of §§ 101-6.205-1 and 101-6.205-2 with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (a) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (b) submits a plan for the desegregation of such school or school system which the re-

sponsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this subpart within the earliest practicable time, and provides reasonable assurance that it will carry out such plan. In any case of continuing Federal financial assistance such responsible official may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this subpart. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order, including any future modification of such order.

7. Section 101-6.206 is amended to read as follows:

§ 101-6.206  Illustrative applications.

The following examples will illustrate the application of the foregoing provisions of this subpart to certain programs for which Federal financial assistance is extended by GSA (in all cases the discrimination prohibited is discrimination on the ground of race, color, or national origin, prohibited by title VI of the Act and this subpart):

\* \* \* \* \*

(g)  In the program involving the transfer of surplus real property for use in the provision of rental or cooperative housing to families or individuals of low or moderate income (§ 101-6.217(q)), discrimination in the selection and assignment of tenants is prohibited.

\* \* \* \* \*

In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 101-6.209-4 to provide information as to the availability of the program or activity and the rights of beneficiaries under this subpart have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will ensure that groups previously subjected to discrimination are adequately served.

(i) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances, an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nation-

ality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

8. Sections 101-6.207, including the subsections thereof, and 101-6.208 are deleted and reserved as follows:

§ 101-6.207    [Reserved]

§ 101-6.208    [Reserved]

9. Section 101-6.211-4 is revised to read as follows:

§ 101-6.211-4  . Other means authorized by law.

No action to effect compliance by an other means authorized by law shall be taken until (a) the responsible GSA official has determined that compliance cannot be secured by voluntary means, (b) the recipient or other person has been notified of his failure to comply and of the action to be taken to effect compliance, and (c) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with this subpart and to take such corrective action as may be appropriate.

10. Section 101-6.212-2 is revised to read as follows:

§ 101-6.212-2    Time and place of hearing.

Hearings shall be held, at a time fixed by the responsible GSA official, at the offices of GSA in Washington, D.C., unless such official determines that the convenience of the applicant or recipient or of GSA requires that another place be selected. Hearings shall be held before the responsible GSA official or, at his discretion, before a hearing examiner designated in accordance with 5 U.S.C. 3105 or 3344 (section 11 of the Administrative Procedure Act).

11. Section 101-6.212-4 is amended to read as follows:

§ 101-6.212-4    Procedures,   evidence, and record.

(a)  The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554-557 (sections 5-8 of the Administrative Procedure Act) and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in § 101-6.212-1, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both GSA and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

12. Section 101-6.213-7 is added as follows:

AR_0127

RULES AND REGULATIONS                                           17975

§ 101–6.213–7  Post termination pro-
ceedings.

(a) An applicant or recipient adversely
affected by an order issued under § 101–
6.213–6 shall be restored to full eligibility
to receive Federal financial assistance if
it satisfies the terms and conditions of
that order for such eligibility or if it
brings itself into compliance with this
subpart and provides reasonable assur-
ance that it will fully comply with this
subpart. An elementary or secondary
school or school system which is unable
to file an assurance of compliance with
§ 101–6.24 shall be restored to full eli-
gibility to receive financial assistance if
it files a court order or a plan for desegre-
gation meeting the requirements of § 101–
6.205–3 and provides reasonable assur-
ance that it will comply with this court
order or plan.

(b) Any applicant or recipient adverse-
ly affected by an order entered pursuant
to § 101–6.213–6 may at any time request
the responsible GSA official to restore
fully its eligibility to receive Federal
financial assistance. Any such request
shall be supported by information show-
ing that the applicant or recipient has
met the requirements of paragraph (a)
of this section. If the responsible GSA of-
ficial determines that those requirements
have been satisfied, he shall restore such
eligibility.

(c) If the responsible GSA official de-
nies any such request, the applicant or
recipient may submit a request, in writ-
ing, for a hearing, specifying why it be-
lieves such official to have been in error.
It shall thereupon be given an expeditious
hearing, with a decision on the record, in
accordance with rules of procedure issued
by the responsible GSA official. The ap-
plicant or recipient will be restored to
such eligibility if it proves at such a
hearing that it satisfied the requirements
of paragraph (a) of this section. While
proceedings under this section are pend-
ing, the sanctions imposed by the order
issued under § 101–6.213–6 shall remain
in effect.

13. Section 101–6.215–1 is amended to
read as follows:

§ 101–6.215–1  Effect on other regula-
tions.

*    *    *    *    *

(a) Executive Orders 10925, 11114, and
11246, and regulations issued thereunder.

(b) Any other orders, regulations, or
instructions, insofar as such orders,
regulations, or instructions prohibit dis-
crimination on the ground of race, color,
or national origin in any program or
situation to which this subpart is inappli-
cable, or prohibit discrimination on any
other ground.

14. Section 101–6.215–3 is revised to
read as follows:

§ 101–6.215–3  Supervision and coordi-
nation.

The Administrator may from time to
time assign to officials of other depart-
ments or agencies of the Government,
with the consent of such departments or
agencies, responsibilities in connection
with the effectuation of the purposes of
title VI of the Act and this subpart (other

than responsibility for final decision as
provided in § 101–6.213), including the
achievement of effective coordination
and maximum uniformity within GSA
and within the executive branch of the
Government. In the application of title
VI and this subpart to similar programs
and in similar situations. Any action
taken, determination made, or require-
ment imposed by an official of another
Department or Agency acting pursuant
to an assignment of responsibility under
this section shall have the same effect as
though such action had been taken by
the responsible GSA official.

15. Section 101–6.217 is amended to
read as follows:

§ 101–6.217  Laws authorizing Federal
financial assistance for programs to
which this subpart applies.

(a) (1) Donation of surplus personal
property to educational activities which
are of special interest to the armed
services (section 203(j) (2) of the Fed-
eral Property and Administrative Serv-
ices Act of 1949, 40 U.S.C. 484(j) (2)).

(2) Donation of surplus personal prop-
erty for use in any State for purposes
of education, public health, or civil de-
fense, or for research for any such pur-
poses (section 203(j) (3) and (4) of
the Federal Property and Administra-
tive Services Act of 1949, 40 U.S.C. 484
(j) (3) and (4)), and the making avail-
able to State agencies for surplus pro-
perty, or the transfer of title to such
agencies, of surplus personal property
approved for donation for purposes of
education, public health, or civil defense,
or for research for any such purposes
(section 203(n) of the Federal Property
and Administrative Services Act of 1949,
40 U.S.C. 484(n)).

(b) Disposal of surplus real and related
personal property for purposes of ed-
ucation or public health, including
research (section 203(k) (1) of the Fed-
eral Property and Administrative Serv-
ices Act of 1949, 40 U.S.C. 484(k) (1)).

(c) Donation of property for public
airport purposes (section 13(g) of the
Surplus Property Act of 1944, 50 U.S.C.
App. 1622(g); section 23 of the Airport
and Airway Development Act of 1970,
Public Law 91–258).

(d) (1) Disposal of surplus real prop-
erty, including improvements, for use as
a historic monument (section 13(h) of
the Surplus Property Act of 1944, 50
U.S.C. App. 1622(h)).

(2) Disposal of surplus real and re-
lated personal property for public park
or public recreational purposes (section
203(k) (2) of the Federal Property and
Administrative Services Act of 1949, 40
U.S.C. 484(k) (2)).

*    *    *    *    *

(q) Disposal of surplus real property
for use in the provision of rental or coop-
erative housing to be occupied by fam-
ilies or individuals of low or moderate
income (section 414 of the Housing and
Urban Development Act of 1969, Public
Law 91–152).

(Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1)

[FR Doc.73–13300 Filed 7–3–73;8:45 am]

Title 43—Public Lands: Interior

SUBTITLE A—OFFICE OF THE
SECRETARY OF THE INTERIOR

PART 17—NONDISCRIMINATION IN FED-
ERALLY ASSISTED PROGRAMS OF THE
DEPARTMENT OF THE INTERIOR—EF-
FECTUATION OF TITLE VI OF THE CIVIL
RIGHTS ACT OF 1964

Miscellaneous Amendments

The following amendments were pub-
lished as proposed rulemaking in 36 FR
23491 (Dec. 9, 1971). As a result of com-
ments received, certain changes have
been made in the proposal to conform to
the uniform agency amendments. A new
provision (vii) is added to § 17.3(b) to
prohibit discrimination in the selection
of planning and advisory boards. The re-
quirement that a recipient take affirma-
tive action to eliminate discrimination is
clarified in § 17.3(b) (4) (i) and (ii). A
sentence has been added to § 17.5(b) to
require that recipients maintain data
showing the extent to which minority
group persons receive the benefits of Fed-
eral financial assistance. The time for
filing complaints in § 17.6(b) has been
extended from 90 to 180 days. Other
minor technical corrections have been
made in the original proposal.

§ 17.2  [Amended]

1. The present text of § 17.2 is desig-
nated as paragraph (a) and paragraphs
(a), (b), (c), and (d) thereof are redes-
ignated as subparagraphs (1), (2), (3),
and (4).

2. A new paragraph (b), reading as
follows, is added to § 17.2:

(b) In any program receiving Federal
financial assistance in the form, or for
the acquisition, of real property or an
interest in real property, to the extent
that rights to space on, over, or under
any such property are included as part of
the program receiving that assistance,
the nondiscrimination requirement of
that part shall extend to any facility lo-
cated wholly or in part of the space.

§ 17.3  [Amended]

3. Paragraph (b) of § 17.3 is amended
by adding the following subdivision (vii)
to subparagraph (1):

(vii) Deny a person the opportunity to
participate as a member of a planning or
advisory body which is an integral part
of the program.

4. Subparagraphs (3) and (4) of para-
graph (b) of § 17.3 are respectively re-
designated as subparagraphs (5) and (6),
and new subparagraphs (3) and (4),
reading as follows, are added to para-
graph (b):

(3) In determining the site or location
of facilities, a recipient or applicant
may not make selections with the pur-
pose or effect of excluding persons from,
denying them the benefits of, or subject-
ing them to discrimination under any
program to which this regulation applies,
on the grounds of race, color, or national
origin; or with the purpose or effect if
defeating or substantially impairing the
accomplishment of the objectives of the
Act or this part.

(4) (i) In administering a program
regarding which the recipient has pre-

AR_0128

17976                        RULES AND REGULATIONS

viously discriminated against persons on the grounds of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color or national origin.

5. Paragraph (c) of § 17.3 is revised to read as follows:

(c) *Employment practices.* (1) Where a primary objective of a program of Federal financial assistance to which this part applies is to provide employment, a recipient or other party subject to this part shall not, directly or through contractual or other arrangements, subject a person to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, hiring, firing, upgrading, promotion, demotion, transfer, layoff, termination, rates of pay or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees). Such recipient shall take affirmative action to insure that applicants are employed, and employees are treated during employment, without regard to their race, color, or national origin. The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246, as amended, or any Executive Order which supersedes it.

(2) The requirements of subparagraph (1) of this paragraph apply to programs under laws funded or administered by the Department where a primary objective of the Federal financial assistance is (i) to reduce the unemployment of such individuals or to help them through employment to meet subsistence needs, (ii) to assist such individuals in meeting expenses incident to the commencement or continuation of their education or training, or (iii) to provide work experience which contributes to the education or training of such individuals. Assistance given under the following laws has one of the above purposes as a primary objective: Water Resources Research Act of 1964, Title I, 78 Stat. 329, and those statutes listed in Appendix A to this part where the facilities or employment opportunities provided are limited, or a preference is given, to students, fellows, or other persons in training or related employment.

(3) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefit of, or to subject them to discrimination under any program to which this regulation applies,

the provisions of subparagraph (1) of this paragraph shall apply to the employment practices of the recipient or other persons subject to this part, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

6. Paragraph (e) of § 17.3 is deleted.

§ 17.4    [Amended]

7. Paragraph (a) of § 17.4 is revised to read as follows:

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies, except a program to which paragraph (b) of this section applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by, an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. Every program of Federal financial assistance shall require the submission of such an assurance. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, or improvement of real property or structures, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended to the program. In the case where the assistance is sought for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith. The Secretary shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case where Federal financial assistance is provided in the form of a transfer of real property, structures, or improvements thereon, or interest therein, from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or interest therein from the Federal

Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the Secretary, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing facilities on such property for the purposes for which the property was transferred, the Secretary may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

§ 17.4    [Amended]

8. In § 17.4(b) (1) (ii), the phrase "the Secretary or his designee" is substituted for the phrase "the head of the bureau or office administering the Federal financial assistance."

9. Subparagraph (2) in the first sentence of § 17.4(c) is revised to read as follows:

(2) Submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time and provides reasonable assurance that it will carry out such plan; in any case of continuing Federal financial assistance the responsible official of the Department of Health, Education and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part.

10. Paragraph (d) of § 17.4 is revised by substituting in subparagraph (2) the phrase "the Secretary or his designee" for the phrase "the head of the bureau or office administering the Federal financial assistance."

11. Section 17.5 is revised to read as follows:

§ 17.5    Compliance information.

(a) *Cooperation and assistance.* The Secretary or his designee shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to

AR_0129

RULES AND REGULATIONS

the Secretary or his designee timely, complete and accurate compliance reports, at such times, and in such form and containing such information, as the Secretary or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In general, recipients should have available for the Department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of Federally assisted programs. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

· (c) *Access to sources of information.* Each recipient shall permit access by the Secretary or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

· (d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner as the Secretary or his designee finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

12. Paragraphs (a), (b), (c) and (d) of § 17.6 are revised read as follows:

### § 17.6  Conduct of investigations.

(a) *Periodic compliance reviews.* The Secretary or his designee shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Secretary a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the Secretary, or his designee.

(c) *Investigations.* Whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part, a prompt investigation shall be made. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the

circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the recipient shall be informed in writing and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 17.7.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the recipient and complainant, if any, shall be informed in writing.

        *        *        ·*        *

### § 17.7  [Amended]

13. In subparagraph (1) of paragraph (c) of § 17.7 the phrase "Secretary or his designee" is substituted for the phrase "head of the bureau or office administering the Federal financial assistance."

14. Paragraph (d) of § 17.7 is revised to read as follows:

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the Secretary or his designee has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional effort shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

### § 17.8  [Amended]

15. In the second sentence of paragraph (a) of § 17.8 the words "the head of the bureau or office or" are deleted.

16. Paragraph (b) of § 17.8 is revised to read as follows:

(b) *Time and place of hearing.* Hearings shall be held at the Office of Hearings and Appeals of the Department in the Washington, D.C., area, at a time fixed by the hearing examiner to whom the matter has been assigned unless he determines that the convenience of the applicant or recipient or of the Department requires that another place be selected. Hearings shall be held before a hearing examiner designated by the Office of Hearings and Appeals in accordance with 5 U.S.C. 3105 and 3344.

17. In subparagraph (1) of paragraph (d) of § 17.8 the phrase "in conformity with sections 5 through 8 of the Administrative Procedure Act (5 U.S.C. 1004 through 1007)" is amended to read "in conformity with 5 U.S.C. 554-557."

18. Section 17.9 is revised to read as follows:

### § 17.9  Decisions and notices.

(a) *Initial decision by a hearing examiner.* The hearing examiner shall

make an initial decision and a copy of such initial decision shall be sent by registered mail, return receipt requested, to the recipient or applicant.

(b) *Review of the initial decision.* The applicant or recipient may file his exceptions to the initial decision, with his reasons therefor, with the Director, Office of Hearings and Appeals, within thirty days of receipt of the initial decision. In the absence of exceptions, the Director, Office of Hearings and Appeals, on his own motion within forty-five days after the initial decision, may notify the applicant or recipient that he will review the decision. In the absence of exceptions or a notice of review, the initial decision shall constitute the final decision subject to the approval of the Secretary pursuant to paragraph (f) of this section.

(c) *Decisions by the Director, Office of Hearings and Appeals.* Whenever the Director, Office of Hearings and Appeals, reviews the decision of a hearing examiner pursuant to paragraph (b) of this section, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contention, and a copy of the final decision of the Director, Office of Hearings and Appeals, shall be given to the applicant or recipient and to the complainant, if any.

(d) *Decisions on record where a hearing is waived.* Whenever a hearings is waived pursuant to paragraph (a) of § 17.8, a decision shall be made by the Director, Office of Hearings and Appeals on the record and a copy of such decision shall be given in writing to the applicant or recipient and to the complainant, if any.

(e) *Rulings required.* Each decision of a hearing examiner or the Director, Office of Hearings and Appeals, shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(f) *Approval by Secretary.* Any final decision of a hearing examiner or of the Director, Office of Hearings and Appeals, which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part of the Act, shall promptly be transmitted to the Secretary, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(g) *Content of decisions.* The final decision may provide for the suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it

AR_0130

17978    **RULES AND REGULATIONS**

pursuant to this regulation, or to have otherwise failed to comply with this part, unless and until it corrects its non-compliance and satisfies the Secretary that it will fully comply with this part.

(h) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (g) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (g) of this section may at any time request the Secretary to restore fully its eligibility to receive Federal financial assistance.

(3) If the Secretary denies any such request, the applicant or recipient may submit to the Secretary a request for a hearing in writing, specifying why it believes the Secretary to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with the procedures set forth in Part 17a of this Title. The applicant or recipient shall be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph.

(4) While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (g) of this section shall remain in effect.

§ 17.11    [Amended]

19. Subparagraph (1) in the second sentence of paragraph (a) of § 17.11 is amended to read, "(1) Executive Orders 10925, 11114 and 11246, as amended, and regulations issued thereunder."

20. In paragraph (b) of § 17.11, the phrase "The Secretary or his designee" is substituted for the phrase "The head of each bureau and office administering Federal financial assistance."

21. Paragraph (c) of § 17.11 is revised by addition of the following as a final sentence: Any action taken, determination made or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this paragraph shall have the same effect as though such action had been taken by the Secretary of the Interior.

22. Section 17.12 is revised by amending paragraph (c) and adding paragraph (k) to read as follows:

§ 17.12    Definitions.

*    *    *    *    *

(c) The term "Secretary" means the Secretary of the Interior or, except in § 17.9(f), any person to whom he has

delegated his authority in the matter concerned.

*    *    *    *    *

(k) The term "Office of Hearings and Appeals" refers to a constituent office of the Department established July 1, 1970. 35 FR 12081 (1970).

23. In Appendix A, part I(b), item 7 is deleted and item 8 through 21 are redesignated as items 7 through 20.

24. In Appendix A, part III, item 3 is added to read as follows:

3. Sealing and filling of voids in abandoned coal mines, reclamation of surface mine areas, and extinguishing mine fires (79 Stat. 13, as amended, 40 U.S.C., App., § 205).

25. In paragraph (a) of part IV in Appendix A, the heading is amended and items 5 and 7 are revised to read as follows:

(a) Grants of Federal funds.

*    *    *    *    *

5. Anadromous Fish Act of 1965 (79 Stat. 1125, 16 U.S.C. 757a–757f).

*    *    *    *    *

7. Jellyfish Act of 1966 (80 Stat. 1149, 16 U.S.C. 1201–1205).

26. Items 2 and 3 are deleted from paragraph (b) of part IV in Appendix A and items 4 through 6 are redesignated as items 2 through 4.

27. Items 1, 4 and 5 are deleted from paragraph (c) of part IV in Appendix A and items 2, 3, and 6 are redesignated as items 1, 2, and 3.

28. Item 3 in paragraph (a) of section V in Appendix A is revised and item 9 is added in the same paragraph, to read as follows:

3. Historic Preservation Act of 1966 (80 Stat. 915, 16 U.S.C. § 47a).

*    *    *    *    *

9. Outdoor Recreation Programs (78 Stat. 897, as amended, 16 U.S.C. §§ 460l–4—460l–11).

29. Any rule, order, policy, guideline, finding, determination, authorization, requirement, designation or other action prescribed, issued or taken before the effective date of these amendments under Part 17 shall have the same effect as if these amendments to Part 17 had not been made. No administrative proceeding shall abate by reasons of the taking effect of these amendments. Administrative proceedings initiated under Part 17 prior to these amendments and not finally disposed of prior to such effective date shall be governed by the provisions of Part 17 as amended. In any case under Part 17 where a hearing examiner had rendered an initial or recommended decision, the case shall be concluded in accordance with the provisions of Part 17 as amended.

30. These amendments shall be effective on July 5, 1973.

ROGERS C. B. MORTON,
*Secretary of the Interior.*

[FR Doc. 73–13287 Filed 7–3–73; 8:45 am]

Title 45—Public Welfare

SUBTITLE A—DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE, GENERAL ADMINISTRATION

PART 80—NONDISCRIMINATION UNDER PROGRAMS RECEIVING FEDERAL ASSISTANCE THROUGH THE DEPARTMENT OF HEALTH, EDUCATION, AND WELFARE EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

Amendments to 45 CFR Part 80 are adopted for the purposes indicated below. Revisions similar to those described below (except for revisions described in items numbered 12–14) are uniform changes being adopted by other agencies which provide Federal financial assistance, pursuant to Title VI of the Civil Rights Act of 1964. The revisions described under items 12–14 below are not uniform; they are procedural in nature and designed for the regulation of this agency only. In addition, citations to statutory authority are added immediately after each section of 45 CFR Part 80.

1. A new subparagraph (1) (vii) is added to § 80.3(b) to prohibit discrimination in the selection of persons to planning or advisory bodies.

2. The present subparagraphs (3) and (4) of § 80.3(b) are renumbered (4) and (5), respectively, and a new subparagraph (3) is added to clarify nondiscrimination requirements with respect to the selection of sites and locations for facilities which affect the provision of federally-assisted benefits.

3. A new § 80.3(b)(6) is added as (i) to require recipients to take affirmative action to overcome the effects of prior discrimination, where the recipient has previously discriminated and as (ii) to indicate recipients are not prohibited from taking affirmative action to overcome the effects of conditions which resulted in limited program participation by persons of a particular race, color, or national origin.

4. A subparagraph is added to § 80.3(c) to state the rule concerning discriminatory employment practices which result in excluding individuals from participation in, denying them the benefits of, or subjecting them to discrimination under any program or activity to which this regulation applies.

5. Subparagraph (b) under § 80.3(c) relating to community work and training assisted under Title IV of the Social Security Act, 42 U.S.C. 609, is deleted.

6. Subparagraph (d) (formerly (e)) of § 80.3(c) is changed to read "rehabilitation facilities" instead of "sheltered workshops."

7. Section 80.4(a) (2) is revised to delete the requirement that surplus property transfers contain a reverter for breach of the nondiscrimination provisions and instead to authorize a reverter discretionary with the responsible department official in the case of any real

AR_0131

RULES AND REGULATIONS                                                                17979

property transfer. As revised, a covenant running with the land, to assure non-discriminatory use, will be included when any Federal financial assistance is extended in the form of a transfer of real property by the Federal Government. In other cases where property is acquired or improved with Federal financial assistance, the amendment requires that the recipient agree to include such a covenant in any subsequent transfer.

8. Language of § 80.4(b) which provided that noncomplying features of existing continuing State programs could be corrected in the future has been deleted.

9. In § 80.6(b) a new sentence is added after the first sentence to require recipients to keep racial and ethnic data in relation to federally-assisted programs.

10. In § 80.6(c) new language is added after the last sentence to make clear that asserted considerations of privacy or confidentiality may not operate to bar the Department from requiring recipients to keep such data.

11. In § 80.7(b) the period for filing complaints is extended from 90 to 180 days in conformity with other Civil Rights regulations.

12. Section 80.9(a) provided that in the case of a waiver of a right to a hearing the decision may be made on the basis of "such information as is available." This is amended to provide that the decision in such a case may be made on the basis of "such information as may be filed as the record."

13. Under § 80.10, prior to the present amendment, a party to a proceedings could request the Secretary to review a hearing examiner's decision even though there was no request for the intervening review of the Reviewing Authority, which is a matter of right. The amendment to § 80.10(c) authorizes a request for review by the Secretary only if the matter has first been considered by the Reviewing Authority.

14. Subparagraph (4) of § 80.10(g) duplicates the provision of the last sentence of subparagraph (3) of such section. Subparagraph (4) is deleted to eliminate that inadvertent duplication.

15. A sentence is added to § 80.12(c) specifying that actions taken by an official of another Department or Agency under an assignment of responsibility shall have the same effect as though taken by the responsible official of this Department.

16. In some provisions the word "program" has been used to refer to the arrangement under which Federal financial assistance is made available; in other places it was used to mean the operation or activity of the applicant or recipient. Technical revisions are made in the designation of Part 80 and throughout the regulation to eliminate the use of "program" to refer to the arrangement under which Federal financial assistance is made available.

17. Clause 3 is added to § 80.12(a) to make clear that these regulations and amendments will not affect the requirements for Emergency School Assistance

as published in 35 FR 13442 and codified as 45 CFR Part 181.

18. The listing of Appendix A is revised to eliminate the use "program" to refer to the arrangement under which Federal financial assistance is made available and to bring the listings in the Appendix up to date.

1. The designation of Part 80 is amended to read as set forth in the heading above.

2. Section 80.2 is amended to read:

§ 80.2   Application of this regulation.

This regulation applies to any program for which Federal financial assistance is authorized to be extended to a recipient under a law administered by the Department, including the Federal assisted programs and activities listed in Appendix A of this regulation. It applies to money paid, property transferred, or other Federal financial assistance extended after the effective date of the regulation pursuant to an application approved prior to such effective date. This regulation does not apply to (a) any Federal financial assistance by way of insurance or guaranty contracts, (b) money paid, property transferred, or other assistance extended before the effective date of this regulation, (c) the use of any assistance by any individual who is the ultimate beneficiary under any such program, or (d) any employment practice, under any such program, or any employer, employment agency, or labor organization, except to the extent described in § 80.3. The fact that a type of Federal assistance is not listed in Appendix A shall not mean, if Title VI of the Act is otherwise applicable, that a program is not covered. Federal financial assistance under statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

(Secs. 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253; 42 U.S.C. 2000d-1, 2000d-3)

3. Section 80.3 is amended by adding a new paragraph (b) (1) (vii) as set forth below. Paragraph (b) is amended by renumbering the present subparagraphs (3) and (4) as subparagraphs (4) and (5), respectively, and adding new subparagraphs (3) and (6). As so changed, subparagraphs (3), (4), (5) and (6) read as set forth below. Paragraphs (c) and (d) are amended to read as set forth below.

§ 80.3   Discrimination prohibited.

*       *       *       *       *

(b) Specific discriminatory actions prohibited. (1) * * *

(vii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

*       *       *       *       *

(3) In determining the site or location of a facilities, an applicant or recipient may not make selections with the effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any programs to which this regulation applies, on the ground of race, color, or

national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) (i) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination.

(ii) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color, or national origin.

(c) Employment practices. (1) Where a primary objective of the Federal financial assistance to a program to which this regulation applies is to provide employment, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion, or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is (i) to reduce the employment of such individuals or to help them through employment to meet subsistence needs, (ii) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training, (iii) to provide work experience which contributes to the education or training of such individuals, or (iv) to provide remunerative activity to such individuals who because of handicaps cannot be readily absorbed in the competitive labor market. The following, under existing laws, have one of the above objectives as a primary objective:

(a) Projects under the Public Works Acceleration Act, Public Law 87-658, 42 U.S.C. 2641-2643.

(b) Work-study under the Vocational Education Act of 1963, as amended, 20 U.S.C. 1371-1374.

(c) Programs assisted under laws listed in Appendix A as respects employment opportunities provided thereunder, or in facilities provided thereunder, which are limited, or for which preference is given, to students, fellows, or other persons in training for the same or related employments.

AR_0132

(d) Assistance to rehabilitation facilities under the Vocational Rehabilitation Act, 29 U.S.C. 32–34, 41a and 41b.

(2) The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order ·11246 or any Executive order which supersedes it.

(3) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the ground of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the ground of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of,·or to subject them to discrimination under any program to which this regulation applies, the foregoing provisions of this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

(d) *Indian Health and Cuban Refugee Services.* An individual shall not be deemed subjected to discrimination by reason of his exclusion from the benefits of a program limited by Federal law to individuals of a particular race, color, or national origin different from his.

\* \* \* \* \*

4. Section § 80.4(a) (2), (b), and (d) is amended to read as follows:

§ 80.4 Assurances required.

(a) *General.* (1) \* \* \*·

(2) Where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government the instrument effecting or recording the transfer shall contain a covenant running with the land to assure nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar·services or benefits. Where no transfer of property is involved but property is improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of the property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Department to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Department official, such a condition and right of reverter is appropriate to the statute under which the real property is obtained and to the nature of the grant and the grantee. In the event a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the responsible Department official may agree, upon request of the transferee and if neces-

sary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

(b) *Continuing State programs.* Every application by a State or a State agency to·carry out a program involving continuing Federal financial assistance to which this regulation applies (including the Federal financial assistance listed in Part 2 of Appendix A) shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or pursuant to this regulation, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible Department official to give ·reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all ·requirements imposed by or pursuant to this regulation.

\* \* \* \* \*

(d) *Assurance from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education (including assistance for construction, for research, for special training project, for student loans or for any other purpose), the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

\* \* \* \* \*

5. The introductory statement of § 80.5 and paragraphs (a), (b), (e) and (h) are amended to read as set forth below; and new paragraphs (i) and (j) are added as illustrative examples of new § 80.3 (b) (6).

§ 80.5 Illustrative application.

The following examples will illustrate the programs aided by Federal financial assistance of the Department. (In all cases the discrimination prohibited is discrimination on the ground of race, color, or national origin prohibited by Title VI of the Act and this regulation, as a condition of the receipt of Federal financial assistance).

(a) In Federally assisted programs for the provision of health or welfare services,· discrimination in the selection or eligibility of individuals to receive the services, and segregation or other discriminatory practices in the manner of providing them, are prohibited. This prohibition extends to all facilities and services provided by the grantee under the program or, if the grantee is a State, by a political subdivision of the State. It extends also to services purchased or otherwise obtained by the grantee (or political subdivision) from hospitals, nursing homes, schools, and similar institutions for beneficiaries of the program, and to the facilities in which such services are

provided, subject, however, to the provisions of § 80.3(e).

(b) In federally-affected area assistance (P.L. 815 and P.L. 874) for construction aid and for general support of the operation of elementary or secondary schools, or in more limited support to such schools such as for the acquisition of equipment, the provision of vocational education, or the provision of guidance and counseling services, discrimination by the recipient school district in any of its elementary or secondary schools in the admission of students, or in the treatment of its students in any aspect of the educational process, is prohibited. In this and the following illustrations the prohibition of discrimination in the treatment of students or other trainees includes the prohibition of discrimination among the students or trainees in the availability or use of any academic, dormitory, eating, recreational, or other facilities of the grantee or other recipient.

\* \* \* \* \*

(e) In grants to assist in the construction of facilities for the provision of health, educational or welfare services, assurances will be required that services will be provided without discrimination, to the same extent that discrimination would be prohibited as a condition of Federal operating grants for the support of such services. Thus, as a condition of grants for the construction of academic, research, or other facilities at institutions of higher education, assurances will be required that there will be no discrimination in the admission or treatment of students. In case of hospital construction grants the assurance will apply to patients, to interns, residents, student nurses, and other trainees, and to the privilege of physicians, dentists, and other professionally qualified persons to practice in· the hospital, and will apply to the entire facility for which, or for a part of which, the grant is made, and to facilities operated in connection therewith. In other construction grants the assurances required will similarly be adapted to the nature of the activities to be conducted in the facilities for construction of which the grants have been authorized by Congress.

\* \* \* \* \*

(h) A recipient may not take action that is calculated to bring about indirectly what this regulation forbids it to accomplish directly. Thus, a State, in selecting or approving projects or sites for the construction of public libraries which will receive Federal financial assistance, may not base its selections or approvals on criteria which have the effect of defeating or of substantially impairing accomplishments of the objectives of the Federal assistance as respects individuals of a particular.race, color or national origin.

(i) In some situations, even though past discriminatory practices attributable to a recipient or applicant have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient

AR_0133

RULES AND REGULATIONS

under § 80.6(d), to provide information as to the availability of the program or activity and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary under the requirement stated in (i) of § 80.3(b) (6) for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subject to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(j) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances, an applicant or. recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

6. Paragraphs (b), (c), and (d) of § 80.6 are amended to read:

§ 80.6   Compliance information.

* * * * *

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Department official or his designee timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the responsible Department official or his designee may determine to be necessary to. enable him to ascertain whether the recipient has complied or is complying with this part. For example, recipients should have available for the Department racial and ethnic data showing the extent to which members of minority groups are beneficiaries of and participants in federally-assisted programs. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) *Access to sources of information.* Each recipient shall permit access by the responsible Department official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any. information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution

or person shall fail or refuse to furnish this information the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information. Asserted considerations of privacy or confidentiality may not operate to bar the Department from evaluating or seeking to enforce compliance with this Part. Information of a confidential nature obtained in connection with compliance evaluation or enforcement shall not be disclosed except where necessary in formal enforcement proceedings or where otherwise required by law.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this regulation and its applicability to the program for which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Department official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this regulation.

§ 80.7    [Amended]

7. Paragraph (b) of § 80.7 is amended by. deleting the phrase "90 days" and substituting "180 days".

8. Paragraph (a) of § 80.9 is amended to read:

§ 80.9   Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 80.8(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Department official that the matter be scheduled for hearing or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 80.8(c) of this regulation and consent to the making of a decision on the basis of such information as may be filed as the record.

* * * * *

9. Paragraphs (e) and (f) of § 80.10 are amended to read as set forth below, and paragraph (g)(4) is deleted.

§ 80.10    Decisions and notices.

* * * * *

(e) *Review in certain cases by the Secretary.* If the Secretary has not personally made the final decision referred to in paragraphs (a), (b), or (c) of this section, a recipient or applicant or the counsel for the Department may request the Secretary to review a decision of the Reviewing Authority in accordance with rules of procedure issued by the responsible Department official. Such review is not a matter of right and shall be granted only where the Secretary determines there are special and important reasons therefor. The Secretary may grant or deny such request, in whole or in part. He may also review such a decision upon his own motion in accordance with rules of procedure issued by the responsible Department official. In the absence of a review under this paragraph, a final decision referred to in paragraphs (a), (b), (c) of this section shall become the final decision of the Department when the Secretary transmits it as such to Congressional committees with the report required under section 602 of the Act. Failure of an applicant or recipient to file an exception with the Reviewing Authority or to request review under this paragraph shall not be deemed a failure to exhaust administrative remedies for the purpose of obtaining judicial review.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, to which this regulation applies, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this regulation, including provisions designed to assure that no Federal financial assistance to which this regulation applies will thereafter be extended under such law or laws to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this regulation, or to have otherwise failed to comply with this regulation unless and until it corrects its noncompliance and satisfies the responsible Department official that it will fully comply with this regulation.

* * * * *

10. Paragraph (a) of § 80.12 is amended, and a new concluding sentence is added to paragraph (c), so that the amended paragraph reads as set forth below.

§ 80.12    Effect on other regulations, forms and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions heretofore issued by any officer of the Department which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this regulation applies, and which authorize the suspension or termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of assistance for failure to comply with

AR_0134

17982

## RULES AND REGULATIONS

such requirements, are hereby superseded to the extent that such discrimination is prohibited by this regulation, except that nothing in this regulation shall be deemed to relieve any person of any obligation assumed or imposed under any such superseded regulation, order, instruction, or like direction prior to the effective date of this regulation. Nothing in this regulation, however, shall be deemed to supersede any of the following (including future amendments thereof): (1) The "Standards for a Merit System of Personnel Administration," issued jointly by the Secretaries of Defense, of Health, Education and Welfare, and of Labor, 45 CFR Part 70; (2) Executive Order 11063 and regulations issued thereunder, or any other regulations or instructions, insofar as such Order, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this regulation is inapplicable, or prohibit discrimination on any other ground; or (3) requirements for Emergency School Assistance as published in 35 FR 13442 and codified as 45 CFR Part 181.

\* \* \* \* \*

(c) *Supervision and coordination.* The responsible Department official may from time to time assign to officials of the Department, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of Title VI of the Act and this regulation (other than responsibility for review as provided in § 80.10(e)), including the achievements of effective coordination and maximum uniformity within the Department and within the Executive Branch of the Government in the application of Title VI and this regulation to similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another Department or Agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this Department.

11. The following citations are added immediately after each of the listed sections of 45 CFR Part 80 as indicated below:

§ 80.1: (Sec. 601, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d).
§ 80.2: (Sec. 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253; 42 U.S.C. 2000d-1, 2000d-3).
§ 80.3: (Sec. 601, 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253, 42 U.S.C. 2000d, 2000d-1, 2000d-3).
§ 80.4: (Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1. Sec. 182; 80 Stat. 1209; 42 U.S.C. 2000d-5).
§ 80.5: (Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1).
§ 80.6: (Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1).
§ 80.7: (Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1).

§ 80.8: (Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1. Sec. 182, 80 Stat. 1209; 42 U.S.C. 2000d-5).
§ 80.9: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1).
§ 80.10: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1).
§ 80.11 (Sec. 603, Civil Rights Act of 1964; 78 Stat. 253; 42 U.S.C. 2000d-2).
§ 80.12: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1).
§ 80.13: (Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1).

Effective date. This amendment shall become effective August 6, 1973.

Dated: August 8, 1972.

[SEAL]      ELLIOT L. RICHARDSON,
*Secretary of Health,
Education, and Welfare.*

### APPENDIX A

FEDERAL FINANCIAL ASSISTANCE TO WHICH THESE REGULATIONS APPLY

*Part 1. Assistance other than for State-Administered Continuing Programs*

1. Loans for acquisition of equipment for academic subjects, and for minor remodeling (20 U.S.C. 445).
2. Construction of facilities for institutions of higher education (20 U.S.C. 701-758).
3. School Construction in federally-affected and in major disaster areas (20 U.S.C. 631-647).
4. Construction of educational broadcast facilities (47 U.S.C. 390-399).
5. Loan service of captioned films and educational media; research on, and production and distribution of, educational media for the handicapped, and training of persons in the use of such media for the handicapped (20 U.S.C. 1452).
6. Demonstration residential vocational education schools (20 U.S.C. 1321).
7. Research and related activities in education of handicapped children (20 U.S.C. 1441).
8. Educational research, dissemination and demonstration projects; research training; and construction under the Cooperation Research Act (20 U.S.C. 331-332(b)).
9. Research in teaching modern foreign languages (20 U.S.C. 512).
10. Training projects for manpower development and training (42 U.S.C. 2601, 2602, 2610a-2610c).
11. Research and training projects in Vocational Education (20 U.S.C. 1281(a), 1282-1284).
12. Allowances to institutions training NDEA graduate fellows (20 U.S.C. 461-465).
13. Grants for training in librarianship (20 U.S.C. 1031-1033).
14. Grants for training personnel for the education of handicapped children (20 U.S.C. 1431).
15. Allowances for institutions training teachers and related educational personnel in elementary and secondary education, or post-secondary vocational education (20 U.S.C. 1111-1118).
16. Recruitment, enrollment, training and assignment of Teacher Corps personnel (20 U.S.C. 1101-1107a).
17. Operation and maintenance of schools in Federally-affected and in major disaster areas (20 U.S.C. 236-241; 241-1; 242-244).
18. Grants or contracts for the operation of training institutes for elementary or secondary school personnel to deal with special educational problems occasioned by desegregation (42 U.S.C. 2000c-3).
19. Grants for in-service training of teachers and other schools personnel and employ-

ment of specialists in desegregation problems (42 U.S.C. 2000c-4).
20. Higher education students loan program (Title II, National Defense Education Act, 20 U.S.C. 421-429).
21. Educational Opportunity grants and assistance for State and private programs of low-interest insured loans and State loans to students in institutions of higher education (Title IV, Higher Education Act of 1965, 20 U.S.C. 1001-1087).
22. Grants and contracts for the conduct of Talent Search, Upward Bound, and Special Services Programs (20 U.S.C. 1068).
23. Land-grant college aid (7 U.S.C. 301-308; 321-326; 328-331).
24. Language and area centers (Title VI, National Defense Education Act, 20 U.S.C. 511).
25. American Printing House for the Blind (20 U.S.C. 101-105).
26. Future Farmers of America (36 U.S.C. 271-291) and similar programs.
27. Science clubs (P.L. 85-875, 20 U.S.C. 2, note).
28. Howard University (20 U.S.C. 121-129).
29. Gallaudet College (31 D.C. Code, Ch. 10).
30. Establishment and operation of a model secondary school for the deaf by Gallaudet College (31 D.C. Code 1051-1053; 80 Stat. 1027-1028).
31. Faculty development programs, workshops and institutes (20 U.S.C. 1131-1133).
32. National Technical Institute for the Deaf (20 U.S.C. 681-685).
33. Institutes and other programs for training educational personnel (Parts D, E & F, Title V, Higher Education Act of 1965) (20 U.S.C. 1119-1119c-4).
34. Grants and contracts for research and demonstration projects in librarianship (20 U.S.C. 1034).
35. Acquisition of college library resources (20 U.S.C. 1021-1028).
36. Grants for strengthening developing institutions of higher education (20 U.S.C. 1051-1054); National Fellowships for teaching at developing institutions (20 U.S.C. 1055), and grants to retired professors to teach at developing institutions (20 U.S.C. 1055).
37. College Work-Study Program (42 U.S.C. 2751-2757).
38. Financial assistance for acquisition of higher education equipment, and minor remodeling (20 U.S.C. 1121-1129).
39. Grants for special experimental demonstration projects and teacher training in adult education (20 U.S.C. 1208).
40. Grant programs for advanced and undergraduate international studies (20 U.S.C. 1171-1176; 22 U.S.C. 2452(b)).
41. Experimental projects for developing State leadership or establishment of special services (20 U.S.C. 865).
42. Grants to and arrangements with State educational and other agencies to meet special educational needs of migratory children of migratory agricultural workers (20 U.S.C. 241e(c)).
43. Grants by the Commissioner of Education to local educational agencies for supplementary educational centers and services; guidance, counseling, and testing (20 U.S.C. 841-844; 844b).
44. Resource centers for improvement of education of handicapped children (20 U.S.C. 1421) and centers and services for deaf-blind children (20 U.S.C. 1422).
45. Recruitment of personnel and dissemination of information on education of handicapped (20 U.S.C. 1433).
46. Grants for research and demonstrations relating to physical education or recreation for handicapped children (20 U.S.C.

AR_0135

1442) and training of physical educators and recreation personnel (20 U.S.C. 1434).

47. Dropout prevention projects (20 U.S.C. 887).

48. Bilingual education programs (20 U.S.C. 880b–880b–6).

49. Grants to agencies and organizations for Cuban refugees (22) U.S.C. 2601(b)(4).

50. Grants and contracts for special programs for children with specific learning disabilities including research and related activities, training and operating model centers (20 U.S.C. 1461).

51. Curriculum development in vocational and technical education (20 U.S.C. 1391).

52. Establishment, including construction, and operation of a National Center on Educational Media and Materials for the Handicapped (20 U.S.C. 1453).

53. Grants and contracts for the development and operation of experimental preschool and early education programs for handicapped (20 U.S.C. 1423).

54. Grants to public or private non-profit agencies to carry on the Follow Through Program in kindergarten and elementary schools (42 U.S.C. 2809 (a) (2)).

55. Grants for programs of cooperative education and grants and contracts for training and research in cooperative education (20 U.S.C. 1087a–1087c).

56. Grants and contracts to encourage the sharing of college facilities and resources (network for knowledge) (20 U.S.C. 1133–1133b).

57. Grants, contracts, and fellowships to improve programs preparing persons for public service and to attract students to public service (20 U.S.C. 1134–1134b).

58. Grants for the improvement of graduate programs (20 U.S.C. 1135–1135c).

59. Contracts for expanding and improving law school clinical experience programs (20 U.S.C. 1136–1136b).

60. Exemplary programs and projects in vocational education (20 U.S.C. 1301–1305).

61. Grants to reduce borrowing cost for construction of residential schools and dormitories (20 U.S.C. 1323).

62. Project grants and contracts for research and demonstration relating to new or improved health facilities and services (sec. 304, PHS Act, 42 U.S.C. 242b).

63. Grants for construction or modernization of emergency rooms of general hospitals (Title-VI, Part C, PHS Act, 42 U.S.C. 291j).

64. Institutional and special projects grants to schools of nursing (sections 805–808, PHS Act, 42 U.S.C. 296d–296g).

65. Grants for construction and initial staffing of facilities for prevention and treatment of alcoholism (sec. 241–2, Community Mental Health Centers Act (42 U.S.C. 2688 f and g).

66. Grants for construction and initial staffing of specialized facilities for the treatment of alcoholics requiring care in such facilities (sec. 243, Community Mental Health Centers Act, 42 U.S.C. 2688i).

67. Special project grants for training programs, evaluation of existing treatment programs, and conduct of significant programs relating to treatment of alcoholics (sec. 246, Community Mental Health Centers Act, 42 U.S.C. 2688j–1).

68. Grants for construction and initial staff of treatment facilities for narcotic addicts (sec. 251, Community Mental Health Centers Act, 42 U.S.C. 2688m).

69. Special project grants for training programs, evaluation of existing treatment programs, and conduct of significant programs relating to treatment of narcotics addicts (sec. 252, Community Mental Health Centers Act, 42 U.S.C. 2688n–1).

70. Grants for consultation services for Community Mental Health Centers, alcoholism prevention and treatment facilities for

narcotic addicts, and facilities for mental health of children (sec. 264, Community Mental Health Centers Act, 42 U.S.C. 2688r).

71. Grants for construction and initial staff of facilities for mental health of children (sec. 271, Community Mental Health Centers Act, 42 U.S.C. 2688u).

72. Special project grants for training programs and evaluation of existing treatment program relating to mental health of children (sec. 272, Community Mental Health Centers Act, 42 U.S.C. 2688x).

73. Grants and loans for construction and modernization of medical facilities in the District of Columbia (P.L. 90–457; 82 Stat. 631–3).

74. Teaching facilities for nurse training (secs. 801–804, Public Health Service Act, 42 U.S.C. 296–296c).

75. Teaching facilities for allied health professions personnel (sec. 791, Public Health Service Act, 42 U.S.C. 295h).

76. Mental retardation research facilities (Title VI, Part D, Public Health Service Act, 42 U.S.C. 295–295b).

77. George Washington University Hospital construction (76 Stat. 83, P.L. 87–460, May 31, 1962).

78. Research projects, including conferences, communication activities and primate or other center grants (secs. 301, 303, 304, and 308, Public Health Service Act, 42 U.S.C. 241, 242a, 242b, and 242f).

79. General research support (sec. 301(d), Public Health Service Act, 42 U.S.C. 241).

80. Mental health demonstrations and administrative studies (sec. 303(a) (2), Public Health Service Act, 42 U.S.C. 242a).

81. Migratory workers health services (sec. 310, Public Health Service Act, 42 U.S.C. 242h).

82. Immunization programs (sec. 317, Public Health Service Act, 42 U.S.C. 247b).

83. Health research training projects and fellowship grants (secs. 301, 433, Public Health Service Act, 42 U.S.C. 242, 289c).

84. Categorical (heart, cancer, etc.) grants for training, research or fellowships (secs. 303, 433, etc., Public Health Service Act, 42 U.S.C. 242a, 289c, etc.).

85. Advanced professional nurse traineeships (sec. 821, Public Health Service Act, 42 U.S.C. 297).

86. Department projects under Appalachian Regional Development Act (40 U.S.C. App. A).

87. Grants to institutions for traineeships for professional public health personnel (sec. 306, Public Health Service Act, 42 U.S.C. 242d).

88. Grants for graduate or specialized training in public health (sec. 309, Public Health Service Act, 42 U.S.C. 242g).

89. Health professions school student loan program (Title VII, Part C, Public Health Service Act, 52 U.S.C. 294–294(k)).

90. Grants for provision in schools of public health of training, consultation and technical assistance in the field of public health and in the administration of state or local public health programs (sec. 309(a)), Public Health Service Act, 42 U.S.C. 242(g)(c)).

91. Project grants for training, studies, or demonstrations looking metropolitan area, or other local area plans for health services (sec. 314(c), Public Health Service Act, 42 U.S.C. 246(c)).

92. Project grants for training, studies, or demonstrations looking toward the development of improved comprehensive health planning (sec. 314(c), Public Health Service Act, 42 U.S.C. 246(c)).

93. Project grants for health services development (sec. 314(e), Public Health Service Act, 42 U.S.C. 246(e)).

94. Institutional and special grants to health professions schools (Title VII, Part E, Public Health Service Act, 42 U.S.C. 295f–295f–4).

95. Improvement grants to centers for allied health professions (sec. 792, Public Health Service Act, 42 U.S.C. 295h–1).

96. Scholarship grants to health professions schools (Title VII, Part F, Public Health Service Act, 42 U.S.C. 295h–1).

97. Scholarship grants to schools of nursing (Title VIII, Part D, Public Health Service Act, 42 U.S.C. 296–296c–6).

98. Traineeships for advanced training of allied health professions personnel (sec. 793, Public Health Service Act, 42 U.S.C. 295h–2).

99. Contracts to encourage full utilization of nursing educational talent (sec. 868, Public Health Service Act, 42 U.S.C. 295h–7).

100. Grants to community mental health centers for the compensation of professional and technical personnel for the initial operation of new centers or of new services in centers (Community Mental Health Centers Act, Part B, 42 U.S.C. 2688–2688d).

101. Grants for the planning, construction, equipment and operation of multicounty demonstration health projects in the Appalachian region (sec. 202 of Appalachian Regional Development Act, P.L. 89–4, as amended, P.L. 90–103 40 U.S.C. App. 202).

102. Education, research, training, and other project grants in the field of heart disease, cancer, stroke and related diseases (secs. 900–110, Public Health Service Act, 42 U.S.C. 299a–j).

103. Assistance to medical libraries (secs. 390–399, Public Health Service Act, 42 U.S.C. 280b–280b–9).

104. Nursing student loans (secs. 822–828, Public Health Service Act, 42 U.S.C. 297a–g).

105. Hawaii leprosy payments (sec. 331, Public Health Service Act, 42 U.S.C. 255).

106. Heart disease laboratories and related facilities for patient care (sec. 412(d), Public Health Service Act, 42 U.S.C. 287a(d)).

107. Grants for construction of hospitals serving Indians (P.L. 85–151, 42 U.S.C. 2005).

108. Indian Sanitation Facilities (P.L. 86–121, 42 U.S.C. 2004a).

109. Research projects relating to maternal and child health services and crippled children's services (42 U.S.C. 712).

110. Maternal and child health special project grants to State agencies and institutions of higher learning (42 U.S.C. 703(2)).

111. Maternity and infant care and family planning services; special project grants to local health agencies and other organizations (42 U.S.C. 708).

112. Special project grants to State agencies and institutions of higher learning for crippled children's services (42 U.S.C. 704(2)).

113. Special project grants for health of school and preschool children (42 U.S.C. 709) for dental health of children (42 U.S.C. 710).

114. Grants to institutions of higher learning for training personnel for health care and related services for mothers and children (42 U.S.C. 711).

115. Grants and contracts for the conduct of research, experiments, or demonstrations relating to the development, utilization, quality, organization, and financing of services, facilities, and resources of hospitals, long-term care facilities, or other medical facilities (sec. 304, Public Health Service Act, as amended by P.L. 89–174, 42 U.S.C. 242b).

116. Health research facilities (Title VII, Part A, Public Health Service Act, 42 U.S.C. 292–292j).

117. Teaching facilities for health professions personnel (Title VII, Part B, Public Health Service Act, 42 U.S.C. 293–293h).

118. Project grants and contracts for research, development, training, and studies in the field of electronic product radiation (Sec. 356, Public Health Service Act, 42 U.S.C. 263d).

119. Project grants and contracts for research, studies, demonstrations, training,

AR_0136

**RULES AND REGULATIONS**

and education relating to coal mine health (sec. 501, Federal Coal Mine Health and Safety Act of 1969, Public Law 91–173.).

120. Surplus real and related personal property disposal (40 U.S.C. 484(k)).

121. Supplementary medical insurance benefits for the aged (Title XXIII, Part B, Social Security Act, 42 U.S.C. 1395j–1395w).

122. Issuance of rent-free permits for vending stands, credit unions, employee associations, etc. (20 U.S.C. 107–107f; 45 C.F.R. Part 20; sec. 25, 12 U.S.C. 1770).

123. Grants for special vocational rehabilitation projects (29 U.S.C. 34(a)(1)).

124. Experimental, pilot or demonstration projects to promote the objectives of Title I, X, XIV, XVI, or XIX or Part A of Title IV of the Social Security Act (42 U.S.C. 1315).

125. Social Security and welfare cooperative research or demonstration projects (42 U.S.C. 1310).

126. Child welfare research, training, or demonstration projects (42 U.S.C. 626).

127. Training projects (Title VI, Older Americans Act, 42 U.S.C. 3041–3042).

128. Grants for expansion of vocational rehabilitation services (29 U.S.C. 34(a)(2) (A)).

129. Grants for construction of rehabilitation facilities (29 U.S.C. 41a(a)–(e)) and for initial staffing of rehabilitation facilities (29 U.S.C. 41a(f)).

130. Project development grants for rehabilitation facilities (29 U.S.C. 41a(g)(2)).

131. Rehabilitation Facility improvement grants (29 U.S.C. 41b(b)).

132. Agreement for the establishment and operation of a national center for deaf-blind youths and adults (29 U.S.C. 42a).

133. Project grants for services for migratory agricultural workers (29 U.S.C. 42b).

134. Grants for initial staffing of community mental retardation facilities (42 U.S.C. 2678–2678d).

135. Grants for training welfare personnel and for expansion and development of undergraduate and graduate social work programs (42 U.S.C. 906, 908).

136. Research and development projects concerning older Americans (42 U.S.C. 3031–3032).

137. Grants to States for training of nursing home administrators (42 U.S.C. 1396g (o)).

138. Contracts or jointly financed cooperative arrangements with industry (29 U.S.C. 34 (a) (2) (B)).

139. Project grants for new careers in rehabilitation (29 U.S.C. 34(a) (2) (C)).

140. Children of low-income families (20 U.S.C. 241a–241m).

141. Grants for training (29 U.S.C. 37(a) (2)).

142. Grants for projects for training services (29 U.S.C. 41b(a)).

143. Grants for comprehensive juvenile delinquency planning (42 U.S.C. 3811).

144. Grants for project planning in juvenile delinquency (42 U.S.C. 3812).

145. Grants for juvenile delinquency rehabilitative services projects (42 U.S.C. 3822, 3842).

146. Grants for juvenile delinquency preventive services projects (42 U.S.C. 3861).

147. Grants for training projects in juvenile delinquency fields (42 U.S.C. 3891).

148. Grants for development of improved techniques and practices in juvenile delinquency services (42 U.S.C. 3871).

149. Grants for technical assistance in juvenile delinquency services (42 U.S.C. 3872).

150. Grants for State technical assistance to local units in juvenile delinquency services (42 U.S.C. 3873).

151. Grants for public service centers projects (42 U.S.C. 2744).

152. Grants to public or private non-profit agencies to carry on the Project Headstart Program (42 U.S.C. 2809(a) (1)).

153. Project grants for new careers for the handicapped (29 U.S.C. 34(a) (2) (D)).

154. Construction, demonstration, and training grants for university-affiliated facilities for persons with developmental disabilities (42 U.S.C. 2661–2666).

*Part 2. Continuing Assistance to State Administered Programs*

1. Grants to States for public library services and construction, interlibrary cooperation and specialized State library services for certain State institutions and the physically handicapped (20 U.S.C. 351–355).

2. Grants to States for strengthening instruction in academic subjects (20 U.S.C. 441–444).

3. Grants to States for vocational education (20 U.S.C. 1241–1264).

4. Arrangements with State education agencies for training under the Manpower Development and Training Act (42 U.S.C. 2601–2602, 2610a).

5. Grants to States to assist in the elementary and secondary education of children of low-income families (20 U.S.C. 241a–241m).

6. Grants to States to provide for school library resources, textbooks and other instructional materials for pupils and teachers in elementary and secondary schools (20 U.S.C. 821–827).

7. Grants to States to strengthen State departments of education (20 U.S.C. 861–870).

8. Grants to States for community service programs (20 U.S.C. 1001–1011).

9. Grants to States for adult basic education and related research, teacher training and special projects (20 U.S.C. 1201–1211).

10. Grants to State educational agencies for supplementary educational centers and services, and guidance, counseling and testing (20 U.S.C. 841–847).

11. Grants to States for research and training in vocational education (20 U.S.C. 1281 (b)).

12. Grants to States for exemplary programs and projects in vocational education (20 U.S.C. 1301–1305).

13. Grants to States for residential vocational education schools (20 U.S.C. 1321).

14. Grants to States for consumer and homemaking education (20 U.S.C. 1341).

15. Grants to States for cooperative vocational education program (20 U.S.C. 1351–1355).

16. Grants to States for vocational work-study programs (20 U.S.C. 1371–1374).

17. Grants to States to attract and qualify teachers to meet critical teaching shortages (20 U.S.C. 1108–1110c).

18. Grants to States for education of handicapped children (20 U.S.C. 1411–1414).

19. Grants for administration of State plans and for comprehensive planning to determine construction needs of institutions of higher education (20 U.S.C. 715(b)).

20. Grants to States for comprehensive health planning (sec. 314(a), Public Health Service Act, 42 U.S.C. 246(a)).

21. Grants to States for establishing and maintaining adequate public health services (sec. 314(d), Public Health Service Act, 42 U.S.C. 246(d)).

22. Grants, loans, and loan guarantees with interest subsidies for hospital and medical facilities (Title VI, Public Health Service Act, 42 U.S.C. 291 et seq.).

23. Grants to States for community mental health centers construction (Community Mental Health Centers Act, Part A, 42 U.S.C. 2681–2687).

24. Cost of rehabilitation services (Title

II, Social Security Act sec. 222(d); 42 U.S.C. 422(d)).

25. Surplus personal property disposal donations for health and educational purposes through State agencies (40 U.S.C. 484(J)).

26. Grants for State and community program on aging (Title III, Older Americans Act, 42 U.S.C. 3021–3025).

27. Grants to States for planning, provision of services, and construction and operation of facilities for persons with developmental disabilities (42 U.S.C. 2670–2677c).

28. Grants to States for vocational rehabilitation services (29 U.S.C. 32); for innovation of vocational rehabilitation services (29 U.S.C. 33); and for rehabilitation facilities planning (29 U.S.C. 41a(g) (1)).

29. Designation of State licensing agency for blind operators of vending stands (20 U.S.C. 107–107f).

30. Grants to States for old-age assistance (42 U.S.C. 301 et seq.); aid to families with dependent children (42 U.S.C. 601 et seq.); child-welfare services (42 U.S.C. 620 et seq.); aid to the blind (42 U.S.C. 1201 et seq.); aid to the permanently and totally disabled (42 U.S.C. 1351 et seq.); aid to the aged, blind, or disabled (42 U.S.C. 1381 et seq.); medical assistance (42 U.S.C. 1396 et seq.).

31. Grants to States for maternal and child health and crippled children's services (42 U.S.C. 701–707); for special projects for maternal and infant care (42 U.S.C. 709).

32. Grants to States for juvenile delinquency preventive and rehabilitative services (42 U.S.C. 3841).

[FR Doc.73–13285 Filed 3–7–73;8:45 am]

---

**CHAPTER VI—NATIONAL SCIENCE FOUNDATION**

**PART 611—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE NATIONAL SCIENCE FOUNDATION—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

**Miscellaneous Amendments**

1. Section.611.3 is amended as follows:
a. A new subparagraph (3) is added to paragraph (b), and existing subparagraphs (3) and (4) are to be renumbered (4) and (5).

b. A new subparagraph (6) is added to paragraph (b).

c. Paragraph (c) (3) is revised to read as follows.

d. New paragraph (c) (4) is added.

As amended, § 611.3 reads as follows:

**§ 611.3   Discrimination prohibited.**

\*        \*        \*        \*        \*

(b)  \*  \*  \*

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefit of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

\*        \*        \*        \*        \*

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments

AR_0137

RULES AND REGULATIONS

17985

which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

(c) * * *

(3) The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive order which supersedes it.

(4) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of the foregoing subparagraph of this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

*    *    *    *    *

2. Section 611.4 is amended as follows:

a. Paragraph (a)(1) is amended to delete the existing second and third sentences and insert in lieu thereof the following:

b. Paragraph (a)(2) is revised to read as follows:

c. Paragraph (a)(2) is amended to delete the term "Commissioner of Education" and insert in lieu thereof "the responsible Official of the Department of Health, Education, and Welfare".

As amended, § 611.4 reads as follows:

§ 611.4    Assurances required.

(a) General. (1) * * * In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. * * *

(2) In the case where Federal financial assistance is provided in the form of a transfer of real property, structures,

or improvements thereon, or interest therein, from the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Foundation to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Foundation official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the responsible Foundation official may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

*    *    *    *    *

3. Section 611.5 is amended to add subparagraphs 6 and 7 as follows:

§ 611.5    Illustrative applications.

*    *    *    *    *

6. In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 611.6(d) to provide information as to the availability of the program or activity, and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example, of special arrangements for obtaining referrals which will insure that groups previously subjected to discrimination are adequately served but not the establishment of discriminatory qualifications for participation in any program.

7. Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality

group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

4. Section 611.8(d) is amended by deleting the phrase following number 2 and renumbering 3 to 2.

5. Section 611.9 is amended as follows:

a. Paragraph (b) is amended to delete citation of the Administrative Procedure Act and insert in lieu thereof "5 U.S.C. 3105 and 3344".

b. Paragraph (d) is amended to delete the citation of the Administrative Procedure Act and insert in lieu thereof "5 U.S.C. 554–557".

6. Section 611.10 is amended by adding a new paragraph (g) as follows:

§ 611.10    Decisions and notices.

(g) Posttermination proceedings. (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Foundation official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Foundation official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Foundation official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Foundation official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

6. Section 611.12 is amended as follows:

a. Paragraph (a) is amended to delete the existing last sentence and insert in lieu thereof the following:

b. Paragraph (c) is amended to add thereto the following:

§ 611.12    Effect on other regulations; forms and instructions.

(a) * * * Nothing in this part, however, supersedes any of the following (including future amendments thereof):

(1) Executive Order 11246 and regula-

AR_0138

tions issued thereunder, or (2) any other orders, regulations, or instructions, insofar as such orders, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

*     *     *     *     *

(c) * * * Any action taken, determination made, or requirement imposed by an official of another Department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this agency.

7. Appendix A is deleted and the following substituted therefor:

APPENDIX A

Statutory Provisions under which the National Science Foundation provides Federal financial assistance:

The National Science Foundation Act of 1950, as amended (42 U.S.C. 1861–1875).
Title IX of the National Defense Education Act of 1958 (42 U.S.C. 1876–1879).
The National Sea Grant College and Program Act of 1966 (80 Stat. 998) [1]

H. GUYFORD STEVER,
*Director.*

[FR Doc.73–13303 Filed 7–3–73; 8:45 am]

CHAPTER X—OFFICE OF ECONOMIC OPPORTUNITY

PART 1010—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE OFFICE OF ECONOMIC OPPORTUNITY EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

The proposed amendments to Part 1010 of Chapter X of Title 45 of the Code of Federal Regulations, as published in the FEDERAL REGISTER, 36 FR 23502, December 9, 1971, are adopted with the following changes:

1. Section 1010.3(a) is revised to read as set forth below.

2. In § 1010.4(b) subparagraph (1) is amended by adding a new subdivision (vii), and subparagraph (6) is revised. As amended, § 1010.4 reads as set forth below.

3. Section 1010.7(b) is amended by adding a new sentence. As revised, § 1010.7 reads as set forth below.

4. In §1010.8 the reference in paragraph (b) to "90 days" is corrected to read "180 days".

5. Appendix A is revised to read as set forth below.

PHILLIP V. SANCHEZ,
*Director.*

Chapter X now reads as follows:

Sec.
1010.1    Purpose.
1010.2    Definitions.
1010.3    Application of this part.
1010.4    Discrimination prohibited.
1010.5    Assurances required.

[1] Functions to be transferred to the National Oceanic and Atmospheric Administration, Department of Commerce, under Reorganization Plan No. 4 of 1970.

Sec.
1010.6    Illustrative applications.
1010.7    Compliance information.
1010.8    Conduct of investigation.
1010.9    Procedure for effecting compliance.
1010.10   Hearings.
1010.11   Decisions and notices.
1010.12   Judicial review.
1010.13   Effect on other regulations; forms and instructions.

AUTHORITY: Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1; and sec. 602, 78 Stat. 528; 42 U.S.C. 2942.

§ 1010.1   Purpose.

The purpose of this part is to effectuate the provisions of Title VI of the Civil Rights Act of 1964 (hereinafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the Office of Economic Opportunity.

§ 1010.2   Definitions.

As used in this part—

(a) The term "Office" means the Office of Economic Opportunity, and includes all of its organizational units.

(b) The term "Director" means the Director of the Office of Economic Opportunity.

(c) The term "responsible Office official" with respect to any program receiving Federal financial assistance means the Director or other official of the Office who by law or by delegation has the principal responsibility within the Office for the administration of the law extending such assistance.

(d) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(e) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration, or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(f) The term "program" includes any program, project, or activity for the provision of services, financial aid, or other benefits to individuals (including education or training, health, welfare, rehabilitation, housing, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through con-

tracts or other arrangements with the recipient, and including work opportunities and cash or loan or other assistance to individuals), or for the provision of facilities for furnishing services, financial aid or other benefits to individuals. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(g) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(h) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, organization, or other entity, or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient thereof, but such term does not include any ultimate beneficiary under any such program.

(i) The term "primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program.

(j) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible Office official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term "application" means any such application, request, or plan.

§ 1010.3   Application of this part.

(a) This part applies to any program for which Federal financial assistance is authorized under a provision of law administered by the Office, including the federally assisted programs and activities listed in Appendix A of this part. This part applies to money paid, property transferred, or other federal financial assistance extended under any such program after January 1, 1965 pursuant to an application approved prior to such date. This part does not apply to (1) any Federal financial assistance by way of insurance or guaranty contracts, (2) money paid, property transferred, or other assistance extended under any such program, before January 7, 1965, (3) any assistance to any individual who is the ultimate beneficiary under any such program, (4) any employment practice, under any such program, of any employ-

AR_0139

er, employment agency or labor organization, except to the extent described in § 1010.4. Any action or inaction on the part of a recipient which is a direct violation of the Economic Opportunity Act of 1964, will be dealt with under regulations enacted pursuant to such Act. The fact that a program or activity is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereinafter enacted may be covered by this part after notice is published in the FEDERAL REGISTER.

(b) The regulations issued by the Department of Agriculture pursuant to Title VI of the Act (7 CFR Part 15) shall be applicable to the program of grants and loans authorized under Title III, Part A of the Economic Opportunity Act of 1964, as amended.

(c) The regulations issued by the Department of Labor pursuant to Title VI of the Act (29 CFR Part 31) shall be applicable to the work-training programs authorized under Title I, Part B of the Economic Opportunity Act of 1964, as amended, and to the Special Work and Career Development Programs authorized under Title I, Part E of the Economic Opportunity Act of 1964, as amended, and to the extent determined by that Department, to the Jobs Corps Program under Title I, Part A.

(d) The regulations issued by the Department of Health, Education, and Welfare pursuant to Title VI of the Act (45 CFR Part 80) shall be applicable to the work experience programs authorized under Title V, Part A of the Economic Opportunity Act of 1964, as amended, and shall be applicable to the "Project Head Start" authorized under Title II, and to the "Follow Through" Program authorized under Title II, of the Economic Opportunity Act of 1964, as amended.

(e) The regulations issued by the Small Business Administration pursuant to Title VI of the Act (13 CFR Part 112) shall be applicable to the program of employment and investment incentives authorized under Title IV of the Economic Opportunity Act of 1964, as amended.

§ 1010.4 Discrimination prohibited.

(a) General. No person in the United States shall, on the ground of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this part applies.

(b) Specific discriminatory actions prohibited. (1) A recipient under any program to which this part applies may not, directly or through contractual or other arrangements, on the ground of race, color, or national origin;

(i) Deny an individual any services, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(v) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vi) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program, including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section.

(vii) Deny a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program.

(2) A recipient in determining the type of services, financial aid, or other benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not, directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respect individuals of a particular race, color, or national origin.

(3) In determining the site or location of facilities, an applicant or recipient may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this part.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) In administering a program regarding which the recipient has previously discriminated against persons on the ground of race, color, or national origin, the recipient must take affirmative action to overcome the effects of prior discrimination. Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color or national origin.

(c) Employment practices. Where a primary objective of the Federal financial assistance to a program or part thereof to which this part applies is to provide employment, a recipient may not (directly or through contractual or other arrangements) subject an individual to discrimination on the grounds of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising, employment, layoff or termination, upgrading, demotion or transfer, rates of pay or other forms of compensation, and use of facilities), including programs where a primary objective of the Federal financial assistance is (1) to reduce the unemployment of such individuals or to help them through employment to meet subsistence needs, (2) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training, or (3) to provide work experience which contributes to the education or training of such individuals. The following programs administered by the Office have one of the above objectives as a primary objective:

(i) Community Action Programs or parts thereof which have as a primary objective the provision of employment.

(ii) Programs of assistance for migrant, and other seasonally employed, agricultural employees and their families which have as a primary objective the provision of employment.

The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Part III of Executive Order 11246 or any Executive Order which supersedes it. Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this part applies, the provisions of the foregoing paragraph of this paragraph (c) shall apply to the employment practices of the re-

AR_0140

17988

**RULES AND REGULATIONS**

cipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to, and nondiscriminatory treatment of, beneficiaries.

(d) *Indian programs.* An individual shall not be deemed subjected to discrimination by reason of his exclusion from the benefits of a program limited by Federal law to individuals of a particular race, color, or national origin different from his.

(e) *Medical emergencies.* Notwithstanding the foregoing provisions of this section, a recipient of Federal financial assistance shall not be deemed to have failed to comply with paragraph (a) of this section if immediate provision of a service or other benefit to an individual is necessary to prevent his death or serious impairment of his health, and such service or other benefit cannot be provided except by or through a medical institution which refuses or fails to comply with paragraph (a) of this section.

**§ 1010.5  Assurances required.**

(a) *General.* (1) Every application for Federal financial assistance to a program to which this part applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part, and that the applicant will in all phases and levels of programs and activities, install an affirmative action program to achieve equal opportunities for participation, with provisions for effective periodic self-evaluation. In the case where Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. The responsible office official shall specify the form of the foregoing assurances for each program, and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired with Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from

the Federal Government, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. Where no transfer of property is involved, but property is acquired or improved with Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Office to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Office official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Director may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

(3) Transfers of surplus property are subject to regulations issued by the Administrator of General Services (41 CFR 101-6.2).

(b) *Elementary and Secondary schools.* In the case of any program for the benefit of elementary or secondary school students which, as a necessary part of such program, utilizes to a substantial extent the facilities of an elementary or secondary school or school system, the requirements of paragraph (a) of this section shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order, or (2) submits a plan for the desegregation of such school or school system which the responsible official of the Department of Health, Education and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time, and provides reasonable assurance that it will carry out such plan. In any case in which a final order of a court of the United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such final order including any future modification of such

order. The provisions of this paragraph do not apply to programs for pre-school children.

(c) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education (including assistance for construction, for research, for a special training project, for a student loan program, or for any other purpose), the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution unless the institution establishes, to the satisfaction of the responsible Office official, that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in such program. If in any such case the assistance sought is for the construction of a facility or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

**§ 1010.6  Illustrative applications.**

The following examples illustrate some applications of the foregoing provisions to programs receiving Federal financial assistance administered by the Office of Economic Opportunity. In all cases, the "discrimination" prohibited is discrimination on the grounds of race, color, or national origin prohibited by Title VI of the Act and this part, as a condition of the receipt of Federal financial assistance.

(a) *Community action programs.* Community action programs generally consist of a number of related antipoverty programs coordinated by a central community agency, either public or private non-profit. There can be no discrimination in the formulation of groups to conduct any program funded under Title II of the Economic Opportunity Act of 1964, as amended. Nor can any such program be operated in a discriminatory manner. Such a program must be open to all regardless of race, color, or national origin, and must distribute its benefits in a non-discriminatory manner. It may not restrict service to members of a group or groups if membership in the group depends on race, color, or national origin.

(b) *Programs in elementary or secondary schools.* In the case of a program covered by this part which benefits elementary or secondary school students and which is necessarily conducted in a school regularly attended by

AR_0141

RULES AND REGULATIONS                                                                17989

the participaitng students, the program must be run on a non-discriminatory basis, or else the school system must give assurance that it is complying with a federal court order or a plan approved by the responsible official of the Department of Health, Education, and Welfare leading to the desegregation of the school system. If, however students do not participate in such a program in the schools they regularly attend, or if the use of school facilities is incidental to the program or not necessary to its conduct, the program must be run on a non-discriminatory basis and the assurance specified in § 1010.5(a) must be given, whether or not there is a court order or approved plan with respect to the school system. This is the case in any program for pre-school children.

(c) *Institutions of higher education.* In any research, training, demonstration, or other grant from the Office to a university for a program to be conducted in a college or university, discrimination in the admission and treatment of students in the program is prohibited, and the prohibition extends to the entire university unless it satisfies the responsible Office official that practices with respect to other parts or programs of the university will not interfere, directly or indirectly, with fulfillment of the assurance required with respect to the program.

§ 1010.7   Compliance information.

(a) *Cooperation and assistance.* Each responsible Office official shall to the fullest extent practicable seek the cooperation of recipients in obtaining compliance with this part, and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Office official or his designee timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the responsible Office official or his designee may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part. In general, primary recipients and other recipients should have available for the responsible Office official or his designee racial and ethnic data showing the extent to which members of minority groups are beneficiaries of federally assisted programs.

(c) *Access to sources of information.* Each recipient shall permit access by the responsible Office official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where any information required of a recipient is in the ex-

clusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner as the responsible Office official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

§ 1010.8   Conduct of investigations.

(a) *Periodic compliance reviews.* The responsible Office official or his designee shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Office official or his designee a written complaint. A complaint must be filed not later than 180 days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Office official or his designee.

(c) *Investigations.* The responsible Office official or his designee will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the responsible Office official or his designee will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1010.9.

(2) If an investigation does not warrant action pursuant to paragraph (d)(1) of his section, the responsible Office official or his designee will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or par-

ticipated in any manner in an investigation, proceeding or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 1010.9   Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 1010.5.* If an applicant fails or refuses to furnish an assurance under § 1010.5 or otherwise fails or refuses to comply with a requirement imposed by or pursuant to that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Office shall not be required to provide assistance in such a case during pendency of the administrative proceedings under such paragraph.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Office official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the Director pursuant to § 1010.11(e), and (4) the expiration of 30 days after the Director has filed with the committee of the House and the committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance with

AR_0142

Title VI of the Act by any other means authorized by law shall be taken until (1) the responsible office official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 1010.10   Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1010.9(c), reasonable notice of such hearing shall be given by registered or certified mail, return receipt requested to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and either (1) fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Office official that the matter be scheduled for hearing, or (2) advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this subsection or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 1010.9(c) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held in Washington, D.C., at a time and place fixed by the responsible Office official unless he determines that the convenience of the applicant or recipient or of the Office requires that another place be selected. Hearings shall be held before the responsible Office official, or at his discretion, before a hearing examiner designated in accordance with 5 U.S.C. 3105 and 3344 (section 11 of the Administrative Procedure Act).

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Office shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any review thereof shall be conducted in conformity with 5 U.S.C. 554–557, (sections 5–8 of the Administrative Procedure Act) and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of

notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Office and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence offered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence unless dispensed with by stipulation. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under Title VI of the Act, the Director may, by agreement with such other departments or agencies, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules of procedure not inconsistent with this part. Final decisions in such cases, insofar as this part is concerned, shall be made in accordance with § 1010.11.

§ 1010.11   Decisions and notices.

(a) *Decision by person other than the responsible Office official.* If the hearing is held by a hearing examiner, such hearing examiner shall either make any initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Office official for a final decision and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner, the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible Office official his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Office official may, on his own motion, within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review, the responsible Office official shall review the initial decision and issue his own decision thereon, including the reasons therefor. In the absence of either exceptions or a notice

of review the initial decision shall constitute the final decision of the responsible Office official.

(b) *Decisions on record or review by the responsible Office official.* Whenever a record is certified to the responsible Office official for decision or review, or whenever the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible Office official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Office official shall be given in writing to the applicant or recipient, and the complainant, if any.

(c) *Decisions on record where hearing is waived.* Whenever a hearing is waived pursuant to § 1010.10(a), a decision shall be made by the responsible Office official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible Office official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Director.* Any final decision of a responsible Office official (other than the Director) which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part of the Act, shall promptly be transmitted to the Director, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, unless and until it corrects its noncompliance and satisfies the responsible Office official that it will fully comply with this part.

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part.

AR_0143

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Office official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (g)(1) of this section. If the responsible Office official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Office official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Office official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (g)(1) of this section. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 1010.12  Judicial review.

Any action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1010.13  Effect on other regulations; forms and instructions.

(a) Nothing in this part shall be deemed to supersede (1) Executive Orders 10925, 11114 and 11246 and regulations issued thereunder, or (2) any other regulations or instructions insofar as they prohibit discrimination on the grounds of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) Forms and instructions. Each responsible Office official shall issue and promptly make available to interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) Supervision and coordination. The Director may, from time to time, assign to officials of other departments or agencies of the Government (with the consent of such department or agency) responsibilities in connection with the effectuation of the purposes of Title VI of the Act and this part (other than responsibility for final decision as provided in § 1010.11), including the achievement of effective coordination and maximum uniformity within the Office and within the Executive Branch of the Government in the application of Title VI and this part to similar programs in similar situations. Any action taken, determination made, or requirements imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have

the same effect as though such action had been taken by the responsible official of this agency.

APPENDIX A—FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

Federal financial assistance provided under the following provisions of the Economic Opportunity Act of 1964 are now administered by the Office and covered by this part:

Section 113(b) and 113(c) (Experimental and Developmental Projects Relating to Job Corps).

Title I, Part D (Special Impact Programs).

Title II, except Head Start and Follow Through Programs.

Title III, Part B (Assistance for Migrant and Other Seasonally Employed, Farmworkers and Their Families).

[FR Doc.73–13304 Filed 7–3–73;8:45 am]

CHAPTER XI—NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES

PART 1110—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

Part 1110 reads as follows:

Sec.
1110.1     Purpose.
1110.2     Application of part.
1110.3     Discrimination prohibited.
1110.4     Assurances required.
1110.5     Illustrative applications.
1110.6     Compliance information.
1110.7     Conduct of investigations.
1110.8     Procedure for effecting compliance.
1110.9     Hearings.
1110.10    Decisions and notices.
1110.11    Judicial review.
1110.12    Effect on other regulations; forms and instructions.
1110.13    Definitions.

AUTHORITY: The provisions of this Part 1110 issued under sec. 602, 78 Stat. 252 and sec. 10(a)(1), 79 Stat. 852.

§ 1110.1  Purpose.

The purpose of this part is to effectuate the provisions of title VI of the Civil Rights Act of 1964 (hereafter referred to as the "Act") to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program or activity receiving Federal financial assistance from the National Endowment for the Arts or the National Endowment for the Humanities.

§ 1110.2  Application of part.

This part applies to any program for which Federal financial assistance is authorized under a law administered by the National Endowment for the Arts or the National Endowment for the Humanities including the federally assisted programs and activities listed in Appendix A of this part. It applies to money paid, property transferred, or other Federal financial assistance extended under any such program after the effective date of the part, including assistance pursuant to an application approved prior to such date. It also applies to federal financial assistance extended to any such program prior to the effective date of this part un-

der a contract or grant where the term of the contract or grant continues beyond such date or where the assistance was to provide real or personal property and the recipient or his transferee continues to use or retain ownership or possession of the property (see § 1110.4 (a)(1)). This part does not apply to (a) any Federal financial assistance by way of insurance or guaranty contract, (b) any assistance to any individual who is the ultimate beneficiary under any such program, or (c) any employment practice, under any such program, of any employer, employment agency, or labor organization, except to the extent described in § 1110.3. The fact that a program or activity is not listed in Appendix A shall not mean, if title VI of the Act is otherwise applicable, that such program is not covered. Other programs under statutes now in force or hereinafter enacted may be added to this list by notice published in the FEDERAL REGISTER.

§ 1110.3  Discrimination prohibited.

(a) General. No person in the United States shall, on grounds of race, color, or national origin be excluded from participation in, be denied the benefits of, or be otherwise subjected, to discrimination under any program to which this part applies.

(b) Specific discriminatory actions prohibited. (1) A recipient under any program to which this part applies may not directly or through contractual or other arrangements, on the ground of race, color, or national origin:

(i) Deny an individual any service, financial aid, or other benefit provided under the program;

(ii) Provide any service, financial aid, or other benefit to an individual which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject an individual to segregation or separate treatment in any matter related to his receipt of any service, financial aid, or other benefit under the program;

(iv) Restrict an individual in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial aid, or other benefit under the program;

(v) Treat an individual differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which individuals must meet in order to be provided any service, financial aid, or other benefit provided under the program;

(vi) Deny an individual an opportunity to participate in the program through the provision of services or otherwise or afford him an opportunity to do so which is different from that afforded others under the program (including the opportunity to participate in the program as an employee but only to the extent set forth in paragraph (c) of this section).

(2) A recipient, in determining the types of services, financial aid, or other

AR_0144

benefits, or facilities which will be provided under any such program, or the class of individuals to whom, or the situations in which, such services, financial aid, other benefits, or facilities will be provided under any such program, or the class of individuals to be afforded an opportunity to participate in any such program, may not directly or through contractual or other arrangements, utilize criteria or methods of administration which have the effect of subjecting individuals to discrimination because of their race, color, or national origin, or have the effect of defeating or substantially impairing accomplishment of the objectives of the program as respects individuals of a particular race, color, or national origin.

(3) In determining the site or location of facilities, a recipient or applicant may not make selections with the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this regulation applies, on the grounds of race, color, or national origin; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Act or this regulation.

(4) As used in this section, the services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any service, financial aid, or other benefit provided in or through a facility provided with the aid of Federal financial assistance.

(5) The enumeration of specific forms of prohibited discrimination in this paragraph and paragraph (c) of this section does not limit the generality of the prohibition in paragraph (a) of this section.

(6) This regulation does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving Federal financial assistance, on the grounds of race, color, or national origin. Where previous discriminatory practice or usage tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this regulation applies the applicant or recipient has an obligation to take reasonable action to remove or overcome the consequences of the prior discriminatory practice or usage, and to accomplish the purposes of the Act.

(c) *Employment practices.* (1) Where a primary objective of the Federal financial assistance to a program to which this part applies is to provide employment, a recipient may not directly or through contractual or other arrangements subject an individual to discrimination on the ground of race, color, or national origin in its employment practices under such program (including recruitment or recruitment advertising employment, layoff or termination, upgrad-

ing, demotion, or transfer, rates of pay or other forms of compensation and use of facilities), including programs where a primary objective of the Federal financial assistance is (1) to assist such individuals through employment to meet expenses incident to the commencement or continuation of their education or training or (ii) to provide work experience which contributes to the education or training of such individuals or (iii) to reduce the unemployment of such individuals or to help them through employment to meet subsistence needs.

(2) The requirements applicable to construction employment under any such program shall be those specified in or pursuant to Executive Order 11246 or any executive order which supersedes it.

(3) Where a primary objective of the Federal financial assistance is not to provide employment, but discrimination on the grounds of race, color, or national origin in the employment practices of the recipient or other persons subject to the regulation tends, on the grounds of race, color, or national origin, to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program to which this regulation applies, the provisions of the foregoing subparagraph and this paragraph (c) shall apply to the employment practices of the recipient or other persons subject to the regulation, to the extent necessary to assure equality of opportunity to and nondiscriminatory treatment of, beneficiaries.

(d) *Medical emergencies.* Notwithstanding the foregoing provisions of this section, a recipient of Federal financial assistance shall not be deemed to have failed to comply with paragraph (a) of this section if immediate provision of a service or other benefit to an individual is necessary to prevent his death or serious impairment of his health and such service or other benefit cannot be provided except by or through a medical institution which refuses or fails to comply with paragraph (a) of this section.

§ 1110.4 Assurances required.

(a) *General.* (1) Every application for Federal financial assistance to carry out a program to which this part applies, and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part. In the case where the Federal financial assistance is to provide or is in the form of personal property, or real property or interest therein or structures thereon, the assurance shall obligate the recipient, or, in the case of a subsequent transfer, the transferee, for the period during which the property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services and benefits, or for as long as the recipient retains ownership

or possession of the property, whichever is longer; and any other type or form of assistance, the assurances shall be in effect for the duration of the period during which Federal financial assistance is extended to the program. The responsible Endowment official shall specify the form of the foregoing assurances for each program and the extent to which like assurances will be required of subgrantees, contractors and subcontractors, successors in interest, and other participants in the program. Any such assurance shall include provisions which give the United States a right to seek its judicial enforcement.

(2) In the case of real property, structures or improvements thereon, or interests therein, which was acquired through a program of Federal financial assistance, or in the case where Federal financial assistance is provided in the form of a transfer of real property or interest therein from the Federal Government, the instrument effecting or recording the transfer, shall contain a covenant running with the land assuring nondiscrimination for the period during which the real property is used for a purpose for which the Federal financial assistance is extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property is involved, but property is improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. Where the property is obtained from the Federal Government, such covenant may also include a condition coupled with a right to be reserved by the Endowment to revert title to the property in the event of a breach of the covenant where, in the discretion of the responsible Endowment official, such a condition and right of reverter is appropriate to the program under which the real property is obtained and to the nature of the grant and the grantee. In the event a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Chairman of the Endowment concerned may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to forbear the exercise of such right to revert title for so long as the lien of such mortgage or other encumbrance remains effective.

(3) Transfers of surplus property are subject to regulations issued by the Administrator of the General Services Administration. (41 CFR 101-6.2)

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies shall as a condition to its approval and the extension of any Federal financial assistance pursuant to the application (1) contain or be accompanied by a statement that the program is (or, in the case of a new pro-

AR_0145

gram, will .be) conducted in compliance with all requirements imposed by or pursuant to this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the responsible Endowment official to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or pursuant to this part.

(c) *Elementary and secondary schools.* The requirements of paragraph (a) of this section with respect to any elementary or secondary school or school system shall be deemed to be satisfied if such school or school system (1) is subject to a final order of a court of the United States for the desegregation of such school or school system, and provides an assurance that it will comply with such order, including any future modification of such order,·or (2) submits a plan for the desegregation of such ·school or school system which the responsible official of the Department of Health, Education, and Welfare determines is adequate to accomplish the purposes of the Act and this part within the earliest practicable time and provides reasonable assurance that it will carry out such plan. In any case of continuing Federal financial assistance, the responsible official of the Department of Health, Education, and Welfare may reserve the right to redetermine, after such period as may be specified by him, the adequacy of the plan to accomplish the purposes of the Act and this part. In any case in which a final order of a court of the ·United States for the desegregation of such school or school system is entered after submission of such a plan, such plan shall be revised to conform to such·final order, including any future modification of such· order.

(d) *Assurances from institutions.* (1) In the case of any application for Federal financial assistance to an institution of higher education (including assistance for construction, for research, for a special training project, or for any other purpose), the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

(2) The assurance required with respect to an institution of higher education or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to ˏthe opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the responsible Endowment official, that the institution's practices in designated parts or programs of the institution will in no way affect its practices in the program of the institution for which Federal financial assistance is sought, or the beneficiaries of or participants in, such program. If in any such case the assistance sought is·for the construction of a

facility or. part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith.

§ 1110.5  *Illustrative applications.*

The following examples will illustrate the application of the foregoing provisions to some of the activities for which Federal financial assistance is provided by the Endowments. (In all cases the discrimination prohibited is discrimination on the ground of race, color, or national origin prohibited by title VI of the Act and this part, as a condition of the receipt of Federal financial assistance.)

(a) In a research, training, or other grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited, and the prohibition extends to the entire university, unless it satisfies the responsible Endowment official that practices with respect to other parts or programs of the university will not interfere, directly or indirectly, with fulfillment of the assurance required with respect to the graduate school.

(b) In cases of Federal financial assistance to elementary or secondary schools, discrimination by the recipient school district in any of its elementary or secondary schools, or by the recipient private institution, in the admission of students, or in the treatment of its students in any aspect of the educational process, is prohibited. In this and the following illustration the prohibition of discrimination in the treatment of students or other trainees includes the prohibition of discrimination among the students or trainees in the availability or use of any academic, dormitory, eating, recreational, or other facilities of the grantee or other recipient.

(c) In a training grant to a nonacademic institution, discrimination is prohibited in the selection of individuals to be trained and in their treatment by the grantee during their training. In a research or demonstration grant to such an institution, discrimination is prohibited with respect to any educational activity, any provision of medical or other services and any financial aid to individuals incident to the program.

(d) Where Federal financial assistance is provided to assist in the presentation of artistic and cultural productions to the public, assurances will be required that such productions will not be presented before any audience which has been selected on a discriminatory basis.

(e) A recipient may not take action that is calculated to bring about indirectly what this part forbids it to accomplish directly. Thus, a State, in selecting projects to be supported through a State agency, may not base its selections on criteria which have the effect of defeating or.substantially impairing accomplishment of the objectives of the Federal financial assistance as respects individuals of a particular race, color, or national origin.

(f) In some situations even though past discriminatory practices have been abandoned, the consequences of such practices continue to impede the full availability of a benefit. If the efforts required of the applicant or recipient under § 1110.6(d) to provide information as to the availability of the program or activity, and the rights of beneficiaries under this regulation, have failed to overcome these consequences, it will become necessary for such applicant or recipient to take additional steps to make the benefits fully available to racial and nationality groups previously subjected to discrimination. This action might take the form, for example of special arrangements for obtaining referrals or making selections which will insure that groups previously subjected to discrimination are adequately served.

(g) Even though an applicant or recipient has never used discriminatory policies, the services and benefits of the program or activity it administers may not in fact be equally available to some racial or nationality groups. In such circumstances an applicant or recipient may properly give special consideration to race, color, or national origin to make the benefits of its program more widely available to such groups, not then being adequately served. For example, where a university is not adequately serving members of a particular racial or nationality group, it may establish special recruitment policies to make its program better known and more readily available to such group, and take other steps to provide that group with more adequate service.

§ 1110.6  *Compliance information.*

(a) *Cooperation and assistance.* The responsible Endowment official shall, to the fullest extent practicable, seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Endowment official timely, complete and accurate compliance reports at such times, and in such form and containing such information, as the responsible Endowment official may determine to be necessary to enable him to ascertain whether the recipient has complied or is complying with this part. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient, such other recipient shall also submit such compliance reports to the primary recipient as may be necessary to enable the primary recipient to carry out its obligations under this part.

(c) *Access to sources of information.*-Each recipient shall permit access by the responsible Endowment official or his designee during normal business hours to such of its books, records, accounts, and other sources of information, and its facilities as may be pertinent to ascertain compliance with this part. Where

AR_0146

# RULES AND REGULATIONS

any information required of a recipient is in the exclusive possession of any other agency, institution or person and this agency, institution or person shall fail or refuse to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it has made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons such information regarding the provisions of this part and its applicability to the program under which the recipient receives Federal financial assistance, and make such information available to them in such manner, as the responsible Endowment official finds necessary to apprise such persons of the protections against discrimination assured them by the Act and this part.

§ 1110.7  Conduct of investigations.

(a) *Periodic compliance reviews.* The responsible Endowment official shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person who believes himself or any specific class of individuals to be subjected to discrimination prohibited by this part may by himself or by a representative file with the responsible Endowment official a written complaint. A complaint must be filed not later than ninety days from the date of the alleged discrimination, unless the time for filing is extended by the responsible Endowment official.

(c) *Investigations.* The responsible Endowment official will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation should include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination as to whether the recipient has failed to comply with this part.

(d) *Resolution of matters.* (1) If an investigation pursuant to paragraph (c) of this section indicates a failure to comply with this part, the responsible Endowment official will so inform the recipient and the matter will be resolved by informal means whenever possible. If it has been determined that the matter cannot be resolved by informal means, action will be taken as provided for in § 1110.8.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the responsible Endowment official will so inform the recipient and the complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made

a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.

§ 1110.8  Procedure for effecting compliance.

(a) *General.* If there appears to be a failure or threatened failure to comply with this part, and if the noncompliance or threatened noncompliance cannot be corrected by informal means, compliance with this part may be effected by the suspension or termination of or refusal to grant or to continue Federal financial assistance or by any other means authorized by law. Such other means may include, but are not limited to, (1) a reference to the Department of Justice with a recommendation that appropriate proceedings be brought to enforce any rights of the United States under any law of the United States (including other titles of the Act), or any assurance or other contractual undertaking, and (2) any applicable proceeding under State or local law.

(b) *Noncompliance with § 1110.4.* If an applicant fails or refuses to furnish an assurance required under § 1110.4 or otherwise fails to comply with that section, Federal financial assistance may be refused in accordance with the procedures of paragraph (c) of this section. The Endowment concerned shall not be required to provide assistance in such a case during the pendency of the administrative proceedings under such paragraph, except that such Endowment shall continue assistance during the pendency of such proceedings where such assistance is due and payable pursuant to an application therefor approved prior to the effective date of this part.

(c) *Termination of or refusal to grant or to continue Federal financial assistance.* No order suspending, terminating, or refusing to grant or continue Federal financial assistance shall become effective until (1) the responsible Endowment official has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means, (2) there has been an express finding on the record, after opportunity for hearings, of a failure by the applicant or recipient to comply with a requirement imposed by or pursuant to this part, (3) the action has been approved by the Chairman of the Endowment concerned, and (4) the expiration of 30 days after the Chairman has filed with the Committee of the House and the Committee of the Senate having legislative jurisdiction over the program involved, a full written report of the circumstances and the grounds for such action. Any action to suspend or terminate or to refuse to grant or to continue Federal financial assistance shall be limited to the particular political entity, or part thereof, or other applicant or recipient as to

whom such a finding has been made and shall be limited in its effect to the particular program, or part thereof, in which such noncompliance has been so found.

(d) *Other means authorized by law.* No action to effect compliance by any other means authorized by law shall be taken until (1) the responsible Endowment official has determined that compliance cannot be secured by voluntary means, (2) the recipient or other person has been notified of its failure to comply and of the action to be taken to effect compliance, and (3) the expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts shall be made to persuade the recipient or other person to comply with this part and to take such corrective action as may be appropriate.

§ 1110.9  Hearing.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 1110.8(c), reasonable notice shall be given by registered or certified mail, return receipt requested, to the affected applicant or recipient. This notice shall advise the applicant or recipient of the action proposed to be taken, the specific provision under which the proposed action against it is to be taken, and the matters of fact or law asserted as the basis for this action, and either:

(1) Fix a date not less than 20 days after the date of such notice within which the applicant or recipient may request of the responsible Endowment official that the matter be scheduled for hearing or

(2) Advise the applicant or recipient that the matter in question has been set down for hearing at a stated place and time. The time and place so fixed shall be reasonable and shall be subject to change for cause. The complainant, if any, shall be advised of the time and place of the hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right of a hearing under section 602 of the Act and § 1110.8(c) of this part and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Endowment concerned in Washington, D.C., at a time fixed by the responsible Endowment official unless he determines that the convenience of the applicant or recipient or of the Endowment requires that another place be selected. Hearings shall be held before the responsible Endowment official or, at his discretion, before a hearing examiner designated in accordance with section 11 of the Administrative Procedure Act.

(c) *Right to counsel.* In all proceedings under this section, the applicant or recipient and the Endowment shall have the right to be represented by counsel.

AR_0147

RULES AND REGULATIONS                                  17995

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554-557 (sections 5-8 of the Administrative Procedure Act), and in accordance with such rules of procedure as are proper (and not inconsistent with this section) relating to the conduct of the hearing, giving of notices subsequent to those provided for in paragraph (a) of this section, taking of testimony, exhibits, arguments and briefs, requests for findings, and other related matters. Both the Endowment and the applicant or recipient shall be entitled to introduce all relevant evidence on the issues as stated in the notice for hearing or as determined by the officer conducting the hearing at the outset of or during the hearing.

(2) Technical rules of evidence shall not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. The hearing officer may exclude irrelevant, immaterial, or unduly repetitious evidence. All documents and other evidence entered or taken for the record shall be open to examination by the parties and opportunity shall be given to refute facts and arguments advanced on either side of the issues. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute noncompliance with this Regulation with respect to two or more programs to which this part applies, or noncompliance with this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Chairman of the Endowment concerned may, by agreement with such other departments or agencies where applicable, provide for the conduct of consolidated or joint hearings and for the application to such hearings of rules or procedures not inconsistent with this part. Final decisions in such cases, insofar as this regulation is concerned, shall be made in accordance with § 1110.10.

§ 1110.10  Decisions and notices.

(a) *Decision by person other than the responsible Endowment official.* If the hearing is held by a hearing examiner such hearing examiner shall either make an initial decision, if so authorized, or certify the entire record including his recommended findings and proposed decision to the responsible Endowment official for a final decision, and a copy of such initial decision or certification shall be mailed to the applicant or recipient. Where the initial decision is made by the hearing examiner the applicant or recipient may within 30 days of the mailing of such notice of initial decision file with the responsible Endowment official

his exceptions to the initial decision, with his reasons therefor. In the absence of exceptions, the responsible Endowment official may on his own motion within 45 days after the initial decision serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of such notice of review the responsible Endowment official shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall constitute the final decision of the responsible Endowment official.

(b) *Decisions on record or review by the responsible Endowment official.* Whenever a record is certified to the responsible Endowment official for decision or he reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, or whenever the responsible Endowment official conducts the hearing, the applicant or recipient shall be given reasonable opportunity to file with him briefs or other written statements of its contentions, and a copy of the final decision of the responsible Endowment official shall be given in writing to the applicant or recipient and to the complainant if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 1110.9(a) a decision shall be made by the responsible Endowment official on the record and a copy of such decision shall be given in writing to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing officer or responsible Endowment official shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Chairman.* Any final decision of a responsible Endowment official (other than the Chairman) which provides for the suspension or termination of, or the refusal to grant or continue Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Chairman, who may approve such decision, may vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for suspension or termination of, or refusal to grant or continue Federal financial assistance, in whole or in part, under the program involved, and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purposes of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to be in default in its performance of an assurance given by it pursuant to this part, or to have otherwise failed to comply with this part, un-

less and until it corrects its noncompliance and satisfies the responsible Endowment official that it will fully comply with this part.

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance if it satisfies the terms and conditions of that order for such eligibility or if it brings itself into compliance with this regulation and provides reasonable assurance that it will fully comply with this regulation. (An elementary or secondary school or school system which is unable to file an assurance of compliance with § 1110.3 shall be restored to full eligibility to receive Federal financial assistance, if it files a court order or a plan for desegregation which meets the requirements of § 1110.4(c), and provides reasonable assurance that it will comply with this court order or plan.)

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the responsible Endowment official to restore fully its eligibility to receive Federal financial assistance. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (1) of this paragraph. If the responsible Endowment official determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the responsible Endowment official denies any such request, the applicant or recipient may submit a request for a hearing in writing, specifying why it believes such official to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record, in accordance with rules of procedure issued by the responsible Endowment official. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. While proceedings under this paragraph are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 1110.11  Judicial review.

Action taken pursuant to section 602 of the Act is subject to judicial review as provided in section 603 of the Act.

§ 1110.12  Effect on other regulations; forms and instructions.

(a) *Effects on other regulations.* Nothing in this part shall be deemed to supersede any of the following (including future amendments thereof): (1) Executive Orders 10925, 11114, and 11246, and regulations issued thereunder, or (2) Executive Order 11063 and regulations issued thereunder or any other regulations or instructions insofar as such order, regulations, or instructions prohibit discrimination on the grounds of race, color, or national origin in any program or situation to which this part is

AR_0148

inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* Each responsible Endowment official shall issue and promptly make available to interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* The Chairman of an Endowment may from time to time assign to other officials of the Endowment or to officials of other departments or agencies of the Government, with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part, including the achievement of effective coordination and maximum uniformity within the Endowment and within the executive branch of the Government in the application of title VI and this part of similar programs and in similar situations. Any action taken, determination made, or requirement imposed by an official of another department or agency acting pursuant to an assignment of responsibility under this subsection shall have the same effect as though such action had been taken by the responsible official of this agency.

§ 1110.13  Definitions.

As used in this part:

(a) The term "Foundation" means the National Foundation for the Arts and the Humanities, and includes the National Endowment for the Arts, the National Endowment for the Humanities, and each of their organizational units.

(b) The term "Endowment" means the National Endowment for the Arts or the National Endowment for the Humanities.

(c) The term "Chairman" means the Chairman of the National Endowment for the Arts or the Chairman of the National Endowment for the Humanities.

(d) The term "responsible Endowment official" with respect to any program receiving Federal financial assistance means the Chairman of any Endowment or other Endowment official designated by the Chairman.

(e) The term "United States" means the States of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and the territories and possessions of the United States, and the term "State" means any one of the foregoing.

(f) The term "Federal financial assistance" includes (1) grants and loans of Federal funds, (2) the grant or the donation of Federal property and interests in property, (3) the detail of Federal personnel, (4) the sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration or at a nominal consideration, or at a consideration which is reduced for the purpose of assisting the recipient, or in recognition of the public interest to be served by such

sale or lease to the recipient, and (5) any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(g) The term "program" includes any program, project, or activity involving the provision of services, financial aid, or other benefits to individuals (including education or training, health, housing, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities and cash or loan or other assistance to individuals), or for provision of facilities for furnishing services, financial aid or other benefits to individuals. The service, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(h) The term "facility" includes all or any portion of structures, equipment, or other real or personal property or interests therein, and the provision of facilities includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

(i) The term "recipient" means any State, political subdivision or any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization, or other entity or any individual, in any State, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assign, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(j) The term "primary recipients" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purposes of carrying out a program.

(k) The term "applicant" means one who submits an application, request, or plan required to be approved by a responsible Endowment official, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and the term "application" means such an application, request, or plan.

APPENDIX A

FEDERAL FINANCIAL ASSISTANCE TO WHICH THIS PART APPLIES

1. Assistance to groups for projects and productions in the arts.
2. Surveys, research and planning in the arts.

3. Assistance to State arts agencies for projects and productions in the arts.
4. Support of research in the humanities.
5. Support of educational programs in the humanities, including the training of students and teachers.
6. Assistance to promote the interchange of information in the humanities.
7. Assistance to foster public understanding and appreciation of the humanities.
8. Support of the publication of scholarly works in the humanities.

Dated June 12, 1972.

NANCY HANKS,
*Chairman,*
*National Endowment for the Arts.*

RONALD S. BERMAN,
*Chairman, National*
*Endowment for the Humanities.*

[FR Doc.73-13302 Filed 7-3-73;8:45 am]

## Title 49—Transportation

SUBTITLE A—OFFICE OF THE SECRETARY OF TRANSPORTATION

[Docket No. 18; Notice 72-2]

PART 21—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF TRANSPORTATION—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Miscellaneous Amendments

On July 19, 1972, a notice of proposed rulemaking was published in the FEDERAL REGISTER (37 FR 14320) to amend Part 21 of the Regulations of the Office of the Secretary (49 CFR Part 21)—Nondiscrimination in Federally-Assisted Programs of the Department of Transportation.

All interested parties were invited to give their views on the proposed amendment. None of the comments received provided a basis for change in the proposed amendment. The purpose of the amendment is as follows:

*Planning or Advisory Board Membership.* Although existing § 21.5(b)(vi) contains a prohibition against discriminatory denial of the "opportunity to participate in the program through the provision of services or otherwise * * *", the existing regulations did not specifically deal with the matter of planning or advisory board membership. Considering the broad purpose of Title VI of the Civil Rights Act of 1964, the Department of Transportation believes that membership on such boards is an aspect of "participation in the program" within the meaning of section 601 of the Act (42 U.S.C. 2000d). To make it clear that such discrimination is prohibited, the Department is adding a specific reference to planning, advisory, and similar bodies to the other activities listed in § 21.5(b).

The provision applies only to the extent that the "recipient" has control over board membership. It is applicable, for example, where the members are appointed by the recipient. Where the board is elected and the election procedures are determined by the recipient, such procedure is to be nondiscriminatory. The term "integral part" is used in order to make it clear that regulations are inapplicable to boards related only

AR_0149

RULES AND REGULATIONS

17997

tangentially or indirectly to a Federally assisted program.

*Affirmative action to correct and prevent prohibited discrimination.* Existing § 21.5(b) (7) provides that consideration of race, color, or national origin are not prohibited if the purpose and effect is to remove or overcome the detrimental results of discrimination. That provision also places on the recipient of Federal assistance an "obligation to take reasonable action to remove or overcome the consequences of prior discriminatory practice or usage and to accomplish the purposes of the Act". The Department's amendment to the second sentence in § 21.5(b) (7) is to make it clear that the recipient (1) must take affirmative action to overcome the effects of prior discriminatory practice or usage, and (2) is expected to take affirmative action to assure that no person is excluded from participation in or denied the benefits of the recipient's Federally assisted programs on the ground of race, color, or national origin.

*Collection of racial data.* Existing § 21.9(b) states that recipients shall keep such records and submit such reports as the Secretary determines are necessary. While this provision furnishes a basis for requiring data on the race and national origin of persons affected by Federally assisted programs, it contains no explicit reference to such data. Experience has shown that, with respect to most Federally assisted programs, racial data is an essential element in implementing Title VI of the Civil Rights Act of 1964. In view of the importance of such data, the Department is adding an express reference to it in § 21.9(b).

Time for filing complaints. Existing provisions of § 21.11(b) regarding the filing of complaints of alleged discrimination state that a complaint must be filed "not later than 90 days after the date of the alleged discrimination, unless the time for filing is extended by the Secretary".

To make this time period consistent with that allowed under other civil rights laws,[1] the Department is changing this time limit from 90 to 180 days.

In consideration of the foregoing, effective July 5, 1973, 49 CFR Part 21 is amended as follows:

1. Section 21.5(b) is amended by:

(1) Striking out the word "or" at the end of subparagraph (1) (v);

(2) Striking out the period at the end of subparagraph (1) (vi) and substituting a semicolon and the word "or"; and

(3) Adding a new subparagraph (1) (vii) at the end thereof, to read as set forth below.

(4) Adding a new subparagraph (7) to read as set forth below.

§ 21.5   Discrimination prohibited.

*       *       *       *       *

(b) Specific discriminatory actions prohibited:

(1) * * *

(vii) Deny a person the opportunity to participate as a member of a planning, advisory, or similar body which is an integral part of the program.

*       *       *       *       *

(7) This part does not prohibit the consideration of race, color, or national origin if the purpose and effect are to remove or overcome the consequences of practices or impediments which have restricted the availability of, or participation in, the program or activity receiving

Federal financial assistance, on the grounds of race, color, or national origin. Where prior discriminatory practice or usage tends, on the grounds of race, color, or national origin to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies, the applicant or recipient must take affirmative action to remove or overcome the effects of the prior discriminatory practice or usage. Even in the absence of prior discriminatory practice or usage, a recipient in administering a program or activity to which this part applies, is expected to take affirmative action to assure that no person is excluded from participation in or denied the benefits of the program or activity on the grounds of race, color, or national origin.

*       *       *       *       *

3. Section 21.9(b) is amended by adding the following new sentence at the end thereof:

§ 21.9   Compliance information.

*       *       *       *       *

(b) *Compliance reports.* * * * In general, recipients should have available for the Secretary racial and ethnic data showing the extent to which members of minority groups are beneficiaries of programs receiving Federal financial assistance.

§ 25.11   [Amended]

4. Section 21.11(b) is amended by substituting "180 days" for "90 days".

(Sec. 602; Civil Rights Act of 1964, 42 U.S.C. 2000d-1)

Issued in Washington, D.C., on September 21, 1972.

JOHN A. VOLPE,
*Secretary of Transportation.*

[FR Doc. 73-13291 Filed 7-3-73; 8:45 am]

---

[1] See section 706(e) of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C.A. 2000e–5(e); section 810(b) of Title VIII of the Civil Rights Act of 1968, 42 U.S.C. 3610(b); and the regulations of the Office of Federal Contract Compliance, 41 CFR 60-1.21.

AR_0150



Wednesday,
December 6, 2000

# Part V

# Nondiscrimination on the Basis of Race, Color, National Origin, Handicap, or Age in Programs or Activities Receiving Federal Financial Assistance; Proposed Rule

**Department of Agriculture**
**Nuclear Regulatory Commission**
**Department of Energy**
**Small Business Administration**
**National Aeronautics and Space Administration**
**Department of Commerce**
**Tennessee Valley Authority**
**Department of State**
**Agency for International Development**
**Department of Justice**
**Department of Labor**
**Department of Veterans Affairs**
**Environmental Protection Agency**
**General Services Administration**
**Department of the Interior**
**Federal Emergency Management Agency**
**National Science Foundation**
**National Foundation on the Arts and the Humanities**
**National Endowment for the Arts**
**National Endowment for the Humanities**
**Institute of Museum and Library Services**
**Corporation for National and Community Service**
**Department of Transportation**

**76460**    **Federal Register** / Vol. 65, No. 235 / Wednesday, December 6, 2000 / Proposed Rules

**DEPARTMENT OF AGRICULTURE**

**7 CFR Parts 15, 15b**
RIN 0566–AB78

**NUCLEAR REGULATORY COMMISSION**

**10 CFR Part 4**
RIN 3130–AG65

**DEPARTMENT OF ENERGY**

**10 CFR Part 1040**
RIN 1901–AA86

**SMALL BUSINESS ADMINISTRATION**

**13 CFR Parts 112, 117**
RIN 3245–AE58

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION**

**14 CFR Parts 1250, 1251, 1252**
RIN 2700–AC41

**DEPARTMENT OF COMMERCE**

**15 CFR Parts 8, 8b, 20**
RIN 0690–AA30

**TENNESSEE VALLEY AUTHORITY**

**18 CFR Parts 1302, 1307, 1309**
RIN 3316–AA20

**DEPARTMENT OF STATE**

**22 CFR Parts 141, 142, 143**
RIN 1400–AB17

**AGENCY FOR INTERNATIONAL DEVELOPMENT**

**22 CFR Parts 209, 217, 218**
RIN 0412–AA45

**DEPARTMENT OF JUSTICE**

**28 CFR Part 42**
RIN 1190–AA49

**DEPARTMENT OF LABOR**

**29 CFR Parts 31, 32**
RIN 1291–AA31

**DEPARTMENT OF VETERANS AFFAIRS**

**38 CFR Part 18**
RIN 2900–AK13

**ENVIRONMENTAL PROTECTION AGENCY**

**40 CFR Part 7**
RIN 2020–AA43

**GENERAL SERVICES ADMINISTRATION**

**41 CFR Parts 101–6, 101–8**
RIN 3090–AH33

**DEPARTMENT OF THE INTERIOR**

**43 CFR Part 17**
RIN 1090–AA77

**FEDERAL EMERGENCY MANAGEMENT AGENCY**

**44 CFR Part 7**
RIN 3067–AD14

**NATIONAL SCIENCE FOUNDATION**

**45 CFR Parts 605, 611, 617**
RIN 3145–AA38

**NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES**

**National Endowment for the Arts**

**45 CFR Parts 1110, 1151, 1156**
RIN 3135–AA17

**NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES**

**National Endowment for the Humanities**

**45 CFR Parts 1110, 1170**
RIN 3136–AA24

**NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES**

**Institute of Museum and Library Services**

**45 CFR Part 1110**
RIN 3137–AA11

**CORPORATION FOR NATIONAL AND COMMUNITY SERVICE**

**45 CFR Parts 1203, 1232**
RIN 3045–AA29

**DEPARTMENT OF TRANSPORTATION**

**49 CFR Parts 21, 27**
RIN 2105–AC96

**Nondiscrimination on the Basis of Race, Color, or National Origin in Programs or Activities Receiving Federal Financial Assistance; Nondiscrimination on the Basis of Handicap in Programs or Activities Receiving Federal Financial Assistance; Nondiscrimination on the Basis of Age in Programs or Activities Receiving Federal Financial Assistance**

**AGENCIES:** Department of Agriculture; Nuclear Regulatory Commission; Department of Energy; Small Business Administration; National Aeronautics and Space Administration; Department of Commerce; Tennessee Valley Authority; Department of State; Agency for International Development; Department of Justice; Department of Labor; Department of Veterans Affairs; Environmental Protection Agency; General Services Administration; Department of the Interior; Federal Emergency Management Agency; National Science Foundation; National Endowment for the Arts, National Endowment for the Humanities, Institute of Museum and Library Services, National Foundation on the Arts and the Humanities; Corporation for National and Community Service; Department of Transportation (collectively, "the Agencies").

**ACTION:** Joint notice of proposed rulemaking.

**SUMMARY:** The Agencies propose to amend their regulations implementing Title VI of the Civil Rights Act of 1964 ("Title VI"), Section 504 of the Rehabilitation Act of 1972 ("Section 504"), and the Age Discrimination Act of 1975 ("Age Discrimination Act"). Together, these statutes prohibit discrimination on the basis of race, color, national origin, disability, and age in programs or activities that receive Federal financial assistance. In 1988, the Civil Rights Restoration Act ("CRRA") added definitions of "program or activity" and "program" to Title VI and added a definition of "program or activity" to Section 504 and the Age Discrimination Act. The added definitions were designed to clarify the broad scope of coverage of recipients' programs or activities under these statutes. This proposed regulation incorporates the CRRA's definition of "program or activity" and "program" into Title VI, Section 504, and Age Discrimination Act regulations of the Agencies, and promotes consistent and adequate enforcement of these statutes by the Agencies.

**DATES:** We must receive your comments on or before January 5, 2001.

**ADDRESSES:** Address all comments about these proposed regulations to Merrily A. Friedlander, Chief, Coordination and Review Section, Civil Rights Division, U.S. Department of Justice, P.O. Box 66560, Washington, D.C. 20035–6560, facsimile (202) 307–0595.

**FOR FURTHER INFORMATION CONTACT:** Merrily A. Friedlander, Chief, Coordination and Review Section, Civil Rights Division, U.S. Department of Justice, (202) 307–2222 voice, (202) 307–2678 TTY, (202) 307–0595 fax.

Individuals with disabilities may obtain this document in an alternative format (e.g., Braille, large print, audiotape, or computer diskette) on request to the contact person listed in the preceding paragraph.

**SUPPLEMENTARY INFORMATION:**

**Invitation To Comment**

We invite you to submit comments regarding these proposed regulations. To ensure that your comments have maximum effect in developing the final regulations, we urge you to identify clearly the specific section or sections of the proposed regulations that each of your comments addresses and to arrange your comments in the same order as the proposed regulations.

We invite you to assist us in complying with the specific requirements of Executive Order 12866 ("Regulatory Planning and Review") and its overall requirement of reducing regulatory burdens that might result from these proposed regulations. Please

let us know of any further opportunities we should take to reduce potential costs or increase potential benefits while preserving the effective and efficient administration of these Federal civil rights requirements.

During and after the comment period, you may inspect all public comments about these proposed regulations at the Coordination and Review Section, 1425 New York Avenue NW., Washington, DC, between the hours of 8:30 a.m. and 4:00 p.m., Eastern time, Monday through Friday of each week except Federal holidays.

## Assistance to Individuals With Disabilities in Reviewing the Rulemaking Record

On request, we will supply an appropriate aid, such as a reader or print magnifier, to an individual with a disability who needs assistance to review the comments or other documents in the public rulemaking record for these proposed regulations. If you want to schedule an appointment for this type of aid, you may call (202) 307–2222 voice or (202) 307–2678 TTY.

## Overview

The Agencies propose to amend their civil rights regulations to conform to provisions of the Civil Rights Restoration Act of 1987 ("CRRA"), Pub. L. 100–259, regarding the scope of coverage under civil rights statutes they administer. These statutes include Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000d, *et seq.* ("Title VI"); Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("Section 504"); and the Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101, *et seq.* ("Age Discrimination Act"). Title VI prohibits discrimination on the basis of race, color, and national origin in all programs or activities that receive Federal financial assistance; Section 504 prohibits discrimination on the basis of disability in all programs or activities that receive Federal financial assistance; and the Age Discrimination Act prohibits discrimination on the basis of age in all programs or activities that receive Federal financial assistance. (Note that the CRRA does not affect coverage under federal employment nondiscrimination statutes, such as Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act, and the Age Discrimination in Employment Act.)

## Background Information

The principal proposed conforming change is to amend each of these regulations to add a definition of "program or activity" or "program" that reflects the statutory definition of "program or activity" or "program" enacted as part of the CRRA. We believe that adding this statutory definition to the regulatory language is the best way to avoid confusion on the part of beneficiaries, recipients, government entities, and other interested parties about the scope of civil rights coverage. This proposal also conforms to a final rule under Title IX of the Education Amendments of 1972, as amended, to establish common regulations for 21 Federal agencies published on August 30, 2000. 65 Fed. Reg. 52857. That common rule incorporated the statutory definitions of "program or activity" and "program" enacted as part of the CRRA.

When originally issued and implemented, the Agencies' civil rights regulations were interpreted by the Agencies to mean that acceptance of Federal assistance by a recipient resulted in broad coverage of an entity. The Supreme Court, however, interpreted "program or activity" in restrictive terms. *Grove City College* v. *Bell*, 465 U.S. 555, 570–74 (1984). The Court concluded in *Grove City College* that Federal student financial assistance provided to a college established jurisdiction under Title IX only over the college's financial aid program, not the entire college. Since Title IX was patterned after Title VI, this interpretation significantly narrowed the prohibitions of Title VI and two other statutes based on it: the Age Discrimination Act and Section 504. See S. Rep. No. 100–64, at 2–3, 11–16, *reprinted in* 1988 U.S.C.C.A.N. at 3–5, 13–18. Following the Supreme Court's decision in *Grove City*, the Agencies changed their interpretation, but not the language, of the governing regulations to be consistent with the Court's restrictive, program-specific definition of "program or activity."

In 1988, Congress enacted the CRRA to restore the prior consistent and long-standing executive branch interpretation and "broad, institution-wide application" of those laws as previously administered. S. Rep. No. 100–64, at 4, *reprinted in* 1988 U.S.C.C.A.N. at 6. Congress enacted the CRRA in order to remedy what it perceived to be a serious narrowing by the Supreme Court of a longstanding administrative interpretation of the coverage of these laws. At that time, the Agencies reinstated their broad interpretation to be consistent with the CRRA, again without changing the language of the regulations. To the extent there was any inconsistency between the language of the regulations and the language of the CRRA, it was and remains the Agencies'

interpretation that the CRRA superseded the regulations and, therefore, the regulations must be read in conformity with the CRRA. This interpretation was consistent with the understanding of Congress as expressed in the legislative history of the CRRA that the statutory definition of "program or activity" would take effect immediately without the need for Federal agencies to amend their existing regulations. S. Rep. No. 100–64, at 32, *reprinted in* 1988 U.S.C.C.A.N. at 34.

The proposed regulatory changes set out in this notice are designed to address an issue recently raised in the Third Circuit Court of Appeals in *Cureton* v. *NCAA*, 198 F.3d 107 (3d Cir. 1999). The Third Circuit determined that, because the Departments of Health and Human Services and Education did not amend their Title VI regulations after the enactment of the CRRA, application of the Departments' Title VI regulations to disparate impact discrimination claims is "program specific" (*i.e.*, limited to the particular program receiving Federal financial assistance), rather than institution-wide (*i.e.*, applicable to all of the operations of the institution regardless of the use of the Federal funds). *See id.* at 114–16. As noted above, however, the Agencies have, since the passage of the CRRA, consistently interpreted the coverage of their Title VI regulations to reach those programs that fall within the broad statutory definition of "program or activity." The *Cureton* decision would thwart clearly expressed congressional intent by giving continued effect to a judicial interpretation that Congress intended to override. In any event, the proposed regulatory changes would address the concerns raised by the Third Circuit in that the regulations would track the CRRA's statutory language and apply to both disparate impact and disparate treatment forms of discrimination. ("Disparate treatment," *i.e.*, intentional discrimination, refers to policies or practices that treat individuals differently based on their race, color, national origin, disability, or age, as applicable. Discrimination that involves such disparate treatment is barred by the civil rights statutes and regulations. "Disparate impact" refers to criteria or methods of administration that have a significant adverse effect on individuals based on race, color, national origin, disability, or age, as applicable. Such criteria or practices constitute impermissible discrimination if there is no substantial legitimate justification for those criteria or practices. However, even where such a justification exists, if there is an equally

effective but less discriminatory alternative, that alternative must be adopted.)

Pursuant to Executive Order 12250 ("Leadership and Coordination of Nondiscrimination Laws"), the Department of Justice ("DOJ") requested that the Agencies jointly issue amendments to their regulations implementing Title VI, Section 504, and the Age Discrimination Act to incorporate the CRRA definitions of "program" and "program or activity." The two federal agencies implicated in the *Cureton* decision—the Department of Education ("ED") and the Department of Health and Human Services ("HHS")—are promulgating separate rules to incorporate the CRRA's expanded definition of "program or activity" in their regulations. DOJ is participating in and coordinating the promulgation of amendments to 22 other agencies' Title VI, Section 504, and Age Discrimination Act regulations. Again, while DOJ views these modifications to be merely technical in nature, public comments are invited on these modifications. These proposed changes are summarized in the sections below.

**Definition of "Program or Activity" and "Program"**

The statutory definition, which is being incorporated into the regulations, addresses the scope of coverage for four broad categories of recipients: (1) State or local governmental entities; (2) colleges, universities, other postsecondary educational institutions, public systems of higher education, local educational agencies, systems of vocational education, and other school systems; (3) private entities, such as corporations, partnerships, and sole proprietorships; and (4) entities that are a combination of any of those groups. *See* 42 U.S.C. 2000d–4a.

Under the first part of the definition, when State and local governmental entities receive financial assistance from a Federal agency, the "program or activity" or "program" in which discrimination is prohibited includes all of the operations of any State or local department or agency to which the Federal assistance is extended. If, for example, a State or local agency receives Federal assistance for one of many functions of the agency, all of the operations of the entire agency are subject to the nondiscrimination provisions of these regulations. Furthermore, if the aid is given to an entity or unit of government that subsequently distributes the assistance to a second agency, the entire entity to which the assistance was initially given

is subject to the regulations. *See* 42 U.S.C. 2000d–4a(1); S. Rep. No. 100–64, at 16, reprinted in 1988 U.S.C.C.A.N. at 18.

Under the second portion of the definition of "program or activity," when covered educational institutions receive Federal financial assistance, all of their operations are subject to the nondiscrimination requirements of the funding agency's regulations. *See* 42 U.S.C. 2000d–4a(2).

Under the third part of the definition, the degree of coverage of private entities, such as private corporations and partnerships, will vary depending on how the funding is provided, the principal purpose or objective of the entity, or how the entity is structured (*e.g.,* physically separate offices or plants). Each of the operations of private businesses that are principally engaged in education, health care, housing, social services, or parks and recreation is considered a "program or activity" for purposes of these regulations. *See* 42 U.S.C. 2000d–4a(3)(A)(ii). S. Rep. No. 100–64 provides numerous other examples of the scope of coverage with regard to each category of recipient, and readers are referred to this material. S. Rep. No. 100–64, at 16–20, *reprinted in* 1988 U.S.C.C.A.N. at 19–21. In addition, if Federal financial assistance is extended to a private entity "as a whole" and the private entity is not principally engaged in the business of education, health care, housing, social services, or parks and recreation, all of the private entity's operations at all of its locations would be covered. If the private entity receives general assistance, that is, assistance that is not designated for a particular purpose, that would be considered Federal financial assistance to the private entity "as a whole." In other instances where financial assistance is extended directly to a geographically separate facility of an entity described in the third part of this definition, then coverage would be limited to the geographically separate facility that receives the assistance. *See* 42 U.S.C. 2000d–4a(3).

Under the fourth part of the definition, if an entity of a type not already covered by one of the first three parts of the definition is established by two or more of the entities listed under the first three parts of the definition, then all of the operations of that new entity are covered. *See* 42 U.S.C. 2000d–4a(4).

The proposed amendments will incorporate the CRRA definition of "program or activity" and "program" into the agencies' regulations. When Congress amended Title VI in the CRRA, it added definitions of both "program or

activity" and "program" to the statute. Therefore, we have proposed to amend each agency's Title VI regulations to incorporate the definition of both "program or activity" and "program." However, when Congress amended Section 504 and the Age Discrimination Act in the CRRA, it added a definition of the term "program or activity," but did not add a similar definition of the term "program." Thus, we have amended the agencies' Section 504 and Age Discrimination Act regulations to incorporate a new definition of "program or activity" only.

As explained below, in order to conform with the CRRA definitions of "program or activity" and "program," the proposed regulations also would modify or delete some existing sections of the Agencies' regulations that have become superfluous or incorrect following enactment of the CRRA. These proposed modifications would not change the requirements of the existing regulations.

It is important to note that the proposed changes would not in any way alter the requirement of the CRRA that a fund termination be limited to the particular programs "or part[s] thereof" that discriminate, or, as appropriate, to all of the programs that are infected by the discriminatory practices. *See* S. Rep. No. 100–64, at 20, *reprinted in* 1988 U.S.C.C.A.N. at 22 ("The [CRRA] defines 'program' in the same manner as 'program or activity,' and leaves intact the 'or part thereof' pinpointing language.").

**Assurances**

Several agencies' Title VI regulations include an assurance requirement that has created confusion with regard to the scope of "program or activity" under these regulations. In general, these assurances, which are legal agreements between the government and recipients of Federal financial assistance, are designed to ensure that recipients of Federal financial assistance comply with nondiscrimination laws and do not discriminate in their programs or activities. However, some agencies have assurance provisions that are confusing in light of the CRRA because they incorrectly state that, in some circumstances, certain parts of a program will not be covered by civil rights laws. For example, DOJ's assurance provision, which is very similar to the corresponding assurance requirements in other agencies' Title VI regulations, provides in part: "[t]he assurance * * * shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the responsible Department official,

that the practices in designated parts or programs of the institution * * * will in no way affect its practices in the program of the institution * * * for which Federal financial assistance is sought. * * *'' 28 CFR 42.105(c)(2). In order to avoid any further confusion, the proposed rule would delete the above provision and similar provisions in the regulations of other agencies that incorrectly suggest that some parts of a program will not be covered under certain circumstances. This change will ensure that agency regulations reflect the broad scope of coverage of a program or activity that was contemplated by the CRRA.

Several Federal agencies' Title VI regulations provide illustrative examples or applications that refer to the waiver language contained in the assurance provision. Because the waiver language in relevant assurance provisions should be deleted, similar language and references in illustrative applications and examples also should be deleted. These proposed deletions would not affect the reach of the statutes or regulations.

## Other References to ''Program'' and ''Program or Activity''

We are also proposing to delete references to ''program'' and ''program or activity'' in the existing regulations that do not conform to the broadened CRRA definition of ''program'' and ''program or activity.'' For example, in some instances, we have proposed to substitute ''Federal financial assistance'' for ''program'' or ''program or activity'' where the phrase refers to Federal financial assistance. In other instances, we have proposed to substitute the phrase ''aid, benefit, or service'' if that is the intended meaning. We have also proposed revisions when the terms ''program'' and ''program or activity'' are used too narrowly, *i.e.,* when they are used to indicate only a specific portion of a program that directly receives assistance. The nomenclature tables, which are charts designed to provide an easy method for viewing the words to be removed or replaced, show these proposed conforming changes for each agency. In some instances, we would change the phrase ''program *and* activity'' to ''program *or* activity'' to conform the regulations to the term as defined in the CRRA. We have not proposed to modify the term ''activity'' when it appears separately from the phrase ''program or activity'' and is used in a manner unrelated to the CRRA phrase ''program or activity.''

Although we have generally proposed to delete all references to ''program'' and ''program or activity'' where such references do not conform to the CRRA, we have not done so when the regulation is merely copying statutory language. For example, the regulations for some agencies contain a compliance provision that requires the agency to report any order for fund termination to the congressional committee with jurisdiction over the ''program'' involved. In this case, the term ''program'' clearly refers to the Federal financial assistance, but we have not proposed to replace the word because the copied statutory language itself uses the term ''program.''

In other instances in which the term ''program'' is used in a manner inconsistent with the CRRA, we have proposed to capitalize the word in order to distinguish it from the term defined by the CRRA. For example, we have proposed to capitalize certain terms of art (*e.g.,* ''Historic Preservation Program,'' ''Individualized Education Program'') or names of types of Federal financial assistance (*e.g.,* ''School Lunch Program'') to avoid confusion.

## Other Conforming Changes

Other proposed changes include modifications to some agencies' definition of ''recipient.'' A few agencies define this term to include an entity that ''benefits from'' Federal financial assistance. Likewise, many agencies' Section 504 and Age Discrimination Act regulations use the phrase ''receives or benefits from Federal financial assistance.'' The phrase ''or benefits from'' in this context should be deleted as it is superfluous in light of the CRRA.

Because the proposed changes are limited to those that are related to the CRRA definition of ''program'' and ''program or activity,'' we are not proposing to make additional technical corrections unless the provision is already subject to a CRRA-related change. Likewise, we do not propose to make other technical corrections to outdated agency or office names, with one notable exception. Since the regulations for the Department of Energy require that age discrimination complaints be filed with a specific office, we have updated the regulations to reflect the new name of that office, thereby reducing confusion for individual complainants.

Although we did not propose to amend the content of the Agencies' appendices, the headings and introductory text describing the content were amended to conform with the CRRA. Additional conforming changes to the body of the various agency appendices will be published in the **Federal Register** in a separate document at a later date.

## Period for Public Comment

Because these proposed changes merely incorporate statutory language and do not alter the Agencies' consistent position that the regulations must be read in conformity with the CRRA, the Agencies view these proposed changes as technical in nature. However, the Agencies are inviting public comment on the proposed changes, consistent with their policy of involving interested members of the public in the rulemaking process. We have decided to use a 30-day comment period because we do not anticipate receiving a large volume of comments on the limited technical changes in this proposed rule.

## Coordination With the Department of Education

The Department of Education (''ED'')—one of two agencies that were implicated in the *Cureton* decision and that have decided to promulgate separate rules to incorporate the CRRA's expanded definition of ''program or activity'' in their regulations—published its proposed rule on May 5, 2000, at 65 FR 26464. Among other modifications, ED's proposed amendments contain several conforming changes to the following three subparts of its Section 504 regulations: (1) Preschool, Elementary, and Secondary Education; (2) Postsecondary Education; and (3) Health, Welfare, and Social Services.

Eight other Federal agencies have Section 504 regulations containing sections similar to all or a portion of the provisions in the above three subparts. Because we believe that it is particularly important to maintain consistency among Federal agencies with respect to these subparts, we have, with a few minor exceptions, followed ED's lead when amending these sections for the other eight agencies—Department of Agriculture, Department of Commerce, Department of Interior, Department of State, Department of Veterans Affairs, Agency for International Development, National Endowment for the Humanities, and National Science Foundation—that have similar regulations.

## Differences Among Agencies

Some agencies lack regulations implementing Section 504 or the Age Discrimination Act. In accordance with the limited scope of this proposed regulation, we have not proposed to add Section 504 or Age Discrimination Act sections to agencies that lack such regulations. Outlined below are the agencies that do not have such implementing regulations, as well as agencies that have comprehensive rules

implementing several statutes in one set of regulations or that follow the regulations of another Federal agency.

Agencies that do not have regulations implementing the Age Discrimination Act and, therefore, are amending only their regulations implementing Title VI and Section 504 are: the Department of Agriculture, the Department of Labor, the Department of Defense, the Environmental Protection Agency, and the Department of Transportation. The Federal Emergency Management Agency ("FEMA") does not have regulations applying Section 504 to recipients of Federal financial assistance but, instead, operates in accordance with Section 504 regulations developed by HHS. Therefore, FEMA will amend only its regulations implementing Title VI and the Age Discrimination Act. Likewise, the Small Business Administration does not have regulations applying Section 504 to recipients of Federal financial assistance and, therefore, will only be amending its Title VI and Age Discrimination Act regulations.

In addition, the Corporation for National and Community Service ("the Corporation") lacks regulations applying the Age Discrimination Act, Title VI, and Section 504 to recipients of Federal financial assistance. Instead, the Corporation, which is the successor of ACTION, operates in accordance with Title VI and Section 504 regulations promulgated by ACTION and will amend only those regulations. Similarly, the National Endowment for the Arts, the National Endowment for the Humanities ("NEH"), and the Institute of Museum and Library Services ("IMLS"), which together constitute the National Foundation on the Arts and the Humanities ("NFAH"), operate in accordance with Title VI regulations developed jointly by these three agencies and thus are amending their Title VI regulations jointly. However, NEA is separately amending its Section 504 and Age Discrimination Act regulations, while NEH, which lacks an Age Discrimination Act regulation, is amending its Section 504 regulation only. IMLS, which operates in accordance with NEH's Section 504 regulations and does not have regulations implementing the Age Discrimination Act, is not issuing any separate amendments.

**Applicable Executive Orders and Regulatory Certifications Executive Order 12067**

These proposed conforming changes have been reviewed by the Equal Employment Opportunity Commission pursuant to Executive Order 12067.

**Executive Order 12250**

These proposed conforming changes to the Title VI and Section 504 regulations have been reviewed and approved by the Attorney General pursuant to Executive Order 12250.

**Executive Order 12866**

These proposed conforming changes have been drafted and reviewed in accordance with section 1(b) of Executive Order 12866. This regulation is not a significant regulatory action under section 3(f)(4) of Executive Order 12866.

*1. Potential Costs and Benefits*

Under Executive Order 12866, the Agencies have assessed the potential costs and benefits of this regulatory action. The potential costs associated with the proposed regulations are those resulting from statutory requirements and those that the Agencies have determined are necessary for administering these Federal financial assistance statutes effectively and efficiently. In assessing the potential costs and benefits—both quantitative and qualitative—of this regulatory action, the Agencies have determined that there probably will be no cost impacts because this regulatory action, which implements congressional amendments, merely clarifies longstanding policy of the Agencies and does not change the Agencies' practices in addressing issues of discrimination.

The Agencies have also determined that this regulatory action would not unduly interfere with State, local, and tribal governments in the exercise of their governmental functions.

*2. Clarity of the Regulations*

Executive Order 12866 and the President's Memorandum of June 1, 1998, on "Plain Language in Government Writing" require each agency to write regulations that are easy to understand. The Agencies invite comments on how to make these proposed regulations easier to understand, including answers to questions such as the following:

• Are the requirements in the proposed regulations clearly stated?

• Do the proposed regulations contain technical terms or other wording that interferes with their clarity?

• Does the format of the proposed regulations (grouping and order of sections, use of a nomenclature table) aid or reduce their clarity?

• Could the description of the proposed regulations in the **SUMMARY** section of this preamble be more helpful in making the proposed regulations easier to understand? If so, how?

• What else could we do to make the proposed regulations easier to understand?

Send any comments that concern how the Agencies could make these proposed regulations easier to understand to the person listed in the **ADDRESSES** section of the preamble.

**Age Discrimination Act of 1975**

The Age Discrimination Act of 1975 and the Department of Health and Human Services' ("HHS") general, government-wide implementing regulations give the Secretary of HHS the authority to review changes to the Age Discrimination Act regulations of federal agencies. This authority has been delegated to the Office for Civil Rights ("OCR"), which has reviewed and approved these proposed conforming changes.

**Small Business Regulatory Enforcement Fairness Act of 1996**

It has been determined that this rule is not a major rule as defined by the Small Business Regulatory Enforcement Fairness Act of 1996, 5 U.S.C. 804. This rule will not result in an annual effect on the economy of $100 million or more; a major increase in costs or prices; or significant adverse effects on competition, employment, investment, productivity, innovation, or on the ability of United States-based companies to compete with foreign-based companies in domestic and export markets.

All recipients of Federal funding have been bound by these standards of liability since the passage of the CRRA, when the Agencies reinstated their broad interpretation of the terms "program or activity" and "program" and applied these regulations on an institution-wide basis without changing the language of the regulations. The joint rule merely makes the regulations track the statutory language of the CRRA, both for disparate impact and disparate treatment forms of discrimination. These regulations implement statutory amendments and longstanding agency policy.

**Unfunded Mandates Reform Act of 1995**

The Unfunded Mandates Reform Act of 1995 (Public Law 104–4) requires agencies to prepare several analytic statements before proposing any rule that may result in annual expenditures of $100 million by State, local, Indian tribal governments, or the private sector. *See* 15 U.S.C. 1532.

These amendments make technical changes to existing regulations that enforce statutory prohibitions on

AR_0156

discrimination on the basis of race, color, national origin, age, or disability. Therefore, these amendments will not result in the expenditure by State, local, and tribal governments, in the aggregate, or by the private sector, of $100 million or more in any one year, and they will not significantly or uniquely affect small governments. The participating agencies certify that no actions were deemed necessary under the Unfunded Mandates Reform Act of 1995.

**Regulatory Flexibility Act**

The Agencies, in accordance with the Regulatory Flexibility Act, 5 U.S.C. 605(b), have reviewed these regulations and certify that these regulations will not have a significant economic impact on a substantial number of small entities, in large part because these regulations do not impose any new substantive obligations on Federal funding recipients. All recipients of Federal funding have been bound by these standards of liability since the passage of the CRRA, when the Agencies reinstated their broad interpretation of the terms "program or activity" and "program" and applied these regulations on an institution-wide basis without changing the language of the regulations. The joint rule merely makes the regulations track the statutory language of the CRRA, both for disparate impact and disparate treatment forms of discrimination. These regulations implement statutory amendments and longstanding agency policy.

**Paperwork Reduction Act**

The Agencies certify that this proposed rule will not impose additional reporting or recordkeeping requirements under the Paperwork Reduction Act of 1995, 44 U.S.C. 3501 *et seq.*

**Executive Order 13132**

This proposed rule will not have substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government. The proposed rule does not subject Federal funding recipients to new obligations. The proposed regulations amend and clarify existing regulations that are required by statute pursuant to Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1973, and the Age Discrimination Act of 1975. Therefore, in accordance with section 6 of Executive Order 13132, the Agencies have determined that these amendments do not have sufficient federalism implications to warrant the preparation

of a federalism summary impact statement.

**List of Subjects**

*7 CFR Part 15*

Aged, Civil rights, Religious discrimination, Sex discrimination.

*7 CFR Part 15b*

Civil rights, Equal employment opportunity, Grant programs— education, Individuals with disabilities.

*10 CFR Part 4*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Federal buildings and facilities, Individuals with disabilities, Reporting and recordkeeping requirements, Sex discrimination.

*10 CFR Part 1040*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Individuals with disabilities, Sex discrimination.

*13 CFR Part 112*

Civil rights, Reporting and recordkeeping requirements, Small businesses.

*13 CFR Part 117*

Aged, Civil rights, Reporting and recordkeeping requirements.

*14 CFR Part 1250*

Civil rights.

*14 CFR Part 1251*

Administrative practice and procedure, Civil rights, Equal employment opportunity, Federal buildings and facilities, Individuals with disabilities.

*14 CFR Part 1252*

Aged, Civil rights.

*15 CFR Part 8*

Civil rights.

*15 CFR Part 8b*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities, Reporting and recordkeeping requirements.

*15 CFR Part 20*

Administrative practice and procedure, Aged, Civil rights.

*18 CFR Part 1302*

Civil rights, Reporting and recordkeeping requirements.

*18 CFR Part 1307*

Administrative practice and procedure, Civil rights, Individuals with disabilities.

*18 CFR Part 1309*

Aged, Civil rights.

*22 CFR Part 141*

Civil rights.

*22 CFR Part 142*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*22 CFR Part 143*

Aged, Civil rights.

*22 CFR Part 209*

Civil rights.

*22 CFR Part 217*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*22 CFR Part 218*

Aged, Civil rights.

*28 CFR Part 42*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Grant programs, Individuals with disabilities, Reporting and recordkeeping requirements, Sex discrimination.

*29 CFR Part 31*

Civil rights, Reporting and recordkeeping requirements.

*29 CFR Part 32*

Civil rights, Equal employment opportunity, Individuals with disabilities, Reporting and recordkeeping requirements.

*38 CFR Part 18*

Aged, Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities, Reporting and recordkeeping requirements, Veterans.

*40 CFR Part 7*

Civil rights, Equal employment opportunity, Individuals with disabilities, Reporting and recordkeeping requirements, Sex discrimination.

*41 CFR Part 101–6*

Civil rights, Government property management.

*41 CFR Part 101–8*

Administrative practice and procedure, Civil rights, Government property management, Individuals with disabilities, Reporting and recordkeeping requirements.

*43 CFR Part 17*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Federal buildings and facilities, Individuals with disabilities.

*44 CFR Part 7*

Administrative practice and procedure, Aged, Civil rights, Reporting and recordkeeping requirements.

*45 CFR Part 605*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*45 CFR Part 611*

Civil rights, Reporting and recordkeeping requirements.

*45 CFR Part 617*

Administrative practice and procedure, Aged, Civil rights.

*45 CFR Part 110*

Civil rights.

*45 CFR Part 1151*

Civil rights, Equal employment opportunity, Individuals with disabilities.

*45 CFR Part 1156*

Administrative practice and procedure, Aged, Civil rights, Grant programs, Investigations, Reporting and recordkeeping requirements.

*45 CFR Part 1170*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*45 CFR Part 1203*

Civil rights, Reporting and recordkeeping requirements.

*45 CFR Part 1232*

Civil rights, Grant programs—social programs, Individuals with disabilities.

*49 CFR Part 21*

Civil rights, Reporting and recordkeeping requirements.

*49 CFR Part 27*

Administrative practice and procedure, Airports, Civil rights, Highways and roads, Individuals with disabilities, Mass transportation, Railroads, Reporting and recordkeeping requirements.

**Proposed Adoption of Joint Rule**

The proposed agency adoptions of this joint rule are set forth below:

**DEPARTMENT OF AGRICULTURE**

**7 CFR Subtitle A**

**RIN 0566–AB78**

**Authority and Issuance**

For the reasons set forth in the joint preamble, USDA proposes to amend 7 CFR subtitle A, parts 15 and 15b as set forth below:

**PART 15—NONDISCRIMINATION**

1. The authority citation for part 15 continues to read as follows:

**Authority:** 5 U.S.C. 301; 29 U.S.C. 794.

2. Section 15.2 is amended by revising paragraph (k) to read as follows:

**§ 15.2    Definitions.**

\* \* \* \* \*

(k) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section.

\* \* \* \* \*

3. In § 15.3, the headings for paragraphs (d)(1) through (d)(10) are revised to read as follows:

**§ 15.3    Discrimination prohibited.**

\* \* \* \* \*

(d) \* \* \*

(1) *Cooperative Agricultural Extension Program.* \* \* \*

(2) *Rural Electrification and Rural Telephone Programs.* \* \* \*

(3) *Direct Distribution Program.* \* \* \*

(4) *National School Lunch Program.* \* \* \*

(5) *Food Stamp Program.* \* \* \*

(6) *Special Milk Program for Children.* \* \* \*

(7) *Price Support Programs carried out through producer associations or cooperatives or through persons who are required to provide specified benefits to producers.* \* \* \*

(8) *Forest Service Programs.* \* \* \*

(9) *Farmers Home Administration Programs.* \* \* \*

(10) *Cooperative State Research Programs.* \* \* \*

4. Section 15.4 is amended by revising paragraph (c) to read as follows:

**§ 15.4    Assurances required.**

\* \* \* \* \*

(c) *Assurances from institutions.* The assurance required with respect to an institution of higher education, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

\* \* \* \* \*

5. Amend the appendix to subpart A of part 15 as follows:

a. In the heading, by removing the words ''USDA-Assisted Programs'' and adding, in their place, the words ''Federal Financial Assistance From USDA'';

b. In the introductory text, by removing the word ''Programs'' and adding, in its place, the words ''The types of Federal financial assistance''; and by removing the words ''in which Federal financial assistance is rendered''; and

c. In the chart, by removing the column heading ''Program'' and adding, in its place, the column heading ''Type of Federal Financial Assistance''.

AR_0158

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column, and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 15.1(b)(3) .................................................. | under any such program | |
| 15.2(e) ...................................................... | for any program, | |
| 15.2(e) ...................................................... | under any such program | |
| 15.2(f) ...................................................... | for the purpose of carrying out a program | |
| 15.3(b)(3) .................................................. | activities or programs | programs or activities |
| 15.3(d), introductory text, first sentence ......... | programs and activities | types of Federal financial assistance |
| 15.3(d), introductory text, third sentence ......... | program | type of Federal financial asistance |
| 15.3(d), introductory text, third sentence ......... | it | a program |
| 15.3(d), introductory text, last sentence ......... | listed program | listed type of Federal financial assistance |
| 15.3(d)(1)(ii) .............................................. | activity of | activity funded by |
| 15.3(d)(3)(i) ............................................... | direct distribution program | Direct Distribution Program |
| 15.3(d)(3)(iii) .............................................. | program | Program |
| 15.3(d)(4)(i) ............................................... | program | Program |
| 15.3(d)(4)(ii) .............................................. | program | Program |
| 15.3(d)(5)(i) ............................................... | program | Program |
| 15.3(d)(6)(i) ............................................... | program | Program |
| 15.3(d)(6)(iv) ............................................. | program | Program |
| 15.3(d)(7)(v) .............................................. | price support program | Price Support Program |
| 15.3(d)(10)(ii) ............................................. | cooperative research program | Cooperative Research Program |
| 15.4(a)(1), first sentence ............................. | to carry out a program | |
| 15.4(a)(1), first sentence ............................. | except a program | except an application |
| 15.4(b) ...................................................... | to carry out its program for or activity involving | |
| 15.5(a), second sentence ............................. | programs | Federal financial assistance |
| 15.5(a), second sentence ............................. | program | |
| 15.5(b), second sentence ............................. | of any program under | in |
| 15.5(d) ...................................................... | program under | program for |
| 15.9(e), first sentence ................................. | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 15.10(f) ..................................................... | under the program involved | to which this regulation applies |
| 15.10(f) ..................................................... | assistance will | assistance to which this regulation applies will |
| 15.10(f) ..................................................... | under such program | |
| 15.12(a), introductory text, first sentence ......... | under such program | |

## PART 15—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

7. The heading for part 15b is revised to read as set forth above.

8. The authority citation for part 15b continues to read as follows:

**Authority:** 29 U.S.C. 794.

9. Section 15b.3 is amended by revising paragraph (p) and adding a new paragraph (s) to read as follows:

### §15b.3   Definitions.

\*      \*      \*      \*      \*

(p) For purposes of § 15b.18(d), Historic Preservation Programs are those that receive Federal financial assistance that has preservation of historic properties as a primary purpose.

\*      \*      \*      \*      \*

(s) *Program or activity* means all of the operations of any entity described in paragraphs (s)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or (ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (s)(1), (2), or (3) of this section.

### §15b.4   [Amended]

10. In §15b.4, the heading of paragraph (c) is amended by removing the word ''Programs'' and adding, in its place, the words ''Aid, benefits, or services''.

11. The heading for subpart C is revised to read as follows:

## Subpart C—Accessibility

\*      \*      \*      \*      \*

12. Section 15b.18 is amended by revising the heading and first sentence of paragraph (a), the heading of paragraph (e), and the first sentence of paragraph (e)(1) to read as follows:

### §15b.18   Existing facilities.

(a) *Accessibility.* A recipient shall operate each assisted program or activity so that when each part is viewed in its entirety it is readily

AR_0159

accessible to and usable by qualified handicapped persons. * * *

* * * * *

(e) *Historic Preservation Programs; application for waiver of accessibility requirements.* (1) A recipient shall operate each assisted program or activity involving Historic Preservation Programs so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. * * *

* * * * *

**§ 15b.27    [Amended]**

13. Section 15b.27 is amended by removing from the heading of paragraph (b) the words "Program delivery" and adding, in their place, the word

"Delivery", and by removing from the heading of paragraph (c) the words "Program materials" and adding, in their place, the word "Materials".

**§ 15b.28    [Amended]**

14. The heading for § 15b.28 is amended by removing the word "programs".

15. The heading for subpart F is revised to read as follows:

**Subpart F—Other Aid, Benefits, or Services**

**Appendix A to Part 15b    [Amended]**

16. Amend appendix A to part 15b as follows:

a. In the heading, by removing the words "USDA-Assisted Programs" and

adding, in their place, the words "Federal Financial Assistance From USDA";

b. In the introductory text, by removing the word "Programs" and adding, in its place, the words "The types of Federal financial assistance"; and by removing the words "in which Federal financial assistance is rendered"; and

c. In the chart, by removing the column heading "Program" and adding, in its place, the column heading "Type of Federal Financial Assistance".

17. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 15b.2, first sentence | programs and activities | programs or activities |
| 15b.2, last sentence | tailored to specific programs | more specifically tailored |
| 15b.4(b)(1)(v) | program | program or activity |
| 15b.4(b)(3) | programs or activities | aid, benefits, or services |
| 15b.4(b)(4)(ii) | program | program or activity |
| 15b.4(b)(5)(i) | or benefits from | |
| 15b.4(b)(6) | or benefiting from | |
| 15b.4(c) | the benefits of a program | aid, benefits, or services |
| 15b.4(c) | from a program | from aid, benefits, or services |
| 15b.5(a), first sentence | for a program or activity | |
| 15b.5(a), first sentence | the program will | the program or activity will |
| 15b.7(a), second sentence | programs and activities | programs or activities |
| 15b.8(a)(3)(i) | program | program or activity |
| 15b.8(a)(3)(ii) | program | program or activity |
| 15b.8(a)(3)(iii) | program | program or activity |
| 15b.10 | programs | programs or activities |
| 15b.11 | programs and activities | programs or activities |
| 15b.12(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 15b.12(b)(8) | social | those that are social |
| 15b.12(b)(8) | programs | |
| 15b.13(a) | program | program or activity |
| 15b.13(c), introductory text | programs | programs or activities |
| 15b.13(c)(1) | program | program or activity |
| 15b.16 | programs and activities | programs or activities |
| 15b.18(b), last sentence | offer programs and activities to | serve |
| 15b.18(b), last sentence | to obtain the full benefits of the program | |
| 15b.18(d) | program accessibility | accessibility |
| 15b.18(d) | the program | the program or activity |
| 15b.18(e)(1), introductory text, last sentence | program | |
| 15b.18(e)(1)(iv), first sentence | program | |
| 15b.18(e)(1)(iv), first sentence | historic preservation program | Historic Preservation Program |
| 15b.18(e)(1)(iv), last sentence | program accessibility | accessibility |
| 15b.18(e)(2), introductory text, first sentence | program | |
| 15b.18(e)(2), introductory text, last sentence | program | |
| 15b.18(e)(2)(iii) | program | program or activity |
| 15b.18(g)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 15b.20 | programs and activities | programs or activities |
| 15b.21, introductory text | program | program or activity |
| 15b.22(a) | program | program or activity |
| 15b.22(b)(2) | individualized education program | Individualized Education Program |
| 15b.22(b)(3), first sentence | in | |
| 15b.22(b)(3), first sentence | to a program | for aid, benefits, or services |
| 15b.22(b)(3), first sentence | the one | those |
| 15b.22(b)(3), first sentence | operates | operates or provides |
| 15b.22(c)(1), second sentence | to a program | for aid, benefits, or services |
| 15b.22(c)(1), second sentence | operated | operated or provided |
| 15b.22(c)(1), second sentence | the program | aid, benefits, or services |
| 15b.22(c)(2) | person in | person |
| 15b.22(c)(2) | to a program | for aid, benefits, or services |
| 15b.22(c)(2) | not operated | not operated or provided |
| 15b.22(c)(2) | the program | aid, benefits, or services |

| Section | Remove | Add |
|---|---|---|
| 15b.22(c)(3) ....................................... | placement in | |
| 15b.22(c)(3) ....................................... | program | placement |
| 15b.22(c)(4), last sentence ................ | such a program | a free appropriate education |
| 15b.24(a) ........................................... | program shall | program or activity shall |
| 15b.24(a) ........................................... | a regular or special education program | regular or special education |
| 15b.25, first sentence ........................ | operates a | provides |
| 15b.25, first sentence ........................ | education program | education |
| 15b.26(c)(1), first sentence ............... | programs and activities | aid, benefits, or services |
| 15b.26(c)(1), last sentence ................ | in these activities | |
| 15b.27(a), first sentence ................... | operates an | provides |
| 15b.27(a), first sentence ................... | program or activity receiving assistance from this Department | |
| 15b.27(a), first sentence ................... | from the program or activity | |
| 15b.27(a), last sentence .................... | under the program or activity | |
| 15b.27(b)(1), first sentence ............... | program services | aid, benefits, or services |
| 15b.27(b)(2), first sentence ............... | program services | aid, benefits, or services |
| 15b.27(b)(2), second sentence .......... | program benefits | aid, benefits, or services |
| 15b.27(b)(3), first sentence ............... | program services | aid, benefits, or services |
| 15b.27(b)(3), second sentence .......... | program benefits | aid, benefits, or services |
| 15b.27(c), first sentence ................... | program | |
| 15b.28(a), first sentence ................... | operates a | provides |
| 15b.28(a), first sentence ................... | program receiving assistance from this Department | |
| 15b.28(a), first sentence ................... | from such program | |
| 15b.29 ................................................ | programs and activities | programs or activities |
| 15b.31(a) ........................................... | program or activity | aid, benefits, or services |
| 15b.31(d) ........................................... | programs and activities | programs or activities |
| 15b.32(a), second sentence .............. | program or | |
| 15b.32(c) ........................................... | in its program | |
| 15b.32(d)(1) ....................................... | under the education program or activity operated by the recipient | |
| 15b.35(a)(1), first sentence ............... | programs and activities | aid, benefits, or services |
| 15b.36 ................................................ | programs and activities | aid, benefits, or services |
| 15b.39, first sentence ........................ | activity for | activity that provides aid, benefits, or services for |
| 15b.39, first sentence ........................ | program, or activity | program or activity |
| 15b.40(a), first sentence ................... | operate | provide |
| 15b.40(a), first sentence ................... | service programs assisted by this Department | services |
| 15b.41(a) ........................................... | a multi-family rental housing program | multi-family rental housing |
| 15b.41(b)(2) ....................................... | program | |
| 15b.41(c), first sentence ................... | program | |
| 15b.41(c), last sentence .................... | program | |

Dated: November 9, 2000.

**Peter G. Parham,**

*Acting Director, Office of Civil Rights, Department of Agriculture.*

## NUCLEAR REGULATORY COMMISSION

### 10 CFR Chapter I

### RIN 3130–AG65

### Authority and Issuance

For the reasons set forth in the joint preamble, NRC proposes to amend 10 CFR chapter I, part 4 as set forth below:

## PART 4—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE FROM THE COMMISSION

1. The heading for part 4 is revised as set forth above.

2. The authority citation for part 4 is revised to read as follows:

**Authority:** Sec. 161, 68 Stat. 948, as amended (42 U.S.C. 2201); sec. 274, 73 Stat. 688, as amended (42 U.S.C. 2021); sec. 201, 88 Stat. 1242, as amended (42 U.S.C. 5841).

Subpart A also issued under secs. 602–605, Pub. L. 88–352, 78 Stat. 252, 253 (42 U.S.C. 2000d—2000d–7); sec. 401, 88 Stat. 1254 (42 U.S.C. 5891).

Subpart B also issued under sec. 504, Pub. L. 93–112, 87 Stat. 394 (29 U.S.C. 706); sec. 119, Pub. L. 95–602, 92 Stat. 2984 (29 U.S.C. 794); sec. 122, Pub. L. 95–602, 92 Stat. 2984 (29 U.S.C. 706(6)).

Subpart C also issued under Title III of Pub. L. 94–135, 89 Stat. 728, as amended (42 U.S.C. 6101).

Subpart E also issued under 29 U.S.C. 794.

3. Section 4.4 is amended by revising paragraph (g) to read as follows:

### § 4.4  Definitions.

\*    \*    \*    \*    \*

(g) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private

AR_0161

organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate

facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the

entities described in paragraph (g)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.3, introductory text, second sentence .............. | programs | types of Federal financial assistance |
| 4.3, introductory text, third sentence ............... | under any program or activity | |
| 4.3, introductory text, fourth sentence ................ | a program | a type of Federal financial assistance |
| 4.3, introductory text, fourth sentence ............... | the program | a program or activity |
| 4.4(f) ................ | for the purpose of carrying out a program | |
| 4.4(h) ................ | for any program, | |
| 4.4(h) ................ | under any such program | |

**Subpart A—Regulations Implementing Title VI of the Civil Rights Act of 1964 and Title IV of the Energy Reorganization Act of 1974**

5. The heading of § 4.22 is revised to read as follows:

**§ 4.22   Continuing Federal financial assistance.**

\*    \*    \*    \*    \*

6. Section 4.24 is amended by revising paragraph (b) to read as follows:

**§ 4.24   Assurances from institutions.**

\*    \*    \*    \*    \*

(b) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment

of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.12(a), introductory text ..................................... | under any program | |
| 4.13(a), first sentence ..................................... | a program of | the |
| 4.13(a), first sentence ..................................... | assistance | assistance to a program |
| 4.13(a), second sentence ..................................... | such programs | such Federal financial assistance |
| 4.13(a), second sentence ..................................... | fellowship programs | fellowships |
| 4.21(a), first sentence ..................................... | under a program | |
| 4.21(a), first sentence ..................................... | except a program | except an application |
| 4.21(a), fifth sentence ..................................... | for each program | |
| 4.21(a), fifth sentence ..................................... | in the program | |
| 4.21(b), third sentence ..................................... | program | statute |
| 4.22 ..................................... | to carry out a program involving | for |
| 4.32(b) ..................................... | of any program under | in |
| 4.34 ..................................... | program under which | program for which |
| 4.51(a)(4) ..................................... | , under the program involved | |
| 4.64, first sentence ..................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 4.64, last sentence ..................................... | programs subject to this subpart are | this regulation is |
| 4.74, first sentence ..................................... | under the program involved | to which this regulation applies |
| 4.74, first sentence ..................................... | assistance will | assistance to which this regulation applies will |
| 4.74, first sentence ..................................... | under such program | |
| 4.91, introductory text, first sentence ................ | under such program | |

**Subpart B—Regulations Implementing Section 504 of the Rehabilitation Act of 1973, as Amended**

8. The heading of § 4.126 is revised to read as follows:

**§ 4.126   General requirement concerning accessibility.**

\*    \*    \*    \*    \*

9. Section 4.127 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

**§ 4.127   Existing facilities.**

(a) *Accessibility.* A recipient shall operate each program or activity so that when each part is viewed in its entirety

it is readily accessible to and usable by handicapped persons. \*  \*  \*

\*    \*    \*    \*    \*

10. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.121(a) ............................................................. | or benefits from | |

**Federal Register** / Vol. 65, No. 235 / Wednesday, December 6, 2000 / Proposed Rules    **76471**

| Section | Remove | Add |
|---|---|---|
| 4.121(b)(1)(v) ................................. | program | program or activity |
| 4.121(b)(2) ..................................... | programs or activities | aid, benefits, or services |
| 4.121(b)(3)(ii) ................................. | program | program or activity |
| 4.121(b)(4)(i) .................................. | or benefits from | |
| 4.121(c) ......................................... | the benefits of program | aaid, benefits, or services |
| 4.121(c) ......................................... | a program | aid, benefits, or services |
| 4.121(d) ......................................... | programs and activities | programs or activities |
| 4.122(a) ......................................... | or benefits from | |
| 4.122(c)(8) ..................................... | social | those that are social |
| 4.122(c)(8) ..................................... | programs | |
| 4.122(d), last sentence ...................... | apprenticeship programs | apprenticeships |
| 4.123(a) ......................................... | program | program or activity |
| 4.123(c), introductory text ................. | program | program or activity |
| 4.123(c)(1) ..................................... | program | program or activity |
| 4.126 ............................................. | or benefits from | |
| 4.127(b), last sentence ...................... | offer programs and activities to | serve |
| 4.127(d)(3) ..................................... | program accessibility | accessibility under paragraph (a) of this section |
| 4.231(a), first sentence ..................... | for a program or activity | |
| 4.231(a), first sentence ..................... | the program | the program or activity |
| 4.231(c)(3)(i) .................................. | program | program or activity |
| 4.231(c)(3)(ii) ................................. | program | program or activity |
| 4.232(a), second sentence ................. | programs and activities | programs or activities |

## Subpart C—Regulations Implementing the Age Discrimination Act of 1975, as Amended

11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.313, introductory text, first sentence .............. | program of activity | program or activity |
| 4.321, first sentence .......................... | programs and activities | programs or activities |
| 4.321, second sentence ...................... | programs and activities | programs or activities |
| 4.334(a)(2), last sentence ................... | program | |
| 4.336(c)(2), first sentence .................. | Federal | |
| 4.338(c) ......................................... | program | program or activity |
| 4.339(b)(2) ..................................... | program or activity | Federal financial assistance |
| 4.341(b) ......................................... | programs | programs or activities |
| 4.341(c) ......................................... | programs | programs or activities |
| 4.341(d) ......................................... | programs | programs or activities |

Dated: August 25, 2000.

**William D. Travers,**

*Executive Director for Operations, Nuclear Regulatory Commission.*

## DEPARTMENT OF ENERGY

### 10 CFR Chapter X

**RIN 1901–AA86**

**Authority and Issuance**

For the reasons set forth in the joint preamble, DOE proposes to amend 10 CFR chapter X, part 1040 as set forth below:

### PART 1040—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES

1. The heading for part 1040 is revised to read as set forth above.

2. The authority citation for part 1040 is revised to read as follows:

**Authority:** 20 U.S.C. 1681–1686; 29 U.S.C. 794; 42 U.S.C. 2000d to 2000d–7, 3601–3631, 5891, 6101–6107, 7101 *et seq.*

### Subpart A—General Provisions

3. Section 1040.3 is amended by revising paragraph (u) to read as follows:

**§ 1040.3  Definitions—General.**

\* \* \* \* \*

(u) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (u)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or

agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education,

health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (u)(1), (2), or (3) of this section.

*    *    *    *    *

4. Section 1040.4 is amended by revising paragraph (d) and the heading of paragraph (f) to read as follows:

§ 1040.4   Assurances required and preaward review.

*    *    *    *    *

(d) *Assurances from government agencies.* In the case of any application from any department, agency or office of any State or local government for Federal financial assistance for any specified purpose, the assurance required by this section is to extend to any other department, agency, or office of the same governmental unit.

*    *    *    *    *

(f) *Continuing Federal financial assistance.* * * *

*    *    *    *    *

5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.1, first sentence ........................................ | the program or activity | the Federal financial assistance |
| 1040.1, first sentence ........................................ | program services | services |
| 1040.2(a), second sentence ............................... | Programs | Types of Federal financial assistance |
| 1040.2(a), fourth sentence ................................ | under any program or activity | |
| 1040.2(a), last sentence .................................... | a program | a type of Federal financial assistance |
| 1040.2(a), last sentence .................................... | the program | that a program or activity |
| 1040.3(a) | program | aid, benefit, service |
| 1040.3(t) .......................................................... | for the purpose of carrying out a program | |
| 1040.4(a), first sentence ................................... | for a program or activity | |
| 1040.4(f), introductory text ............................... | administering a program which receives | applying for |
| 1040.4(f)(1) ...................................................... | program | program or activity |
| 1040.5(b), first sentence ................................... | or programs | or activity |
| 1040.5(b), second sentence ............................... | programs | programs or activities |
| 1040.5(b), last sentence .................................... | broadcast program | broadcast |
| 1040.5(b), last sentence .................................... | the program | the program or activity |
| 1040.5(b), last sentence .................................... | opportunity program | opportunity program or activity |
| 1040.5(c), first sentence ................................... | program | program or activity |
| 1040.6(a) second sentence ................................ | programs and activities | programs or activities |
| 1040.7(b) .......................................................... | a program that will | to |

**Subpart B—Title VI of the Civil Rights Act of 1964; Section 16 of the Federal Energy Administration Act of 1974, as Amended; and Section 401 of the Energy Reorganization Act of 1974**

6. Section 1040.13 is amended by revising paragraph (e) to read as follows:

§ 1040.13   Discrimination prohibited.

*    *    *    *    *

(e) For the purpose of this section, the disposition, services, financial aid, or benefits provided under a program receiving Federal financial assistance include all portions of the recipient's program or activity, including facilities, equipment, or property provided with the aid of Federal financial assistance.

*    *    *    *    *

7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.11(b), first sentence ................................. | administering, | administering or |
| 1040.11(b), first sentence ................................. | or substantially benefiting from | |
| 1040.12(b), first sentence ................................. | programs and activities | programs or activities |
| 1040.13(b), introductory text ............................ | under any program | |
| 1040.13(c) | program objectives | objectives of the program |
| 1040.13(g), first sentence ................................. | from programs | from benefits |
| 1040.13(g), last sentence .................................. | the benefits of a program | benefits |
| 1040.13(g), last sentence .................................. | programs funded | Federal financial assistance provided |
| 1040.14(a)(1), introductory text, first sentence .. | mobility programs | mobility projects |

**Subpart D—Nondiscrimination on the Basis of Handicap—Section 504 of the Rehabilitation Act of 1973, as Amended**

§ 1040.63   [Amended]

8. In § 1040.63, the heading of paragraph (c) is amended by removing the word ''Programs,'' and adding, in its place, the words ''Aid, benefits, or services''.

§ 1040.71   [Amended]

9. The undesignated center heading immediately preceding § 1040.71 is amended by removing the word ''Program''.

10. Section 1040.72 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

§ 1040.72   Existing facilities.

(a) *Accessibility.* A recipient shall operate any program or activity to which this subpart applies so that when each part is viewed in its entirety it is readily accessible and usable by handicapped persons. * * *

*    *    *    *    *

11. Section 1040.74 is amended by revising the section heading, the heading and first sentence of paragraph

(a), and the headings of paragraphs (a)(1), (a)(2), and (a)(3) to read as follows:

### § 1040.74   Accessibility in historic properties.

(a) *Methods to accomplish accessibility.* Recipients shall operate each program or activity involving historic properties so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. * * *

(1) *Methods to accomplish accessibility without building alterations or structural changes.* * * *

(2) *Methods to accomplish accessibility resulting in building alterations.* * * *

(3) *Methods to accomplish accessibility resulting in structural changes.* * * *

* * * * *

12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.61(b) .............................................. | or benefits from | |
| 1040.63(a) .............................................. | or benefits from | |
| 1040.63(b)(1)(v) ................................... | program | program or activity |
| 1040.63(b)(3) ........................................ | program or activities | aid, benefits, or services |
| 1040.63(b)(4)(ii) ................................... | program | program or activity |
| 1040.63(b)(6) ........................................ | or benefiting from | |
| 1040.63(c) .............................................. | the benefits of a program | aid, benefits, or services |
| 1040.63(c) .............................................. | from a program | from aid, benefits, or services |
| 1040.63(d) .............................................. | programs of activities | programs or activities |
| 1040.64(c), first sentence .................. | under any program to which | under any program or activity to which |
| 1040.64(c), first sentence .................. | assistance under any program for | assistance for |
| 1040.66(b)(3), last sentence .............. | apprenticeship programs | apprenticeships |
| 1040.66(b)(8) ........................................ | social | those that are social |
| 1040.66(b)(8) ........................................ | programs | |
| 1040.67(a) .............................................. | program | program or activity |
| 1040.67(c), introductory text ............. | program | program or activity |
| 1040.67(c)(1) ........................................ | program | program or activity |
| 1040.72(b), last sentence ................... | offer programs and activities to | serve |
| 1040.72(d)(3) ........................................ | program accessibility | accessibility under § 1040.72(a) |
| 1040.74(a), introductory text, second sentence | program | |
| 1040.74(a), introductory text, last sentence ....... | program | |
| 1040.74(a)(1)(i) .................................... | programs | aid, benefits, or services |
| 1040.74(a)(1)(iii) ................................. | programs or activities | aid, benefits, or services |
| 1040.74(a)(1)(iv) ................................. | programs | aid, benefits, or services |
| 1040.74(a)(2), first sentence .............. | program | |
| 1040.74(a)(2), first sentence .............. | Program | |
| 1040.74(a)(3), first sentence .............. | program | |
| 1040.74(a)(3), first sentence .............. | Program | |

### Subpart E—Nondiscrimination on the Basis of Age—Age Discrimination Act of 1975, as Amended

13. The authority citation for subpart E is revised to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended (42 U.S.C. 6101 *et seq.*); 45 CFR part 90.

**Appendix A to Subpart E to Part 1040 [Amended]**

14. Appendix A to subpart E to part 1040 is amended by removing the words

''or program'' from the sixth column heading.

15. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.81, last sentence ........................ | programs and activities | programs or activities |
| 1040.82(a) .............................................. | or benefits from | |
| 1040.83(i) .............................................. | programs and activities | programs or activities |
| 1040.88(a) .............................................. | Office of Equal Opportunity (OEO) | Office of Civil Rights and Diversity |
| 1040.88(c) .............................................. | program | program or activity |
| 1040.89–1, first sentence ................... | program and activities | programs or activities |
| 1040.89–5(a), third sentence ............. | Office of Equal Opportunity (OEO) | Office of Civil Rights and Diversity |
| 1040.89–5(a), last sentence ............... | OEO | Office of Civil Rights and Diversity |
| 1040.89–5(b), introductory text ......... | OEO | Office of Civil Rights and Diversity |
| 1040.89–5(c), first sentence .............. | OEO | Office of Civil Rights and Diversity |
| 1040.89–6(b), second sentence ......... | OEO | Office of Civil Rights and Diversity |
| 1040.89–6(c), second sentence ......... | OEO | Office of Civil Rights and Diversity |
| 1040.89–6(e) ........................................ | OEO | Office of Civil Rights and Diversity |
| 1040.89–7(a)(1) .................................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–7(a)(3) .................................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–7(b), first sentence .............. | OEO | Office of Civil Rights and Diversity |
| 1040.89–9(a), introductory text .......... | Programs | Programs or Activities |
| 1040.89–9(a)(1), first sentence .......... | under the program or or activity involved where | for a program activity in which |
| 1040.89–9(c)(1) .................................... | OEO | Office of Civil Rights and Diversity |

AR_0165

| Section | Remove | Add |
|---|---|---|
| 1040.89–9(c)(2), first sentence .......................... | Federal | Office of Civil Rights and Diversity |
| 1040.89–11 ........................................................ | OEO | Office of Civil Rights and Diversity |
| 1040.89–12(b)(2) ............................................... | program or activity | Federal financial assistance |
| 1040.89–13(b), introductory text ...................... | OEO | Office of Civil Rights and Diversity |

Dated: October 4, 2000.

**T.J. Glauthier,**

*Deputy Secretary, Department of Energy.*

**SMALL BUSINESS ADMINISTRATION**

**13 CFR Chapter I**

**RIN 3245–AE58**

**Authority and Issuance**

For the reasons set forth in the joint preamble, SBA proposes to amend 13 CFR chapter I, parts 112 and 117 as set forth below:

**PART 112—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF SBA—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

1. The authority citation for part 112 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252 (42 U.S.C. 2000d–1).

2. Section 112.2 is amended by adding paragraph (e) to read as follows:

**§ 112.2  Application of this part.**

\* \* \* \* \*

(e) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (e)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1),(2), or (3) of this section.

**Appendix A to Part 112    [Amended]**

3. The chart in appendix A to part 112 is amended by removing the heading "Name of program" and adding, in its place, the heading "Name of Federal financial assistance"; by removing the heading "Financial Programs" and adding, in its place, the heading "Federal Financial Assistance Involving Grants of Funds"; and by removing the heading "Nonfinancial Programs" and adding, in its place, the heading "Other Federal Financial Assistance".

4. The note immediately following appendix A to part 112 is amended by removing the word "programs" and adding, in its place, the words "types of Federal financial assistance".

5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 112.2(a) ............................................................. | assistance under programs | Federal financial assistance |
| 112.3(b)(3), first sentence ................................ | the program | a program |
| 112.8, last sentence ......................................... | for each program | |
| 112.8, last sentence ......................................... | in the program | |

**PART 117—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES OF SBA—EFFECTUATION OF THE AGE DISCRIMINATION ACT OF 1975, AS AMENDED**

6. The heading for part 117 is revised to read as set forth above.

7. The authority citation for part 117 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, 42 U.S.C. 6101 *et seq.*

8. Section 117.2 is amended by revising paragraph (a) to read as follows:

**§ 117.2  Application of this part.**

(a) This part applies to all recipients of Federal financial assistance administered by the Small Business Administration, whether or not the specific type of Federal financial assistance administered is listed in appendix A.

\* \* \* \* \*

9. Section 117.3 is amended by redesignating paragraphs (j) through (m) as paragraphs (k) through (n), and adding a new paragraph (j) to read as follows:

**§ 117.3  Definitions.**

\* \* \* \* \*

(j) The term *program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the

entities described in paragraph (j)(1), (2), or (3) of this section.

*    *    *    *    *

**Appendix A to Part 117    [Amended]**

10. The chart in appendix A to part 117 is amended by removing the words ''Name of program'' and adding, in their place, the words ''Type of Federal financial assistance''.

11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 117.1 | programs | programs or activities |
| 117.3(j), first sentence | under any program | |
| 117.4(b)(2) | programs | programs or activities |
| 117.5(b), first sentence | in a program | |
| 117.6(b) | business or program | program or activity |
| 117.6(c) | program | program or activity |
| 117.7, first sentence | under any program | |
| 117.7, last sentence | for each program, | |
| 117.7, last sentence | in the program | |
| 117.8(a), first sentence | programs and activities | programs or activities |
| 117.8(c) | its program beneficiaries | the beneficiaries of its programs or activities |
| 117.15(a)(3), first sentence | program | |
| 117.17(f) | under the programs involved | to which this regulation applies |
| 117.17(f) | assistance will | assistance to which this regulation applies will |
| 117.17(f) | under such program | |
| 117.19(a)(9) | program | program or activity |
| 117.20, first sentence | programs | programs or activities |

Dated: August 23, 2000.

**Fred P. Hochberg,**

*Acting Administrator, Small Business Administration.*

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION**

**14 CFR CHAPTER V**

**RIN 2700–AC41**

**Authority and Issuance**

For the reasons set forth in the joint preamble, NASA proposes to amend 14 CFR chapter V, parts 1250, 1251, and 1252 as set forth below:

**PART 1250—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF NASA—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

1. The authority citation for part 1250 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252, 42 U.S.C. 2000d–1 and the laws listed in appendix A to this part.

2. Section 1250.102 is amended by revising paragraph (h) to read as follows:

**§ 1250.102    Definitions.**

*    *    *    *    *

(h) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 8801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education,

health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

*    *    *    *    *

3. Section 1250.103–4 is amended by revising paragraph (b) to read as follows:

**§ 1250.103–4    Illustrative applications.**

*    *    *    *    *

*    *    *    *    *

(b) In a research or training grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited and the prohibition extends to the entire university.

*    *    *    *    *

4. Section 1250.103–5 is amended by revising the heading to read as follows:

**76476**    Federal Register / Vol. 65, No. 235 / Wednesday, December 6, 2000 / Proposed Rules

**§ 1250.103–5    Special benefits.**

\*    \*    \*    \*    \*

5–6. Section 1250.104 is amended by revising paragraph (c)(2) and by removing paragraph (d)(2) and the paragraph designation (d)(1), to read as follows:

**§ 1250.104    Assurances.**

\*    \*    \*    \*    \*

(c) \* \* \*

(2) The assurances from such an applicant shall be applicable to the entire organization of the applicant.

\*    \*    \*    \*    \*

7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1250.101(a)(1), first sentence | federally-assisted programs and activities | types of Federal financial assistance |
| 1250.101(a)(1), second sentence | program or activity | type of Federal assistance |
| 1250.101(a)(1), second sentence | such program | a program |
| 1250.101(a)(1), last sentence | programs | types of Federal financial assistance |
| 1250.101(a)(2) | under any such program | |
| 1250.101(b)(2) | extended under any such program | extended |
| 1250.101(b)(3) | beneficiary under any such program | beneficiary |
| 1250.101(b)(5) | programs | types of Federal financial assistance |
| 1250.101(b)(6) | programs | types of Federal financial assistance |
| 1250.102(f) | for the purpose of carrying out a program | |
| 1250.102(i) | for any program | |
| 1250.102(i) | under any such program | |
| 1250.103–2(a), introductory text | under any program | |
| 1250.103–3(b) | programs | types of Federal financial assistance |
| 1250.103–4(a) | programs | services |
| 1250.103–5 | the benefits of a program | benefits |
| 1250.104(a), first sentence | to carry out a program | |
| 1250.104(e), second sentence | under a program of | with |
| 1250.104(e), last sentence | program | statute |
| 1250.105(b), last sentence | of any program under | in |
| 1250.105(d) | program under | program for |
| 1250.108(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1250.109(f) | under the program involved | to which this regulation applies |
| 1250.109(f) | assistance will | assistance to which this regulation applies will |
| 1250.109(f) | under such program | |
| 1250.111(a), first sentence | under such program | |

## PART 1251—NONDISCRIMINATION ON BASIS OF HANDICAP

8. The authority citation for part 1251 continues to read as follows:

**Authority:** 29 U.S.C. 794.

9. Section 1251.102 is amended by adding paragraph (k) to read as follows:

**§ 1251.102    Definitions.**

\*    \*    \*    \*    \*

(k) *Program or activity* means all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 8801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section.

**§ 1251.103    [Amended]**

10. In § 1251.103, the heading of paragraph (c) is amended by removing the word "Programs" and adding, in its place, the words "Aid, benefits, or services".

11. The heading of subpart 1251.3 of part 1251 is revised to read as follows:

## Subpart 1251.3—Accessibility

12. In § 1251.301, the heading and first sentence of paragraph (a) are revised to read as follows:

**§ 1251.301    Existing facilities.**

(a) *Accessibility*. A recipient shall operate each program or activity to which his part applies so that when each part is viewed in its entirety it is readily accessible to handicapped persons. \* \* \*

\*    \*    \*    \*    \*

13. In the table below, for each section indicated in the left column, remove the text shown in the middle column, and add the text shown in the right column:

**Federal Register** / Vol. 65, No. 235 / Wednesday, December 6, 2000 / Proposed Rules     **76477**

| Section | Remove | Add |
|---|---|---|
| 1251.101 ...................................... | or benefits from | |
| 1251.103(a) ...................................... | or benefits from | |
| 1251.103(b)(1)(v) ...................................... | program | program or activity |
| 1251.103(b)(3) ...................................... | program | program or activity |
| 1251.103(b)(3) ...................................... | or benefiting from | |
| 1251.103(b)(4) ...................................... | programs or activities | aid, benefits, or services |
| 1251.103(b)(5)(ii) ...................................... | program | program or activity |
| 1251.103(b)(6)(i) ...................................... | or benefits from | |
| 1251.103(b)(7) ...................................... | or benefiting from | |
| 1251.103(c) ...................................... | the benefits of a program | aid, benefits, or services |
| 1251.103(c) ...................................... | from a program | from aid, benefits, or services |
| 1251.104(a), first sentence ...................................... | for a program activity | |
| 1251.104(a), first sentence ...................................... | the program | the program or activity |
| 1251.105(a)(3)(i) ...................................... | program | program or activity |
| 1251.105(a)(3)(ii) ...................................... | program | program or activity |
| 1251.105(a)(3)(iii) ...................................... | program | program or activity |
| 1251.107(a), second sentence ...................................... | programs and activities | programs or activities |
| 1251.200(a)(2) ...................................... | programs | programs or activities |
| 1251.200(a)(4), last sentence ...................................... | apprenticeship programs | apprenticeships |
| 1251.200(b)(8) ...................................... | social | those that are social |
| 1251.200(b)(8) ...................................... | programs | |
| 1251.200(d), last sentence ...................................... | apprenticeship programs | apprenticeships |
| 1251.201(a) ...................................... | program | program or activity |
| 1251.201(c), introductory text ...................................... | program | program or activity |
| 1251.201(c)(1) ...................................... | program | program or activity |
| 1251.301(b), last sentence ...................................... | offer programs and activities to | serve |
| 1251.301(d)(3) ...................................... | program accessibility | accessibility under paragraph (a) of this section |

## PART 1252—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

14. The heading for part 1252 is revised to read as set forth above.

15. The authority citation for part 1252 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101 *et seq.* (45 CFR part 90).

16. Section 1252.102 is amended by revising the heading to read as follows:

### § 1252.102   To what programs or activities do these regulations apply?

\*     \*     \*     \*     \*

17. Section 1252.103 is amended by adding paragraph (n) to read as follows:

### § 1252.103   Definitions.

\*     \*     \*     \*     \*

(n) *Program or activity* means all of the operations of any entity described in paragraphs (n)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 8801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (n)(1), (2), or (3) of this section.

18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1252.100, last sentence ...................................... | programs and activities | programs or activities |
| 1252.102(a) ...................................... | or benefits from | |
| 1252.203 ...................................... | program | program or activity |
| 1252.300 ...................................... | programs and activities | programs or activities |
| 1252.403(a)(2), last sentence ...................................... | program | program or activity |
| 1252.405(b), first sentence ...................................... | program activity | program or activity |
| 1252.405(c)(2), first sentence ...................................... | Federal | Federal financial assistance |
| 1252.409(b)(2) ...................................... | program or activity | |

Dated: September 11, 2000.

**Daniel S. Goldin,**

*Administrator, National Aeronautics and Space Administration.*

## DEPARTMENT OF COMMERCE

**15 CFR Subtitle A**

**RIN 0690–AA30**

**Authority and Issuance**

For the reasons set forth in the joint preamble, DOC proposes to amend 15 CFR subtitle A, parts 8, 8b, and 20 as set forth below:

## PART 8—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF COMMERCE—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

1. The authority citation for part 8 continues to read as follows:

**Authority:** Sec. 602, Civil Rights Act of 1964 (42 U.S.C. 2000d–1).

2. Section 8.3 is amended by revising paragraph (g) to read as follows:

**§ 8.3   Definitions.**

\*    \*    \*    \*    \*

(g) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

3. Section 8.5 is amended by revising paragraph (b)(10) to read as follows:

**§ 8.5   Nondiscrimination clause.**

\*    \*    \*    \*    \*

(b) \* \* \*

(10) In the case where any assurances are required from an academic, a medical care, detention or correctional, or any other institution or facility, insofar as the assurances relate to the institution's practices with respect to the admission, care, or other treatment of persons by the institution or with respect to the opportunity of persons to participate in the receiving or providing of services, treatment, or benefits, such assurances shall be applicable to the entire institution or facility.

\*    \*    \*    \*    \*

4. Section 8.6 is amended by revising the heading of paragraph (a) to read as follows:

**§ 8.6   Applicability of this part to Department assisted programs.**

\*    \*    \*    \*    \*

(a) *Assistance to support economic development.* \* \* \*

**Appendix A to Part 8    [Amended]**

5. The heading for appendix A to part 8 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 8.2(a), first sentence | federally assisted programs | types of Federal financial assistance |
| 8.2(a), last sentence | under any such program | |
| 8.2(b)(2) | under any such program | |
| 8.2(b), second sentence | a program | a type of Federal financial assistance |
| 8.2(b), second sentnece | such program | a program |
| 8.2(b), last sentence | programs | types of Federal financial assistance |
| 8.3(i), first sentence | for or in connection with any program | |
| 8.3(i), last sentence | under any program | |
| 8.3(j) | for the purpose of carrying out a program | |
| 8.4(b)(1), introductory text | under any program to which this part applies | |
| 8.4(b)(1)(vii) | where a program is applicable thereto | |
| 8.4(b)(2) | under any program | |
| 8.4(b)(2) | such program, or the class of persons to whom | program, or the class of persons to whom |
| 8.4(c)(1), third sentence | program | plan |
| 8.5(a), first sentence | to carry out a program | |
| 8.5(b)(3) | That in a program involving | When |
| 8.5(b)(3) | assistance, | assistance is involved, |
| 8.5(b)(5), third sentence | program | statute |
| 8.6, introductory text, second sentence | program | type of Federal financial assistance |
| 8.6(b), second sentence | student training programs | instances of student training |
| 8.7(b), last sentence | of any program under | in |
| 8.7(d) | program under which | program for which |
| 8.12(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 8.13(f) | under the program involved | to which this regulation applies |
| 8.13(f) | assistance will | assistance to which this regulation applies will |

AR_0170

| Section | Remove | Add |
|---|---|---|
| 8.13(f) ................................................ | under such program | |
| 8.15(a), introductory text, first sentence .............. | under such program | |

## PART 8b—PROHIBITION OF DISCRIMINATION AGAINST THE HANDICAPPED IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES OF THE DEPARTMENT OF COMMERCE

7. The heading for part 8b is revised to read as set forth above.

8. The authority citation for part 8b is revised to read as follows:

**Authority:** 29 U.S.C. 794.

9. Section 8b.3 is amended by redesignating paragraphs (h) through (l) as paragraphs (i) through (m), respectively; and adding a new paragraph (h) to read as follows:

### §8b.3  Definitions.

*    *    *    *    *

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

*    *    *    *    *

10. Section 8b.4 is amended by revising the heading of paragraph (c) to read as follows:

### §8b.4  Discrimination prohibited.

*    *    *    *    *

(c) *Aid, benefits, or services limited by Federal law.* * * *

*    *    *    *    *

### Subpart C of 8b    [Amended]

11. The heading for subpart C of part 8b is amended by removing the word "Program."

12. Section 8b.17 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### §8b.17  Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to qualified handicapped individuals. * * *

*    *    *    *    *

12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 8b.1, first sentence ................................. | or benefiting from | |
| 8b.1, last sentence ................................. | programs and activities | programs or activities |
| 8b.1, last sentence ................................. | or benefiting from | |
| 8b.2, first sentence ................................. | program | program or activity |
| 8b.2, first sentence ................................. | or benefiting from | |
| 8b.2, last sentence ................................. | program | program or activity |
| 8b.4(a) ................................................ | or benefits from | |
| 8b.4(b)(1)(v) ....................................... | program | program or activity |
| 8b.4(b)(3) ........................................... | programs or activities | aid, benefits, or services |
| 8b.4(b)(4)(ii) ....................................... | program | program or activity |
| 8b.4(b)(5)(i) ........................................ | or benefits from | |
| 8b.4(b)(6) ........................................... | or benefiting from | |
| 8b.4(b)(7)(i) ........................................ | under programs of Federal financial assistance | |
| 8b.4(c) ............................................... | the benefits of a program | aid, benefits, or services |
| 8b.4(c) ............................................... | from a program | from aid, benefits, or services |
| 8b.4(d) ............................................... | programs and activities | programs or activities |
| 8b.5(a), first sentence ............................ | for a program or activity | |
| 8b.5(a), first sentence ............................ | the program | the program or activity |
| 8b.5(b)(3) ........................................... | program | program or activity |
| 8b.5(d) ............................................... | a program | the objectives of Federal financial assistance |
| 8b.5(d) ............................................... | programs and activities | programs or activities |
| 8b.6(a)(3)(i) ........................................ | program | program or activity |
| 8b.6(a)(3)(ii) ....................................... | program | program or activity |
| 8b.8(a), second sentence ........................ | programs and activities | programs or activities |
| 8b.10(a) ............................................. | programs | programs or activities |
| 8b.11(a)(1) .......................................... | or benefits from | |
| 8b.11(a)(3), last sentence ....................... | apprenticeship programs | apprenticeships |
| 8b.12(a) ............................................. | program | program or activity |

AR_0171

**76480**     **Federal Register** / Vol. 65, No. 235 / Wednesday, December 6, 2000 / Proposed Rules

| Section | Remove | Add |
|---|---|---|
| 8b.12(b)(1) | program | program or activity |
| 8b.12(c), introductory text | program | program or activity |
| 8b.12(c)(1) | program | program or activity |
| 8b.12(e) | program | program or activity |
| 8b.17(a), third sentence | program | aid, benefit, or service |
| 8b.17(a), last sentence | Program accessibility | Accessibility |
| 8b.17(a), last sentence | program | aid, benefit, or service |
| 8b.17(b), last sentence | offer programs and activities to | serve |
| 8b.17(e)(3) | program accessibility | accessibility under §8b.17(a) |
| 8b.19 | programs and activities | programs or activities |
| 8b.19 | or benefit from | |
| 8b.21(a) | program or activity | aid, benefits, or services |
| 8b.21(d) | programs and activities | program or activity |
| 8b.22(a), second sentence | program of | |
| 8b.22(c) | in its entirety | |
| 8b.22(d)(1), first sentence | under the education program or activity operated by the recipient | |
| 8b.25(a)(1), first sentence | programs and activities | aid, benefits, or services |

## PART 20—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

15. The authority citation for part 20 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. sec. 6101 *et seq.* and the government-wide regulations implementing the Act, 45 CFR Part 90.

16. The heading of § 20.2 is revised to read as follows:

**§ 20.2  Programs or activities to which these regulations apply.**

\*      \*      \*      \*      \*

17. Section 20.3 is amended by redesignating paragraphs (j) through (n) as paragraphs (k) through (o), respectively; and adding a new paragraph (j) to read as follows:

**§ 20.3   Definitions.**

\*      \*      \*      \*      \*

(j) *Program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (j)(1),(2), or (3) of this section.

\*      \*      \*      \*      \*

18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 20.1, last sentence | programs and activities | programs or activities |
| 20.2(a) | or benefits from | |
| 20.4(d) | program | program or activity |
| 20.7, introductory text | programs and activities | programs or activities |
| 20.7(a), first sentence | program | program or activity |
| 20.13(a)(2),last sentence | program | |
| 20.15(a)(1), last sentence | program | program or activity |
| 20.15(b) | program and activity | program or activity |
| 20.15(c)(2), first sentence | Federal | |
| 20.18(b)(2) | program or activity | Federal financial assistance |

Dated: August 11, 2000.

**Lawrence N. Self,**

*Acting Director, Office of Civil Rights, Department of Commerce.*

## TENNESSEE VALLEY AUTHORITY

### 18 CFR Chapter XIII

### RIN 3316–AA20

**Authority and Issuance**

For the reasons set forth in the joint preamble, TVA proposes to amend 18 CFR chapter XIII, parts 1302, 1307, and 1309 as set forth below:

**PART 1302—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF TVA—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

1. The authority citation for part 1302 continues to read as follows:

**Authority:** TVA Act, 48 Stat. 58 (1933), as amended, 16 U.S.C. 831–831dd, and sec. 602 of the Civil Rights Act of 1964, 78 Stat. 252, 42 U.S.C. 2000d–1.

2. Section 1302.3 is amended by adding a new paragraph (e) to read as follows:

**§ 1302.3  Definitions.**

\* \* \* \* \*

(e) *Program or activity* and *program* refer to all of the operations of any entity described in paragraphs (e)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1), (2), or (3) of this section.

3. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 1302.2, introductory text, first sentence | program in which | program for which |
| 1302.2, introductory text, second sentence | programs | types of Federal financial assistance |
| 1302.2(b) | under any such program | |
| 1302.2(c) | under any such program | |
| 1302.2, concluding text, first sentence | a program | a type of Federal financial assistance |
| 1302.2, concluding text, first sentence | such program | a program |
| 1302.2, concluding text, last sentence | programs | types of Federal financial assistance |
| 1302.4(b)(1), introductory text | under any program or activity | |
| 1302.5(a), last sentence | in the program | |
| 1302.5(b), first sentence | through a program of | with |
| 1302.5(b), second sentence | under a program of | with |
| 1302.5(b), third sentence | program | statute |
| 1302.6(b), last sentence | of any program under | in |
| 1302.6(d) | program under which | program for which |
| 1302.7(b)(3)(ii) | program | programs |
| 1302.7(c)(3)(ii)(B) | program | programs |
| 1302.9(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1302.10(f) | under the program involved | to which this regulation applies |
| 1302.10(f) | assistance will | assistance to which this regulation applies will |
| 1302.10(f) | under such program | |
| 1302.12(a), introductory text, first sentence | under such program | |

**PART 1307—NONDISCRIMINATION WITH RESPECT TO HANDICAP**

4. The authority citation for part 1307 continues to read as follows:

**Authority:** TVA Act, 48 Stat. 58 (1933) as amended, 16 U.S.C. 831–831dd (1976) and sec. 504 of the Rehabilitation Act of 1973, Pub. L. 93–112, as amended, 29 U.S.C. 794 (1976; Supp. II 1978).

5. Section 1307.1 is amended by adding paragraph (k) to read as follows:

**§ 1307.1  Definitions.**

\* \* \* \* \*

(k) *Program or activity* means all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private

AR_0173

organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section.

6. The heading of § 1307.4 is revised to read as follows:

**§ 1307.4   Discrimination prohibited.**

\*    \*    \*    \*    \*

7. Section 1307.6 is amended by revising the section heading and the first sentence of paragraph (b)(1) to read as follows:

**§ 1307.6   Accessibility.**

\*    \*    \*    \*    \*

(b) \* \* \*

(1) Each program or activity subject to this part shall be operated so that when each part is viewed in its entirety it is readily accessible to and usable by qualified handicapped persons. \* \* \*

\*    \*    \*    \*    \*

8. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1307.3, first sentence | program in which | program or activity for which |
| 1307.3, first sentence | under any program | |
| 1307.3, first sentence | under any such program | |
| 1307.4(b)(1), introductory text | under any program | |
| 1307.4(b)(1)(i) | program | program or activity |
| 1307.4(b)(1)(ii) | program | program or activity |
| 1307.4(b)(1)(iii) | program | program or activity |
| 1307.4(b)(1)(iv) | program | program or activity |
| 1307.4(b)(1)(v) | program | program or activity |
| 1307.4(b)(1)(vi) | program | program or activity |
| 1307.4(b)(1)(vii) | program | program or activity |
| 1307.4(b)(2) | program | program or activity |
| 1307.4(b)(2) | activities | aid, benefits, or services |
| 1307.4(b)(3)(ii) | program | program or activity |
| 1307.4(b)(4) | program, | program or activity, |
| 1307.4(b)(4)(i) | program | program or activity |
| 1307.4(c) | the benefits of a program | aid, benefits, or services |
| 1307.4(c) | from a program | from aid, benefits, or services |
| 1307.4(d), first sentence | programs and activities | programs or activities |
| 1307.4(d), last sentence | programs | aid, benefits, or services |
| 1307.5(c)(8) | social | those that are social |
| 1307.5(c)(8) | programs | |
| 1307.5(d) | apprenticeship programs | apprenticeships |
| 1307.5(e)(2)(i) | programs | programs or activities |
| 1307.6(a) | program | program or activity |
| 1307.6(b)(1), third sentence | program | |
| 1307.6(b)(1), last sentence | programs or activities | aid, benefits, or services |
| 1307.6(b)(2), introductory text, second sentence | make covered programs or activities in existing facilities recipient accessible | comply with paragraph (b)(1) of this section |
| 1307.6(c), second sentence | program | |
| 1307.6(c), fourth sentence | program | |
| 1307.6(d)(1) | program | program or activity |
| 1307.7(a), last sentence | in the program | |
| 1307.7(b), first sentence | through a program of | with |
| 1307.7(b), second sentence | under a program of | with |
| 1307.7(b), third sentence | program | statute |
| 1307.8(b), last sentence | of any program under | in |
| 1307.8(d) | program under which | program or activity for which |
| 1307.10(c), last sentence | program | program or activity |
| 1307.11(e) first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1307.12(f) | under the program involved | to which this regulation applies |
| 1307.12(f) | assistance will | assistance to which this regulation applies will |
| 1307.12(f) | under such program | |
| 1307.13(a)(2) | program | program or activity |
| 1307.13(b), first sentence | programs | programs or activities |

**PART 1309—NONDISCRIMINATION WITH RESPECT TO AGE**

9. The authority citation for part 1309 continues to read as follows:

**Authority:** TVA Act of 1933, 48 Stat. 58 (1933), as amended, 16 U.S.C. 831–831dd (1976), and sec. 304 of the Age Discrimination Act of 1975, 89 Stat. 729 (1975), as amended, 42 U.S.C. 6103 (1976).

10. Section 1309.1 is amended by adding paragraph (m) to read as follows:

**§ 1309.1   What are the defined terms in this part and what do they mean?**

\*    \*    \*    \*    \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of

any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

11. The heading for § 1309.4 is revised to read as follows:

**§ 1309.4  What programs or activities are covered by the Act and this part?**

\*    \*    \*    \*    \*

12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1309.2, last sentence | programs and activities | programs or activities |
| 1309.9(a), last sentence | in the program | |
| 1309.9(b), second sentence | under a program of | with |
| 1309.9(b), third sentence | program | statute |
| 1309.10(a), first sentence | programs and activities | programs or activities |
| 1309.12(a), last sentence | of any program under | in |
| 1309.12(c) | program under which | program or activity for which |
| 1309.14(a), third sentence | program | |
| 1309.14(d)(2), last sentence | program | |
| 1309.15(b), first sentence | program | program |
| 139.15(c)(2), first sentence | the TVA program | the program |
| 1309.16, last sentence | program or activity | Federal financial assistance |
| 1309.17(e), first sentence | programs | Federal statutes, authorities, of other means by which Federal financial assistance is extended and |
| 1309.17(f)(3) | under the program involved | to which this regulation applies |
| 1309.17(f)(3) | assistance will | assistance to which this regulations applies will |
| 1309.17(f)(3) | under such program | |
| 1309.18(c) | program | program or activity |

Dated: August 30, 2000.

**Franklin E. Alford,**
*Manager, Supplier and Diverse Business Relations, Tennessee Valley Authority.*

**DEPARTMENT OF STATE**

**22 CFR Chapter I**

**RIN 1400–AB17**

**Authority and Issuance**

For the reasons set forth in the joint preamble, the Department of State proposes to amend 22 CFR chapter I, parts 141 through 143 as set forth below:

**PART 141—NONDISCRIMINATION IN FEDERALLY–ASSISTED PROGRAMS OF THE DEPARTMENT OF STATE— EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

1. The authority citation for part 141 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252, sec. 4, 63 Stat. 111, as amended; 42 U.S.C. 2000d–1, 22 U.S.C. 2658.

2. Section 141.3 is amended by revising the heading of paragraph (c) to read as follows:

**§ 141.3   Discrimination prohibited.**

\*    \*    \*    \*    \*

(c) Special benefits. \*  \*  \*

\*    \*    \*    \*    \*

3. Section 141.4 is amended by revising paragraph (b)(2) to read as follows:

**§ 141.4   Assurances required.**

\*    \*    \*    \*    \*

(b) \*  \*  \* (2) The assurance required with respect to an institution of higher education, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals,

shall be applicable to the entire institution.

\*    \*    \*    \*    \*

4. Section 141.12 is amended by revising paragraph (f) to read as follows:

**§ 141.12   Definitions.**

\*    \*    \*    \*    \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or (ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private

organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the

entities described in paragraph (f)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

**Appendix A to Part 141    [Amended]**

5. The heading for appendix A to part 141 is amended by removing the words "Grants and Activities" and adding, in their place, the words "Federal Financial Assistance".

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 141.2, first sentence | federally-assisted programs and activities. | types of Federal financial assistance |
| 141.2, second sentence | under any such program | |
| 141.2(b) | under any such program | |
| 141.2(c) | under any such program | |
| 141.2, penultimate | program or activity | type of Federal financial assistance |
| 141.2, penultimate | such program | a program sentence |
| 141.3(b)(1), introductory text | under any program | |
| 141.3(c) | the benefits of a program | benefits |
| 141.4(a)(1), first sentence | to carry out a program | |
| 141.4(a)(2), third sentence | a program of | |
| 141.4(a)(3), first sentence | for each program, | |
| 141.4(a)(3), first sentence | in the program | |
| 141.4(b)(1) | a student loan program | student loans |
| 141.5(b), last sentence | of any program under | in |
| 141.5(d) | program under which | program for which |
| 141.8(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 141.9(f) | under the program involved | to which this regulation applies |
| 141.9(f) | assistance will | assistance to which this regulation applies will |
| 141.9(f) | under such program | |
| 141.12(c) | the program extending | |
| 141.12(g) | for any program, | |
| 141.12(g) | under any such program | |
| 141.12(h) | for the purpose of carrying out a program | |

**PART 142—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

7. The heading for part 142 is revised to read as set forth above.

8. The authority citation for part 142 continues to read as follows:

**Authority:** 29 U.S.C. 794.

9. Section 142.3 is amended by adding paragraph (m) to read as follows:

**§ 142.3    Definitions.**

\*    \*    \*    \*    \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or (ii) The entity of such State or local government that

distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

10. Section 142.4 is amended by revising the heading of paragraph (c) to read as follows:

**§ 142.4    Discrimination prohibited.**

\*    \*    \*    \*    \*

(c) *Aid, benefits, or services limited by Federal law.* \* \* \*

\*    \*    \*    \*    \*

11. The heading for subpart C is revised to read as follows:

**Subpart C—Accessibility**

12. Section 142.16 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

**§ 142.16  Existing facilities.**

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. * * *

\* * * * * *

**Appendix to Part 142    [Amended]**

13. The heading for appendix A to part 142 is amended by removing the words "Grants and Activities" and adding, in their place, the words "Federal Financial Assistance".

14. The introductory text for appendix A to part 142 is amended by removing the words "Programs of" and adding, in their place, the words "Types of Federal".

15. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 142.2, introductory text, first sentence | all programs | all programs or activities |
| 142.2, introductory text, first sentence | federally-assisted programs and activities | types of Federal financial assistance |
| 142.2, introductory text, second sentence | under any such program | |
| 142.2(b) | under any such program | |
| 142.2(c) | under any such program | |
| 142.2(d), last sentence | program | Federal financial assistance |
| 142.4(a) | or benefits from | |
| 142.4(b)(1)(v) | recipients program | recipient's program or activity |
| 142.4(b)(3) | programs or activities | aid, benefits, or services |
| 142.4(b)(4)(ii) | program | program or activity |
| 142.4(b)(5)(i) | or benefits from | |
| 142.4(b)(6) | or benefiting from | |
| 142.4(c) | the benefits of a program | aid, benefits, or services |
| 142.4(d) | programs and activities | programs or activities |
| 142.4(e) | programs and activities | programs or activities |
| 142.5(a), first sentence | for a program or activity | |
| 142.5(a), first sentence | program will | program or activity will |
| 142.6(a)(3)(i) | program | program or activity |
| 142.6(a)(3)(ii) | program | program or activity |
| 142.8(a), second sentence | programs and activities | programs or activities |
| 142.11(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 142.11(b)(8) | social | those that are social |
| 142.11(b)(8) | programs | |
| 142.12(a) | program | program or activity |
| 142.12(c), introductory text | program | program or activity |
| 142.12(c)(1) | program | program or activity |
| 142.16(b), last sentence | offer programs and activities to | serve |
| 142.16(d)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 142.41 | programs and activities | programs or activities |
| 142.41 | or benefit from | |
| 142.43(a) | program or activity | aid, benefits, or services |
| 142.43(b) | programs activities | programs or activities |
| 142.43(d) | programs and activities | programs or activities |
| 142.44(a), second sentence | program of | |
| 142.44(c) | in its program | |
| 142.44(d)(1) | under the education program or activity operated by the recipient | |
| 142.47(a)(1), first sentence | programs and activities | aid, benefits, or services |
| 142.61 | programs and activities | programs or activities |
| 142.61 | or benefit from | |

**PART 143—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

16. The authority citation for part 143 is revised to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended (42 U.S.C. 6101 *et seq.*); 22 U.S.C. 2658; 45 CFR part 90.

17. The heading of § 143.2 is revised to read as follows:

**§ 143.2  To what programs or activities do these regulations apply?**

\* * * * * *

18. Section 143.3 is amended by redesignating paragraphs (b)(2) and (b)(3) as paragraphs (b)(3) and (b)(4) and adding a new paragraph (b)(2) to read as follows:

**§ 143.3  Definitions.**

\* * * * * *

(b) * * *

(2) *Program or activity* means all of the operations of any entity described in paragraphs (b)(2)(i) and (iv) of this section, any part of which is extended Federal financial assistance:

(i)(A) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(ii)(A) A college, university, or other postsecondary institution, or a public system of higher education; or

(B) A local educational agency (as defined in section 8801 of title 20),

AR_0177

system of vocational education, or other school system;

(iii)(A) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

*(1)* If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

*(2)* Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(iv) Any other entity which is established by two or more of the entities described in paragraph (b)(2)(i), (ii), or (iii) of this section.

\*    \*    \*    \*    \*

**Appendix A to Part 143    [Amended]**

19. The heading for appendix A to part 143 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

20. The undesignated center heading in appendix A to part 143 is amended by removing the words "Programs of" and adding, in their place, the words "Types of Federal".

**Appendix B to Part 143    [Amended]**

21. The heading for appendix B to part 143 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

22. The undesignated center heading in appendix B to part 143 is amended by removing the words "Programs of" and adding, in their place, the words "Types of Federal".

**Appendix C to Part 143    [Amended]**

23. The heading for appendix C to part 143 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

24. The undesignated center heading in appendix C to part 143 is amended by removing the words "Program of" and adding, in their place, the words "Types of Federal".

25. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 143.1, last sentence | programs and activities | programs or last activities |
| 143.2 | or benefits from | |
| 143.21 | programs and activities | programs or activities |
| 143.34(a)(2), last sentence | program | |
| 143.36(c)(2), first sentence | Federal | |
| 143.39(b)(2) | program or activity | Federal financial assistance |

Dated: August 24, 2000.

**Bonnie Cohen,**
*Under Secretary of State for Management.*

**AGENCY FOR INTERNATIONAL DEVELOPMENT**

**22 CFR Chapter II**

**RIN 0412–AA45**

**Authority and Issuance**

For the reasons set forth in the joint preamble, AID proposes to amend 22 CFR chapter II, parts 209, 217, and 218, as set forth below:

**PART 209—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE AGENCY FOR INTERNATIONAL DEVELOPMENT— EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

1. The authority citation for part 209 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252, and sec. 621, Foreign Assistance Act of 1961, 75 Stat. 445; 22 U.S.C. 2402.

2. Section 209.3 is amended by revising paragraph (g) to read as follows:

**§ 209.3    Definitions.**

\*    \*    \*    \*    \*

(g) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1)

through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

3. Section 209.5 is amended by revising paragraph (b)(2) to read as follows:

**§ 209.5    Assurance required.**

\*    \*    \*    \*    \*

(b) \*    \*    \*

(2) The assurance required with respect to an institution of higher education or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 209.2, first sentence .......................... | federally assisted programs and activities | types of Federal financial assistance |
| 209.2, second sentence ...................... | under any such program | |
| 209.2(b) .............................................. | under any such program | |
| 209.2(c) .............................................. | under any such program | |
| 209.2, last sentence ........................... | program | Federal financial assistance |
| 209.3(f) ............................................... | for the purpose of carrying out a program | |
| 209.3(h) .............................................. | for any program, | |
| 209.3(h) .............................................. | under any such program | |
| 209.4(b)(1), introductory text ............. | under any program | |
| 209.5(a)(1), first sentence .................. | to carry out a program | |
| 209.5(a)(1), first sentence .................. | except a program | except an application |
| 209.5(a)(1), fifth sentence .................. | for each program | |
| 209.5(a)(1), fifth sentence .................. | in the program | |
| 209.5(a)(2), first sentence .................. | through a program of | with |
| 209.5(a)(2), second sentence ............. | under a program of | with |
| 209.5(a)(2), third sentence ................. | program | statute |
| 209.5(b)(1) .......................................... | for a student assistance program | for student assistance |
| 209.6(b), last sentence ....................... | of any program under | in |
| 209.6(d) .............................................. | under | for |
| 209.9(e), first sentence ...................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 209.10(e) ............................................ | under the program involved | to which this regulation applies |
| 209.10(e) ............................................ | assistance will | assistance to which this regulation applies will |
| 209.10(e) ............................................ | under such program | |
| 209.12(a),first sentence ..................... | under such program | |
| 209.13 ................................................ | programs | Federal financial assistance |

## PART 217—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

5. The heading for part 217 is revised to read as set forth above.

6. The authority citation for part 217 continues to read as follows:

**Authority:** 29 U.S.C. 794, unless otherwise noted.

7. Section 217.3 is amended by adding a new paragraph (l) to read as follows:

### § 217.3   Definitions.

*    *    *    *    *

(l) *Program or activity* means all of the operations of any entity described in paragraphs (l)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (l)(1), (2), or (3) of this section.

8. Section 217.4 is amended by revising the heading of paragraph (c) to read as follows:

### § 217.4   Discrimination prohibited.

*    *    *    *    *

(c) *Aid, benefits, or services limited by Federal law.* * * *

## Subpart C of Part 217    [Amended]

9. The heading for subpart C is amended by removing the word "Program".

10. Section 217.22 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### § 217.22   Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to handicapped persons. * * *

*    *    *    *    *

11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 217.2, first sentence ........................... | programs carried | programs or activities carried |
| 217.2, first sentence ........................... | federally assisted programs and activities | types of Federal financial assistance |
| 217.2, second sentence ...................... | under any such program | |
| 217.2(b) .............................................. | under any such program | |
| 217.2(c) .............................................. | under any such program | |
| 217.2, last sentence ........................... | program | Federal financial assistance |

| Section | Remove | Add |
|---|---|---|
| 217.4(a) | or benefits from | |
| 217.4(b)(1)(v) | program | program or activity |
| 217.4(b)(3) | programs or activities | aid, benefits, or service |
| 217.4(b)(4)(ii) | program | program or activity |
| 217.4(b)(5)(i) | or benefits from | |
| 217.4(b)(6) | or benefiting from | |
| 217.4(c) | the benefits of a program | aid, benefits, or services |
| 217.4(c) | from a program | from aid, benefits, or services |
| 217.5(a), first sentence | for a program or activity | |
| 217.5(a), first sentence | the program | the program or activity |
| 217.6(a)(3)(i) | program | program or activity |
| 217.6(a)(3)(ii) | program | program or activity |
| 217.6(a)(3)(iii) | program | program or activity |
| 217.8(a), second sentence | programs and activities | programs or activities |
| 217.11(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 217.11(b)(8) | social | those that are social or recreational |
| 217.11(b)(8) | programs | |
| 217.12(a) | program | program or activity |
| 217.12(c), introductory text | program | program or activity |
| 217.12(c)(1) | program | program or activity |
| 217.14(b) | programs | program |
| 217.22(b), last sentence | offer programs and activities to | serve |
| 217.22(d)(3) | program accessibility | accessibility under § 217.22(a) |
| 217.41 | programs and activities | programs or activities |
| 217.41 | or benefit from | |
| 217.43(a) | program or activity | aid, benefits, or services |
| 217.43(d) | programs and activities | program or activity |
| 217.44(a), second sentence | program of | |
| 217.44(c) | in its program | |
| 217.44(d)(1) | under the education program or activity operated by the recipient | |
| 217.47(a)(1), first sentence | programs and activities | aid, benefits, or services |

## PART 218—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

12. The authority citation for part 218 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101 *et seq.*; 45 CFR part 90; 22 U.S.C. 2658, unless otherwise noted.

13. The heading for § 218.02 is revised to read as follows:

### § 218.02   To what programs or activities do these regulations apply?

\*    \*    \*    \*    \*

14. Section 218.03 is amended by adding paragraph (b)(4) to read as follows:

### § 218.03   Definitions.

\*    \*    \*    \*    \*

(b) \* \* \*

(4) *Program or activity* means all of the operations of any entity described in paragraphs (b)(4)(i) through (iv) of this section, any part of which is extended Federal financial assistance:

(i)(A) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(ii)(A) A college, university, or other postsecondary institution, or a public system of higher education; or

(B) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(iii)(A) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(*1*) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(*2*) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(iv) Any other entity which is established by two or more of the entities described in paragraph (b)(4)(i), (ii), or (iii) of this section.

**Appendices A, B, and C to Part 218 [Amended]**

15. The headings for appendices A, B, and C to part 218 are amended by removing the words "Affected Programs" and adding, in their place, the words "Types of Federal Financial Assistance".

16. The undesignated center headings immediately following the headings for appendices A and B to part 218 are amended by removing the words "Programs of" and adding, in their place, the word "Federal".

17. The undesignated center heading immediately following the heading for Appendix C to part 218 is amended by removing the words "Program of" and adding, in their place, the word "Federal".

18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

AR_0180

| Section | Remove | Add |
|---|---|---|
| 218.01, last sentence ........................................ | programs and activities | programs or activities |
| 218.02 ................................................................ | or benefits from | |
| 218.21 ................................................................ | programs and activities | program or activities |
| 218.34(a)(2), last sentence ............................... | program | |
| 218.36(c)(2) ....................................................... | Federal | |
| 218.39(b)(2) ....................................................... | program or activity | Federal financial assistance |

Dated: August 23, 2000.

**Jessalyn L. Pendarvis,**
*Director, Office of Equal Opportunity Programs, Agency for International Development.*

## DEPARTMENT OF JUSTICE

**28 CFR Chapter I**

**[A.G. Order No. 2334–2000]**

**RIN 1190–AA49**

**Authority and Issuance**

For the reasons set forth in the joint preamble, DOJ proposes to amend 28 CFR chapter I, part 42 as set forth below:

## PART 42—NONDISCRIMINATION; EQUAL EMPLOYMENT OPPORTUNITY; POLICIES AND PROCEDURES

### Subpart C—Nondiscrimination in Federally Assisted Programs—Implementation of Title VI of the Civil Rights Act of 1964 [1]

[1]See also 28 CFR 5. Guidelines for enforcement of Title VI, Civil Rights Act.

1. The authority citation for subpart C is revised to read as follows:

**Authority:** 42 U.S.C. 2000d–2000d–7; E.O. 12250, 45 FR 72995, 3 CFR, 1980 Comp., p. 298.

2. Section 42.102 is amended by revising paragraph (d) to read as follows:

### § 42.102    Definitions.

\* \* \* \* \*

(d) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (d)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (d)(1), (2), or (3) of this section.

3. Section 42.104 is amended by revising paragraph (b)(4) to read as follows:

### § 42.104    Discrimination prohibited.

\* \* \* \* \*

(b) \* \* \*

(4) For the purposes of this section the disposition, services, financial aid, or benefits provided under a program receiving Federal financial assistance shall be deemed to include all portions of the recipient's program or activity, including facilities, equipment, or property provided with the aid of Federal financial assistance.

\* \* \* \* \*

4. Section 42.105 is amended by revising paragraph (b), paragraph (c)(2), and the heading of paragraph (d) to read as follows:

### § 42.105    Assurance required.

\* \* \* \* \*

(b) *Assurances from government agencies.* In the case of any application from any department, agency, or office of any State or local government for Federal financial assistance for any specified purpose, the assurance required by this section shall extend to any other department, agency, or office of the same governmental unit if the policies of such other department, agency, or office will substantially affect the project for which Federal financial assistance is requested.

(c) \* \* \*

(2) The assurance required with respect to an academic institution, detention or correctional facility, or any other institution or facility, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, wards, inmates, persons subject to control, or clients of the institution or facility or to the opportunity to participate in the provision of services, disposition, treatment, or benefits to such individuals, shall be applicable to the entire institution or facility.

(d) *Continuing Federal financial assistance.* \* \* \*

\* \* \* \* \*

5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 42.102(f) ............................................................ | for any program, | |
| 42.102(f) ............................................................ | under any such program | |
| 42.102(g) ........................................................... | for the purpose of carrying out a program | |
| 42.103, introductory text, second sentence ....... | under any such program | |
| 42.104(b)(1), introductory text ........................... | under any program | |
| 42.105(a)(1), first sentence ............................... | to carry out a program | |
| 42.105(a)(1), fourth sentence ............................ | for each program | |

| Section | Remove | Add |
|---|---|---|
| 42.105(a)(1), fourth sentence | in the program | with |
| 42.105(a)(2), first sentence | through a program of | with |
| 42.105(a)(2), second sentence | under a program of | statute |
| 42.105(a)(2), last sentence | program | applying for |
| 42.105(d), introductory text | administering a program which receives | in |
| 42.106(b), last sentence | of any program under | program for which |
| 42.106(d) | program under which | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 42.109(e), first sentence | programs | |
| 42.110(f) | under the program involved | to which this regulation applies |
| 42.110(f) | assistance | assistance to which this regulation applies will |
| 42.110(f) | under such program | |

6. The heading for subpart G is revised to read as follows:

**Subpart G—Nondiscrimination Based on Handicap in Federally Assisted Programs or Activities—Implementation of Section 504 of the Rehabilitation Act of 1973**

7. The authority citation for subpart G continues to read as follows:

**Authority:** 5 U.S.C. 301; 28 U.S.C. 509, 510; 29 U.S.C. 706, 794; E.O. 12250.

**§ 42.520  [Amended]**

8. The undesignated center heading immediately preceding § 42.520 is amended by removing the word ''Program.''

9. Section 42.521 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

**§ 42.521  Existing facilities.**

(a) *Accessibility.* A recipient shall operate each program or activity to which this subpart applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. * * *

*    *    *    *    *

10. Section 42.540 is amended by revising paragraph (h) to read as follows:

**§ 42.540  Definitions.**

*    *    *    *    *

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h) (1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

*    *    *    *    *

**Appendix A to Subpart 6 of Part 42 [Amended]**

11. The Note in appendix A to subpart G is amended by removing the word ''program'' and adding, in its place, the words ''program or activity.''

12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 42.501 | program | program or activity |
| 42.502, first sentence | program | program or activity |
| 42.502, first sentence | or benefiting from | |
| 42.502, last sentence | program | program or activity |
| 42.503(a) | program | program or activity |
| 42.503(a) | or benefiting from | |
| 42.503(b)(1), introductory text | program | program or activity |
| 42.503(b)(1)(i) | program | program or activity |
| 42.503(b)(1)(ii) | program | program or activity |
| 42.503(b)(1)(iv) | program | program or activity |
| 42.503(b)(1)(vi) | program | program or activity |
| 42.503(b)(2) | program | program or activity |
| 42.503(b)(2) | program | aid, benefits, or services |
| 42.503(b)(3) | program | program or activity |
| 42.503(b)(4) | program | program or activity |
| 42.503(b)(5) | a program | aid, benefits, or services |
| 42.503(b)(5) | any program | any program or activity |
| 42.503(b)(6) | program | entity |
| 42.503(c) | programs | aid, benefits, or services |

AR_0182

| Section | Remove | Add |
|---|---|---|
| 42.503(d) ................................................. | programs | programs or activities |
| 42.503(f), first sentence ...................... | program | program or activity |
| 42.504(a), first sentence ...................... | program | program or activity |
| 42.504(a), second sentence .................. | for each of its assistance programs | |
| 42.504(a), second sentence .................. | program | program or activity |
| 42.504(b) ................................................ | program | program or activity |
| 42.505(a), last sentence ....................... | program | program or activity |
| 42.505(b) ................................................ | program | program or activity |
| 42.505(f)(1), second sentence .............. | programs | programs or activities |
| 42.510(a)(1) ........................................... | program | program or activity |
| 42.510(a)(1) ........................................... | or benefiting from | |
| 42.510(a)(2) ........................................... | program | program or activity |
| 42.510(a)(3), last sentence .................. | apprenticeship programs | apprenticeships |
| 42.510(b)(7) ........................................... | social | those that are social |
| 42.510(b)(7) ........................................... | programs | |
| 42.511(a) ................................................ | program | program or activity |
| 42.511(c), introductory text ................. | program | program or activity |
| 42.511(c)(1) ........................................... | program | program or activity |
| 42.520 .................................................... | program | program or activity |
| 42.521(b), first sentence ...................... | in making its program accessible to its program accessible | in making its program or activity accessible |
| 42.521(b), last sentence ....................... | offer programs to | serve |
| 42.521(b), last sentence ....................... | to obtain the full benefits of the program | |
| 42.521(d)(1) ........................................... | program | program or activity |
| 42.521(d)(3) ........................................... | program accessibility | accessibility under§ 42.521(a) |
| 42.530(a), first sentence ...................... | programs | programs or activities |
| 42.530(b) ................................................ | programs | programs or activities |
| 42.530(c) ................................................ | programs | programs or activities |
| 42.540(i), first sentence ....................... | programs programs or | activities |

13. The heading for subpart I is revised to read as follows:

## Subpart I—Nondiscrimination on the Basis of Age in Federally Assisted Programs or Activities; Implementation of the Age Discrimination Act of 1975

14. The authority citation for subpart I continues to read as follows:

**Authority:** 42 U.S.C. 6103(a)(4); 45 CFR part 90.

15. Section 42.702 is amended by revising the definition of ''Program or activity'' to read as follows:

### § 42.702  Definitions.

\*     \*     \*     \*     \*

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*     \*     \*     \*     \*

16. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 42.701(b) ................................................ | programs | programs or activities |
| 42.710(b), last sentence ....................... | program | program or activity |
| 42.712(a)(2) ........................................... | program | program or activity |
| 42.712(b)(2) ........................................... | program | program or activity |
| 42.712(c) ................................................ | program | program or activity |
| 42.713(b), last sentence ....................... | program | program or activity |
| 42.714 .................................................... | program | program or activity |
| 42.720, first sentence ........................... | program | program or activity |
| 42.724(b) ................................................ | program | program or activity |
| 42.725 .................................................... | programs and activities | programs or activities |
| 42.733(b)(1)(i)(A) .................................. | program | program or activity |
| 42.733(b)(2), last sentence .................. | programs | programs or activities |

| Section | Remove | Add |
|---|---|---|
| 42.733(b)(3), last sentence ................................ | program | program or activity |

Dated: October 31, 2000.

**Janet Reno,**

*Attorney General.*

## DEPARTMENT OF LABOR

### 29 CFR Subtitle A

**RIN 1291–AA31**

**Authority and Issuance**

For the reasons set forth in the joint preamble, DOL proposes to amend 29 CFR subtitle A, parts 31 and 32 as set forth below:

### PART 31—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF LABOR—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

1. The authority citation for part 31 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 501, 29 U.S.C. 49k, 5 U.S.C. 301.

2. Section 31.2 is amended by revising paragraph (g) to read as follows:

**§ 31.2  Definitions.**

\*    \*    \*    \*    \*

(g) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

3. Section 31.3 is amended by revising the heading of paragraph (d)(1) to read as follows:

**§ 31.3  General standards.**

\*    \*    \*    \*    \*

(d) \*    \*    \*

(1) *Employment service.* \*    \*    \*

\*    \*    \*    \*    \*

4. Section 31.6 is amended by revising the heading of paragraph (b) to read as follows:

**§ 31.6  Assurances required.**

\*    \*    \*    \*    \*

(b) *Continuing Federal financial assistance.* \*    \*    \*

5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 31.2(f) ................................................ | for the purpose of carrying out a program |  |
| 31.2(h) ................................................ | for any program, |  |
| 31.2(h) ................................................ | under any such program |  |
| 31.3(b)(1), introductory text | under any program |  |
| 31.3(d), introductory text, first sentence ............ | programs and activities | types of Federal financial assistance |
| 31.3(d), introductory text third sentence ............ | particular program | particular type of Federal financial assistance |
| 31.3(d), introductory text, last sentence ............ | listed program | listed type of Federal financial assistance |
| 31.3(d), introductory text, last sentence ............ | that program | that assistance |
| 31.3(d), introductory text, last sentence ............ | other programs or activities | programs or activities receiving other types of Federal financial assistance |
| 31.5(b), last sentence ................................ | of any program under | in |
| 31.5(d) ................................................ | under | for |
| 31.6(a)(1), first sentence ............................ | to carry out a program |  |
| 31.6(a)(1), first sentence ............................ | to carry out such program |  |
| 31.6(a)(1), first sentence ............................ | except a program | except an application |
| 31.6(a)(1), second sentence .......................... | Every program | Every award |
| 31.6(a)(1), sixth sentence ............................ | for each program |  |
| 31.6(a)(1), sixth sentence ............................ | in this program |  |
| 31.6(a)(2), second sentence .......................... | under a program of | with |
| 31.6(a)(2), third sentence ............................ | program under | statute under |
| 31.6(b), introductory text ............................ | to carry out a program involving | for |
| 31.9(e), first sentence ................................ | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 31.10(e) ................................................ | under the program involved | to which this regulation applies |
| 31.10(e) ................................................ | assistance will | assistance to which this regulation applies will |
| 31.10(e) ................................................ | under such program |  |
| 31.12(a), first sentence ................................ | under such program |  |

## PART 32—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

6. The heading for part 32 is revised to read as set forth above.

7. The authority citation for part 32 continues to read as follows:

**Authority:** Sec. 504, Rehabilitation Act of 1973, Pub. L. 93–112, 87 Stat. 394 (29 U.S.C. 794); sec. 111(a), Rehabilitation Act Amendments of 1974, Pub. L. 93–516, 88 Stat. 1619 (29 U.S.C. 706); secs. 119 and 122 of the Rehabilitation Comprehensive Services and Developmental Disabilities Amendments of 1978, Pub. L. 95–602, 92 Stat. 2955; Executive Order 11914, 41 FR 17871.

8. Section 32.2 is amended by revising paragraph (a) to read as follows:

### § 32.2   Application.

(a) This part applies to each recipient of Federal financial assistance from the Department of Labor, and to every program or activity that receives such assistance.

\*    \*    \*    \*    \*

9. Section 32.3 is amended by adding, in alphabetical order, a definition of *Program or activity* to read as follows:

### § 32.3   Definitions.

\*    \*    \*    \*    \*

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*    \*    \*    \*    \*

10. Section 32.4 is amended by revising the heading of paragraph (c) to read as follows:

### § 32.4   Discrimination prohibited.

\*    \*    \*    \*    \*

(c) *Aid, benefits, services, or training limited by Federal law.* \*    \*    \*

\*    \*    \*    \*    \*

11. Section 32.5 is amended by revising paragraph (d) to read as follows:

### § 32.5   Assurances required.

\*    \*    \*    \*    \*

(d) *Interagency agreements.* Where funds are granted by the Department to another Federal agency, and where the grant obligates the recipient agency to comply with the rules and regulations of the Department applicable to that grant the provisions of this part shall apply to programs or activities operated with such funds.

12. The heading for subpart B is revised to read as follows:

### Subpart B—Employment Practices and Employment Related Training Participation

13. The heading for subpart C is revised to read as follows:

### Subpart C—Accessibility

14. Section 32.27 is amended by revising the section heading and the first sentence of paragraph (a) to read as follows:

### § 32.27   Accessibility.

(a) *Purpose.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to qualified handicapped individuals. \*    \*    \*

\*    \*    \*    \*    \*

15. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 32.1 ................................................. | or benefiting from | |
| 32.1, last sentence ....................... | programs and activities | programs or activities |
| 32.3, definition of Facility ............... | program | program or activity |
| 32.3, definition of Qualified handicapped individual, paragraph (b). | program | program or activity |
| 32.3, definition of Qualified handicapped individual, paragraph (c). | programs | |
| 32.3, definition of Qualified handicapped individual, paragraph (c). | in the program | in the program or activity |
| 32.3, definition of Reasonable accommodation, introductory text, first sentence. | training program | training |
| 32.3, definition of Reasonable accommodation, introductory text, first sentence. | an employment | employment |
| 32.3, definition of Reasonable accommodation, introductory text, first sentence. | recipient's program | recipient's program or activity |
| 32.3, definition of Reasonable accommodation paragraph (a). | where the program | where the program or activity |
| 32.4(a) .......................................... | or benefits from | |
| 32.4(b)(1)(v) ................................. | program | program or activity |
| 32.4(b)(2) ...................................... | services and training | services or training |
| 32.4(b)(3) ...................................... | programs or activities | aid, benefits, services, or training |
| 32.4(b)(4)(ii) ................................. | program | program or activity |

| Section | Remove | Add |
|---|---|---|
| 32.4(b)(5)(i) | or benefits from | |
| 32.4(b)(6) | or benefiting from | |
| 32.4(b)(7)(i), first sentence | under programs of | receiving |
| 32.4(b)(7)(i), second sentence | programs of employment | employment |
| 32.4(c) | the benefits of a program | aid, benefits, program services, or training |
| 32.4(c) | individuals from a program | individuals from aid, benefits, services, or training |
| 32.4(d) | programs and activities | programs or activities |
| 32.5(a), first sentence | for a program or activity | |
| 32.5(a), first sentence | program will | program or activity will |
| 32.5(b)(3) | program | program or activity |
| 32.6(a)(3)(i) | program | program or activity |
| 32.6(a)(3)(ii) | program | program or activity |
| 32.8(a), second sentence | programs and activities | programs or activities |
| 32.10(a) | programs | programs or activities |
| 32.12(a)(1), last sentence | programs | under programs or activities |
| 32.12(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 32.12(b)(8) | social | those that are social |
| 32.12(b)(8) | programs | |
| 32.13(a) | program | program or activity |
| 32.13(b), introductory text | program | program or activity |
| 32.13(b)(1) | program | program or activity |
| 32.13(b)(2) | training program | training |
| 32.13(d) | program | program or activity |
| 32.15(c)(1), second sentence | training programs | training |
| 32.17(a), last sentence | programs of | programs or activities receiving |
| 32.27(a), third sentence | particular program | particular aid, benefit, service, or training |
| 32.27(a), third sentence | program must | aid, benefit, service, or training must |
| 32.27(a), fourth sentence | program accessibility | Accessibility |
| 32.27(a), fourth sentence | program accessible | program or activity accessible |
| 32.27(b)(1) | including | including those involving |
| 32.27(b)(1) | when | when each part is |
| 32.27(b)(2), second sentence | programs | |
| 32.27(c), last sentence | offer programs and activities to | serve |
| 32.27(e)(3) | program accessibility | accessibility under § 32.27(a) |
| 32.44(b), second sentence | programs | programs or activities |
| 32.44(b), last sentence | of any program under | in |
| 32.46(c)(2), last sentence | program | program or activity |
| 32.47(c) | programs | programs or activities |

**Alexis M. Herman,**
*Secretary, Department of Labor.*

**DEPARTMENT OF VETERANS AFFAIRS**

**38 CFR Chapter I**

**RIN 2900–AK13**

**Authority and Issuance**

For the reasons set forth in the joint preamble, VA proposes to amend 38 CFR chapter I, part 18 as set forth below:

**PART 18—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF VETERANS AFFAIRS—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

**Subpart A—General**

1. The authority citation for subpart A continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252 (42 U.S.C. 2000d-1) and the laws referred to in Appendix A.

2. Section 18.4 is amended by revising the heading of paragraph (b) and paragraph (d) to read as follows:

**§ 18.4   Assurances required.**

\*    \*    \*    \*    \*

(b) *Continuing Federal financial assistance.* \*    \*    \*

\*    \*    \*    \*    \*

(d) *Extent of application to institution or facility.* In the case where any assurances are required from an academic, a medical care, or any other institution or facility, insofar as the assurances relate to the institution's practices with respect to the admission, care, or other treatment of persons by the institution or with respect to the opportunity of persons to participate in the receiving or providing of services, treatment, or benefits, such assurances shall be applicable to the entire institution or facility.

3. Section 18.13 is amended by revising paragraph (f) to read as follows:

**§ 18.13   Definitions.**

\*    \*    \*    \*    \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of

which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

AR_0186

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

*    *    *    *    *

4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 18.2, first sentence | the federally assisted programs and activities | the types of Federal financial assistance |
| 18.2, second sentence | under any such program | |
| 18.2(b) | under any such program | |
| 18.2(c) | under any such program | |
| 18.2, penultimate sentence | program or activity | type of Federal financial assistance |
| 18.2, penultimate sentence | such program | a program |
| 18.2, last sentence | programs | types of Federal financial assistance |
| 18.3(b)(1), introductory text | under any program | |
| 18.4(a)(1), first sentence | to carry out a program | |
| 18.4(a)(1), first sentence | except a program | except an application |
| 18.4(a)(1), second sentence | program | award |
| 18.4(a)(1), sixth sentence | for each program, | |
| 18.4(a)(1), sixth sentence | in the program | |
| 18.4(b), introductory text, first sentence | to carry out a program involving | for |
| 18.4(b), introductory text, first sentence | programs | types of Federal financial assistance |
| 18.4(b), concluding text | Under a continuing program | |
| 18.6(b), second sentence | of any program under | in |
| 18.6(d) | program under | program for |
| 18.9(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 18.10(f) | under the program involved | to which this regulation applies |
| 18.10(f) | assistance will | assistance to which this regulation applies will |
| 18.10(f) | under such program | |
| 18.12(a), first sentence | under such program | |
| 18.13(h) | for any program, | |
| 18.13(h) | under any such program | |

5. The heading for subpart D is revised to read as follows:

## Subpart D—Nondiscrimination on the Basis of Handicap

6. The authority citation for subpart D is revised to read as follows:

**Authority:** 29 U.S.C. 706, 794.

7. Section 18.403 is amended by adding paragraph (m) to read as follows:

### § 18.403   Definitions.

*    *    *    *    *

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity that is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

### § 18.404   [Amended]

8. In § 18.404, the heading of paragraph (c) is amended by removing the word "Programs" and adding, in its place, the words "Aid, benefits, or services".

9. Section 18.405 is amended by revising paragraph (c) to read as follows:

### § 18.405   Assurances required.

*    *    *    *    *

(c) *Extent of application to institution or facility.* An assurance shall apply to the entire institution or facility.

*    *    *    *    *

### § 18.421   [Amended]

10. The undesignated center heading before § 18.421 is amended by removing the word "Program".

11. In § 18.422, the heading and first sentence of paragraph (a) are revised to read as follows:

### § 18.422   Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to handicapped persons. *    *    *

*    *    *    *    *

12. The heading of § 18.438 is revised to read as follows:

**§ 18.438    Adult education.**
\*    \*    \*    \*    \*

13. The heading of § 18.439 is revised to read as follows:

**§ 18.439    Private education.**
\*    \*    \*    \*    \*

14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 18.402 | or benefits from | |
| 18.403(h)(1) | a program of | |
| 18.404(a) | or benefits from | |
| 18.404(b)(1)(v) | program | program or activity |
| 18.404(b)(3) | programs or activities | aid, benefits, or services |
| 18.404(b)(4)(ii) | program | program or activity |
| 18.404(b)(5)(i) | or benefits from | |
| 18.404(b)(6) | or benefiting from | |
| 18.404(c) | a program | aid, benefits, or services |
| 18.405(a) | for a program or activity | |
| 18.405(a) | the program | the program or activity |
| 18.406(a)(3)(i) | program | program or activity |
| 18.406(a)(3)(ii) | program | program or activity |
| 18.406(a)(3)(iii) | program | program or activity |
| 18.408(a), second sentence | programs and activities | programs or activities |
| 18.411(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 18.411(b)(8) | social | those that are social |
| 18.411(b)(8) | programs | |
| 18.412(a) | program | program or activity |
| 18.412(c), introductory text | program | program or activity |
| 18.412(c)(1) | program | program or activity |
| 18.422(b), last sentence | offer programs and activities to | serve |
| 18.422(c), last sentence | programs | programs or activities |
| 18.422(e)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 18.431 | programs and activities | programs or activities |
| 18.431 | or benefit from | |
| 18.433(b)(2) | individualized education program | Individualized Education Program |
| 18.433(b)(3), first sentence | in | |
| 18.433(b)(3), first sentence | to a program | for aid, benefits, or services |
| 18.433(b)(3), first sentence | the one | those |
| 18.433(b)(3), first sentence | operates | operates or provides |
| 18.433(c)(1), second sentence | in | |
| 18.433(c)(1), second sentence | to a program | for aid, benefits, or services |
| 18.433(c)(1), second sentence | operated | operated or provided |
| 18.433(c)(1), second sentence | the program | the aid, benefits, or services |
| 18.433(c)(2) | in | |
| 18.433(c)(2) | to a program | for aid, benefits, or services |
| 18.433(c)(2) | operated | operated or provided |
| 18.433(c)(2) | the program | the aid, benefits, or services |
| 18.433(c)(4), last sentence | such a program | a free appropriate public education |
| 18.435(a) | education program | education program or activity |
| 18.435(a) | in a regular or special program | in regular or program special education |
| 18.435(b), introductory text | programs and activities | programs or activities |
| 18.435(b), introductory text | or benefit from | |
| 18.437(a)(1) | or benefit from | |
| 18.437(b) | or benefit from | |
| 18.437(c)(1), first sentence | programs and activities | aid, benefits, or services |
| 18.437(c)(1), first sentence | or benefits from | |
| 18.437(c)(1), last sentence | in these activities | |
| 18.438, first sentence | operates an | provides |
| 18.438, first sentence | program or activity | |
| 18.438, first sentence | from the program or activity | |
| 18.438, last sentence | under the program or activity | |
| 18.439(a) | operates a | provides |
| 18.439(a) | education program | education |
| 18.439(a) | from that program | |
| 18.439(a) | the recipient's program | that recipient's program or activity |
| 18.439(c) | operates | provides |
| 18.439(c) | programs shall operate those programs | shall do so |
| 18.441 | programs and activities | programs or activities |
| 18.441 | or benefit from | |
| 18.443(a) | program or activity | aid, benefits, or services |
| 18.443(d) | programs and activities | program or activity |
| 18.444(a), last sentence | program of | |
| 18.444(c) | in its program | |
| 18.444(d)(1) | under the education program or activity operated by the recipient | |

AR_0188

| Section | Remove | Add |
|---------|--------|-----|
| 18.447(a)(1), first sentence ................................ | programs and activities | aid, benefits, or services |
| 18.451 ................................................................ | programs and activities | programs or activities |
| 18.451 ................................................................ | or benefit from | |
| 18.454, first sentence ...................................... | program or activity | program or activity that provides aid, benefits, or services |

## Subpart E—Nondiscrimination on the Basis of Age

15. The authority citation for subpart E continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101, *et seq.*; 45 CFR part 90 (1979).

16. Section 18.503 is amended by redesignating paragraphs (j) through (l) as paragraphs (k) through (m), and adding a new paragraph (j) to read as follows:

### §18.503  Definitions.

\*    \*    \*    \*    \*

(j) *Program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education,

health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity that is established by two or more of the entities described in paragraph (j)(1), (2), or (3) of this section.

### Appendix B to Subpart E to Part 18 [Amended]

17. The heading for appendix B to subpart E to part 18 is amended by removing the word "Programs".

18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---------|--------|-----|
| 18.501, last sentence ...................................... | programs and activities | programs or activities |
| 18.531 ................................................................ | programs and activities | programs or activities |
| 18.532 ................................................................ | programs and activities | programs or activities |
| 18.544(a)(2), last sentence .............................. | program | program or activity |
| 18.546(b), first sentence ................................. | program and activity | program or activity |
| 18.546(c)(2), first sentence .............................. | Federal | |
| 18.549(b)(2) ...................................................... | program or activity | Federal financial assistance |

Dated: August 14, 2000.

**Hershel W. Gober,**

*Acting Secretary, Department of Veterans Affairs.*

## ENVIRONMENTAL PROTECTION AGENCY

### 40 CFR Chapter I

#### RIN 2020–AA43

#### Authority and Issuance

For the reasons set forth in the joint preamble, EPA proposes to amend 40 CFR chapter I, part 7 as set forth below:

## PART 7—NONDISCRIMINATION IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL ASSISTANCE FROM THE ENVIRONMENTAL PROTECTION AGENCY

1. The heading for part 7 is revised to read as set forth above.

2. The authority citation for part 7 is revised to read as follows:

**Authority:** 42 U.S.C. 2000d to 2000d–7; 29 U.S.C. 794; 33 U.S.C. 1251 nt.

3. Section 7.25 is amended by adding the new definition of "Program or activity" in alphabetical order to read as follows:

### §7.25  Definitions.

\*    \*    \*    \*    \*

*Program or activity* and *program* mean all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or

agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

AR_0189

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

### § 7.55   [Amended]

4. The heading for § 7.55 is amended by removing the word "programs" and adding, in its place, the words, "aid, benefits, or services".

5. In § 7.65, the first sentence of paragraph (a) introductory text and the heading for paragraph (b) are revised to read as follows:

### § 7.65   Accessibility.

(a) *General.* A recipient shall operate each program or activity receiving EPA assistance so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. *   *   *

*   *   *   *   *

(b) *Methods of ensuring compliance in existing facilities.* *   *   *

*   *   *   *   *

### Appendix A to Part 7   [Amended]

6. The heading for appendix A to part 7 is amended by removing the word "Programs" and inserting the words "Types of" immediately before the word "EPA".

7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 7.20(a) | compliance programs | means of ensuring compliance |
| 7.25, undesignated definition of Project Officer | program | |
| 7.35(a)(1) | program | program or activity |
| 7.35(a)(2) | program | program or activity |
| 7.35(a)(3) | program | program or activity |
| 7.35(a)(4) | program | program or activity |
| 7.35(a)(5) | program | program or activity |
| 7.35(a)(6) | any program | any program or activity |
| 7.35(a)(6) | the EPA assistance program | EPA assistance |
| 7.35(b) | program | program or activity |
| 7.35(c) | program | program or activity |
| 7.50(a)(1) | program | program or activity |
| 7.50(a)(3) | program | program or activity |
| 7.50(a)(5) | program | program or activity |
| 7.50(b) | or benefits from | |
| 7.50(e) | programs | aid, benefits, or services |
| 7.55 | program | program or activity |
| 7.55 | programs | programs or activities |
| 7.60(a) | or benefits from | |
| 7.60(c)(8) | social | those that are social |
| 7.60(c)(8) | programs | |
| 7.60(d) | apprenticeship programs | apprenticeships |
| 7.60(e) | program | program or activity |
| 7.65(b) | offer program benefits to | serve |
| 7.65(c)(2) first sentence, | make a program or activity accessible | comply with paragraph (a) of this section |
| 7.65(d) | assisted program | |
| 7.65(e), last sentence | program | statute |
| 7.75, introductory text | program | program or activity |
| 7.75(a)(3) | program accessibility | accessibility under § 7.65(a) |
| 7.85(b), first sentence | programs | programs or activities |
| 7.95(a), first sentence | programs | programs or activities |
| 7.130(b)(4) | program | program or activity |

Dated: October 16, 2000.

**Carol M. Browner,**

*Administrator, Environmental Protection Agency.*

## GENERAL SERVICES ADMINISTRATION

### 41 CFR Chapter 101

### RIN 3090–AH33

### Authority and Issuance

For the reasons set forth in the joint preamble, GSA proposes to amend 41 CFR chapter 101, parts 101–6 and 101–8 as set forth below:

## PART 101–6—MISCELLANEOUS REGULATIONS

### Subpart 101–6.2—Nondiscrimination in Programs Receiving Federal Financial Assistance

1. The authority citation for subpart 101–6.2 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1.

2. Section 101–6.204–3 is amended by revising the heading to read as follows:

### § 101–6.204–3   Special benefits.

*   *   *   *   *

3. Section 101–6.205–2 is amended by revising the heading to read as follows:

### § 101–6.205–2   Continuing Federal financial assistance.

*   *   *   *   *

4. Section 101–6.205–4 is amended by revising paragraph (b) to read as follows:

### § 101–6.205–4   Applicability of assurances.

*   *   *   *   *

(b) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to

such individuals, shall be applicable to the entire institution.

\*   \*   \*   \*   \*

5. Section 101–6.216 is amended by revising paragraph (f) to read as follows:

### § 101–6.216   Definitions.

\*   \*   \*   \*   \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2) (i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3) (i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of nay other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

\*   \*   \*   \*   \*

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 101–6.201 ..................................................... | 52 | 42 |
| 101–6.201 ..................................................... | 2000d—2000d–4 | 2000d—2000d–7 |
| 101–6.203(a), last sentence .............................. | programs involving | |
| 101–6.203(b) ................................................. | the programs involving | |
| 101–6.203(c) ................................................. | programs | types of Federal financial assistance |
| 101–6.204–2 (a)(4), first sentence .................... | the program | a program |
| 101–6.204–3 ................................................. | the benefits of a program | benefits |
| 101–6.205–1(a), first sentence ......................... | to carry out a program | |
| 101–6.205–1(a), first sentence ......................... | except a program | except an application |
| 101–6.205–1(a), fifth sentence ......................... | for each program | |
| 101–6.205–1(a), fifth sentence ......................... | in the program | |
| 101–6.205–1(b), second sentence ..................... | under a program of | with |
| 101–6.205–1(b), third sentence ........................ | program | statute |
| 101–6.205–1(d) ............................................. | programs | Federal financial assistance |
| 101–6.205–2 ................................................. | to carry out a program involving | for |
| 101–6.205–4(c) ............................................. | under a program | |
| 101–6.206(b), second sentence ........................ | except as provided in paragraph (b) of § 101–6.205–4 | |
| 101–6.206(d) ................................................. | subject to the provisions of § 101–6.205–4(b) | in |
| 101–6.209–2, last sentence .............................. | of any program under | program for |
| 101–6.209–4 ................................................. | program under | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 101–6.212–5, first sentence ............................. | programs | |
| 101–6.213–6 ................................................. | under the program involved | to which this regulation applies |
| 101–6.213–6 ................................................. | assistance will | assistance to which this regulation applies will |
| 101–6.213–6 ................................................. | under such program | |
| 101–6.215–1, introductory text, first sentence ... | under such program | |
| 101–6.216(h) ................................................. | for any program, | |
| 101–6.216(h) ................................................. | under any such program | |
| 101–6.216(i) ................................................. | for the purpose of carrying out a program | |

### PART 101–8—NONDISCRIMINATION IN PROGRAMS RECEIVING FEDERAL FINANCIAL ASSISTANCE

7. The heading for part 101–8 is revised to read as set forth above.

### Subpart 101–8.3—Discrimination Prohibited on the Basis of Handicap

8. Section 101–8.301 is amended by adding a new paragraph (f) to read as follows:

### § 101–8.301   Definitions.

\*   \*   \*   \*   \*

(f) The term *program or activity* means all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of

assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private

organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1),(2), or (3) of this section.

9. Section 101–8.309 is amended by revising the section heading and the heading and first sentence of paragraph (b) to read as follows:

§ 101–8.309  Accessibility.

\*    \*    \*    \*    \*

(b) *Accessibility*. A recipient shall operate any program or activity to which this subpart applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \*  \*  \*

\*    \*    \*    \*    \*

10. Section 101–8.311 is amended by revising the section heading and the heading and first sentence of the

introductory text of paragraph (b)(1) to read as follows:

§ 101–8.311  Historic Preservation Programs.

\*    \*    \*    \*    \*

(b) \* \* \* (1) *Accessibility*. A recipient shall operate any program or activity involving Historic Preservation Programs so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \*  \*  \*

\*    \*    \*    \*    \*

11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 101–8.300(b) | or benefits from | |
| 101–8.302 | or benefits from | |
| 101–8.303(a)(5) | program | program or activity |
| 101–8.303(c) | programs or activities | aid, benefits, or services |
| 101–8.303(d)(2) | program | program or activity |
| 101–8.303(f) | or benefiting from | |
| 101–8.303(g) | the benefits of a program | aid, benefits, or services |
| 101–8.303(g) | from a program | from aid, benefits, or services |
| 101–8.303(d), first sentence | programs and activities | programs or activities |
| 101–8.305(c), last sentence | apprenticeship programs | apprenticeships |
| 101–8.305(d)(8) | social | those that are social |
| 101–8.305(d)(8) | programs | |
| 101–8.306(a) | program | program or activity |
| 101–8.306(c), introductory text | program | program or activity |
| 101–8.306(c)(1) | program | program or activity |
| 101–8.309(a) | or benefits from | |
| 101–8.309(c), last sentence | offer programs and activities to | serve |
| 101–8.309(f)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 101–8.311(a), introductory text | the term | |
| 101–8.311(a)(1) | *preservation programs* | *Preservation Programs* |
| 101–8.311(a)(1) | means programs receiving | are those that receive |
| 101–8.311(b)(1), introductory text, last sentence | program | |
| 101–8.311(b)(1)(iv) | program accessibility | accessibility |
| 101–8.311(b)(1), concluding paragraph | historic preservation program | Historic Preservation Program |
| 101–8.311(b)(1), concluding paragraph | program accessibility | accessibility |
| 101–8.311(b)(2), introductory text | program | |
| 101–8.311(b)(2)(iii) | program | program or activity |

**Subpart 101–8.7—Discrimination Prohibited on the Basis of Age:**

12. The authority citation for subpart 101–8.7 continues to read as follows:

**Authority:** 42 U.S.C. 6101 *et seq.*

13. Section 101–8.703 is amended by redesignating paragraph (k) as paragraph (l) and by adding a new paragraph (k) to read as follows:

§ 101–8.703  Definitions of terms.

\*    \*    \*    \*    \*

(k) *Program or activity* means all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other

instrumentality of a state or of a local government;

(ii) The entity of such state and local government that distributes such assistance and each such department or agency (and each other state or local government entity) to which the assistance is extended, in the case of assistance to a state or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 101–8.701, last sentence ................................ | Federal financial assistance | Federally assisted |
| 101–8.701, last sentence ................................ | programs and activities | programs or activities |
| 101–8.702(a) ................................................... | that benefits from GSA Federal financial assistance | |
| 101–8.703(g)(2) .............................................. | program | policy |
| 101–8.703(j) .................................................... | for the purpose of carrying out a program | |
| 101–8.703(l) ..................................................... | for any program | |
| 101–8.703(l) ..................................................... | under any such program | |
| 101–8.709 ........................................................ | program | program or activity |
| 101–8.710, first sentence .............................. | program | program or activity |
| 101–8.710, second sentence ......................... | programs | |
| 101–8.710, second sentence ......................... | provide provides | |
| 101–8.710, last sentence ............................... | "Child Care Center" program | Child Care Center Program |
| 101–8.710, last sentence ............................... | two programs | two types of Federal financial assistance |
| 101–8.711, first sentence .............................. | programs and activities | programs or activities |
| 101–8.712(b) ................................................... | program | |
| 101–8.718(a), third sentence ........................ | program | |
| 101–8.720(b), first sentence ......................... | program and activity | program or activity |
| 101–8.720(c)(2), first sentence .................... | Federal | |
| 101–8.721(e), first sentence ......................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 101–8.725(b) ................................................... | program or activity | Federal financial assistance |

Dated: August 22, 2000.

**Thurman M. Davis, Sr.,**
*Deputy Administrator, General Services Administration.*

## DEPARTMENT OF THE INTERIOR

## 43 CFR Subtitle A

**RIN 1090–AA77**

### Authority and Issuance

For the reasons set forth in the joint preamble, DOI proposes to amend 43 CFR subtitle A, part 17 as set forth below:

### PART 17—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF THE INTERIOR

### Subpart A—Nondiscrimination on the Basis of Race, Color, or National Origin

1. The authority citation for subpart A continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1; and the laws referred to in Appendix A.

2. Section 17.3 is amended by revising the heading of paragraph (d) to read as follows:

### § 17.3   Discrimination prohibited.

\* \* \* \* \*

(d) *Benefits for Indians, natives of certain territories, and Alaska natives.* \* \* \*

3. Section 17.4 is amended by revising the heading of paragraph (b) and paragraph (d)(2) to read as follows:

### § 17.4   Assurances required.

\* \* \* \* \*

(b) *Continuing Federal financial assistance.* \* \* \*

\* \* \* \* \*

(d) \* \* \*

(2) The assurance required with respect to an institution of higher education, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

4. Section 17.12 is amended by revising paragraph (f) to read as follows:

### § 17.12   Definitions.

\* \* \* \* \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

### Appendix B to Subpart A   [Amended]

5. The introductory text for appendix B to subpart A is amended by removing the word "programs" and adding, in its place, the words "Federal financial assistance."

6. In the table below, for each section indicated in the left column, remove the

text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 17.2(a), second sentence .............................. | under any such program | |
| 17.2(a)(2) .............................. | under any such program | |
| 17.2(a)(3) .............................. | under any such program | |
| 17.3(b)(1), introductory text .............................. | under any program | |
| 17.3(c)(1), first sentence .............................. | a program of | the |
| 17.3(c)(1), first sentence .............................. | assistance | assistance to a program |
| 17.3(d), first sentence .............................. | the benefits of a program | benefits |
| 17.3(d), first sentence .............................. | is limited | are limited |
| 17.3(d), first sentence .............................. | the program is addressed | the benefits are addressed |
| 17.3(d), last sentence .............................. | programs | benefits |
| 17.4(a)(1), first sentence .............................. | to carry out a program | |
| 17.4(a)(1), first sentence .............................. | except a program | except an application |
| 17.4(a)(1), second sentence .............................. | program of | award of |
| 17.4(a)(1), sixth sentence .............................. | for each program, | |
| 17.4(a)(1), sixth sentence .............................. | in the program | |
| 17.4(a)(2), second sentence .............................. | under a program of | with |
| 17.4(a)(2), third sentence .............................. | program | statute |
| 17.4(b)(1), introductory text .............................. | to carry out a program involving | for |
| 17.4(d)(1) .............................. | a student assistance program | student assistance |
| 17.5(b), last sentence .............................. | of any program under | in |
| 17.5(d) .............................. | program under which | program for which |
| 17.8(e), first sentence .............................. | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 17.9(g) .............................. | under the program involved | to which this regulation applies |
| 17.9(g) .............................. | assistance will | assistance to which this regulation applies will |
| 17.9(g) .............................. | under such program | |
| 17.11(a), first sentence .............................. | under such program | |
| 17.12(h) .............................. | for any program, | |
| 17.12(h) .............................. | under such program | |
| 17.12(i) .............................. | for the purpose of carrying out a program | |

## Subpart B—Nondiscrimination on the Basis of Handicap

7. The authority citation for subpart B continues to read as follows:

**Authority:** 29 U.S.C. 794.

8. Section 17.202 is amended by adding a new paragraph (q) to read as follows:

### §17.202  Definitions.

\*     \*     \*     \*     \*

(q) *Program or activity* means all of the operations of any entity described in paragraphs (q)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (q)(1), (2), or (3) of this section.

9. Section 17.203 is amended by revising the heading of paragraph (c) to read as follows:

### §17.203  Discrimination prohibited.

\*     \*     \*     \*     \*

(c) *Aid, benefits, or services limited by Federal law.* \* \* \*

\*     \*     \*     \*     \*

10. The heading for §17.216 is revised to read as follows:

### §17.216  Accessibility.

\*     \*     \*     \*     \*

11. Section 17.217 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### §17.217  Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \* \* \*

\*     \*     \*     \*     \*

12. Section 17.260 is amended by revising the section heading, the introductory text of paragraph (a), and the first sentence of paragraph (b)(1) introductory text to read as follows:

### §17.260  Historic Preservation Programs.

(a) *Definitions.* For the purposes of this section, Historic Preservation Programs are those that receive Federal financial assistance that has preservation of historic properties as a primary purpose.

\*     \*     \*     \*     \*

(b) \* \* \*

(1) A recipient shall operate any program or activity involving Historic Preservation Programs so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. * * *

\*       \*       \*       \*       \*

13. The section heading and the introductory text of § 17.270 are revised to read as follows:

**§ 17.270   Recreation.**

This section applies to recipients that operate, or that receive Federal financial assistance for the operation of programs or activities involving recreation.

\*       \*       \*       \*       \*

14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 17.201 | or benefits from | |
| 17.202(i) | recreation and program spaces | spaces, including those used for recreation, the recipient |
| 17.202(m) | programs | |
| 17.202(m) | should be available | should make its aid, benefits, or services available |
| 17.202(n) | programs | programs or activities |
| 17.203(a) | or benefits from | |
| 17.203(b)(1)(v) | program | program or activity |
| 17.203(b)(3) | programs or activities | aid, benefits, or services |
| 17.203(b)(4)(ii) | program | program or activity |
| 17.203(b)(5)(i) | or benefits from | |
| 17.203(b)(6) | or benefiting from | |
| 17.203(c) | the benefits of a program | aid, benefits, or services |
| 17.203(c) | from a program | from aid, benefits, or services |
| 17.204(a), first sentence | for a program or activity | |
| 17.204(a), first sentence | the program | the program or activity |
| 17.204(c)(4), first sentence | to carry out a program involving | for |
| 17.204(c)(4)(i) | program | program or activity |
| 17.204(c)(4)(ii) | the program | the program or activity |
| 17.204(c)(4)(ii) | under such program | |
| 17.205(a)(3)(i) | program | program or activity |
| 17.205(a)(3)(ii) | program | program or activity |
| 17.207(a), second sentence | programs and activities | programs or activities |
| 17.210(a)(2) | programs | programs or activities |
| 17.210(a)(4), last sentence | apprenticeship programs | apprenticeships |
| 17.210(b)(8) | social | those that are social |
| 17.210(b)(8) | programs | |
| 17.211(a) | program | program or activity |
| 17.211(c), introductory text | program | program or activity |
| 17.211(c)(1) | program | program or activity |
| 17.217(b), last sentence | offer programs and activities to | serve |
| 17.217(e)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 17.220, first sentence | programs and activities | programs or activities |
| 17.220, first sentence | or benefit from | |
| 17.232, first sentence | programs and activities | programs or activities |
| 17.232, first sentence | or benefit from | |
| 17.250, introductory text | programs and activities | programs or activities |
| 17.250, introductory text | or benefit from | |
| 17.252, first sentence | activity for | activity that provides aid, benefits, or services for |
| 17.260(b)(1), introductory text, last sentence | program | |
| 17.260(b)(1)(iv) | program | |
| 17.260(b)(1), concluding text | historic preservation program | Historic Preservation Program |
| 17.260(b)(1), concluding text | program accessibility | accessibility |
| 17.260(b)(2), introductory text, first sentence | program | |
| 17.260(b)(2), introductory text, last sentence | program | |
| 17.260(b)(2)(iii) | program | program or activity |
| 17.270(a)(1) | programs | aid, benefits, or services |
| 17.270(a)(2) | programs or activities | aid, benefits, or services |
| 17.270(a)(5) | program or activity | aid, benefits, or services |

## Subpart C—Nondiscrimination on the Basis of Age

15. The authority citation for subpart C continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101 *et seq.;* 45 CFR part 90.

16. The heading of § 17.302 is revised to read as follows:

**§ 17.302   To what programs or activities do these regulations apply?**

\*       \*       \*       \*       \*

17. Section 17.303 is amended by redesignating paragraphs (j) through (m) as paragraphs (k) through (n) and adding a new paragraph (j) to read as follows:

**§ 17.303   Definitions.**

\*       \*       \*       \*       \*

(j) *Program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (j)(1), (2), or (3) of this section.

\*   \*   \*   \*   \*

18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 17.300, first sentence | programs and activities | programs or activities |
| 17.300, last sentence | programs and activities | programs or activities |
| 17.301, first sentence | programs and activities | programs or activities |
| 17.302(a) | or benefits from | |
| 17.313 | program | program or activity |
| 17.314 | program | program or activity |
| 17.320, first sentence | programs and activities | programs or activities |
| 17.321(b) | program | |
| 17.333(a)(2), last sentence | program | |
| 17.335(c)(2), first sentence | Federal | |
| 17.338(b)(2) | program or activity | Federal financial assistance |

Dated: September 11, 2000.

**John Berry,**
*Assistant Secretary—Policy, Management, and Budget, Department of the Interior.*

## FEDERAL EMERGENCY MANAGEMENT AGENCY

### 44 CFR Chapter I

**RIN 3067–AD14**

**Authority and Issuance**

For the reasons set forth in the joint preamble, FEMA proposes to amend 44 CFR chapter I, part 7 as set forth below:

## PART 7—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS (FEMA REG. 5)

1. The heading for subpart A is revised to read as follows:

### Subpart A—Nondiscrimination in FEMA-Assisted Programs—General

2. The authority citation for subpart A continues to read as follows:

**Authority:** FEMA Reg. 5 issued under sec. 602, 78 Stat. 252; 42 U.S.C. 2000 d–1; 42 U.S.C. 1855–1855g; 50 U.S.C. 404.

3. Section 7.2 is amended by revising paragraph (d) to read as follows:

### § 7.2  Definitions.

\*   \*   \*   \*   \*

(d) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (d)(1) through (4) of this section, any part of

which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership,

private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (d)(1), (2), or (3) of this section.

\*   \*   \*   \*   \*

4. Section 7.3 is revised to read as follows:

### § 7.3  Application of this regulation.

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this regulation applies.

5. Section 7.9 is amended by revising paragraph (b) to read as follows:

### § 7.9  Assurances from institutions.

\*   \*   \*   \*   \*

(b) The assurances required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institutions or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 7.2(f) .............................................. | for any program, | |
| 7.2(f) .............................................. | under any such program | |
| 7.2(g) ............................................. | for the purpose of carrying out a program | |
| 7.4, second sentence ...................... | under any such program | |
| 7.4(b) ............................................. | under any such program | |
| 7.4(c) ............................................. | under any such program | |
| 7.5(a), introductory text .................. | under any program | |
| 7.7, first sentence ........................... | to carry out a program | |
| 7.7, fifth sentence ........................... | for each program, | |
| 7.7, fifth sentence ........................... | in the program | |
| 7.10(b), last sentence ..................... | of any program under | in |
| 7.10(d) ........................................... | program under which | program for which |
| 7.13(e), first sentence .................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 7.14(f) ............................................ | under the program involved | to which this regulation applies |
| 7.14(f) ............................................ | assistance will | assistance to which this regulation applies will |
| 7.14(f) ............................................ | under such program | |
| 7.16(a), first sentence .................... | under such program | |

7. The heading for subpart E is revised to read as follows:

## Subpart E—Nondiscrimination on the Basis of Age in Programs or Activities Receiving Federal Financial Assistance From FEMA

8. The authority citation for subpart E is revised to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended (42 U.S.C. 6101 *et seq.*); 45 CFR part 90.

9. The heading for § 7.912 is revised to read as follows:

### § 7.912   To what programs or activities does this regulation apply?

\*      \*      \*      \*      \*

10. Section 7.913 is amended by adding, in alphabetical order, a definition of ''Program or activity'' to read as follows:

### § 7.913   Definition of terms used in this regulation.

\*      \*      \*      \*      \*

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private

organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*      \*      \*      \*      \*

11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 7.910 ............................................. | programs and activities | programs or activities |
| 7.911, last sentence ....................... | programs, activities | programs or activities |
| 7.912(a) ......................................... | or benefits from | |
| 7.925 ............................................. | program | program or activity |
| 7.926 ............................................. | program | program or activity |
| 7.930, first sentence ...................... | programs and activities | programs or activities |
| 7.931(b) ......................................... | program | |
| 7.943(a)(2), last sentence .............. | program | |
| 7.945(b), first sentence .................. | program and activity | program or activity |
| 7.945(c)(2), first sentence ............. | Federal | Federal financial assistance |
| 7.948(b)(2) ..................................... | program or activity | |

**Pauline C. Campbell,**
*Director, Office of Equal Rights, Federal Emergency Management Agency.*

## NATIONAL SCIENCE FOUNDATION

## 45 CFR Chapter VI

## RIN 3145–AA38

### Authority and Issuance

For the reasons set forth in the joint preamble, NSF proposes to amend 45 CFR chapter VI, parts 605, 611, and 617 as set forth below:

### PART 605—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

1. The heading for part 605 is revised to read as set forth above.

2. The authority citation for part 605 continues to read as follows:

**Authority:** 29 U.S.C. 794.

3. Section 605.3 is amended by adding a new paragraph (m) to read as follows:

### § 605.3    Definitions.

\*    \*    \*    \*    \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or a local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

### § 605.4    [Amended]

4. In § 605.4, the heading of paragraph (c) is amended by removing the word "Programs" and adding, in its place, the words "Aid, benefits, or services".

### Subpart C to Part 605    [Amended]

5. The heading for subpart C is amended by removing the word "Program".

6. In § 605.22, the heading and first sentence of paragraph (a) are revised to read as follows:

### § 605.22    Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to qualified handicapped persons. \*  \*  \*

\*    \*    \*    \*    \*

### § 605.38    [Amended]

7. The heading for § 605.38 is amended by removing the word "programs".

### § 605.39    [Amended]

8. The heading for § 605.39 is amended by removing the word "programs".

9. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 605.0, first sentence ............................................ | programs and activities | programs or activities |
| 605.2 | or benefits from | |
| 605.3(k)(5), second sentence ........................... | programs | aid, benefits, or services |
| 605.3(k)(5), third sentence .............................. | program | |
| 605.4(a) | or benefits from | |
| 605.4(b)(1)(v) ...................................................... | recipients program | recipient's program or activity |
| 605.4(b)(3) ........................................................... | programs or activities | aid, benefits, or services |
| 605.4(b)(4)(ii) ..................................................... | program | program or activity |
| 605.4(b)(5)(i) ....................................................... | or benefits from | |
| 605.4(b)(6) ........................................................... | or benefiting from | |
| 605.4(c) ................................................................. | the benefits of a program | aid, benefits, or services |
| 605.4(c) ................................................................. | from a program | from aid, benefits or services |
| 605.5(a) ................................................................. | under a program or activity | |
| 605.5(a) ................................................................. | programs | programs or activities |
| 605.6(a)(3)(i) ....................................................... | program | program or activity |
| 605.6(a)(3)(ii) ...................................................... | program | program or activity |
| 605.8(a), second sentence ................................. | programs and activities | programs or activities |
| 605.11(a)(2) .......................................................... | programs | programs or activities |
| 605.11(a)(4), last sentence ............................... | apprenticeship programs | apprenticeships |
| 605.11(b)(8) .......................................................... | social | those that are social |
| 605.11(b)(8) .......................................................... | programs | |
| 605.12(a) ............................................................... | program | program or activity |
| 605.12(c), introductory text ............................. | program | program or activity |
| 605.12(c)(1) ........................................................... | program | program or activity |
| 605.22(b), last sentence .................................... | offer programs and activities to | serve |
| 605.22(e)(3) ........................................................... | program accessibility | accessibility under paragraph (a) of this section |
| 605.31 | programs and activities | programs or activities |
| 605.31 | or benefit from | |
| 605.33(b)(2) | individualized education program | Individualized Education Program |

**Federal Register** / Vol. 65, No. 235 / Wednesday, December 6, 2000 / Proposed Rules   **76507**

| Section | Remove | Add |
|---|---|---|
| 605.33(b)(3), first sentence | in | |
| 605.33(b)(3), first sentence | to a program | for aid, benefits, or services |
| 605.33(b)(3), first sentence | the one | those |
| 605.33(b)(3), first sentence | operates | operates or provides |
| 605.33(c)(1), second sentence | in | |
| 605.33(c)(1), second sentence | to a program | for aid, benefits, or services |
| 605.33(c)(1), second sentence | operated | operated or provided |
| 605.33(c)(1), second sentence | program | aid, benefits, or services |
| 605.33(c)(2) | person in | person |
| 605.33(c)(2) | to a program | for aid, benefits, or services |
| 605.33(c)(2) | operated | operated or provided |
| 605.33(c)(2) | the program | the aid, benefits, or services |
| 605.33(c)(3) | placement in | |
| 605.33(c)(3) | program | placement |
| 605.33(c)(4), last sentence | such a program | a free appropriate public education |
| 605.35(a) | program | program or activity |
| 605.35(a) | a regular or special education program | regular or special education |
| 605.37(c)(1), first sentence | programs and activities | aid, benefits, or first sentence services |
| 605.37(c)(1), last sentence | in these activities | |
| 605.38 | operates a | provides |
| 605.38 | day care program or activity | day care |
| 605.38 | an adult education program or activity | adult education |
| 605.38 | from the program or activity | |
| 605.38 | under the program or activity | |
| 605.39(a) | operates a | provides |
| 605.39(a) | education program | education |
| 605.39(a) | from such program | |
| 605.39(a) | the recipient's program | that recipient's program or activity |
| 605.39(c), first sentence | operates | provides |
| 605.39(c), first sentence | programs shall operate such programs | shall do so |
| 605.41 | programs and activities | programs or activities |
| 605.41 | or benefit from | |
| 605.43(a) | program or activity | aid, benefits, or services |
| 605.43(d) | programs and activities | program or activity |
| 605.44(a), second sentence | program of | |
| 605.44(c) | in its program | |
| 605.47(a)(1), first sentence | programs and activities | aid, benefits, or services |
| 605.51 | programs and activities | programs or activities |
| 605.51 | or benefit from | |
| 605.54, first sentence | activity for | activity that provides aid, benefits, or services for |

**PART 611—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE NATIONAL SCIENCE FOUNDATION—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

10. The authority citation for part 611 continues to read as follows:

**Authority:** Sec. 11(a), National Science Foundation Act of 1950, as amended, 42 U.S.C. 1870(a); 42 U.S.C. 2000d–1.

11. Section 611.4 is amended by revising paragraph (c)(2) to read as follows:

**§611.4   Assurances required.**

\*   \*   \*   \*   \*

(c) \* \* \*

(2) The assurance required with respect to an institution of higher education, hospital, or other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be to the entire institution.

12. Section 611.5 is amended by revising the example 2. to read as follows:

**§611.5   Illustrative applications.**

\*   \*   \*   \*   \*

2. In a research, training, or other grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited, and the prohibition extends to the entire university.

\*   \*   \*   \*   \*

13. Section 611.13 is amended by revising paragraph (f) to read as follows:

**§611.13   Definitions.**

\*   \*   \*   \*   \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private

AR_0199

organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

\* \* \* \* \*

14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 611.2, first sentence ......................................... | Federally assisted programs and activities | types of Federal financial assistance |
| 611.2, second sentence .................................... | under any such program | |
| 611.2(b) ............................................................ | under any such program | |
| 611.2(c) ............................................................ | under any such program | |
| 611.2, penultimate sentence ............................ | program or activity | types of Federal financial assistance |
| 611.2, penultimate sentence ............................ | such program | a program |
| 611.2, last sentence ......................................... | programs | types of Federal financial assistance |
| 611.3(b)(1), introductory text ........................... | under any program | |
| 611.3(c)(2) ....................................................... | Programs | Types of Federal financial assistance |
| 611.4(a)(1), first sentence ............................... | to carry out a program | |
| 611.4(a)(1), fourth sentence ............................ | for each program | |
| 611.4(a)(1), fourth sentence ............................ | in the program | |
| 611.4(a)(2), second sentence .......................... | under a program of | with |
| 611.4(a)(2), third sentence .............................. | program | statute |
| 611.5, introductory text, first sentence .............. | programs of | programs aided by |
| 611.5, example 1., first sentence ..................... | In programs for | For |
| 611.5, example 4., first sentence ..................... | grant programs | grants |
| 611.6(b), last sentence .................................... | of any program under | in |
| 611.6(d) ........................................................... | program under | program for |
| 611.9(e), first sentence ................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 611.10(f) .......................................................... | under the program involved | to which this regulation applies |
| 611.10(f) .......................................................... | assistance will | assistance to which this regulation applies will |
| 611.10(f) .......................................................... | under such program | |
| 611.12(a), first sentence ................................. | under such program | |
| 611.13(h) ......................................................... | for any program, | |
| 611.13(h) ......................................................... | under any such program | |
| 611.13(i) .......................................................... | for the purpose of carrying out a program | |

## PART 617—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE FROM NSF

15. The authority citation for part 617 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101, *et seq.*; 45 CFR part 90.

### § 617.2  [Amended]

16. In § 617.2, the list is amended by adding, in alphabetical order, the term "Program or activity."

17. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 617.1, last sentence ........................................ | programs and activities | programs or activities |
| 617.8, first sentence ........................................ | program or activities | program or activity |
| 617.11(a)(2), last sentence .............................. | program | |
| 617.12(a), first sentence ................................. | under | for |
| 617.12(c), first sentence ................................. | program | program or activity |
| 617.12(e), first sentence ................................. | Federal | |
| 617.12(f)(2)(ii) ................................................. | program or activity | Federal financial assistance |

**Federal Register** / Vol. 65, No. 235 / Wednesday, December 6, 2000 / Proposed Rules    **76509**

Dated: August 16, 2000.

**Lawrence Rudolph,**

*General Counsel, National Science Foundation.*

## NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES

### 45 CFR Chapter XI

**RIN 3135–AA17, RIN 3136–AA24, RIN 3137–AA11**

#### Authority and Issuance

For the reasons set forth in the joint preamble, NFAH, composed of the National Endowment for the Arts, the National Endowment for the Humanities, and the Institute of Museum and Library Services, proposes to amend 45 CFR chapter XI, part 1110, as set forth below:

### PART 1110—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

1. The authority citation for part 1110 is revised to read as follows:

**Authority:** 42 U.S.C. 2000d—2000d–7.

2. Section 1110.4 is amended by revising the heading of paragraph (b) and paragraph (d)(2) to read as follows:

**§ 1110.4    Assurances required.**

\*    \*    \*    \*    \*

(b) *Continuing Federal financial assistance* \* \* \*

\*    \*    \*    \*    \*

(d) \* \* \*

(2) The assurance required with respect to an institution of higher education or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

3. Section 1110.5 is amended by revising paragraph (a) to read as follows:

**§ 1110.5    Illustrative applications.**

\*    \*    \*    \*    \*

(a) In a research, training, or other grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited, and the prohibition extends to the entire university.

\*    \*    \*    \*    \*

4. Section 1110.13 is amended by revising paragraph (g) to read as follows:

**§ 1110.13    Definitions.**

\*    \*    \*    \*    \*

(g) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1110.2, first sentence | federally assisted programs and activities | types of Federal financial assistance |
| 1110.2, second sentence | under any such program | |
| 1110.2, fifth sentence | program or activity | type of Federal financial assistance |
| 1110.2, fifth sentence | that such program | that a program |
| 1110.2, last sentence | programs | types of Federal financial assistance |
| 1110.4(a)(1), first sentence | to carry out a program | |
| 1110.4(a)(1), third sentence | for each program | |
| 1110.4(a)(1), third sentence | in the program | |
| 1110.4(a)(2), first sentence | through a program of | with |
| 1110.4(a)(2), second sentence | under a program of | with |
| 1110.4(a)(2), third sentence | program | statute |
| 1110.4(b) | to carry out a program involving | for |
| 1110.6(b), last sentence | of any program under | in |
| 1110.6(d) | program under which | program for which |
| 1110.9(e), first sentence | programs | Federal statutes, authorities, or other means by which authorities, or other means by which Federal financial assistance is extended and |
| 1110.10(f) | under the program involved | to which this regulation applies |
| 1110.10(f) | assistance will | |
| 1110.10(f), first sentence | under such program | assistance to which this regulation applies will |
| 1110.13(i) | for any program, | |
| 1110.13(i) | under any such program | |
| 1110.13(j) | for the purposes of carrying out a program | |

AR_0201

Dated: August 21, 2000.

**Karen Elias,**

*Deputy General Counsel, National Endowment for the Arts, National Foundation on the Arts and the Humanities.*

Dated: September 11, 2000.

**Laura S. Nelson,**

*Assistant General Counsel, National Endowment for the Humanities, National Foundation on the Arts and the Humanities.*

Dated: August 8, 2000.

**Nancy E. Weiss,**

*General Counsel, Institute of Museum and Library Services, National Foundation on the Arts and the Humanities.*

## NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES

### National Endowment for the Arts

### 45 CFR Chapter XI

### RIN 3135–AA17

### Authority and Issuance

For the reasons set forth in the joint preamble, NEA proposes to amend 45 CFR chapter XI, parts 1151 and 1156, as set forth below:

### PART 1151—NONDISCRIMINATION ON THE BASIS OF HANDICAP

1. The authority citation for part 1151 continues to read as follows:

**Authority:** 29 U.S.C. 794.

2. Section 1151.3 is amended by adding a new paragraph (h) to read as follows:

### §1151.3  Definitions.

\*     \*     \*     \*     \*

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

### §1151.21  [Amended]

3. The undesignated center heading immediately preceding § 1151.21 is amended by removing the word "Program".

4. Section 1151.22 is amended by revising the first sentence of paragraph (a) to read as follows:

### §1151.22  Existing facilities.

(a) A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons.
\*     \*     \*

\*     \*     \*     \*     \*

5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1151.2 | or benefits from | |
| 1151.4(a), second sentence | programs and activities | programs or activities |
| 1151.16(a) | or benefits from | |
| 1151.16(b) | the benefits of a program | aid, benefits, or services |
| 1151.16(c) | program | program or activity |
| 1151.16(c) | or benefiting from | |
| 1151.16(e) | programs and activities | programs or activities |
| 1151.17(a), introductory text | benefit, service, or program | benefit, or service |
| 1151.17(a)(1) | program, | |
| 1151.17(a)(5) | program | program or activity |
| 1151.17(b) | programs or activities | aid, benefits, or services |
| 1151.17(c)(2) | program | program or activity |
| 1151.17(d)(1) | or benefits from | |
| 1151.17(e) | or benefiting from | |
| 1151.18(a)(3) | for a specific program offered | and offering, for example, a specific event |
| 1151.18(a)(3) | that program | that specific event |
| 1151.18(b) | programs | aid, benefits, or services |
| 1151.18(d) | benefits of the programs and activities | aid, benefits, or services |
| 1151.18(d) | programs and activities | aid, benefits, or services |
| 1151.18(e) | programs and activities | programs or activities |
| 1151.22(b), last sentence | offer programs and activities to | serve |
| 1151.22(c) | to make programs or, activities in existing facilities accessible | |
| 1151.22(d)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 1151.31(a) | or benefits from | |
| 1151.31(c), last sentence | apprenticeship programs | apprenticeships |
| 1151.31(d)(8) | social | those that are social |
| 1151.31(d)(8) | programs | |
| 1151.32(a) | program | program or activity |
| 1151.32(c), introductory text | program | program or activity |
| 1151.32(c)(1) | program | program or activity |

| Section | Remove | Add |
|---|---|---|
| 1151.41(a), first sentence .................................. | for a program or activity | |
| 1151.41(a), first sentence .................................. | the program | the program or activity |

## PART 1156—NONDISCRIMINATION ON THE BASIS OF AGE

6. The authority citation for part 1156 continues to read as follows:

**Authority:** 42 U.S.C. 6101 *et seq.*; 45 CFR part 90.

### § 1156.2  [Amended]

7. Section 1156.2 is amended by removing the words ''and to each program or activity that receives or benefits from such assistance'' in paragraph (a).

8. Section 1156.3 is amended by redesignating paragraphs (h) through (n) as paragraphs (i) through (o), respectively; and by adding a new paragraph (h) to read as follows:

### § 1156.3  Definitions.

\*    \*    \*    \*    \*

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

9. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1156.1, last sentence ......................................... | programs and activities | programs or activities |
| 1156.7(c) .......................................................... | program | program or activity |
| 1156.10, first sentence ...................................... | programs and activities | programs or activities |
| 1156.17(a)(2), last sentence ............................. | program | |
| 1156.19(c)(2), first sentence ............................ | Federal | |
| 1156.20(b)(2) ..................................................... | program or the activity | Federal financial assistance |

Dated: August 21, 2000.

**Karen Elias,**

*Deputy General Counsel, National Endowment for the Arts.*

## NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES

### National Endowment For the Humanities

### 45 CFR Chapter XI

### RIN 3136–AA24

**Authority and Issuance**

For the reasons set forth in the joint preamble, NEH proposes to amend 45 CFR chapter XI, part 1170 as set forth below:

## PART 1170—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES

1. The heading for part 1170 is revised to read as set forth above.

2. The authority citation for part 1170 continues to read as follows:

**Authority:** 29 U.S.C. 794.

3. Section 1170.3 is amended by revising paragraph (g) to read as follows:

### § 1170.3  Definitions.

\*    \*    \*    \*    \*

(g) The term *program or activity* means all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the

entities described in paragraph (g)(1), (2), or (3) of this section.

\*     \*     \*     \*     \*

**Subpart D to Part 1170    [Amended]**

4. The heading for subpart D is amended by removing the word "Program".

5. Section 1170.32 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

**§ 1170.32    Existing facilities.**

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when

each part is viewed in its entirety it is readily accessible to handicapped persons. \* \* \*

\*     \*     \*     \*     \*

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1170.2 | or benefits from | |
| 1170.3(a) | , and | |
| 1170.3(a) | 95–602 | 95–602, and by the Civil Rights Restoration Act of 1987, Pub.L. 100–259 |
| 1170.3(d) | program | program or activity |
| 1170.11 | or benefits from | |
| 1170.12(a)(5) | program | program or activity |
| 1170.12(b) | programs or activities | aid, benefits, or services |
| 1170.12(c)(2) | program | program or activity |
| 1170.12(d)(1) | or benefits from | |
| 1170.12(e) | the benefits of a program | aid, benefits, or services |
| 1170.12(e) | from a program | from aid, benefits, or services |
| 1170.12(f) | programs and activities | programs or activities |
| 1170.13(a)(3) | programs | aid, benefits, or services |
| 1170.13(a)(3) | program | aid, benefit, or service |
| 1170.13(a)(4), first sentence | of a program's | |
| 1170.13(c) | the programs and activities | the program or activity |
| 1170.13(c) | museum programs and activities | museum aid, benefits, or services |
| 1170.13(d) | programs and activities | programs or activities |
| 1170.21(a) | or benefits from | |
| 1170.21(c), last sentence | apprenticeship programs | apprenticeships |
| 1170.21(d)(8) | social | those that are social |
| 1170.21(d)(8) | programs | |
| 1170.22(a) | program | program or activity |
| 1170.22(c), introductory text | program | program or activity |
| 1170.22(c)(1) | program | program or activity |
| 1170.32(b), last sentence | offer programs and activities to | serve |
| 1170.32(d)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 1170.41 | programs and activities | programs or activities |
| 1170.41 | or benefit from | |
| 1170.43(a) | program or activity | aid, benefit, or service |
| 1170.43(d) | programs and activities | program or activity |
| 1170.44(a), second sentence | program of | |
| 1170.44(c), | in its program | |
| 1170.44(d)(1) | under the education program or activity operated by the recipient | |
| 1170.47(a)(1), first sentence | programs and activities | aid, benefits, or services |
| 1170.51(a), first sentence | for a program or activity | |
| 1170.51(a), first sentence | the program | the program or activity |
| 1170.52(a)(3)(i) | program | program or activity |
| 1170.52(a)(3)(ii) | program | program or activity |
| 1170.54(a), second sentence | programs and activities | programs or activities |

Dated: September 11, 2000.

**Laura S. Nelson,**

*Assistant General Counsel, National Endowment for the Humanities.*

**CORPORATION FOR NATIONAL AND COMMUNITY SERVICE**

**45 CFR Chapter XII**

**RIN 3045–AA29**

**Authority and Issuance**

For the reasons set forth in the joint preamble, the Corporation proposes to amend 45 CFR chapter XII, parts 1203 and 1232 as set forth below:

**PART 1203—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

1. The authority citation for part 1203 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1.

2. Section 1203.3 is amended by revising paragraph (e) to read as follows:

**§ 1203.3    Definitions.**

\*     \*     \*     \*     \*

(e) *Program or activity* and *program* mean all of the operations of any entity

described in paragraphs (e)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

AR_0204

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

3. Section 1203.5 is amended by revising paragraph (b), paragraph (c)(2), and the heading of paragraph (d) to read as follows:

**§ 1203.5    Assurances required.**

\*    \*    \*    \*    \*

(b) *Assurances from Government agencies.* In the case of an application from a department, agency, or office of a State or local government for Federal financial assistance for a specified purpose, the assurance required by this section shall extend to any other department, agency, or office of the same government unit if the policies of the other department, agency, or office will substantially affect the project for which Federal financial assistance is requested.

(c) \* \* \*

(2) The assurance required by an academic institution, detention or correctional facility, or any other institution or facility, relating to the institution's practices with respect to admission or other treatment of individuals as students, patients, wards, inmates, persons subject to control, or clients of the institution or facility or to the opportunity to participate in the provision of services, disposition, treatment, or benefits to these individuals, is applicable to the entire institution or facility.

(d) *Continuing Federal financial assistance.* \* \* \*

\*    \*    \*    \*    \*

**Appendix A to Part 1203    [Amended]**

4. The heading for appendix A to part 1203 is amended by removing the word ''Programs'' and adding, in its place, the words ''Federal Financial Assistance''.

**Appendix B to Part 1203    [Amended]**

5. The heading for appendix B to part 1203 is amended by removing the word ''Programs'' and adding, in its place, the words ''Federal Financial Assistance''.

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1203.2(a), introductory text, first sentence ......... | federally assisted programs | types of Federal financial assistance |
| 1203.2(a), introductory text, second sentence ... | under a program | |
| 1203.2(a)(2) ...................................................... | under a program | |
| 1203.2(a)(3) ...................................................... | under a program | |
| 1203.2(a), concluding text, first sentence ......... | a program | a type of Federal financial assistance |
| 1203.2(a), concluding text, first sentence ......... | the program | a program |
| 1203.2(a)(4) concluding text last sentence ........ | programs | types of Federal financial assistance |
| 1203.2(b) .......................................................... | as part of the program receiving that assistance | |
| 1203.2(d) .......................................................... | for the purpose of carrying out a program | |
| 1203.3(f) ........................................................... | for any program, | |
| 1203.3(f) ........................................................... | under a program | |
| 1203.4(b)(1), introductory text ........................... | under a program | |
| 1203.4(c)(1), first sentence ............................... | a program of | the |
| 1203.5(a)(1), first sentence ............................... | to carry out a program | |
| 1203.5(a)(1), first sentence ............................... | except a program | except an application |
| 1203.5(a)(1), second sentence ......................... | program | award |
| 1203.5(a)(1), fifth sentence ............................... | for each program, | |
| 1203.5(a)(1), fifth sentence ............................... | in the program | |
| 1203.5(a)(2), second sentence ......................... | under a program of | with |
| 1203.5(a)(2), third sentence ............................. | program | statute |
| 1203.5(d), introductory text ............................... | to carry out a program involving | for |
| 1203.5(d), introductory text ............................... | programs | types of Federal financial assistance |
| 1203.6(b), second sentence ............................. | of a program under | in |
| 1203.6(d) .......................................................... | program under which | program for which |
| 1203.9(e), first sentence .................................. | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1203.10(f) ......................................................... | under the program involved | to which this regulation applies |
| 1203.10(f) ......................................................... | assistance will | assistance to which this regulation applies |
| 1203.10(f) ......................................................... | under the programs | |
| 1203.12(a), first sentence ................................. | under a program | |

**PART 1232—NONDISCRIMINATION ON BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

7. The heading for part 1232 is revised to read as set forth above.

8. The authority citation for part 1232 continues to read as follows:

**Authority:** 29 U.S.C. 794.

9. Section 1232.3 is amended by adding a new paragraph (m) to read as follows:

**§ 1232.3   Definitions.**

\*    \*    \*    \*    \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

**Subpart C of Part 1232    [Amended]**

10. The heading for subpart C of part 1232 is amended by removing the word "Program".

**§ 1232.13   [Amended]**

11. The heading for § 1232.13 is amended by removing the word "program".

12. Section 1232.14 is amended by revising the first sentence of paragraph (a) and paragraph (b) to read as follows:

**§ 1232.14   Existing facilities.**

(a) A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible and usable by handicapped persons. \* \* \*

(b) A recipient is not required to make structural changes in existing facilities where other methods are effective in achieving compliance with this section. Where structural changes are necessary to comply with paragraph (a) of this section, such changes shall be made as soon as practicable, but in no event later than three years after the effective date of the regulation.

\*    \*    \*    \*    \*

13. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1232.2, first sentence | or benefits from | including, but not limited to |
| 1232.2, first sentence | including volunteer programs such as | as |
| 1232.3(k) | under any programs | as |
| 1232.4(b)(1)(v) | program | program or activity |
| 1232.4(b)(2) | programs or activities | aid, benefits, or services |
| 1232.4(b)(3)(ii) | program | program or activity |
| 1232.4(b)(4)(i) | or benefits from | |
| 1232.4(c) | the benefits of a program | aid, benefits, or services |
| 1232.4(c) | from a program | from aid, benefits, or services |
| 1232.4(d) | programs and activities | programs or activities |
| 1232.4(f) | program | program or activity |
| 1232.4(f) | or benefiting from | |
| 1232.5(a), first sentence | for a program or activity | |
| 1232.5(a), first sentence | program | program or activity |
| 1232.5(c) | volunteer program | program or activity |
| 1232.7(a)(3)(i) | program | program or activity |
| 1232.7(a)(3)(ii) | program | program or activity |
| 1232.7(a)(3)(iii) | program | program or activity |
| 1232.9(a) | or benefits from | |
| 1232.9(c)(8) | social | those that are social |
| 1232.9(c)(8) | programs | |
| 1232.9(d), last sentence | apprenticeship programs | apprenticeships |
| 1232.9(f) | volunteer program | program or activity |
| 1232.10(a) | program | program or activity |
| 1232.10(c), introductory text | program | program or activity |
| 1232.10(c)(1) | program | program or activity |

**Federal  Register** / Vol. 65, No. 235 / Wednesday,  December  6,  2000 / Proposed  Rules    **76515**

Dated: November 6, 2000.

**Frank Trinity,**

*Acting General Counsel, Corporation for National and Community Service.*

# DEPARTMENT OF TRANSPORTATION

## 49 CFR Subtitle A

**RIN 2105–AC96**

**Authority and Issuance**

For the reasons set forth in the joint preamble, DOT proposes to amend 49 CFR subtitle A, parts 21 and 27 as set forth below:

## PART 21—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF TRANSPORTATION—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

1. The authority citation for part 21 is revised to read as follows:

**Authority:** 42 U.S.C. 2000d–2000d–7.

2. Section 21.7 is amended by removing the fifth sentence of paragraph (a)(1) and by revising the heading of paragraph (b) to read as follows:

**§ 21.7   Assurances required.**

\*    \*    \*    \*    \*

(b) *Continuing Federal financial assistance.* \* \* \*

3. Section 21.23 is amended by revising paragraph (e) to read as follows:

**§ 21.23   Definitions.**

\*    \*    \*    \*    \*

(e) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (e)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20),

system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 21.3(a), introductory text, first sentence ............. | federally assisted programs and activities | types of Federal financial assistance |
| 21.3(a), introductory text, second sentence ....... | under any such program | |
| 21.3(a)(2) ....................................................... | under any such program | |
| 21.3(a)(3) ....................................................... | under any such program | |
| 21.3(a), concluding text, first sentence ............. | program or activity | type of Federal financial assistance |
| 21.3(a), concluding text, first sentence ............. | such | a |
| 21.3(a), concluding text, last sentence ............. | programs | types of Federal financial assistance |
| 21.5(b)(1), introductory text ............................... | under any program | |
| 21.5(b)(6) ....................................................... | programs of | types of Federal financial assistance administered by |
| 21.5(c)(1), first sentence ................................. | a program of | the |
| 21.5(c)(1), first sentence ................................. | assistance | assistance to a program |
| 21.7(a)(1), first sentence ................................. | to carry out a program | except an application |
| 21.7(a)(1), first sentence ................................. | except a program | |
| 21.7(a)(1), second sentence ............................. | program | award |
| 21.7(a)(1), sixth sentence ................................. | for each program | |
| 21.7(a)(1), sixth sentence ................................. | in the program | |
| 21.7(a)(2), second sentence ............................. | under a program of | with |
| 21.7(a)(2), third sentence ................................. | program | statute |
| 21.7(b) ........................................................... | to carry out a program involving | for |
| 21.7(b) ........................................................... | programs | types of Federal financial assistance |
| 21.9(b), second sentence ................................. | of any program under | in |
| 21.9(d) ........................................................... | under | for |
| 21.15(e), first sentence ................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 21.17(f) ........................................................... | under the program involved | to which this regulation applies |
| 21.17(f) ........................................................... | assistance will | assistance to which this regulation applies will |
| 21.17(f) ........................................................... | under such programs | |
| 21.21(a), first sentence ................................... | under such program | |
| 21.23(d) ........................................................... | for the purpose of carrying out a program | |
| 21.23(f) ........................................................... | for any program, | |
| 21.23(f) ........................................................... | under any such program | |

AR_0207

## PART 27—NONDISCRIMINATION ON THE BASIS OF DISABILITY IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

5. The heading for part 27 is revised to read as set forth above.

6. The authority citation for part 27 continues to read as follows:

**Authority:** Sec. 504 of the Rehabilitation Act of 1973, as amended (29 U.S.C. 794); sec. 16 (a) and (d) of the Federal Transit Act of 1964, as amended (49 U.S.C. 5310 (a) and (f); sec. 165(b) of the Federal-Aid Highway Act of 1973, as amended (23 U.S.C. 142 nt.).

### Subpart A—General

7. Section 27.5 is amended by revising the definition of *Primary recipient* and adding, in alphabetical order, a definition of Program or activity to read as follows:

### § 27.5   Definitions.

\*    \*    \*    \*    \*

*Primary recipient* means any recipient that is authorized or required to extend Federal financial assistance from the Department to another recipient.

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in section 8801 of title 20), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*    \*    \*    \*    \*

8. Section 27.7 is amended by revising the heading for paragraph (d) to read as follows:

### § 27.7   Discrimination prohibited.

\*    \*    \*    \*    \*

(d) *Aid, benefits, or services limited by Federal law.* \* \* \*

9. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 27.3(a) .................................................. | or benefits from | |
| 27.5, definition of *Qualified handicapped person,* paragraph (2). | activities | services |
| 27.5, definition of *Recipient* ................................. | for any Federal program, | |
| 27.5, definition of *Recipient* ................................. | under any such program | |
| 27.7(a) .................................................. | or benefits from | |
| 27.7(b)(1)(v) ........................................... | program | program or activity |
| 27.7(b)(3) ............................................... | programs or activities | aid, benefits, or services |
| 27.7(b)(4)(ii) ........................................... | program | program or activity |
| 27.7(b)(5)(i) ........................................... | or benefits from | |
| 27.7(b)(6) ............................................... | or benefitting from | |
| 27.7(d) .................................................. | In programs | For aid, benefits, or services |
| 27.9(a), first sentence ................................. | to carry out a program | |
| 27.9(a), first sentence ................................. | program will | program or activity will |
| 27.9(b)(4) ............................................... | program | program or activity |
| 27.11(a)(3)(i) ........................................... | program | program or activity |
| 27.11(a)(3)(ii) .......................................... | program | program or activity |

10. The heading of subpart B is revised to read as follows:

## Subpart B—Accessibility Requirements in Specific Operating Administration Programs: Airports, Railroads, and Highways

11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 27.71(b), last sentence ...................................... | programs | programs or activities |
| 27.77 ......................................................... | Essential Air Service program | Essential Air Service Program |

## Subpart C—Enforcement

AR_0208

12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 27.121(b), last sentence ..................................... | of any program under | in |
| 27.121(d) ............................................................. | program | program or activity |
| 27.125(b)(2) ......................................................... | program | program or activity |
| 27.127(f), first sentence ...................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 27.129(e), first sentence .................................... | under the program involved | to which this first regulation applies |
| 27.129(e), last sentence ..................................... | assistance | assistance to which this regulation applies |

Dated: August 25, 2000.

**Rodney E. Slater,**

*Secretary of Transportation.*

[FR Doc. 00–29358 Filed 12–5–00; 8:45 am]

**BILLING CODE 3410–94–P, 7590–01–P, 6450–01–P, 8025–01–P, 7510–01–P, 3510–BP–P, 4710–10–P, 6116–01–P, 4410–13–P, 4510–23–P, 8320–01–P, 6560–50–P, 6820–34–P, 4310–RE–P, 6718–01–P, 7555–01–P, 7536–01–P, 7536–01–P, 7036–01–P, 6050–28–P, 4910–62–P**

AR_0209

136410

# City of Boston
## OFFICE OF CIVIL RIGHTS



COORDINATION & REVIEW
CIVIL RIGHTS DIVISION

01 JAN -3 AM 10: 43

Thomas M. Menino
Mayor

Victoria L. Williams
Director

**DIVISIONS**
Fair Housing Commission
Human Rights Commission
Commission for Persons with Disabilities
Community Appeals Board

December 26, 2000

Merrily A. Friedlander, Chief
Coordination and review section
Civil Rights Division
U.S. Department of Justice
P.O. Box 66560
Washington, D.C. 20035-6560

Dear Ms. Friedlander:

The City of Boston: Office of Civil Rights (OCR) is writing to you in support of the proposed rule of Nondiscrimination on the Basis of Race, Color, National Origin, Handicap or Age in Programs or Activities Receiving Federal Financial Assistance. OCR agrees with the Department of Justice that the federal regulations banning discriminatory practices as implemented by the Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1972 and the Age Discrimination Act of 1975 needed to be strengthened and be made uniform throughout the federal programs by adding the definitions of " program or activity". Such an amendment would result in consistent and adequate enforcement of the above named statues by federal agencies. OCR commends the Department of Justice and its sister federal agencies for pursuing such action.

If the OCR can be of further assistance in this matter please contact us.

Respectfully,

Victoria L. Williams

Victoria L. Williams

Printed on recycled paper    One City Hall Plaza • Suite 966 • Boston, MA 02201 • 617-635-4408 • Fax 635-3290    -31



**U.S. Department of Justice**

Civil Rights Division

---

*Coordination and Review Section*
*P.O. Box 66560*
*Washington, DC 20035-6560*

JAN  8 2001

Ms. Yasmin Yorker
Program Analyst
Office of Civil Rights (MC 1201)
Environmental Protection Agency
1200 Pennsylvania Ave NW
Room W206
Washington, D.C.  20460

Dear Ms. Yorker:

We are writing with regard to the joint final rule to
incorporate the Civil Rights Restoration Act's (CRRA) definition
of a covered "program" and "program or activity" into agencies'
regulations under Title VI, Section 504, and the Age
Discrimination Act.  We are pleased to enclose a copy of the
preamble of the joint final rule and your agency's portion of the
regulatory text.  (We are not enclosing the entire rule, since at
250-plus pages it has become too unwieldy; however, we have
emailed you an electronic copy of the entire joint final rule.)

As you know, a recent Third Circuit decision in <u>Cureton</u> v.
<u>NCAA</u>, 198 F.3d 107 (1999), held that, since Title VI regulations
of the Department of Health and Human Services and the Department
of Education did not incorporate the broad statutory definition
of "program or activity" contained in the CRRA, the disparate
effects standard contained in those regulations applied only to
those programs that actually receive Federal financial
assistance, rather than to all the operations of the covered
entity.  Although we continue to believe that the broadened
statutory definition of "program or activity" should be read into
existing regulations, we had decided that it would be prudent, in
light of the <u>Cureton</u> decision, to take steps at this time to
amend all Title VI, Section 504, and Age Discrimination Act
regulations to reflect the CRRA definitions of "program or
activity" and "program."

- 2 -

We published a joint Notice of Proposed Rulemaking (NPRM) proposing these amendments on December 6, 2000.  65 Fed. Reg. 76459.  The thirty-day comment period ended on January 5, and we received two comments.  The first commenter wrote in support of the NPRM, stating that Title VI, Section 504, and the Age Discrimination Act needed to be strengthened and be made uniform by adding the definitions of "program or activity."  The commenter also stated that the amendments would result in consistent and adequate enforcement of Title VI, Section 504, and the Age Discrimination Act, and commended the Department of Justice and its "sister federal agencies" for amending the regulations.

The second commenter advanced the view that the Agencies should not amend the regulations at this time because the commenter believed amendment would be untimely due to a case pending before the United States Supreme Court (Alexander v. Sandoval, 121 S. Ct. 28 (2000)(No. 99-1908).  The case identified by the commenter does not address the focus of this rulemaking, revising the regulations to conform them to the added definition of "program or activity" or "program."  That case addresses a different issue, i.e., whether there is an implied private right of action under Title VI against a recipient that uses criteria or methods of administration that have the effect of subjecting persons to discrimination because of their race, color, or national origin.  The preamble explains that the Agencies have decided to proceed with the amendment of their regulations because we believe it is important to conform the regulations to the civil rights statutes as amended by the CRRA.  We believe that adopting the statutory definition of "program or activity" or "program," and making other conforming changes is the best way at this time to avoid confusion on the part of recipients, beneficiaries, and other interested parties about the scope of civil rights coverage.

In addition, we have incorporated minor editorial and technical changes following recommendations by Department of Justice components, the Office of the Federal Register, the Departments of Education and Health and Human Services, and the agencies participating in the final rule.  Since the joint final rule is undergoing concurrent Executive Order 12250 clearance by Department of Justice components for signature by the Attorney General, minor additional changes may still be made.

As with the joint NPRM, the appropriate official of each agency must sign and date that agency's signature page (the last page of that agency's portion of the joint final rule containing

AR_0212

- 3 -

blanks for the date and signature).  We request, also, that your
agency official sign and date two additional copies of your
agency signature page.  We have enclosed three copies of the
signature page for your convenience.  Finally, we request that
these three signed and dated pages (the original and two copies)
be hand-delivered by **noon on January 10** to:

    Josh Mendelsohn
    DOJ / CRT / COR
    Room 6002
    1425 New York Avenue NW
    Washington, D.C.  20005
    (202) 307-9923

    If you believe you will have difficulty returning the signed
form by the deadline, please notify Mr. Mendelsohn as soon as
possible.  Please note that if your agency does not meet the
deadline given above, your agency's participation in this
publication in the Federal Register is not guaranteed.

    We look forward to receiving your signed forms so that we
may submit the joint final rule for publication in the Federal
Register.  If you have any questions regarding the rule or this
letter, please contact Mr. Mendelsohn.  Once again, we thank you
for your assistance in this extremely important endeavor.

                        Sincerely,

                        Merrily A. Friedlander
                        By Jen

                Merrily A. Friedlander
                        Chief
            Coordination and Review Section
                Civil Rights Division
                Department of Justice

Enclosure

# Memorandum



DJ: 250-16-21

| Subject: | Regulatory Amendments for 22 Federal Agencies ("Cureton rule") | Date: NOV 2 9 2001 |

To: Ralph F. Boyd, Jr.
Assistant Attorney General

Through: Loretta King
Deputy Assistant
Attorney General

From: Merrily A. Friedlander
Chief
Coordination and Review
Section

Attached for your signature is a Memorandum to the Attorney General and accompanying Executive Summary seeking his signature on a joint final rule, confirming the Department's participation in the publication and giving Executive Order 12250 approval to agencies participating in the rule. The rule amends 22 agencies' regulations implementing Title VI of the Civil Rights Act of 1964, Section 504 of the Rehabilitation Act of 1974, and the Age Discrimination Act of 1975. The amendments revise the definitions of a covered "program or activity" or "program" to incorporate the changes made by the Civil Rights Restoration Act of 1987. The rulemaking responds to a Third Circuit decision in Cureton v. NCAA, 198 F.3d 107 (1999), which held that the broadened definition of a covered "program" or "program or activity" was not incorporated into Title VI regulations of the Departments of Education and Health and Human Services since those agencies' regulations had not been amended to reflect the changes made by the Civil Rights Restoration Act of 1987.

This joint final regulation was pending at the Federal Register on January 19, 2001, and was later withdrawn by the new Administration. Several months later, the Coordination and Review Section (COR) was instructed by Alex Acosta to obtain new signature pages from each agency, indicating each agency's decision to be included in the rulemaking. The new signature pages were obtained and, in May 2001, COR forwarded to the front office a Memorandum for the Attorney General seeking his approval for publication. Then Acting Assistant Attorney General Bill Yeomans approved the package and forwarded it to the Department's Office of Legal Policy (OLP). OLP then sent the package back to the Civil Rights Division (CRT) for an opinion as to how the recently decided case of

Records, Chrono, COR, MAF, AS, CK

- 2 -

Alexander v. Sandoval, 532 U.S. 275 (2001), affects the rule.
On June 27, CRT sent a memo to OLP indicating that Sandoval has no
effect on the rulemaking.  The preamble was recently revised
pursuant to instructions from Jonathan Vogel (who coordinated with
OLP) to indicate that the Sandoval decision does not affect the
rulemaking, and each of the 22 participating agencies has confirmed
its concurrence with the revised preamble.  A revised Memorandum for
the Attorney General and accompanying Executive Summary are attached
for your signature.

Cc:  Jonathan Vogel, Counsel, CRT
     Robert Hinchman, Office of Legal Policy



**U. S. Department of Justice**

Civil Rights Division

DJ: 250-16-21

*Office of the Assistant Attorney General*                *Washington, D.C. 20530*

EXECUTIVE SUMMARY

MEMORANDUM FOR THE ATTORNEY GENERAL

MF
11\28

THROUGH:        THE DEPUTY ATTORNEY GENERAL

FROM:           Ralph F. Boyd, Jr.
                Assistant Attorney General
                Civil Rights Division

SUBJECT:        <u>Regulatory Amendments for 22 Federal Agencies</u>

PURPOSE:        To obtain the Attorney General's signature on
                the attached joint final rule, confirming the
                Department's participation in its publication,
                and giving Executive Order 12250 approval to
                agencies participating in the joint final rule.

TIMETABLE:      As soon as possible.

SYNOPSIS:       The Attorney General's signature for the Justice
                Department's portion of the attached joint final
                rule confirms the Department's participation in
                the publication of the joint final rule to amend
                22 agencies' civil rights regulations covering
                federally assisted programs and activities, and
                gives Executive Order 12250 approval to changes
                being made to the agencies' regulations
                implementing Title VI of the Civil Rights Act
                of 1964 and Section 504 of the Rehabilitation Act
                of 1974.  The amendments make changes to conform
                the regulations to provisions of the Civil Rights
                Restoration Act of 1987 (CRRA).  The principal
                proposed conforming change is to amend each of
                the regulations to add broadened definitions of
                "program or activity" and "program" that
                correspond to the statutory definitions enacted
                in the CRRA.

Records, Chrono, COR, MAF, AS, CK

AR_0216

Memorandum for the Attorney General                    Page 2
Subject:  Regulatory Amendments
          for 22 Federal Agencies

DISCUSSION:      The civil rights regulations of the 22
                 participating federal agencies (collectively,
                 "the agencies") originally were interpreted by
                 the agencies to mean that a recipient's acceptance
                 of federal assistance resulted in broad
                 institutional coverage.  In 1984, however,
                 the Supreme Court defined "program or activity"
                 under Title IX (and, consequently, Title VI,
                 Section 504, and the Age Discrimination Act) in
                 restrictive terms.  Grove City College v. Bell,
                 465 U.S. 555, 572-74 (1984).  In 1988, Congress
                 enacted the CRRA to restore the pre-Grove City
                 definition of "program" or "program or activity."
                 20 U.S.C. 1687 note.  The agencies then reinstated
                 their broad interpretation to be consistent with
                 the CRRA without changing the language of the
                 regulations.

                 However, a 1999 Third Circuit decision held that,
                 because the Title VI regulations of the
                 Departments of Education (ED) and Health and
                 Human Services (HHS) did not incorporate the
                 CRRA's broadened statutory definition of "program
                 or activity," the disparate effects standard
                 applied only to the particular portion of a
                 program that actually received federal financial
                 assistance rather than to all the operations of
                 the covered entity.

                 The principal change is to amend each of these
                 regulations to add the CRRA's broadened
                 definitions of "program or activity" and
                 "program."  Additional minor conforming changes
                 are made throughout the regulations.

                 The Civil Rights Division's Coordination and
                 Review Section (COR) coordinated the development
                 of a joint Notice of Proposed Rulemaking (NPRM)
                 which was published in the Federal Register on
                 December 6, 2000, at 65 FR 76460.  In January,
                 we were in the process of publishing the joint
                 final rule and had forwarded it to the Office
                 of the Federal Register for publication.  Along
                 with other regulations, however, the rule was
                 not published pursuant to instructions from the

Memorandum for the Attorney General                    Page 3
Subject:   Regulatory Amendments
           for 22 Federal Agencies

                    White House requesting that the incoming
                    Administration be afforded the opportunity to
                    review all pending regulations.  This process
                    resumes our efforts to have the regulation
                    published in the <u>Federal Register</u>.

RECOMMENDATION:  I recommend that you sign on the indicated page
                 in the attached joint final rule.


Attachments

AR_0218



**51334**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

**DEPARTMENT OF AGRICULTURE**

**7 CFR Parts 15, 15b**

RIN 0566–AB78

**NUCLEAR REGULATORY COMMISSION**

**10 CFR Part 4**

RIN 3130–AG65

**DEPARTMENT OF ENERGY**

**10 CFR Part 1040**

RIN 1901–AA86

**SMALL BUSINESS ADMINISTRATION**

**13 CFR Parts 112, 117**

RIN 3245–AE59

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION**

**14 CFR Parts 1250, 1251, 1252**

RIN 2700–AC41

**DEPARTMENT OF COMMERCE**

**15 CFR Parts 8, 8b, 20**

RIN 0690–AA30

**TENNESSEE VALLEY AUTHORITY**

**18 CFR Parts 1302, 1307, 1309**

RIN 3316–AA20

**DEPARTMENT OF STATE**

**22 CFR Parts 141, 142, 143**

RIN 1400–AB17

**AGENCY FOR INTERNATIONAL DEVELOPMENT**

**22 CFR Parts 209, 217, 218**

RIN 0412–AA45

**DEPARTMENT OF JUSTICE**

**28 CFR Part 42**

RIN 1190–AA49

**DEPARTMENT OF LABOR**

**29 CFR Parts 31, 32**

RIN 1291–AA31

**DEPARTMENT OF VETERANS AFFAIRS**

**38 CFR Part 18**

RIN 2900–AK13

**ENVIRONMENTAL PROTECTION AGENCY**

**40 CFR Part 7**

RIN 2020–AA43

**GENERAL SERVICES ADMINISTRATION**

**41 CFR Parts 101–6, 101–8**

RIN 3090–AH33

**DEPARTMENT OF THE INTERIOR**

**43 CFR Part 17**

RIN 1090–AA77

**DEPARTMENT OF HOMELAND SECURITY**

**Federal Emergency Management Agency**

**44 CFR Part 7**

RIN 1660–AA12

**NATIONAL SCIENCE FOUNDATION**

**45 CFR Parts 605, 611, 617**

RIN 3145–AA38

**NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES**

**National Endowment for the Arts**

**45 CFR Parts 1110, 1151, 1156**

RIN 3135–AA17

**NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES**

**National Endowment for the Humanities**

**45 CFR Parts 1110, 1170**

RIN 3136–AA24

**NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES**

**Institute of Museum and Library Services**

**45 CFR Part 1110**

RIN 3137–AA11

**CORPORATION FOR NATIONAL AND COMMUNITY SERVICE**

**45 CFR Parts 1203, 1232**

RIN 3045–AA29

**DEPARTMENT OF TRANSPORTATION**

**49 CFR Parts 21, 27**

RIN 2105–AC96

**Nondiscrimination on the Basis of Race, Color, or National Origin in Programs or Activities Receiving Federal Financial Assistance; Nondiscrimination on the Basis of Handicap in Programs or Activities Receiving Federal Financial Assistance; Nondiscrimination on the Basis of Age in Programs or Activities Receiving Federal Financial Assistance**

**AGENCIES:** Department of Agriculture; Nuclear Regulatory Commission; Department of Energy; Small Business Administration; National Aeronautics and Space Administration; Department of Commerce; Tennessee Valley Authority; Department of State; Agency for International Development; Department of Justice; Department of Labor; Department of Veterans Affairs; Environmental Protection Agency; General Services Administration; Department of the Interior; Federal Emergency Management Agency, Emergency Preparedness and Response Directorate, Department of Homeland Security; National Science Foundation; National Endowment for the Arts, National Endowment for the Humanities, Institute of Museum and Library Services, National Foundation on the Arts and the Humanities; Corporation for National and Community Service; Department of Transportation (collectively, "the Agencies").

**ACTION:** Joint final rule.

**SUMMARY:** The Agencies amend their regulations implementing Title VI of the Civil Rights Act of 1964 ("Title VI"), section 504 of the Rehabilitation Act of 1972 ("section 504"), and the Age Discrimination Act of 1975 ("Age Discrimination Act"). Together, these statutes prohibit discrimination on the basis of race, color, national origin, disability, and age in programs or activities that receive federal financial assistance. In 1988, the Civil Rights Restoration Act ("CRRA") added definitions of "program or activity" and "program" to Title VI and added a definition of "program or activity" to section 504 and the Age Discrimination Act. The added definitions were designed to clarify the broad scope of coverage of recipients' programs or activities under these statutes. These amendments incorporate the CRRA's definitions of "program or activity" and "program" into Title VI, section 504,

and Age Discrimination Act regulations of the Agencies, and promote consistent and adequate enforcement of these statutes by the Agencies.[1]

**DATES:** Effective September 25, 2003.

**FOR FURTHER INFORMATION CONTACT:**
Merrily A. Friedlander, Chief, Coordination and Review Section, Civil Rights Division, U.S. Department of Justice, (202) 307–2222 voice, (202) 307–2678 TTY, (202) 307–0595 fax.

Individuals with disabilities may obtain this document in an alternative format (e.g., Braille, large print, audiotape, or computer diskette) on request to the contact person listed in the preceding paragraph.

**SUPPLEMENTARY INFORMATION:**

**Overview**

On December 6, 2000, the Agencies published a notice of proposed rulemaking (NPRM) in the **Federal Register** (65 FR 76460) proposing to amend the regulations governing nondiscrimination on the basis of race, color, national origin, handicap, and age to conform with the Civil Rights Restoration Act of 1987, Pub. L. 100–259 ("CRRA").

The Agencies are amending their civil rights regulations to conform to provisions of the CRRA regarding the scope of coverage under civil rights statutes they administer. These statutes include Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000d, et seq. ("Title VI"); section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794 ("section 504"); and the Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101, et seq. ("Age Discrimination Act"). Title VI prohibits discrimination on the basis of race, color, and national origin in all programs or activities that receive federal financial assistance; section 504 prohibits discrimination on the basis of disability in all programs or activities that receive federal financial assistance;

and the Age Discrimination Act prohibits discrimination on the basis of age in all programs or activities that receive federal financial assistance. (Note that the CRRA does not affect coverage under federal employment nondiscrimination statutes, such as Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act, and the Age Discrimination in Employment Act.)

**Background Information**

The principal conforming change amends each of these regulations to add a definition of "program or activity" or "program" that reflects the statutory definition of "program or activity" or "program" enacted as part of the CRRA. We believe that adding this statutory definition to the regulatory language is the best way to avoid confusion on the part of beneficiaries, recipients, government entities, and other interested parties about the scope of civil rights coverage. These amendments also conform to a final rule under Title IX of the Education Amendments of 1972, as amended, to establish common regulations for 21 federal agencies published on August 30, 2000, 65 FR 52857. That common rule incorporated the statutory definitions of "program or activity" and "program" enacted as part of the CRRA.

When originally issued and implemented, the Agencies' civil rights regulations were interpreted by the Agencies to mean that acceptance of federal assistance by a recipient resulted in broad coverage of an entity. The Supreme Court, however, interpreted "program or activity" in restrictive terms. Grove City College v. Bell, 465 U.S. 555, 570–74 (1984). The Court concluded in Grove City College that federal student financial assistance provided to a college established jurisdiction under Title IX only over the college's financial aid program, not the entire college. Since Title IX was patterned after Title VI, this interpretation significantly narrowed the prohibitions of Title VI and two other statutes based on it: the Age Discrimination Act and section 504. See S. Rep. No. 100–64, at 2–3, 11–16, reprinted in 1988 U.S.C.C.A.N. at 3–5, 13–18. Following the Supreme Court's decision in Grove City, the Agencies changed their interpretation, but not the language, of the governing regulations to be consistent with the Court's restrictive, program-specific definition of "program or activity."

In 1988, Congress enacted the CRRA to restore the prior consistent and long-standing executive branch interpretation and "broad, institution-wide

application" of those laws as previously administered. See S. Rep. No. 100–64, at 4, reprinted in 1988 U.S.C.C.A.N. at 6. Congress enacted the CRRA in order to remedy what it perceived to be a serious narrowing by the Supreme Court of a longstanding administrative interpretation of the coverage of these laws. At that time, the Agencies reinstated their broad interpretation to be consistent with the CRRA, again without changing the language of the regulations. To the extent there was any inconsistency between the language of the regulations and the language of the CRRA, it was and remains the Agencies' interpretation that the CRRA superseded the regulations and, therefore, the regulations must be read in conformity with the CRRA. This interpretation was consistent with the understanding of Congress as expressed in the legislative history of the CRRA that the statutory definition of "program or activity" would take effect immediately without the need for federal agencies to amend their existing regulations. S. Rep. No. 100–64, at 32, reprinted in 1988 U.S.C.C.A.N. at 34.

These regulatory amendments are designed to address an issue recently raised by the Third Circuit Court of Appeals in Cureton v. NCAA, 198 F.3d 107 (3d Cir. 1999). The Third Circuit determined that, because the Departments of Health and Human Services and Education did not amend their Title VI regulations after the enactment of the CRRA, application of the Departments' Title VI regulations to disparate impact discrimination claims is "program specific" (i.e., limited to the particular program receiving federal financial assistance), rather than institution-wide (i.e., applicable to all of the operations of the institution regardless of the use of the federal funds). See id. at 114–16. As noted above, however, the Agencies have, since the passage of the CRRA, consistently interpreted the coverage of their Title VI regulations to reach those programs that fall within the broad statutory definition of "program or activity." The Cureton decision thwarts clearly expressed congressional intent by giving continued effect to a judicial interpretation that Congress intended to override. In any event, the regulatory changes address the concerns raised by the Third Circuit in that the regulations would track the CRRA's statutory language and apply to both disparate impact and disparate treatment forms of discrimination. ("Disparate treatment," i.e., intentional discrimination, refers to policies or practices that treat individuals differently based on their

---

[1] Since the publication of the Notice of Proposed Rulemaking (NPRM), the Federal Emergency Management Agency (FEMA) has become a component of the Department of Homeland Security (DHS). DHS published its Interim Final Rules for Title VI, Section 504, and Title IX of the Education Amendments of 1972 in the **Federal Register** on March 6, 2003. 68 FR 10904 (to be codified at 6 CFR part 21). Those rules reflect the Civil Rights Restoration Act's broadened definitions of "program" "Program or activity." FEMA is continuing as part of this rulemaking because the DHS regulations provide that "[t]he provisions published by this part shall be effective for all components of the Department, including all Department components that are transferred to the Department, except to the extent that a Department component already has existing title VI regulations." 6 CFR 21.1. Similar language is included in DHS' Title XI and section 504 regulations.

AR_0220

race, color, national origin, disability, or age, as applicable. Discrimination that involves such disparate treatment is barred by the civil rights statutes and regulations. "Disparate impact" refers to criteria or methods of administration that have a significant adverse effect on individuals based on race, color, national origin, disability, or age, as applicable. Such criteria or practices constitute impermissible discrimination if there is no substantial legitimate justification for those criteria or practices. However, even where such a justification exists, if there is an equally effective but less discriminatory alternative, that alternative must be adopted.)

Pursuant to Executive Order 12250 ("Leadership and Coordination of Nondiscrimination Laws"), the Department of Justice ("DOJ") requested that the Agencies jointly issue amendments to their regulations implementing Title VI, Section 504, and the Age Discrimination Act to incorporate the CRRA definitions of "program" and "program or activity." The two federal agencies implicated in the *Cureton* decision—the Department of Education ("ED") and the Department of Health and Human Services ("HHS")—are promulgating separate rules to incorporate the CRRA's expanded definition of "program or activity" and "program" in their regulations. ED published its NPRM on May 5, 2000, 65 FR 26464, and published its final rule on November 13, 2000, 65 FR 68050. HHS published its NPRM on October 26, 2000, 65 FR 64194, and plans to publish its final rule soon. DOJ participated in and coordinated the promulgation of amendments to 22 other agencies' Title VI, Section 504, and Age Discrimination Act regulations. 65 FR 76460. Again, while DOJ views these modifications to be merely technical in nature, public comments were invited on these modifications.

These changes are summarized in the sections below.

**Definition of "Program or Activity" and "Program"**

The statutory definition, which is now incorporated into the regulations, addresses the scope of coverage for four broad categories of recipients: (1) State or local governmental entities; (2) colleges, universities, other postsecondary educational institutions, public systems of higher education, local educational agencies, systems of vocational education, and other school systems; (3) private entities, such as corporations, partnerships, and sole proprietorships; and (4) entities that are

a combination of any of those groups. *See* 42 U.S.C. 2000d–4a.

Under the first part of the definition, when State and local governmental entities receive financial assistance from a federal agency, the "program or activity" or "program" in which discrimination is prohibited includes all of the operations of any State or local department or agency to which the federal assistance is extended. If, for example, a State or local agency receives federal assistance for one of many functions of the agency, all of the operations of the entire agency are subject to the nondiscrimination provisions of these regulations. In addition, "program or activity" or "program" also includes all of the operations of the entity of a State or local government that distributes the federal assistance to another State or local governmental agency or department and all of the operations of the State or local governmental entity to which the financial assistance is extended. *See* 42 U.S.C. 2000d–4a(1); S. Rep. No. 100–64, at 16, *reprinted in* 1988 U.S.C.C.A.N. at 18.

Under the second portion of the definition of "program or activity," when covered educational institutions receive federal financial assistance, all of their operations are subject to the nondiscrimination requirements of the funding agency's regulations. *See* 42 U.S.C. 2000d–4a(2).

Under the third part of the definition, the degree of coverage of private entities, such as private corporations and partnerships, will vary depending on how the funding is provided, the principal purpose or objective of the entity, or how the entity is structured (*e.g.*, physically separate offices or plants). Each of the operations of private businesses that are principally engaged in education, health care, housing, social services, or parks and recreation is considered a "program or activity" for purposes of these regulations. *See* 42 U.S.C. 2000d–4a(3)(A)(ii). S. Rep. No. 100–64 provides numerous other examples of the scope of coverage with regard to each category of recipient, and readers are referred to this material. S. Rep. No. 100–64, at 16–20, *reprinted in* 1988 U.S.C.C.A.N. at 19–21. In addition, if federal financial assistance is extended to a private entity "as a whole" and the private entity is not principally engaged in the business of education, health care, housing, social services, or parks and recreation, all of the private entity's operations at all of its locations would be covered. If the private entity receives general assistance, that is, assistance that is not designated for a particular purpose, that

would be considered federal financial assistance to the private entity "as a whole." In other instances where financial assistance is extended directly to a geographically separate facility of an entity described in the third part of this definition, then coverage would be limited to the geographically separate facility that receives the assistance. *See* 42 U.S.C. 2000d–4a(3).

Under the fourth part of the definition, if an entity of a type not already covered by one of the first three parts of the definition is established by two or more of the entities listed under the first three parts of the definition, then all of the operations of that new entity are covered. *See* 42 U.S.C. 2000d–4a(4).

The amendments incorporate the CRRA definition of "program or activity" and "program" into the agencies' regulations. When Congress amended Title VI in the CRRA, it added definitions of both "program or activity" and "program" to the statute. Therefore, we are amending each agency's Title VI regulations to incorporate the definition of both "program or activity" and "program." However, when Congress amended section 504 and the Age Discrimination Act in the CRRA, it added a definition of the term "program or activity," but did not add a similar definition of the term "program." Thus, we are amending the agencies' section 504 and Age Discrimination Act regulations to incorporate a new definition of "program or activity" only.

As explained below, in order to conform with the CRRA definitions of "program or activity" and "program," the regulatory changes also modify or delete some existing sections of the Agencies' regulations that have become superfluous or incorrect following enactment of the CRRA. These regulatory changes do not change the requirements of the existing regulations.

It is important to note that the changes do not in any way alter the requirement of the CRRA that a fund termination be limited to the particular programs "or part[s] thereof" that discriminate, or, as appropriate, to all of the programs that are infected by the discriminatory practices. *See* S. Rep. No. 100–64, at 20, *reprinted in* 1988 U.S.C.C.A.N. at 22 ("The [CRRA] defines 'program' in the same manner as 'program or activity,' and leaves intact the 'or part thereof' pinpointing language.").

**Assurances**

Several agencies' Title VI regulations included an assurance requirement that has created confusion with regard to the scope of "program or activity" under

these regulations. In general, these assurances, which are legal agreements between the government and recipients of federal financial assistance, are designed to ensure that recipients of federal financial assistance comply with nondiscrimination laws and do not discriminate in their programs or activities. However, some agencies had assurance provisions that were confusing in light of the CRRA because they incorrectly stated that, in some circumstances, certain parts of a program will not be covered by civil rights laws. For example, DOJ's assurance provision, which is very similar to the corresponding assurance requirements in other agencies' Title VI regulations, provided in part: "[t]he assurance * * * shall be applicable to the entire institution unless the applicant establishes, to the satisfaction of the responsible Department official, that the practices in designated parts or programs of the institution * * * will in no way affect its practices in the program of the institution * * * for which Federal financial assistance is sought. * * *'' 28 CFR 42.105(c)(2). In order to avoid any further confusion, the regulatory changes delete the above provision and similar provisions in the regulations of other agencies that incorrectly suggest that some parts of a program will not be covered under certain circumstances. These changes ensure that agency regulations reflect the broad scope of coverage of a program or activity that was contemplated by the CRRA.

Several federal agencies' Title VI regulations provided illustrative examples or applications that referred to the waiver language contained in the assurance provision. Because the waiver language in relevant assurance provisions has been deleted, similar language and references in illustrative applications and examples also have been deleted. These deletions do not affect the reach of the statutes or regulations.

**Other References to "Program" and "Program or Activity"**

In addition, we deleted references to "program" and "program or activity" in the regulations that did not conform to the broadened CRRA definition of "program" and "program or activity." For example, in some instances, we substituted "Federal financial assistance" for "program" or "program or activity" where the phrase referred to federal financial assistance. In other instances, we substituted the phrase "aid, benefit, or service" if that was the intended meaning. We made revisions when the terms "program" and

"program or activity" were used too narrowly, i.e., when they were used to indicate only a specific portion of a program that directly receives assistance. The nomenclature tables, which are charts designed to provide an easy method for viewing the words to be removed or replaced, show these conforming changes for each agency. In some instances, we changed the phrase "program and activity" to "program or activity" to conform the regulations to the term as defined in the CRRA. We did not modify the term "activity" when it appears separately from the phrase "program or activity" and is used in a manner unrelated to the CRRA phrase "program or activity."

In promulgating its final regulations, the Department of Education ("ED") used the plural terms "programs" and "programs or activities" to refer generally to multiple programs or activities operated by multiple recipients. In all other instances, however, ED used the singular terms "program" or "program or activity." ED explained that it had decided to use the singular terms in all such instances to reflect the fact that virtually all of ED's recipients, such as institutions of higher education, have only one "program" or "program or activity" encompassing all of the recipient's operations. Noting that the singular also can be interpreted to encompass the plural, ED further explained that the use of the singular was appropriate even for those cases in which ED might fund a recipient that operates more than one program or activity (such as when an individual recipient corporation has multiple plants each of which is a separate program or activity). Given the greater range of recipient entities funded by the multiple agencies participating in this joint final rule and the likelihood that most of these agencies fund recipients that may operate more than one program or activity, the participating agencies have not endeavored to make any changes to these regulations solely related to the use of the singular or plural forms of these terms. As such, the regulations of these agencies may differ from ED's regulations in terms of the use of the singular or plural form of "program" or "program or activity," but such differences should not be interpreted to imply any legal difference in the intended scope of coverage.

Although we have generally deleted all references to "program" and "program or activity" where such references do not conform to the CRRA, we have not done so when the regulation is merely copying statutory language. For example, the regulations for some agencies contain a compliance

provision that requires the agency to report any order for fund termination to the congressional committee with jurisdiction over the "program" involved. In this case, the term "program" clearly refers to Federal financial assistance, but we did not replace the word because the copied statutory language itself uses the term "program."

In other instances in which the term "program" is used in a manner inconsistent with the CRRA, we capitalized the word in order to distinguish it from the term defined by the CRRA. For example, we capitalized certain terms of art (e.g., "Historic Preservation Program," "Individualized Education Program") or names of types of federal financial assistance (e.g., "School Lunch Program") to avoid confusion.

**Other Conforming Changes**

Other changes include modifications to some agencies' definition of "recipient." A few agencies defined this term to include an entity that "benefits from" Federal financial assistance. Likewise, many agencies' section 504 and Age Discrimination Act regulations used the phrase "receives or benefits from Federal financial assistance." The phrase "or benefits from" in this context has been deleted as it is superfluous in light of the CRRA.

Because the changes are limited to those that are related to the CRRA definition of "program" and "program or activity," we did not make additional technical corrections unless the provision was already subject to a CRRA-related change. Likewise, we did not make other technical corrections to outdated agency or office names, with one notable exception. Since the regulations for the Department of Energy require that age discrimination complaints be filed with a specific office, we have updated the regulations to reflect the new name of that office, thereby reducing confusion for individual complainants.

Although we are not amending the content of the Agencies' appendices, the headings and introductory text describing the content are amended to conform with the CRRA. Additional conforming changes to the body of the various agency appendices will be published in the **Federal Register** in a separate document at a later date.

**Coordination With the Department of Education**

The Department of Education ("ED")—one of two agencies that were implicated in the Cureton decision and that have decided to promulgate

separate rules to incorporate the CRRA's expanded definition of "program or activity" in their regulations—published its proposed rule on May 5, 2000, at 65 FR 26464, and its final rule on November 13, 2000, at 65 FR 68050. Among other modifications, ED's amendments contain several conforming changes to the following three subparts of its Section 504 regulations: (1) Preschool, Elementary, and Secondary Education; (2) Postsecondary Education; and (3) Health, Welfare, and Social Services.

Eight other Federal agencies have Section 504 regulations containing sections similar to all or a portion of the provisions in the above three subparts. Because we believe that it is particularly important to maintain consistency among Federal agencies with respect to these subparts, we have, with a few minor exceptions, followed ED's lead when amending these sections for the other eight agencies—Department of Agriculture, Department of Commerce, Department of Interior, Department of State, Department of Veterans Affairs, Agency for International Development, National Endowment for the Humanities, and National Science Foundation—that have similar regulations.

### Coordination With the Department of Health and Human Services

The other agency implicated in the *Cureton* decision is the Department of Health and Human Services (HHS). Like ED, HHS promulgated its own separate NPRM, which was published on October 26, 2000 at 65 FR 64194. We coordinated this joint rule with ED, to avoid any inconsistencies between this joint rule and those agencies' separate rules.

### Differences Among Agencies

Some agencies lack regulations implementing section 504 or the Age Discrimination Act. In accordance with the limited scope of this regulation, we are not adding section 504 or Age Discrimination Act sections to agencies that lack such regulations. Outlined below are the agencies that do not have such implementing regulations, as well as agencies that have comprehensive rules implementing several statutes in one set of regulations or that follow the regulations of another Federal agency.

Agencies that do not have regulations implementing the Age Discrimination Act and, therefore, are amending only their regulations implementing Title VI and section 504 are: the Department of Agriculture, the Department of Labor, the Department of Defense, the Environmental Protection Agency, and the Department of Transportation. The Federal Emergency Management Agency ("FEMA") does not have regulations applying section 504 to recipients of Federal financial assistance but, instead, operates in accordance with section 504 regulations developed by HHS. Therefore, FEMA is amending only its regulations implementing Title VI and the Age Discrimination Act. Likewise, the Small Business Administration does not have regulations applying section 504 to recipients of federal financial assistance and, therefore, is amending only its Title VI and Age Discrimination Act regulations.

In addition, the Corporation for National and Community Service ("the Corporation") lacks regulations applying the Age Discrimination Act, Title VI, and section 504 to recipients of Federal financial assistance. Instead, the Corporation, which is the successor of ACTION, operates in accordance with Title VI and section 504 regulations promulgated by ACTION and is amending only those regulations. Similarly, the National Endowment for the Arts, the National Endowment for the Humanities ("NEH"), and the Institute of Museum and Library Services ("IMLS"), which together constitute the National Foundation on the Arts and the Humanities ("NFAH"), operate in accordance with Title VI regulations developed jointly by these three agencies and thus are amending their Title VI regulations jointly. However, NEA is separately amending its section 504 and Age Discrimination Act regulations, while NEH, which lacks an Age Discrimination Act regulation, is amending its section 504 regulation only. IMLS, which operates in accordance with NEH's section 504 regulations and does not have regulations implementing the Age Discrimination Act, is not issuing any separate amendments.

### Analysis of Comments and Changes

In the NPRM, we invited comments on the proposed regulations. We received two comments. The first commenter wrote in support of the NPRM, stating that Title VI, section 504, and the Age Discrimination Act needed to be strengthened and be made uniform by adding the definitions of "program or activity." The commenter also stated that the amendments would result in consistent and adequate enforcement of Title VI, section 504, and the Age Discrimination Act, and commended the Department of Justice and its "sister Federal agencies" for amending the regulations.

The second commenter advanced the view that the Agencies should not amend the regulations at this time because the commenter believed an amendment would be untimely due to a case then-pending before the United States Supreme Court (*Alexander* v. *Sandoval*, 532 U.S. 275 (2001)). *Sandoval* did not, however, address the focus of this rulemaking—revising the regulations to conform them to the added definition of "program or activity" or "program." Instead, *Sandoval* addressed a different issue—whether there is an implied private right of action to enforce disparate-impact regulations promulgated under Section 602 of Title VI and concluded that there was not such a right. The Agencies have decided to proceed with the amendment of their regulations because we believe it is important to conform the regulations to the civil rights statutes as amended by the CRRA. We are, however, mindful of the Supreme Court's statements in *Sandoval* that call the validity of the Title VI disparate-impact regulations into question.[2]

In addition, in consultation with the Department of Justice, the Agencies have reviewed the regulations since publication of the NPRM and have made minor editorial and technical changes.

### Applicable Executive Orders and Regulatory Certifications

#### Executive Order 12067

These conforming changes have been reviewed by the Equal Employment Opportunity Commission pursuant to Executive Order 12067.

#### Executive Order 12250

These conforming changes to the Title VI and section 504 regulations have been reviewed and approved by the Attorney General pursuant to Executive Order 12250.

#### Executive Order 12866

These regulations have been drafted and reviewed in accordance with Executive Order 12866, "Regulatory Planning and Review", Section 1(b), Principles of Regulation. The Department of Justice has determined that this rule is not a "significant regulatory action" under Executive Order 12866, Section 3(f), and accordingly this rule has not been reviewed by the Office of Management and Budget. Under the terms of the

---

[2] *See Sandoval,* 532 U.S. at 286 & 286 n. 6 ("[W]e assume for purposes of this decision that § 602 confers the authority to promulgate disparate-impact regulations"; "[w]e cannot help observing, however, how strange it is to say that disparate-impact regulations are 'inspired by, at the service of, and inseparably intertwined with' § 601 * * * when § 601 permits the very behavior that the regulations forbid.").

AR_0223

order we have assessed the potential costs and benefits of this regulatory action.

In assessing the potential costs and benefits—both quantitative and qualitative—of these final regulations, we have determined that there probably will be no cost impacts because these final regulations merely clarify longstanding policy of the Agencies and do not change the Agencies' practices in addressing issues of discrimination.

We also have determined that this regulatory action would not unduly interfere with State, local, and tribal governments in the exercise of their governmental functions.

We summarized the potential costs and benefits of these final regulations in the preamble to the joint NPRM (65 FR 76460).

### Age Discrimination Act of 1975

The Age Discrimination Act of 1975 and the Department of Health and Human Services' ("HHS") general, government-wide implementing regulations give the Secretary of HHS the authority to review changes to the Age Discrimination Act regulations of federal agencies. This authority has been delegated to the Office for Civil Rights ("OCR"), which has reviewed and approved these conforming changes.

### Small Business Regulatory Enforcement Fairness Act of 1996

It has been determined that this rule is not a major rule as defined by the Small Business Regulatory Enforcement Fairness Act of 1996, 5 U.S.C. 804. This rule will not result in an annual effect on the economy of $100 million or more; a major increase in costs or prices; or significant adverse effects on competition, employment, investment, productivity, innovation, or on the ability of United States-based companies to compete with foreign-based companies in domestic and export markets.

All recipients of federal funding have been bound by these standards of liability since the passage of the CRRA, when the Agencies reinstated their broad interpretation of the terms "program or activity" and "program" and applied these regulations on an institution-wide basis without changing the language of the regulations. The joint rule merely makes the regulations track the statutory language of the CRRA, both for disparate impact and disparate treatment forms of discrimination. These regulations implement statutory amendments and longstanding agency policy.

### Unfunded Mandates Reform Act of 1995

The Unfunded Mandate Reform Act of 1995, Public Law 104–4, 109 Stat. 48 (1995), requires agencies to prepare several analytic statements before proposing any rule that may result in annual expenditures of $100 million by State, local, Indian tribal governments or the private sector. See 2 U.S.C. 1532.

These amendments make technical changes to existing regulations that enforce statutory prohibitions on discrimination on the basis of race, color, national origin, age, or disability. Therefore, these amendments will not result in the expenditure by State, local, and tribal governments, in the aggregate, or by the private sector, of $100 million or more in any one year, and they will not significantly or uniquely affect small governments. The participating agencies certify that no actions were deemed necessary under the Unfunded Mandate Reform Act of 1995.

### Regulatory Flexibility Act

The Agencies, in accordance with the Regulatory Flexibility Act, 5 U.S.C. 605(b), have reviewed these regulations and certify that these regulations will not have a significant economic impact on a substantial number of small entities, in large part because these regulations do not impose any new substantive obligations on ederal funding recipients. All recipients of Federal funding have been bound by these standards of liability since the passage of the CRRA, when the Agencies reinstated their broad interpretation of the terms "program or activity" and "program" and applied these regulations on an institution-wide basis without changing the language of the regulations. The joint rule merely makes the regulations track the statutory language of the CRRA, both for disparate impact and disparate treatment forms of discrimination. These regulations implement statutory amendments and longstanding agency policy.

### Paperwork Reduction Act

The Agencies certify that this rule will not impose additional reporting or recordkeeping requirements under the Paperwork Reduction Act of 1995, 44 U.S.C. 3501 *et seq.*

### Executive Order 13132

This rule will not have substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government. The rule does not subject federal funding recipients to new obligations. The regulations amend and clarify existing regulations that are required by statute pursuant to Title VI of the Civil Rights Act of 1964, section 504 of the Rehabilitation Act of 1973, and the Age Discrimination Act of 1975. Therefore, in accordance with section 6 of Executive Order 13132, the Agencies have determined that these amendments do not have sufficient federalism implications to warrant the preparation of a federalism summary impact statement.

### List of Subjects

*7 CFR Part 15*

Aged, Civil rights, Religious discrimination, Sex discrimination.

*7 CFR Part 15b*

Civil rights, Equal employment opportunity, Grant programs—education, Individuals with disabilities.

*10 CFR Part 4*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Federal buildings and facilities, Individuals with disabilities, Reporting and recordkeeping requirements, Sex discrimination.

*10 CFR Part 1040*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Individuals with disabilities, Sex discrimination.

*13 CFR Part 112*

Civil rights, Reporting and recordkeeping requirements, Small businesses.

*13 CFR Part 117*

Aged, Civil rights, Reporting and recordkeeping requirements.

*14 CFR Part 1250*

Civil rights.

*14 CFR Part 1251*

Administrative practice and procedure, Civil rights, Equal employment opportunity, Federal buildings and facilities, Individuals with disabilities.

*14 CFR Part 1252*

Aged, Civil rights.

*15 CFR Part 8*

Civil rights.

*15 CFR Part 8b*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities, Reporting and recordkeeping requirements.

*15 CFR Part 20*

Administrative practice and procedure, Aged, Civil rights.

*18 CFR Part 1302*

Civil rights, Reporting and recordkeeping requirements.

*18 CFR Part 1307*

Administrative practice and procedure, Civil rights, Individuals with disabilities.

*18 CFR Part 1309*

Aged, Civil rights.

*22 CFR Part 141*

Civil rights.

*22 CFR Part 142*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*22 CFR Part 143*

Aged, Civil rights.

*22 CFR Part 209*

Civil rights.

*22 CFR Part 217*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*22 CFR Part 218*

Aged, Civil rights.

*28 CFR Part 42*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Grant programs, Individuals with disabilities, Reporting and recordkeeping requirements, Sex discrimination.

*29 CFR Part 31*

Civil rights, Reporting and recordkeeping requirements.

*29 CFR Part 32*

Civil rights, Equal employment opportunity, Individuals with disabilities, Reporting and recordkeeping requirements.

*38 CFR Part 18*

Aged, Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities, Reporting and recordkeeping requirements, Veterans.

*40 CFR Part 7*

Civil rights, Equal employment opportunity, Individuals with disabilities, Reporting and

recordkeeping requirements, Sex discrimination.

*41 CFR Part 101–6*

Civil rights, Government property management.

*41 CFR Part 101–8*

Administrative practice and procedure, Civil rights, Government property management, Individuals with disabilities, Reporting and recordkeeping requirements.

*43 CFR Part 17*

Administrative practice and procedure, Aged, Civil rights, Equal employment opportunity, Federal buildings and facilities, Individuals with disabilities.

*44 CFR Part 7*

Administrative practice and procedure, Aged, Civil rights, Reporting and recordkeeping requirements.

*45 CFR Part 605*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*45 CFR Part 611*

Civil rights, Reporting and recordkeeping requirements.

*45 CFR Part 617*

Administrative practice and procedure, Aged, Civil rights.

*45 CFR Part 1110*

Civil rights.

*45 CFR Part 1151*

Civil rights, Equal employment opportunity, Individuals with disabilities.

*45 CFR Part 1156*

Administrative practice and procedure, Aged, Civil rights, Grant programs, Investigations, Reporting and recordkeeping requirements.

*45 CFR Part 1170*

Civil rights, Equal educational opportunity, Equal employment opportunity, Individuals with disabilities.

*45 CFR Part 1203*

Civil rights, Reporting and recordkeeping requirements.

*45 CFR Part 1232*

Civil rights, Grant programs—social programs, Individuals with disabilities.

*49 CFR Part 21*

Civil rights, Reporting and recordkeeping requirements.

*49 CFR Part 27*

Administrative practice and procedure, Airports, Civil rights, Highways and roads, Individuals with disabilities, Mass transportation, Railroads, Reporting and recordkeeping requirements.

**Adoption of Joint Rule**

■ The agency adoptions of this joint rule are set forth below:

## DEPARTMENT OF AGRICULTURE

### 7 CFR Subtitle A

### RIN 0566–AB78

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, USDA amends 7 CFR subtitle A, parts 15 and 15b as set forth below:

## PART 15—NONDISCRIMINATION

■ 1. The authority citation for part 15 continues to read as follows:

**Authority:** 5 U.S.C. 301; 29 U.S.C. 794.

■ 2. Section 15.2 is amended by revising paragraph (k) to read as follows:

**§ 15.2   Definitions.**

\*    \*    \*    \*    \*

(k) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 3. In § 15.3, the headings for paragraphs (d)(1) through (d)(10) are revised to read as follows:

§ 15.3    Discrimination prohibited.

\*    \*    \*    \*    \*

(d) \* \* \*

(1) *Cooperative Agricultural Extension Program.* \* \* \*

(2) *Rural Electrification and Rural Telephone Programs.* \* \* \*

(3) *Direct Distribution Program.* \* \* \*

(4) *National School Lunch Program.* \* \* \*

(5) *Food Stamp Program.* \* \* \*

(6) *Special Milk Program for Children.* \* \* \*

(7) *Price Support Programs carried out through producer associations or cooperatives or through persons who are required to provide specified benefits to producers.* \* \* \*

(8) *Forest Service Programs.* \* \* \*

(9) *Farmers Home Administration Programs.* \* \* \*

(10) *Cooperative State Research Programs.* \* \* \*

■ 4. Section 15.4 is amended by revising paragraph (c) to read as follows:

§ 15.4    Assurances required.

\*    \*    \*    \*    \*

(c) *Assurances from institutions.* The assurance required with respect to an institution of higher education, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals or to the opportunity to participate in the

provision of services or other benefits to such individuals, shall be applicable to the entire institution.

\*    \*    \*    \*    \*

5. Amend the appendix to subpart A of part 15 as follows:

a. In the heading, by removing the words "USDA-Assisted Programs" and adding, in their place, the words "Federal Financial Assistance From USDA";

b. In the introductory text, by removing the word "Programs" and adding, in its place, the words "The types of Federal financial assistance"; and by removing the words "in which Federal financial assistance is rendered"; and

c. In the chart, by removing the column heading "Program" and adding, in its place, the column heading "Type of Federal Financial Assistance".

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column, and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 15.1(b)(3) ................................................ | under any such program | |
| 15.2(e) ................................................... | for any program | |
| 15.2(e) ................................................... | under any such program | |
| 15.2(f) .................................................... | for the purpose of carrying out a program | |
| 15.3(b)(3) ............................................... | activities or programs | programs or activities |
| 15.3(d), introductory text, first sentence ...... | programs and activities | types of Federal financial assistance |
| 15.3(d), introductory text, third sentence ..... | program | type of Federal financial assistance |
| 15.3(d), introductory text, third sentence ..... | it | a program |
| 15.3(d), introductory text, last sentence ...... | listed program | listed type of Federal financial assistance |
| 15.3(d)(1)(ii) ........................................... | activity of | activity funded by |
| 15.3(d)(3)(i) ............................................ | direct distribution program | Direct Distribution Program |
| 15.3(d)(3)(iii) .......................................... | program | Program |
| 15.3(d)(4)(i) ............................................ | program | Program |
| 15.3(d)(4)(ii) ........................................... | program | Program |
| 15.3(d)(5)(i) ............................................ | program | Program |
| 15.3(d)(6)(i) ............................................ | program | Program |
| 15.3(d)(6)(iv) .......................................... | program | Program |
| 15.3(d)(7)(v) ........................................... | price support program | Price Support Program |
| 15.3(d)(10)(ii) ......................................... | cooperative research program | Cooperative Research Program |
| 15.4(a)(1), first sentence ......................... | to carry out a program | |
| 15.4(a)(1), first sentence ......................... | except a program | except an application |
| 15.4(b) .................................................... | to carry out its program for or activity involving | |
| 15.5(a), second sentence ......................... | programs | Federal financial assistance |
| 15.5(a), second sentence ......................... | program | |
| 15.5(b), second sentence ......................... | of any program under | in |
| 15.5(d) .................................................... | program under | program for Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 15.9(e), first sentence .............................. | programs | |
| 15.10(f) ................................................... | under the program involved | to which this regulation applies |
| 15.10(f) ................................................... | assistance will | assistance to which this regulation applies will |
| 15.10(f) ................................................... | under such program | |
| 15.12(a), introductory text, first sentence ..... | under such program | |

AR_0226

**51342**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

## PART 15b—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 7. The heading for part 15b is revised to read as set forth above.

■ 8. The authority citation for part 15b continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 9. Section 15b.3 is amended by revising paragraph (p) and adding a new paragraph (s) to read as follows:

### § 15b.3   Definitions.

\*    \*    \*    \*    \*

(p) For purposes of § 15b.18(d), *Historic Preservation Programs* are those that receive Federal financial assistance that has preservation of historic properties as a primary purpose.

\*    \*    \*    \*    \*

(s) *Program or activity* means all of the operations of any entity described in paragraphs (s)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private

organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (s)(1), (2), or (3) of this section.

### § 15b.4   [Amended]

■ 10. In § 15b.4, the heading of paragraph (c) is amended by removing the word "Programs" and adding, in its place, the words "Aid, benefits, or services".

■ 11. The heading for subpart C is revised to read as follows:

### Subpart C—Accessibility

■ 12. Section 15b.18 is amended by revising the heading and first sentence of paragraph (a), the heading of paragraph (e), and the first sentence of paragraph (e)(1) introductory text to read as follows:

### § 15b.18   Existing facilities.

(a) *Accessibility.* A recipient shall operate each assisted program or activity so that when each part is viewed in its entirety it is readily accessible to and usable by qualified handicapped persons. \*    \*    \*

\*    \*    \*    \*    \*

(e) *Historic Preservation Programs; application for waiver of accessibility requirements.* (1) A recipient shall operate each assisted program or

activity involving Historic Preservation Programs so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \*    \*    \*

\*    \*    \*    \*    \*

### § 15b.27   [Amended]

■ 13. Section 15b.27 is amended by removing from the heading of paragraph (b) the words "Program delivery" and adding, in their place, the word "Delivery", and by removing from the heading of paragraph (c) the words "Program materials" and adding, in their place, the word "Materials".

### § 15b.28   [Amended]

■ 14. The heading for § 15b.28 is amended by removing the word "programs".

■ 15. The heading for subpart F is revised to read as follows:

### Subpart F—Other Aid, Benefits, or Services

### Appendix A to Part 15b   [Amended]

■ 16. Amend appendix A to part 15b as follows:

■ a. In the heading, by removing the words "USDA-Assisted Programs" and adding, in their place, the words "Federal Financial Assistance From USDA";

■ b. In the introductory text, by removing the word "Programs" and adding, in its place, the words "The types of Federal financial assistance"; and by removing the words "in which Federal financial assistance is rendered"; and

■ c. In the chart, by removing the column heading "Program" and adding, in its place, the column heading "Type of Federal Financial Assistance".

■ 17. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 15b.2, first sentence | programs and activities | programs or activities |
| 15b.2, last sentence | tailored to specific programs | more specifically tailored |
| 15b.4(b)(1)(v) | program | program or activity |
| 15b.4(b)(3) | programs or activities | aid, benefits, or services |
| 15b.4(b)(4)(ii) | program | program or activity |
| 15b.4(b)(5)(i) | or benefits from | |
| 15b.4(b)(6) | or benefiting from | |
| 15b.4(c) | the benefits of a program | aid, benefits, or services |
| 15b.4(c) | from a program | from aid, benefits, or services |
| 15b.5(a), first sentence | for a program or activity | |
| 15b.5(a), first sentence | the program will | the program or activity will |
| 15b.7(a), second sentence | programs and activities | programs or activities |
| 15b.8(a)(3)(i) | program | program or activity |
| 15b.8(a)(3)(ii) | program | program or activity |
| 15b.8(a)(3)(iii) | program | program or activity |
| 15b.10 | programs | programs or activities |
| 15b.11 | programs and activities | programs or activities |

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations    **51343**

| Section | Remove | Add |
|---|---|---|
| 15b.12(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 15b.12(b)(8) | social | those that are social |
| 15b.12(b)(8) | programs | |
| 15b.13(a) | program | program or activity |
| 15b.13(c), introductory text | programs | programs or activities |
| 15b.13(c)(1) | program | program or activity |
| 15b.16 | programs and activities | programs or activities |
| 15b.18(b), last sentence | offer programs and activities to | serve |
| 15b.18(b), last sentence | to obtain the full benefits of the program | |
| 15b.18(d) | program accessibility | accessibility |
| 15b.18(d) | the program | the program or activity |
| 15b.18(e)(1), introductory text, last sentence | program | |
| 15b.18(e)(1)(iv), first sentence | program | |
| 15b.18(e)(1)(iv), last sentence | historic preservation program | Historic Preservation Program |
| 15b.18(e)(1)(iv), first sentence | program accessibility | accessibility |
| 15b.18(e)(2), introductory text, first sentence | program | |
| 15b.18(e)(2), introductory text, last sentence | program | |
| 15b.18(e)(2)(iii) | program | program or activity |
| 15b.18(g)(3) | program accessibility | ccessibility under paragraph (a) of this section |
| 15b.20 | programs and activities | programs or activities |
| 15b.21, introductory text | program | program or activity |
| 15b.22(a) | program | program or activity |
| 15b.22(b)(2) | individualized education program | Individualized Education Program |
| 15b.22(b)(3), first sentence | in | |
| 15b.22(b)(3), first sentence | to a program | for aid, benefits, or services |
| 15b.22(b)(3), first sentence | the one | those |
| 15b.22(b)(3), first sentence | operates | operates or provides |
| 15b.22(c)(1), second sentence | to a program | for aid, benefits, or services |
| 15b.22(c)(1), second sentence | operated | operated or provided |
| 15b.22(c)(1), second sentence | the program | aid, benefits, or services |
| 15b.22(c)(2) | person in | person |
| 15b.22(c)(2) | to a program | for aid, benefits, or services |
| 15b.22(c)(2) | not operated | not operated or provided |
| 15b.22(c)(2) | the program | aid, benefits, or services |
| 15b.22(c)(3) | placement in | |
| 15b.22(c)(3) | program | placement |
| 15b.22(c)(4), last sentence | such a program | a free appropriate education |
| 15b.24(a) | program shall | program or activity shall |
| 15b.24(a) | a regular or special education program | regular or special education |
| 15b.25, first sentence | operates a | provides |
| 15b.25, first sentence | education program | education |
| 15b.26(c)(1), first sentence | programs and activities | aid, benefits, or services |
| 15b.26(c)(1), last sentence | in these activities | |
| 15b.27(a), first sentence | operates an | provides |
| 15b.27(a), first sentence | program or activity receiving assistance from this Department | |
| 15b.27(a), first sentence | from the program or activity | |
| 15b.27(a), last sentence | under the program or activity | |
| 15b.27(b)(1), first sentence | program services | aid, benefits, or services |
| 15b.27(b)(2), first sentence | program services | aid, benefits, or services |
| 15b.27(b)(2), second sentence | program benefits | aid, benefits, or services |
| 15b.27(b)(3), first sentence | program services | aid, benefits, or services |
| 15b.27(b)(3), second sentence | program benefits | aid, benefits, or services |
| 15b.27(c), first sentence | program | |
| 15b.28(a), first sentence | operates a | provides |
| 15b.28(a), first sentence | program receiving assistance from this Department | |
| 15b.28(a), first sentence | from such program | |
| 15b.29 | programs and activities | programs or activities |
| 15b.31(a) | program or activity | aid, benefits, or services |
| 15b.31(d) | programs and activities | programs or activities |
| 15b.32(a), second sentence | program or | |
| 15b.32(c) | in its program | |
| 15b.32(d)(1) | under the education program or activity operated by the recipient | |
| 15b.35(a)(1), first sentence | programs and activities | aid, benefits, or services |
| 15b.36 | programs and activities | aid, benefits, or services |
| 15b.39, first sentence | activity for | activity that provides aid, benefits, or services for |
| 15b.39, first sentence | program, or activity | program or activity |
| 15b.40(a), first sentence | operate | provide |
| 15b.40(a), first sentence | service programs assisted by this Department | services |
| 15b.41(a) | a multi-family rental housing program | multi-family rental housing |
| 15b.41(b)(2) | program | |

| Section | Remove | Add |
|---|---|---|
| 15b.41(c), first sentence ....................................... | program | |
| 15b.41(c), last sentence ....................................... | program | |

Dated: May 1, 2001.

**David Winningham,**
*Acting Director, Office of Civil Rights, Department of Agriculture.*

## NUCLEAR REGULATORY COMMISSION

### 10 CFR Chapter I

**RIN 3130–AG65**

### Authority and Issuance

■ For the reasons set forth in the joint preamble, NRC amends 10 CFR chapter I, part 4 as set forth below:

## PART 4—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE FROM THE COMMISSION

■ 1. The heading for part 4 is revised as set forth above.

■ 2. The authority citation for part 4 is revised to read as follows:

**Authority:** Sec. 161, 68 Stat. 948, as amended (42 U.S.C. 2201); sec. 274, 73 Stat. 688, as amended (42 U.S.C. 2021); sec. 201, 88 Stat. 1242, as amended (42 U.S.C. 5841).

Subpart A also issued under secs. 602–605, Pub. L. 88–352, 78 Stat. 252, 253 (42 U.S.C. 2000d–2000d–7); sec. 401, 88 Stat. 1254 (42 U.S.C. 5891).

Subpart B also issued under sec. 504, Pub. L. 93–112, 87 Stat. 394 (29 U.S.C. 706); sec. 119, Pub. L. 95–602, 92 Stat. 2984 (29 U.S.C. 794); sec. 122, Pub. L. 95–602, 92 Stat. 2984 (29 U.S.C. 706(6)).

Subpart C also issued under Title III of Pub. L. 94–135, 89 Stat. 728, as amended (42 U.S.C. 6101).

Subpart E also issued under 29 U.S.C. 794.

■ 3. Section 4.4 is amended by revising paragraph (g) to read as follows:

**§ 4.4  Definitions.**

*    *    *    *    *

(g) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

*    *    *    *    *

■ 4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.3, introductory text, second sentence ............. | programs | types of Federal financial assistance |
| 4.3, introductory text, third sentence .................. | under any program or activity | |
| 4.3, introductory text, fourth sentence ............... | a program | a type of Federal financial assistance |
| 4.3, introductory text, fourth sentence ............... | the program | a program or activity |
| 4.4(f) ........................................................................ | for the purpose of carrying out a program | |
| 4.4(h) ........................................................................ | for any program | |
| 4.4(h) ........................................................................ | under any such program | |

### Subpart A—Regulations Implementing Title VI of the Civil Rights Act of 1964 and Title IV of the Energy Reorganization Act of 1974

■ 5. The heading of § 4.22 is revised to read as follows:

**§ 4.22  Continuing Federal financial assistance.**

*    *    *    *    *

■ 6. Section 4.24 is amended by revising paragraph (b) to read as follows:

**§ 4.24  Assurances from institutions.**

*    *    *    *    *

(b) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

■ 7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.12(a), introductory text ...................................... | under any program | the |
| 4.13(a), first sentence ........................................... | a program of | assistance to a program |
| 4.13(a), first sentence ........................................... | assistance | such Federal financial assistance |
| 4.13(a), second sentence .................................... | such programs | fellowships |
| 4.13(a), second sentence .................................... | fellowship programs | |

AR_0229

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations    51345

| Section | Remove | Add |
|---|---|---|
| 4.21(a), first sentence ................................. | under a program | |
| 4.21(a), first sentence ................................. | except a program | except an application |
| 4.21(a), fifth sentence ................................. | for each program | |
| 4.21(a), fifth sentence ................................. | in the program | |
| 4.21(b), third sentence ............................... | program | statute |
| 4.22 ............................................................. | to carry out a program involving | for |
| 4.32(b) ........................................................ | of any program under | in |
| 4.34 ............................................................. | program under which | program for which |
| 4.51(a)(4) .................................................... | under the program involved | |
| 4.64, first sentence ..................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 4.64, last sentence ..................................... | programs subject to this subpart are | this regulation is |
| 4.74, first sentence ..................................... | under the program involved | to which this regulation applies |
| 4.74, first sentence ..................................... | assistance will | assistance to which this regulation applies will |
| 4.74, first sentence ..................................... | under such program | |
| 4.91, introductory text, first sentence ................. | under such program | |

## Subpart B—Regulations Implementing Section 504 of the Rehabilitation Act of 1973, as Amended

■ 8. The heading of § 4.126 is revised to read as follows:

### § 4.126  General requirement concerning accessibility.

*    *    *    *    *

■ 9. Section 4.127 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### § 4.127  Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. * * *

*    *    *    *    *

■ 10. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.121(a) ...................................................... | or benefits from | |
| 4.121(b)(1)(v) ............................................. | program | program or activity |
| 4.121(b)(2) .................................................. | programs or activities | aid, benefits, or services |
| 4.121(b)(3)(ii) .............................................. | program | program or activity |
| 4.121(b)(4)(i) ............................................... | or benefits from | |
| 4.121(c) ...................................................... | the benefits of a program | aid, benefits, or services |
| 4.121(c) ...................................................... | a program | aid, benefits, or services |
| 4.121(d) ...................................................... | programs and activities | programs or activities |
| 4.122(a) ...................................................... | or benefits from | |
| 4.122(c)(8) .................................................. | social | those that are social |
| 4.122(c)(8) .................................................. | programs | |
| 4.122(d), last sentence .............................. | apprenticeship programs | apprenticeships |
| 4.123(a) ...................................................... | program | program or activity |
| 4.123(c), introductory text ......................... | program | program or activity |
| 4.123(c)(1) .................................................. | program | program or activity |
| 4.126 .......................................................... | or benefits from | |
| 4.127(b), last sentence .............................. | offer programs and activities to | serve |
| 4.127(d)(3) .................................................. | program accessibility | accessibility under paragraph (a) of this section |
| 4.231(a), first sentence .............................. | for a program or activity | |
| 4.231(a), first sentence .............................. | the program | the program or activity |
| 4.231(c)(3)(i) ............................................... | program | program or activity |
| 4.231(c)(3)(ii) .............................................. | program | program or activity |
| 4.232(a), second sentence ......................... | programs and activities | programs or activities |

## Subpart C—Regulations Implementing the Age Discrimination Act of 1975, as Amended

■ 11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 4.313, introductory text, first sentence ............... | program of activity | program or activity |
| 4.321, first sentence ................................... | programs and activities | programs or activities |
| 4.321, second sentence .............................. | programs and activities | programs or activities |
| 4.334(a)(2), last sentence .......................... | program | |

| Section | Remove | Add |
|---|---|---|
| 4.336(c)(2), first sentence ............................ | Federal | program or activity |
| 4.338(c) ...................................................... | program | Federal financial assistance |
| 4.339(b)(2) .................................................. | program or activity | programs or activities |
| 4.341(b) ...................................................... | programs | programs or activities |
| 4.341(c) ...................................................... | programs | programs or activities |
| 4.341(d) ...................................................... | programs | programs or activities |

Dated: April 30, 2001.

**William D. Travers,**

*Executive Director for Operations, Nuclear Regulatory Commission.*

## DEPARTMENT OF ENERGY

## 10 CFR Chapter X

## RIN 1901–AA86

### Authority and Issuance

■ For the reasons set forth in the joint preamble, DOE amends 10 CFR chapter X, part 1040 as set forth below:

## PART 1040—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES

■ 1. The heading for part 1040 is revised to read as set forth above.

■ 2. The authority citation for part 1040 is revised to read as follows:

**Authority:** 20 U.S.C. 1681–1686; 29 U.S.C. 794; 42 U.S.C. 2000d to 2000d–7, 3601–3631, 5891, 6101–6107, 7101 *et seq.*

### Subpart A—General Provisions

■ 3. Section 1040.3 is amended by revising paragraph (u) to read as follows:

### § 1040.3  Definitions—General.

\*    \*    \*    \*    \*

(u) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (u)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (u)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 4. Section 1040.4 is amended by revising paragraph (d) and the heading of paragraph (f) to read as follows:

### § 1040.4  Assurances required and preaward review.

\*    \*    \*    \*    \*

(d) *Assurances from government agencies.* In the case of any application from any department, agency or office of any State or local government for Federal financial assistance for any specified purpose, the assurance required by this section is to extend to any other department, agency, or office of the same governmental unit.

\*    \*    \*    \*    \*

(f) *Continuing Federal financial assistance.* \*  \*  \*

\*    \*    \*    \*    \*

■ 5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.1, first sentence ............................ | the program or activity | the Federal financial assistance |
| 1040.1, first sentence ............................ | program services | services |
| 1040.2(a), second sentence ...................... | Programs | Types of Federal financial assistance |
| 1040.2(a), fourth sentence ....................... | under any program or activity | |
| 1040.2(a), last sentence .......................... | a program | a type of Federal financial assistance |
| 1040.2(a), last sentence .......................... | the program | that a program or activity |
| 1040.3(a) ............................................... | program | aid, benefit, service |
| 1040.3(t) ............................................... | for the purpose of carrying out a program | |
| 1040.4(a), first sentence ......................... | for a program or activity | |
| 1040.4(f), introductory text ...................... | administering a program which receives | applying for |
| 1040.4(f)(1) ............................................ | program | program or activity |
| 1040.5(b), first sentence .......................... | or programs | or activity |
| 1040.5(b), second sentence ...................... | programs | programs or activities |
| 1040.5(b), second sentence ...................... | broadcast program | broadcast |
| 1040.5(b), last sentence .......................... | the program | the program or activity |
| 1040.5(b), last sentence .......................... | opportunity program | opportunity program or activity |
| 1040.5(c), first sentence .......................... | program | program or activity |
| 1040.6(a) second sentence ....................... | programs and activities | programs or activities |
| 1040.7(b) ............................................... | a program that will | to |

**Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations    **51347**

**Subpart B—Title VI of the Civil Rights Act of 1964; Section 16 of the Federal Energy Administration Act of 1974, as Amended; and Section 401 of the Energy Reorganization Act of 1974**

■ 6. Section 1040.13 is amended by revising paragraph (e) to read as follows:

**§ 1040.13   Discrimination prohibited.**

* * * * *

(e) For the purpose of this section, the disposition, services, financial aid, or benefits provided under a program receiving Federal financial assistance include all portions of the recipient's program or activity, including facilities, equipment, or property provided with the aid of Federal financial assistance.

* * * * *

■ 7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.11(b), first sentence ................................ | administering | administering or |
| 1040.11(b), first sentence ................................ | or substantially benefiting from | |
| 1040.12(b), first sentence ................................ | programs and activities | programs or activities |
| 1040.13(b), introductory text ........................... | under any program | |
| 1040.13(c) ...................................................... | program objectives | objectives of the program |
| 1040.13(g), first sentence ................................ | from programs | from benefits |
| 1040.13(g), last sentence ................................ | the benefits of a program | benefits |
| 1040.13(g), last sentence ................................ | programs funded | Federal financial assistance provided |
| 1040.14(a)(1), introductory text, first sentence ... | mobility programs | mobility projects |

**Subpart D—Nondiscrimination on the Basis of Handicap—Section 504 of the Rehabilitation Act of 1973, as Amended**

**§ 1040.63   [Amended]**

■ 8. In § 1040.63, the heading of paragraph (c) is amended by removing the word "Programs," and adding, in its place, the words "Aid, benefits, or services".

■ 9. The undesignated center heading immediately preceding § 1040.71 is amended by removing the word "Program".

■ 10. Section 1040.72 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

**§ 1040.72   Existing facilities.**

(a) *Accessibility.* A recipient shall operate any program or activity to which this subpart applies so that when each part is viewed in its entirety it is readily accessible and usable by handicapped persons. * * *

* * * * *

■ 11. Section 1040.74 is amended by revising the section heading, the heading of paragraph (a), the first sentence of paragraph (a) introductory text and the headings of paragraphs (a)(1), (a)(2), and (a)(3) to read as follows:

**§ 1040.74   Accessibility in historic properties.**

(a) *Methods to accomplish accessibility.* Recipients shall operate each program or activity involving historic properties so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. * * *

(1) *Methods to accomplish accessibility without building alterations or structural changes.* * * *

(2) *Methods to accomplish accessibility resulting in building alterations.* * * *

(3) *Methods to accomplish accessibility resulting in structural changes.* * * *

* * * * *

■ 12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.61(b) ...................................................... | or benefits from | |
| 1040.63(a) ...................................................... | or benefits from | |
| 1040.63(b)(1)(v) .............................................. | program | program or activity |
| 1040.63(b)(3) .................................................. | programs or activities | aid, benefits, or services |
| 1040.63(b)(4)(ii) .............................................. | program | program or activity |
| 1040.63(b)(6) .................................................. | or benefiting from | |
| 1040.63(c) ...................................................... | the benefits of a program | aid, benefits, or services |
| 1040.63(c) ...................................................... | from a program | from aid, benefits, or services |
| 1040.63(d) ...................................................... | programs of activities | programs or activities |
| 1040.64(c), first sentence ................................ | under any program to which | under any program or activity to which |
| 1040.64(c), first sentence ................................ | assistance under any program for | assistance for |
| 1040.66(a)(3), last sentence ............................. | apprenticeship programs | apprenticeships |
| 1040.66(b)(8) .................................................. | social | those that are social |
| 1040.66(b)(8) .................................................. | programs | |
| 1040.67(a) ...................................................... | program | program or activity |
| 1040.67(c), introductory text ........................... | program | program or activity |
| 1040.67(c)(1) .................................................. | program | program or activity |
| 1040.72(b), last sentence ................................ | offer programs and activities to | serve |
| 1040.72(d)(3) .................................................. | program accessibility | accessibility under § 1040.72(a) |
| 1040.74(a), introductory text, second sentence | program | |
| 1040.74(a), introductory text, last sentence ....... | program | |
| 1040.74(a)(1)(i) ............................................... | programs | aid, benefits, or services |
| 1040.74(a)(1)(iii) .............................................. | programs or activities | aid, benefits, or services |
| 1040.74(a)(1)(iv) .............................................. | programs | aid, benefits, or services |
| 1040.74(a)(2), first sentence ............................ | program | |
| 1040.74(a)(2), first sentence ............................ | Program | |
| 1040.74(a)(3), first sentence ............................ | program | |

AR_0232

| Section | Remove | Add |
|---|---|---|
| 1040.74(a)(3), first sentence ............................. | Program | |

## Subpart E—Nondiscrimination on the Basis of Age—Age Discrimination Act of 1975, as Amended

■ 13. The authority citation for subpart E is revised to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended (42 U.S.C. 6101 *et seq.*); 45 CFR part 90.

### Appendix A to Subpart E to Part 1040 [Amended]

■ 14. Appendix A to subpart E to part 1040 is amended by removing the words

"or program" from the sixth column heading.

■ 15. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1040.81, last sentence ...................................... | programs and activities | programs or activities |
| 1040.82(a) ...................................................... | or benefits from | |
| 1040.83(i) ....................................................... | programs and activities | programs or activities |
| 1040.88(a) ...................................................... | Office of Equal Opportunity (OEO) | Office of Civil Rights and Diversity |
| 1040.88(c) ...................................................... | program | program or activity |
| 1040.89–1, first sentence ................................. | program and activities | programs or activities |
| 1040.89–5(a), third sentence ............................ | Office of Equal Opportunity (OEO) | Office of Civil Rights and Diversity |
| 1040.89–5(a), last sentence .............................. | OEO | Office of Civil Rights and Diversity |
| 1040.89–5(b), introductory text ........................ | OEO | Office of Civil Rights and Diversity |
| 1040.89–5(c), first sentence ............................. | OEO | Office of Civil Rights and Diversity |
| 1040.89–6(b), second sentence ......................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–6(c), second sentence ......................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–6(e) .................................................. | OEO | Office of Civil Rights and Diversity |
| 1040.89–7(a)(1) ............................................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–7(a)(3) ............................................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–7(b), first sentence ............................. | OEO | Office of Civil Rights and Diversity |
| 1040.89–9(a), introductory text ........................ | Programs | Programs or Activities |
| 1040.89–9(a)(1), first sentence ......................... | under the program or activity involved where | for a program activity in which |
| 1040.89–9(c)(1) ............................................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–9(c)(2), first sentence ......................... | Federal | |
| 1040.89–11 ..................................................... | OEO | Office of Civil Rights and Diversity |
| 1040.89–12(b)(2) ............................................. | program or activity | Federal financial assistance |
| 1040.89–13(b), introductory text ...................... | OEO | Office of Civil Rights and Diversity |

Dated: May 29, 2001.

**Spencer Abraham,**
*Secretary, Department of Energy.*

## SMALL BUSINESS ADMINISTRATION

### 13 CFR Chapter I

**RIN 3245–AE59**

### Authority and Issuance

■ For the reasons set forth in the joint preamble, SBA amends 13 CFR chapter I, parts 112 and 117 as set forth below:

## PART 112—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF SBA—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 1. The authority citation for part 112 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252 (42 U.S.C. 2000d–1).

■ 2. Section 112.2 is amended by adding paragraph (e) to read as follows:

### § 112.2  Application of this part.

\*　\*　\*　\*　\*

(e) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (e)(1)

through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1),(2), or (3) of this section.

### Appendix A to Part 112    [Amended]

■ 3. The chart in appendix A to part 112 is amended by removing the heading "Name of program" and adding, in its place, the heading "Name of Federal financial assistance'; by removing the heading "Financial Programs" and adding, in its place, the heading "Federal Financial Assistance Involving Grants of Funds''; and by removing the heading "Nonfinancial Programs" and adding, in its place, the heading "Other Federal Financial Assistance''.

AR_0233

■ 4. The note immediately following appendix A to part 112 is amended by removing the word "programs" and adding, in its place, the words "types of Federal financial assistance".

■ 5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 112.2(a) ................................... | assistance under programs | Federal financial assistance |
| 112.3(b)(3), first sentence ......... | the program | a program |
| 112.8, last sentence .................. | for each program | |
| 112.8, last sentence .................. | in the program | |

## PART 117—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES OF SBA—EFFECTUATION OF THE AGE DISCRIMINATION ACT OF 1975, AS AMENDED

■ 6. The heading for part 117 is revised to read as set forth above.

■ 7. The authority citation for part 117 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, 42 U.S.C. 6101 *et seq.*

■ 8. Section 117.2 is amended by revising paragraph (a) to read as follows:

### §117.2  Application of this part.

(a) This part applies to all recipients of Federal financial assistance administered by the Small Business Administration, whether or not the specific type of Federal financial assistance administered is listed in appendix A.

*       *       *       *       *

■ 9. Section 117.3 is amended by redesignating paragraphs (j) through (m) as paragraphs (k) through (n), and adding a new paragraph (j) to read as follows:

### §117.3  Definitions.

*       *       *       *       *

(j) The term *program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (j)(1), (2), or (3) of this section.

*       *       *       *       *

## Appendix A to Part 117    [Amended]

■ 10. The chart in appendix A to part 117 is amended by removing the words "Name of program" and adding, in their place, the words "Type of Federal financial assistance".

■ 11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 117.1 ...................................... | programs | programs or activities |
| 117.3(j), first sentence ............... | under any program | programs or activities |
| 117.4(b)(2) .............................. | programs | programs or activities |
| 117.5(b), first sentence ............. | in a program | |
| 117.6(b) .................................. | business or program | program or activity |
| 117.6(c) .................................. | program | program or activity |
| 117.7, first sentence .................. | under any program | |
| 117.7, last sentence .................. | for each program, | |
| 117.7, last sentence .................. | in the program | |
| 117.8(a), first sentence ............. | programs and activities | programs or activities |
| 117.8(c) .................................. | its program beneficiaries | the beneficiaries of its programs or activities |
| 117.15(a)(3), first sentence ........ | program | |
| 117.17(f) ................................. | under the programs involved | to which this regulation applies |
| 117.17(f) ................................. | assistance will | assistance to which this regulation applies will |
| 117.17(f) ................................. | under such program | |
| 117.19(a)(9) ............................. | program | program or activity |
| 117.20, first sentence ............... | programs | programs or activities |

**51350**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

Dated: October 10, 2002.

**Hector V. Barreto,**

*Administrator, Small Business Administration.*

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION**

**14 CFR Chapter V**

**RIN 2700–AC41**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, NASA amends 14 CFR chapter V, parts 1250, 1251, and 1252 as set forth below:

**PART 1250—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF NASA— EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

■ 1. The authority citation for part 1250 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252, 42 U.S.C. 2000d–1; and the laws listed in appendix A to this part.

■ 2. Section 1250.102 is amended by revising paragraph (h) to read as follows:

**§ 1250.102    Definitions.**

*    *    *    *    *

(h) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

*    *    *    *    *

■ 3. Section 1250.103–4 is amended by revising paragraph (b) to read as follows:

**§ 1250.103–4    Illustrative applications.**

*    *    *    *    *

(b) In a research or training grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited and the prohibition extends to the entire university.

*    *    *    *    *

■ 4. Section 1250.103–5 is amended by revising the heading to read as follows:

**§ 1250.103–5    Special benefits.**

■ 5–6. Section 1250.104 is amended by revising paragraph (c)(2) and by removing paragraph (d)(2) and the paragraph designation (d)(1), to read as follows:

**§ 1250.104    Assurances.**

*    *    *    *    *

(c) * * *

(2) The assurances from such an applicant shall be applicable to the entire organization of the applicant.

*    *    *    *    *

■ 7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1250.101(a)(1), first sentence ........................... | federally-assisted programs and activities | types of Federal financial assistance |
| 1250.101(a)(1), second sentence ..................... | program or activity | type of Federal assistance |
| 1250.101(a)(1), second sentence ..................... | such program | a program |
| 1250.101(a)(1), last sentence ......................... | programs | types of Federal financial assistance |
| 1250.101(a)(2) ............................................. | under any such program | |
| 1250.101(b)(2) ............................................. | extended under any such program | extended |
| 1250.101(b)(3) ............................................. | beneficiary under any such program | beneficiary |
| 1250.101(b)(5) ............................................. | programs | types of Federal financial assistance |
| 1250.101(b)(6) ............................................. | programs | types of Federal financial assistance |
| 1250.102(f) ................................................. | for the purpose of carrying out a program | |
| 1250.102(i) ................................................. | for any program | |
| 1250.102(i) ................................................. | under any such program | |
| 1250.103–2(a), introductory text ..................... | under any program | |
| 1250.103–3(b) ............................................. | programs | types of Federal financial assistance |
| 1250.103–4(a) ............................................. | programs | services |
| 1250.103–5 ................................................. | the benefits of a program | benefits |
| 1250.104(a), first sentence ........................... | to carry out a program | |
| 1250.104(e), second sentence ......................... | under a program of | with |
| 1250.104(e), last sentence ........................... | program | statute |
| 1250.105(b), last sentence ........................... | of any program under | in |
| 1250.105(d) ................................................. | program under | program for |
| 1250.108(e), first sentence ........................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1250.109(f) ................................................. | under the program involved | to which this regulation applies |
| 1250.109(f) ................................................. | assistance will | assistance to which this regulation applies will |
| 1250.109(f) ................................................. | under such program | |
| 1250.111(a), first sentence ........................... | under such program | |

## PART 1251—NONDISCRIMINATION ON BASIS OF HANDICAP

■ 8. The authority citation for part 1251 continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 9. Section 1251.102 is amended by adding paragraph (k) to read as follows:

### § 1251.102   Definitions.

\*    \*    \*    \*    \*

(k) *Program or activity* means all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k) (1), (2), or (3) of this section.

### § 1251.103   [Amended]

■ 10. In § 1251.103, the heading of paragraph (c) is amended by removing the word "Programs" and adding, in its place, the words "Aid, benefits, or services".

■ 11. The heading of subpart 1251.3 of part 1251 is revised to read as follows:

## Subpart 1251.3—Accessibility

■ 12. In § 1251.301, the heading and first sentence of paragraph (a) are revised to read as follows:

### § 1251.301   Existing facilities.

(a) *Accessibility*. A recipient shall operate each program or activity to which his part applies so that when each part is viewed in its entirety it is readily accessible to handicapped persons. \* \* \*

\*    \*    \*    \*    \*

■ 13. In the table below, for each section indicated in the left column, remove the text shown in the middle column, and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1251.101 | or benefits from | |
| 1251.103(a) | or benefits from | |
| 1251.103(b)(1)(v) | program | program or activity |
| 1251.103(b)(3) | program | program or activity |
| 1251.103(b)(3) | or benefiting from | |
| 1251.103(b)(4) | programs or activities | aid, benefits, or services |
| 1251.103(b)(5)(ii) | program | program or activity |
| 1251.103(b)(6)(i) | or benefits from | |
| 1251.103(b)(7) | or benefiting from | |
| 1251.103(c) | the benefits of a program | aid, benefits, or services |
| 1251.103(c) | from a program | from aid, benefits, or services |
| 1251.104(a), first sentence | for a program or activity | |
| 1251.104(a), first sentence | the program | the program or activity |
| 1251.105(a)(3)(i) | program | program or activity |
| 1251.105(a)(3)(ii) | program | program or activity |
| 1251.105(a)(3)(iii) | program | program or activity |
| 1251.107(a), second sentence | programs and activities programs or activities | programs or activities |
| 1251.200(a)(2) | programs | |
| 1251.200(a)(4), last sentence | apprenticeship programs apprenticeships | |
| 1251.200(b)(8) | social | those that are social |
| 1251.200(b)(8) | programs | |
| 1251.200(d), last sentence | apprenticeship programs apprenticeships | |
| 1251.201(a) | program | program or activity |
| 1251.201(c), introductory text | program | program or activity |
| 1251.201(c)(1) | program | program or activity |
| 1251.301(b), last sentence | offer programs and activities to | serve |
| 1251.301(d)(3) | program accessibility | accessibility under paragraph (a) of this section |

## PART 1252—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 14. The heading for part 1252 is revised to read as set forth above.

■ 15. The authority citation for part 1252 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101 *et seq.* (45 CFR part 90).

■ 16. Section 1252.102 is amended by revising the heading to read as follows:

### § 1252.102   To what programs or activities do these regulations apply?

\*    \*    \*    \*    \*

■ 17. Section 1252.103 is amended by adding paragraph (n) to read as follows:

### § 1252.103   Definitions.

\*    \*    \*    \*    \*

(n) *Program or activity* means all of the operations of any entity described in paragraphs (n)(1) through (4) of this

AR_0236

**51352**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (n)(1), (2), or (3) of this section.

■ 18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1252.100, last sentence ..................................... | programs and activities | programs or activities |
| 1252.102(a) ........................................................... | or benefits from | |
| 1252.203 ............................................................... | program | program or activity |
| 1252.300 ............................................................... | programs and activities | programs or activities |
| 1252.403(a)(2), last sentence ............................ | program | |
| 1252.405(b), first sentence ................................ | program activity | program or activity |
| 1252.405(c)(2), first sentence ........................... | Federal | |
| 1252.409(b)(2) ..................................................... | program or activity | Federal financial assistance |

Dated: September 10, 2002.

**Sean O'Keefe,**

*Administrator, National Aeronautics and Space Administration.*

## DEPARTMENT OF COMMERCE

**15 CFR Subtitle A**

**RIN 0690–AA30**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, DOC amends 15 CFR subtitle A, parts 8, 8b, and 20 as set forth below:

## PART 8—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF COMMERCE—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 1. The authority citation for part 8 continues to read as follows:

**Authority:** Sec. 602, Civil Rights Act of 1964 (42 U.S.C. 2000d–1).

■ 2. Section 8.3 is amended by revising paragraph (g) to read as follows:

**§ 8.3   Definitions.**

\*   \*   \*   \*   \*

(g) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*   \*   \*   \*   \*

■ 3. Section 8.5 is amended by revising paragraph (b)(10) to read as follows:

**§ 8.5   Nondiscrimination clause.**

\*   \*   \*   \*   \*

(b) \* \* \*

(10) In the case where any assurances are required from an academic, a medical care, detention or correctional, or any other institution or facility, insofar as the assurances relate to the institution's practices with respect to the admission, care, or other treatment of persons by the institution or with respect to the opportunity of persons to participate in the receiving or providing of services, treatment, or benefits, such assurances shall be applicable to the entire institution or facility.

\*   \*   \*   \*   \*

■ 4. Section 8.6 is amended by revising the heading of paragraph (a) to read as follows:

**§ 8.6   Applicability of this part to Department assisted programs.**

\*   \*   \*   \*   \*

(a) *Assistance to support economic development.* \* \* \*

\*   \*   \*   \*   \*

**Appendix A to Part 8   [Amended]**

■ 5. The heading for appendix A to part 8 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

■ 6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 8.2(a), first sentence ........................................ | federally assisted programs | types of Federal financial assistance |
| 8.2(a), last sentence ........................................ | under any such program | |
| 8.2(b)(2) ............................................................ | under any such program | |
| 8.2(b), second sentence .................................. | a program | a type of Federal financial assistance |
| 8.2(b), second sentence .................................. | such program | a program |
| 8.2(b), last sentence ........................................ | programs | types of Federal financial assistance |
| 8.3(i), first sentence ........................................ | for or in connection with any program | |
| 8.3(i), last sentence ........................................ | under any program | |
| 8.3(j) .................................................................. | for the purpose of carrying out a program | |
| 8.4(b)(1), introductory text ................................ | under any program to which this part applies | |
| 8.4(b)(1)(vii) ...................................................... | when a program is applicable thereto | |
| 8.4(b)(2) ............................................................ | under any program | |
| 8.4(b)(2) ............................................................ | such program, or the class of persons to whom | program, or the class of persons to whom |
| 8.4(c)(1), third sentence .................................. | program | plan |
| 8.5(a), first sentence ........................................ | to carry out a program | |
| 8.5(b)(3) ............................................................ | That in a program involving | When |
| 8.5(b)(3) ............................................................ | assistance, | assistance is involved, |
| 8.5(b)(5), third sentence .................................. | program | statute |
| 8.6, introductory text, second sentence ........... | program | type of Federal financial assistance |
| 8.6(b), second sentence .................................. | student training programs | instances of student training |
| 8.7(b), last sentence ........................................ | of any program under | in |
| 8.7(d) ................................................................ | program under which | program for which |
| 8.12(e), first sentence ...................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 8.13(f) ................................................................ | under the program involved | to which this regulation applies |
| 8.13(f) ................................................................ | assistance will | assistance to which this regulation applies will |
| 8.13(f) ................................................................ | under such program | |
| 8.15(a), introductory text, first sentence ........... | under such program | |

## PART 8b—PROHIBITION OF DISCRIMINATION AGAINST THE HANDICAPPED IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES OF THE DEPARTMENT OF COMMERCE

■ 7. The heading for part 8b continues to read as set forth above.

■ 8. The authority citation for part 8b continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 9. Section 8b.3 is amended by redesignating paragraphs (h) through (l) as paragraphs (i) through (m), respectively; and adding a new paragraph (h) to read as follows:

### §8b.3   Definitions.

\*    \*    \*    \*    \*

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of

assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 10. Section 8b.4 is amended by revising the heading of paragraph (c) to read as follows:

### §8b.4   Discrimination prohibited.

\*    \*    \*    \*    \*

(c) *Aid, benefits, or services limited by Federal law.* \* \* \*

\*    \*    \*    \*    \*

## Subpart C of Part 8b—[Amended]

■ 11. The heading for subpart C of part 8b is amended by removing the word ''Program''.

■ 12. Section 8b.17 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### §8b.17   Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to qualified handicapped individuals. \* \* \*

\*    \*    \*    \*    \*

■ 12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

AR_0238

| Section | Remove | Add |
|---|---|---|
| 8b.1, first sentence | or benefiting from | |
| 8b.1, last sentence | programs and activities | programs or activities |
| 8b.1, last sentence | or benefiting from | |
| 8b.2, first sentence | program | program or activity |
| 8b.2, first sentence | or benefiting from | |
| 8b.2, last sentence | program | program or activity |
| 8b.4 (a) | or benefits from | |
| 8b.4(b)(1)(v) | program | program or activity |
| 8b.4(b)(3) | programs or activities | aid, benefits, or services |
| 8b.4(b)(4)(ii) | program | program or activity |
| 8b.4(b)(5)(i) | or benefits from | |
| 8b.4(b)(6) | or benefiting from | |
| 8b.4(b)(7)(i) | under programs of Federal financial assistance | |
| 8b.4(c) | the benefits of a program | aid, benefits, or services |
| 8b.4(c) | from a program | from aid, benefits, or services |
| 8b.4(d) | programs and activities | programs or activities |
| 8b.5(a), first sentence | for a program or activity | |
| 8b.5(a), first sentence | the program | the program or activity |
| 8b.5(b)(3) | program | program or activity |
| 8b.5(d) | a program | the objectives of Federal financial assistance |
| 8b.5(d) | programs and activities | programs or activities |
| 8b.6(a)(3)(i) | program | program or activity |
| 8b.6(a)(3)(ii) | program | program or activity |
| 8b.8(a), second sentence | programs and activities | programs or activities |
| 8b.10(a) | programs | programs or activities |
| 8b.11(a)(1) | or benefits from | |
| 8b.11(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 8b.12(a) | program | program or activity |
| 8b.12(b)(1) | program | program or activity |
| 8b.12(c), introductory text | program | program or activity |
| 8b.12(c)(1) | program | program or activity |
| 8b.12(e) | program | program or activity |
| 8b.17(a), third sentence | program | aid, benefit, or service |
| 8b.17(a), last sentence | Program accessibility | Accessibility |
| 8b.17(a), last sentence | program | aid, benefit, or service |
| 8b.17(b), last sentence | offer programs and activities to | serve |
| 8b.17(e)(3) | program accessibility | accessibility under § 8b.17(a) |
| 8b.19 | programs and activities | programs or activities |
| 8b.19 | or benefit from | |
| 8b.21(a) | program or activity | aid, benefits, or services |
| 8b.21(d) | programs and activities | program or activity |
| 8b.22(a), second sentence | program of | |
| 8b.22(c) | in its program | |
| 8b.22(d)(1), first sentence | under the education program or activity operated by the recipient | |
| 8b.25(a)(1), first sentence | programs and activities | aid, benefits, or services |

## PART 20—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 15. The authority citation for part 20 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. sec. 6101 *et seq.* and the government-wide regulations implementing the Act, 45 CFR part 90.

■ 16. The heading of § 20.2 is revised to read as follows:

### § 20.2  Programs or activities to which these regulations apply.

\* \* \* \* \*

■ 17. Section 20.3 is amended by redesignating paragraphs (j) through (n) as paragraphs (k) through (o), respectively; and adding a new paragraph (j) to read as follows:

### § 20.3  Definitions.

\* \* \* \* \*

(j) *Program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial

AR_0239

assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (j)(1),(2), or (3) of this section.

\* \* \* \* \*

■ 18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 20.1, last sentence ................................. | programs and activities | programs or activities |
| 20.2(a) ................................................... | or benefits from | |
| 20.4(d) ................................................... | program | program or activity |
| 20.7, introductory text ........................... | programs and activities | programs or activities |
| 20.7(a), first sentence ........................... | program | program or activity |
| 20.13(a)(2), last sentence ..................... | program | |
| 20.15(a)(1), last sentence ..................... | program | program or activity |
| 20.15(b) ................................................. | program and activity | program or activity |
| 20.15(c)(2), first sentence ..................... | Federal | |
| 20.18(b)(2) ............................................ | program or activity | Federal financial assistance |

Dated: May 17, 2001.

**Suzan J. Aramaki,**
*Director, Office of Civil Rights, Department of Commerce.*

## TENNESSEE VALLEY AUTHORITY

**18 CFR Chapter XIII**

**RIN 3316–AA20**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, TVA amends 18 CFR chapter XIII, parts 1302, 1307, and 1309 as set forth below:

## PART 1302—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF TVA— EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 1. The authority citation for part 1302 continues to read as follows:

**Authority:** TVA Act, 48 Stat. 58 (1933), as amended, 16 U.S.C. 831–831dd, and sec. 602 of the Civil Rights Act of 1964, 78 Stat. 252, 42 U.S.C. 2000d–1.

■ 2. Section 1302.3 is amended by adding a new paragraph (e) to read as follows:

## § 1302.3  Definitions.

\* \* \* \* \*

(e) *Program or activity* and *program* refer to all of the operations of any entity described in paragraphs (e)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of

vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1), (2), or (3) of this section.

■ 3. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1302.2, introductory text, first sentence ............. | program in which | program for which |
| 1302.2, introductory text, second sentence ....... | programs | types of Federal financial assistance |
| 1302.2(b) ................................................ | under any such program | |
| 1302.2(c) ................................................ | under any such program | |
| 1302.2, concluding text, first sentence ............... | a program | a type of Federal financial assistance |
| 1302.2, concluding text, first sentence ............... | such program | a program |
| 1302.2, concluding text, last sentence ............... | programs | types of Federal financial assistance |
| 1302.4(b)(1), introductory text ........................... | under any program or activity | |
| 1302.5(a), last sentence .................................... | in the program | |
| 1302.5(b), first sentence ................................... | through a program of | with |
| 1302.5(b), second sentence .............................. | under a program of | with |
| 1302.5(b), third sentence .................................. | program | statute |
| 1302.6(b), last sentence ................................... | of any program under | in |
| 1302.6(d) ............................................... | program under which | program for which |
| 1302.7(b)(3)(ii) ........................................ | program | programs |
| 1302.7(c)(3)(ii)(B) ................................... | program | programs |
| 1302.9(e), first sentence .................................. | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |

| Section | Remove | Add |
|---|---|---|
| 1302.10(f) ........................ | under the program involved | to which this regulation applies |
| 1302.10(f) ........................ | assistance will | assistance to which this regulation applies will |
| 1302.10(f) ........................ | under such program | |
| 1302.12(a), introductory text, first sentence ....... | under such program | |

## PART 1307—NONDISCRIMINATION WITH RESPECT TO HANDICAP

■ 4. The authority citation for part 1307 continues to read as follows:

**Authority:** TVA Act, 48 Stat. 58 (1933) as amended, 16 U.S.C. 831–831dd (1976) and sec. 504 of the Rehabilitation Act of 1973, Pub. L. 93–112, as amended, 29 U.S.C. 794 (1976; Supp. II 1978).

■ 5. Section 1307.1 is amended by adding paragraph (k) to read as follows:

### § 1307.1   Definitions.

\*    \*    \*    \*    \*

(k) *Program or activity* means all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section.

■ 6. The heading of § 1307.4 is revised to read as follows:

### § 1307.4   Discrimination prohibited.

\*    \*    \*    \*    \*

■ 7. Section 1307.6 is amended by revising the section heading and the first sentence of paragraph (b)(1) to read as follows:

### § 1307.6   Accessibility.

\*    \*    \*    \*    \*

(b) \* \* \*

(1) Each program or activity subject to this part shall be operated so that when each part is viewed in its entirety it is readily accessible to and usable by qualified handicapped persons. \* \* \*

\*    \*    \*    \*    \*

■ 8. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1307.3, first sentence ......................... | program in which | program or activity for which |
| 1307.3, first sentence ......................... | under any program | |
| 1307.3, first sentence ......................... | under any such program | |
| 1307.4(b)(1), introductory text ........................... | under any program | |
| 1307.4(b)(1)(i) ........................ | program | program or activity |
| 1307.4(b)(1)(ii) ........................ | program | program or activity |
| 1307.4(b)(1)(iii) ........................ | program | program or activity |
| 1307.4(b)(1)(iv) ........................ | program | program or activity |
| 1307.4(b)(1)(v) ........................ | program | program or activity |
| 1307.4(b)(1)(vi) ........................ | program | program or activity |
| 1307.4(b)(1)(vii) ........................ | program | program or activity |
| 1307.4(b)(2) ........................ | program | program or activity |
| 1307.4(b)(2) ........................ | activities | aid, benefits, or services |
| 1307.4(b)(3)(ii) ........................ | program | program or activity |
| 1307.4(b)(4) ........................ | program, | program or activity, |
| 1307.4(b)(4)(i) ........................ | program | program or activity |
| 1307.4(c) ........................ | the benefits of a program | aid, benefits, or services |
| 1307.4(c) ........................ | from a program | from aid, benefits, or services |
| 1307.4(d), first sentence ........................ | programs and activities | programs or activities |
| 1307.4(d), last sentence ........................ | programs | aid, benefits, or services |
| 1307.5(c)(8) ........................ | social | those that are social |
| 1307.5(c)(8) ........................ | programs | |
| 1307.5(d) ........................ | apprenticeship programs | apprenticeships |
| 1307.5(e)(2)(i) ........................ | programs | programs or activities |
| 1307.6(a) ........................ | program | program or activity |
| 1307.6(b)(1), third sentence ........................ | program | |
| 1307.6(b)(1), last sentence ........................ | programs or activities | aid, benefits, or services |
| 1307.6(b)(2), introductory text, second sentence | make covered programs or activities in existing facilities recipient accessible | comply with paragraph (b)(1) of this section |
| 1307.6(c), second sentence ........................ | program | |
| 1307.6(c), fourth sentence ........................ | program | |
| 1307.6(d)(1) ........................ | program | program or activity |
| 1307.7(a), last sentence ........................ | in the program | |

AR_0241

| Section | Remove | Add |
|---|---|---|
| 1307.7(b), first sentence ..................................... | through a program of | with |
| 1307.7(b), second sentence ............................... | under a program of | with |
| 1307.7(b), third sentence ................................... | program | statute |
| 1307.8(b), last sentence ..................................... | of any program under in | |
| 1307.8(d) ............................................................. | program under which | program or activity for which |
| 1307.10(c), last sentence ................................... | program | program or activity |
| 1307.11(e) first sentence ................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1307.12(f) ............................................................ | under the program involved | to which this regulation applies |
| 1307.12(f) ............................................................ | assistance will | assistance to which this regulation applies will |
| 1307.12(f) ............................................................ | under such program | |
| 1307.13(a)(2) ....................................................... | program | program or activity |
| 1307.13(b), first sentence ................................... | programs | programs or activities |

## PART 1309—NONDISCRIMINATION WITH RESPECT TO AGE

■ 9. The authority citation for part 1309 continues to read as follows:

**Authority:** TVA Act of 1933, 48 Stat. 58 (1933), as amended, 16 U.S.C. 831–831dd (1976), and sec. 304 of the Age Discrimination Act of 1975, 89 Stat. 729 (1975), as amended, 42 U.S.C. 6103 (1976).

■ 10. Section 1309.1 is amended by redesignating paragraphs (h) through (l) as paragraphs (i) through (m), and adding paragraph (h) to read as follows:

### §1309.1 What are the defined terms in this part and what do they mean?

*    *    *    *    *

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

■ 11. The heading for §1309.4 is revised to read as follows:

### §1309.4 What programs or activities are covered by the Act and this part?

*    *    *    *    *

■ 12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1309.2, last sentence ......................................... | programs and activities | programs or activities |
| 1309.9(a), last sentence ..................................... | in the program | |
| 1309.9(b), second sentence ............................... | under a program of | with |
| 1309.9(b), third sentence ................................... | program | statute |
| 1309.10(a), first sentence ................................... | programs and activities | programs or activities |
| 1309.12(a), last sentence ................................... | of any program under | in |
| 1309.12(c) ........................................................... | program under which | program or activity for which |
| 1309.14(a), third sentence ................................. | program | |
| 1309.14(d)(2), last sentence ............................... | program | |
| 1309.15(b), first sentence ................................... | programr | program |
| 1309.15(c)(2), first sentence .............................. | the TVA program | the program |
| 1309.16, last sentence ........................................ | program or activity | Federal financial assistance |
| 1309.17(e), first sentence ................................... | programs | Federal statutes, authorities, of other means by which Federal financial assistance is extended and |
| 1309.17(f)(3) ....................................................... | under the program involved | to which this regulation applies |
| 1309.17(f)(3) ....................................................... | assistance will | assistance to which this regulations applies will |
| 1309.17(f)(3) ....................................................... | under such program | |
| 1309.18(c) program ............................................. | program or activity | |

**51358**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

Dated: May 29, 2001.

**Steven R. Ayers,**

*General Manager, Contracts/Supplier & Diverse Business Relations, Tennessee Valley Authority.*

## DEPARTMENT OF STATE

## 22 CFR Chapter I

## RIN 1400–AB17

### Authority and Issuance

■ For the reasons set forth in the joint preamble, the Department of State amends 22 CFR chapter I, parts 141 through 143 as set forth below:

## PART 141—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF STATE—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 1. The authority citation for part 141 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252, sec. 4, 63 Stat. 111, as amended; 42 U.S.C. 2000d–1, 22 U.S.C. 2658.

■ 2. Section 141.3 is amended by revising the heading of paragraph (c) to read as follows:

### § 141.3    Discrimination prohibited.

* * * * *

(c) Special benefits. * * *

* * * * *

■ 3. Section 141.4 is amended by revising paragraph (b)(2) to read as follows:

### § 141.4    Assurances required.

* * * * *

(b) * * *

(2) The assurance required with respect to an institution of higher education, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

* * * * *

■ 4. Section 141.12 is amended by revising paragraph (f) to read as follows:

### § 141.12    Definitions.

* * * * *

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

* * * * *

### Appendix A to Part 141    [Amended]

■ 5. The heading for appendix A to part 141 is amended by removing the words ''Grants and Activities'' and adding, in their place, the words ''Federal Financial Assistance''.

■ 6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 141.2, first sentence | federally-assisted programs and activities | types of Federal financial assistance |
| 141.2, second sentence | under any such program | |
| 141.2(b) | under any such program | |
| 141.2(c) | under any such program | |
| 141.2, penultimate sentence | program or activity | type of Federal financial assistance |
| 141.2, penultimate sentence | such program | a program |
| 141.3(b)(1), introductory text | under any program | |
| 141.3(c) | the benefits of a program | benefits |
| 141.4(a)(1), first sentence | to carry out a program | |
| 141.4(a)(2), third sentence | a program of | |
| 141.4(a)(3), first sentence | for each program, | |
| 141.4(a)(3), first sentence | in the program | |
| 141.4(b)(1) | a student loan program | student loans |
| 141.5(b), last sentence | of any program under | in |
| 141.5(d) | program under which | program for which |
| 141.8(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 141.9(f) | under the program involved | to which this regulation applies |
| 141.9(f) | assistance will | |
| 141.9(f) | under such program | assistance to which this regulation applies will |
| 141.12(c) | the program extending | |
| 141.12(g) | for any program, | |
| 141.12(g) | under any such program | |
| 141.12(h) | for the purpose of carrying out a program | |

**PART 142—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

■ 7. The heading for part 142 is revised to read as set forth above.

■ 8. The authority citation for part 142 continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 9. Section 142.3 is amended by adding paragraph (m) to read as follows:

**§ 142.3    Definitions.**

\*    \*    \*    \*    \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or (ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

■ 10. Section 142.4 is amended by revising the heading of paragraph (c) to read as follows:

**§ 142.4    Discrimination prohibited.**

\*    \*    \*    \*    \*

(c) *Aid, benefits, or services limited by Federal law.* \* \* \*

\*    \*    \*    \*    \*

■ 11. The heading for subpart C is revised to read as follows:

**Subpart C—Accessibility**

■ 12. Section 142.16 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

**§ 142.16    Existing facilities.**

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \* \* \*

\*    \*    \*    \*    \*

**Appendix to Part 142    [Amended]**

■ 13. The heading for appendix A to part 142 is amended by removing the words ''Grants and Activities'' and adding, in their place, the words ''Federal Financial Assistance''.

■ 14. The introductory text for appendix A to part 142 is amended by removing the words ''Programs of'' and adding, in their place, the words ''Types of Federal''.

■ 15. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 142.2, introductory text, first sentence | all programs | all programs or activities |
| 142.2, introductory text, first sentence | federally-assisted programs and activities | types of Federal financial assistance |
| 142.2, introductory text, second sentence | under any such program | |
| 142.2(b) | under any such program | |
| 142.2(c) | under any such program | |
| 142.2(d), last sentence | program | Federal financial assistance |
| 142.4(a) | or benefits from | |
| 142.4(b)(1)(v) | recipients program | recipient's program or activity |
| 142.4(b)(3) | programs or activities | aid, benefits, or services |
| 142.4(b)(4)(ii) | program | program or activity |
| 142.4(b)(5)(i) | or benefits from | |
| 142.4(b)(6) | or benefiting from | |
| 142.4(c) | the benefits or a program | aid, benefits, or services |
| 142.4(d) | programs and activities | programs or activities |
| 142.4(e) | programs and activities | programs or activities |
| 142.5(a), first sentence | for a program or activity | |
| 142.5(a), first sentence | program will | program or activity will |
| 142.6(a)(3)(i) | program | program or activity |
| 142.6(a)(3)(ii) | program | program or activity |
| 142.8(a), second sentence | programs and activities | programs or activities |
| 142.11(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 142.11(b)(8) | social | those that are social |
| 142.11(b)(8) | programs | |
| 142.12(a) | program | program or activity |
| 142.12(c), introductory text | program | program or activity |
| 142.12(c)(1) | program | program or activity |
| 142.16(b), last sentence | offer programs and activities to | serve |
| 142.16(d)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 142.41 | programs and activities | programs or activities |
| 142.41 | or benefit from | |
| 142.43(a) | program or activity | aid, benefits, or services |
| 142.43(b) | programs activities | programs or activities |
| 142.43(d) | programs and activities | programs or activities |

AR_0244

**51360**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

| Section | Remove | Add |
|---|---|---|
| 142.44(a), second sentence ............................... | program of | |
| 142.44(c) ............................... | in its program | |
| 142.44(d)(1) ............................... | under the education program or activity operated by the recipient | |
| 142.47(a)(1), first sentence ............................... | programs and activities | aid, benefits, or services |
| 142.61 ............................... | programs and activities | programs or activities |
| 142.61 ............................... | or benefit from | |

**PART 143—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

■ 16. The authority citation for part 143 is revised to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, (42 U.S.C. 6101 *et seq.*); 22 U.S.C. 2658; 45 CFR part 90.

■ 17. The heading of § 143.2 is revised to read as follows:

**§ 143.2    To what programs or activities do these regulations apply?**

\*    \*    \*    \*    \*

■ 18. Section 143.3 is amended by redesignating paragraphs (b)(2) and (b)(3) as paragraphs (b)(3) and (b)(4) and adding a new paragraph (b)(2) to read as follows:

**§ 143.3    Definitions.**

\*    \*    \*    \*    \*

(b) \* \* \*

(2) *Program or activity* means all of the operations of any entity described in paragraphs (b)(2)(i) and (iv) of this section, any part of which is extended Federal financial assistance:

(i)(A) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) The entity of such State or local government that distributes such assistance and each such department or

agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(ii)(A) A college, university, or other postsecondary institution, or a public system of higher education; or

(B) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(iii)(A) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(*1*) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(*2*) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(iv) Any other entity which is established by two or more of the entities described in paragraph (b)(2)(i), (ii), or (iii) of this section.

\*    \*    \*    \*    \*

**Appendix A to Part 143    [Amended]**

■ 19. The heading for appendix A to part 143 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

■ 20. The undesignated center heading in appendix A to part 143 is amended by removing the words "Programs of" and adding, in their place, the words "Types of Federal".

**Appendix B to Part 143    [Amended]**

■ 21. The heading for appendix B to part 143 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

■ 22. The undesignated center heading in appendix B to part 143 is amended by removing the words "Programs of" and adding, in their place, the words "Types of Federal".

**Appendix C to Part 143    [Amended]**

■ 23. The heading for appendix C to part 143 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

■ 24. The undesignated center heading in appendix C to part 143 is amended by removing the words "Program of" and adding, in their place, the words "Types of Federal".

■ 25. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 143.1, last sentence ............................... | programs and activities | programs or activities |
| 143.2 ............................... | or benefits from | |
| 143.21 ............................... | programs and activities | programs or activities |
| 143.34(a)(2), last sentence ............................... | program | |
| 143.36(c)(2), first sentence ............................... | Federal | |
| 143.39(b)(2) ............................... | program or activity | Federal financial assistance |

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations     **51361**

Dated: May 18, 2001.

**Grant S. Green, Jr.,**

*Under Secretary for Management.*

## AGENCY FOR INTERNATIONAL DEVELOPMENT

**22 CFR Chapter II**

**RIN 0412–AA45**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, AID amends 22 CFR chapter II, parts 209, 217, and 218, as set forth below:

## PART 209-NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE AGENCY FOR INTERNATIONAL DEVELOPMENT— EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 1. The authority citation for part 209 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252, and sec. 621, Foreign Assistance Act of 1961, 75 Stat. 445; 22 U.S.C. 2402.

■ 2. Section 209.3 is amended by revising paragraph (g) to read as follows:

**§ 209.3   Definitions.**

\*     \*     \*     \*     \*

(g) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1) (i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2) (i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3) (i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*     \*     \*     \*     \*

■ 3. Section 209.5 is amended by revising paragraph (b)(2) to read as follows:

**§ 209.5   Assurance required.**

\*     \*     \*     \*     \*

(b) \* \* \*

(2) The assurance required with respect to an institution of higher education or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

■ 4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 209.2, first sentence | federally-assisted programs and activities | types of Federal financial assistance |
| 209.2, second sentence | under any such program | |
| 209.2(b) | under any such program | |
| 209.2(c) | under any such program | |
| 209.2, last sentence | program | Federal financial assistance |
| 209.3(f) | for the purpose of carrying out a program | |
| 209.3(h) | for any program, | |
| 209.3(h) | under any such program | |
| 209.4(b)(1), introductory text | under any program | |
| 209.5(a)(1), first sentence | to carry out a program | |
| 209.5(a)(1), first sentence | except a program | except an application |
| 209.5(a)(1), fifth sentence | for each program | |
| 209.5(a)(1), fifth sentence | in the program | |
| 209.5(a)(2), first sentence | through a program of | with |
| 209.5(a)(2), second sentence | under a program of | with |
| 209.5(a)(2), third sentence | program | statute |
| 209.5(b)(1) | for a student assistance program | for student assistance |
| 209.6(b), last sentence | of any program under | in |
| 209.6(d) | under | for |
| 209.9(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 209.10(e) | under the program involved | to which this regulation applies |
| 209.10(e) | assistance will | assistance to which this regulation applies will |
| 209.10(e) | under such program | |
| 209.12(a), first sentence | under such program | |
| 209.13 | programs | Federal financial assistance |

**PART 217—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

■ 5. The heading for part 217 is revised to read as set forth above.

■ 6. The authority citation for part 217 continues to read as follows:

**Authority:** 29 U.S.C. 794, unless otherwise noted.

■ 7. Section 217.3 is amended by adding a new paragraph (l) to read as follows:

**§ 217.3    Definitions.**

*     *     *     *     *

(1) *Program or activity* means all of the operations of any entity described in paragraphs (l)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (l)(1), (2), or (3) of this section.

■ 8. Section 217.4 is amended by revising the heading of paragraph (c) to read as follows:

**§ 217.4    Discrimination prohibited.**

*     *     *     *     *

(c) *Aid, benefits, or services limited by Federal law.* *  *  *

**Subpart C of Part 217—[Amended]**

■ 9. The heading for subpart C is amended by removing the word ''Program''.

■ 10. Section 217.22 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

**§ 217.22    Existing facilities.**

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to handicapped persons. *  *  *

*     *     *     *     *

■ 11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 217.2, first sentence | programs carried | programs or activities carried |
| 217.2, first sentence | federally-assisted programs and activities | types of Federal financial assistance |
| 217.2, second sentence | under any such program | |
| 217.2(b) | under any such program | |
| 217.2(c) | under any such program | |
| 217.2, last sentence | program | Federal financial assistance |
| 217.4(a) | or benefits from | |
| 217.4(b)(1)(v) | program | program or activity |
| 217.4(b)(3) | programs or activities | aid, benefits, or service |
| 217.4(b)(4)(ii) | program | program or activity |
| 217.4(b)(5)(i) | or benefits from | |
| 217.4(b)(6) | or benefiting from | |
| 217.4(c) | the benefits of a program | aid, benefits, or services |
| 217.4(c) | from a program | from aid, benefits, or services |
| 217.5(a), first sentence | for a program or activity | |
| 217.5(a), first sentence | the program | the program or activity |
| 217.6(a)(3)(i) | program | program or activity |
| 217.6(a)(3)(ii) | program | program or activity |
| 217.6(a)(3)(iii) | program | program or activity |
| 217.8(a), second sentence | programs and activities | programs or activities |
| 217.11(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 217.11(b)(8) | social | those that are social or recreational |
| 217.11(b)(8) | programs | |
| 217.12(a) | program | program or activity |
| 217.12(c), introductory text | program | program or activity |
| 217.12(c)(1) | program | program or activity |
| 217.14(b) | programs | program |
| 217.22(b), last sentence | offer programs and activities to | serve |
| 217.22(d)(3) | program accessibility | accessibility under § 217.22(a) |
| 217.41 | programs and activities | programs or activities |
| 217.41 | or benefit from | |
| 217.43(a) | program or activity | aid, benefits, or services |
| 217.43(d) | programs and activities | program or activity |
| 217.44(a), second sentence | program of | |
| 217.44(c) | in its program | |
| 217.44(d)(1) | under the education program or activity operated by the recipient | |
| 217.47(a)(1), first sentence | programs and activities | aid, benefits, or services |

## PART 218—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 12. The authority citation for part 218 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101 *et seq.*; 45 CFR part 90; 22 U.S.C. 2658, unless otherwise noted.

■ 13. The heading for § 218.02 is revised to read as follows:

### § 218.02   To what programs or activities do these regulations apply?

\*    \*    \*    \*    \*

■ 14. Section 218.03 is amended by adding paragraph (b)(4) to read as follows:

### § 218.03   Definitions.

\*    \*    \*    \*    \*

(b) \* \* \*

(4) *Program or activity* means all of the operations of any entity described in paragraphs (b)(4)(i) through (iv) of this section, any part of which is extended Federal financial assistance:

(i)(A) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(ii)(A) A college, university, or other postsecondary institution, or a public system of higher education; or

(B) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(iii)(A) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(*1*) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(*2*) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership,

private organization, or sole proprietorship; or

(iv) Any other entity which is established by two or more of the entities described in paragraph (b)(4)(i), (ii), or (iii) of this section.

## Appendices A, B, and C to Part 218 [Amended]

■ 15. The headings for appendices A, B, and C to part 218 are amended by removing the words "Affected Programs" and adding, in their place, the words "Types of Federal Financial Assistance".

■ 16. The undesignated center headings immediately following the headings for appendices A and B to part 218 are amended by removing the words "Programs of" and adding, in their place, the word "Federal".

■ 17. The undesignated center heading immediately following the heading for appendix C to part 218 is amended by removing the words "Program of" and adding, in their place, the word "Federal".

■ 18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 218.01, last sentence | programs and activities or benefits from | programs or activities |
| 218.02 | programs and activities | programs or activities |
| 218.21 | program | program or activities |
| 218.34(a)(2), last sentence | Federal | |
| 218.36(c)(2) | program or activity | Federal financial assistance |
| 218.39(b)(2) | | |

Dated: May 1, 2001.

**Jessalyn L. Pendarvis,**
*Director, Office of Equal Opportunity Programs, Agency for International Development.*

## DEPARTMENT OF JUSTICE

## 28 CFR Chapter I

[A.G. Order No. 2679–2003]

**RIN 1190–AA49**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, DOJ amends 28 CFR chapter I, part 42 as set forth below:

## PART 42—NONDISCRIMINATION; EQUAL EMPLOYMENT OPPORTUNITY; POLICIES AND PROCEDURES

### Subpart C—Nondiscrimination in Federally Assisted Programs— Implementation of Title VI of the Civil Rights Act of 1964 [1]

■ 1. The authority citation for subpart C is revised to read as follows:

**Authority:** 42 U.S.C. 2000d–2000d–7; E.O. 12250, 45 FR 72995, 3 CFR, 1980 Comp., p. 298.

■ 2. Section 42.102 is amended by revising paragraph (d) to read as follows:

### § 42.102   Definitions.

\*    \*    \*    \*    \*

(d) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (d)(1) through (4) of this section, any part of

which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

[1] *See also* 28 CFR 50.3. Guidelines for enforcement of Title VI, Civil Rights Act.

**51364**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (d)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 3. Section 42.104 is amended by revising paragraph (b)(4) to read as follows:

### § 42.104    Discrimination prohibited.

\*    \*    \*    \*    \*

(b) \* \* \*

(4) For the purposes of this section the disposition, services, financial aid, or benefits provided under a program receiving Federal financial assistance shall be deemed to include all portions of the recipient's program or activity, including facilities, equipment, or property provided with the aid of Federal financial assistance.

\*    \*    \*    \*    \*

■ 4. Section 42.105 is amended by revising paragraph (b), paragraph (c)(2), and the heading of paragraph (d) to read as follows:

### § 42.105    Assurance required.

\*    \*    \*    \*    \*

(b) *Assurances from government agencies.* In the case of any application from any department, agency, or office of any State or local government for Federal financial assistance for any specified purpose, the assurance required by this section shall extend to any other department, agency, or office of the same governmental unit if the policies of such other department,

agency, or office will substantially affect the project for which Federal financial assistance is requested.

(c) \* \* \*

(2) The assurance required with respect to an academic institution, detention or correctional facility, or any other institution or facility, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, wards, inmates, persons subject to control, or clients of the institution or facility or to the opportunity to participate in the provision of services, disposition, treatment, or benefits to such individuals, shall be applicable to the entire institution or facility.

(d) *Continuing Federal financial assistance.* \* \* \*

\*    \*    \*    \*    \*

■ 5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 42.102(f) ................................ | for any program, | with |
| 42.102(f) ................................ | under any such program | with |
| 42.102(g) ............................... | for the purpose of carrying out a program | statute |
| 42.103, introductory text, second sentence ...... | under any such program | applying for |
| 42.104(b)(1), introductory text ...... | under any program | in |
| 42.105(a)(1), first sentence ............ | to carry out a program | program for which |
| 42.105(a)(1), fourth sentence ......... | for each program | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 42.105(a)(1), fourth sentence ......... | in the program | |
| 42.105(a)(2), first sentence ............ | through a program of | |
| 42.105(a)(2), second sentence ......... | under a program of | |
| 42.105(a)(2), last sentence ............ | program | |
| 42.105(d), introductory text ......... | administering a program which receives | |
| 42.106(b), last sentence ............... | of any program under | |
| 42.106(d) ............................... | program under which | |
| 42.109(e), first sentence ............... | programs | |
| 42.110(f) ................................ | under the program involved | to which this regulation applies |
| 42.110(f) ................................ | assistance will | assistance to which this regulation applies will |
| 42.110(f) ................................ | under such program | |

■ 6. The heading for subpart G is revised to read as follows:

### Subpart G—Nondiscrimination Based on Handicap in Federally Assisted Programs or Activities—Implementation of Section 504 of the Rehabilitation Act of 1973

■ 7. The authority citation for subpart G continues to read as follows:

**Authority:** 5 U.S.C. 301; 28 U.S.C. 509, 510; 29 U.S.C. 706, 794; E.O. 12250.

### § 42.520    [Amended]

■ 8. The undesignated center heading immediately preceding § 42.520 is amended by removing the word "Program."

■ 9. Section 42.521 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### § 42.521    Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this subpart applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \* \* \*

\*    \*    \*    \*    \*

■ 10. Section 42.540 is amended by revising paragraph (h) to read as follows:

### § 42.540    Definitions.

\*    \*    \*    \*    \*

(h) *Program or activity* means all of the operations of any entity described in

paragraphs (h) (1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations    **51365**

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

\*       \*       \*       \*       \*

## Appendix A to Subpart G of Part 42 [Amended]

■ 11. The Note in appendix A to subpart G is amended by removing the word ''program'' and adding, in its place, the words ''program or activity.''

■ 12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 42.501 | program | program or activity |
| 42.502, first sentence | program | program or activity |
| 42.502, first sentence | or benefiting from | |
| 42.502, last sentence | program | program or activity |
| 42.503(a) | program | program or activity |
| 42.503(a) | or benefiting from | |
| 42.503(b)(1), introductory text | program | program or activity |
| 42.503(b)(1)(i) | program | program or activity |
| 42.503(b)(1)(ii) | program | program or activity |
| 42.503(b)(1)(iv) | program | program or activity |
| 42.503(b)(1)(vi) | program | program or activity |
| 42.503(b)(2) | program | program or activity |
| 42.503(b)(2) | program | aid, benefits, or services |
| 42.503(b)(3) | program | program or activity |
| 42.503(b)(4) | program | program or activity |
| 42.503(b)(5) | a program | aid, benefits, or services |
| 42.503(b)(5) | any program | any program or activity |
| 42.503(b)(6) | program | entity |
| 42.503(c) | programs | aid, benefits, or services |
| 42.503(d) | programs | programs or activities |
| 42.503(f), first sentence | program | program or activity |
| 42.504(a), first sentence | program | program or activity |
| 42.504(a), second sentence | for each of its assistance programs | |
| 42.504(a), second sentence | program | program or activity |
| 42.504(b) | program | program or activity |
| 42.505(a), last sentence | program | program or activity |
| 42.505(b) | program | program or activity |
| 42.505(f)(1), second sentence | programs | programs or activities |
| 42.510(a)(1) | program | program or activity |
| 42.510(a)(1) | or benefiting from | |
| 42.510(a)(2) | program | program or activity |
| 42.510(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 42.510(b)(7) | social | those that are social |
| 42.510(b)(7) | programs | |
| 42.511(a) | program | program or activity |
| 42.511(c), introductory text | program | program or activity |
| 42.511(c)(1) | program | program or activity |
| 42.520 | program | program or activity |
| 42.521(b), first sentence | in making its program accessible to its program accessible | in making its program or activity accessible |
| 42.521(b), last sentence | offer programs to | serve |
| 42.521(b), last sentence | to obtain the full benefits of the program | |
| 42.521(d)(1) | program | program or activity |
| 42.521(d)(3) | program accessibility | accessibility under §42.521(a) |
| 42.530(a), first sentence | programs | programs or activities |
| 42.530(b) | programs | programs or activities |
| 42.530(c) | programs | programs or activities |
| 42.540(i), first sentence | programs | programs or activities |

AR_0250

■ 13. The heading for subpart I is revised to read as follows:

**Subpart I—Nondiscrimination on the Basis of Age in Federally Assisted Programs or Activities; Implementation of the Age Discrimination Act of 1975**

■ 14. The authority citation for subpart I continues to read as follows:

**Authority:** 42 U.S.C. 6103(a)(4); 45 CFR part 90.

■ 15. Section 42.702 is amended by revising the definition of ''Program or activity'' to read as follows:

**§ 42.702   Definitions.**

\*     \*     \*     \*     \*

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*     \*     \*     \*     \*

■ 16. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 42.701(b) | programs | programs or activities |
| 42.710(b), last sentence | program | program or activity |
| 42.712(a)(2) | program | program or activity |
| 42.712(b)(2) | program | program or activity |
| 42.712(c) | program | program or activity |
| 42.713(b), last sentence | program | program or activity |
| 42.714 | program | program or activity |
| 42.720, first sentence | program | program or activity |
| 42.724(b) | program | program or activity |
| 42.725 | programs and activities | programs or activities |
| 42.733(b)(1)(i)(A) | program | program or activity |
| 42.733(b)(2), last sentence | programs | programs or activities |
| 42.733(b)(3), last sentence | program | program or activity |

Dated: July 1, 2003.

**John Ashcroft,**
*Attorney General.*

**DEPARTMENT OF LABOR**

**29 CFR Subtitle A**

**RIN 1291–AA31**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, DOL amends 29 CFR subtitle A, parts 31 and 32 as set forth below:

**PART 31—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF LABOR— EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

■ 1. The authority citation for part 31 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 501, 29 U.S.C. 49k, 5 U.S.C. 301.

■ 2. Section 31.2 is amended by revising paragraph (g) to read as follows:

**§ 31.2   Definitions.**

\*     \*     \*     \*     \*

(g) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(*A*) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(*B*) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*     \*     \*     \*     \*

■ 3. Section 31.3 is amended by revising the heading of paragraph (d)(1) to read as follows:

AR_0251

## §31.3  General standards.

\*    \*    \*    \*    \*

(d) \* \* \*

(1) *Employment service.* \* \* \*

\*    \*    \*    \*    \*

■ 4. Section 31.6 is amended by revising the heading of paragraph (b) to read as follows:

## §31.6  Assurances required.

\*    \*    \*    \*    \*

(b) *Continuing Federal financial assistance.* \* \* \*

■ 5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 31.2(f) | for the purpose of carrying out a program | |
| 31.2(h) | for any program, | |
| 31.2(h) | under any such program | |
| 31.3(b)(1), introductory text | under any program | |
| 31.3(d), introductory text, first sentence | programs and activities | types of Federal financial assistance |
| 31.3(d), introductory text third sentence | particular program | particular type of Federal financial assistance |
| 31.3(d), introductory text, last sentence | listed program | listed type of Federal financial assistance |
| 31.3(d), introductory text, last sentence | that program that | assistance |
| 31.3(d), introductory text, last sentence | other programs or activities | programs or activities receiving other types of Federal financial assistance |
| 31.5(b), last sentence | of any program under | in |
| 31.5(d) | under | for |
| 31.6(a)(1), first sentence | to carry out a program | |
| 31.6(a)(1), first sentence | to carry out such program | |
| 31.6(a)(1), first sentence | except a program | except an application |
| 31.6(a)(1), second sentence | Every program | Every award |
| 31.6(a)(1), sixth sentence | for each program | |
| 31.6(a)(1), sixth sentence | in this program | with |
| 31.6(a)(2), second sentence | under a program of | statute under |
| 31.6(a)(2), third sentence | program under | for |
| 31.6(b), introductory text | to carry out a program involving | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 31.9(e), first sentence | programs | to which this regulation applies |
| 31.10(e) | under the program involved | assistance to which this regulation applies will |
| 31.10(e) | assistance will | |
| 31.10(e) | under such program | |
| 31.12(a), | first sentence under such program | |

## PART 32—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 6. The heading for part 32 is revised to read as set forth above.

■ 7. The authority citation for part 32 continues to read as follows:

**Authority:** Sec. 504, Rehabilitation Act of 1973, Pub. L. 93–112, 87 Stat. 394 (29 U.S.C. 794); sec. 111(a), Rehabilitation Act Amendments of 1974, Pub. L. 93–516, 88 Stat. 1619 (29 U.S.C. 706); secs. 119 and 122 of the Rehabilitation Comprehensive Services and Developmental Disabilities Amendments of 1978, Pub. L. 95–602, 92 Stat. 2955; Executive Order 11914, 41 FR 17871.

■ 8. Section 32.2 is amended by revising paragraph (a) to read as follows:

## §32.2  Application.

(a) This part applies to each recipient of Federal financial assistance from the Department of Labor, and to every program or activity that receives such assistance.

\*    \*    \*    \*    \*

■ 9. Section 32.3 is amended by adding, in alphabetical order, a definition of *Program or activity* to read as follows:

## §32.3  Definitions.

\*    \*    \*    \*    \*

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private

organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*    \*    \*    \*    \*

■ 10. Section 32.4 is amended by revising the heading of paragraph (c) to read as follows:

## §32.4  Discrimination prohibited.

\*    \*    \*    \*    \*

(c) *Aid, benefits, services, or training limited by Federal law.* \* \* \*

\*    \*    \*    \*    \*

■ 11. Section 32.5 is amended by revising paragraph (d) to read as follows:

## §32.5  Assurances required.

\*    \*    \*    \*    \*

**51368**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

(d) *Interagency agreements.* Where funds are granted by the Department to another Federal agency, and where the grant obligates the recipient agency to comply with the rules and regulations of the Department applicable to that grant the provisions of this part shall apply to programs or activities operated with such funds.

■ 12. The heading for subpart B is revised to read as follows:

## Subpart B—Employment Practices and Employment Related Training Participation

■ 13. The heading for subpart C is revised to read as follows:

## Subpart C—Accessibility

■ 14. Section 32.27 is amended by revising the section heading and the first sentence of paragraph (a) to read as follows:

### § 32.27    Accessibility.

(a) *Purpose.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to qualified handicapped individuals. * * *

\*    \*    \*    \*    \*

■ 15. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 32.1 | or benefiting from | |
| 32.1, last sentence | programs and activities | programs or activities |
| 32.3, definition of Facility | program | program or activity |
| 32.3, definition of Qualified handicapped individual, paragraph (b). | program | program or activity |
| 32.3, definition of Qualified handicapped individual, paragraph (c). | programs | |
| 32.3, definition of Qualified handicapped individual, paragraph (c). | in the program | in the program or activity |
| 32.3, definition of Reasonable accommodation, introductory text, first sentence. | training program | training |
| 32.3, definition of Reasonable accommodation, introductory text, first sentence. | an employment | employment |
| 32.3, definition of Reasonable accommodation, introductory text, first sentence. | recipient's program | recipient's program or activity |
| 32.3, definition of Reasonable accommodation paragraph (a). | where the program | where the program or activity |
| 32.4(a) | or benefits from | |
| 32.4(b)(1)(v) | program | program or activity |
| 32.4(b)(2) | services and training | services or training |
| 32.4(b)(3) | programs or activities | aid, benefits, services, or training |
| 32.4(b)(4)(ii) | program | program or activity |
| 32.4(b)(5)(i) | or benefits from | |
| 32.4(b)(6) | or benefiting from | |
| 32.4(b)(7)(i), first sentence | under programs of | receiving |
| 32.4(b)(7)(i), second sentence | programs of employment | employment |
| 32.4(c) | the benefits of a program | aid, benefits, program services, or training |
| 32.4(c) | individuals from a program | individuals from aid, benefits, services, or training |
| 32.4(d) | programs and activities | programs or activities |
| 32.5(a), first sentence | for a program or activity | |
| 32.5(a), first sentence | program will | program or activity will |
| 32.5(b)(3) | program | program or activity |
| 32.6(a)(3)(i) | program | program or activity |
| 32.6(a)(3)(ii) | program | program or activity |
| 32.8(a), second sentence | programs and activities | programs or activities |
| 32.10(a) | programs | programs or activities |
| 32.12(a)(1), last sentence | programs | under programs or activities |
| 32.12(a)(3), last sentence | apprenticeship programs | apprenticeships |
| 32.12(b)(8) | social | those that are social |
| 32.12(b)(8) | programs | |
| 32.13(a) | program | program or activity |
| 32.13(b), introductory text | program | program or activity |
| 32.13(b)(1) | program | program or activity |
| 32.13(b)(2) | training program | training |
| 32.13(d) | program | program or activity |
| 32.15(c)(1), second sentence | training programs | training |
| 32.17(a), last sentence | programs of | programs or activities receiving |
| 32.27(a), third sentence | particular program | particular aid, benefit, service, or training |
| 32.27(a), third sentence | program must | aid, benefit, service, or training must |
| 32.27(a), fourth sentence | program accessibility | Accessibility |
| 32.27(a), fourth sentence | program accessible | program or activity accessible |
| 32.27(b)(1) | including | including those involving |
| 32.27(b)(1) | when | when each part is |
| 32.27(b)(2), second sentence | program | program or activity |
| 32.27(c), second sentence | offer programs and activities to | serve |
| 32.27(e)(3) | program accessibility | accessibility under § 32.27(a) |
| 32.44(a), second sentence | programs | programs or activities |
| 32.44(b), last sentence | of any program under | in |
| 32.46(c)(2), last sentence | program | program or activity |

| Section | Remove | Add |
|---|---|---|
| 32.47(c) ............................................................... | programs | programs or activities |

Dated: July 24, 2001.

**Elaine L. Chao,**

*Secretary, Department of Labor.*

## DEPARTMENT OF VETERANS AFFAIRS

**38 CFR Chapter I**

**RIN 2900–AK13**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, VA amends 38 CFR chapter I, part 18 as set forth below:

**PART 18—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF VETERANS AFFAIRS—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

**Subpart A—General**

■ 1. The authority citation for subpart A continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252 (42 U.S.C. 2000d–1) and the laws referred to in Appendix A.

■ 2. Section 18.4 is amended by revising the heading of paragraph (b) and paragraph (d) to read as follows:

**§ 18.4  Assurances required.**

\*    \*    \*    \*    \*

(b) *Continuing Federal financial assistance.* \* \* \*

\*    \*    \*    \*    \*

(d) *Extent of application to institution or facility.* In the case where any assurances are required from an academic, a medical care, or any other institution or facility, insofar as the assurances relate to the institution's practices with respect to the admission, care, or other treatment of persons by the institution or with respect to the opportunity of persons to participate in the receiving or providing of services, treatment, or benefits, such assurances shall be applicable to the entire institution or facility.

■ 3. Section 18.13 is amended by revising paragraph (f) to read as follows:

**§ 18.13  Definitions.**

\*    \*    \*    \*    \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 18.2, first sentence ............................................ | the federally assisted programs and activities | the types of Federal financial assistance |
| 18.2, second sentence ...................................... | under any such program | |
| 18.2(b) ............................................................... | under any such program | |
| 18.2(c) ............................................................... | under any such program | |
| 18.2, penultimate sentence .............................. | program or activity | type of Federal financial assistance |
| 18.2, penultimate sentence .............................. | such program | a program |
| 18.2, last sentence ............................................ | programs | types of Federal financial assistance |
| 18.3(b)(1), introductory text ............................. | under any program | |
| 18.4(a)(1), first sentence .................................. | to carry out a program | |
| 18.4(a)(1), first sentence .................................. | except a program | except an application |
| 18.4(a)(1), second sentence ............................. | program | award |
| 18.4(a)(1), sixth sentence ................................. | for each program, | |
| 18.4(a)(1), sixth sentence ................................. | in the program | |
| 18.4(b), introductory text, first sentence ....... | to carry out a program involving | for |
| 18.4(b), introductory text, first sentence ......... | programs | types of Federal financial assistance |
| 18.4(b), concluding text .................................... | under a continuing program | |
| 18.6(b), second sentence .................................. | of any program under | in |
| 18.6(d) ............................................................... | program under | program for |
| 18.9(e), first sentence ....................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 18.10(f) ............................................................... | under the program involved | to which this regulation applies |
| 18.10(f) ............................................................... | assistance will | assistance to which this regulation applies will |
| 18.10(f) ............................................................... | under such program | |
| 18.12(a), first sentence ..................................... | under such program | |
| 18.13(h) ............................................................. | for any program, | |

AR_0254

| Section | Remove | Add |
|---|---|---|
| 18.13(h) ................................................. | under any such program | |

■ 5. The heading for subpart D is revised to read as follows:

## Subpart D—Nondiscrimination on the Basis of Handicap

■ 6. The authority citation for subpart D is revised to read as follows:

**Authority:** 29 U.S.C. 706, 794.

■ 7. Section 18.403 is amended by adding paragraph (m) to read as follows:

### § 18.403   Definitions.

\*     \*     \*     \*     \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of

vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity that is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

### § 18.404   [Amended]

■ 8. In § 18.404, the heading of paragraph (c) is amended by removing the word "Programs" and adding, in its place, the words "Aid, benefits, or services".

■ 9. Section 18.405 is amended by revising paragraph (c) to read as follows:

### § 18.405   Assurances required.

\*     \*     \*     \*     \*

(c) *Extent of application to institution or facility.* An assurance shall apply to the entire institution or facility.

\*     \*     \*     \*     \*

### § 18.421   [Amended]

■ 10. The undesignated center heading before § 18.421 is amended by removing the word "Program".

■ 11. In § 18.422, the heading and first sentence of paragraph (a) are revised to read as follows:

### § 18.422   Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to handicapped persons. \*  \*  \*

\*     \*     \*     \*     \*

■ 12. The heading of § 18.438 is revised to read as follows:

### § 18.438   Adult education.

■ 13. The heading of § 18.439 is revised to read as follows:

### § 18.439   Private education.

\*     \*     \*     \*     \*

■ 14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 18.402 ................................................. | or benefits from | |
| 18.403(h)(1) ....................................... | a program of | |
| 18.404(a) ............................................ | or benefits from | |
| 18.404(b)(1)(v) .................................. | program | program or activity |
| 18.404(b)(3) ....................................... | programs or activities | aid, benefits, or services |
| 18.404(b)(4)(ii) .................................. | program | program or activity |
| 18.404(b)(5)(i) .................................... | or benefits from | |
| 18.404(b)(6) ....................................... | or benefiting from | |
| 18.404(c) ............................................ | a program | aid, benefits, or services |
| 18.405(a) ............................................ | for a program or activity | |
| 18.405(a) ............................................ | the program | the program or activity |
| 18.406(a)(3)(i) .................................... | program | program or activity |
| 18.406(a)(3)(ii) ................................... | program | program or activity |
| 18.406(a)(3)(iii) .................................. | program | program or activity |
| 18.408(a), second sentence ............... | programs and activities | programs or activities |
| 18.411(a)(3), last sentence ................ | apprenticeship programs | apprenticeships |
| 18.411(b)(8) ....................................... | social | those that are social |
| 18.411(b)(8) ....................................... | programs | |
| 18.412(a) ............................................ | program | program or activity |
| 18.412(c), introductory text .............. | program | program or activity |
| 18.412(c)(1) ........................................ | program | program or activity |
| 18.422(b), last sentence .................... | offer programs and activities to | serve |
| 18.422(c), last sentence .................... | programs | programs or activities |
| 18.422(e)(3) ........................................ | program accessibility | accessibility under paragraph (a) of this section |
| 18.431 ................................................. | programs and activities | programs or activities |
| 18.431 ................................................. | or benefit from | |
| 18.433(b)(2) ........................................ | individualized education program | Individualized Education Program |

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations    51371

| Section | Remove | Add |
|---|---|---|
| 18.433(b)(3), first sentence | in | |
| 18.433(b)(3), first sentence | to a program | for aid, benefits, or services |
| 18.433(b)(3), first sentence | the one | those |
| 18.433(b)(3), first sentence | operates | operates or provides |
| 18.433(c)(1), second sentence | in | |
| 18.433(c)(1), second sentence | to a program | for aid, benefits, or services |
| 18.433(c)(1), second sentence | operated | operated or provided |
| 18.433(c)(1), second sentence | the program | the aid, benefits, or services |
| 18.433(c)(2) | in | |
| 18.433(c)(2) | to a program | for aid, benefits, or services |
| 18.433(c)(2) | operated | operated or provided |
| 18.433(c)(2) | the program | the aid, benefits, or services |
| 18.433(c)(4), last sentence | such a program | a free appropriate public education |
| 18.435(a) | education program | education program or activity |
| 18.435(a) | in a regular or special program | in regular or program special education |
| 18.435(b), introductory text | programs and activities | programs or activities |
| 18.435(b), introductory text | or benefit from | |
| 18.437(a)(1) | or benefit from | |
| 18.437(b) | or benefit from | |
| 18.437(c)(1), first sentence | programs and activities | aid, benefits, or services |
| 18.437(c)(1), first sentence | or benefits from | |
| 18.437(c)(1), last sentence | in these activities | |
| 18.438, first sentence | operates an | provides |
| 18.438, first sentence | program or activity | |
| 18.438, first sentence | from the program or activity | |
| 18.438, last sentence | under the program or activity | |
| 18.439(a) | operates a | provides |
| 18.439(a) | education program | education |
| 18.439(a) | from that program | |
| 18.439(a) | the recipient's program | that recipient's program or activity |
| 18.439(c) | operates | provides |
| 18.439(c) | programs shall operate those programs | shall do so |
| 18.441 | programs and activities | programs or activities |
| 18.441 | or benefit from | |
| 18.443(a) | program or activity | aid, benefits, or services |
| 18.443(d) | programs and activities | program or activity |
| 18.444(a), last sentence | program of | |
| 18.444(c) | in its program | |
| 18.444(d)(1) | under the education program or activity operated by the recipient | |
| 18.447(a)(1), first sentence | programs and activities | aid, benefits, or services |
| 18.451 | programs and activities | programs or activities |
| 18.451 | or benefit from | |
| 18.454, first sentence | program or activity | program or activity that provides aid, benefits, or services |

## Subpart E—Nondiscrimination on the Basis of Age

■ 15. The authority citation for subpart E continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101, *et seq.*; 45 CFR part 90 (1979).

■ 16. Section 18.503 is amended by redesignating paragraphs (j) through (l) as paragraphs (k) through (m), and adding a new paragraph (j) to read as follows:

### § 18.503   Definitions.

\*    \*    \*    \*    \*

(j) *Program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity that is established by two or more of the entities described in paragraph (j)(1), (2), or (3) of this section.

### Appendix B to Subpart E to Part 18 [Amended]

■ 17. The heading for appendix B to subpart E to part 18 is amended by removing the word ''Programs''.

■ 18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 18.501, last sentence .................................. | programs and activities | programs or activities |
| 18.531 ............................................................ | programs and activities | programs or activities |
| 18.532 ............................................................ | programs and activities | programs or activities |
| 18.544(a)(2), last sentence ..................... | program | |
| 18.546(b), first sentence ........................... | program and activity | program or activity |
| 18.546(c)(2), first sentence ..................... | Federal | |
| 18.549(b)(2) ................................................. | program or activity | Federal financial assistance |

Dated: May 4, 2001.

**Anthony Principi,**

*Secretary, Department of Veterans Affairs.*

## ENVIRONMENTAL PROTECTION AGENCY

### 40 CFR Chapter I

RIN 2020–AA43

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, EPA amends 40 CFR chapter I, part 7 as set forth below:

## PART 7—NONDISCRIMINATION IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL ASSISTANCE FROM THE ENVIRONMENTAL PROTECTION AGENCY

■ 1. The heading for part 7 is revised to read as set forth above.

■ 2. The authority citation for part 7 is revised to read as follows:

**Authority:** 42 U.S.C. 2000d to 2000d–7; 29 U.S.C. 794; 33 U.S.C. 1251 nt.

■ 3. Section 7.25 is amended by adding the new definition of "Program or activity" in alphabetical order to read as follows:

### §7.25   Definitions.

\*    \*    \*    \*    \*

*Program or activity* and *program* mean all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*    \*    \*    \*    \*

### §7.55   [Amended]

■ 4. The heading for §7.55 is amended by removing the word "programs" and adding, in its place, the words, "aid, benefits, or services".

■ 5. In §7.65, the first sentence of paragraph (a) introductory text and the heading for paragraph (b) are revised to read as follows:

### §7.65   Accessibility.

(a) *General.* A recipient shall operate each program or activity receiving EPA assistance so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \* \* \*

\*    \*    \*    \*    \*

(b) *Methods of ensuring compliance in existing facilities.* \* \* \*

\*    \*    \*    \*    \*

**Appendix A to Part 7 [Amended]**

■ 6. The heading for appendix A to part 7 is amended by removing the word "Programs" and inserting the words "Types of" immediately before the word "EPA".

■ 7. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 7.20(a) ............................................................ | compliance programs | means of ensuring compliance |
| 7.25, undesignated definition of Project Officer | program | |
| 7.35(a)(1) ...................................................... | program | program or activity |
| 7.35(a)(2) ...................................................... | program | program or activity |
| 7.35(a)(3) ...................................................... | program | program or activity |
| 7.35(a)(4) ...................................................... | program | program or activity |
| 7.35(a)(5) ...................................................... | program | program or activity |
| 7.35(a)(6) ...................................................... | any program | any program or activity |
| 7.35(a)(6) ...................................................... | the EPA assistance program | EPA assistance |
| 7.35(b) ........................................................... | program | program or activity |
| 7.35(c) ........................................................... | program | program or activity |
| 7.50(a)(1) ...................................................... | program | program or activity |
| 7.50(a)(3) ...................................................... | program | program or activity |
| 7.50(a)(5) ...................................................... | program | program or activity |
| 7.50(b) ........................................................... | or benefits from | |

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations     51373

| Section | Remove | Add |
|---|---|---|
| 7.50(e) | programs | aid, benefits, or services |
| 7.55 | program | program or activity |
| 7.55 | programs | programs or activities |
| 7.60(a) | or benefits from | |
| 7.60(c)(8) | social | those that are social |
| 7.60(c)(8) | programs | |
| 7.60(d) | apprenticeship programs | apprenticeships |
| 7.60(e) | program | program or activity |
| 7.65(b) | offer program benefits to | serve |
| 7.65(c)(2) first sentence, | make a program or activity accessible | comply with paragraph (a) of this section |
| 7.65(d) | assisted program | |
| 7.65(e), last sentence | program | statute |
| 7.75, introductory text | program | program or activity |
| 7.75(a)(3) | program accessibility | accessibility under § 7.65(a) |
| 7.85(b), first sentence | programs | programs or activities |
| 7.95(a), first sentence | programs | programs or activities |
| 7.130(b)(4) | program | program or activity |

Dated: April 30, 2001.

**Christine Todd Whitman,**

*Administrator, Environmental Protection Agency.*

## GENERAL SERVICES ADMINISTRATION

### 41 CFR Chapter 101

**RIN 3090–AH33**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, GSA amends 41 CFR chapter 101, parts 101–6 and 101–8 as set forth below:

## PART 101–6—MISCELLANEOUS REGULATIONS

**Subpart 101–6.2—Nondiscrimination in Programs Receiving Federal Financial Assistance**

■ 1. The authority citation for subpart 101–6.2 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1.

■ 2. Section 101–6.204–3 is amended by revising the heading to read as follows:

### § 101–6.204–3   Special benefits.

\*   \*   \*   \*   \*

■ 3. Section 101–6.205–2 is amended by revising the heading to read as follows:

### § 101–6.205–2   Continuing Federal financial assistance.

\*   \*   \*   \*   \*

■ 4. Section 101–6.205–4 is amended by revising paragraph (b) to read as follows:

### § 101–6.205–4   Applicability of assurances.

\*   \*   \*   \*   \*

(b) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

\*   \*   \*   \*   \*

■ 5. Section 101–6.216 is amended by revising paragraph (f) to read as follows:

### § 101–6.216   Definitions.

\*   \*   \*   \*   \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of nay other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

\*   \*   \*   \*   \*

■ 6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 101–6.201 | 52 | 42 |
| 101–6.201 | 2000d–2000d–4 | 2000d–2000d–7 |
| 101–6.203(a), last sentence | programs involving | |
| 101–6.203(b) | the programs involving | |
| 101–6.203(c) | programs | types of Federal financial assistance |
| 101–6.204–2 (a)(4), first sentence | the program | a program |
| 101–6.204–3 | the benefits of a program | benefits |
| 101–6.205–1(a), first sentence | to carry out a program | |

AR_0258

**51374**     **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

| Section | Remove | Add |
|---|---|---|
| 101–6.205–1(a), first sentence | except a program | except an application |
| 101–6.205–1(a), fifth sentence | for each program | |
| 101–6.205–1(a), fifth sentence | in the program | |
| 101–6.205–1(b), second sentence | under a program of | with |
| 101–6.205–1(b), third sentence | program | statute |
| 101–6.205–1(d) | programs | Federal financial assistance |
| 101–6.205–2 | to carry out a program involving | for |
| 101–6.205–4(c) | under a program | |
| 101–6.206(b), second sentence | except as provided in paragraph (b) of § 101–6.205–4 | |
| 101–6.206(d) | subject to the provisions of § 101–6.205–4(b) | |
| 101–6.209–2, last sentence | of any program under | in |
| 101–6.209–4 | program under | program for |
| 101–6.212–5, first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 101–6.213–6 | under the program involved | to which this regulation applies |
| 101–6.213–6 | assistance will | assistance to which this regulation applies will |
| 101–6.213–6 | under such program | |
| 101–6.215–1, introductory text, first sentence | under such program | |
| 101–6.216(h) | for any program, | |
| 101–6.216(h) | under any such program | |
| 101–6.216(i) | for the purpose of carrying out a program | |

## PART 101–8—NONDISCRIMINATION IN PROGRAMS RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 7. The heading for part 101–8 is revised to read as set forth above.

### Subpart 101–8.3—Discrimination Prohibited on the Basis of Handicap

■ 8. Section 101–8.301 is amended by adding a new paragraph (f) to read as follows:

### § 101–8.301   Definitions.

\*     \*     \*     \*     \*

(f) The term *program or activity* means all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

■ 9. Section 101–8.309 is amended by revising the section heading and the heading and first sentence of paragraph (b) to read as follows:

### § 101–8.309   Accessibility.

\*     \*     \*     \*     \*

(b) *Accessibility.* A recipient shall operate any program or activity to which this subpart applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \* \* \*

■ 10. Section 101–8.311 is amended by revising the section heading and the heading and the first sentence of the introductory text of paragraph (b)(1) to read as follows:

### § 101–8.311   Historic Preservation Programs.

\*     \*     \*     \*     \*

(b) \* \* \* (1) *Accessibility.* A recipient shall operate any program or activity involving Historic Preservation Programs so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \* \* \*

■ 11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 101–8.300(b) | or benefits from | |
| 101–8.302 | or benefits from | |
| 101–8.303(a)(5) | program | program or activity |
| 101–8.303(c) | programs or activities | aid, benefits, or services |
| 101–8.303(d)(2) | program | program or activity |
| 101–8.303(f) | or benefitting from | |
| 101–8.303(g) | the benefits of a program | aid, benefits, or services |
| 101–8.303(g) | from a program | from aid, benefits, or services |

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations      51375

| Section | Remove | Add |
|---|---|---|
| 101–8.303(h), first sentence .......................... | programs and activities | programs or activities |
| 101–8.305(c), last sentence .............................. | apprenticeship programs | apprenticeships |
| 101–8.305(d)(8) .................................................... | social | those that are social |
| 101–8.305(d)(8) .................................................... | programs | |
| 101–8.306(a) ......................................................... | program | program or activity |
| 101–8.306(c), introductory text ....................... | program | program or activity |
| 101–8.306(c)(1) .................................................... | program | program or activity |
| 101–8.309(a) ......................................................... | or benefits from | |
| 101–8.309(c), last sentence .............................. | offer programs and activities to | serve |
| 101–8.309(f)(3) ..................................................... | program accessibility | accessibility under paragraph (a) of this section |
| 101–8.311(a), introductory text ......................... | the term | |
| 101–8.311(a)(1) .................................................... | preservation programs | Preservation Programs |
| 101–8.311(a)(1) .................................................... | means programs receiving | are those that receive |
| 101–8.311(b)(1), introductory text, last sentence | program | |
| 101–8.311(b)(1)(iv) ............................................. | program accessibility | accessibility |
| 101–8.311(b)(1), concluding paragraph ............ | historic preservation program | Historic Preservation Program |
| 101–8.311(b)(1), concluding paragraph ............ | program accessibility | accessibility |
| 101–8.311(b)(2), introductory text ................... | program | |
| 101–8.311(b)(2)(iii) ............................................. | program | program or activity |

## Subpart 101–8.7—Discrimination Prohibited on the Basis of Age

■ 12. The authority citation for subpart 101–8.7 continues to read as follows:

**Authority:** 42 U.S.C. 6101 *et seq.*

■ 13. Section 1101–8.703 is amended by redesignating paragraph (k) as paragraph (l) and by adding a new paragraph (k) to read as follows:

### § 101–8.703   Definitions of terms.

\*    \*    \*    \*    \*

(k) *Program or activity* means all of the operations of any entity described in paragraphs (k)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a state or of a local government;

(ii) The entity of such state and local government that distributes such assistance and each such department or agency (and each other state or local government entity) to which the assistance is extended, in the case of assistance to a state or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (k)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 101–8.701, last sentence ................................... | Federal financial assistance | Federally assisted |
| 101–8.701, last sentence ................................... | programs and activities | programs or activities |
| 101–8.702(a) ......................................................... | that benefits from GSA Federal financial assistance | |
| 101–8.703(g)(2) .................................................... | program | policy |
| 101–8.703(j) .......................................................... | for the purpose of carrying out a program | |
| 101–703(l) ............................................................. | for any program | |
| 101–8.703(l) .......................................................... | under any such program | |
| 101–8.709 ............................................................. | program | program or activity |
| 101–8.710, first sentence .................................. | program | program or activity |
| 101–8.710, second sentence ............................. | programs | |
| 101–8.710, second sentence ............................. | provide | provides |
| 101–8.710, last sentence .................................. | "Child Care Center" program | Child Care Center Program |
| 101–8.710, last sentence .................................. | two programs | two types of Federal financial assistance |
| 101–8.711, first sentence .................................. | programs and activities | programs or activities |
| 101–8.712(b) ......................................................... | program | |
| 101–8.718(a), third sentence ............................ | program | |
| 101–8.720(b), first sentence ............................. | program and activity | program or activity |
| 101–8.720(c)(2), first sentence ........................ | Federal | |
| 101–8.721(e), first sentence ............................. | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 101–8.725(b) ......................................................... | program or activity | Federal financial assistance |

AR_0260

Dated: February 26, 2003.

**Stephen A. Perry,**

*Administrator, General Services Administration.*

## DEPARTMENT OF THE INTERIOR

### 43 CFR Subtitle A

**RIN 1090–AA77**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, DOI amends 43 CFR subtitle A, part 17 as set forth below:

### PART 17—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS OF THE DEPARTMENT OF THE INTERIOR

### Subpart A—Nondiscrimination on the Basis of Race, Color, or National Origin

■ 1. The authority citation for subpart A continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1; and the laws referred to in Appendix A.

■ 2. Section 17.3 is amended by revising the heading of paragraph (d) to read as follows:

**§ 17.3    Discrimination prohibited.**

\*        \*        \*        \*        \*

(d) *Benefits for Indians, natives of certain territories, and Alaska natives.* \* \* \*

■ 3. Section 17.4 is amended by revising the heading of paragraph (b) and paragraph (d)(2) to read as follows:

**§ 17.4    Assurances required.**

\*        \*        \*        \*        \*

(b) *Continuing Federal financial assistance.* \* \* \*

\*        \*        \*        \*        \*

(d) \* \* \*

(2) The assurance required with respect to an institution of higher education, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

■ 4. Section 17.12 is amended by revising paragraph (f) to read as follows:

**§ 17.12    Definitions.**

\*        \*        \*        \*        \*

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

\*        \*        \*        \*        \*

**Appendix B to Subpart A    [Amended]**

■ 5. The introductory text for appendix B to subpart A is amended by removing the word "programs" and adding, in its place, the words "Federal financial assistance."

■ 6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 17.2(a), second sentence | under any such program | |
| 17.2(a)(2) | under any such program | |
| 17.2(a)(3) | under any such program | |
| 17.3(b)(1), introductory text | under any program | |
| 17.3(c)(1), first sentence | a program of | the |
| 17.3(c)(1), first sentence | assistance | assistance to a program |
| 17.3(d), first sentence | the benefits of a program | benefits |
| 17.3(d), first sentence | is limited | are limited |
| 17.3(d), first sentence | the program is addressed | the benefits are addressed |
| 17.3(d), last sentence | programs | benefits |
| 17.4(a)(1), first sentence | to carry out a program | |
| 17.4(a)(1), first sentence | except a program | except an application |
| 17.4(a)(1), second sentence | program of | award of |
| 17.4(a)(1), sixth sentence | for each program, | |
| 17.4(a)(1), sixth sentence | in the program | |
| 17.4(a)(2), second sentence | under a program of | with |
| 17.4(a)(2), third sentence | program | statute |
| 17.4(b)(1), introductory text | to carry out a program involving | for |
| 17.4(d)(1) | a student assistance program | student assistance |
| 17.5(b), last sentence | of any program under | in |
| 17.5(d) | program under which | program for which |
| 17.8(e), first sentence | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 17.9(g) | under the program involved | to which this regulation applies |
| 17.9(g) | assistance will | assistance to which this regulation applies will |

| Section | Remove | Add |
|---|---|---|
| 17.9(g) ............................ | under such program | |
| 17.11(a), first sentence ............ | under such program | |
| 17.12(h) ........................... | for any program, | |
| 17.12(h) ........................... | under such program | |
| 17.12(i) ........................... | for the purpose of carrying out a program | |

## Subpart B—Nondiscrimination on the Basis of Handicap

■ 7. The authority citation for subpart B continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 8. Section 17.202 is amended by adding a new paragraph (q) to read as follows:

### § 17.202  Definitions.

\*    \*    \*    \*    \*

(q) *Program or activity* means all of the operations of any entity described in paragraphs (q)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (q)(1), (2), or (3) of this section.

■ 9. Section 17.203 is amended by revising the heading of paragraph (c) to read as follows:

### § 17.203  Discrimination prohibited.

\*    \*    \*    \*    \*

(c) *Aid, benefits, or services limited by Federal law.* \*  \*  \*

\*    \*    \*    \*    \*

■ 10. The heading for § 17.216 is revised to read as follows:

### § 17.216  Accessibility.

\*    \*    \*    \*    \*

■ 11. Section 17.217 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### § 17.217  Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \*  \*  \*

\*    \*    \*    \*    \*

■ 12. Section 17.260 is amended by revising the section heading, the introductory text of paragraph (a), and the first sentence of paragraph (b)(1) introductory text to read as follows:

### § 17.260  Historic Preservation Programs.

(a) *Definitions.* For the purposes of this section, Historic Preservation Programs are those that receive Federal financial assistance that has preservation of historic properties as a primary purpose.

\*    \*    \*    \*    \*

(b) \*  \*  \*

(1) A recipient shall operate any program or activity involving Historic Preservation Programs so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \*  \*  \*

\*    \*    \*    \*    \*

■ 13. The section heading and the introductory text of § 17.270 are revised to read as follows:

### § 17.270  Recreation.

This section applies to recipients that operate, or that receive Federal financial assistance for the operation of programs or activities involving recreation.

\*    \*    \*    \*    \*

■ 14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 17.201 ............................ | or benefits from | |
| 17.202(i) .......................... | recreation and program spaces | spaces, including those used for recreation, the recipient |
| 17.202(m) ......................... | programs | |
| 17.202(m) ......................... | should be available | should make its aid, benefits, or services available |
| 17.202(n) .......................... | programs | programs or activities |
| 17.203(a) .......................... | or benefits from | |
| 17.203(b)(1)(v) .................... | program | program or activity |
| 17.203(b)(3) ....................... | programs or activities | aid, benefits, or services |
| 17.203(b)(4)(ii) .................... | program | program or activity |
| 17.203(b)(5)(i) ..................... | or benefits from | |
| 17.203(b)(6) ....................... | or benefiting from | |
| 17.203(c) .......................... | the benefits of a program | aid, benefits, or services |
| 17.203(c) .......................... | from a program | from aid, benefits, or services |
| 17.204(a), first sentence .......... | for a program or activity | |
| 17.204(a), first sentence .......... | the program | the program or activity |
| 17.204(c)(4), first sentence ....... | to carry out a program involving | for |
| 17.204(c)(4)(i) ..................... | program | program or activity |

**51378**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

| Section | Remove | Add |
|---------|--------|-----|
| 17.204(c)(4)(ii) ........................................ | the program | the program or activity |
| 17.204(c)(4)(ii) ........................................ | under such program | |
| 17.205(a)(3)(i) ......................................... | program | program or activity |
| 17.205(a)(3)(ii) ........................................ | program | program or activity |
| 17.207(a), second sentence ...................... | programs and activities | programs or activities |
| 17.210(a)(2) ............................................. | programs | programs or activities |
| 17.210(a)(4), last sentence ....................... | apprenticeship programs | apprenticeships |
| 17.210(b)(8) ............................................. | social | those that are social |
| 17.210(b)(8) ............................................. | programs | |
| 17.211(a) .................................................. | program | program or activity |
| 17.211(c), introductory text ...................... | program | program or activity |
| 17.211(c)(1) .............................................. | program | program or activity |
| 17.217(b), last sentence ........................... | offer programs and activities to | serve |
| 17.217(e)(3) .............................................. | program accessibility | accessibility under paragraph (a) of this section |
| 17.220, first sentence ............................... | programs and activities | programs or activities |
| 17.220, first sentence ............................... | or benefit from | |
| 17.232, first sentence ............................... | programs and activities | programs or activities |
| 17.232, first sentence ............................... | or benefit from | |
| 17.250, introductory text ........................... | programs and activities | programs or activities |
| 17.250, introductory text ........................... | or benefit from | |
| 17.252, first sentence ............................... | activity for | activity that provides aid, benefits, or services for |
| 17.260(b)(1), introductory text, last sentence ..... | program | |
| 17.260(b)(1)(iv) ......................................... | program | |
| 17.260(b)(1), concluding text .................... | historic preservation program | Historic Preservation Program |
| 17.260(b)(1), concluding text .................... | program accessibility | accessibility |
| 17.260(b)(2), introductory text, first sentence .... | program | |
| 17.260(b)(2), introductory text, last sentence ..... | program | |
| 17.260(b)(2)(iii) ........................................ | program | program or activity |
| 17.270(a)(1) .............................................. | programs | aid, benefits, or services |
| 17.270(a)(2) .............................................. | programs or activities | aid, benefits, or services |
| 17.270(a)(5) .............................................. | program or activity | aid, benefits, or services |

## Subpart C—Nondiscrimination on the Basis of Age

■ 15. The authority citation for subpart C continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101 *et seq.*; 45 CFR part 90.

■ 16. The heading of § 17.302 is revised to read as follows:

### § 17.302   To what programs or activities do these regulations apply?

\*    \*    \*    \*    \*

■ 17. Section 17.303 is amended by redesignating paragraphs (j) through (m) as paragraphs (k) through (n) and adding a new paragraph (j) to read as follows:

### § 17.303   Definitions.

\*    \*    \*    \*    \*

(j) *Program or activity* means all of the operations of any entity described in paragraphs (j)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (j)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 18. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---------|--------|-----|
| 17.300, first sentence ............................... | programs and activities | programs or activities |
| 17.300, last sentence ............................... | programs and activities | programs or activities |
| 17.301, last sentence ............................... | programs and activities | programs or activities |
| 17.302(a) .................................................. | or benefits from | |
| 17.313 ...................................................... | program | program or activity |
| 17.314 ...................................................... | program | program or activity |
| 17.320, first sentence ............................... | programs and activities | programs or activities |

AR_0263

**Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations    **51379**

| Section | Remove | Add |
|---|---|---|
| 17.321(b) ................................ | program | |
| 17.333(a)(2), last sentence ........ | program | |
| 17.335(c)(2), first sentence ........ | Federal | |
| 17.338(b)(2) ............................. | program or activity | Federal financial assistance |

Dated: October 11, 2002.

**P. Lynn Scarlett,**

*Assistant Secretary—Policy, Management, and Budget, Department of the Interior.*

## DEPARTMENT OF HOMELAND SECURITY

## Federal Emergency Management Agency

### 44 CFR Chapter I

### RIN 1660–AA12

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, FEMA amends 44 CFR chapter I, part 7 as set forth below:

## PART 7—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS (FEMA REG. 5)

■ 1. The heading for subpart A is revised to read as follows:

## Subpart A—Nondiscrimination in FEMA-Assisted Programs—General

■ 2. The authority citation for subpart A continues to read as follows:

**Authority:** FEMA Reg. 5 issued under sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1; 42 U.S.C. 1855–1885g; 50 U.S.C. 404.

■ 3. Section 7.2 is amended by revising paragraph (d) to read as follows:

### §7.2  Definitions.

\*     \*     \*     \*     \*

(d) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (d)(1)

through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership,

private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (d)(1), (2), or (3) of this section.

\*     \*     \*     \*     \*

■ 4. Section 7.3 is revised to read as follows:

### §7.3  Application of this regulation.

No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under any program to which this regulation applies.

■ 5. Section 7.9 is amended by revising paragraph (b) to read as follows:

### §7.9  Assurances from institutions.

\*     \*     \*     \*     \*

(b) The assurances required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institutions or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 7.2(f) ................................... | for any program, | |
| 7.2(f) ................................... | under any such program | |
| 7.2(g) .................................. | for the purpose of carrying out a program | |
| 7.4, second sentence ................ | under any such program | |
| 7.4(b) .................................. | under any such program | |
| 7.4(c) .................................. | under any such program | |
| 7.5(a), introductory text ............ | under any program | |
| 7.7, first sentence .................... | to carry out a program | |
| 7.7, fifth sentence .................... | for each program, | |
| 7.7, fifth sentence .................... | in the program | |
| 7.10(b), last sentence ............... | of any program under | in |
| 7.10(d) ................................. | program under which | program for which |
| 7.13(e), first sentence ............... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 7.14(f) .................................. | under the program involved | to which this regulation applies |
| 7.14(f) .................................. | assistance will | assistance to which this regulation applies will |
| 7.14(f) .................................. | under such program | |
| 7.16(a), first sentence ............... | under such program | |

■ 7. The heading for subpart E is revised to read as follows:

**Subpart E—Nondiscrimination on the Basis of Age in Programs or Activities Receiving Federal Financial Assistance From FEMA**

■ 8. The authority citation for subpart E is revised to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended (42 U.S.C. 6101 *et seq.*); 45 CFR part 90.

■ 9. The heading for § 7.912 is revised to read as follows:

**§ 7.912   To what programs or activities does this regulation apply?**

\*    \*    \*    \*    \*

■ 10. Section 7.913 is amended by adding, in alphabetical order, a definition of ''Program or activity'' to read as follows:

**§ 7.913   Definition of terms used in this regulation.**

\*    \*    \*    \*    \*

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private

organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

\*    \*    \*    \*    \*

■ 11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 7.910 ............................................. | programs and activities | programs or activities |
| 7.911, last sentence ...................... | programs, activities | programs or activities |
| 7.912(a) .......................................... | or benefits from | |
| 7.925 .............................................. | program | program or activity |
| 7.926 .............................................. | program | program or activity |
| 7.930, first sentence ...................... | programs and activities | programs or activities |
| 7.931(b) ........................................... | program | |
| 7.943(a)(2), last sentence ............... | program | |
| 7.945(b), first sentence .................. | program and activity | program or activity |
| 7.945(c)(2), first sentence .............. | Federal | |
| 7.948(b)(2) ...................................... | program or activity | Federal financial assistance |

Dated: May 8, 2003.

**Michael D. Brown,**

*Under Secretary, Emergency Preparedness and Response.*

**NATIONAL SCIENCE FOUNDATION**

**45 CFR Chapter VI**

**RIN 3145–AA38**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, NSF amends 45 CFR chapter VI, parts 605, 611, and 617 as set forth below:

**PART 605—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE**

■ 1. The heading for part 605 is revised to read as set forth above.
■ 2. The authority citation for part 605 continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 3. Section 605.3 is amended by adding a new paragraph (m) to read as follows:

**§ 605.3   Definitions.**

\*    \*    \*    \*    \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of

vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

## § 605.4  [Amended]

■ 4. In § 605.4, the heading of paragraph (c) is amended by removing the word "Programs" and adding, in its place, the words "Aid, benefits, or services".

## Subpart C to Part 605—[Amended]

■ 5. The heading for subpart C is amended by removing the word "Program".

■ 6. In § 605.22, the heading and first sentence of paragraph (a) are revised to read as follows:

## § 605.22  Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to qualified handicapped persons. * * *

*      *      *      *      *

## § 605.38  [Amended]

■ 7. The heading for § 605.38 is amended by removing the word "programs".

## § 605.39  [Amended]

■ 8. The heading for § 605.39 is amended by removing the word "programs".

■ 9. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
| --- | --- | --- |
| 605.0, first sentence | programs and activities | programs or activities |
| 605.2 | or benefits from | |
| 605.3(k)(5), second sentence | programs | aid, benefits, or services |
| 605.3(k)(5), third sentence | program | |
| 605.4(a) | or benefits from | |
| 605.4(b)(1)(v) | recipients program | recipient's program or activity |
| 605.4(b)(3) | programs or activities | aid, benefits, or services |
| 605.4(b)(4)(ii) | program | program or activity |
| 605.4(b)(5)(i) | or benefits from | |
| 605.4(b)(6) | or benefiting from | |
| 605.4(c) | the benefits of a program | aid, benefits, or services |
| 605.4(c) | from a program | from aid, benefits or services |
| 605.5(a) | under a program or activity | |
| 605.5(a) | programs | programs or activities |
| 605.6(a)(3)(i) | program | program or activity |
| 605.6(a)(3)(ii) | program | program or activity |
| 605.8(a), second sentence | programs and activities | programs or activities |
| 605.11(a)(2) | programs | programs or activities |
| 605.11(a)(4), last sentence | apprenticeship programs | apprenticeships |
| 605.11(b)(8) | social | those that are social |
| 605.11(b)(8) | programs | |
| 605.12(a) | program | program or activity |
| 605.12(c), introductory text | program | program or activity |
| 605.12(c)(1) | program | program or activity |
| 605.22(b), last sentence | offer programs and activities to | serve |
| 605.22(e)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 605.31 | programs and activities | programs or activities |
| 605.31 | or benefit from | |
| 605.33(b)(2) | individualized education program | Individualized Education Program |
| 605.33(b)(3), first sentence | in | |
| 605.33(b)(3), first sentence | to a program | for aid, benefits, or services |
| 605.33(b)(3), first sentence | the one | those |
| 605.33(b)(3), first sentence | operates | operates or provides |
| 605.33(c)(1), second sentence | in | |
| 605.33(c)(1), second sentence | to a program | for aid, benefits, or services |
| 605.33(c)(1), second sentence | operated | operated or provided |
| 605.33(c)(1), second sentence | program | aid, benefits, or services |
| 605.33(c)(2) | person in | person |
| 605.33(c)(2) | to a program | for aid, benefits, or services |
| 605.33(c)(2) | operated | operated or provided |
| 605.33(c)(2) | the program | the aid, benefits, or services |
| 605.33(c)(3) | placement in | |
| 605.33(c)(3) | program | placement |
| 605.33(c)(4), last sentence | such a program | a free appropriate public education |
| 605.35(a) | program | program or activity |
| 605.35(a) | a regular or special education program | regular or special education |
| 605.37(c)(1), first sentence | programs and activities | aid, benefits, or services |
| 605.37(c)(1), last sentence | in these activities | |
| 605.38 | operates a | provides |
| 605.38 | day care program or activity | day care |
| 605.38 | an adult education program or activity | adult education |
| 605.38 | from the program or activity | |
| 605.38 | under the program or activity | |
| 605.39(a) | operates a | provides |
| 605.39(a) | education program | education |
| 605.39(a) | from such program | |
| 605.39(a) | the recipient's program | that recipient's program or activity |
| 605.39(c), first sentence | operates | provides |
| 605.39(c), first sentence | programs shall operate such programs | shall do so |

AR_0266

**51382**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

| Section | Remove | Add |
|---|---|---|
| 605.41 ......................................... | programs and activities | programs or activities |
| 605.41 ......................................... | or benefit from | |
| 605.43(a) ..................................... | program or activity | aid, benefits, or services |
| 605.43(d) ..................................... | programs and activities | program or activity |
| 605.44(a), second sentence .............. | program of | |
| 605.44(c) ..................................... | in its program | |
| 605.47(a)(1), first sentence .............. | programs and activities | aid, benefits, or services |
| 605.51 ......................................... | programs and activities | programs or activities |
| 605.51 ......................................... | or benefit from | |
| 605.54, first sentence ....................... | activity for | activity that provides aid, benefits, or services for |

## PART 611—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE NATIONAL SCIENCE FOUNDATION—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 10. The authority citation for part 611 continues to read as follows:

**Authority:** Sec. 11(a), National Science Foundation Act of 1950, as amended, 42 U.S.C. 1870(a); 42 U.S.C. 2000d–1.

■ 11. Section 611.4 is amended by revising paragraph (c)(2) to read as follows:

### §611.4    Assurances required.

*     *     *     *     *

(c) * * *

(2) The assurance required with respect to an institution of higher education, hospital, or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, patients, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

■ 12. Section 611.5 is amended by revising the example 2. to read as follows:

### §611.5    Illustrative applications.

*     *     *     *     *

2. In a research, training, or other grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited, and the prohibition extends to the entire university.

*     *     *     *     *

■ 13. Section 611.13 is amended by revising paragraph (f) to read as follows:

### §611.13    Definitions.

*     *     *     *     *

(f) The terms *program or activity* and *program* mean all of the operations of any entity described in paragraphs (f)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (f)(1), (2), or (3) of this section.

*     *     *     *     *

■ 14. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 611.2, first sentence ......................... | Federally-assisted programs and activities | types of Federal financial assistance |
| 611.2, second sentence ..................... | under any such program | |
| 611.2(b) ....................................... | under any such program | |
| 611.2(c) ....................................... | under any such program | |
| 611.2, penultimate sentence .............. | program or activity | type of Federal financial assistance |
| 611.2, penultimate sentence .............. | such program | a program |
| 611.2, last sentence ......................... | programs | types of Federal financial assistance |
| 611.3(b)(1), introductory text ............ | under any program | |
| 611.3(c)(2) ................................... | Programs | Types of Federal financial assistance |
| 611.4(a)(1), first sentence ................ | to carry out a program | |
| 611.4(a)(1), fourth sentence .............. | for each program | |
| 611.4(a)(1), fourth sentence .............. | in the program | |
| 611.4(a)(2), second sentence ............ | under a program of | with |
| 611.4(a)(2), third sentence ............... | program | statute |
| 611.5, introductory text, first sentence | programs of | programs aided by |
| 611.5, example 1., first sentence ........ | In programs for | For |
| 611.5, example 4., first sentence ........ | grant programs | grants |
| 611.6(b), last sentence ..................... | of any program under | in |
| 611.6(d) ....................................... | program under | program for |

AR_0267

| Section | Remove | Add |
|---|---|---|
| 611.9(e), first sentence ........................................ | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 611.10(f) ........................................................... | under the program involved | to which this regulation applies |
| 611.10(f) ........................................................... | assistance will | assistance to which this regulation applies will |
| 611.10(f) ........................................................... | under such program | |
| 611.12(a), first sentence ................................... | under such program | |
| 611.13(h) ........................................................... | for any program, | |
| 611.13(h) ........................................................... | under any such program | |
| 611.13(i) ........................................................... | for the purpose of carrying out a program | |

## PART 617—NONDISCRIMINATION ON THE BASIS OF AGE IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE FROM NSF

■ 15. The authority citation for part 617 continues to read as follows:

**Authority:** Age Discrimination Act of 1975, as amended, 42 U.S.C. 6101, *et seq.*; 45 CFR part 90.

§ 617.2    [Amended]

■ 16. In § 617.2, the list is amended by adding, in alphabetical order, the term "Program or activity."

■ 17. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 617.1, last sentence ........................................ | programs and activities | programs or activities |
| 617.8, first sentence ...................................... | program or activities | program or activity |
| 617.11(a)(2), last sentence ............................ | program | |
| 617.12(a), first sentence ................................ | under | for |
| 617.12(c), first sentence ................................ | program | program or activity |
| 617.12(e), first sentence ................................ | Federal | |
| 617.12(f)(2)(ii) ............................................... | program or activity | Federal financial assistance |

Dated: April 26, 2001.

**Lawrence Rudolph,**
*General Counsel, National Science Foundation.*

## NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES

### 45 CFR Chapter XI

**RIN 3135–AA17, RIN 3136–AA24, RIN 3137–AA11**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, NFAH, composed of the National Endowment for the Arts, the National Endowment for the Humanities, and the Institute of Museum and Library Services, amends 45 CFR chapter XI, part 1110, as set forth below:

## PART 1110—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS

■ 1. The authority citation for part 1110 is revised to read as follows:

**Authority:** 42 U.S.C. 2000d–2000d–7.

■ 2. Section 1110.4 is amended by revising the heading of paragraph (b) and paragraph (d)(2) to read as follows:

§ 1110.4    Assurances required.
*    *    *    *    *

(b) *Continuing Federal financial assistance* * * *

*    *    *    *    *

(d) * * *

(2) The assurance required with respect to an institution of higher education or any other institution, insofar as the assurance relates to the institution's practices with respect to admission or other treatment of individuals as students, or clients of the institution or to the opportunity to participate in the provision of services or other benefits to such individuals, shall be applicable to the entire institution.

■ 3. Section 1110.5 is amended by revising paragraph (a) to read as follows:

§ 1110.5    Illustrative applications.
*    *    *    *    *

(a) In a research, training, or other grant to a university for activities to be conducted in a graduate school, discrimination in the admission and treatment of students in the graduate school is prohibited, and the prohibition extends to the entire university.

*    *    *    *    *

■ 4. Section 1110.13 is amended by revising paragraph (g) to read as follows:

§ 1110.13    Definitions.
*    *    *    *    *

(g) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

AR_0268

**51384**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

(4) Any other entity which is established by two or more of the

entities described in paragraph (g)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1110.2, first sentence .......................................... | federally assisted programs and activities | types of Federal financial assistance |
| 1110.2, second sentence ..................................... | under any such program | |
| 1110.2, fifth sentence ........................................ | program or activity | type of Federal financial assistance |
| 1110.2, fifth sentence ........................................ | that such program | that a program |
| 1110.2, last sentence ......................................... | programs | types of Federal financial assistance |
| 1110.4(a)(1), first sentence .................................. | to carry out a program | |
| 1110.4(a)(1), third sentence ................................. | for each program | |
| 1110.4(a)(1), third sentence ................................. | in the program | |
| 1110.4(a)(2), first sentence .................................. | through a program of | with |
| 1110.4(a)(2), second sentence .............................. | under a program of | with |
| 1110.4(a)(2), third sentence ................................. | program | statute |
| 1110.4(b) .......................................................... | to carry out a program involving | for |
| 1110.6(b), last sentence ..................................... | of any program under | in |
| 1110.6(d) .......................................................... | program under which | program for which |
| 1110.9(e), first sentence ..................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1110.10(f) .......................................................... | under the program involved | to which this regulation applies |
| 1110.10(f) .......................................................... | assistance will | assistance to which this regulation applies will |
| 1110.10(f) .......................................................... | under such program | |
| 1110.13(i) .......................................................... | for any program, | |
| 1110.13(i) .......................................................... | under any such program | |
| 1110.13(j) .......................................................... | for the purposes of carrying out a program | |

Dated: January 16, 2003.

**Karen Elias,**

*Deputy General Counsel, National Endowment for the Arts, National Foundation on the Arts and the Humanities.*

Dated: January 17, 2003.

**Daniel Schneider,**

*General Counsel, National Endowment for the Humanities, National Foundation on the Arts and the Humanities.*

Dated: January 16, 2003.

**Nancy E. Weiss,**

*General Counsel, Institute of Museum and Library Services, National Foundation on the Arts and the Humanities.*

**NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES**

**National Endowment for the Arts**

**45 CFR Chapter XI**

**RIN 3135–AA17**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, NEA amends 45 CFR chapter XI, parts 1151 and 1156, as set forth below:

**PART 1151—NONDISCRIMINATION ON THE BASIS OF HANDICAP**

■ 1. The authority citation for part 1151 continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 2. Section 1151.3 is amended by adding a new paragraph (h) to read as follows:

**§ 1151.3    Definitions.**

\*    \*    \*    \*    \*

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or an entire private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education,

health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

**§ 1151.21    [Amended]**

■ 3. The undesignated center heading immediately preceding § 1151.21 is amended by removing the word "Program".

■ 4. Section 1151.22 is amended by revising the first sentence of paragraph (a) to read as follows:

**§ 1151.22    Existing facilities.**

(a) A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to and usable by handicapped persons. \*    \*    \*

\*    \*    \*    \*    \*

■ 5. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1151.2 | or benefits from | |
| 1151.4(a), second sentence | programs and activities | programs or activities |
| 1151.16(a) | or benefits from | |
| 1151.16(b) | the benefits of a program | aid, benefits, or services |
| 1151.16(c) | program | program or activity |
| 1151.16(c) | or benefiting from | |
| 1151.16(e) | programs and activities | programs or activities |
| 1151.17(a), introductory text | benefit, service, or program | benefit, or service |
| 1151.17(a)(1) | program, | |
| 1151.17(a)(5) | program | program or activity |
| 1151.17(b) | programs or activities | aid, benefits, or services |
| 1151.17(c)(2) | program | program or activity |
| 1151.17(d)(1) | or benefits from | |
| 1151.17(e) | or benefiting from | |
| 1151.18(a)(3) | for a specific program offered | and offering, for example, a specific event |
| 1151.18(a)(3) | that program | that specific event |
| 1151.18(b) | programs | aid, benefits, or services |
| 1151.18(d) | benefits of the programs and activities | aid, benefits, or services |
| 1151.18(d) | programs and activities | aid, benefits, or services |
| 1151.18(e) | programs and activities | programs or activities |
| 1151.22(b), last sentence | offer programs and activities to | serve |
| 1151.22(c) | to make programs or, activities in existing facilities accessible | |
| 1151.22(d)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 1151.31(a) | or benefits from | |
| 1151.31(c), last sentence | apprenticeship programs | apprenticeships |
| 1151.31(d)(8) | social | those that are social |
| 1151.31(d)(8) | programs | |
| 1151.32(a) | program | program or activity |
| 1151.32(c), introductory text | program | program or activity |
| 1151.32(c)(1) | program | program or activity |
| 1151.41(a), first sentence | for a program or activity | |
| 1151.41(a), first sentence | the program | the program or activity |

## PART 1156—NONDISCRIMINATION ON THE BASIS OF AGE

■ 6. The authority citation for part 1156 continues to read as follows:

**Authority:** 42 U.S.C. 6101 *et seq.*; 45 CFR part 90.

### § 1156.2 [Amended]

■ 7. Section 1156.2 is amended by removing the words "and to each program or activity that receives or benefits from such assistance" in paragraph (a).

■ 8. Section 1156.3 is amended by redesignating paragraphs (h) through (n) as paragraphs (i) through (o), respectively; and by adding a new paragraph (h) to read as follows:

### § 1156.3 Definitions.

*    *    *    *    *

(h) *Program or activity* means all of the operations of any entity described in paragraphs (h)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (h)(1), (2), or (3) of this section.

*    *    *    *    *

■ 9. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1156.1, last sentence | programs and activities | programs or activities |
| 1156.7(c) | program | program or activity |
| 1156.10, first sentence | programs and activities | programs or activities |
| 1156.17(a)(2), last sentence | program | |
| 1156.19(c)(2), first sentence | Federal | |
| 1156.20(b)(2) | program or the activity | Federal financial assistance |

AR_0270

**51386**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

Dated: April 17, 2001.

**Karen Elias,**

*Deputy General Counsel, National Endowment for the Arts.*

## NATIONAL FOUNDATION ON THE ARTS AND THE HUMANITIES

### National Endowment for the Humanities

### 45 CFR Chapter XI

**RIN 3136–AA24**

### Authority and Issuance

■ For the reasons set forth in the joint preamble, NEH amends 45 CFR chapter XI, part 1170 as set forth below:

## PART 1170—NONDISCRIMINATION ON THE BASIS OF HANDICAP IN FEDERALLY ASSISTED PROGRAMS OR ACTIVITIES

■ 1. The heading for part 1170 is revised to read as set forth above.

■ 2. The authority citation for part 1170 continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 3. Section 1170.3 is amended by revising paragraph (g) to read as follows:

### § 1170.3  Definitions.

\*    \*    \*    \*    \*

(g) The term *program or activity* means all of the operations of any entity described in paragraphs (g)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (g)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

## Subpart D to Part 1170—[Amended]

■ 4. The heading for subpart D is amended by removing the word "Program".

■ 5. Section 1170.32 is amended by revising the heading and first sentence of paragraph (a) to read as follows:

### § 1170.32  Existing facilities.

(a) *Accessibility.* A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible to handicapped persons. \* \* \*

\*    \*    \*    \*    \*

■ 6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1170.2 | or benefits from | |
| 1170.3(a) | and | |
| 1170.3(a) | 95–602 | 95–602, and by the Civil Rights Restoration Act of 1987, Pub. L. 100–259 |
| 1170.3(d) | program | program or activity |
| 1170.11 | or benefits from | |
| 1170.12(a)(5) | program | program or activity |
| 1170.12(b) | programs or activities | aid, benefits, or services |
| 1170.12(c)(2) | program | program or activity |
| 1170.12(d)(1) | or benefits from | |
| 1170.12(e) | the benefits of a program | aid, benefits, or services |
| 1170.12(e) | from a program | from aid, benefits, or services |
| 1170.12(f) | programs and activities | programs or activities |
| 1170.13(a)(3) | programs | aid, benefits, or services |
| 1170.13(a)(3) | program | aid, benefit, or service |
| 1170.13(a)(4), first sentence | of a program's | |
| 1170.13(c) | the programs and activities | the program or activity |
| 1170.13(c) | museum programs and activities | museum aid, benefits, or services |
| 1170.13(d) | programs and activities | programs or activities |
| 1170.21(a) | or benefits from | |
| 1170.21(c), last sentence | apprenticeship programs | apprenticeships |
| 1170.21(d)(8) | social | those that are social |
| 1170.21(d)(8) | programs | |
| 1170.22(a) | program | program or activity |
| 1170.22(c), introductory text | program | program or activity |
| 1170.22(c)(1) | program | program or activity |
| 1170.32(b), last sentence | offer program and activities to | serve |
| 1170.32(d)(3) | program accessibility | accessibility under paragraph (a) of this section |
| 1170.41 | programs and activities | programs or activities |
| 1170.41 | or benefit from | |
| 1170.43(a) | program or activity | aid, benefit, or service |
| 1170.43(d) | programs and activities | program or activity |
| 1170.44(a), second sentence | program of | |
| 1170.44(c), | in its program | |

Federal Register / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations    **51387**

| Section | Remove | Add |
|---|---|---|
| 1170.44(d)(1) ............................................ | under the education program or activity operated by the recipient | |
| 1170.47(a)(1), first sentence ................... | programs and activities | aid, benefits, or services |
| 1170.51(a), first sentence ....................... | for a program or activity | |
| 1170.51(a), first sentence ....................... | the program | the program or activity |
| 1170.52(a)(3)(i) ....................................... | program | program or activity |
| 1170.52(a)(3)(ii) ...................................... | program | program or activity |
| 1170.54(a), second sentence .................. | programs and activities | programs or activities |

Dated: January 17, 2003.

**Daniel Schneider,**

*General Counsel, National Endowment for the Humanities.*

## CORPORATION FOR NATIONAL AND COMMUNITY SERVICE

### 45 CFR Chapter XII

**RIN 3045–AA29**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, the Corporation amends 45 CFR chapter XII, parts 1203 and 1232 as set forth below:

## PART 1203—NONDISCRIMINATION IN FEDERALLY ASSISTED PROGRAMS— EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 1. The authority citation for part 1203 continues to read as follows:

**Authority:** Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1.

■ 2. Section 1203.3 is amended by revising paragraph (e) to read as follows:

### § 1203.3   Definitions.

\*    \*    \*    \*    \*

(e) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (e)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of

assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1), (2), or (3) of this section.

\*    \*    \*    \*    \*

■ 3. Section 1203.5 is amended by revising paragraph (b), paragraph (c)(2), and the heading of paragraph (d) to read as follows:

### § 1203.5   Assurances required.

\*    \*    \*    \*    \*

(b) *Assurances from Government agencies.* In the case of an application from a department, agency, or office of a State or local government for Federal

financial assistance for a specified purpose, the assurance required by this section shall extend to any other department, agency, or office of the same governmental unit if the policies of the other department, agency, or office will substantially affect the project for which Federal financial assistance is requested.

(c) \*    \*    \*

(2) The assurance required by an academic institution, detention or correctional facility, or any other institution or facility, relating to the institution's practices with respect to admission or other treatment of individuals as students, patients, wards, inmates, persons subject to control, or clients of the institution or facility or to the opportunity to participate in the provision of services, disposition, treatment, or benefits to these individuals, is applicable to the entire institution or facility.

(d) *Continuing Federal financial assistance.* \*    \*    \*

\*    \*    \*    \*    \*

**Appendix A to Part 1203    [Amended]**

■ 4. The heading for appendix A to part 1203 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

**Appendix B to Part 1203    [Amended]**

■ 5. The heading for appendix B to part 1203 is amended by removing the word "Programs" and adding, in its place, the words "Federal Financial Assistance".

■ 6. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1203.2(a), introductory text, first sentence ........ | federally assisted programs | types of Federal financial assistance |
| 1203.2(a), introductory text, second sentence ... | under a program | |
| 1203.2(a)(2) ............................................ | under a program | |
| 1203.2(a)(3) ............................................ | under a program | |
| 1203.2(a), concluding text, first sentence ......... | a program | a type of Federal financial assistance |
| 1203.2(a), concluding text, first sentence ......... | the program | a program |
| 1203.2(a)(4) concluding text last sentence ........ | programs | types of Federal financial assistance |
| 1203.2(b) ................................................ | as part of the program receiving that assistance | |
| 1203.3(d) ................................................ | for the purpose of carrying out a program | |
| 1203.3(f) ................................................. | for any program, | |

AR_0272

**51388**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

| Section | Remove | Add |
|---|---|---|
| 1203.3(f) ........................................ | under a program | |
| 1203.4(b)(1), introductory text ............................. | under a program | |
| 1203.4(c)(1), first sentence ............................. | a program of | the |
| 1203.5(a)(1), first sentence ............................. | to carry out a program | |
| 1203.5(a)(1), first sentence ............................. | except a program | except an application |
| 1203.5(a)(1), second sentence ........................ | program | award |
| 1203.5(a)(1), sixth sentence ........................ | for each program, | |
| 1203.5(a)(1), sixth sentence ........................ | in the program | |
| 1203.5(a)(2), second sentence ........................ | under a program of | with |
| 1203.5(a)(2), third sentence ........................ | program | statute |
| 1203.5(d), introductory text .......................... | to carry out a program involving | for |
| 1203.5(d), introductory text .......................... | programs | types of Federal financial assistance |
| 1203.6(b), second sentence ......................... | of a program under | in |
| 1203.6(d) ........................................ | program under which | program for which |
| 1203.9(e), first sentence ................................ | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 1203.10(f) ........................................ | under the program involved | to which this regulation applies |
| 1203.10(f) ........................................ | assistance will | assistance to which this regulation applies will |
| 1203.10(f) ........................................ | under the programs | |
| 1203.12(a), first sentence ................................ | under a program | |

## PART 1232—NONDISCRIMINATION ON BASIS OF HANDICAP IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 7. The heading for part 1232 is revised to read as set forth above.

■ 8. The authority citation for part 1232 continues to read as follows:

**Authority:** 29 U.S.C. 794.

■ 9. Section 1232.3 is amended by adding a new paragraph (m) to read as follows:

### § 1232.3 Definitions.

\*   \*   \*   \*   \*

(m) *Program or activity* means all of the operations of any entity described in paragraphs (m)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (m)(1), (2), or (3) of this section.

### Subpart C of Part 1232—[Amended]

■ 10. The heading for subpart C of part 1232 is amended by removing the word "Program".

### § 1232.13 [Amended]

■ 11. The heading for § 1232.13 is amended by removing the word "program".

■ 12. Section 1232.14 is amended by revising the first sentence of paragraph (a) and paragraph (b) to read as follows:

### § 1232.14 Existing facilities.

(a) A recipient shall operate each program or activity to which this part applies so that when each part is viewed in its entirety it is readily accessible and usable by handicapped persons. \* \* \*

(b) A recipient is not required to make structural changes in existing facilities where other methods are effective in achieving compliance with this section. Where structural changes are necessary to comply with paragraph (a) of this section, such changes shall be made as soon as practicable, but in no event later than three years after the effective date of the regulation.

\*   \*   \*   \*   \*

■ 13. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 1232.2, first sentence ........................................ | or benefits from | including, but not limited to |
| 1232.2, first sentence ........................................ | including volunteer programs such as | |
| 1232.3(k) ........................................ | under any programs | as |
| 1232.4(b)(1)(v) ........................................ | program | program or activity |
| 1232.4(b)(2) ........................................ | programs or activities | aid, benefits, or services |
| 1232.4(b)(3)(ii) ........................................ | program | program or activity |
| 1232.4(b)(4)(i) ........................................ | or benefits from | |
| 1232.4(c) ........................................ | the benefits of a program | aid, benefits, or services |

| Section | Remove | Add |
|---------|--------|-----|
| 1232.4(c) .......................................... | from a program | from aid, benefits, or services |
| 1232.4(d) .......................................... | programs and activities . | programs or activities |
| 1232.4(f) .......................................... | program | program or activity |
| 1232.4(f) .......................................... | or benefiting from | |
| 1232.5(a), first sentence .................... | for a program or activity | |
| 1232.5(a), first sentence .................... | program | program or activity |
| 1232.5(c) .......................................... | volunteer program | program or activity |
| 1232.7(a)(3)(i) .................................. | program | program or activity |
| 1232.7(a)(3)(ii) ................................. | program | program or activity |
| 1232.7(a)(3)(iii) ................................ | program | program or activity |
| 1232.9(a) .......................................... | or benefits from | |
| 1232.9(c)(8) ...................................... | social | those that are social |
| 1232.9(c)(8) ...................................... | programs | |
| 1232.9(d), last sentence .................... | apprenticeship programs | apprenticeships |
| 1232.9(f) .......................................... | volunteer program | program or activity |
| 1232.10(a) ........................................ | program | program or activity |
| 1232.10(c), introductory text ............. | program | program or activity |
| 1232.10(c)(1) .................................... | program | program or activity |

Dated: September 17, 2002.

**Frank Trinity,**

*General Counsel, Corporation for National and Community Service.*

## DEPARTMENT OF TRANSPORTATION

### 49 CFR Subtitle A

**RIN 2105–AC96**

**Authority and Issuance**

■ For the reasons set forth in the joint preamble, DOT amends 49 CFR subtitle A, parts 21 and 27 as set forth below:

## PART 21—NONDISCRIMINATION IN FEDERALLY-ASSISTED PROGRAMS OF THE DEPARTMENT OF TRANSPORTATION—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

■ 1. The authority citation for part 21 is revised to read as follows:

**Authority:** 42 U.S.C. 2000d–2000d–7.

■ 2. Section 21.7 is amended by removing the fifth sentence of paragraph (a)(1) and by revising the heading of paragraph (b) to read as follows:

**§ 21.7   Assurances required.**

\*     \*     \*     \*     \*

(b) *Continuing Federal financial assistance.* \*  \*  \*

■ 3. Section 21.23 is amended by revising paragraph (e) to read as follows:

**§ 21.23   Definitions.**

\*     \*     \*     \*     \*

(e) *Program or activity* and *program* mean all of the operations of any entity described in paragraphs (e)(1) through (4) of this section, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of

vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (e)(1), (2), or (3) of this section.

\*     \*     \*     \*     \*

■ 4. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---------|--------|-----|
| 21.3(a), introductory text, first sentence ............. | federally assisted programs and activities | types of Federal financial assistance |
| 21.3(a), introductory text, second sentence ....... | under any such program | |
| 21.3(a)(2) ........................................ | under any such program | |
| 21.3(a)(3) ........................................ | under any such program | |
| 21.3(a), concluding text, first sentence ............. | program or activity | type of Federal financial assistance |
| 21.3(a), concluding text, first sentence ............. | such | a |
| 21.3(a), concluding text, last sentence ............. | programs | types of Federal financial assistance |
| 21.5(b)(1), introductory text ............................. | under any program | |
| 21.5(b)(6) ........................................ | programs of | types of Federal financial assistance administered by |
| 21.5(c)(1), first sentence ............................. | a program of | the |
| 21.5(c)(1), first sentence ............................. | assistance | assistance to a program |
| 21.7(a)(1), first sentence ............................. | to carry out a program | |
| 21.7(a)(1), first sentence ............................. | except a program | except an application |
| 21.7(a)(1), second sentence ......................... | program | award |
| 21.7(a)(1), sixth sentence ............................. | for each program | |

**51390**    **Federal Register** / Vol. 68, No. 165 / Tuesday, August 26, 2003 / Rules and Regulations

| Section | Remove | Add |
|---|---|---|
| 21.7(a)(1), sixth sentence | in the program | with |
| 21.7(a)(2), second sentence | under a program of | statute |
| 21.7(a)(2), third sentence | program | for |
| 21.7(b) | to carry out a program involving | types of Federal financial assistance |
| 21.7(b) | programs | in |
| 21.9(b), second sentence | of any program under | for |
| 21.9(d) | under | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 21.15(e), first sentence | programs | |
| 21.17(f) | under the program involved | to which this regulation applies |
| 21.17(f) | assistance will | assistance to which this regulation applies will |
| 21.17(f) | under such programs | |
| 21.21(a), first sentence | under such program | |
| 21.23(d) | for the purpose of carrying out a program | |
| 21.23(f) | for any program, | |
| 21.23(f) | under any such program | |

## PART 27—NONDISCRIMINATION ON THE BASIS OF DISABILITY IN PROGRAMS OR ACTIVITIES RECEIVING FEDERAL FINANCIAL ASSISTANCE

■ 5. The heading for part 27 is revised to read as set forth above.

■ 6. The authority citation for part 27 continues to read as follows:

**Authority:** Sec. 504 of the Rehabilitation Act of 1973, as amended (29 U.S.C. 794); sec. 16 (a) and (d) of the Federal Transit Act of 1964, as amended (49 U.S.C. 5310 (a) and (f)); sec. 165(b) of the Federal-Aid Highway Act of 1973, as amended (23 U.S.C. 142 nt.).

### Subpart A—General

■ 7. Section 27.5 is amended by revising the definition of *Primary recipient* and adding, in alphabetical order, a definition of *Program or activity* to read as follows:

### § 27.5  Definitions.

*    *    *    *    *

*Primary recipient* means any recipient that is authorized or required to extend Federal financial assistance from the Department to another recipient.

*Program or activity* means all of the operations of any entity described in paragraphs (1) through (4) of this definition, any part of which is extended Federal financial assistance:

(1)(i) A department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(ii) The entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2)(i) A college, university, or other postsecondary institution, or a public system of higher education; or

(ii) A local educational agency (as defined in 20 U.S.C. 7801), system of vocational education, or other school system;

(3)(i) An entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(A) If assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(B) Which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(ii) The entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) Any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3) of this definition.

*    *    *    *    *

■ 8. Section 27.7 is amended by revising the heading for paragraph (d) to read as follows:

### § 27.7  Discrimination prohibited.

*    *    *    *    *

(d) *Aid, benefits, or services limited by Federal law.* *  *  *

■ 9. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 27.3(a) | or benefits from | |
| 27.5, definition of Qualified handicapped person, paragraph (2). | activities | services |
| 27.5, definition of Recipient | for any Federal program, | |
| 27.5, definition of Recipient | under any such program | |
| 27.7(a) | or benefits from | |
| 27.7(b)(1)(v) | program | program or activity |
| 27.7(b)(3) | programs or activities | aid, benefits, or services |
| 27.7(b)(4)(ii) | program | program or activity |
| 27.7(b)(5)(i) | or benefits from | |
| 27.7(b)(6) | or benefitting from | |
| 27.7(d) | In programs | For aid, benefits, or services |
| 27.9(a), first sentence | to carry out a program | |
| 27.9(a), first sentence | program will | program or activity will |
| 27.9(b)(4) | program | program or activity |
| 27.11(a)(3)(i) | program | program or activity |
| 27.11(a)(3)(ii) | program | program or activity |

■ 10. The heading of subpart B is revised to read as follows:

**Subpart B—Accessibility Requirements in Specific Operating Administration Programs: Airports, Railroads, and Highways**

■ 11. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 27.71(b), last sentence ...................................... | programs | programs or activities |
| 27.77 ........................................................................ | Essential Air Service program | Essential Air Service Program |

**Subpart C—Enforcement**

■ 12. In the table below, for each section indicated in the left column, remove the text shown in the middle column and add the text shown in the right column:

| Section | Remove | Add |
|---|---|---|
| 27.121(b), last sentence ...................................... | of any program under | in |
| 27.121(d) .................................................................. | program | program or activity |
| 27.125(b)(2) ............................................................ | program | program or activity |
| 27.127(f), first sentence ...................................... | programs | Federal statutes, authorities, or other means by which Federal financial assistance is extended and |
| 27.129(e), first sentence ...................................... | under the program involved | to which this first regulation applies |
| 27.129(e), last sentence ...................................... | assistance | assistance to which this regulation applies |

Dated: April 27, 2001.

**Norman Y. Mineta,**

*Secretary of Transportation.*

[FR Doc. 03–21140 Filed 8–25–03; 8:45 am]

**BILLING CODES 3410–94–P, 7590–01–P, 6450–01–P, 8025–01–P, 7510–01–P, 3510–BP–P, 4710–10–P, 6116–01–P, 4410–13–P, 4510–23–P, 8320–01–P, 6560–50–P, 6820–34–P, 4310–RE–P, 6718–01–P, 7555–01–P, 7536–01–P, 7536–01–P, 7036–01–P, 6050–28–P, 4910–62–P**

**From:** Hinchman, Robert (OLP) <Robert.Hinchman@usdoj.gov>
**Sent:** Monday, December 21, 2020 11:06 AM
**To:** 'Nye, Joseph' <Joseph_B_Nye@omb.eop.gov>
**Cc:** Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>
**Subject:** Confirming Submission of CRT Title VI rule in ROCIS (CRT 140; 1190-AA75)

TO: OMB - Joe Nye

cc: OLP - Kevin R. Jones (out of office)

By this email, I'm confirming submission in ROCIS for OMB review of the rule "Amendment of Title VI Regulations." (CRT 140; RIN 1190-AA75.)

This rule amends Justice Department regulations implementing Title VI of the Civil Rights Act of 1964 to align with the conduct Congress intended to prohibit when enacting Title VI and to address concerns the Supreme Court raised in Alexander v. Sandoval, 532 U.S. 275 (2001).

For your convenience, I've attached a copy of the rule to this email.

Also, on behalf of the Department of Justice, with respect to this rule, I request that OMB waive the requirement in Executive Order 13771 section 3(c) that "no regulation shall be issued . . . if it was not included on the most recent version or update of the published Unified Regulatory Agenda . . . ."

This rulemaking was not included in the recently-published Fall 2020 version of the Unified Agenda.

However, this rulemaking is Justice Department priority. It is intended to align Justice Department regulations with the conduct Congress intended to prohibit when enacting Title VI and to address concerns the Supreme Court raised in Alexander v. Sandoval, 532 U.S. 275 (2001).

For the foregoing reasons, the Department of Justice requests that OMB waive the requirement in Executive Order 13771 section 3(c) that "no regulation shall be issued . . . if it was not included on the most recent version or update of the published Unified Regulatory Agenda".

Please let me know if you have any questions.

Thanks.

Bob



 An official website of the United States government

Search:  ○ Agenda  ● Reg Review  ○ ICR    Go

| Home | Unified Agenda | Regulatory Review | Information Collection Review | FAQs / Resources | Contact Us |

### OIRA Conclusion of EO 12866 Regulatory Review

**RIN:** 1190-AA75    **View EO 12866 Meetings**

**Title:** Amendment of Title VI Regulations

**Agency/Subagency:** DOJ / CRT

**Concluded Action:** Consistent without Change

**Received Date:** 12/21/2020

**Stage:** Final Rule

**Concluded Date:** 01/08/2021

**Section 3(f)(1) Significant *:** No

**Economically Significant **:** No

**Legal Deadline:** None

**Publication Date:**

**Major:** No

**Regulatory Flexibility Analysis Required:** No

**Federalism Implications:** No

**International Impacts:** No

**Pandemic Response:** No

**Unfunded Mandates:** No

**Related To Homeland Security:** No

**Small Entities Affected:** No

**Affordable Care Act [Pub. L. 111-148 & 111-152]:** No

**Dodd-Frank Wall Street Reform and Consumer Protection Act, [Pub. L. 111-203]:** No

**Note:**
* Following the issuance of E.O. 14094 on April 6, 2023, which amended Section 3(f)(1) of E.O. 12866, OIRA has designated regulatory actions as "Section 3(f)(1) Significant" if under that newly amended section of E.O. 12866 they are likely to result in a rule that may have an annual effect on the economy of $200 million or more (adjusted every 3 years by the Administrator of OIRA for changes in gross domestic product); or adversely affect in a material way the economy, a sector of the economy, productivity, competition, jobs, the environment, public health or safety, or State, local, territorial, or tribal governments or communities. After April 6, 2023, OIRA no longer designated regulatory actions as "Economically Significant."

** Between September 30, 1993, when E.O. 12866 was issued, and April 6, 2023, when E.O. 14094 was issued, OIRA designated regulatory actions as "Economically Significant" if under Section 3(f)(1) of E.O. 12866 they were likely to result in a rule that may have an annual effect on the economy of $100 million or more or adversely affect in a material way the economy, a sector of the economy, productivity, competition, jobs, the environment, public health or safety, or State, local, or tribal governments or communities.

    


Reginfo.gov
**An official website of the** U.S. General Services Administration    **and the** Office of Management and Budget

| About Us | About GSA | About OIRA | Related Resources | Disclosure | Accessibility | FOIA | Privacy Policy | Contact Us |

Looking for U.S. government information and services?
Visit USA.gov

**From:** Jones, Kevin R (OLP) <Kevin.R.Jones@usdoj.gov>
**Sent:** Thursday, January 14, 2021 4:51 PM
**To:** 'Nye, Joseph B. EOP/OMB' <Joseph_B_Nye@omb.eop.gov>
**Cc:** 'McConkie, John T. (OASG)' <jtmcconkie@jmd.usdoj.gov>; Hinchman, Robert (OLP)
<Robert.Hinchman@usdoj.gov>; Gormsen, Eric T (OLP) <Eric.T.Gormsen@usdoj.gov>; 'Wold, Theodore
(OLP)' <thewold@jmd.usdoj.gov>
**Subject:** RE: Title VI Rule (CRT 140)

TO: Joe Nye, OIRA

Thank you for letting us know that OIRA has already taken action on this rule, and the OIRA online
website shows that OIRA had concluded review of the rule on Jan. 8. I am writing now to notify OIRA,
however, that the Department has decided not to proceed with publication of that rule at this time.

-- Kevin R. Jones, OLP (202) 514-4604

An official website of the United States government

Search: ● Agenda  ○ Reg Review  ○ ICR

[ Go ]

| Home | Unified Agenda | Regulatory Review | Information Collection Review | FAQs / Resources | Contact Us |

## View Rule

View EO 12866 Meetings                    Printer-Friendly Version    Download RIN Data in XML

**DOJ/CRT**                          **RIN:** 1190-AA75              **Publication ID:** Spring 2021

**Title:** ●Amendment of Title VI Regulations

**Abstract:**

The Department of Justice amends its regulations implementing Title VI of the Civil Rights Act of 1964 (Title VI) to align with the conduct Congress intended to prohibit when enacting Title VI and to address concerns the Supreme Court raised in *Alexander v. Sandoval*, 532 U.S. 275 (2001).

**Agency:** Department of Justice(DOJ)                    **Priority:** Other Significant
**RIN Status:** First time published in the Unified Agenda        **Agenda Stage of Rulemaking:** Completed Actions
**Major:** No                              **Unfunded Mandates:** No
**CFR Citation:** 28 CFR 42
**Legal Authority:** 42 U.S.C. 2000d–2000d-7    EO 12250
**Legal Deadline:** None
**Timetable:**

| Action | Date | FR Cite |
|---|---|---|
| Withdrawn | 03/01/2021 | |

**Regulatory Flexibility Analysis Required:** No        **Government Levels Affected:** None
**Small Entities Affected:** No                  **Federalism:** No
**Included in the Regulatory Plan:** No
**RIN Data Printed in the FR:** No
**Agency Contact:**
Rebecca Bond
Chief, Disability Rights Section
Department of Justice
Civil Rights Division
4 Constitution Square, 150 M Street NE,
Washington, DC 20002
Phone:202 307-0663






Reginfo.gov
**An official website of the** U.S. General Services Administration   **and the** Office of Management and Budget

| About Us | About GSA | About OIRA | Related Resources | Disclosure | Accessibility | FOIA | Privacy Policy | Contact Us |

Looking for U.S. government information and services?
Visit USA.gov

AR_0280

11072

**PROPOSED RULE MAKING**

(iii) Inform applicants that National Flood Insurance is available and that if a loan is made in an area designated as a special flood or mudslide hazard area on the National Flood Insurance hazard boundary map, the borrower must furnish and continually maintain and pay for insurance on essential buildings located in the affected area, in amounts, and on terms and conditions satisfactory to the FHA until the loan is repaid.

§ 1822.366  Interest rate and source of funds.

(a) *Interest rate.* RHD loans will be made at an interest rate which will be determined monthly. Each month an FHA bulletin will be issued showing the interest rate to be charged for that month. No loans will be approved in any month until the National Office of the interest rate to be applicable during the calendar month in which the loans will be approved.

(b) *Source of funds.* Insured loan funds will be used for RHD loans. These notes will be offered for sale to local investors.

§ 1822.367  Repair or replacement of buildings.

Repairs or replacement of any damaged or destroyed building must be consistent with the basic section 502 loan policies. Changes may be made in the building, but in any case the repaired or replaced building should not be significantly larger or more costly than the original building except as necessary to provide a building which is adequate but modest. No new building constructed will exceed the limits established by § 1822.7(c) (1), (2), and (3).

§ 1822.368  Nature of loss.

Each case will be identified by "natural disaster" or "major disaster" as applicable on Form FHA 440-3, "Record of Action," in the "Type of Assistance" block.

Dated: May 24, 1972.

JAMES V. SMITH,
*Administrator,
Farmers Home Administration.*

[FR Doc.72-8323 Filed 6-1-72;8:48 am]

# ENVIRONMENTAL PROTECTION AGENCY

## [ 40 CFR Part 5 ]

### NONDISCRIMINATION IN PROGRAMS RECEIVING FEDERAL ASSISTANCE

#### Notice of Proposed Rule Making

The Environmental Protection Agency is considering the adoption of a new Part 5 in Chapter I of Title 40 of the Code of Federal Regulations to implement title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. (1970).

Section 601 of the Civil Rights Act of 1964 forbids discrimination on the ground of race, color, or national origin under any program or activity that receives Federal financial assistance. Section 602 of the Act authorizes and directs any Federal department or agency that is empowered to assist any such program or activity to issue regulations implementing section 601. Accordingly, the Agency proposes to adopt Part 5 to accomplish this legislative directive.

Interested parties are invited to submit written data, views, or comments to the Director, Office of Civil Rights and Urban Affairs, Environmental Protection Agency, Washington, D.C. 20460. All such submissions received on or before July 5, 1972, will be considered before transmittal of this Part 5 for Presidential approval pursuant to section 602 of the Civil Rights Act and promulgation of a final regulation.

Until promulgation of this Part 5, the various types of grants and assistance awarded and administered by the Environmental Protection Agency will continue to be governed by the regulations and procedures previously adopted to implement title VI of the Civil Rights Act of 1964 by the agency or department responsible for the respective grants or assistance prior to issuance of Reorganization Plan No. 3 of 1970.

WILLIAM D. RUCKELSHAUS,
*Administrator.*

MAY 30, 1972.

### PART 5—NONDISCRIMINATION IN PROGRAMS RECEIVING ASSISTANCE FROM THE ENVIRONMENTAL PROTECTION AGENCY—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

Sec.
5.1    Purpose.
5.2    Definitions.
5.3    Applicability.
5.4    Discrimination prohibited.
5.5    Affirmative action.
5.6    Assurances required.
5.7    Compliance information.
5.8    Investigations.
5.9    Procedure for obtaining compliance.
5.10  Hearings.
5.11  Decisions and notices.
5.12  Judicial review.
5.13  Effect on other regulations, forms and instructions.

AUTHORITY: The provisions of this Part 5 issued under sec. 602 of the Civil Rights Act of 1964, 42 U.S.C. 2000d-1 (1970).

§ 5.1  Purpose.

The purpose of this part is to effectuate title VI of the Civil Rights Act of 1964 (hereinafter referred to as the Act) to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving financial assistance from the Environmental Protection Agency (EPA).

§ 5.2  Definitions.

Unless the context requires otherwise, as used in this part the term:

(a) "Administrator" means the Administrator of the Environmental Pro-

tection Agency or, except in § 5.11(e), any other Agency official who by delegation may exercise the Administrator's authority.

(b) "Agency" means the Environmental Protection Agency and includes each and all of its organizational components.

(c) "Applicant" means one who submits an application, subagreement, request, plan, or any other document required to be approved by the Administrator, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and "application" means such an application, subagreement, request, plan, or any other document.

(d) "Facility" includes all or any part of structures, equipment, or other real or personal property or interests therein, and the term "provision of facilities" includes the construction, expansion, renovation, remodeling, alternation, or acquisition of facilities.

(e) "Federal financial assistance" includes:

(1) Grants and loans of Federal funds;

(2) The grant or donation of Federal property and interests in property;

(3) The detail of Federal personnel;

(4) The sale and lease of, and the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration, or for less than adequate consideration for the purpose of assisting the recipient, or in recognition of the public interest to be served by such a sale or lease to the recipient; and

(5) Any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(f) "Primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program for which it receives Federal financial assistance.

(g) "Program" includes any program, project, or activity for the provision of services, financial assistance, or other benefits to individuals (including education or training, health, welfare, housing, rehabilitation, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities or other assistance to individuals), or for the provision of facilities for furnishing services, financial assistance, or other benefits to individuals. The services, financial assistance, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include (1) any services, financial assistance, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and (2) any services, financial assistance, or other benefits provided in or through

AR_0281

**PROPOSED RULE MAKING**

11073

a facility provided with the aid of Federal financial assistance or such non-Federal resources.

(h) "Recipient" means any State, or any political subdivision, or instrumentality thereof, any public or private agency, institution, organization, or other entity, or any individual, in any State to which or whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(i) "State" means any State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, or any territory or possession of the United States.

§ 5.3    Applicability.

(a) This part applies to any program for which Federal financial assistance is authorized under a law administered by the Agency, including all EPA grant programs and activities (including, but not limited to, those listed in § 30.301–4 of this title) and assistance under the Uniform Relocation Assistance and Land Acquisition Policies Act of 1970, 42 U.S.C. 4621 et seq. and the Disaster Relief Act of 1970, 42 U.S.C. 4401 et seq. It applies to money paid, property transferred, or other Federal financial Assistance extended to any such program or activity after the effective date of this part including assistance extended pursuant to an application approved prior to the effective date. This part does not apply to: (1) Any Federal financial assistance by way of insurance or guaranty, (2) money paid, property transferred, or other assistance extended to any such program before the effective date of this part except where such assistance was subject to the title VI regulations of an agency whose responsibilities are now exercised by this Agency, (3) any assistance to any individual who is the ultimate beneficiary under any such program, or (4) any employment practice under any such program of any employer, employment agency, or labor organization, except as provided in § 5.4(c).

§ 5.4    Discrimination prohibited.

(a) General. No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity to which this part applies.

(b) Specific discriminatory actions prohibited. (1) A recipient under any program or activity to which this part applies may not, directly or indirectly on the ground of race, color, or national origin:

(i) Deny a person any service, financial assistance, or other benefit provided under the program;

(ii) Provide any service, financial assistance, or other benefit to a person which is different, or is provided in different manner, from that provided to others under the program;

(iii) Subject a person to segregation or separate treatment in any matter related to his receipt of any service, financial assistance, or other benefit under the program;

(iv) Restrict a person in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial assistance, or other benefit under the program;

(v) Treat a person differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which persons must met in order to be provided any service, financial assistance, or other benefit provided under the program;

(vi) Deny a person an opportunity to participate in the program through the provision of services (or otherwise) or afford him an opportunity to participate in a manner different from that afforded others; or

(vii) Deny a person the opportunity to participate as a member of any planning or advisory body which is an integral part of the program.

(2) A recipient in determining the types of services, financial assistance, or other benefits or facilities which will be provided under any such program or the class of persons to whom, or the situations in which, such services, financial assistance, other benefits, or facilities will be provided under any such program, or the class of persons to be afforded an opportunity to participate in any such program may not, directly or indirectly, utilize criteria or methods or administration which have or may have the effect of subjecting a person to discrimination because of race, color, or national origin, or which have or may have the effect of defeating or substantially impairing accomplishment of the objectives of the program or activity with respect to individuals of a particular race, color, or national origin.

(3) In any program receiving financial assistance in the form, or for acquisition, of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving that assistance, the nondiscrimination requirement of this part shall extend to any facility located wholly or in part in that space during the period of time stated in § 5.6(a)(2).

(4) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(c) Employment practices. (1) Where a primary objective of a program receiving Federal financial assistance to which this part applies is to provide employment, a recipient or other person or entity subject to this part shall not discriminate, directly or through contractual or other arrangements on the ground of race, color, or national origin in its employment practices under such program including recruitment, recruitment advertising, employment, layoff, termination, firing, upgrading, demotion, transfer, rates of pay, or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees. Such recipient shall take affirmative steps to insure that applicants are employed and employees are treated during employment without regard to race, color, or national origin. Where this part applies to construction employment, the applicable requirements shall be those specified in or pursuant to part III of Executive Order 11246, as amended, or any Executive order which may supersede it.

(2) In regard to Federal financial assistance which does not have providing employment as a primary objective, the provisions of subparagraph (1) of this paragraph apply to the employment practices of the recipient if discrimination on the ground of race, color, or national origin in such employment practices tends, on the ground of race, color, or national origin, to deny them the benefits of, or to subject them to discrimination under the program receiving Federal financial assistance. In any such case, the provisions of subparagraph (1) of this paragraph shall apply to the extent necessary to assure equality of opportunity to and nondiscriminatory treatment of beneficiaries.

(d) Site selection. A recipient may not make a selection of a site or location of a facility if the purpose of that selection, or its effect when made, is to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this rule applies, on the ground of race, color, or national origin; or if the purpose is to, or its effect when made will, substantially impair the accomplishment of the objectives of this part.

(e) Construction projects. An EPA grantee shall not locate, design, or construct a demonstration facility or sewage treatment plant in such a manner as to deny or perpetuate denial of reasonable access to, or use of, the facility being constructed or the system of which it is a part, to any person on the basis of race, color, or national origin.

§ 5.5    Affirmative action.

(a) The applicant or recipient must take reasonable steps to remove or overcome the consequences of prior discrimination and to accomplish the purpose of the Act, where previous practice or usage has in purpose or effect tended to exclude individuals from participation in, or deny them the benefits of, or to subject them to discrimination under any program or activity to which this part applies, on the ground of race, color, or national origin.

(b) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by persons of a particular race, color, or national origin.

§ 5.6    Assurances required.

(a) General—(1) Form of assurance. Every application for Federal financial

AR_0282

11074 PROPOSED RULE MAKING

assistance to a progrm to which this part applies and every application for Federal financial assistance to provide a **facility** shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part, and that the applicant shall take affirmative steps to insure equal opportunity and shall periodically evaluate its performance. Like assurances will be required of subgrantees, contractors, and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which express consent to judicial enforcement by the United States.

(2) *Duration of assurance.* In the cases where the Federal financial assistance is to provide or is in the form of either personal property or real property or any interest therein or structure thereon, the assurance shall obligate the recipient or in the case of a subsequent transfer, the transferee, for the period during which the property is used for any purpose for which the Federal financial assistance is or was extended or for another purpose involving the provision of similar services of benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended to the program.

(3) *Assistance for construction.* In the case where the assistance is sought for the construction of a facility, or part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith. In particular, if a facility to be constructed is a part of a larger system, the assurance shall extend to the larger system.

(4) *Assistance through transfer of real property.* Where Federal financial assistance is provided in the form of a transfer from the Federal Government of real property, structures, any improvements thereon, or any interest therein, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period for which the real property is used for a purpose for which the Federal financial assistance is or was extended or for another purpose involving the provision of similar services or benefits. Where no transfer or property or an interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, the covenant may also include a condition coupled with a right to be reserved by the Agency to revert title to the property in the event of a breach of the covenant. Such

a condition and right of reverter may be included in covenants for any grants or other assistance that the Administrator in his discretion deems appropriate for such treatment. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Administrator may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, (1) contain or be accompanied by a statement that that program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or under this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the Administrator to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or under this part.

(c) *Assurances from educational institutions.* In the case of any application for Federal financial assistance to an institution of higher education, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

§ 5.7 **Compliance information.**

(a) *Cooperation and assistance.* Each responsible Agency official shall seek the cooperation of recipients in obtaining compliance with this part and shall provide assistance and guidance to recipients to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient shall keep such records and submit to the responsible Agency official or his designee timely, complete, and accurate compliance reports at such times, in such form, and containing such information, as the responsible Agency official or his designee may determine to be necessary or useful to enable the Agency to ascertain whether the recipient has complied or is complying with this part. In general, recipients should have available for Agency officials racial/ethnic and national origin data showing the extent to which minorities are beneficiaries of the assistance. In the case of any program under which a primary recipient extends Federal financial assistance to any other recipient such other recipient shall submit such compliance reports to the primary recipient as may be necessary or useful to enable the primary recipient

to carry out its obligations under this part.

(c) *Access to source of information.* Each recipient shall permit access by the responsible Agency official or his designee during normal business hours to such of its facilities, books, records, accounts, and other sources of information as may be relevant to a determination of whether or not the recipient is complying with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution, or person and such agency, institution, or person fails or refuses to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it had made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries, and other interested persons any information pertinent to the provisions of this part and its applicability to the program receiving Federal financial assistance which is necessary or useful to apprise such persons of the protections against discrimination assured them by the Act and by this part.

§ 5.8 **Investigations.**

(a) *Periodic compliance reviews.* The Administrator shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person or entity who believes himself or any specific class of persons to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Administrator a written complaint. This complaint should be filed as promptly as possible after the date of the alleged discrimination.

(c) *Investigations.* The Administrator will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation will include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination of whether the recipient has failed to comply with this part.

(d) *Resolution of investigations.* (1) If an investigation indicates a failure to comply with this part, the Administrator will so inform the recipient and the matter will be resolved by informal means whenever possible. If the Administrator determines that the matter cannot be resolved by informal means, action will be taken as provided for in § 5.9.

(2) If an investigation does not warrant action pursuant to subparagraph (1) of this paragraph, the Administrator will so inform the recipient and complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by 42 U.S.C. 2000d

AR_0283

**PROPOSED RULE MAKING**

11075

(1970) or by this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part.

§ 5.9  Procedure for obtaining compliance.

(a) *General.* If compliance with this part cannot be assured by informal means, compliance with this part shall be effected by termination of or refusal to grant or to continue Federal assistance in accordance with the procedures of paragraph (b) of this section, or by any other means authorized by law in accordance with the procedures of paragraph (c) of this section. Such other means include, but are not limited to, (1) a referral to the Department of Justice with a recommendation that appropriate judicial proceedings be brought to enforce any rights of the United States under any law or assurance or contractual undertaking, and (2) any applicable proceeding under State or local law. A decision to take action under this section shall conform with "Guidelines for the enforcement of title VI Civil Rights Act of 1964." 28 CFR 50.3.

(b) *Procedure for termination or refusal to grant or continue assistance.* An order terminating or refusing to grant or continue Federal assistance shall become effective only after:

(1) The Administrator has advised the applicant or recipient of his failure to comply and has determined that compliance cannot be secured by voluntary means;

(2) There has been an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or under this part;

(3) The action has been approved by the Administrator pursuant to § 5.11(e); and

(4) The expiration of 30 days after the Administrator has filed with the Committee of the House and the Committee of the Senate having legislative jurisdiction over the program or activity involved, a full written report of the circumstances and the grounds for such action.

The termination or refusal to grant or continue assistance shall be limited to the particular political entity, or part thereof, or other recipient as to whom a finding of noncompliance with title VI has been made and shall be limited in its effect to the particular program or part thereof in which such noncompliance has been so found.

(c) *Other means authorized by law.* No action to effect compliance with title VI of the Act by any other means authorized by law shall be taken by this Agency until:

(1) The Administrator has determined that compliance cannot be secured by voluntary means, and the recipient or other person has been notified of such determination; and

(2) The expiration of at least 10 days from the mailing of such notice to the recipient or other person. During this period of at least 10 days, additional efforts may be made to persuade the recipient or other person to comply with the regulation and to take such corrective action as may be appropriate.

§ 5.10  Hearings.

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 5.9(b), reasonable notice shall be given by certified mail, return receipt requested, to the affected applicant or recipient. This notice shall fix a date not less than 3 weeks after the date of receipt of such notice within which the applicant or recipient may file with the Administrator a request in writing that the matter be scheduled for hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of the Act and § 5.9(b) and consent to the making of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Agency in Washington, D.C., unless the Administrator determines that the convenience of the applicant or recipient or of the Agency requires that another place be selected. Hearings shall be held at a time fixed by the Administrator before a hearing examiner appointed in accordance with section 3105 of title 5, United States Code, or detailed under section 3344 of title 5, United States Code.

(c) *Right to counsel.* In any proceeding under this section, the applicant or recipient and the Agency shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554-557 (1970).

(2) Technical rules of evidence do not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute either (1) noncompliance with this part with respect to two or more types of Federal financial assistance to which this part applies, or (2) noncompliance with both this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Administrator may, by agreement where necessary with such other departments or agencies, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules or procedures not inconsistent with this part. Final decisions in such cases, insofar as this Agency is concerned, shall be made in accordance with § 5.11.

§ 5.11  Decisions and notices.

(a) *Procedure on decisions by hearing examiner.* The hearing examiner shall make an initial decision, including his recommended findings and proposed decision, and a copy of such initial decision shall be mailed by certified mail (return receipt requested) to the applicant or recipient. The applicant or recipient may, within 30 days after the receipt of such notice of initial decision, file with the Administrator his exceptions to the initial decision, and his reasons therefor. In the absence of exceptions, the Administrator may, on his own motion, within 45 days after the initial decision, serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of notice of review, the Administrator shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall, subject to paragraph (e) of this section, constitute the final decision of the Administrator.

(b) *Decisions on record on review by the Administrator.* Whenever the Administrator reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, the applicant or recipient, the Agency officials responsible, and the complainant, if any, shall be given reasonable opportunity to file with him briefs or other written statements of their contentions, and a written copy of the final decision of the Administrator shall be sent to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 5.10(a), a decision shall be made by the Administrator on the record and a written copy of such decision shall be sent to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing examiner shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Administrator.* Any decision by an official of the Agency, other than the Administrator personally, which provides for the termination of, or the refusal to grant or continue, Federal financial assistance, or the imposition of any other sanction available under this part or the Act, shall promptly be transmitted to the Administrator personally, who may approve such decision, vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, to the program involved and may contain

AR_0284

11076                                    PROPOSED RULE MAKING

such terms, conditions, and other provisions as are consistent with and will effectuate the purpose of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to have failed to comply with requirements imposed by or under this part unless and until it corrects its noncompliance and satisfies the Administrator that it will fully comply with this part.

(g) *Post termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance from the Agency if it satisfies the terms and conditions of that order for such eligibility and brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part in the future.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Administrator to restore fully its eligibility to receive Federal financial assistance from the Agency. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of subparagraph (2) of this paragraph. If the Administrator determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Administrator denies any request made under subparagraph (2) of this paragraph the applicant or recipient may sumbit a request in writing for a hearing, specifying why it believes him to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with rules or procedures issued by the Administrator. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of subparagraph (1) of this paragraph. Failure to file such a request within 3 weeks after receipt of notice of such denial shall constitute consent to the Administrator's determination.

(4) While proceedings under this paragraph (g) are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 5.12    Judicial review.

Action taken under 42 U.S.C. 2000d-1 (1970) is subject to judicial review as provided in 42 U.S.C. 2000d-2 (1970).

§ 5.13    Effect on other regulations, forms, and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions issued before the effective date of this part by any officer of the Agency which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorize the termination of or refusal to grant or to continue Federal financial assistance to any applicant for or re-

cipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that the discrimination against which they are directed is prohibited by this part, except that nothing in this part shall relieve any person of any obligation assumed or imposed under any such superseded regulations, order, or like direction before the effective date of this part. Nothing in this part however, supersedes any of the following (including future amendments thereof): (1) Executive Order 11246 (3 CFR 1965 Supp., page 167) and regulations issued thereunder, or (2) any other orders, regulations, or instructions insofar as such orders, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* The Administrator shall issue and promptly make available to all interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* The Administrator may from time to time assign to officials of the Agency, or to officials of other departments or agencies of the Government with the consent of such departments or agencies, responsibilities in connection with the effectuation of the purposes of title VI of the Act and this part including the achievement of effective coordination and maximum uniformity within the Agency and within the executive branch of the Government in the application of title VI and this part to similar programs and in similar situations. The Administrator may delegate in writing any function assigned (other than responsibility for final decision as provided in § 5.11) to him by the Act or by this part. Any action taken, determination made or requirement imposed by an official of another department or agency acting pursuant to an assignment or delegation of responsibility under this paragraph shall have the same effect as though such action had been taken by the Administrator of the Agency. All actions taken pursuant to this part with respect to EPA grants including written communications to or from a grant applicant or grantee shall be effected through the appropriate EPA grants officer.

[FR Doc.72-8321 Filed 6-1-72;8:48 am]

# INTERSTATE COMMERCE COMMISSION

[ 49 CFR Part 1201 ]

[No. 32153; Sub-No. 2]

TRACK STRUCTURES

Accounting for Retirement or Recognition of Impairments in Value

At a general session of the Interstate Commerce Commission, held at its office

in Washington, D.C., on the 17th day of May 1972.

In recent months, the Commission has received several requests for authority to create a valuation reserve by recording estimated losses on programs of current and anticipated track retirements by charge to Account 570, Extraordinary Items. The programed retirements include mostly main and branch line abandonments which require Commission approval under section 1(18) of the Interstate Commerce Act, and concerning which, upon review, carrier management has determined that continued operation cannot be economically justified. Review of individual projects in the programs for which special accounting has been requested discloses that in some instances the tracks have not been used for several years, in others there are current operations with traffic originating or terminating on the tracks. Application for abandonment under section 1(18) has not, for many projects, been filed, or applications have been filed but are still pending, when the proposed accounting is requested. By presenting a retirement program in 1 year a carrier accumulates several years retirement losses so that there is a material loss which may, if approved by the Commission, be excluded from operating expenses.

BACKGROUND

Under normal retirement accounting a carrier records a loss on retirement of tracks in operating expenses when the tracks are taken out of service. An exception occurs when the retirement losses resulting from permanent reductions in plant during the year are of such magnitude that inclusion in operating expenses would distort the accounts and impair the significance of ordinary income for the year. In such cases the Commission may approve inclusion of such losses in Account 570, Extraordinary Items. The Commission has, barring unusual situations, considered the recognition of estimated retirement losses on main or branch lines prior to obtaining section 1(18) approval as being premature.

The basic problem involves the proper timing for the recognition of the anticipated retirement loss. Generally there is no recognition, in the accounts, of depreciation on the investment in track structures. This has been a matter of study by this Commission (309 ICC 289) and it concurred with the view stated by the American Institute of Certified Public Accountants Committee on Relations with the Interstate Commerce Commission, that under conditions at that time (1957) no good purpose would be served by changing the long-established existing accounting rules and requiring capitalization of replacements, and depreciation accounting for track property.

In view of this decision, when a railroad does retire track property there is no accrued depreciation reserve against which the loss can be charged, thus the full impact is recorded in the income statement at the time of retirement or when the retirement becomes foreseeable with reasonable certainty. Given flexibility in timing the accounting for retirements, or estimated losses on anticipated

AR_0285

.17968                           **RULES AND REGULATIONS**

limited to the programs and activities listed in Appendix A to this part. The services, financial aid, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include any services, financial aid or other benefits provided with the aid of Federal financial assistance or with the aid of any non-Federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and to include any services, financial aid, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-Federal resources.

* * * * *

(h) The term "recipient" means any State, political subdivision of any State, or instrumentality of any State or political subdivision, any public or private agency, institution, or organization, or other entity, or any individual, in the United States, to whom Federal financial assistance is extended, directly or through another recipient, for any program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(i) The term "applicant" means a person who submits an application, request, or plan required to be approved by the Administrator, or by a recipient, as a condition to eligibility for Federal financial assistance, and "application" means such an application, request, or plan.

12. Appendix B (formerly § 18.5) is added to read as follows:

APPENDIX B

ILLUSTRATIVE APPLICATIONS

The following examples, without being exhaustive, will illustrate the application of the nondiscrimination provisions to certain grants of the Veterans Administration. In all cases the discrimination prohibited is discrimination on the grounds of race, color, or national origin prohibited by title VI of the Act and this part, as a condition of the receipt of Federal financial assistance.)

(a) In grants which support the provision of health or welfare services for veterans in State homes, discrimination in the selection or eligibility of individuals to receive the services, and segregation or other discriminatory practices in the manner of providing them, are prohibited. This prohibition extends to all facilities and services provided by the State as grantee under the program or by a political subdivision of the State. It extends also to services purchased or otherwise obtained by the grantee (or political subdivision) from hospitals, nursing homes, schools, and similar institutions for beneficiaries of the program, and to the facilities in which such services are provided, subject, however, to the provisions of § 18.3(c).

(b) In grants to assist in the construction of facilities for the provision of health or welfare services assurances will be required that services will be provided without discrimination, to the same extent that discrimination would be prohibited as a condition of Federal operating grants for the support of such services. Thus, as a condition of grants for the construction of a State home for furnishing nursing home care, assurances will be required that there will be no dis-

crimination in the admission or treatment of patients. In the case of such grants the assurance will apply to patients, to interns, residents, student nurses, and other trainees, and to the privilege of physicians, dentists, and other professionally qualified persons to practice in the nursing home, and will apply to the entire facility for which, or for a part of which, the grant is made, and to facilities operated in connection therewith.

(c) Upon transfers of real or personal surplus property for health or educational uses, discrimination is prohibited to the same extent as in the case of grants for the construction of facilities or the provision of equipment for like purposes.

(d) A recipient may not take action that is calculated to bring about in directly what this part forbids it to accomplish directly. Thus a State, in selecting or approving projects or sites for the construction of a nursing home which will receive Federal financial assistance, may not base its selections or approvals on criteria which have the effect of defeating or of substantially impairing accomplishment of the objectives of the Federal assistance program with respect to individuals of a particular race, color, or national origin.

(Sec. 602, 78 Stat. 252; 42 U.S.C. 2000d–1; 38 U.S.C. 641, 644, 5031–5037, 5055, 3402(a)(2), Chapters 31, 34, 35 and 36)

These VA Regulations are effective July 5, 1973.

Approved: August 2, 1972.

By direction of the Administrator.

[SEAL]            FRED B. RHODES,
                  *Deputy Administrator.*

[FR Doc.73–13308 Filed 7–3–73;8:45 am]

─────────────

**Title 40—Protection of Environment**

**CHAPTER I—ENVIRONMENTAL PROTECTION AGENCY**

**SUBCHAPTER A—GENERAL**

**PART 7—NONDISCRIMINATION IN PROGRAMS RECEIVING FEDERAL ASSISTANCE FROM THE ENVIRONMENTAL PROTECTION AGENCY—EFFECTUATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964**

On June 2, 1972, the Environmental Protection Agency published (37 FR 11072) proposed regulations to implement title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d et seq. The regulations now promulgated as final regulations, after approval by the President pursuant to statutory requirement, reflect changes which have been made to the proposed regulations as a result of public comment which was received.

A provision has been added to § 7.8(e) to permit the Agency to promise that a complainant's name will be kept confidential, within certain limits. In addition, § 7.7(b) has been modified so that compliance reports may be required of applicants for financial assistance as well as recipients, which has been EPA practice. A number of minor changes and technical corrections have also been made. For administrative reasons, these regulations, which were published as proposed regulations for part 5 of title 40 are published as final regulations in part 7 of that title.

*Effective date.* The regulations of this part 7 shall become effective August 6, 1973, with respect to all grants awarded and assistance extended on or after such date. Grants awarded and assistance extended before such effective date shall continue to be governed by prior uncodified regulations and procedures (see 37 FR 11072), unless this part 7 is made applicable to such grants and assistance through a grant amendment or written agreement with the recipient.

WILLIAM D. RUCKELSHAUS,
                  *Administrator.*

Dated September 8, 1972.

Title 40 of the Code of Federal Regulations is amended by adding a new Part 7 to read as follows:

Sec.
7.1    Purpose.
7.2    Definitions.
7.3    Applicability.
7.4    Discrimination prohibited.
7.5    Affirmative action.
7.6    Assurances required.
7.7    Compliance information.
7.8    Investigations.
7.9    Procedure for obtaining compliance.
7.10   Hearings.
7.11   Decisions and notices.
7.12   Judicial review.
7.13   Effect on other regulations, forms, and instructions.
AUTHORITY: Sec. 602 of the Civil Rights Act of 1964, 42 U.S.C. 2000d–1.

**§ 7.1   Purpose.**

The purpose of this part is to effectuate title VI of the Civil Rights Act of 1964 (hereinafter referred to as the Act) to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving financial assistance from the Environmental Protection Agency (EPA).

**§ 7.2   Definitions.**

Unless the context requires otherwise, as used in this part the term:

(a) "Administrator" means the Administrator of the Environmental Protection Agency or, except in § 7.11(e), any other Agency official who by delegation may exercise the Administrator's authority.

(b) "Agency" means the Environmental Protection Agency and includes each and all of its organizational components.

(c) "Applicant" means one who submits an application, subagreement, request, plan, or any other document required to be approved by the Administrator, or by a primary recipient, as a condition to eligibility for Federal financial assistance, and "application" means such an application, subagreement, request, plan, or any other such document.

(d) "Facility" includes all or any part of structures, equipment, or other real or personal property or interests therein, and the term "provision of facilities" includes the construction, expansion, renovation, remodeling, alteration or acquisition of facilities.

AR_0286

**RULES AND REGULATIONS**

17969

(e) "Federal financial assistance" includes:

(1) Grants, loans, and advances of Federal funds;

(2) The grant or donation of Federal property and interests in property;

(3) The detail of Federal personnel;

(4) The sale or lease of, or the permission to use (on other than a casual or transient basis), Federal property or any interest in such property without consideration, or for less than adequate consideration for the purpose of assisting the recipient, or in recognition of the public interest to be served by such a sale or lease to the recipient; and

(5) Any Federal agreement, arrangement, or other contract which has as one of its purposes the provision of assistance.

(f) "Primary recipient" means any recipient which is authorized or required to extend Federal financial assistance to another recipient for the purpose of carrying out a program for which it receives Federal financial assistance.

(g) "Program" includes any program, project, or activity for the provision of services, financial assistance, or other benefits to individuals (including education or training, health, welfare, housing, rehabilitation, or other services, whether provided through employees of the recipient of Federal financial assistance or provided by others through contracts or other arrangements with the recipient, and including work opportunities or other assistance to individuals), or for the provisions of facilities for furnishing services, financial assistance, or other benefits to individuals. The services, financial assistance, or other benefits provided under a program receiving Federal financial assistance shall be deemed to include (i) any services, financial assistance, or other benefits provided with the aid of Federal financial assistance or with the aid of any non-federal funds, property, or other resources required to be expended or made available for the program to meet matching requirements or other conditions which must be met in order to receive the Federal financial assistance, and (ii) any services, financial assistance, or other benefits provided in or through a facility provided with the aid of Federal financial assistance or such non-federal resources.

(h) "Recipient" means any State, or any political subdivision or instrumentality thereof, any public or private agency, institution, organization, or other entity, or any individual, in any State to which or whom Federal financial assistance is extended, directly or through another recipient, for any program, or who otherwise participates in carrying out such program, including any successor, assignee, or transferee thereof, but such term does not include any ultimate beneficiary under any such program.

(i) "State" means any State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, or any territory or possession of the United States.

§ 7.3  Applicability.

(a) This part applies to any program for which Federal financial assistance is authorized under a statute administered by the Agency, including all EPA grant programs and activities (including, but not limited to, those listed in 40 CFR 30.301-4) and assistance under the Uniform Relocation Assistance and Land Acquisition Policies Act of 1970, 42 U.S.C. 4621 et seq. and the Disaster Relief Act of 1970, 42 U.S.C. 4401 et seq. It applies to any such program or activity to which money was paid, property transferred, or other Federal financial assistance extended after the effective date of this part including assistance extended pursuant to an application approved prior to the effective date. This part does not apply to: (1) Any program funded only by Federal financial assistance by way of insurance or guaranty, (2) any such program to which money was paid, property transferred, or other assistance extended only before the effective date of this part except where such assistance was subject to the title VI regulations of an agency whose responsibilities are now exercised by this Agency, (3) any assistance to any individual who is the ultimate beneficiary under any such program, or (4) any employment practice under any such program of any employer, employment agency, or labor organization, except as provided in § 7.4(c).

§ 7.4  Discrimination prohibited.

(a) General. No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity to which this part applies.

(b) Specific discriminatory actions prohibited. (1) A recipient under any program or activity to which this part applies may not, directly or indirectly, on the ground of race, color, or national origin:

(i) Deny a person any service, financial assistance, or other benefit provided under the program;

(ii) Provide to a person any service, financial assistance, or other benefit which is different, or is provided in a different manner, from that provided to others under the program;

(iii) Subject a person to segregation or separate treatment in any matter related to his receipt of any service, financial assistance, or other benefit under the program;

(iv) Restrict a person in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, financial assistance, or other benefit under the program;

(v) Treat a person differently from others in determining whether he satisfies any admission, enrollment, quota, eligibility, membership, or other requirement or condition which persons must meet in order to be provided any service, financial assistance, or other benefit provided under the program;

(vi) Deny a person an opportunity to participate in the program through the provision of services (or otherwise) or afford him an opportunity to participate in a manner different from that afforded others; or

(vii) Deny a person the opportunity to participate as a member of any planning or advisory body which is an integral part of the program.

(2) A recipient in determining the types of services, financial assistance, or other benefits or facilities which will be provided under any such program or the class of persons to whom, or the situations in which such services, financial assistance, other benefits, or facilities will be provided under any such program, or the class of persons to be afforded an opportunity to participate in any such program may not, directly or indirectly, utilize criteria or methods of administration which have or may have the effect of subjecting a person to discrimination because of race, color, or national origin, or which have or may have the effect of defeating or substantially impairing accomplishment of the objectives of the program or activity with respect to individuals of a particular race, color, or national origin.

(3) In any program receiving financial assistance in the form, or for acquisition, of real property or an interest in real property, to the extent that rights to space on, over, or under any such property are included as part of the program receiving that assistance, the nondiscrimination requirement of this part shall extend to any facility located wholly or in part in that space during the period of time stated in § 7.6(a)(2).

(4) The enumeration of specific forms of prohibited discrimination in this paragraph does not limit the generality of the prohibition in paragraph (a) of this section.

(c) Employment practices. (1) Where a primary objective of a program receiving Federal financial assistance to which this part applies is to provide employment, a recipient or other person on entity subject to this part shall not discriminate, directly or indirectly, on the ground of race, color, or national origin in its employment practices under such program. Employment practices include recruitment, recruitment advertising employment, layoff, termination, upgrading, demotion, transfer, rates of pay, or other forms of compensation or benefits, selection for training or apprenticeship, use of facilities, and treatment of employees. Each recipient shall take affirmative steps to insure that applicants are employed and employees are treated during employment without regard to race, color, or national origin. Where this part applies to construction employment, the applicable requirements shall be those specified in or pursuant to Part III of Executive Order 11246, as amended, or any Executive order which may supersede it.

(2) In regard to Federal financial assistance which does not have providing employment as a primary objective, the provisions of paragraph (c)(1) of this section apply to the employment prac-

AR_0287

17970

**RULES AND REGULATIONS**

tices of the recipient if discrimination on the ground of race, color, or national origin in such employment practices tends, on the ground of race, color, or national origin, to exclude persons from participation in, to deny them the benefits of, or to subject them to discrimination under the program receiving Federal financial assistance. In any such case, the provisions of paragraph (c)(1) of this section shall apply to the extent necessary to assure equality of opportunity to and nondiscriminatory treatment of beneficiaries.

(d) *Site selection.* A recipient may not make a selection of a site or location of a facility if the purpose of that selection, or its effect when made, is to exclude individuals from participation in, to deny them the benefits of, or to subject them to discrimination under any program or activity to which this rule applies, on the ground of race, color, or national origin.

(e) *Construction projects.* An EPA grantee of funds for the location, design, or construction of a demonstration facility or sewage treatment plant may not deny access to, or use of, the facility being constructed or the system of which it is a part of any person on the basis of race, color, or national origin.

§ 7.5   Affirmative action.

(a) Each applicant or recipient must take reasonable steps to remove or overcome the consequences of prior discrimination and to accomplish the purposes of the Act where previous practice or usage has in purpose or effect tended to exclude individuals from participation in, deny them the benefits of, or subject them to discrimination under any program or activity to which this part applies, on the ground of race, color, or national origin.

(b) Even in the absence of such prior discrimination, a recipient in administering a program may take affirmative action to overcome the effects of conditions which resulted in limiting participation by, or denying benefits to, persons of a particular race, color, or national origin.

§ 7.6   Assurances required.

(a) *General.* (1) *Form of assurance.* Every application for Federal financial assistance to a program to which this part applies and every application for Federal financial assistance to provide a facility shall, as a condition to its approval and the extension of any Federal financial assistance pursuant to the application, contain or be accompanied by an assurance that the program will be conducted or the facility operated in compliance with all requirements imposed by or pursuant to this part, and that the applicant shall take affirmative steps to insure equal opportunity and shall periodically evaluate its performance. Like assurances will be required of subgrantees, contractors and subcontractors, transferees, successors in interest, and other participants in the program. Any such assurance shall include provisions which express consent to judicial enforcement by the United States.

(2) *Duration of assurance.* In cases where the Federal financial assistance

is to provide or is in the form of either personal property or real property or any interest therein or structure thereon, the assurance shall obligate the recipient or in the case of a subsequent transfer, the transferee, for the period during which the property is used for any purpose for which the Federal financial assistance is or was extended or for another purpose involving the provision of similar services or benefits, or for as long as the recipient retains ownership or possession of the property, whichever is longer. In all other cases the assurance shall obligate the recipient for the period during which Federal financial assistance is extended to the program.

(3) *Assistance for construction.* In the case where the assistance is sought for the construction of a facility, or a part of a facility, the assurance shall in any event extend to the entire facility and to facilities operated in connection therewith. In particular, if a facility to be constructed is part of a larger system, the assurance shall extend to the larger system.

(4) *Assistance through transfer of real property.* Where Federal financial assistance is provided in the form of a transfer from the Federal Government of real property, structures, any improvements thereon, or any interest therein, the instrument effecting or recording the transfer shall contain a covenant running with the land assuring nondiscrimination for the period for which the real property is used for a purpose for which the Federal financial assistance is or was extended or for another purpose involving the provision of similar services or benefits. Where no transfer of property or an interest therein from the Federal Government is involved, but property is acquired or improved under a program of Federal financial assistance, the recipient shall agree to include such a covenant in any subsequent transfer of such property. When the property is obtained from the Federal Government, the covenant may also include a condition coupled with a right to be reserved by the Agency to revert title to the property in the event of a breach of the covenant. Such a condition and right of reverter may be included in covenants for any grants or other assistance that the Administrator in his discretion deems appropriate for such treatment. In such event if a transferee of real property proposes to mortgage or otherwise encumber the real property as security for financing construction of new, or improvement of existing, facilities on such property for the purposes for which the property was transferred, the Administrator may agree, upon request of the transferee and if necessary to accomplish such financing, and upon such conditions as he deems appropriate, to subordinate such right of reversion to the lien of such mortgage or other encumbrance.

(b) *Continuing State programs.* Every application by a State or a State agency to carry out a program involving continuing Federal financial assistance to which this part applies shall, as a con-

dition to its approval and the extension of any Federal financial assistance pursuant to the application, (1) contain or be accompanied by a statement that that program is (or, in the case of a new program, will be) conducted in compliance with all requirements imposed by or under this part, and (2) provide or be accompanied by provision for such methods of administration for the program as are found by the Administrator to give reasonable assurance that the applicant and all recipients of Federal financial assistance under such program will comply with all requirements imposed by or under this part.

(c) *Assurances from educational institutions.* In the case of any application for Federal financial assistance to an institution of higher education, the assurance required by this section shall extend to admission practices and to all other practices relating to the treatment of students.

§ 7.7   Compliance information.

(a) *Cooperation and assistance.* Each responsible Agency official shall seek the cooperation of recipients and applicants in obtaining compliance with this part and shall provide assistance and guidance to recipients and applicants to help them comply voluntarily with this part.

(b) *Compliance reports.* Each recipient or applicant shall keep such records and submit to the responsible Agency official or his designee timely, complete, and accurate compliance reports at such times, in such form, and containing such information, as the responsible Agency official or his designee may determine to be necessary or useful to enable the Agency to ascertain whether the recipient or applicant has complied or is complying with this part. Recipients and applicants shall have available for Agency officials on request racial/ethnic and national origin data showing the extent to which minorities are or will be beneficiaries of the assistance. In the case of any program under which a primary recipient extends or will extend Federal financial assistance to any other recipient such other recipient shall submit such compliance reports to the primary recipient as may be necessary or useful to enable the primary recipient to carry out its obligations as a recipient or applicant under this part.

(c) *Access to source of information.* Each recipient shall permit access by the responsible Agency official or his designee during normal business hours to such of its facilities, books, records, accounts, and other sources of information as may be relevant to a determination of whether or not the recipient is complying with this part. Where any information required of a recipient is in the exclusive possession of any other agency, institution, or person and such agency, institution, or person fails or refuses to furnish this information, the recipient shall so certify in its report and shall set forth what efforts it had made to obtain the information.

(d) *Information to beneficiaries and participants.* Each recipient shall make available to participants, beneficiaries,

AR_0288

**RULES AND REGULATIONS**

17971

and other interested persons any information pertinent to the provisions of this part and its applicability to the program receiving Federal financial assistance which is necessary or useful to apprise such persons of the protections against discrimination assured them by the Act and by this part.

**§ 7.8   Investigations.**

(a) *Periodic compliance reviews.* The Administrator shall from time to time review the practices of recipients to determine whether they are complying with this part.

(b) *Complaints.* Any person or entity who believes himself or any specific class of persons to be subjected to discrimination prohibited by this part may by himself or by a representative file with the Administrator a written complaint. This complaint should be filed as promptly as possible after the date of the alleged discrimination.

(c) *Investigations.* The Administrator will make a prompt investigation whenever a compliance review, report, complaint, or any other information indicates a possible failure to comply with this part. The investigation will include, where appropriate, a review of the pertinent practices and policies of the recipient, the circumstances under which the possible noncompliance with this part occurred, and other factors relevant to a determination of whether the recipient has failed to comply with this part.

(d) *Resolution of investigations.* (1) If an investigation indicates a failure to comply with this part, the Administrator will so inform the recipient and complainant, if any, in writing, and the matter will be resolved by informal means whenever possible. If the Administrator determines that the matter cannot be resolved by informal means, action will be taken as provided for in § 7.9.

(2) If an investigation does not warrant action pursuant to paragraph (d)(1) of this section, the Administrator will so inform the recipient and complainant, if any, in writing.

(e) *Intimidatory or retaliatory acts prohibited.* No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by the Act or by this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this part. The Administrator or his designee may agree to keep confidential the identity of any complainant except to the extent that disclosure would be required by law in proceedings for the enforcement of this part.

**§ 7.9   Procedure for obtaining compliance.**

(a) *General.* If compliance with this part cannot be assured by informal means, compliance with this part shall be effected by termination of or refusal to grant or to continue Federal assistance in accordance with the procedures of paragraph (b) of this section, or by any other means authorized by law in accord-

ance with the procedures of paragraph (c) of this section. Such other means include, but are not limited to, (1) a referral of the matter to the Department of Justice with a recommendation that appropriate judicial proceedings be brought to enforce any rights of the United States under any law or assurance or contractual undertaking, and (2) any applicable proceeding under State or local law. A decision to take action under this section shall conform with "Guidelines for the enforcement of Title VI, Civil Rights Act of 1964," 28 CFR 50.3.

(b) *Procedure for termination or refusal to grant or continue assistance.* An order terminating or refusing to grant or continue Federal assistance shall become effective only after:

(1) The Administrator has advised the applicant or recipient of its failure to comply and has determined that compliance cannot be secured by voluntary means;

(2) There h... en an express finding on the record, after opportunity for hearing, of a failure by the applicant or recipient to comply with a requirement imposed by or under this part;

(3) The action has been approved by the Administrator pursuant to § 7.11(e); and

(4) The expiration of 30 days after the Administrator has filed with the Committee of the House and the Committee of the Senate having legislative jurisdiction over the program or activity involved, a full written report of the circumstances and the grounds for such action.

The termination or refusal to grant or continue assistance shall be limited to the particular political entity, or part thereof, or other recipient as to which a finding of noncompliance with title VI has been made and shall be limited in its effect to the particular program or part thereof in which such noncompliance has been so found.

(c) *Other means authorized by law.* No action to effect compliance with title VI of the Act by any other means au-'horized by law shall be taken until:

(1) The Administrator has determined that compliance cannot be secured by voluntary means, and the recipient or other person against whom action will be sought has been notified of such determination; and

(2) The expiration of at least 10 days from the mailing of such notice to the recipient or such other person. During this period of at least 10 days, additional efforts may be made to persuade the recipient or such other person to take such corrective action as may be appropriate.

**§ 7.10   Hearings.**

(a) *Opportunity for hearing.* Whenever an opportunity for a hearing is required by § 7.9(b), reasonable notice shall be given by certified mail, return receipt requested, to the affected applicant or recipient. This notice shall fix a date not less than 3 weeks after the date of receipt of such notice within which the applicant or recipient may file with the Administrator a request in writing

that the matter be scheduled for hearing. An applicant or recipient may waive a hearing and submit written information and argument for the record. The failure of an applicant or recipient to request a hearing under this paragraph or to appear at a hearing for which a date has been set shall be deemed to be a waiver of the right to a hearing under section 602 of th Act and § 7.9(b) and consent to the ma'.ug of a decision on the basis of such information as is available.

(b) *Time and place of hearing.* Hearings shall be held at the offices of the Agency in Washington, D.C., unless the Administrator determines that the convenience of the applicant or recipient or of the Agency requires that another place be selected. Hearings shall be held at a time fixed by the Administrator before a hearing examiner appointed in accordance with section 3105 of title 5. United States Code, or detailed under section 3344 of title 5, United States Code.

(c) *Right to counsel.* In any proceeding under this section, the applicant or recipient and the Agency shall have the right to be represented by counsel.

(d) *Procedures, evidence, and record.* (1) The hearing, decision, and any administrative review thereof shall be conducted in conformity with 5 U.S.C. 554–557 (1970).

(2) Technical rules of evidence do not apply to hearings conducted pursuant to this part, but rules or principles designed to assure production of the most credible evidence available and to subject testimony to test by cross-examination shall be applied where reasonably necessary by the officer conducting the hearing. A transcript shall be made of the oral evidence except to the extent the substance thereof is stipulated for the record. All decisions shall be based upon the hearing record and written findings shall be made.

(e) *Consolidated or joint hearings.* In cases in which the same or related facts are asserted to constitute either (1) noncompliance with this part with respect to two or more types of Federal financial assistance to which this part applies, or (2) noncompliance with both this part and the regulations of one or more other Federal departments or agencies issued under title VI of the Act, the Administrator may, by agreement where necessary with such other departments or agencies, provide for the conduct of consolidated or joint hearings, and for the application to such hearings of rules or procedures not inconsistent with this part. Final decisions in such cases, insofar as this Agency is concerned, shall be made in accordance with § 7.11.

**§ 7.11   Decisions and notices.**

(a) *Procedure on decisions by hearing examiner.* The hearing examiner shall make an initial decision, including his recommended findings and proposed decision, and a copy of such initial decision shall be mailed by certified mail (return receipt requested) to the applicant or recipient. The applicant or recipient may, within 30 days after the receipt of such

AR_0289

**RULES AND REGULATIONS**

notice of initial decision, file with the Administrator his exceptions to the initial decision, and his reasons therefor. In the absence of exceptions, the Administrator may, on his own motion, within 45 days after the initial decision, serve on the applicant or recipient a notice that he will review the decision. Upon the filing of such exceptions or of notice of review, the Administrator shall review the initial decision and issue his own decision thereon including the reasons therefor. In the absence of either exceptions or a notice of review the initial decision shall, subject to paragraph (e) of this section, constitute the final decision of the Administrator.

(b) *Decisions on record on review by the Administrator.* Whenever the Administrator reviews the decision of a hearing examiner pursuant to paragraph (a) of this section, the applicant or recipient, the Agency officials responsible, and the complainant, if any, shall be given reasonable opportunity to file with him briefs or other written statements of their contentions, and a written copy of the final decision of the Administrator shall be sent to the applicant or recipient and to the complainant, if any.

(c) *Decisions on record where a hearing is waived.* Whenever a hearing is waived pursuant to § 7.10(a), a decision shall be made by the Administrator on the record and a written copy of such decision shall be sent to the applicant or recipient, and to the complainant, if any.

(d) *Rulings required.* Each decision of a hearing examiner shall set forth his ruling on each finding, conclusion, or exception presented, and shall identify the requirement or requirements imposed by or pursuant to this part with which it is found that the applicant or recipient has failed to comply.

(e) *Approval by Administrator.* Any decision by an official of the Agency, other than the Administrator personally, as to the initial decision, shall promptly be transmitted to the Administrator personally, who may approve such decision, vacate it, or remit or mitigate any sanction imposed.

(f) *Content of orders.* The final decision may provide for termination of, or refusal to grant or continue, Federal financial assistance, in whole or in part, to the program involved and may contain such terms, conditions, and other provisions as are consistent with and will effectuate the purpose of the Act and this part, including provisions designed to assure that no Federal financial assistance will thereafter be extended under such program to the applicant or recipient determined by such decision to have failed to comply with requirements imposed by or under this part unless and until it corrects its noncompliance and satisfies the Administrator that it will fully comply with this part.

(g) *Post-termination proceedings.* (1) An applicant or recipient adversely affected by an order issued under paragraph (f) of this section shall be restored to full eligibility to receive Federal financial assistance from the Agency if it satisfies the terms and conditions of that order for such eligibility and brings itself into compliance with this part and provides reasonable assurance that it will fully comply with this part in the future.

(2) Any applicant or recipient adversely affected by an order entered pursuant to paragraph (f) of this section may at any time request the Administrator to restore fully its eligibility to receive Federal financial assistance from the Agency. Any such request shall be supported by information showing that the applicant or recipient has met the requirements of paragraph (g)(1) of this section. If the Administrator determines that those requirements have been satisfied, he shall restore such eligibility.

(3) If the Administrator denies any request made under paragraph (g)(2) of this section, the applicant or recipient may submit a request in writing for a hearing, specifying why it believes him to have been in error. It shall thereupon be given an expeditious hearing, with a decision on the record in accordance with rules or procedures issued by the Administrator. The applicant or recipient will be restored to such eligibility if it proves at such a hearing that it satisfied the requirements of paragraph (g)(1) of this section. Failure to file such a request within 3 weeks after receipt of notice of such denial shall constitute consent to the Administrator's determination.

(4) While proceedings under paragraph (g) of this section are pending, the sanctions imposed by the order issued under paragraph (f) of this section shall remain in effect.

§ 7.12 Judicial review.

Action taken under the Act is subject to judicial review as provided therein.

§ 7.13 Effect on other regulations, forms, and instructions.

(a) *Effect on other regulations.* All regulations, orders, or like directions issued before the effective date of this part by any officer of the Agency, or by any predecessor of such an officer, which impose requirements designed to prohibit any discrimination against individuals on the ground of race, color, or national origin under any program to which this part applies, and which authorize the termination of or refusal to grant or to continue Federal financial assistance to any applicant for or recipient of such assistance under such program for failure to comply with such requirements, are hereby superseded to the extent that they are directed to prohibited by this part, except that nothing in this part shall relieve any person of any obligation assumed or imposed under any such superseded regulations, order, or like direction before the effective date of this part. Nothing in this part, however, supersedes any of the following (including future amendments

thereof): (1) Executive Order 11246 (3 CFR 1965 Supp., page 167) and regulations issued thereunder, or (2) any other orders, regulations, or instructions insofar as such orders, regulations, or instructions prohibit discrimination on the ground of race, color, or national origin in any program or situation to which this part is inapplicable, or prohibit discrimination on any other ground.

(b) *Forms and instructions.* The Administrator shall issue and promptly make available to all interested persons forms and detailed instructions and procedures for effectuating this part as applied to programs to which this part applies and for which he is responsible.

(c) *Supervision and coordination.* The Administrator may from time to time assign to officials of the Agency, or to officials of other departments or agencies of the government with the consent of such departments or agencies, responsibilities in connection with effectuation of the purposes of title VI of the Act and this part including the achievement of effective coordination and maximum uniformity within the Agency and within the Executive Branch of the government in the application of title VI and this part to similar programs and in similar situations. The Administrator may delegate in writing any function assigned (other than responsibility for final decision as provided in § 7.11) to him by the Act or by this part. Any action taken, determination made or requirement imposed by an official of another department or agency acting pursuant to an assignment or delegation of responsibility under this paragraph shall have the same effect as though such action had been taken by the Administrator of the Agency. All actions taken pursuant to this part with respect to EPA grants including written communications to or from a grant applicant or grantee shall be effected through the appropriate EPA Grants Officer.

[FR Doc.73-13298 Filed 7-3-73;8:45 am]

---

**Title 41—Public Contracts and Property Management**

**CHAPTER 101—FEDERAL PROPERTY MANAGEMENT REGULATIONS**

**PART 101-6 MISCELLANEOUS REGULATIONS**

**Nondiscrimination in Federally Assisted Programs**

On pages 23488 through 23491 of the FEDERAL REGISTER of December 9, 1971, there was published a notice of a proposed rule making to issue regulations designed to ensure nondiscrimination in programs for which Federal financial assistance is authorized to be provided by GSA. Interested persons were invited to submit comments, suggestions, or objections regarding the proposed regulations.

Comments were submitted to and reviewed by the Civil Rights Division, Department of Justice, which determined that no additions are required to the GSA regulations. Accordingly, the proposed regulations are hereby adopted without change and are set forth below.

AR_0290

**ENVIRONMENTAL PROTECTION AGENCY**

**Office of the Administrator**

**[AS-FRL 1694-6]**

**40 CFR Parts 7 and 12**

**Non-Discrimination on the Basis of Race, Color, National Origin, Age, Handicap and Sex in Federally Assisted Programs**

**AGENCY:** U.S. Environmental Protection Agency (EPA).

**ACTION:** Proposed rule.

**SUMMARY:** The Environmental Protection Agency (EPA) is proposing this consolidated non-discrimination regulation to apply the following provisions of Federal statutes and guidelines to all EPA assistance programs:

1. Title VI of the Civil Rights Act of 1964 (40 CFR Part 7)
2. Section 504 of the Rehabilitation Act of 1973, as amended
3. The Age Discrimination Act of 1975
4. Section 13 of the Federal Water Pollution Control Act Amendments of 1972 (40 CFR Part 12)
5. Federal Register Vol. 44, No. 114, June 12, 1979, pp. 33768 (Department of Health, Education & Welfare implementing guidelines for the Age Discrimination Act)
6. Federal Register Vol. 42, No. 86, May 4, 1977, pp. 54950 (Health, Education & Welfare implementing guidelines for Sec. 504 of the Rehabilitation Act)

These statutes along with Executive Order 12250 require the Agency to prohibit discrimination on the basis of race, color, national origin, handicap, age and sex. This Regulation provides a foundation for transforming these required prohibitions into a manageable program.

When implemented, this Regulation will streamline the administrative requirements currently imposed on recipients of agency funds by multiple non-discrimination regulations. In addition it will strengthen agency monitoring efforts by eliminating redundancy and refining compliance procedures.

**DATE:** Comments must be received on or before March 9, 1981.

**ADDRESS:** Written comments should be sent to the Mr. Eduardo Terrones, Director, Office of Civil Rights (A-105), U.S. Environmental Protection Agency, 401 M Street, SW, Washington, D.C. 20460.

**FOR FURTHER INFORMATION CONTACT:**
Mr. Arl Williams, Associate Director of External Compliance Programs Staff, Office of Civil Rights (A-105), USEPA, 401 M Street, SW, Washington, D.C. 20460, Telephone: (202) 755-0540.

**SUPPLEMENTARY INFORMATION:** This proposed regulation consolidates all provisions which prohibit discrimination (on the basis of race, color, national origin, sex, age, or handicap) in programs recieving EPA assistance. In order to ensure non-discrimination, the regulation requires an assurance of non-discrimination at the time of application for EPA assistance. A transition plan outlining the steps which the recipient will take to make its facilities and programs accessible to the handicapped, and a compliance report setting forth the recipient's compliance with the regulation. If EPA, based on a complaint from an aggrieved party, or on its own investigation, finds that an applicant or recipient has not complied with this regulation, it may terminate, annul, or refuse to grant or to continue EPA assistance after a hearing. Applicants and recipients can regain eligibility for assistance by complying with this regulation.

When drafting this proposed regulation, EPA's task group did not change the content of earlier EPA regulations, but rather the form in which this content is expressed. Specifically, the proposal:

—Combines all non-discrimination provisions into a coherent structure that is easy to understand and easy to follow.

—Eliminates the portions of guidelines which are redundant or inapplicable to EPA, and

—Expresses them in simple language that preserves their original intent.

The proposed regulation streamlines certain administrative procedural requirements. For example, under the HEW guidelines, recipients must submit both a self-evaluation and a compliance report. Under EPA's proposed regulation, recipients are not required to submit a self-evaluation. In addition, applicants for Step I construction grant assistance need not file compliance reports. Moreover, applicants for Step II and Step III construction grant assistance will not be required to submit specific demographic data if the entire population in the applicant's area will be served upon completion of the project.

In addition to updating EPA's Non-Discrimination Regulations, our concern is to make the requirements as clear and convenient to comply with as possible and to make them easier for us to administer. We particularly welcome comments and suggestions on this aspect of the proposal.

We do not intend to compromise the substance of the prohibitions against discrimination. These provisions deal with four distinct legislative basis for preventing discrimination—Title VI considerations; Section 504 considerations; Age considerations and Sex considerations—and the prohibited acts of discrimination can vary with the basis. Our proposal reflects this diversity, and we have preserved the distinctions where they are required by the Acts or the nature of the protected group. For example, the proposed rule:

—Prohibits discrimination based on sex only in programs funded under the Clean Water Act of 1972, because there is no statutory authority to prohibit it under our other programs.

—Lays down special requirements to make programs accessible to the handicapped (§ 7.45), as required by the Rehabilitation Act of 1973.

—Permits exceptions on the basis of age if certain requirements are met, as permitted by the Age Discrimination Act of 1975, and requires mediation of only discrimination complaints based on age, as required by the Age Discrimination Act of 1975.

We particularly solicit commenters' attention to these distinctions; please let us know if we have omitted a significant substantive provision or retained an unnecessary distinction.

**Phase-In**

Because the vast majority of EPA's assistance funds are distributed under the construction grants programs, we would like to clarify the application of this regulation to that program.

In order to avoid disruption of wastewater treatment construction projects under way, this regulation will not apply to projects which receive Step I grant assistance before (effective date). All Step I projects awarded after (effective date) will be subject to this regulation. Recipients who were subject to non-discrimination rules, policies and statutes effective at the time of their initial award remain subject to those rules, policies and statutes.

**Accessibility**

Under § 7.55(a), recipients must make their facilities accessible to the handicapped if it can be done without unreasonable expense or risk or if accessibility is necessary in order to receive the benefits of the program. Our review of facilities funded under the construction grants program has shown that the actual treatment works areas are inherently hazardous and cannot be made both accessible and safe. As

accessibility is not necessary in order to receive the benefits of the program, we have determined that the treatment works areas need not be accessible. Other accessibility determinations will be made by the Deputy Compliance Officer on a case-by-case basis.

**Specialized Regulation**

Under Executive Order 12044, EPA is required to judge whether a regulation is "significant" and therefore subject to the procedural requirements of the Order or whether it may follow other specialized development procedures. EPA labels these other regulations "specialized." We have reviewed this regulation and determined that it is a specialized regulation not subject to the procedural requirements of Executive Order 12044.

It is proposed to amend 40 CFR by removing Part 12 and by revising Part 7 to read as follows:

**PART 7—EPA NON-DISCRIMINATION IN ASSISTED PROGRAMS**

**Subpart A—General**

Sec.
7.10    Purpose of this part.
7.15    Applicability.
7.20    Agency responsibility.
7.25    Definitions.

**Subpart B—Discrimination Prohibited on the Basis of Race, Color, National Origin, Sex or Age**

7.30    General prohibition.
7.35    Specific prohibitions.
7.40    Exception: Permissible age distinctions.

**Subpart C—Discrimination Prohibited on the Basis of Handicap**

7.45    General prohibition.
7.50    Specific prohibitions.
7.51    Exceptions.
7.55    Accessibility for handicapped.
7.60    Transition Plan.

**Subpart D—Requirements for Applicants and Recipients**

7.65    Assurances.
7.70    Notice of non-discrimination.
7.75    Compliance reports.
7.80    Grievance procedures.
7.85    Notice of lawsuits.
7.90    Maintenance of a log of complaints.
7.95    Access to information.
7.100   Intimidation and retaliation prohibited.

**Subpart E—Agency Compliance Procedures**

7.105   Actions available to EPA to obtain compliance.
7.110   Coordination with other agencies.
7.115   Pre-award compliance.
7.120   Post-award compliance.
7.125   Complaint investigations.
7.130   Procedure for annulling, suspending or terminating EPA assistance.
7.135   Procedure for regaining eligibility.

Authority: Sec. 602 of the Civil Rights Act of 1964, 42 U.S.C. 2000d–1; Sec. 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794; The Age Discrimination Act of 1975, 42 U.S.C. 6101 et seq.; Sec. 13 of the Federal Water Pollution Control Act Amendments of 1972.

**Subpart A—General**

**§ 7.10    Purpose of this part.**

This Part implements the non-discrimination provisions of the following statutes (the Acts) in the financial assistance programs of the Environmental Protection Agency (EPA): Title VI of the Civil Rights Act of 1964; Section 504 of the Rehabilitation Act of 1973 as amended; the Age Discrimination Act of 1975 and Section 13 of the Federal Water Pollution Control Act. These provisions prohibit discrimination on the basis of race, color, national origin, age, handicap or sex in federally funded programs.

**§ 7.15    Applicability.**

(a) *General Applicability.* This Part applies to all applicants for, and recipients of, EPA assistance awarded after (effective date). It supercedes the current provisions found at 40 CFR 7 and 40 CFR 12. It does not supercede Executive Order 11246 "Equal Employment Opportunity" (September 24, 1965) nor any future amendments to that Order or EPA's implementing regulation (40 CFR 8).

(b) [Reserved]

**§ 7.20    Agency responsibilities.**

(a) *Policy.* EPA's Administrator, Compliance Officers and Project Officers seek the cooperation of applicants and recipients in securing compliance with this Part, and are available to provide assistance.

(b) The EPA Compliance Officer (CO) is responsible for developing and administering EPA's Compliance programs under the Acts.

(c) The Assistant Compliance Officer (ACO) will assist the Compliance Officer and may exercise the authority of the Compliance Officer.

(d) Deputy Compliance Officers (DCO's) are responsible for field administration of compliance programs according to directives and guidelines promulgated by the Compliance Officer.

(e) EPA's Project Officers will provide notice to each recipient of its obligations under this Part and will provide recipients with technical assistance or guidance upon request.

**§ 7.25    Definitions.**

As used in this Part, the term: "Administrator" means the Administrator of EPA. It includes any other agency official authorized to act on his or her behalf, unless explicitly stated otherwise.

"Age Distinction" means terms that necessarily imply a particular age or range of ages (for example, terms like "children," "adult," "older persons," but not terms like "student").

"Applicant" means anyone who submits an application to EPA.

"Application" means any formal or informal request for EPA assistance.

"Assistance Approving Official" means the official authorized to execute an assistance agreement on behalf of EPA.

"Compliance Officer" (CO) is the Director of the Office of Civil Rights, EPA Headquarters. The Assistant Compliance Officer (ACO) is the Director, External Compliance Programs Staff, Office of Civil Rights. The Deputy Compliance Officer (DCO) is the Regional Director of the Office of Civil Rights.

"EPA" means the Environmental Protection Agency.

"EPA Assistance" means EPA's entire contribution to a project under a grant, loan, cooperative agreement, technical assistance award, or assistance under the Intergovernmental Personnel Act. It does not include procurement contracts, or contracts of insurance or guaranty. It can take the form of:

(a) funds, or

(b) services of personnel, or

(c) interest in, or use of, real or personal property, including:

(1) transfers or leases of property for less than fair market value, and

(2) proceeds from later transferring or leasing property, if EPA's share of its fair market value is not returned.

"Facility" means all or any part of structures, equipment, or other real or personal property or interests therein.

"Handicapped Person" means any person who:

(a) has a physical or mental impairment that substantially limits one or more major life activities,

(b) has a history of, or has been classified as having, a mental or physical impairment that substantially limits major life activities,

(c) has a physical or mental impairment that substantially limits major life activities only because of other's attitudes or prejudices, or

"Major Life Activities" include caring for one's self, performing manual tasks, walking, seeing, hearing, standing, speaking, breathing, learning, and working.

"Office of Civil Rights" (OCR) is the EPA Office of Civil Rights at headquarters, Washington, D.C., with counterparts in each EPA regional office.

"Physical or Mental Impairments (Handicaps)" include: (a) Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; endocrine; (b) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional illness, or specific learning disabilities; (c) The following diseases and conditions: orthopedic impairments; cerebral palsy; epilepsy; muscular dystrophy; multiple sclerosis; cancer; heart disease; diabetes; ataxia; Parkinson's disease; paraplegia; quadriplegia; arthritis; lung disease; kidney disease; drug addiction and alcoholism.

"Program" means an EPA assistance activity.

"Project" means the scope of work for which EPA assistance is awarded.

"Project Officer" means the EPA official designated in the Assistance Agreement as the Agency's principal contact with the recipient and responsible for the performance and/or coordination of project monitoring.

"Racial Distinctions:"

(a) American Indian or Alaskan Native. A person having origins in the original peoples of North America, and who maintains cultural identification through tribal affiliation or community recognition.

(b) Asian or Pacific Islander. A person having origins in any of the original peoples of the Far East, Southeast Asia, the Indian subcontinent, or the Pacific Islands. These areas include China, India, Japan, Korea, the Philippine Islands, and Samoa.

(c) Black. A person having origins in any of the black racial groups of Africa.

(d) Hispanic. A person whose culture or national origin is Mexican, Puerto Rican, Cuban, Central or South American or other Spanish heritage regardless of race.

(e) White. A person having origins in any of the original people of Europe, North Africa, or the Middle East.

"Recipient" means the primary entity receiving assistance from EPA. It does not include incidental, unintended, or ultimate beneficiaries of the assistance.

"Ultimate Beneficiaries" means those people the program is designed to benefit.

## Subpart B—Discrimination Prohibited on the Basis of Race, Color, National Origin, Sex or Age

### § 7.30  General prohibition.

No person shall be excluded from participation in, be denied the benefits of, or be subjected to discrimination in, any program or activity that receives or benefits from EPA assistance, on the basis of race, color, national origin, or age, or in programs funded under the Federal Water Pollution Control Act, on the basis of sex.

### § 7.35  Specific prohibitions.

A recipient may not directly or indirectly, on the basis of race, color, national origin, age, or if applicable, sex, take any of the following actions:

(a) Denying a person any service, financial aid or other benefit of the program.

(b) Providing to a person any service, financial aid or benefit which is inferior from that provided in a different manner from that provided to others under the program.

(c) Restricting a person in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, aid or benefit provided by the program.

(d) Subjecting a person to segregation in any manner or separate treatment in any way related to receiving services or benefits under the program.

(e) Establishing criteria for participation in the program or receiving benefits therefrom which have the effect of excluding groups of qualified persons from enjoying the benefits under the program.

(f) Denying a person the opportunity to participate as a member of a planning or advisory board.

(g) Permitting discriminatory activity in a facility built in whole or in part with EPA assistance.

(h) Choosing a site for a facility that has the purpose or effect of discriminating by limiting access to the services or benefits provided by the facility.

(i) Discriminating in employment in any program whose goals include employment.

### § 7.40  Exception: Permissible age distinctions.

(a) A recipient may take an action which is based on age if age bears a reasonable relationship to its normal program operations or activities, or if factors other than age cannot easily be measured without reference to age, or

(b) A recipient may consider other relevant factors regardless of any disproportionate impact on persons of different ages if those factors bear a reasonable relationship to the normal operation of the program or activity, or to the achievement of a statutory objective, or

(c) A recipient may make age distinctions prescribed in a Federal, State or local statute or ordinance adopted by an elected legislative body, if the statute or ordinance:

(1) provides benefits or assistance based on age; or

(2) establishes criteria for participation in age-related terms; or

(3) describes intended beneficiaries or target groups in age-related terms.

## Subpart C—Discrimination Prohibited on the Basis of Handicap

### § 7.45  General prohibition.

No qualified handicapped person shall be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination in any program or activity that receives or benefits from EPA assistance, on the basis of handicap.

### § 7.50  Specific prohibitions.

A recipient, in providing any aid, benefit or service may not, directly or through contractual, licensing, or other arrangement:

(a) Deny a qualified handicapped person any service financial aid or other benefit of an EPA assisted program;

(b) Provide to a qualified handicapped person any service, financial aid or other benefit which is inferior or is provided in an inferior manner from that provided to others under the program;

(c) Provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons than is provided to others unless the action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others;

(d) Aid or perpetuate discrimination against a qualified handicapped person by providing significant assistance to an agency, organization, or person that discriminates on the basis of handicap in providing any aid, benefit, or services to beneficiaries of the recipient's program;

(e) Deny a qualified handicapped person the opportunity to participate as a member of planning or advisory boards which are a part of the program, through membership criteria, location of permanent meeting sites or other administrative action;

(f) Choose a site for a facility that has the purpose or effect of excluding handicapped persons, denying them

benefits of the program or otherwise subjecting them to discrimination;

(g) Fail to make a reasonable accommodation for handicapped employees and applicants for employment, taking into account the safe and efficient operation of the program; or

(h) Otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit or service from the program.

### § 7.51  Exceptions.

(a) Handicapped persons must always have the same opportunity as non-handicapped persons to participate in EPA-assisted programs. Nevertheless, recipients may provide separate or different programs for the handicapped when reasonable accommodation of the standard program will not permit handicapped people to get the same results obtained by the non-handicapped.

(b) When separate or different programs are used, the program aids, benefits and services must be as effective as those associated with the standard program. These aids, benefits and services need not produce results or levels of achievement for handicapped persons that are identical to those obtained by non-handicapped persons; rather they must give handicapped persons equal opportunity to obtain the same results, to gain the same benefits, or to reach the same levels of achievement in the most integrated setting appropriate to their needs.

### § 7.55  Accessibility for the handicapped.

(a) *General Accessibility Requirements.* A recipient must operate each program or project so that as a whole it is readily accessible to and usable by handicapped persons. Facilities must be made accessible only if:

(1) Removing barriers to accessibility can be accomplished without incurring unreasonable costs or unreasonably impairing the safe and efficient operation of the facility, or

(2) Accessibility is necessary to receive the benefit of the program. However, a recipient does not have to make each of its facilities or every part of a facility accessible to and usable by all handicapped persons. A recipient need not alter existing facilities where other methods will satisfy the accessibility requirements of this section.

(b) *Methods of Making a Facility Accessible Without Alterations.* A recipient may comply with the accessibility requirements of this section by redesigning equipment, by reassigning services to accessible building, by assigning aids to beneficiaries, or by any other means that result in its program or activity being accessible to the handicapped. However, in choosing among available alternatives for accessibility, a recipient must give priority to methods that offer program benefits to handicapped persons in the most integrated setting possible.

(c) *Methods of Making Facilities Accessible With Alterations.* Design, construction or alteration of facilities that conform to the "American National Standard Specifications for Making Buildings and Facilities Accessible to, and Usable by, the Physically Handicapped," (ANSI) published by the American National Standards Institute, Inc. (ANSI A117.1–1961) (R1971), incorporated by reference in this Part, constitutes compliance with this section. EPA will permit departures from these standards if the recipient demonstrates that the departures provide equivalent access to the facility.

(d) *Deadlines for Making Existing Facilities Accessible.*

(1) Facilities not requiring alterations for accessibility must adhere to the provisions of this section by (60 days of effective date).

(2) Recipients having an existing facility which does require alterations to be made accessible, must submit a transition plan by (six months from effective date). The recipient must make the changes as soon as possible, but not later than (three years from effective date).

### § 7.60  Transition plan.

If structural changes are necessary to make the program accessible to the handicapped, an applicant or recipient must submit a transition plan.

(a) *Requirements.* The transition plan must set forth the steps needed to complete the structural changes required. It must, at a minimum:

(1) Identify the physical obstacles in its facilities that limit handicapped person's access to its program or activity;

(2) Describe in detail what will be done to make the facilities accessible;

(3) Specify the schedule for the steps needed to make the program fully accessible, and include a year-by-year timetable if it will take more than a year,

(4) Indicate the person responsible for carrying out the plan.

(b) *Availability to the Public.* Applicants and recipients must make a copy of the transition plan available for public inspection at the site of the project or at the main office of the applicant or recipient.

(c) *Notice of Accessibility.* The recipient must make sure that interested persons, including those with impaired vision or hearing, can find out about the existence and location of the assisted program services, activities, and facilities that are accessible to and usable by handicapped persons.

## Subpart D—Requirements for Applicants and Recipients

### § 7.65  Assurances.

Applicants for EPA assistance must submit an assurance with their applications, providing that the assisted activity will not involve any discrimination that is prohibited by this Part. The Compliance Officer (CO) must approve the assurance before financial assistance is granted. The applicant's acceptance of EPA assistance is an acceptance of the obligation of this assurance and this Part.

(a) *Duration of assurance.* (1) Real property. When EPA awards assistance in the form of real property, the transfer instrument may contain a covenant running with the land which assures non-discrimination. EPA may also retain a right of reverter which will cause the property to revert to EPA if the covenant is ever broken.

(2) Personal property. When EPA provides assistance to obtain personal property, the assurance will obligate the recipient for as long as it continues to own or possess the property.

(3) In all other cases, the assurance will obligate the recipient for as long as EPA assistance is extended.

### § 7.70  Notice of non-discrimination.

(a) *Requirements.* A recipient must provide public notice that it does not discriminate on the basis of race, color, national origin, sex, age, or handicap to the following groups: participants, applicants, employees—including those with impaired vision or hearing—and unions or professional organizations holding collective bargaining or professional agreements with the recipient. The notice must also identify the responsible employee designated under the grievance procedure, as required in S. 7.80. Methods of initial and continuing notification may include posting notices, publishing in newspapers and magazines, placing notices in recipients' internal publications, and distributing memoranda or other written communications in English and any other language as necessary. The notice must be included in all major

**2310**   Federal Register / Vol. 46, No. 5 / Thursday, January 8, 1981 / Proposed Rules

correspondence prepared by the recipient (i.e., printed letterhead).

(b) *Deadline.* Current recipients must provide initial notice of non-discrimination by (90 days of effective date). Recipients of assistance awarded after (effective date) must provide initial notice by 30 days after award. The recipient must continue to provide notice for as long as it receives EPA assistance.

### § 7.75  Compliance reports.

(a) *Submission Requirement.* Each recipient must submit a Compliance Report to the Project Officer before work is initiated on the project. Recipients of Step I assistance under Title II of the Clean Water Act need not submit new compliance reports, but must submit any reports that are submitted in connection with earlier receipt of other federal funds.

(b) *Processing the Compliance Report.* Upon receipt of the Compliance Report, the Project Officer will forward it to the Deputy Compliance Officer (DCO) for approval. If the DCO does not approve the compliance report, he or she will direct the recipient to take steps to gain approval. If these steps are not taken in a timely fashion, the DCO may initiate a compliance review or investigation pursuant to §§ 7.115 and 7.120 of this Part.

(c) *Recipient Requirements.* In preparing the Compliance Report, the recipient must:

(1) Consult with interested and involved persons in describing compliance with age and handicap provisions;

(2) Identify and justify each age distinction it imposes if the recipient has at least 15 full-time employees. (The Administrator or Regional Administrator, as appropriate, may order recipients with fewer than 15 full-time employees to do this as well);

(3) Consider the effects of its current policies and practices that do or may involve handicap discrimination;

(4) Provide, on request of the DCO, statistics on racial/ethnic, national origin, age, sex, and handicapped data, showing the extent to which these groups are or will be beneficiaries of the recipient's program. (In no event shall recipients of wastewater treatment construction grants be required to conduct demographic surveys or to expend grant assistance for the collection of such data.)

(5) Notify Sub-Recipient of their Obligation Under This Part.

(d) *Racial Distinctions.* Compliance reports must include the racial distinctions set forth in the § 7.25 when determining categories of race, color and national origin.

(3) *Records Required.* A recipient must maintain adequate records of its efforts to comply with this Part. It must keep records for three years after the project has been completed except when any complaint or other action for possible violation of this Part is brought before the three-year period ends. In that case, the recipient must keep the records until the complaint is resolved.

(f) *Corrective Action.* Recipients must take corrective and remedial action whenever the DCO determines that the compliance report is inaccurate, incomplete, or reflects discrimination in violation of this Part.

(g) *Requirements for Sub-Recipients.* Sub-recipients must submit these reports to the primary recipient.

(h) *Availability to the Public.* The recipient must make its Compliance Report available to the public on request for three years following project completion.

(i) *Inaccessibility of Information.* If any information required of a recipient is in the exclusive possession of another agency, institution, or person which refuses to release the information, the recipient must state this in its report. The recipient must also explain the efforts it has made to obtain the information.

### § 7.80  Grievance procedures.

(a) *Requirements.* Each recipient must: (1) designate at least one person to coordinate its efforts to comply with this Part, and (2) adopt grievance procedures incorporating appropriate due process for the prompt and fair resolution of complaints which allege violation of this Part.

(b) *Exception:*

Recipients with fewer than 15 full-time employees need not comply with this section unless the Administrator finds a violation of this Part or determines that creating a grievance procedure will not significantly impair the recipient's ability to provide benefits or services.

### § 7.85  Notice of lawsuits.

Within two weeks of service of process recipients must notify the CO of any lawsuits filed against it alleging discrimination on the basis of race, color, sex, national origin, age and handicap.

### § 7.90  Maintenance of a log of complaints.

Each recipient must maintain a log of complaints which identifies each complaint by the nature of the complaint, the date this complaint was filed, the date the recipient's

investigation was completed, and the disposition and date of disposition.

### § 7.95  Access to information.

Each recipient shall permit the CO or his designated representative access during normal business hours to its books, records, accounts, and other sources of information, including its facilities, as may be pertinent to ascertain compliance with this Part. Where any information required from a recipient is in the exclusive possession of any other agency, institution, or person and that agency, institution or person refuses to furnish this information, the recipient must set forth in writing the efforts it has made to obtain the information and provide it to the CO or his designee.

### § 7.100  Intimidation and retaliation prohibited.

No applicant or recipient or other person may intimidate, threaten, coerce, or discriminate against any individual either:

(a) For the purpose of interfering with any right or privilege guaranteed by the Acts or this Part, or

(b) Because the individual has filed a complaint or has testified, assisted or participated in any way in an investigation, proceeding or hearing under this Part.

## Subpart E—Agency Compliance Procedures

### § 7.105  Actions available to EPA to obtain compliance.

(a) *Specific Actions.* Under the procedures set forth in this Subpart, if EPA determines that any applicant or recipient is not in compliance with this Part, it may:

(1) Terminate, suspend, annul, or refuse to grant or continue EPA assistance, or

(2) Refer the matter to the U.S. Department of Justice to enforce the rights of the United States, or

(3) Order the recipient to take remedial action to overcome the effects of the discrimination. If a recipient exercises control over a sub-recipient who has discriminated, EPA may require both to take remedial action.

(b) *Other Means.* EPA may also use any other means authorized by law to obtain compliance, either in place of or in addition to the actions listed above.

### § 7.110  Coordination with other agencies.

If the EPA Office of Civil Rights (OCR) conducts a compliance review or investigates an alleged violation of this Part, it will notify any other agency with jurisdiction over the subject matter under investigation and inform it of the

findings in order that subsequent investigations can be coordinated. When EPA and another agency or agencies give assistance to the same recipients, EPA and the other agencies will:

(a) Coordinate their efforts to achieve recipients' compliance with the Acts, and

(b) Insure that one of the agencies is designated as the primary one for this purpose.

### § 7.115  Pre-award compliance procedure.

(a) *Review of Assurances and Reports.* Before Federal assistance is approved, the DCO will review the assurances report from each applicant and any other compliance data that EPA has on file from that applicant, and issue a written determination of their compliance with this Part. The DCO may request additional information from the applicant, local government officials, and protected class organization; and may conduct on-site reviews.

(b) *Non-Compliance.* If the review indicates non-compliance, an applicant may agree in writing to take enumerated steps to come into compliance with this Part. The DCO must approve the written agreement before any award is made.

(c) *Refusal To Comply.* If the applicant refuses to enter into such an agreement, the DCO shall notify the CO who in turn shall notify the Assistant Attorney General for Civil Rights, U.S. Department of Justice, of the following:

(1) The preliminary findings of non-compliance,

(2) The actions necessary to come into compliance, and

(3) The fact that the applicant or recipient has ten (10) days to come into compliance, and that it may provide during this period a documentary submission responding to, rebutting, or denying the allegations raised in the notice.

(d) *Enforcement.* If within this ten (10)-day period, the applicant has not complied with the actions set forth to come into compliance, the CO must make a formal determination of non-compliance, notify the applicant, the Assistant Attorney General for Civil rights, (if a Title VI matter), and institute enforcement proceedings under § 7.130.

### § 7.120  Post-award compliance.

(a) *Periodic Review.* The OCR will periodically conduct compliance reviews of selected recipients, based on:

(1) The number and nature of complaints filed against a recipient with EPA or other Federal agencies; and

(2) The scope of problems identified in a compliance investigation; and

(b) *Notice of Review.* The DCO will notify each recipient selected for a compliance review, and of the time for which the review is scheduled. The recipient may at any time before receiving EPA's review findings, make a documentary submission responding to, rebutting, or denying allegations raised in the course of the compliance review.

(c) *Post Review Notice.* Within 180 days from the initiation of the compliance review, the DCO will notify the recipient in writing by certified mail, return-receipt requested of:

(1) Preliminary findings;

(2) Recommendations for achieving voluntary compliance; and

(3) Recipient's right to engage in voluntary compliance negotiations where appropriate.

(d) *Title VI.* The CO must at the same time notify the Assistant Attorney General for Civil Rights of these recommendations if they relate to Title VI.

(e) *Formal Determination of Non-Compliance.* If within 50 days after receiving the post/award notice the recipient has not agreed to the EPA recommendations, the preliminary findings have not been proven to be false, and voluntary compliance has not been secured, the DCO shall prepare a formal written determination of non-compliance. It shall be issued no later than 14 days after the conclusion of the 50-day negotiation period. After review and approval of the determination, the CO will send a copy to both the recipient and the Assistant Attorney General for Civil Rights.

(f) *Voluntary Compliance Time Limits.* After the recipient and the Assistant Attorney General for Civil Rights are notified of the determination, the recipient will have ten (10) days to come into voluntary compliance. This ten-day period will begin at the time the recipient receives written notice of the determination. If voluntary compliance is not achieved within the 10 days, the CO shall institute proceedings under § 7.130.

(g) *Form of Voluntary Compliance Agreements.* All agreements to come into voluntary compliance shall be in writing, shall set forth the specific steps the recipient has agreed to take, and shall be signed by the DCO or his/her designee and an official of the recipient with authority to legally bind the recipient.

### § 7.125  Complaint investigations.

OCR must promptly investigate all complaints filed under this section unless both parties agree to a delay, pending settlement negotiations. OCR must also investigate when a

compliance report or review indicates a violation of this Part.

(a) *Who May File a Complaint.* A person who believes that he or she or a specific class of persons has been discriminated against in violation of this Part, and who has been unable to resolve the complaint informally, may file a complaint. The complaint may be filed by a representative, with the prior consent of the complainant.

(b) *Where, When and How to file Complaint.* The complainant may file a complaint at any EPA office. It will, if appropriate, be referred to the regional office where the cause of complaint occurred.

(1) The complaint should be in writing and it must describe the alleged discriminatory acts which violate this part.

(2) The complaint must be filed within 180 days of the time the alleged discrimination occurred, unless the DCO waives the time limit for good cause.

(c) *Response to Complaint.* The DCO will promptly acknowledge receipt of the complaint and notify the complainant, the recipient, and the Assistance Approving Official involved that the complaint has been accepted or rejected. If accepted, the DCO will include an explanation of the recipient's rights and obligations under EPA's complaint procedure. If the complaint is rejected because EPA lacks jurisdiction, the CO will refer the complaint to the Federal agency having jurisdiction and advise the complainant, the recipient and the Assistance Approving Official accordingly.

(d) *Prompt Resolution.* The parties to the complaint must participate actively to ensure prompt resolution of the complaint. EPA may impose penalties on parties who do not cooperate in a good faith and timely manner. The penalties may include dismissal of the complaint for failure to prosecute or an automatic finding for the complainant.

(e) *Confidentiality.* The DCO and Regional Administrator will agree to keep the complainant's identity confidential except to the extent that disclosure would be required by law in proceedings for enforcement of this Part. If that occurs the agency will request the complainant to release EPA from its agreement.

(f) *Mediation.* (1) The CO will refer all accepted complaints alleging age discrimination to the Federal Mediation and Conciliation Service (FMCS).

(2) Both the complainant and the recipient must participate in the mediation process to the extent necessary to reach an agreement or make an informed judgment that an agreement is not possible. The recipient

and the complainant must meet with the mediator at least once before EPA's CO will accept a judgment that an agreement is not possible. However, the recipient and the complainant need not meet with the mediator at the same time.

(3) If the complainant and the recipient reach an agreement, the mediator shall prepare a written statement of the agreement and have the complainant and recipient sign it. The mediator will send a copy of the agreement to EPA's CO, who will take no further action on the complaint unless the complainant or the recipient fails to comply with the agreement.

(4) The mediator must protect the confidentiality of all information obtained in the course of the mediation process. No mediator shall testify in any adjudicative proceeding, produce any document, or otherwise disclose any information obtained in the course of the mediation process without prior approval of the Director, FMCS.

(5) EPA will use the mediation process for a maximum of 60 days after receiving a complaint. Mediation ends if:

(i) 60 days elapse from the time EPA received the complaint; or

(ii) Before the end of that 60-day period, the mediator determines that an agreement cannot be reached.

(6) The mediator shall return unresolved complaints to OCR.

### § 7.130 Procedure for annulling, suspending or terminating EPA assistance.

(a) *Recommendation of Termination.* If OCR determines that a recipient has violated this Part, the DCO, (with approval of the CO), will recommend to the Assistance Approving Official that assistance be annulled, suspended or terminated. The DCO must send a copy of this recommendation to the recipient by certified mail, return-receipt requested, and the CO will send a copy to the Assistant Attorney General, Office of Civil Rights, U.S. Department of Justice.

(b) *Recommendation of Dismissal.* If OCR's investigation of a complaint reveals no violation of this Part, the DCO (with approval of the CO) will recommend to the Assistance Approving Official that the complaint be dismissed. The DCO will send a copy of this recommendation to the complainant and/or recipient by certified mail, return receipt requested.

(c) *Final Decision.* The Assistance Approving Official must issue a final decision under EPA regulations [40 CFR 30, Subpart J] within 30 days of the date of OCR's recommendation. If the final decision suspends or terminates assistance, it must provide that it will

not become effective until 30 days from the recipient's receipt of the letter. The Assistance Approving Official must send the final decision to the recipient by certified mail, return-receipt requested, with a copy to the complainant. The final decision must contain the following paragraph:

This is a final decision by (name) the Assistance Approving Official. Under applicable EPA regulations (see particularly Subpart J of 40 CFR Part 30), this decision will be final and conclusive unless you file a brief written notice of appeal within 30 days from the date of receipt of this decision. Send the appeal to the *EPA Board of Assistance Appeals* (A–134), Environmental Protection Agency, 401 M St., SW., Washington, D.C. 20460 by certified mail, return-receipt requested. Your notice of appeal need only indicate that an appeal is intended, include a copy of this decision, and add a brief explanation of why you believe the decision is wrong. The Board will notify you of further applicable requirements and procedures.

(d) *Appeal Rights.* When a recipient receives the Assistance Approving Official's final decision to annul, suspend or terminate assistance, it may:

(1) Proceed to regain eligibility by complying with § 7.135;

(2) File notice of appeal with the EPA Board of Assistance Appeals (Board) within 30 days, as provided in the final decision letter; or

(3) May have a conference hearing or an evidentiary hearing.

(e) *Consequence.* (1) *Board's Decision.* If the Board finds that the recipient has violated this Part, it will issue a decision making an explicit finding of non-compliance.

(2) *Report to Congressional Committees.* EPA will submit a full written report of the circumstances and the grounds for annulment, suspension or termination to the Committees of the House and Senate having legislative jurisdiction over the program or activity involved. The Administrator personally will sign that report.

(3) *Effective Date.* EPA will annul, suspend or terminate assistance after 30 calendar days from the time the Board's decision is issued. The annulment, termination or suspension must be limited to the particular recipient who was found to have discriminated, and must be limited in its effect to the particular program or the part of it in which the discrimination was found.

(f) *Consolidated or Joint Hearings.* The Board may, by agreement with other departments or agencies, provide for consolidated or joint hearings, when the same or related facts are asserted to constitute either:

(1) non-compliance with the Part involving two or more types of EPA assistance, or

(2) non-compliance with both this Part and the regulations of one or more Federal departments or agencies issued under the Acts.

### § 7.135 Procedure for regaining eligibility.

(a) *Requirements.* A recipient whose assistance has been annulled or suspended under this Part regains eligibility as soon as it:

(1) Provides reasonable assurance that it is complying and will comply with this Part in the future, *and*

(2) Satisfies the terms and conditions for regaining eligibility that are specified in the annulment, termination or suspension order.

(b) *Procedure.* The recipient must submit a written request to restore eligibility to the Project Officer, declaring that the requirements set forth in § 7.135(a) have been met. If these requirements have been met, the Assistance Approving Official must restore the recipient's eligibility, and must notify the recipient of the restoration of award.

(c) *Rights on Denial of Restoration of Eligibility.* If the Assistance Approving Official denies a request to restore eligibility, the recipient may file a written request for a hearing, listing the reasons it believes the Assistance Approving Official was in error. EPA will conduct a hearing, according to the procedures set forth in § 7.130(d)(2). The Board will issue a written decision, setting forth the reasons for restoring or failing to restore eligibility.

### PART 12—[REMOVED]

Dated: December 22, 1980.

Douglas Costle,
*Administrator, Environmental Protection Agency.*

[FR Doc. 81–808 Filed 1–7–81; 8:45 am]
BILLING CODE 6560–36–M

**ENVIRONMENTAL PROTECTION AGENCY**

**40 CFR Parts 7 and 12**

**[FRL 2420–4]**

**Nondiscrimination in Programs Receiving Federal Assistance From the Environmental Protection Agency**

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Final rule.

**SUMMARY:** This rule implements statutes which prohibit discrimination on the grounds of race, color, national origin, sex and handicap. Instead of a separate rule to implement each statute, this consolidated rule includes all requirements of the statutes and clarifies the requirements imposed on EPA assistance (see Appendix for partial listing).

When implemented, this regulation will streamline the administrative requirements currently imposed on recipients of agency funds by multiple nondiscrimination regulations. In addition, it will strengthen agency monitoring efforts by eliminating redundancy and refining compliance procedures.

**EFFECTIVE DATE:** February 13, 1984.

**FOR FURTHER INFORMATION CONTACT:** Nathaniel Scurry, Director, Office of Civil Rights (A–105), U.S. Environmental Protection Agency, 401 M Street, SW., Washington, D.C. 20460, (202) 382–4575 (voice) or TDD (202) 382–4565. Copies of the rule will also be available in Braille at EPA Headquarters and each EPA Regional Office.

**SUPPLEMENTARY INFORMATION:** This rule revises the EPA regulation implementing Title VI of the Civil Rights Act of 1964, as amended, published in the Federal Register on July 5, 1973 (40 CFR Part 7), and incorporates the regulation implementing Section 13 of the Federal Water Pollution Control Act Amendment of 1972 (Pub. L. 92–500), published by EPA on September 13, 1974 (40 CFR Part 12), which prohibits sex discrimination in all EPA assisted programs under the Federal Water Pollution Control Act. This rule consolidates EPA's handicap and sex nondiscrimination requirements into 40 CFR Part 7; 40 CFR Part 12 is being removed.

Title IX of the Education Amendments of 1972 (relating to nondiscrimination on the basis of sex in educational programs) is not addressed in this regulation. Under 40 CFR Part 30, however, recipients of EPA assistance must comply with Title IX, if applicable.

This rule was proposed in the Federal Register on January 8, 1981 (46 FR 2306) and the comment period ended on March 9, 1981. Extensive comments from the EPA Program Offices and the Department of Justice (DOJ) have been incorporated in this final rule. Further, the requirements covering Section 504 of the Rehabilitation Act of 1973 as amended, comport with the coordination guidelines established by the Department of Health, Education, and Welfare and transferred to the Department of Justice by Executive Order 12250 as they are interpreted by the Department of Justice. The proposed rule contained provisions on Age discrimination that are not included in this final rule because they have not been approved by HHS. This rule will be amended to include those provisions when HHS approval is obtained. This final rule deviates to some extent from the proposed rule to accommodate the above. Changes to Subpart C, Discrimination Prohibited on the Basis of Handicap, were made in reliance on guidance and advice given by the Department of Justice pursuant to its responsibilities under Executive Order 12250 in order to reflect what judicial precedent requires. Rationale relative to reformating, as well as the substantive comments received, follow:

Subpart A of this regulation sets forth the purpose of the regulation and general definitions. We have moved former paragraph (a) of § 7.20, Agency responsibilities, to Subpart E, Agency Compliance Procedures, as § 7.105, General policy. Since this paragraph summarized EPA's compliance policy, this was a logical move. Throughout the rule we changed "Assistance Approving Official" to "Award Official" to more accurately describe the function. One commenter considered the definition of "Facility" to be too broad. We have changed the definition to make it less broad, and have described limitations to it under our comments relating to Subpart D, Requirements for Applicants and Recipients.

One commenter recommended that the definition of Hispanic be expanded to include persons of Portuguese origin. We cannot accept this recommendation. The basic racial and ethnic categories for all federal data collection and reporting purposes are established by Directive 15 of the Office of Federal Statistical Policy and Standards, whose function is now in the Office of Information and Regulatory Affairs, Office of Management and Budget, 43 FR 19260. The Department of Justice's Title VI coordination regulation (28 CFR 42.401 to 42.415) also requires that these categories be used.

Subpart B describes the prohibitions against all forms of discrimination covered by this regulation except discrimination against handicapped persons. We made editorial changes for reasons of clarity.

Within Subpart C, Discrimination Prohibited on the Basis of Handicap, we have responded to several comments which described certain provisions of the proposed Subpart as confusing, particularly those dealing with accessibility.

Paragraph (a)(2) of § 7.65 codifies recent case law that defines the scope of a recipient's obligation to ensure program accessibility. This paragraph provides that in meeting the program accessibility requirement a recipient is not required to take any action that would result in a fundamental alteration in the nature of its program or activity or in undue financial and administrative burdens. This provision is based on the Supreme Court's holding in *Southeastern Community College v. Davis*, 442 U.S. 397 (1979), that section 504 does not require program modifications that result in a fundamental alteration in the nature of a program, and on circuit court applications of the Court's statement in *Davis* that section 504 does not require modification that would result in "undue financial and administrative burdens." 442 U.S. at 412; *see, e.g., Dopico v. Goldschmidt*, 687 F.2d 644 (2d Cir. 1982); *American Public Transit Association v. Lewis* (APTA), 655 F.2d 1272 (D.C. Cir. 1981). In *APTA* the United States Court of Appeals for the District of Columbia applied the *Davis* language and invalidated the section 504 regulations of the Department of Transportation. The court in *APTA* noted "that at some point a transit system's refusal to take modest affirmative steps to accommodate handicapped persons might well violate section 504. But DOT's rules do not mandate only modest expenditures. The regulations require extensive modifications of existing systems and impose extremely heavy financial burdens on local transit authorities." 655 F.2d at 1278.

The inclusion of paragraph (a)(2) is an effort to conform the agency's implementation of section 504 to the Supreme Court interpretation of the statute in *Davis* as well as to the decisions of lower courts following the *Davis* opinion. This paragraph acknowledges, in light of recent case law, that in some situations, certain accommodations for a handicapped person may so alter recipients' programs or activities, or entail such extensive costs and administrative burdens, that

the refusal to undertake their accommodations is not discriminatory. The failure to include such a provision reflecting judicial interpretation of section 504 could lead to judicial invalidation of the regulation or reversal of particular enforcement actions taken under the regulation.

This paragraph, however, does not establish an absolute defense; it does not relieve a recipient of all obligations to handicapped persons. Although a recipient is not required to take actions that would result in a fundamental alteration in the nature of a program or activity or in undue financial and administrative burdens, it nevertheless must take any other steps necessary to ensure that handicapped persons receive the benefits and services of the federally assisted program or activity.

New paragraph (e) of section 7.65 states that alterations to existing facilities need not be undertaken when they are structurally or financially not feasible.

Paragraph (b) of § 7.70, New construction, stipulates the effective date of applicable accessibility requirements on design of new construction.

New paragraph (d) of § 7.70, New construction, excludes certain types of areas of EPA projects from the accessibility requirement. We anticipate use of this exemption only in those instances where a facility or portion of a facility is not visited by the public or beneficiaries and where, because of the nature of the facility and the requirements of the jobs there, it is not likely that persons with particular handicaps could meet the physical requirements for those jobs, even with reasonable accommodation. In those instances, the areas in question would not have to be accessible to persons with those handicaps. For example, elevator access need not be provided in a sewage treatment plant for certain areas associated with the treatment process because of the potential hazards that exist and because full mobility may be necessary to perform some of the essential functions of the jobs in those areas. Providing accessibility for wheelchair users in these areas would impose an undue hardship on the operation of the recipient's activity. Recipients would be required to provide accessibility for persons with other handicaps, such as hearing impairments, who could perform jobs in treatment areas without creating safety or health hazards. However, separate administrative or laboratory areas in the same facility must be accessible to persons in wheelchairs.

EPA and recipients should not, of course, make blanket assumptions that handicapped persons cannot perform jobs in particular areas, but should consult with handicapped persons and their representative organizations in determining how facilities can be designed to provide employment opportunities. EPA and recipients should consult with the Equal Employment Opportunity Commission (EEOC) for guidance on the scope of this exemption as it relates to employment opportunities. The EEOC has responsibility for coordinating the federal effort to enforce the federal equal employment opportunity law (E.O. 12067, 43 CFR 28967). We have also followed the suggestions of several commenters to establish timeframes for compliance with accessibility requirements.

One commenter thought that the proposed rule did not sufficiently specify requirements to accommodate handicapped people. We have chosen to leave the specifics to the particular situation as it arises. Reasonable accommodation is required. To determine specifically what is necessary for any particular program is left to the judgment of the program management as guided by this regulation.

One of the major difficulties EPA has encountered in attempting to define "reasonable accommodation" is that each form of impairment of handicapped employees or persons seeking employment requires different methods of accommodation to achieve equality of opportunity with the nonimpaired. It would neither be practical to list every form of accommodation that would achieve this end, nor to dictate a uniform degree of accommodation based upon cost. Finally, certain programs, such as construction grants for wastewater treatment works, create employment opportunities which expose employees to high risks of injury. The ability to perform safely is an essential function of any hazardous job, and a recipient may consider dangers to employees as a factor in determining whether an accommodation is reasonable. In all cases where qualified handicapped persons are employed by or seek employment from EPA assisted recipients, recipients will be expected to extend such employment opportunities as may be available to persons within the limits of coverage of Subpart C, unless the recipient can demonstrate that such accommodation would impose an undue hardship on its operation. The standards of the Department of Justice in 28 CFR Part 42.511 which defines "reasonable accommodation," will be

used to determine whether accommodation should be made by the recipient. Several Federal circuit courts have ruled that employment is covered by section 504 only where a primary purpose of the assistance is to provide employment. *Scanlon v. Atascadero State Hospital*, 677 F.2d 1271 (9th Cir. 1982); *United States v. Cabrini Medical Center*, 639 F.2d 908 (2d Cir. 1981); *Carmi v. Metropolitan St. Louis Sewer District*, 620 F.2d 672 (8th Cir. 1980), *cert. denied*, 449 U.S. 892 (1980); *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87 (4th Cir. 1978), *cert. denied*, 442 U.S. 947 (1979). However, the Third and Eleventh Circuit Courts of Appeals have recently held that section 504 generally applies to employment. *Le Strange v. Consolidated Rail Corp.*, 687 F.2d 767 (3rd Cir. 1982) *cert. granted*, 51 U.S.L.W. 3598 (U.S., Feb. 22, 1983), (No. 82–862); *Jones v. Metropolitan Atlanta Rapid Transit Authority*, 681 F.2d 1376 (11th Cir. 1982), *pet. for cert. filed*, 51 U.S.L.W. 3535 (U.S., Jan. 11, 1983) (No. 82–1159).

Pending further clarification of the law, Subpart C will not be enforced with respect to employment where employment is not a primary purpose of the EPA assistance in States located in the Second, Fourth, Eighth, and Ninth Circuits (New York, Connecticut, Vermont, Maryland, North Carolina, South Carolina, Virginia, West Virginia, Arkansas, Iowa, Minnesota, Missouri, Nebraska, North Dakota, South Dakota, Alaska, Arizona, California, Idaho, Montana, Nevada, Oregon, Washington, Guam, and Hawaii).

Subpart D sets forth the procedures applicants and recipients must follow for EPA to determine whether they are in compliance with this regulation.

Section 7.80 describes the requirements for applicants. Paragraph (a) of this section provides that all applicants must submit an assurance that the assisted program or activity will not involve any discrimination prohibited by this Part. Paragraph (b) of this section clarifies that construction grant applicants must also submit a compliance report, EPA Form 4700–4. These are mandatory requirements for applicants and will, we expect, provide the basis on which EPA will make the majority of preaward compliance determinations. However, the Office of Civil Rights (OCR), if unable to make a determination based only on such submissions, may request additional information from the applicant or others in accordance with paragraph (a)(1) of § 7.80. Pursuant to the DOJ Coordination Regulation, Paragraph (c) has been added to require submission of compliance information from applicants.

AR_0299

The information required includes notice of any pending lawsuits alleging discrimination by the applicant in the program or activity that would be the subject of the EPA assistance. It also solicits a description of applications to, or current assistance from, other federal agencies for the same program or activity that EPA would assist and a statement on any compliance reviews conducted for that program or activity during the two years before the EPA application.

Section 7.85 describes the compliance information that EPA recipients must collect, maintain, and, on request, submit to EPA. Several commenters requested clarification of the proposed requirements. One criticized the section for providing too little guidance and requested a "more clear, detailed description" of the information that should be collected. In response to this, we have reordered sections of Subpart D of the final rule to make it more descriptive and inclusive and have expanded some provisions for clarity. Paragraph (a) of this section provides that a recipient must collect and maintain four basic categories of information, namely: information concerning lawsuits pending against the recipient that allege discrimination this Part prohibits; information concerning complaints of alleged discrimination filed with the recipient; data showing the racial/ethnic, national origin, sex, and handicap condition of beneficiaries of the recipient's program; and reports of compliance reviews conducted by other agencies. A recipient may also be required to collect and maintain such other information as the OCR determines to be necessary to assure compliance. Paragraph (d) of this section describes the factors that a recipient must take into account in developing such information. Paragraph (e) of this section requires a recipient to retain compliance information for a certain period and to make such information available to EPA and the public, upon request. While recipients are not required to submit routine compliance reports, they must have the information available to submit if requested by EPA.

Several commenters expressed concern over whether Part 7 applied to all the facilities and operations of an EPA applicant/recipient or only to those facilities and operations directly connected with or employed in furthering the project objectives. Part 7 applies only to those facilities, operations, and activities of a recipient that receive EPA assistance. If a recipient received assistance under an EPA statute, the purpose and scope of

which is to assist the entire operation of the recipient, then the entire range of the recipient's facilities, operations, and activities become subject to the civil rights statutes implemented by this regulation.

Several commenters were confused about our intent when we used the term "subrecipient" in the proposed rule in § 7.75 Compliance reports. It is our intent that the entity actually implementing the EPA assisted program comply with the requirements of this Part and be able to give assurance of such compliance with respect to such program. To clarify our intent we have eliminated the term "subrecipient."

In response to the comment which asked if proposed § 7.75 required a recipient to keep a log of "service" complaints (as well as employment complaints) when such complaints were maintained by another city agency, those requirements (now appearing under § 7.85) would be met if the recipient can provide the required data upon request to EPA or an interested party.

One commenter suggested that EPA's monitoring of compliance would be improved if we required recipients to identify any discriminatory policies or practices and indicate steps they would take to modify those practices. While we do not require such "self-evaluation" to be submitted to EPA, it is expected, as stated in paragraph (c) of § 7.85, that recipients will identify discrimination prohibited by this Part in any of their funded programs or activities.

Proposed § 7.80, now § 7.90, required each recipient to adopt a grievance procedure and designate a person to coordinate its compliance efforts. Two commenters asked for further explanation of "appropriate due process" for that proposed procedure. We concluded that this phrase may have implied too much. We intend that recipients establish a standard procedure for dealing with complaints that provides an opportunity for a timely and fair resolution. We have, therefore, revised paragraph (a) of § 7.90 to require a recipient to adopt a grievance procedure that assures the prompt and fair resolution of complaints.

Proposed § 7.70, now § 7.95, required each recipient to provide public notice of nondiscrimination to designated groups and individuals. Several commenters indicated that the proposed requirement that notice "must be" included in all major correspondence would be burdensome to recipients. One comment indicated that other suggested forms of notice were more appropriate than this apparently mandatory form;

another comment indicated that if all federal agencies had such a requirement "there would be little space left on correspondence for correspondence." We agreed with these comments and have made this form of notice discretionary.

In § 7.85 of the proposed rule, a recipient was required to notify the OCR at the time a lawsuit alleging discrimination was filed. One commenter indicated that such a requirement would be burdensome to a recipient since it would presumably require the recipient to keep EPA apprised of the progress of the lawsuit. The same commenter noted that other federal agencies simply require such information be submitted annually or periodically as part of an application, and recommended that we eliminate this requirement. We modified paragraph (a) of § 7.85 accordingly and now require that a recipient maintain information on pending lawsuits and submit such information upon request.

Section 7.100 prohibits an applicant, recipient or other person from intimidating, threatening, coercing or discriminating against an individual or group in order to interfere with a right or privilege guaranteed by the nondiscrimination provisions of this Part, or because such individual has filed a complaint or participated in enforcement of this regulation. One commenter noted that this section needed "more teeth." Since a complaint of intimidation would be treated according to the complaint procedure in § 7.120, an applicant or recipient found in violation of § 7.100 could be subject to enforcement procedures. We think this is a sufficiently severe sanction.

Another commenter criticized the entire compliance section for "lack of coordination" with the guidelines issued by the Department of Labor and the Attorney General. We think this criticism is unfounded. We have developed our regulation in compliance with the Department of Justice guidelines on Title VI and Section 504, and after numerous discussions with the Department. The Department of Labor is responsible for the administration of Section 503 of the Rehabilitation Act of 1973, as amended, an affirmative action statute that applies to certain federal contractors. It must be noted that revised Part 7 does not apply to those that receive EPA funds through direct federal procurement arrangements.

Subpart E sets forth the procedures that EPA will follow in assuring that applicants and recipients are in compliance with the requirements of the Acts and this Part.

AR_0300

One commenter suggested that it would be more logical to reorder the sections in the proposed Subpart to have preaward compliance, postaward compliance, and complaint investigations precede the sections on sanctions and coordination with other agencies. We have accepted this suggestion and have restructured this Subpart. New § 7.110 describes EPA's preaward review of an applicant's submission(s). Paragraph (a) provides that the OCR will determine compliance based on "any other information EPA receives during this time or has on file about the applicant." One commenter asked what this latter provision included. Many EPA recipients, particularly those constructing wastewater treatment facilities, have received a series of awards and, therefore, EPA has a "file" that may contain information useful to the OCR. In addition, the application itself may include data that would be of interest to the OCR (e.g., other federal assistance an applicant is receiving).

One commenter suggested greater specificity as to when the OCR would conduct an on-site review. An on-site review of the covered program or activity shall take place only when OCR has reason to believe discrimination may be occurring. Of course, OCR may request data and information from applicants at the preaward stage.

Section 7.115 of this final rule (formerly § 7.120) describes EPA's postaward compliance process. One commenter noted that EPA will only conduct compliance reviews where compliance problems have been identified and suggested that EPA should also conduct reviews of recipients where there have been no complaints or investigations. Another commenter also recommended "random reviews" in addition to the proposed approach. It is our view that EPA's compliance resources will have the greatest impact when used to address identified problem areas. Accordingly, postaward on-site reviews of covered programs or activities shall take place only when OCR has reason to believe discrimination may be occurring. We note, however, that revised paragraph (a) of § 7.115 permits EPA to collect data and information as part of a compliance review of any recipient of EPA assistance on a random basis.

Section 7.120 provides the procedure for investigating and resolving complaints of discrimination. One commenter recommended that we establish a specific time limit (rather than merely "promptly") for resolving complaints. We have revised paragraph

(c) of this section to require the OCR to notify all parties within five (5) calendar days of the receipt of a complaint and to notify them within twenty (20) additional calendar days, according to paragraph (d)(1), whether EPA accepted, rejected or referred the complaint to another agency. Further, we have clarified the time limit for resolving complaints by applying the postaward compliance procedure set forth in § 7.115 to them. That section has been amended to include, where appropriate, references to complaint investigation. Under these provisions, a preliminary decision must be made within 180 calendar days from the time a complaint is received by the agency. Paragraph (f) of § 7.120 is reserved for the mediation process that applies only to complaints of age discrimination.

In the proposed regulation, § 7.130 described the procedure for annulling, suspending or terminating EPA assistance upon a finding of noncompliance. One commenter asked whether such procedures apply to denial of assistance as well. They do. We have revised this section to include the procedures for refusing to provide financial assistance. We have also rewritten this section to clarify the decision-making process and the rights of applicants and recipients. It should be noted that before EPA denies, annuls, suspends, or terminates assistance on the basis of noncompliance, the applicant or recipient has the statutory right to an evidentiary hearing.

### Regulation Development Process

Under Executive Order 12291, EPA must judge whether a rule is "major" and therefore subject to the Regulatory Impact Analysis requirements of the Order. We have determined that this regulation is not "major" as it will not have a substantial impact on the economy. This rule was submitted to the Office of Management and Budget for review, as required by Executive Order 12291.

### Office of Management and Budget Review

Under the Paperwork Reduction Act of 1980, 44 U.S.C. 3501 et seq., the information provisions of this rule found in Sections 7.80 and 7.85 were approved by the Office of Management and Budget (OMB), control number 2000-0006, and are reflected in this rule.

### Environmental Impact Statement

This regulation does not affect the environment. An Environmental Impact Statement is not required under the National Environmental Policy Act of 1969.

This regulation does not supersede 40 CFR Part 8 which implements Executive Order 11246.

### List of Subjects in 40 CFR Part 7

Civil rights, Sex discrimination, Discrimination against handicapped.

In consideration of the foregoing, 40 CFR is amended by removing Part 12 and revising 40 CFR Part 7 to read as follows:

### PART 7—NONDISCRIMINATION IN PROGRAMS RECEIVING FEDERAL ASSISTANCE FROM THE ENVIRONMENTAL PROTECTION AGENCY

Subpart A—General

Sec.
7.10   Purpose of this part.
7.15   Applicability.
7.20   Responsible agency officers.
7.25   Definitions.

Subpart B—Discrimination Prohibited on the Basis of Race, Color, National Origin or Sex

7.30   General prohibition.
7.35   Specific prohibitions.
7.40   [Reserved]

Subpart C—Discrimination Prohibited on the Basis of Handicap

7.45   General Prohibition.
7.50   Specific prohibitions against discrimination.
7.55   Separate or different programs.
7.60   Prohibitions and requirements relating to employment.
7.65   Accessibility.
7.70   New construction.
7.75   Transition plan.

Subpart D—Requirements for Applicants and Recipients

7.80   Applicants.
7.85   Recipients.
7.90   Grievance procedures.
7.95   Notice of nondiscrimination.
7.100  Intimidation and retaliation prohibited.

Subpart E—Agency Compliance Procedures

7.105  General policy.
7.110  Preaward Compliance.
7.115  Postaward compliance.
7.120  Complaint investigations.
7.125  Coordination with other agencies.
7.130  Actions available to EPA to obtain compliance.
7.135  Procedure for regaining eligibility.
Appendix A—EPA Assistance Programs as Listed in the "Catalog of Federal Domestic Assistance"

Authority: The Civil rights Act of 1964, as amended, 42 U.S.C. 2000d et seq.; sec. 504, Rehabilitation Act of 1973, as amended, 29 U.S.C. 794; sec. 13, Federal Water Pollution Control Act Amendments of 1972, Pub. L. 92-500.

## Subpart A—General

### § 7.10  Purpose of this part.

This Part implements: Title VI of the Civil Rights Act of 1964, as amended; Section 504 of the Rehabilitation Act of 1973, as amended; and Section 13 of the Federal Water Pollution Control Act Amendments of 1972, Pub. L. 92–500, (collectively, the Acts).

### § 7.15  Applicability.

This Part applies to all applicants for, and recipients of, EPA assistance in the operation of programs or activities receiving such assistance beginning Feburary 13, 1984. New construction (§ 7.70) for which design was initiated prior to February 13, 1984, shall comply with the accessibility requirements in the Department of Health, Education and Welfare (now the Department of Health and Human Services) nondiscrimination regulation, 45 CFR 84.23, issued June 3, 1977, or with equivalent standards that ensure the facility is readily accessible to and usable by handicapped persons. Such assistance includes but is not limited to that which is listed in the *Catalogue of Federal Domestic Assistance* under the 66.000 series. It supersedes the provisions of former 40 CFR Parts 7 and 12.

### § 7.20  Responsible agency officers.

(a) The EPA Office of Civil Rights (OCR) is responsible for developing and administering EPA's compliance programs under the Acts.

(b) EPA's Project Officers will, to the extent possible, be available to explain to each recipient its obligations under this Part and to provide recipients with technical assistance or guidance upon request.

### § 7.25  Definitions.

As used in this Part:

"Administrator" means the Administrator of EPA. It includes any other agency official authorized to act on his or her behalf, unless explicitly stated otherwise.

"Alcohol abuse" means any misuse of alcohol which demonstrably interferes with a person's health, interpersonal relations or working ability.

"Applicant" means any entity that files an application or unsolicited proposal or otherwise requests EPA assistance (see definition for "EPA assistance").

"Assistant Attorney General" is the head of the Civil Rights Division, U.S. Department of Justice.

"Award Official" means the EPA official with the authority to approve and execute assistance agreements and to take other assistance related actions authorized by this Part and by other EPA regulations or delegation of authority.

"Drug abuse" means:

(a) The use of any drug or substance listed by the Department of Justice in 21 CFR 1308.11, under authority of the Controlled Substances Act, 21 USC 801, as a controlled substance unavailable for prescription because:

(1) The drug or substance has a high potential for abuse,

(2) The drug or other substance has no currently accepted medical use in treatment in the United States, or

(3) There is a lack of accepted safety for use of the drug or other substance under medical supervision.

Note.—Examples of drugs under paragraph (a)(1) of this section include certain opiates and opiate derivatives (*e.g.,* heroin) and hallucinogenic substances (*e.g.,* marijuana, mescaline, peyote) and depressants (*e.g.,* methaqualone). Examples of (a)(2) include opium, coca leaves, methadone, amphetamines and barbiturates.

(b) The misue of any drug or substance listed by the Department of Justice in 21 CFR 1308.12–15 under authority of the Controlled Substances Act as a controlled substance available for prescription.

"EPA" means the United States Environmental Protection Agency.

"EPA" assistance" means any grant or cooperative agreement, loan, contract (other than a procurement contract or a contract of insurance or guaranty), or any other arrangement by which EPA provides or otherwise makes available assistance in the form of:

(1) Funds;

(2) Services of personnel; or

(3) Real or personal property or any interest in or use of such property, including:

(i) Transfers or leases of such property for less than fair market value or for reduced consideration; and

(ii) Proceeds from a subsequent transfer or lease of such property if EPA's share of its fair market value is not returned to EPA.

"Facility" means all, or any part of, or any interests in structures, equipment, roads, walks, parking lots, or other real or personal property.

"Handicapped person:"

(a) "Handicapped person" means any person who (1) has a physical or mental impairment which substantially limits one or more major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment. For purposes of employment, the term "handicapped person" does not include any person who is an alcoholic or drug abuser whose current use of alcohol or drugs prevents such individual from performing the duties of the job in question or whose employment, by reason of such current drug or alcohol abuse, would constitute a direct threat to property or the safety of others.

(b) As used in this paragraph, the phrase:

(1) "Physical or mental impairment" means (i) any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovasular; reproductive; digestive; genito-urinary; hemic and lymphatic; skin; and endocrine; and (ii) any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

(2) "Major life activities" means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

(3) "Has a record of such an impairment" means has a history of, or has been misclassified as having, a mental or physical impairment that substantially limits one or more major life activities.

(4) "Is regarded as having an impairment" means:

(i) Has a physical or mental impairment that does not substantially limit major life activities but that is treated by a recipient as constituting such a limitation;

(ii) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

(iii) Has none of the impairments defined above but is treated by a recipient as having such an impairment.

"Office of Civil Rights" or OCR means the Director of the Office of Civil Rights, EPA Headquarters or his/her designated representative.

"Project Officer" means the EPA official designated in the assistance agreement (as defined in "EPA assistance") as EPA's program contact with the recipient; Project Officers are responsible for monitoring the project.

"Qualified handicapped person" means:

(a) With respect to employment: a handicapped person who, with reasonable accommodation, can perform the essential functions of the job in question.

AR_0302

(b) With respect to services: a handicapped person who meets the essential eligibility requirements for the receipt of such services.

"Racial classifications:" [1]

(a) American Indian or Alaskan native. A person having origins in any of the original peoples of North America, and who maintains cultural identification through tribal affiliation or community recognition.

(b) Asian or Pacific Islander. A person having origins in any of the original peoples of the Far East, Southeast Asia, the Indian subcontinent, or the Pacific Islands. This area includes, for example, China, Japan, Korea, the Philippine Islands, and Samoa.

(c) Black and not of Hispanic origin. A person having origins in any of the black racial groups of Africa.

(d) Hispanic. A person of Mexican, Puerto Rican, Cuban, Central or South American or other Spanish culture or origin, regardless or race.

(e) White, not of Hispanic origin. A person having origins in any of the original peoples of Europe, North Africa, or the Middle East.

"Recipient" means, for the purposes of this regulation, any state or its political subdivision, any instrumentality of a state or its political subdivision, any public or private agency, institution, organization, or other entity, or any person to which Federal financial assistance is extended directly or through another recipient, including any successor, assignee, or transferee of a recipient, but excluding the ultimate beneficiary of the assistance.

"Section 13" refers to Section 13 of the Federal Water Pollution Control Act Amendments of 1972.

"United States" includes the states of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, American Samoa, Guam, Wake Island, the Canal Zone, and all other territories and possessions of the United States; the term "State" includes any one of the foregoing.

[1] Additional subcategories based on national origin or primary language spoken may be used where appropriate on either a national or a regional basis. Subparagraphs (a) through (e) are in conformity with Directive 15 of the Office of Federal Statistical Policy and Standards, whose function is now in the Office of Information and Regulatory Affairs, Office of Management and Budget. Should that office, or any successor office, change or otherwise amend the categories listed in Directive 15, the categories in this paragraph shall be interpreted to conform with any such changes or amendments.

## Subpart B—Discrimination Prohibited on the Basis of Race, Color, National Origin or Sex

### § 7.30 General prohibition.

No person shall be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving EPA assistance on the basis of race, color, national origin, or on the basis of sex in any program or activity receiving EPA assistance under the Federal Water Pollution Control Act, as amended, including the Environmental Financing Act of 1972.

### § 7.35 Specific prohibitions.

(a) As to any program or activity receiving EPA assistance, a recipient shall not directly or through contractual, licensing, or other arrangements on the basis of race, color, national origin or, if applicable, sex:

(1) Deny a person any service, aid or other benefit of the program;

(2) Provide a person any service, aid or other benefit that is different, or is provided differently from that provided to others under the program;

(3) Restrict a person in any way in the enjoyment of any advantage or privilege enjoyed by others receiving any service, aid, or benefit provided by the program;

(4) Subject a person to segregation in any manner or separate treatment in any way related to receiving services or benefits under the program;

(5) Deny a person or any group of persons the opportunity to participate as members of any planning or advisory body which is an integral part of the program, such as a local sanitation board or sewer authority;

(6) Discriminate in employment on the basis of sex in any program subject to Section 13, or on the basis of race, color, or national origin in any program whose purpose is to create employment; or, by means of employment discrimination, deny intended beneficiaries the benefits of the EPA assistance program, or subject the beneficiaries to prohibited discrimination.

(7) In administering a program or activity receiving Federal financial assistance in which the recipient has previously discriminated on the basis of race, color, sex, or national origin, the recipient shall take affirmative action to provide remedies to those who have been injured by the discrimination.

(b) A recipient shall not use criteria or methods of administering its program which have the effect of subjecting individuals to discrimination because of their race, color, national origin, or sex, or have the effect of defeating or substantially impairing accomplishment

of the objectives of the program with respect to individuals of a particular race, color, national origin, or sex.

(c) A recipient shall not choose a site or location of a facility that has the purpose or effect of excluding individuals from, denying them the benefits of, or subjecting them to discrimination under any program to which this Part applies on the grounds of race, color, or national origin or sex; or with the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of this subpart.

(d) The specific prohibitions of discrimination enumerated above do not limit the general prohibition of § 7.30.

### § 7.40 [Reserved]

## Subpart C—Discrimination Prohibited on the Basis of Handicap

### § 7.45 General prohibition.

No qualified handicapped person shall solely on the basis of handicap be excluded from participation in, be denied the benefits of, or otherwise be subjected to discrimination under any program or activity receiving EPA assistance.

### § 7.50 Specific prohibitions against discrimination.

(a) A recipient, in providing any aid, benefit or service under any program or activity receiving EPA assistance shall not, on the basis of handicap, directly or through contractual, licensing, or other arrangement:

(1) Deny a qualified handicapped person any service, aid or other benefit of a federally assisted program;

(2) Provide different or separate aids, benefits, or services to handicapped persons or to any class of handicapped persons than is provided to others unless the action is necessary to provide qualified handicapped persons with aids, benefits, or services that are as effective as those provided to others;

(3) Aid or perpetuate discrimination against a qualified handicapped person by providing significant assistance to an entity that discriminates on the basis of handicap in providing aids, benefits, or services to beneficiaries of the recipient's program;

(4) Deny a qualified handicapped person the opportunity to participate as a member of planning or advisory boards; or

(5) Limit a qualified handicapped person in any other way in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit or service from the program.

1662    **Federal Register** / Vol. 49, No. 8 / Thursday, January 12, 1984 / Rules and Regulations

(b) A recipient may not, in determining the site or location of a facility, make selections: (1) That have the effect of excluding handicapped persons from, denying them the benefits of, or otherwise subjecting them to discrimination under any program or activity that receives or benefits from EPA assistance or (2) that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the program or activity receiving EPA assistance with respect to handicapped persons.

(c) A recipient shall not use criteria or methods of administering any program or activity receiving EPA assistance which have the effect of subjecting individuals to discrimination because of their handicap, or have the effect of defeating or substantially impairing accomplishment of the objectives of such program or activity with respect to handicapped persons.

(d) Recipients shall take appropriate steps to ensure that communications with their applicants, employees, and beneficiaries are available to persons with impaired vision and hearing.

(e) The exclusion of non-handicapped persons or specified classes of handicapped persons from programs limited by federal statute or Executive Order to handicapped persons or a different class of handicapped persons is not prohibited by this subpart.

### § 7.55  Separate or different programs.

Recipients shall not deny a qualified handicapped person an opportunity equal to that afforded others to participate in or benefit from the aid, benefit, or service in the program receiving EPA assistance. Recipients shall administer programs in the most integrated setting appropriate to the needs of qualified handicapped persons.

### § 7.60  Prohibitions and requirements relating to employment.

(a) No qualified handicapped person shall, on the basis of handicap, be subjected to discrimination in employment under any program or activity that receives or benefits from federal assistance.

(b) A recipient shall make all decisions concerning employment under any program or activity to which this Part applies in a manner which ensures that discrimination on the basis of handicap does not occur, and shall not limit, segregate, or classify applicants or employees in any way that adversely affects their opportunities or status because of handicap.

(c) The prohibition against discrimination in employment applies to the following activities:

(1) Recruitment, advertising, and the processing of applications for employment;

(2) Hiring, upgrading, promotion, award of tenure, demotion, transfer, layoff, termination, right of return from layoff, and rehiring;

(3) Rates of pay or any other form of compensation and changes in compensation;

(4) Job assignments, job classifications, organizational structures, position descriptions, lines of progression, and seniority lists;

(5) Leaves of absence, sick leave, or any other leave;

(6) Fringe benefits available by virtue of employment, whether or not administered by the recipient;

(7) Selection and financial support for training, including apprenticeship, professional meetings, conferences, and other related activities, and selection for leaves of absence to pursue training;

(8) Employer sponsored activities, including social or recreational programs; or

(9) Any other term, condition, or privilege of employment.

(d) A recipient shall not participate in a contractual or other relationship that has the effect of subjecting qualified handicapped applicants or employees to discrimination prohibited by this subpart. The relationships referred to in this paragraph include relationships with employment and referral agencies, with labor unions, with organizations providing or administering fringe benefits to employees of the recipient, and with organizations providing training and apprenticeship programs.

(e) A recipient shall make reasonable accommodation to the known physical or mental limitations of an otherwise qualified handicapped applicant or employee unless the recipient can demonstrate that the accommodation would impose an undue hardship on the operation of its program.

(f) A recipient shall not use employment tests or criteria that discriminate against handicapped persons and shall ensure that employment tests are adapted for use by persons who have handicaps that impair sensory, manual, or speaking skills.

(g) A recipient shall not conduct a preemployment medical examination or make a preemployment inquiry as to whether an applicant is a handicapped person or as to the nature or severity of a handicap except as permitted by the Department of Justice in 28 CFR 42.513.

### § 7.65  Accessibility.

(a) *General.* A recipient shall operate each program or activity receiving EPA assistance so that such program or activity, when viewed in its entirety, is readily accessible to and usable by handicapped persons. This paragraph does not:

(1) Necessarily require a recipient to make each of its existing facilities or every part of an existing facility accessible to and usable by handicapped persons.

(2) Require a recipient to take any action that the recipient can demonstrate would result in a fundamental alteration in the nature of its program or activity or in undue financial and administrative burdens. If an action would result in such an alternation or such financial and administrative burdens, the recipient shall be required to take any other action that would not result in such an alteration or financial and administrative burdens but would nevertheless ensure that handicapped persons receive the benefits and services of the program or activity receiving EPA assistance.

(b) Methods of making existing programs accessible. A recipient may comply with the accessibility requirements of this section by making structural changes, redesigning equipment, reassigning services to accessible buildings, assigning aides to beneficiaries, or any other means that make its program or activity accessible to handicapped persons. In choosing among alternatives, a recipient must give priority to methods that offer program benefits to handicapped persons in the most integrated setting appropriate.

(c) *Deadlines.* (1) Except where structural changes in facilities are necessary, recipients must adhere to the provisions of this section within 60 days after the effective date of this Part.

(2) Recipients having an existing facility which does require alterations in order to make a program or activity accessible must prepare a transition plan in accordance with § 7.75 within six months from the effective date of this Part. The recipient must complete the changes as soon as possible, but not later than three years from date of award.

(d) Notice of accessibility. The recipient must make sure that interested persons, including those with impaired vision or hearing, can find out about the existence and location of the assisted program services, activities, and facilities that are accessible to and usable by handicapped persons.

(e) Structural and financial feasibility. This section does not require structural alterations to existing facilities if making such alterations would not be structurally or financially feasible. An alteration is not structurally feasible when it has little likelihood of being accomplished without removing or altering a load-bearing structural member. Financial feasibility shall take into account the degree to which the alteration work is to be assisted by EPA assistance, the cost limitations of the program under which such assistance is provided, and the relative cost of accomplishing such alterations in manners consistent and inconsistent with accessibility.

§ 7.70  New construction.

(a) General. New facilities shall be designed and constructed to be readily accessible to and usable by handicapped persons. Alterations to existing facilities shall, to the maximum extent feasible, be designed and constructed to be readily accessible to and usable by handicapped persons.

(b) Any construction for which design is initiated on or after the effective date of this Part shall comply with the accessibility requirements of this section. Any construction for which design was initiated prior to the effective date of this Part shall comply with accessibility requirements in the Department of Health, Education and Welfare (now the Department of Health and Human Services) nondiscrimination regulation, 45 CFR 84.23, issued June 3, 1977, or with equivalent standards that ensure the facility is readily accessible to and usable by handicapped persons.

(c) Design, construction or alteration of facilities in conformance with the 1980 "American National Standard Specifications for Making Buildings and Facilities Accessible to and Usable by the Physically Handicapped," published by the American National Standards Institute, Inc., constitutes compliance with this section.[2]

(d) Exception. This section shall not apply to the design, construction or alteration of any portion of a building that, because of its intended use, will not require accessibility to the public beneficiaries or result in the employment or residence therein of physically handicapped persons.

§ 7.75  Transition plan.

If structural changes to facilities are necessary to make the program

accessible to handicapped persons, a recipient must prepare a transition plan.

(a) Requirements. The transition plan must set forth the steps needed to complete the structural changes required and must be developed with the assistance of interested persons, including handicapped persons or organizations representing handicapped persons. At a minimum, the transition plan must:

(1) Identify the physical obstacles in the recipient's facilities that limit handicapped persons' access to its program or activity;

(2) Describe in detail what the recipient will do to make the facilities accessible;

(3) Specify the schedule for the steps needed to achieve full program accessibility, and include a year-by-year timetable if the process will take more than one year;

(4) Indicate the person responsible for carrying out the plan.

(b) Availability. Recipients shall make available a copy of the transition plan to the OCR upon request and to the public for inspection at either the site of the project or at the recipient's main office.

Subpart D—Requirements for Applicants and Recipients

§ 7.80  Applicants.

(a) Assurances.—(1) General. Applicants for EPA assistance shall submit an assurance with their applications stating that, with respect to their programs or activities that receive EPA assistance, they will comply with the requirements of this Part. Applicants must also submit any other information that the OCR determines is necessary for preaward review. The applicant's acceptance of EPA assistance is an acceptance of the obligation of this assurance and this Part.

(2) Duration of assurance.—(i) Real property. When EPA awards assistance in the form of real property, or assistance to acquire real property, or structures on the property, the assurance will obligate the recipient, or transferee, during the period the real property or structures are used for the purpose for which EPA assistance is extended, or for another purpose in which similar services or benefits are provided. The transfer instrument shall contain a covenant running with the land which assures nondiscrimination. Where applicable, the covenant shall also retain a right of reverter which will permit EPA to recover the property if the covenant is ever broken.

(ii) Personal property. When EPA provides assistance in the form of personal property, the assurance will

obligate the recipient for so long as it continues to own or possess the property.

(iii) Other forms of assistance. In all other cases, the assurance will obligate the recipient for as long as EPA assistance is extended.

(b) Wastewater treatment project. EPA Form 4700-4 shall also be submitted with applications for assistance under Title II of the Federal Water Pollution Control Act.

(c) Compliance information. Each applicant for EPA assistance shall submit regarding the program or activity that would receive EPA assistance:

(1) Notice of any lawsuit pending against the applicant alleging discrimination on the basis of race, color, sex, handicap, or national origin;

(2) A brief description of any applications pending to other federal agencies for assistance, and of federal assistance being provided at the time of the application; and

(3) A statement describing any civil rights compliance reviews regarding the applicant conducted during the two-year period before the application, and information concerning the agency or organization performing the reviews.

(Approved by the Office of Management and Budget under Control Number 2000-0006.)

§ 7.85  Recipients.

(a) Compliance information. Each recipient shall collect, maintain, and on request of the OCR, provide the following information to show compliance with this Part:

(1) A brief description of any lawsuits pending against the recipient that allege discrimination which this Part prohibits;

(2) Racial/ethnic, national origin, sex and handicap data, or EPA Form 4700-4 information submitted with its application;

(3) A log of discrimination complaints which identifies the complaint, the date it was filed, the date the recipient's investigation was completed, the disposition, and the date of disposition; and

(4) Reports of any compliance reviews conducted by any other agencies.

(b) Additional compliance information. If necessary, the OCR may require recipients to submit data and information specific to certain programs to determine compliance where there is reason to believe that discrimination may exist in a program or activity receiving EPA assistance or to investigate a complaint alleging discrimination in a program or activity receiving EPA assistance. Requests shall be limited to data and information which is relevant to determining

[2] The American National Standards Institute, Inc., is located at 1430 Broadway, New York, N.Y. 10018. A copy of the document may be purchased from this Institute for $5.00 plus $2.00 shipping cost.

AR_0305

compliance and shall be accompanied by a written statement summarizing the complaint or setting forth the basis for the belief that discrimination may exist.

(c) *Self-evaluation.* Each recipient must conduct a self-evaluation of its administrative policies and practices, to consider whether such policies and practices may involve handicap discrimination prohibited by this Part. When conducting the self-evaluation, the recipient shall consult with interested and involved persons including handicapped persons or organizations representing handicapped persons. The evaluation shall be completed within 18 months after the effective date of this Part.

(d) Preparing compliance information. In preparing compliance information, a recipient must:

(1) [Reserved]

(2) Use the racial classifications set forth in § 7.25 in determining categories of race, color or national origin.

(e) *Maintaining compliance information.* Recipients must keep records for (a) and (b) of this section for three (3) years after completing the project. When any complaint or other action for alleged failure to comply with this Part is brought before the three-year period ends, the recipient shall keep records until the complaint is resolved.

(f) Accessibility to compliance information. A recipient shall:

(1) Give the OCR access during normal business hours to its books, records, accounts and other sources of information, including its facilities, as may be pertinent to ascertain compliance with this Part;

(2) Make compliance information available to the public upon request; and

(3) Assist in obtaining other required information that is in the possession of other agencies, institutions, or persons not under the recipient's control. If such party refuses to release that information, the recipient shall inform the OCR and explain its efforts to obtain the information.

(g) *Coordination of compliance effort.* If the recipient employs fifteen (15) or more employees, it shall designate at least one person to coordinate its efforts to comply with its obligations under this Part.

(Approved by the Office of Management and Budget under Control Number 2000–0008.)

§ 7.90  Grievance procedures.

(a) *Requirements.* Each recipient shall adopt grievance procedures that assure the prompt and fair resolution of complaints which allege violation of this Part.

(b) *Exception.* Recipients with fewer than fifteen (15) full-time employees

need not comply with this section unless the OCR finds a violation of this Part or determines that creating a grievance procedure will not significantly impair the recipient's ability to provide benefits or services.

§ 7.95  Notice of nondiscrimination.

(a) *Requirements.* A recipient shall provide initial and continuing notice that it does not discriminate on the basis of race, color, national origin, or handicap in a program or activity receiving EPA assistance or, in programs covered by Section 13, on the basis of sex. Methods of notice must accommodate those with impaired vision or hearing. At a minimum, this notice must be posted in a prominent place in the recipient's offices or facilities. Methods of notice may also include publishing in newspapers and magazines, and placing notices in recipient's internal publications or on recipient's printed letterhead. Where appropriate, such notice must be in a language or languages other than English. The notice must identify the responsible employee designated in accordance with § 7.85.

(b) *Deadline.* Recipients of assistance must provide initial notice by thirty (30) calendar days after award and continuing notice for the duration of EPA assistance.

§ 7.100  Intimidation and retaliation prohibited.

No applicant, recipient, nor other person shall intimidate, threaten, coerce, or discriminate against any individual or group, either:

(a) For the purpose of interfering with any right or privilege guaranteed by the Acts or this Part, or

(b) Because the individual has filed a complaint or has testified, assisted or participated in any way in an investigation, proceeding or hearing under this Part, or has opposed any practice made unlawful by this regulation.

Subpart E—Agency Compliance Procedures

§ 7.105  General policy.

EPA's Administrator, Director of the Office of Civil Rights, Project Officers and other responsible officials shall seek the cooperation of applicants and recipients in securing compliance with this Part, and are available to provide help.

§ 7.110  Preaward compliance.

(a) *Review of compliance information.* Within EPA's application processing period, the OCR will determine whether the applicant is in compliance with this

Part and inform the Award Official. This determination will be based on the submissions required by § 7.80 and any other information EPA receives during this time (including complaints) or has on file about the applicant. When the OCR cannot make a determination on the basis of this information, additional information will be requested from the applicant, local government officials, or interested persons or organizations, including handicapped persons or organizations representing such persons. The OCR may also conduct an on-site review only when it has reason to believe that discrimination may be occurring in a program or activity which is the subject of the application.

(b) *Voluntary compliance.* If the review indicates noncompliance, an applicant may agree in writing to take the steps the OCR recommends to come into compliance with this Part. The OCR must approve the written agreement before any award is made.

(c) *Refusal to comply.* If the applicant refuses to enter into such an agreement, the OCR shall follow the procedure established by paragraph (b) of § 7.130.

§ 7.115  Postaward compliance.

(a) *Periodic review.* The OCR may periodically conduct compliance reviews of any recipient's programs or activities receiving EPA assistance, including the request of data and information, and may conduct on-site reviews when it has reason to believe that discrimination may be occurring in such programs or activities.

(b) *Notice of review.* After selecting a recipient for review or initiating a complaint investigation in accordance with § 7.120, the OCR will inform the recipient of:

(1) The nature of and schedule for review, or investigation; and

(2) Its opportunity, before the determination in paragraph (d) of this section is made, to make a written submission responding to, rebutting, or denying the allegations raised in the review or complaint.

(c) *Postreview notice.* (1) Within 180 calendar days from the start of the compliance review or complaint investigation, the OCR will notify the recipient in writing by certified mail, return receipt requested, of:

(i) Preliminary findings;

(ii) Recommendations, if any, for achieving voluntary compliance; and

(iii) Recipient's right to engage in voluntary compliance negotiations where appropriate.

(2) The OCR will notify the Award Official and the Assistant Attorney

General for Civil Rights of the preliminary findings of noncompliance.

(d) *Formal determination of noncompliance.* After receiving the notice of the preliminary finding of noncompliance in paragraph (c) of this section, the recipient may:

(1) Agree to the OCR's recommendations, or

(2) Submit a written response sufficient to demonstrate that the preliminary findings are incorrect, or that compliance may be achieved through steps other than those recommended by OCR.

If the recipient does not take one of these actions within fifty (50) calendar days after receiving this preliminary notice, the OCR shall, within fourteen (14) calendar days, send a formal written determination of noncompliance to the recipient and copies to the Award Official and Assistant Attorney General.

(e) *Voluntary compliance time limits.* The recipient will have ten (10) calendar days from receipt of the formal determination of noncompliance in which to come into voluntary compliance. If the recipient fails to meet this deadline, the OCR must start proceedings under paragraph (b) of § 7.130.

(f) *Form of voluntary compliance agreements.* All agreements to come into voluntary compliance must:

(1) Be in writing;

(2) Set forth the specific steps the recipient has agreed to take, and

(3) Be signed by the Director, OCR or his/her designee and an official with authority to legally bind the recipient.

§ 7.120   Complaint investigations.

The OCR shall promptly investigate all complaints filed under this section unless the complainant and the party complained against agree to a delay pending settlement negotiations.

(a) *Who may file a complaint.* A person who believes that he or she or a specific class of persons has been discriminated against in violation of this Part may file a complaint. The complaint may be filed by an authorized representative. A complaint alleging employment discrimination must identify at least one individual aggrieved by such discrimination. Complaints solely alleging employment discrimination against an individual on the basis of race, color, national origin, sex or religion shall be processed under the procedures for complaints of employment discrimination filed against recipients of federal assistance (see 28 CFR Part 42, Subpart H and 29 CFR Part 1691). Complainants are encouraged but not required to make use of any grievance procedure established under

§ 7.90 before filing a complaint. Filing a complaint through a grievance procedure does not extend the 180 day calendar requirement of paragraph (b)(2 of this section.

(b) Where, when and how to file complaint. The complainant may file a complaint at any EPA office. The complaint may be referred to the region in which the alleged discriminatory acts occurred.

(1) The complaint must be in writing and it must describe the alleged discriminatory acts which violate this part.

(2) The complaint must be filed within 180 calendar days of the alleged discriminatory acts, unless the OCR waives the time limit for good cause. The filing of a grievance with the recipient does not satisfy the requirement that complaints must be filed within 180 days of the alleged discriminatory acts.

(c) *Notification.* The OCR will notify the complainant and the recipient of the agency's receipt of the complaint within five (5) calendar days.

(d) *Complaint processing procedures.* After acknowledging receipt of a complaint, the OCR will immediately initiate complaint processing procedures.

(1) *Preliminary investigation* (i) Within twenty (20) calendar days of acknowledgment of the complaint, the OCR will review the complaint for acceptance, rejection, or referral to the appropriate Federal agency.

(ii) If the complaint is accepted, the OCR will notify the complainant and the Award Official. The OCR will also notify the applicant or recipient complained against of the allegations and give the applicant or recipient opportunity to make a written submission responding to, rebutting, or denying the allegations raised in the complaint.

(iii) The party complained against may send the OCR a response to the notice of complaint within thirty (30) calendar days of receiving it.

(2) *Informal resolution.* (i) OCR shall attempt to resolve complaints informally whenever possible. When a complaint cannot be resolved informally, OCR shall follow the procedures established by paragraphs (c) through (e) of § 7.115.

(ii) [Reserved].

(e) *Confidentiality.* EPA agrees to keep the complainant's identity confidential except to the extent necessary to carry out the purposes of this Part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder. Ordinarily in complaints of employment discrimination, the name of the

complainant will be given to the recipient with the notice of complaint.

(f) [Reserved].

(g) *Dismissal of complaint.* If OCR's investigation reveals no violation of this Part, the Director, OCR, will dismiss the complaint and notify the complainant and recipient.

§ 7.125   Coordination with other agencies.

If, in the conduct of a compliance review or an investigation, it becomes evident that another agency has jurisdiction over the subject matter, OCR will cooperate with that agency during the continuation of the review of investigation. EPA will:

(a) Coordinate its efforts with the other agency, and

(b) Ensure that one of the agencies is designated the lead agency for this purpose. When an agency other than EPA serves as the lead agency, any action taken, requirement imposed, or determination made by the lead agency, other than a final determination to terminate funds, shall have the same effect as though such action had been taken by EPA.

§ 7.130   Actions available to EPA to obtain compliance.

(a) General. If compliance with this Part cannot be assured by informal means, EPA may terminate or refuse to award or to continue assistance. EPA may also use any other means authorized by law to get compliance, including a referral of the matter to the Department of Justice.

(b) Procedure to deny, annul, suspend or terminate EPA assistance.

(1) *OCR finding.* If OCR determines that an applicant or recipient is not in compliance with this Part, and if compliance cannot be achieved voluntarily, OCR shall make a finding of noncompliance. The OCR will notify the applicant or recipient (by registered mail, return receipt requested) of the finding, the action proposed to be taken, and the opportunity for an evidentiary hearing.

(2) *Hearing.* (i) Within 30 days of receipt of the above notice, the applicant or recipient shall file a written answer, under oath or affirmation, and may request a hearing.

(ii) The answer and request for a hearing shall be sent by registered mail, return receipt requested, to the Chief Administrative Law Judge (ALJ) (A–110), United States Environmental Protection Agency, 401 M Street, S.W., Washington, D.C. 20460. Upon receipt of a request for a hearing, the ALJ will send the applicant or recipient a copy of the ALJ's procedures. If the recipient

does not request a hearing, it shall be deemed to have waived its right to a hearing, and the OCR finding shall be deemed to be the ALJ's determination.

(3) *Final decision and disposition.* (i) The applicant or recipient may, within 30 days of receipt of the ALJ's determination, file with the Administrator its exceptions to that determination. When such exceptions are filed, the Administrator may, within 45 days after the ALJ's determination, serve to the applicant or recipient, a notice that he/she will review the determination. In the absence of either exceptions or notice of review, the ALJ's determination shall constitute the Administrator's final decision.

(ii) If the Administrator reviews the ALJ's determination, all parties shall be given reasonable opportunity to file written statements. A copy of the Administrator's decision will be sent to the applicant or recipient.

(iii) If the Administrator's decision is to deny an application, or annul, suspend or terminate EPA assistance, that decision becomes effective thirty (30) days from the date on which the Administrator submits a full written report of the circumstances and grounds for such action to the Committees of the House and Senate having legislative jurisdiction over the program or activity involved. The decision of the Administrator shall not be subject to further administrative appeal under EPA's General Regulation for Assistance Programs (40 CFR Part 30, Subpart L).

(4) *Scope of decision.* The denial, annulment, termination or suspension shall be limited to the particular applicant or recipient who was found to have discriminated, and shall be limited in its effect to the particular program or the part of it in which the discrimination was found.

**§ 7.135  Procedure for regaining eligibility.**

(a) *Requirements.* An applicant or recipient whose assistance has been denied, annulled, terminated, or suspended under this Part regains eligibility as soon as it:

(1) Provides reasonable assurance that it is complying and will comply with this Part in the future, and

(2) Satisfies the terms and conditions for regaining eligibility that are specified in the denial, annulment, termination or suspension order.

(b) *Procedure.* The applicant or recipient must submit a written request to restore eligibility to the OCR declaring that it has met the requirements set forth in paragraph (a) of this section. Upon determining that these requirements have been met, the OCR must notify the Award Official,

and the applicant or recipient that eligibility has been restored.

(c) Rights on denial of restoration of eligibility. If the OCR denies a request to restore eligibility, the applicant or recipient may file a written request for a hearing before the EPA Chief Administrative Law Judge in accordance with paragraph (c) § 7.130, listing the reasons it believes the OCR was in error.

**Appendix A—EPA Assistance Programs as Listed in the "Catalog of Federal Domestic Assistance"**

1. Assistance provided by the Office of Air, Noise and Radiation under the Clean Air Act of 1977, as amended; Pub. L. 95–95, 42 U.S.C. 7401 et seq. (ANR 66.001)

2. Assistance provided by the Office of Air, Noise and Radiation under the Clean Air Act of 1977, as amended; Pub. L. 95–95, 42 U.S.C. 7401 et seq. (ANR 66.003)

3. Assistance provided by the Office of Water under the Clean Water Act of 1977, as amended; Sections 101(e), 109(b), 201–05, 207, 208(d), 210–12, 215–19, 304(d)(3), 313, 501, 502, 511 and 516(b); Pub. L. 97–117; Pub. L. 95–217; Pub. L. 96–483; 33 U.S.C. 1251 et seq. (OW 66.418)

4. Assistance provided by the Office of Water under the Clean Water Act of 1977, as amended; § 106; Pub. L. 95–217; 33 U.S.C. 1251 et seq. (OW 66.419)

5. Assistance provided by the Office of Water under the Clean Water Act of 1977, as seq. (OW 66.426)

6. Assistance provided by the Office of Water under the Public Health Service Act, as amended by the Safe Drinking Water Act, Pub. L. 93–523; as amended by Pub. L. 93–190; Pub. L. 96–63; and Pub. L. 93–502. (OW 66.432)

7. Assistance provided by the Office of Water under the Safe Drinking Water Act, Pub. L. 93–523, as amended by Pub. L. 96–63, Pub. L. 95–190, and Pub. L. 96–502. (OW 66.433)

8. Assistance provided by the Office of Water under the Clean Water Act of 1977, Section 205(g), as amended by Pub. L. 95–217 and the Federal Water Pollution Control Act, as amended; Pub. L. 97–117; 33 U.S.C. 1251 et seq. (OW 66.438)

9. Assistance provided by the Office of Water under the Resource Conservation & Recovery Act of 1976; as amended by the Solid Waste Disposal Act; Pub. L. 94–580; § 3011, 42 U.S.C. 6931, 6947, 6948–49. (OW 66.802).

10. Assistance provided by the Office of Research and Development under the Clean Air Act of 1977, as amended; Pub. L. 95–95; 42 U.S.C. et seq.; Clean Water Act of 1977, as amended; Pub. L. 95–217; 33 U.S.C. 1251 et seq., § 8001 of the Solid Water Disposal Act, as amended by the Resource Conservation & Recovery Act of 1976; Pub. L. 94–580; 42 U.S.C. 6901, Public Health Service Act as amended by the Safe Drinking Water Act as amended by Pub. L. 95–190; Federal Insecticide, Fungicide & Rodenticide Act; Pub. L. 95–516; 7 U.S.C. 136 et seq., as amended by Pub. L.'s 94–140 and 95–396;

Toxic Substances Control Act; 15 U.S.C. 2609; Pub. L. 94–469. (ORD 66.500)

11. Assistance provided by the Office of Research and Development under the Clean Air Act of 1977, as amended; Pub. L. 95–95; 42 U.S.C. 7401 et seq. (ORD 66.501)

12. Assistance provided by the Office of Research and Development under the Federal Insecticide, Fungicide & Rodenticide Act, Pub. L. 95–516, 7 U.S.C. 136 et seq., as amended by Pub. L.'s 94–140 and 95–399. (ORD 66.502)

13. Assistance provided by the Office of Research and Development under the Solid Waste Disposal Act, as amended by the Resource Conservation & Recovery Act of 1976; 42 U.S.C. 6901, Pub. L. 94–580, § 6901. (ORD 66.504)

14. Assistance provided by the Office of Research and Development under the Clean Water Act of 1977, as amended; Pub. L. 95–217; 33 U.S.C. 1251 et seq. (ORD 66.505)

15. Assistance provided by the Office of Research and Development under the Public Health Service Act as amended by the Safe Drinking Water Act, as amended by Pub. L. 95–190 (ORD 66.506)

16. Assistance provided by the Office of Research and Development under the Toxic Substances Control Act; Pub. L. 94–469; 15 U.S.C. 2609; § 10. (ORD 66.507)

17. Assistance provided by the Office of Administration, including but not limited to: Clean Air Act of 1977, as amended, Pub. L. 95–95; 42 U.S.C. 7401 et seq., Clean Water Act of 1977, as amended; Pub. L. 95–217; 33 U.S.C. 1251 et seq.; Solid Waste Disposal Act, as amended by the Resource Conservation & Recovery Act of 1976; 42 U.S.C. 6901; Pub. L. 94–580; Federal Insecticide, Fungicide & Rodenticide Act; Pub. L. 92–516; 7 U.S.C. 136 et seq. as amended by Pub. L.'s 94–140 and 95–396; Public Health Service Act, as amended by the Safe Drinking Water Act, as amended by Pub. L. 95–190. (OA 66.600)

18. Assistance provided by the Office of Administration under the Clean Water Act of 1977, as amended; Pub. L. 95–217; Section 213; 33 U.S.C. 1251 et seq. (OA 66.603)

19. Assistance provided by the Office of Enforcement Counsel under the Federal Insecticide & Rodenticide Act, as amended; Pub. L. 92–516; 7 U.S.C. 136 et seq., as amended by Pub. L. 94–140, Section 23(a) and Pub. L. 95–396. (OA 66.700)

20. Assistance provided by the Office of Solid Waste and Emergency Response under the Comprehensive Environmental Responses, Compensation and Liability Act of 1980; Pub. L. 96–510, § 3012, 42 U.S.C. 6901, et seq. (OSW—number not to be assigned since Office of Management and Budget does not catalog one-year programs.)

21. Assistance provided by the Office of Water under the Clean Water Act as amended; Pub. L. 97–117, 33 U.S.C. 1313. (OW—66.454)

Dated: October 27, 1983.

William D. Ruckelshaus,
*Administrator, Environmental Protection Agency.*

[FR Doc. 84–648 Filed 1–11–84, 8.45 am]

BILLING CODE 6560-50-M