# Exhibit 83

# St. John, Joseph

| | |
|---|---|
| **From:** | Courtney Burdette <Courtney.Burdette@LA.GOV> |
| **Sent:** | Friday, June 9, 2023 3:32 PM |
| **To:** | Dorka, Lilian (she/her/hers) |
| **Cc:** | Payne, James (Jim); Scott, Ronald; Isales, Daniel; Khan, Zahra; Hoang, Anhthu; O'Lone, Mary; Rhodes, Julia (she/her/hers); Seidemann, Ryan; McGuire, James; Stephen Russo; Kimberly Sullivan; McKinney, Cheryl; Moncrieffe, Marcia; Bates, Warren; Montegut, Ryan; David McCay; Neal Elliott; Murrill, Elizabeth; Bliss Higgins; St. John, Joseph; Tim.Hardy@bswllp.com; Jones, Jasimiel; Celena Cage; Andrews, Suzanne; Jill Clark; Brungard, Morgan; Freel, Angelique; John B. King; Carroll Devillier; Danielle L. Borel; Schoellkopf, Lynde (she/her/hers); Roger Ward (DEQ) |
| **Subject:** | [WARNING: UNSCANNABLE EXTRACTION FAILED]Re: COURTNEY BURDETTE for LDEQ: Continuation of Informal Resolution Agreement Process for EPA Complaint Nos. 01R-22 R6, and 04R-22-R6 |
| **Attachments:** | 6.9.2023 LDEQ redline 2023.05.18 draft 2 IRA 01R-22-R6 and 04R-22-R6 to LDEQ (1).docx |

CAUTION: This email originated outside of Louisiana Department of Justice. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Please find attached LDEQ's edits to the Community Meetings, Scientific Integrity, Risk Communication, Air Emissions Monitoring, and Actions Related to Denka portions of the draft IRA. We are reviewing the other portions of the IRA and intend to provide a response soon.

Thank you,
Courtney

_____

From: Dorka, Lilian (she/her/hers) <Dorka.Lilian@epa.gov>
Sent: Thursday, June 1, 2023 1:16:14 PM
To: Courtney Burdette
Cc: Payne, James (Jim); Scott, Ronald; Isales, Daniel; Khan, Zahra; Hoang, Anhthu; O'Lone, Mary; Rhodes, Julia (she/her/hers); Seidemann, Ryan; McGuire, James; Stephen Russo; Payne, James (Jim); Kimberly Sullivan; McKinney, Cheryl; Moncrieffe, Marcia; Bates, Warren; Montegut, Ryan; David McCay; Neal Elliott; Murrill, Elizabeth; Bliss Higgins; StJohnJ@ag.louisiana.gov; Tim.Hardy@bswllp.com; Jones, Jasimiel; Celena Cage; Andrews, Suzanne; Jill Clark; Brungard, Morgan; Freel, Angelique; John B. King; Carroll Devillier; Danielle L. Borel; Schoellkopf, Lynde (she/her/hers)
Subject: RE: COURTNEY BURDETTE for LDEQ: Continuation of Informal Resolution Agreement Process for EPA Complaint Nos. 01R-22 R6, and 04R-22-R6

EXTERNAL EMAIL: Please do not click on links or attachments unless you know the content is safe.

Thank you, Courtney for your quick response. With respect to LDEQ's redline of EPA's draft IRA, we are certainly willing to consider extending the response date to June 9th. However, in light of the very tight timeframe for resolving this case by July 11, 2023, please let me know today whether the LA Department of Justice will need to approve LDEQ's execution of the Informal Resolution Agreement between EPA and LDEQ.

Thanks so much for your attention to this matter.

Lilian

PS: With respect to LDEQ's response to our Request for Information, the case team will meet to discuss what is needed most urgently, and to which we do not have access,  and propose some alternative timeframes asap.

