IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Jeff Landry, <br><br>PLAINTIFF, <br><br>v. <br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., <br><br>DEFENDANTS. | CIVIL ACTION No. 2:23-cv-00692 |

## DECLARATION OF JOHN W. SINQUEFIELD

1. My name is John W. Sinquefield. I am the Chief Deputy Attorney General in the Louisiana Department of Justice ("LADOJ"). I make this declaration on behalf of LADOJ in support of the State of Louisiana in the above-captioned litigation.

2. I have been admitted to practice law in Louisiana since 1971. In the past I have served as a prosecutor in the Orleans Parish District Attorney's Office, Chief of the Legal Services Section of the Louisiana Attorney General's Office, Technical Assistance Coordinator and Staff Counsel for the National Center for Prosecution Management in Washington, DC, Chief Deputy in the East Baton Rouge Parish District Attorney's Office, First Assistant District Attorney in the Calcasieu District Attorney's Office, First Assistant District Attorney in the East Baton Rouge Parish District Attorney's Office, and First Assistant Attorney General, Senior Counsel and Chief Deputy Attorney General in the Louisiana Department of Justice.

3. I am generally familiar with LADOJ's operations. I am familiar with its law enforcement activities and have been informed by staff that has been in receipt of grant funds, and

that it routinely applies for and receives grants from the US Department of Justice ("USDOJ").

4. I am informed by staff, that according to usaspending.gov, LADOJ received hundreds of thousands of dollars in grant funding from USDOJ from 2020 through the present. In particular, LADOJ has received at least $765,140 from USDOJ to support the Louisiana Internet Crimes Against Children ("ICAC") Task Force.

5. I am informed by staff, that LADOJ intends to continue applying for grants from USDOJ in the future, and that LADOJ expects that it will continue to receive grants form USDOJ in every year for the foreseeable future.

## COST OF DISPARATE IMPACT ANALYSIS

6. LADOJ has authority to conduct certain law enforcement activities statewide, and I am informed by staff that LADOJ does not conduct a disparate impact analysis before engaging in law enforcement activities, and LADOJ intends to engage in the same law enforcement activities it traditionally has without conducting a disparate impact analysis.

7. I am informed by the Director of the Louisiana Bureau of Investigation, which is a division of the LADOJ that while it is uncertain as to what a disparate impact analysis would look like, it is certain that conducting a disparate-impact analysis of, e.g., how law enforcement resources are allocated or deployed would inherently require expenditure of LADOJ resources, including hiring additional staff, purchasing additional equipment, and additional work hours for personnel. Further I am informed by staff that performing that analysis would presumably require LADOJ to collect and review information regarding the race, color, and national origin, of communities impacted by LADOJ activities. Collecting and reviewing that information would additionally cause LADOJ to

incur costs related to determining what data it needs, how to obtain that data, and collecting that data in accord with federal and state laws.

8. It is my understanding that LADOJ policy is that consistent with Equal Protection and the Louisiana Constitution, LADOJ desires to conduct its law enforcement activities — including deploying its personnel and resources — without any consideration of race. *See, e.g., La. Associated Gen. Contractors, Inc. v. State*, 669 So. 2d 1185 (La. 1996) (under Louisiana law, "it is irrelevant whether there is an arguably compelling state interest which justifies the racially discriminatory law. And once it has been determined that a law discriminates against persons of the basis of race, there is no further inquiry.")

9. It has been my experience that LADOJ makes decisions based on the facts involved and purported violations of law. I am informed by staff that it is believed layering and undefined "disparate impact" analysis into that decision could chill even-handed decision making. Further, conducting such an analysis could expose LADOJ to Litigation for failing to neutrally apply the law without regard to race.

**I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE STATE OF LOUISIANA THAT THE FOREGOING IS TRUE AND CORRECT. 28 U.S.C. § 1746.**

Sworn and subscribed this 29 day of September, 2023, in Baton Rouge, Louisiana

JOHN W. SINQUEFIELD
CHIEF DEPUTY ATTORNEY GENERAL