IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Jeff Landry,<br><br>P<small>LAINTIFF</small>,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al.,<br><br>D<small>EFENDANTS</small>. | C<small>IVIL</small> A<small>CTION</small> N<small>O</small>. 2:23-cv-00692 |

**S<small>TATE'S</small> N<small>OTICE</small> R<small>EGARDING</small> C<small>ROSS</small>-M<small>OTION</small> F<small>OR</small> S<small>UMMARY</small> J<small>UDGMENT</small>**

The States of Louisiana, by and through its Attorney General, Jeff Landry (the "State"), respectfully provides notice that, in an effort to streamline and simplify this case, it is electing not to file a formal cross-motion for summary judgment at this time.

The parties have agreed to, and this Court approved, a briefing schedule providing for four briefs between the parties to resolve the issues presented, although it permits the State to make a cross-motion for summary judgment. *See* Doc. 23.

With the filing of the State's brief today, existing briefing now totals 162 pages, with Defendants being entitled to an additional 30 pages for their final brief. *See* Doc. 23. In the State's view, that is sufficient to present all of the issues for this Court's review adequately. But if the State were to file a formal cross-motion for summary judgment, it would be entitled to an additional reply brief in support of that cross-motion (a fifth brief) under this Court's Local Rules.

To avoid unnecessary additional briefing, the State therefore is not filing a cross-motion for summary judgment at this time. Instead, it respectfully submits that the existing briefing is sufficient for this Court to resolve the issues presented as a matter of law—particularly where few of the material

facts presented here appear to be disputed, and almost none of them relate to the merits of the State's claims.

The State therefore requests, in reviewing the existing briefs, evidence, and motions, that this Court elect to exercise its discretion under Rule 56(f). That rule provides authority for this Court, in reviewing Defendants' motion for summary judgment, to "grant summary judgment for a nonmovant," Fed. R. Civ. P. 56(f)—*i.e.*, the State. In the State's view, the existing briefing should be sufficient to present the issues here for resolution fully without further expansion. If this Court concludes based on the materials presented that either side is entitled to judgment as a matter of law on a particular claim, it should simply enter judgment for that party on that claim under Rule 56 based on the existing submissions.

The State, however, is happy to defer to whatever procedures that this Court believes is expedient and efficient. Therefore, if this Court would prefer that the State file a formal cross-motion, the State is happy to do so and will comply with any such request expeditiously. If that is the Court's preference, the State requests that the Court enter an order to that effect.

| | |
|---|---|
| Dated:   September 29, 2023 | Respectfully submitted, |
| Re-filed: October 3, 2023 | By: */s/ J. Scott St. John* |
| DREW C. ENSIGN *<br>  Special Assistant Solicitor General<br>202 E. Earll Drive<br>Suite 490<br>Phoenix, AZ 85004<br>drewensignlaw@gmail.com | ELIZABETH B. MURRILL (La #20685)<br>  Solicitor General<br>J. SCOTT ST. JOHN (La #36682)<br>  Deputy Solicitor General<br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel: (225) 326-6766<br>murrille@ag.louisiana.gov<br>stjohnj@ag.louisiana.gov |

*Counsel for Plaintiff State of Louisiana*

\* admitted *pro hac vice*