IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| THE STATE OF LOUISIANA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:23-cv-00692-JDC-KK |
| | § | |
| U.S. ENVIRONMENTAL | § | |
| PROTECTION AGENCY, *et al.*, | § | |
| Defendants. | § | |

**MOTION FOR LEAVE TO FILE** *AMICUS CURIAE* **BRIEF OF
THE AMERICAN CIVIL RIGHTS PROJECT AND
THE HAMILTON LINCOLN LAW INSTITUTE
IN OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT AND SUPPORT OF
SUMMARY JUDGMENT FOR
<u>PLAINTIFF UNDER FED. R. CIV. P. 56(F)</u>**

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the American Civil Rights Project and Hamilton Lincoln Law Institute (the "Amici") hereby move the Court for an order granting their request for leave to file the accompanying *amici curiae* brief in the above-captioned matter (attached as Exhibit 1). Pursuant to Local Rule 7.4.1, this motion may be decided without hearing.

This motion is based on the following memorandum of points and authorities, and such other materials as the Court may consider.

PLEASE TAKE FURTHER NOTICE that in accordance with Local Rule 7.4.1, a proposed order is filed with this motion.

## STATEMENT OF COURT ACTION SOUGHT

The Amici move the Court to enter an order granting the Amici leave to file the brief attached as Exhibit 1 as *amici curiae*. With the brief, the Amici seek to assist the Court in its determination of whether to grant Defendants' Cross-Motion for Summary Judgment (Dkt. 29) or to grant summary judgment in favor of Plaintiff.

## CERTIFICATE OF ATTEMPT TO OBTAIN CONSENT FOR FILING

Pursuant to Local Rule 7.4.1, undersigned counsel certifies that she attempted to obtain consent for filing this motion and for leave to file the Amici's *amici* brief from counsel for Defendants and lead Plaintiff State of Louisiana. Counsel for Louisiana consented to the motion. Counsel for Defendants had not responded at the time of filing.

## STATEMENT OF INTEREST

The ACR Project is a public-interest law firm, dedicated to protecting and where necessary restoring the equality of all Americans before the law.

HLLI is a public-interest law firm dedicated to protecting free markets, free speech, limited government, and separation of powers, and against regulatory abuse and rent-seeking. Its subunit, the Center for Class Action Fairness represents class members pro bono in class actions where class counsel employs unfair class-action procedures to benefit themselves at the expense of the class.

The Amici have invested substantial time and resources investigating the confluence of American non-discrimination statutes and the U.S. Constitution with other substantive areas of law. The Amici believe their resulting expertise will benefit the Court in its consideration of this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

At issue in this case is the EPA's new interpretation and attempted enforcement of its Title VI regulation (the "Regulation") from the early 1970s as a catch-all, all-purpose disparate-impact regulation forbidding EPA's funding recipients from making decisions that have unjustified, racially disparate impacts.

The Amici seek to file a brief of *amici curiae* in support of the State of Louisiana's opposition to the EPA's Cross-Motion to Dismiss or for Summary Judgment to provide the Court with additional information about the lack of statutory or constitutional text or precedent to support EPA's interpretation of the Regulation, precedent supporting the

timing of Louisiana's challenge to EPA's interpretation, and the importance of ending EPA's attempt to evade judicial review.

In our adversary system, "strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.); *Lefebure v. D'Aquilla*, 15 F.4th 670, 674 (5th Cir. 2021) ("Our adversarial system of justice is based on the same fundamental premise as our First Amendment—a firm belief in the robust and fearless exchange of ideas as the best mechanism for uncovering the truth.").

It is thus natural that "[d]istrict courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers from the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (cleaned up); *see, e.g.*, *Pel-Star Energy v. U.S. Dep't of Energy*, 890 F. Supp. 532, 535-36 (W.D. La. June 12, 1995) (leave to file amicus brief granted for shareholders); *Sweet Lake Land & Oil Co. v. Exxon Mobil Corp.*, No. 2:09-CV-01100, 2011 U.S. Dist. LEXIS 145079, at *13 n.3 (W.D. La. Dec. 15, 2011) (same for industry associations); *United States v. Catahoula Parish Sch. Bd.*, Civ. No. 69-14430, 2020 U.S. Dist. LEXIS 161492, at *4 (W.D. La. Sept. 3, 2020) (same for NAACP); *Louisiana v. Biden*, No. 2:21-CV-00778, Dkt. No. 115 (May 13, 2021) (same for Western counties).

"No statute, rule, or controlling case defines a federal district court's power to grant or deny leave to file an amicus brief." *United States v. Deloitte Consulting* LLP, 512 F.

Supp. 2d 920, 927 (S.D. Tex. 2007). "Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is timely or useful or otherwise necessary to the administration of justice." *Id.* (internal quotation marks omitted). "Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case." *United States v. David*, 180 F. Supp. 2d 797, 800 (E.D. La. Aug. 30, 2001) (internal quotation marks omitted).

There is good cause for granting the Amici's motion. In their proposed brief, the Amici discuss issues at the heart of the Defendants' cross-motion for summary judgment, including that under constitutional authority the Regulation is not and cannot be a catch-all, all-purpose disparate-impact regulation as the EPA contends. Amici discuss in detail the legal history and precedent of Title VI disparate impact and how EPA (or any administrative agency) lacks the power and authority to interpret the Regulation as it has against Louisiana. The Amici also provide their unique perspective and discussion of legal precedent as to whether Louisiana's challenge to the Regulation is proper and the importance of stopping the gamesmanship the current administration has exhibited in pursuing entirely new—and almost certainly unlawful—interpretations of the Regulation while purposely evading judicial review.

The Amici seek to file their brief before the Court rules on the EPA's cross-motion and weeks before the EPA's reply is due, providing adequate time for the Court to consider the issues they raise and for the EPA to respond. *See United States v. Holy Land Found.*, No. 3:04-CR-0240, 2009 U.S. Dist. LEXIS 151359, at *7 (N.D. Tex. July 1, 2009) (proposed amicus brief was timely where it was submitted "less than three months after"

its interest in the case became clear "and before the trial concluded"). Allowing the Amici to file their proposed brief as *amici curiae* would serve the interests of justice.

## Conclusion

For all these reasons, the Amici respectfully ask this Court to grant their motion for leave to file their proposed brief as *amici curiae*.

Date: October 6, 2023

        Respectfully submitted.

        /s/ *Anna St. John*
        Anna St. John (LBN 36034)
        *Trial Attorney*
        Hamilton Lincoln Law Institute
        1629 K St. NW, Suite 300
        Washington, DC 20006
        (917) 327-2392
        anna.stjohn@hlli.org

        -AND-

        The American Civil Rights Project
        Daniel I. Morenoff
        Joseph A. Bingham

        P.O. Box 12207
        Dallas, Texas 75225
        (214) 504-1835
        dan@americancivilrightsproject.org
        joe@americancivilrightsproject.org

        *Counsel for* Amici Curiae

## Certificate of Service

I hereby certify that on this day I filed the foregoing with the Clerk of the Court by ECF, thus effectuating service on all counsel who are registered as electronic filers in this case.

Date: October 6, 2023

*/s/ Anna St. John*_____
Anna St. John