IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Jeff Landry, <br><br> PLAINTIFF, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 2:23-cv-00692 |

## LOUISIANA'S REQUEST FOR JUDICIAL NOTICE

Pursuant to Fed. R. Evid. 201, the State of Louisiana requests the Court take judicial notice of EPA's October 3, 2023, acceptance for investigation of a Title VI complaint alleging only disparate impact by facially non-discriminatory policies. True and accurate copies of the complaint and EPA's acceptance letter—as obtained from EPA's Civil Rights Docket website—are attached as Exhibits A and B, respectively.[1] Those facts further undermine Defendants' assertions of mootness and underscore that the State continues to face a credible threat of enforcement of Defendants' Title VI disparate-impact regulations. *See, e.g.*, *Parents Involved in Community Schools v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 719-20 (2007); *Seals v. McBee*, 898 F.3d 587, 592 & n.9 (5th Cir. 2018) ("Whether the government disavows prosecution is a factor in finding a credible threat of prosecution," as is "evidence of other enforcement actions that are currently being pursued").

---

[1] https://www.epa.gov/system/files/documents/2023-03/03R-23-R4%20Complaint_Redacted.pdf
https://www.epa.gov/system/files/documents/2023-10/2023.10.03_rec_acc_ltr_03r-23-r4_adem.pdf

Judicial notice is appropriate because the complaint, EPA's acceptance of that complaint for investigation, and the contents of those documents are "not subject to reasonable dispute," and those facts "can be accurately and readily determined from sources whose accuracy cannot reasonably questioned," *i.e.*, EPA's website. Fed. R. Civ. P. 201(b)(2); *see also, e.g.*, *Funk v. Stryker Corp.*, 631 F.3d 777, 781, 783 (5th Cir. 2011) (finding no error in district court's taking judicial notice of "publicly available letter" from FDA that had legal significance); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457-58 (5th Cir. 2005) (taking judicial notice of fact ascertainable from federal agency's website). For the avoidance of doubt, Louisiana asks only for judicial notice of the complaint, EPA's acceptance letter, and the contents thereof, not the truth of the assertions therein. *See Rollins v. St. Jude Medical*, 583 F. Supp. 2d 790, 804-05 (W.D. La. 2008) (James, J.).

| | |
|---|---|
| Dated:   October 10, 2023 | Respectfully submitted, |
| | By: */s/ Joseph Scott St. John* |
| DREW C. ENSIGN *<br>  Special Assistant Solicitor General<br>  *Pro Hac Vice*<br>202 E. Earll Drive<br>Suite 490<br>Phoenix, AZ 85004<br>drewensignlaw@gmail.com | ELIZABETH B. MURRILL (La #20685)<br>  Solicitor General<br>J. SCOTT ST. JOHN (La #36682)<br>  Deputy Solicitor General<br>TRACY SHORT (La #23940)<br>  Assistant Attorney General<br>LOUISIANA DEPARTMENT OF JUSTICE<br>1885 N. Third Street<br>Baton Rouge, Louisiana 70804<br>Tel: (225) 326-6766<br>murrille@ag.louisiana.gov<br>stjohnj@ag.louisiana.gov<br>shortt@ag.louisiana.gov<br><br>*Counsel for Plaintiff State of Louisiana* |