**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | |
|---|---|
| THE STATE OF LOUISIANA,<br><br>    Plaintiff,<br><br> v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>    Defendants. | No. 2:23-cv-00692-JDC-KK |

**DEFENDANTS' RESPONSE TO
PLAINTIFF'S "ADDITIONAL UNDISPUTED MATERIAL FACTS"**

  Plaintiff has chosen not to move for summary judgment, *see* ECF No. 35, and its deadline to do so has now passed. *See* ECF No. 23 at 1 (Order setting September 19, 2023 as "Plaintiff's deadline to file a combined reply in support of its motion for preliminary injunction, response to Defendants' dispositive motion, and motion for summary judgment"); ECF No. 33 (extending Plaintiff's deadline to file a combined reply and response to September 29, 2023). Plaintiff nonetheless includes purported "additional undisputed material facts" with its Opposition, *see* ECF No. 34-28. Defendants have no obligation to respond to this document under the Local Rules, which do not contemplate submission of "additional undisputed material facts." *See* LR56. Defendants further object that none of the facts Plaintiff alleges are material to resolution of the State's claims. Nonetheless, and out of an abundance of caution, Defendants respectfully submit the following responses:

  1. The State does incur or would incur costs to comply with the challenged Title VI disparate-impact regulations. *See* Burdette Declaration ¶¶17-25; Exh. 61 at 18 (explaining that ""statistical evidence is often necessary" to comply with disparate-impact mandates); *Prop. Cas. Insurers Ass'n of Am. v. Donovan*, 66 F. Supp. 3d 1018, 1043-44 (N.D. Ill. 2014) (finding standing based on compliance costs resulting from challenged disparate-impact rule because such mandates "require the [regulated

entities] to begin collecting and reviewing information regarding applicants' race, color, [etc.] to monitor their compliance with the Rule" and thereby "*causes [the regulated parties] to incur costs.*" (emphasis added)).

**RESPONSE:** Disputed. Any such compliance costs may be funded by the grant itself, *see* 2 C.F.R. § 200.403(a), meaning the State need not incur costs out of its own pocket.

2. On October 12, 2022, EPA issued a "Letter of Concern" to LDEQ and LDH. *See* Exh. 11.

**RESPONSE:** Undisputed. Defendants respectfully refer the Court to Exhibit 11 for a full and accurate statement of its contents.

3. EPA explained that it "issue[d] th[e] Letter [of Concern] to present significant evidence suggesting that the Departments' actions or inactions have resulted and continue to result in disparate adverse impacts on Black residents of St. John the Baptist Parish, St. James Parish, and the Industrial Corridor." Exh. 11 at 2.

**RESPONSE:** Undisputed that the letter contains the language that Plaintiff quotes here. Defendants respectfully refer the Court to Exhibit 11 for a full and accurate statement of its contents.

4. The Letter of Concern requested that LDEQ and LDH "[c]onduct cumulative impact analysis" and set forth detailed requirements that EPA demanded, at a "minimum," that "[t]hese cumulative impact analyses should" contain. Exh. 11 at 5-6.

**RESPONSE:** Undisputed that the letter contains the words and phrases that Plaintiff quotes here. Defendants respectfully refer the Court to Exhibit 11 for a full and accurate statement of its contents.

5. The Letter of Concern did not allege that LDEQ or LDH had taken any actions on the basis of intentional discrimination. *See generally* Exh. 11.

**RESPONSE:** Undisputed. Defendants respectfully refer the Court to Exhibit 11 for a full and accurate statement of its contents.

6. EPA submitted document demands to LDEQ and LDH on April 26, 2023, as part of its Title VI investigations. *See* Exh. 18.

**RESPONSE:** Undisputed that EPA submitted a document request to LDEQ. Defendants respectfully refer the Court to Exhibit 18 for a full and accurate statement of the document request submitted.

7. In March 2023, EPA admitted that it could not continue informal negotiations with the State without securing Sierra Club's consent to an extension. *See* Seidemann Decl. ¶¶ 65-70; *see also* Exh. 42.

**RESPONSE:** Undisputed.

8. To secure Sierra Club's consent, EPA traded non-public information and told attorneys for LDEQ and LDH that EPA "did not think it was a very high price … in order to get a 120-day extension for the purpose of continuing what we think is a very productive discussion [and] negotiation." *See* Seidemann Decl. ¶¶ 65-70.

**RESPONSE:** Disputed. The information was neither "traded" nor "non-public." To the contrary, EPA was informed that LDEQ released to the complainant, Tulane Environmental Law Clinic, via a Public Records Request the very information that Plaintiff asserts was "non-public." *See* Declaration of Anhthu Hoang ¶ 17.

9. EPA and LDEQ/LDH exchanged proposed settlement agreements with each other, including through redlines of EPA's proposals. *See* Exh. 81-83.

**RESPONSE**: Undisputed.

10. In the course of the informal negotiations, EPA never alleged that LDEQ and LDH had taken any actions that were the product of intentional discrimination. *See* Seidemann Decl. ¶109.

**RESPONSE**: Disputed that the cited paragraph of the Seidemann Declaration supports the asserted fact; rather, paragraph 109 of the Seidemann Declaration states: "To the best of my recollection, EPA did not accuse LDEQ or LDH of intentional racial discrimination during any of the telephone conversations I participated in." Paragraph 109 of the Seidemann Declaration is undisputed.

| | |
|---|---|
| Dated: October 30, 2023 | Respectfully submitted, |
| KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| CHRISTINE STONEMAN<br>Chief, Federal Coordination and<br>Compliance Section | BRANDON B. BROWN<br>United States Attorney |
| DARIA NEAL<br>Deputy Chief, Federal Coordination and<br>Compliance Section | KAREN J. KING<br>Assistant United States Attorney |
| | JOSHUA E. GARDNER<br>Special Counsel, Federal Programs Branch |
| /s/ Katharine F. Towt<br>KATHARINE F. TOWT (MA Bar No. 690461)<br>Attorney<br>U.S. Department of Justice<br>Civil Rights Division, Federal Coordination and<br>Compliance Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 353-5054<br>Email: katie.towt@usdoj.gov | /s/ M. Andrew Zee<br>M. ANDREW ZEE (CA Bar No. 272510)<br>ALEXANDER W. RESAR<br>ANDREW J. RISING<br>Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>Phone: (415) 436-6646<br>Email:   m.andrew.zee@usdoj.gov |
| | *Attorneys for Defendants* |