UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>    Defendants. | No. 2:23-cv-00692-JDC-TPL |

**NOTICE OF COMPLIANCE**

Defendants respectfully submit this Notice of Compliance to inform the Court of actions taken to comply with the January 23, 2024 Memorandum Ruling granting Plaintiff's Motion for a Preliminary Injunction, ECF No. 48 ("Ruling"), and accompanying Preliminary Injunction Order, ECF No. 50 ("Injunction").

  1.  Part One of the Court's Injunction preliminarily enjoins Defendants[1] from "imposing or enforcing any disparate impact-based requirements against the State of Louisiana or any State agency under Title VI." Injunction at 1. In light of Plaintiff's characterization of its request for a preliminary injunction (ECF No. 21 at 1-2) and this Court's ruling on that request (Ruling at 76), Defendants understand Part One of the Injunction to prohibit imposition or enforcement against the State of Louisiana or its agencies of EPA's and DOJ's Title VI disparate-impact regulations. In

---

[1] Defendants are: the United States Environmental Protection Agency (EPA); Michael S. Regan, in his official capacity as Administrator of the EPA; Lilian Dorka, in her official capacity as the Director of EPA's External Civil Rights Compliance Office; Merrick Garland, in his official capacity as Attorney General of the United States; the United States Department of Justice (DOJ); and the United States of America.

response to Plaintiff's "extra-regulatory requirements" claim challenging EPA's purported imposition of cumulative-impact-analysis requirements, *see* ECF No. 21 at 1-2; Ruling at 72, Part Two of the Court's Injunction preliminarily enjoins Defendants from imposing or enforcing any Title VI disparate-impact-based requirements upon the State of Louisiana or any State agency under Title VI that are not both ratified by the President and based upon requirements found within the four corners of EPA's disparate-impact regulations. *See* Injunction at 1. In light of Plaintiff's characterization of its request for a preliminary injunction (ECF No. 21 at 1-2) and this Court's ruling on that request (Ruling at 72), Defendants understand Part Two of the Injunction to prohibit imposition or enforcement against the State of Louisiana or its agencies of what Plaintiff has alleged are EPA's "extra-regulatory requirements."

2. Pursuant to the Injunction, EPA and DOJ, including the relevant officials at each of those two agencies, have ceased any and all imposition or enforcement of their Title VI disparate-impact requirements and cumulative-impact-analysis requirements under Title VI against the State of Louisiana or any State agency. Because this action and the Court's Ruling concern only the regulations and conduct of EPA and DOJ, Defendants construe the Injunction to enjoin only those two agencies and their officials from imposing or enforcing only these two agencies' Title VI disparate-impact requirements or cumulative-impact-analysis requirements under Title VI.[2]

3. EPA confirms that during the pendency of the Injunction, any current or future EPA investigations against the State of Louisiana or its agencies will not proceed under EPA's Title VI disparate-impact regulations. EPA further confirms that, during the pendency of the Injunction, if

---

[2] Plaintiff's public statements regarding the Injunction indicate that Plaintiff construes the injunction in the same way. *See* State of Louisiana Department of Justice, "Federal Judge Deals Blow To EPA. Blocks Agency From Imposing Race-Based Mandates Against Louisiana," Jan. 24, 2024, available at: https://www.ag.state.la.us/Article/13180 ("On Tuesday, U.S. district court Judge James Cain blocked the U.S. Environmental Protection Agency and the U.S. Department of Justice from imposing disparate impact regulations against the State of Louisiana.").

the State of Louisiana or its agencies apply for or receive funding grants from EPA, the State of Louisiana or its agencies will not be subject to EPA's Title VI disparate-impact regulations or any cumulative-impact-analysis requirements under Title VI as a condition of applying for or receiving such funding.

4. DOJ confirms that during the pendency of the Injunction, any current or future DOJ investigations against the State of Louisiana or its agencies will not proceed under DOJ's Title VI disparate-impact regulations. DOJ also confirms that during the pendency of the Injunction, if the State of Louisiana or its agencies apply for or receive funding grants from DOJ, the State of Louisiana or its agencies will not be subject to DOJ's Title VI disparate-impact regulations as a condition of applying for or receiving such funding.

5. Because Louisiana state law distinguishes between "state agencies" and "political subdivisions" and the Court's Injunction prohibits imposing or enforcing disparate-impact-based requirements against "the State of Louisiana or any State agency," Injunction at 1, Defendants do not construe the injunction to prohibit imposition or enforcement of disparate-impact requirements by EPA or DOJ against political subdivisions, defined as "[a]ny parish, municipality, special district, school board, sheriff, public board, institution, department, commission, district, corporation, agency, authority, or an agency or subdivision of any of these, and other public or governmental body of any kind which is not a state agency." La. Stat. § 13:5102 (defining "political subdivisions" as distinct from "state agencies"); La. Stat. § 49:662 (similar); *Charter Sch. of Pine Grove, Inc. v. St. Helena Par. Sch. Bd.*, 9 So. 3d 209, 220 (La. App. 1 Cir. 2009) ("Many provisions of the constitution and revised statutes contain definitions that differentiate between state agencies and political subdivisions, such as local school boards."); *Phillips v. Louisiana Stadium & Exposition Dist.*, 332 So. 3d 779, 782 (La. App. 4 Cir. 2021) ("A political subdivision is distinct from a state agency and is defined as 'a parish, municipality,

and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions.'") (citing La. Const. of 1972, Art. 6, § 44(2)).

| | |
|---|---|
| Dated: February 6, 2024 | Respectfully submitted, |
| KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| CHRISTINE STONEMAN<br>Chief, Federal Coordination and<br>Compliance Section | BRANDON B. BROWN<br>United States Attorney |
| DARIA NEAL<br>Deputy Chief, Federal Coordination and<br>Compliance Section | KAREN J. KING<br>Assistant United States Attorney |
| | JOSHUA E. GARDNER<br>Special Counsel, Federal Programs Branch |
| /s/ *Katharine F. Towt*<br>KATHARINE F. TOWT (MA Bar No. 690461)<br>Attorney<br>U.S. Department of Justice<br>Civil Rights Division, Federal Coordination and<br>Compliance Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 353-5054<br>Email: katie.towt@usdoj.gov | /s/ *M. Andrew Zee*<br>M. ANDREW ZEE (CA Bar No. 272510)<br>ALEXANDER W. RESAR<br>ANDREW J. RISING<br>Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>Phone: (415) 436-6646<br>Email:  m.andrew.zee@usdoj.gov |
| | *Attorneys for Defendants* |