**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| THE STATE OF LOUISIANA,<br><br>             Plaintiff,<br><br>   v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>             Defendants. | No. 2:23-cv-00692-JDC-TPL |

**JOINT REQUEST FOR BRIEFING SCHEDULE**
**AND FOR ENTRY OF FINAL JUDGMENT**

Plaintiff and Defendants, having conferred since the entry of this Court's January 23, 2024 Memorandum Ruling granting Plaintiff's Motion for a Preliminary Injunction, ECF No. 48 ("Ruling"), and accompanying Preliminary Injunction Order, ECF No. 50 ("Injunction"), respectfully submit this joint request to set a briefing schedule and for entry of final judgment. Subject to the terms detailed below, the parties are in agreement that the Court may enter final judgment in this case without additional dispositive motion practice; that there remain only certain discrete issues concerning a final judgment that would require this Court's resolution; and that resolving those issues under the below proposed briefing schedule is in the interests of judicial economy. In support of this request, the parties state as follows:

    1.    On January 23, 2024, this Court entered its Ruling and Injunction, granting Plaintiff's Motion for a Preliminary Injunction, and granting in part and denying in part Defendants' Cross-Motion to Dismiss or, in the Alternative, for Summary Judgment. In the Injunction, the Court preliminarily enjoined Defendants from "imposing or enforcing any disparate impact-based

requirements against the State of Louisiana or any State agency under Title VI," and from imposing or enforcing any Title VI disparate-impact-based requirements upon the State of Louisiana or any State agency under Title VI that are not both ratified by the President and based upon requirements found within the four corners of EPA's disparate-impact regulations.  *See* Injunction at 1.  On February 6, 2024, Defendants filed a notice with the Court confirming EPA's and DOJ's compliance with the Injunction.

2. Since the Injunction was entered and in light of the Court's Ruling addressing all claims asserted by Plaintiff in this case, the parties have held several productive discussions about appropriate next steps in this case that will best serve the interests of judicial economy and efficiency.  The parties have agreed that, without prejudice to any argument that any party may raise in any appeal, the most efficient course of action for all parties and for the Court is for the Court to enter a final judgment that is consistent with the Court's Ruling and Injunction.  Neither party waives the right to appeal the final judgment.

3. In the course of conferring about a final judgment, the parties have identified a limited number of discrete issues concerning the form of final judgment on which they have been unable to agree.  To resolve any disputes over specific issues, the parties propose to present streamlined briefing to the Court.  For purposes of this briefing, the parties intend to confer about, and to reach agreement to the maximum extent possible on, appropriate language for a proposed form of final judgment.  Where the parties have differences on language, they will advocate for their respective positions through briefing on the following proposed schedule, which they request that the Court enter:

- April 23, 2024: Plaintiffs' brief on final judgment, not to exceed 15 pages
- May 14, 2024: Defendants' response brief, not to exceed 15 pages
- May 28, 2024: Plaintiffs' reply brief, not to exceed 10 pages
- June 11, 2024: Defendants' reply brief, not to exceed 10 pages

4. In light of their proposal for the Court to enter a final judgment, the parties have also agreed that Defendants' filing an Answer is not necessary. Accordingly, the parties request that the Court relieve Defendants of their obligation to do so and vacate the current Answer deadline of April 5, 2024. ECF No. 53.

A proposed order is attached.

| | |
|---|---|
| Dated: March 28, 2024 | Respectfully submitted, |
| KRISTEN CLARKE<br>Assistant Attorney General<br>Civil Rights Division | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division |
| CHRISTINE STONEMAN<br>Chief, Federal Coordination and<br>Compliance Section | BRANDON B. BROWN<br>United States Attorney |
| DARIA NEAL<br>Deputy Chief, Federal Coordination and<br>Compliance Section | KAREN J. KING<br>Assistant United States Attorney |
| | JOSHUA E. GARDNER<br>Special Counsel, Federal Programs Branch |
| */s/ Katharine F. Towt*<br>KATHARINE F. TOWT (MA Bar No. 690461)<br>Attorney<br>U.S. Department of Justice<br>Civil Rights Division, Federal Coordination and<br>Compliance Section<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br>Phone: (202) 353-5054<br>Email: katie.towt@usdoj.gov | */s/ M. Andrew Zee*<br>M. ANDREW ZEE (CA Bar No. 272510)<br>ALEXANDER W. RESAR<br>ANDREW J. RISING<br>Attorneys<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>Phone: (415) 436-6646<br>Email:  m.andrew.zee@usdoj.gov |
| | *Attorneys for Defendants* |

|  |  |
|---|---|
|  | By: */s/ Tracy Short* |
| DREW C. ENSIGN * | TRACY SHORT (La #23940) |
| HOLTZMAN VOGEL |   Assistant Attorney General |
| BARAN TORCHINSKY & | LOUISIANA DEPARTMENT OF JUSTICE |
| JOSEFIAK PLLC | 1885 N. Third Street |
| 2575 East Camelback Rd., | Baton Rouge, Louisiana 70804 |
| Suite 860 | Tel: (225) 326-6766 |
| Phoenix, AZ 85016 | shortt@ag.louisiana.gov |
| (602) 388-1262 |  |
| densign@holtzmanvogel.com |  |
|  | *Counsel for Plaintiff State of Louisiana* |