IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Jeff Landry,<br><br>PLAINTIFF,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al.,<br><br>DEFENDANTS. | CIVIL ACTION No. 2:23-cv-00692 |

**LOUISIANA'S NOTICE REGARDNG SUPPLEMENTAL AUTHORITIES**

The State of Louisiana (the "State") respectfully provides notice of two recent decisions that support the State's request for vacatur here: (1) *Texas Med. Ass'n v. HHS*, __ F.4th __, 2024 U.S. App. LEXIS 19431, at *1 (5th Cir. Aug. 2, 2024) and (2) *Bridgeport Hosp. v. Becerra*, __ F.4th __, 2024 U.S. App. LEXIS 17965 (D.C. Cir. July 23, 2024). Copies of both decisions are attached.

*Texas Medical Association* reiterates "Binding Fifth Circuit precedent recognizes this remedy [*i.e.*, vacatur]" is available under the APA because "the APA 'empowers and commands courts to "set aside" unlawful agency actions,' allowing a district court's vacatur to render a challenged agency action 'void.'" 2024 U.S. App. LEXIS 19431, at *28-29 (citation omitted). The Fifth Circuit went on to hold that "remand without vacatur is available only rarely, *when there is 'at least a serious possibility' that the deficiency can be corrected on remand* and that vacatur would have 'disruptive consequences.'" *Id.* at *29 (emphasis added). *Texas Medical Association* thus supports the State's argument that remand without vacatur is precluded here because there is no prospect that the regulation's flaws could be corrected on remand since they stem from Defendants' *absence of authority* under Title VI to impose disparate-

impact mandates. Indeed, here Federal Defendants have not even attempted to argue that "'a serious possibility' that the deficiency c[ould] be corrected on remand" here. *Id.*

In *Bridgeport Hospital*, the D.C. Circuit reversed a district court's decision to remand without vacatur and instead mandated that "HHS's [challenged] action must be vacated." 2024 U.S. App. LEXIS 17965, at *15-17. The D.C. Circuit reiterated that remand without vacatur is available "only if an agency's error is 'curable.'" *Id.* at *15 (citation omitted). But "[b]ecause an agency can't 'cure' the fact that it lacks authority to take a certain action, remand-without-vacatur is unavailable here." *Id.* Here too Federal Defendants "lack[] authority to take a certain action"—*i.e.*, impose disparate-impact mandates under Title VI. As such, "remand-without-vacatur is unavailable here." *Id.*

<table>
<tr><td>Dated:  August 19, 2024</td><td>Respectfully submitted,</td></tr>
<tr><td></td><td>By: <u>/s/ Tracy Short</u></td></tr>
<tr><td>

DREW C. ENSIGN *
  Special Assistant Solicitor General
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
602-388-1262
Email:  densign@ holtzmanvogel.com
</td><td>

TRACY SHORT (La #23940)
  Assistant Chief Deputy Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
shortt@ag.louisiana.gov
</td></tr>
</table>

*Counsel for Plaintiff State of Louisiana*

\* *pro hac vice application granted*