UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, <br><br> Plaintiff, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | No. 2:23-cv-00692-JDC-TPL |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL AUTHORITIES**

Defendants respectfully respond to the State of Louisiana's notice, ECF No. 62, of two recent decisions regarding the remedy of vacatur: *Texas Med. Ass'n v. United States Dep't of Health & Hum. Servs.*, No. 23-40217, 2024 WL 3633795 (5th Cir. Aug. 2, 2024), and *Bridgeport Hosp. v. Becerra*, 108 F.4th 882, 884 (D.C. Cir. 2024). Because neither authority addresses a situation in which a limited permanent injunction would afford the plaintiff complete relief as is true in the instant action, neither authority supports the universal vacatur that the State seeks.

First, that the Fifth Circuit in *Texas Medical* reiterated that vacatur "is available under the APA," ECF No. 62 at 1, does not mean that vacatur is the required remedy in the instant action. To the contrary, the Fifth Circuit recognized that other remedies are available. *See* 2024 WL 3633795, at *12 (explaining that, in certain circumstances, "remand without vacatur is available"). The Fifth Circuit nonetheless held that universal vacatur was necessary in that specific case "to promote 'uniformity and predictability'"—"one of the Departments' primary justifications for the Final Rule"—across arbitrations determining the amount an insured patient will pay for emergency services furnished by

an out-of-network provider. *Id.* at *1, *12. No comparable need for uniformity exists here. And because all of the State's established injuries are a result of being subject to the challenged regulations, a permanent injunction that prohibits application of those regulations to the State would fully remedy the State's injuries without universal vacatur. Accordingly, under the constitutional and equitable principles that Defendants have identified, *see* ECF No. 61 at 4-6, this Court should do no more than enjoin application of the challenged regulations as to the State of Louisiana and its agencies.

      Second, the D.C. Circuit's determination that vacatur was necessary in *Bridgeport Hospital*, 108 F. 4th 882, is similarly inapposite. In that case, it was not possible to remedy the injury suffered by a hospital receiving an underpayment as a result of a "budget-neutrality adjustment" without vacating the regulation that required an overpayment to other hospitals: "because the budget-neutrality adjustment existed only as a subsidiary component of the wage-index redistribution policy, the two adjustments are inextricably intertwined." *Id.* at 891 n.6. Here, however, the Court can permanently enjoin Defendants from applying the challenged regulations against Louisiana and thereby remedy entirely the State's injuries. Indeed, that is the outcome that would result in the least disruption to the administration of DOJ's and EPA's Title VI activities, *see* ECF No. 59 at 10-12.

Dated: August 21, 2024

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

CHRISTINE STONEMAN
Chief, Federal Coordination and
Compliance Section

DARIA NEAL
Deputy Chief, Federal Coordination and
Compliance Section

*/s/ Katharine F. Towt*
KATHARINE F. TOWT (MA Bar No. 690461)
Attorney
U.S. Department of Justice
Civil Rights Division, Federal Coordination and
Compliance Section
950 Pennsylvania Avenue NW – 4CON
Washington, DC 20530
Phone: (202) 353-5054
Email: katie.towt@usdoj.gov

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

BRANDON B. BROWN
United States Attorney

KAREN J. KING
Assistant United States Attorney

JOSHUA E. GARDNER
Special Counsel, Federal Programs Branch

*/s/ M. Andrew Zee*
M. ANDREW ZEE (CA Bar No. 272510)
ALEXANDER W. RESAR
ANDREW J. RISING
Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
450 Golden Gate Ave.
San Francisco, CA 94102
Phone: (415) 436-6646
Email:   m.andrew.zee@usdoj.gov


*Attorneys for Defendants*

3