Lilian Sotolongo Dorka
Deputy Assistant Administrator for External Civil Rights Office of Environmental Justice and External Civil Rights U.S. Environmental Protection Agency
202-564-9649 - Office
202-695-9888 – Cell
Pronouns: she/her/ella
Hablo español

From: Courtney Burdette <Courtney.Burdette@LA.GOV>
Sent: Thursday, June 1, 2023 12:50 PM
To: Dorka, Lilian (she/her/hers) <Dorka.Lilian@epa.gov>
Cc: Payne, James (Jim) <payne.james@epa.gov>; Scott, Ronald <Scott.Ronald@epa.gov>; Isales, Daniel <Isales.Daniel@epa.gov>; Khan, Zahra <Khan.Zahra@epa.gov>; Hoang, Anhthu <Hoang.Anhthu@epa.gov>; O'Lone, Mary <OLone.Mary@epa.gov>; Rhodes, Julia (she/her/hers) <Rhodes.Julia@epa.gov>; Seidemann, Ryan <SeidemannR@ag.louisiana.gov>; McGuire, James <McGuire.James@epa.gov>; Stephen Russo <Stephen.Russo@LA.GOV>; Payne, James (Jim) <payne.james@epa.gov>; Kimberly Sullivan <Kimberly.Sullivan@LA.GOV>; McKinney, Cheryl <McKinneyC@ag.louisiana.gov>; Moncrieffe, Marcia <Moncrieffe.Marcia@epa.gov>; Bates, Warren <BatesW@ag.louisiana.gov>; Montegut, Ryan <MontegutR@ag.louisiana.gov>; David McCay <David.McCay@LA.GOV>; Neal Elliott <Neal.Elliott@LA.GOV>; Murrill, Elizabeth <MurrillE@ag.louisiana.gov>; Bliss Higgins <Bliss.Higgins@la.gov>; StJohnJ@ag.louisiana.gov; Tim.Hardy@bswllp.com; Jones, Jasimiel <JonesJ@ag.louisiana.gov>; Celena Cage <celena.cage@la.gov>; Andrews, Suzanne <Andrews.Suzanne@epa.gov>; jill.clark@la.gov; Brungard, Morgan <BrungardM@ag.louisiana.gov>; Freel, Angelique <FreelA@ag.louisiana.gov>; John B. King <John.King@bswllp.com>; Carroll Devillier <Carroll.Devillier@bswllp.com>; Danielle L. Borel <Danielle.Borel@bswllp.com>; Schoellkopf, Lynde (she/her/hers) <Schoellkopf.Lynde@epa.gov>
Subject: RE: COURTNEY BURDETTE for LDEQ: Continuation of Informal Resolution Agreement Process for EPA Complaint Nos. 01R-22 R6, and 04R-22-R6

Lilian,

LDEQ remains willing to continue informal resolution negotiations. LDEQ does intend to provide a response to EPA's recent redline draft. It is unlikely that LDEQ's response will be complete by your requested June 2 date; however, LDEQ will work to provide you with a redline by June 9.

Regarding the request for information, LDEQ is in the process of reviewing your request. However, given the extraordinarily voluminous scope of the request, LDEQ is unable to prepare a response within the allotted 30-day timeframe.  To assist your office in its investigation, and consistent with Section 2.4(2) of EPA's Title Vi Case Resolution Manual dated January 2021, please be advised that LDEQ grants your office access to all LDEQ books, records, accounts, and other sources of information, including its facilities, as may be pertinent to ascertain compliance with EPA's nondiscrimination regulation. LDEQ maintains a Public Records Center at 602 N. 5th Street, Baton Rouge, Louisiana for your convenience. The Public Records Center is open from 8:00 A.M. to 4:30 P.M. Monday through Friday, except for holidays. Most LDEQ records are also accessible through LDEQ's Electronic Document Management System (EDMS) at https://www.deq.louisiana.gov/page/edms.

Thank you,
Courtney


Courtney J. Burdette

Executive Counsel

Louisiana Department of Environmental Quality Legal Division P.O. Box 4302 Baton Rouge, LA 70821-4302

(225) 219-3985 Office Main


From: Dorka, Lilian (she/her/hers) <Dorka.Lilian@epa.gov<mailto:Dorka.Lilian@epa.gov>>
Sent: Thursday, June 1, 2023 8:38 AM
To: Courtney Burdette <Courtney.Burdette@LA.GOV<mailto:Courtney.Burdette@LA.GOV>>
Cc: Payne, James (Jim) <payne.james@epa.gov<mailto:payne.james@epa.gov>>; Scott, Ronald <Scott.Ronald@epa.gov<mailto:Scott.Ronald@epa.gov>>; Isales, Daniel <Isales.Daniel@epa.gov<mailto:Isales.Daniel@epa.gov>>; Khan, Zahra <Khan.Zahra@epa.gov<mailto:Khan.Zahra@epa.gov>>; Hoang, Anhthu <Hoang.Anhthu@epa.gov<mailto:Hoang.Anhthu@epa.gov>>; O'Lone, Mary <OLone.Mary@epa.gov<mailto:OLone.Mary@epa.gov>>; Rhodes, Julia (she/her/hers) <Rhodes.Julia@epa.gov<mailto:Rhodes.Julia@epa.gov>>; Seidemann, Ryan <SeidemannR@ag.louisiana.gov<mailto:SeidemannR@ag.louisiana.gov>>; McGuire, James <McGuire.James@epa.gov<mailto:McGuire.James@epa.gov>>; Stephen Russo <Stephen.Russo@LA.GOV<mailto:Stephen.Russo@LA.GOV>>; Payne, James (Jim) <payne.james@epa.gov<mailto:payne.james@epa.gov>>; Kimberly Sullivan <Kimberly.Sullivan@LA.GOV<mailto:Kimberly.Sullivan@LA.GOV>>; McKinney, Cheryl <McKinneyC@ag.louisiana.gov<mailto:McKinneyC@ag.louisiana.gov>>; Moncrieffe, Marcia <Moncrieffe.Marcia@epa.gov<mailto:Moncrieffe.Marcia@epa.gov>>; Bates, Warren <BatesW@ag.louisiana.gov<mailto:BatesW@ag.louisiana.gov>>; Montegut, Ryan <MontegutR@ag.louisiana.gov<mailto:MontegutR@ag.louisiana.gov>>; David McCay <David.McCay@LA.GOV<mailto:David.McCay@LA.GOV>>; Neal Elliott <Neal.Elliott@LA.GOV<mailto:Neal.Elliott@LA.GOV>>; Murrill, Elizabeth <MurrillE@ag.louisiana.gov<mailto:MurrillE@ag.louisiana.gov>>; Bliss Higgins <Bliss.Higgins@la.gov<mailto:Bliss.Higgins@la.gov>>; StJohnJ@ag.louisiana.gov<mailto:StJohnJ@ag.louisiana.gov>; Tim.Hardy@bswllp.com<mailto:Tim.Hardy@bswllp.com>; Jones, Jasimiel <JonesJ@ag.louisiana.gov<mailto:JonesJ@ag.louisiana.gov>>; Celena Cage <Celena.Cage@LA.GOV<mailto:Celena.Cage@LA.GOV>>; Andrews, Suzanne <Andrews.Suzanne@epa.gov<mailto:Andrews.Suzanne@epa.gov>>; Jill Clark <Jill.Clark@la.gov<mailto:Jill.Clark@la.gov>>; Brungard, Morgan <BrungardM@ag.louisiana.gov<mailto:BrungardM@ag.louisiana.gov>>; Freel, Angelique <FreelA@ag.louisiana.gov<mailto:FreelA@ag.louisiana.gov>>; John B. King <John.King@bswllp.com<mailto:John.King@bswllp.com>>; Carroll Devillier <Carroll.Devillier@bswllp.com<mailto:Carroll.Devillier@bswllp.com>>; Danielle L. Borel <Danielle.Borel@bswllp.com<mailto:Danielle.Borel@bswllp.com>>; Schoellkopf, Lynde (she/her/hers) <Schoellkopf.Lynde@epa.gov<mailto:Schoellkopf.Lynde@epa.gov>>
Subject: COURTNEY BURDETTE for LDEQ: Continuation of Informal Resolution Agreement Process for EPA Complaint Nos. 01R-22 R6, and 04R-22-R6
Importance: High

EXTERNAL EMAIL: Please do not click on links or attachments unless you know the content is safe.

Dear Courtney,

I am writing to inquire whether LDEQ wants to continue negotiations to informally resolve EPA Complaints Nos. 01R-22-R6 and 04R-22-R6. If by COB June 2nd we do not receive your redline of the proposed draft Informal Resolution

3

Agreement we sent to you on May 18th, we will interpret that to mean you are no longer interested in pursuing the informal resolution agreement process.

In addition, we want to ask about LDEQ's response to EPA's Request for Information. Your response was due back to EPA by May 26th. Please let us know when we can expect your response.

Thanks for your prompt attention to this matter.

Lilian

Lilian Sotolongo Dorka
Deputy Assistant Administrator for External Civil Rights Office of Environmental Justice and External Civil Rights U.S. Environmental Protection Agency
202-564-9649 - Office
202-695-9888 – Cell
Pronouns: she/her/ella
Hablo español

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

Informal Resolution Agreement                                          PRIVILEGED/DELIBERATIVE
EPA Complaints No. 01R-22-R6 and 04R-22-R6                                           05/18/2023



UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
WASHINGTON, D C. 20460

Office of Environmental Justice and External Civil Rights
Office of External Civil Rights Compliance

**INFORMAL RESOLUTION AGREEMENT**
**between the**
**LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY**
**and the**
**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
**EPA COMPLAINTS NO. 01R-22-R6 AND 04R-22-R6**

C.   Community Meetings

1.   Within ~~60~~ 120 days from the effective date of this Agreement, LDEQ will host four community meetings to discuss the commitments made by LDEQ in this Agreement as specified below:

> **Commented [OM1]: LDEQ:** EPA is willing to provide technical assistance as well as professional facilitation for these meetings.

a)   One meeting will be held in St. John the Baptist Parish as close to Reserve as possible;

b)   One meeting will be held in St. James Parish as close to Welcome as possible; and

c)   Two additional meetings will be held in ~~other Parishes within the Industrial Corridor.~~ East Baton Rouge Parish with a virtual attendance option.

> **Commented [A2]:** Public venues do not always accommodate participation by virtual modes. If a meeting is held at LDEQ Galvez Conf Center, that meeting could also be virtual.

> **Commented [OM3R2]: Is LDEQ saying** the only virtual meeting it could hold is in LDEQ Galvez Conf Center? You can't host a virtual meeting anywhere else in the Corridor? If not, then the 3rd should be at the Galvez Conf. Center which we hope is in Baton Rouge. LDEQ should propose criteria for selecting the 4th location, maybe the most impacted area left or location that is not far from several Parishes.

2.   At least 15 days in advance of the meeting in St. John the Baptist Parish and the meeting in St. James Parish, LDEQ will mail notice of the date, location, and time of the public meeting to the ~~residents~~ persons o~~f Reserve, Louisiana~~n ~~the parish on~~ the LDEQ public notice mailing list for the respective parishes, and post it on LDEQ's public notice webpage and website calendar.

> **Commented [A4]:** Notice will be by LDEQ public notice webpage and website calendar.

3.   ~~At least 15 days in advance of the meeting in St. James Parish, LDEQ will mail notice of the date, location, and time of the public meeting to the residents of Welcome, Louisianathe parish on the LDEQ public notice mailing list and post it on LDEQ's public notice webpage and website calendar.~~

1

Informal Resolution Agreement	PRIVILEGED/DELIBERATIVE
EPA Complaints No. 01R-22-R6 and 04R-22-R6	05/18/2023

4.3. At least 15 days in advance of the meetings in paragraph II. C. 1. c., LDEQ will post notice of the date, location, and time of the public meetings on its public notice webpage and website calendar.

5.4. ~~LDEQ will ensure that the selection of the meeting locations, dates, and times will consider the availability and schedules of public transportation and consideration of residents' work hours; and ensure that the location(s), dates, and times~~ Meetings will be held on Monday, Tuesday, Wednesday or Thursday evenings to commence at 6:00 p.m. and will allow for meaningful participation/involvement by individuals with limited English proficiency (LEP) and individuals with disabilities.

> **Commented [CB5]:** This language is overly vague. LDEQ wants the IRA to be more specific as to the scheduling of the community meetings.

6. ~~EPA is available to provide technical assistance to LDEQ to ensure the meetings are meaningfully accessible to all residents.~~

> **Commented [A6]:** This reference (II.A.1) is misplaced. Also, these meetings are to communicate elements of the IRA, not to communicate risk from air toxics.
>
> **Commented [OM7R6]:** Agreed.

D. Scientific Integrity ~~and Risk Communication~~

1. ~~Within 30 days of the effective date of this Agreement,~~ LDEQ will ~~appoint a Scientific Integrity Official to champion scientific integrity throughout LDEQ. The Scientific Integrity Official will provide oversight for the implementation of the Scientific Integrity Policy at LDEQ and is available to address any questions or concerns regarding this policy and its implementation.~~

> **Commented [OM8]: LDEQ:** These are the same revised Scientific Integrity provisions given to LDH. This section no longer includes the requirement for more than one Scientific Integrity Official (SIO) and the council of SIOs. We accepted some of your proposal regarding risk communication from the provision you suggested in lieu of the Scientific Integrity (SI) & Risk Communication sections; however, we have kept the SI provisions regarding an SIO, a written policy, & training.
>
> **Commented [CB9R8]:** LDEQ will agree to EPA's suggestion to adopt a written policy.

2.1. Within ~~150 days~~ one (1) year of the effective date of this Agreement, LDEQ will ~~submit a draft~~ adopt a Scientific Integrity Policy to ~~EPA to demonstrate that LDEQ will require~~ assure that the decision-making process is supported and driven by best available science. ~~and in accordance with guidance of reputable scientific agencies, including agencies such as CDC, NIH, and ATSDR.~~ ~~EPA recommends that LDEQ model its Scientific Integrity Policy on EPA's Scientific Integrity Policy found at https://www.epa.gov/sites/default/files/2014-02/documents/scientific_integrity_policy_2012.pdf. EPA will review the draft Policy in accordance with Paragraph IV.C. of this Agreement.~~ LDEQ will provide confirmation of adoption of the policy to EPA.

2

Informal Resolution Agreement  PRIVILEGED/DELIBERATIVE
EPA Complaints No. 01R-22-R6 and 04R-22-R6  05/18/2023

    3.2.    The LDEQ ~~will issue its~~ Scientific Integrity Policy ~~within 20 days of final approval by EPA in accordance with Paragraph IV.C. of this Agreement. The Policy~~ will apply to all LDEQ employees, ~~including scientists, managers, and political appointees,~~ who will follow this policy when engaging in, supervising, managing, or influencing scientific activities; communicating information in an official capacity about LDEQ scientific activities; and utilizing scientific information in making LDEQ policy or management decisions relevant to science and health. In addition, all contractors, grantees, collaborators, and student volunteers who engage in scientific activities are expected to uphold the standards established by LDEQ Scientific Integrity policy.

    4.3.    Within 90 days of the adoption of LDEQ's Scientific Integrity, LDEQ will provide EPA with a copy of any training materials, the dates the training was provided to current LDEQ employees, and confirmation that the training has been added to new employee training requirements.

E.    Risk Communication

    1.    Within ~~60 days~~ 270 days of the effective date of this Agreement, LDEQ will develop or acquire a risk communication training module ~~adopt EPA's SALT Framework: A Process Framework to Guide Risk Communication (https://www.epa.gov/risk-communication/salt-framework) or a comparable risk communication framework (LDEQ's Risk Communication Framework)~~ and will provide confirmation of the adoption of the ~~framework~~ training module to EPA.

> **Commented [OM10]: LDEQ:** We adopted LDEQ's proposed language regarding a training module and no longer specifically require adoption of EPA's SALT framework.

    2.    Within ~~120~~ 180 days of the adoption of LDEQ's Risk Communication ~~Framework~~Training Module, LDEQ will provide EPA with a copy of any training materials, ~~the dates the training was provided to current LDEQ employees,~~ and confirmation that the training has been added to ~~new~~ the employee training requirements.

F.    Air Emissions Monitoring

    1.    ~~For facilities that currently or propose to emit EtO LDEQ will incorporate into new permits or permit renewals a three-year fenceline monitoring requirement for those pollutants.~~

> **Commented [OM11]: LDEQ:** The rule will not be finalized for a while and its final form is unknown. This provision provides for monitoring now. We have included a provision in the Background about the Denka chloroprene monitoring network which includes fenceline monitors. Would LDEQ commit to deploy the TLC or MAMLs to monitor EtO and other pollutant emissions levels (*e.g.*, H2S) of concern to residents in St. James, St. John the Baptist, and other communities near EtO emitters for meaningful periods of time in the meanwhile?
>
> **Commented [CB12R11]:** LDEQ cannot require fenceline monitoring for EtO for all emitters without rulemaking authority. See comments below on TLC and MAML community monitoring.

    2.    LDEQ will seek to extend the total monitoring period for the Temporary Located Community (TLC) monitoring station referenced in St. James Parish paragraph I. N. above for an additional two years ~~(March 2024 through February 2026) above~~, through grant funding, permitting, or enforcement activities.

> **Commented [CB13]:** Funding has been delayed due to EPA approval process. Timing of commencement will depend on receipt of grant funds.

3

Informal Resolution Agreement  PRIVILEGED/DELIBERATIVE
EPA Complaints No. 01R-22-R6 and 04R-22-R6  05/18/2023

3. LDEQ will conduct at least three planned community monitoring events in the Industrial Corridor each year for the next three fiscal years (July 1, 2023, through June 30, 2026) using its Mobile Air Monitoring Labs (MAML).

> **Commented [CB14]:** LDEQ has requested funding from EPA to equip MAMLs to monitor EtO, but the funding has not yet been approved.

4.3. ~~LDEQ will conduct a public engagement process prior to making decisions that impact the placement, length of time the TLC and MAML monitors will be in place, and monitoring parameters (*e.g.,* NO2, PM2.5, H2S, SO2, Methane/NMOC, THC, VOCs including HAP and ozone precursors) for the monitoring described in paragraph G. 2 and 3 above.~~ LDEQ will make the monitoring results from planned TLC or MAML community monitoring events publicly available through LDEQ's website.

> **Commented [OM15]: LDEQ:** Inserted to address resident concerns raised on several occasions about the location of monitors, pollutants LDEQ chose not to monitor, and the duration.
>
> **Commented [CB16]:** LDEQ typically does not announce MAML monitoring events in advance. For the TLC monitor, the grant application has already been approved and must be done in accordance with grant requirements.

5.4. ~~LDEQ commits to apply for Federal funding opportunities that may become available for air emissions monitoring in any of the Parishes within the Industrial Corridor. Funding opportunities include not only those offered to State agencies, but also those offered to State agencies in collaboration with community groups.~~

> **Commented [CB17]:** LDEQ cannot commit in advance to apply for any number of uncertain future grant opportunities.

6.5. Beginning within 180 days from the effective date of this Agreement and every 180 days thereafter, LDEQ will provide updates to EPA on its efforts to seek appropriate funding. ~~Those updates shall include the specific steps that LDEQ has taken to secure funding, including designating a person responsible for identifying and applying for any appropriate funding or program identifying potential funding sources, and the status of any applications for those funding sources.~~

7.6. This provision remains in effect for three years from the effective date of this Agreement.

G. Actions to Related to Denka

1. LDEQ will issue the proposed Title V renewal permits for public comment for the Denka Chloroprene Unit, Neoprene Unit, and HCl Recovery Unit within ~~90~~ 180 days of the earlier of the following: final court decision(s) related to the pending USDOJ ISE complaint and Denka lawsuit regarding the USEPA chloroprene Inhalation Risk Factor, including any subsequent appeals, final and effective 40 CFR Part 63 regulations to revise the Group 1 Polymers and Resins NESHAP and Hazardous Organic NESHAP to incorporate a current residual risk and technology review. ~~after the conclusion of the CIA in section II. B. above.~~ The proposed renewal permits will incorporate the following permit revisions:

> **Commented [CB18]:** LDEQ changed this language from "later of" to "earlier of".

4

Informal Resolution Agreement  PRIVILEGED/DELIBERATIVE
EPA Complaints No. 01R-22-R6 and 04R-22-R6  05/18/2023

a) Emission limits for chloroprene based on the controls and emission reduction projects implemented under the 2017 LDEQ Administrative Order on Consent (AOC);

b) Any additional emission reductions achieved by Denka since implementation of the 2017 AOC;

c) Compliance assurance measures, which may include emissions testing, emissions and/or operating parameter monitoring, recordkeeping and reporting to demonstrate ongoing compliance with chloroprene emission limits;

d) Any planned or ongoing emission reduction projects or changes to work practice standards required by final and effective enforcement actions or agreed to under any settlement or administrative order, with the associated compliance schedule;

e) All federally applicable requirements (as defined at LAC 33.III.502), including applicable technology-based emission limitations, work practice standards, and monitoring requirements;

f) Any final and effective revisions to any federally applicable requirement with future compliance dates; and

g) ~~Any recommendations to LDEQ from the final CIA implementation plan in paragraph II. B. related to the permits for the Denka facility.~~

2. LDEQ's public notice and comment process on the Denka Title V permit renewals will follow LDEQ's Title V public participation requirements and will meet any applicable procedural requirements under the Public Participation Plan, Language Access Plan, and Disability Access Plan adopted pursuant to commitments in Section III below.

3. LDEQ will for the next ~~5~~ 3 years update its webpage "Denka: The Path Forward" with ~~a summary of all inspections and enforcement actions taken at the Denka facility including~~ links to relevant documents in EDMS. ~~Summaries will~~ Links to relevant EDMS documents will be posted within 30 days ~~of completion of the inspection or enforcement activity~~ of issuance of any enforcement action.

H. ~~Updating LDEQ's Ambient Air Standards (AAS)~~

> **Commented [OM19]: LDEQ:** We added in recognition of information is in EDMS while addressing community concerns about timely information using LDEQ's existing Denka webpage.

5

Informal Resolution Agreement　　　　　　　　　　　　　　　　PRIVILEGED/DELIBERATIVE
EPA Complaints No. 01R-22-R6 and 04R-22-R6　　　　　　　　　　　　　　　　05/18/2023

~~LDEQ will develop a process to update LDEQ's current Ambient Air Standards (AAS); to regularly update the AAS; and to add chronic standards beginning with mercury and hydrogen sulfide. When considering data for both acute and chronic standards, LDEQ will use the best available data (*e.g.,* for chronic standards utilize U.S. EPA Reference Concentrations (RfCs) or Inhalation Unit Risks (IURs)). Within 180 days of the effective date of this Agreement, LDEQ will provide EPA confirmation of the adoption of this process.~~

~~I.~~H.　Modelling of Emissions in St. James and St. John the Baptist Parishes

~~1.　Within XX days of the effective date of this Agreement, LDEQ will conduct HEMS modelling of EtO and chloroprene emissions from facilities in St. James and St. John the Baptist Parishes.~~

~~3.~~1.　~~Within 90 days of completing the HEMS modelling in paragraph II. I. 1. above, LDEQ will provide a risk communication presentation about the results of the HEMS modelling to residents and Parish government agencies including school boards.~~

~~J.~~I.　Public Engagement

1.　LDEQ's practice is to include all meeting records and written communication in the Electronic Data Management System (EDMS) file for the regulated facility. LDEQ will ensure that this includes ~~notes of meetings or other oral communication with permit applicants and~~ written communication and other outside parties regarding permit applications that are releasable under Louisiana ~~Open~~ Public Records law (*e.g.,* applicant's comments on draft permit monitoring terms and conditions, emissions limitations).

~~2.　LDEQ will post relevant Title V permit files on its website at least 45 days before a draft Title V permit is published for comment.~~

~~3.~~2.　LDEQ will provide a link on its ~~Website~~ website ~~Homepage~~ homepage to its spreadsheet of all air permit applications received and pending which includes minor source applications.

~~4.　Within 180 days, LDEQ will develop and implement a policy to provide public notice and comment for minor source permit applications:~~

　　~~a)　where concerns about environmental justice issues or discriminatory impacts have been raised by the public;~~

　　~~b)　in an identified area of concern (e.g., area where LDEQ has received consistent odor complaints); and~~

**Comments:**

**Commented [OM20]:** LDEQ: EPA's draft provision did not presume any outcome as bullet 2 stated nor does the provision make LDEQ's program subject to EPA oversight through the IRA. The provision says LDEQ will come up with a plan to update now, regularly update, & send us a copy of the plan.

**Commented [CB21R20]:** LDEQ disagrees that this language would not make the AAS and review thereof subject to EPA review under the IRA.

**Commented [A22]:** • LDEQ's Air Toxics Program is a state program, adopted and implemented under state authority. It is not a SIP program subject to EPA oversight. LDEQ will not render the program subject to EPA oversight through the IRA.
• LDEQ AAS are adopted by rule in accordance with the Administrative Procedures Act. LDEQ cannot and will not presume the outcome of any rulemaking.

**Commented [CB23]:** EPA's proposed rulemaking included modelling of risk for EtO and chloroprene in the Industrial Corridor.

**Commented [A24]:** LDEQ will not agree to HEM4 modeling of ethylene oxide and chloroprene emissions

**Commented [OM25]:** LDEQ: Would LDEQ commit to deploy the TLC or MAMLs to monitor EtO and other pollutant emissions levels (*e.g.,* H2S) of concern to res…

**Commented [CB26R25]:** See proposed revision above.

**Commented [A27]:** Propose this entire section be eliminated. Public engagement has been addressed in other sections of the draft IRA.

**Commented [CB28]:** LDEQ does not make, and is not required to make, a record of all oral communications with permit applicants.

**Commented [A29]:** It is already LDEQ's practice to include all meeting records and written communication in the EDMS file for the regulated facility.

**Commented [OM30R29]:** We incorporated LDEQ's statement about what it already does. Complainants raised concerns that not all information regarding meetings &…

**Commented [A31]:** This is not a reasonable timeframe. However, a list of all permit applications received by the Department is maintained on LDEQ's website per the …

**Commented [OM32R31]:** What is a reasonable timeframe?

**Commented [CB33]:** LDEQ seeks clarification as to what is requested in this provision. The permit application and associated information typically will be publicly availa…

**Commented [A34]:** As noted in our response, we already have a spreadsheet on our website of all applications received and pending which includes minor source …

**Commented [OM35R34]:** We tried to find the spreadsheet LDEQ refers to in its website & were …

6

Informal Resolution Agreement　　　　　　　　　　　　　PRIVILEGED/DELIBERATIVE
EPA Complaints No. 01R-22-R6 and 04R-22-R6　　　　　　　　　　　　　05/18/2023

c)  ~~for the type of facility that communities generally raise concerns about (e.g., chemical plants, refineries, grain terminals).~~

~~5.~~3.  LDEQ's public notice and comment and public hearing on draft Title V ~~and minor source~~ permits will follow LDEQ's Title V public participation requirements and will meet any applicable procedural requirements under the Public Participation Plan, Language Access Plan, and Disability Access Plan adopted pursuant to Section III below.

**Commented [A36]:** No, we will not agree to this.

**Commented [OM37]: LDEQ:** In discussions you stated you have discretion & would consider doing more for permits that don't usually have public notice & comment:
- where concerns about environmental justice issues or discriminatory impacts have been raised by the public;
- in an identified area of concern (*e.g.,* area where LDEQ has received consistent odor complaints);
- for the type of facility that communities generally raise concerns about (*e.g.,* chemical plants, refineries, grain terminals).

**Commented [CB38R37]:** This language is overly broad and would practically result in public notice and comment of every minor source permit.

**Commented [OM39]:** Tracks language LDEQ provided above about Denka Title V renewal permit process.

7

| Page 6: [1] Commented [A22] | Author | |
|---|---|---|

- LDEQ's Air Toxics Program is a state program, adopted and implemented under state authority. It is not a SIP program subject to EPA oversight. LDEQ will not render the program subject to EPA oversight through the IRA.
- LDEQ AAS are adopted by rule in accordance with the Administrative Procedures Act. LDEQ cannot and will not presume the outcome of any rulemaking.
- If undertaking any rulemaking to revise or add new AAS, LDEQ would rely on the best available data at the time of the rulemaking.

| Page 6: [2] Commented [A24] | Author | |
|---|---|---|

LDEQ will not agree to HEM4 modeling of ethylene oxide and chloroprene emissions.

- EJScreen incorporates the results of AirToxScreen, which in turn utilizes HAPEM, not HEM, to estimate exposure and risk.
- EPA has (presumably) modeled estimated risks for ethylene oxide and chloroprene emitting facilities, including those in St. James and St. John the Baptist, in conducting the residual risk reviews required under the CAA. These rule revisions, with results of the risk estimates, are to be proposed in March 2023.
- EPA IURs for both ethylene oxide and chloroprene are currently subject to court challenge.

| Page 6: [3] Commented [OM25] | O'Lone, Mary | 4/26/2023 5:25:00 PM |
|---|---|---|

**LDEQ:** Would LDEQ commit to deploy the TLC or MAMLs to monitor EtO and other pollutant emissions levels (*e.g.,* H2S) of concern to residents in St. James, St. John the Baptist, and other communities near EtO emitters for meaningful periods of time in the meanwhile?

| Page 6: [4] Commented [OM30R29] | O'Lone, Mary | 5/8/2023 7:26:00 PM |
|---|---|---|

We incorporated LDEQ's statement about what it already does. Complainants raised concerns that not all information regarding meetings & oral communications were included in the record. This just spells out that LDEQ already does this.

| Page 6: [5] Commented [A31] | Author | |
|---|---|---|

This is not a reasonable timeframe. However, a list of all permit applications received by the Department is maintained on LDEQ's website per the statutory requirement in La. R.S. 30:2022.1, and any interested person may request to receive monthly email notifications from the Department regarding applications received.

| Page 6: [6] Commented [CB33] | Courtney Burdette | 6/6/2023 3:05:00 PM |
|---|---|---|

LDEQ seeks clarification as to what is requested in this provision. The permit application and associated information typically will be publicly available in EDMS more than 45 days before commencement of the public comment period.

| Page 6: [7] Commented [A34] | Author | |
|---|---|---|

As noted in our response, we already have a spreadsheet on our website of all applications received and pending which includes minor source applications. We don't need to agree to anything further on this.

| Page 6: [8] Commented [OM35R34] | O'Lone, Mary | 5/8/2023 7:35:00 PM |
|---|---|---|

We tried to find the spreadsheet LDEQ refers to in its website & were unsuccessful. Proposed provision is a compromise to our provision:

> LDEQ will notify the public via LDEQ's website when it receives a minor source permit application for which LDEQ regulations do not require public notice and comment..