UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STATE OF LOUISIANA** | **CASE NO. 2:23-CV-00692** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S ENVIRONMENTAL PROTECTION AGENCY ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court are two Proposed Judgments (Doc. 58-2 and 59--1) filed by the State of Louisiana and Defendants. Defendants oppose the State's Judgment in some respects, which requires a ruling by this Court.

## BACKGROUND

After extensive briefing followed by a hearing, the undersigned issued a Preliminary Injunction as follows:

> Defendants, the United States Environment Protection Agency ("EPA"), Michael Regan, Lilian Dorka, U S Department of Justice ("DOJ"), Merrick Garland, United States of America, are hereby preliminarily ENJOINED from
>
> (1) Imposing or enforcing any disparate impact based requirements against the State of Louisiana or any State agency under Title VI, and
>
> (2) Imposing or enforcing any Title VI based requirements upon the State of Louisiana or any State agency under Title VI, that are not both
>
> a. Ratified by the President, as required by 42 U.S.C. § 2000d-1, and

b. Based upon requirements found within the four corners of EPA's disparate impact regulations, 40 C. F. R. § 7.35(b),(c).[1]

Subsequent to the Preliminary Injunction, the parties set briefing deadlines[2] for entry of final judgment. The parties have now submitted their briefs, and the Court will address the challenges to the State of Louisiana's Proposed Judgment.

## **LAW AND ANALYSIS**

In their Proposed Judgment and Memoranda, the State of Louisiana requests that this Court order a Vacatur with a 60-day delay of the challenged disparate-impact regulations, or issue a permanent injunction narrowed to the State of Louisiana. Defendants challenge the Vacatur and/or the Statewide permanent injunction. Defendants maintain that a universal vacatur of EPA's and DOJ's regulation is improper, and the permanent injunction should only apply to the State of Louisiana and its agencies, but not to any non-parties to this action.

*Vacatur*

The State of Louisiana is proposing a vacatur of 40 C.F. R. § 7.35(b), (c) and 28 C.F.R. § 42.104 (b)(2) insofar as liability is based on any disparate-impact theory, limiting liability solely to intentional discrimination. Defendants argue that a universal vacatur is not necessary to remedy the State's injuries, citing *Gill v. Whitford,* 585 U.S. 48, 66 (2018) ("[A] plaintiff's remedy must be 'limited to the inadequacy that produced [his] injury in fact.'" Instead, Defendants propose that equity compels a more limited remedy of a targeted

---

[1] Doc. 50.
[2] Doc. 56.

permanent injunction. See *Nuziard v. Minority Business Development Agency*, 2024 WL 965299 (N.D. Tex. 3/5/2024). Defendants suggest that vacatur is not appropriate when the more limited remedy of a targeted permanent injunction is available.

Section 706 provides that a "reviewing court shall . . . hold unlawful and set aside agency action" "found to be unlawful." 5 U.S.C. § 706. The APA "empowers and commands courts to 'set aside' unlawful agency actions," allowing a district court's vacatur to render the challenged agency action "void." *Texas v. Biden*, 20 F. 4th 928, 957 (5th Cir. 2021); *Franciscan All., Inv. Becerra,* 47 4th 368, 374-74 (5th Cir. 2022).  Remand without vacatur is available only rarely, when there is "at least a serious possibility" that the deficiency can be corrected on remand and that vacatur would have "disruptive consequences." *Texas v. Biden*, 20 F. 4th at 1000 (quoting *Tex. Ass'n of Mfrs. v. U.S. Consumer Prod. Safety Comm'n*, 989 F.3d 368, 389-90 (5th Cir. 2021).

As noted by Defendants, despite vacatur being the "default rule," the Court has discretion to choose a more limited remedy, if appropriate. *Texas v. U.S. Dep't of Transportation*, 2024 WL 1337375 at *21 (N.D. Tex. March 27, 2024); see also *Nuziard, supra*. "The district court may vacate the entire [rule], or it may fashion a narrower form of injunctive relief based on equitable arguments." *N. New Mexico Stockman's Ass'n v. U.S. Fish & Wildlife Serv.*, 494 F.Supp.3d 850, 1041 (D.N.M. 2020) *aff'd*, 30 F.4th 1210 (10th Cir. 2022) (quoting *WildEarth Guardians v. U.S. Bureau of Land Mgmt.*, 870 F.3d 1222, 1240 (10th Cir. 2017)).

The "test for whether vacatur is appropriate considers two factors: '(1) the seriousness of the deficiencies of the action, that is, how likely it is the agency will be able

to justify its decision on remand; and (2) the disruptive consequences of vacatur." *Texas*, 20 F. 4th at 1000 (quoting *United Steel v. Mne Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019)). "[B]ecause vacatur is the default remedy . . . defendants bear the burden to prove vacatur is unnecessary." *Tex. Med. Ass'n v. HHS*, 2023 U.S. Dist. LEXIS 135310, at *34 (E.D. Tex. Aug. 3, 2023).

The State of Louisiana argues that vacatur is warranted because the disparate-impact regulations violate the text of § 601. As to the first factor, the State argues that due to the seriousness of the deficiencies of the regulations, the agency would not be able to justify its decisions on remand. See *Texas*, 20 F. 4th at 1000. The State reminds the Court of its ruling the disparate-impact regulations not only violate § 601, but also violate the Spending Clause, and implicates the major questions doctrine. Thus, the State argues that the disparate-impact regulations are irredeemable.

As to the second factor, the State argues that there are no disruptive consequences of vacatur. The State further attempts to mitigate any disruptive consequences by delaying the vacatur for 60 days. To address Defendant's argument that universal vacatur is unwarranted, the State proposes that a vacatur be granted only within the borders of the State of Louisiana, as opposed to nationwide. So, here the Court must decide which is best—a vacatur or a permanent injunction.

Defendants have failed to persuade the Court that there is a serious possibility that the agency will be able to substantiate its decision if given an opportunity to do so. Furthermore, Defendants have not pointed to any disruptive consequences of a vacatur. Here, the Court agrees with the State that Defendants cannot cure their regulations'

deficiencies on remand, nor have they established any disruptive consequences. As such, Defendants have failed to overcome the presumption that a vacatur without limit is warranted.

The State argues that if this Court issues a vacatur of the unlawful disparate impact regulations, a permanent injunction is not necessary. However, it appears that a permanent injunction, statewide, would effectively be the equivalent of a vacatur. As such, the Court is inclined to fashion a remedy that is limited to the inadequacy that produced the State's injury.

*Permanent Injunction*

Both parties have submitted proposed judgments considering this Court's ruling that all of the requirements for a preliminary injunction are met; the Court now deems that the State of Louisiana has achieved actual success on its disparate-impact and extra-regulatory requirement claims. As noted by the State, the only remaining question is scope. The State is proposing that an injunction apply within the borders of the State of Louisiana, whereas Defendants seek to limit the scope to the State of Louisiana and its agencies, but not apply the injunction to private parties and political subdivisions, such as parishes and municipalities.

Defendants argue that the State is attempting to broaden the scope of the preliminary injunction to these non-parties, which it claims is unnecessary and unwarranted. The State argues that a permanent injunction should be issued statewide and not limited to the State of Louisiana and its agencies. The State argues that the enforcement of Defendants' unlawful disparate-impact regulations violates Louisiana's law prohibiting discrimination

on the basis of race, and therefore, a statewide injunction will remedy the sovereign injury that enforcement of Defendants' unlawful regulation in Louisiana would otherwise occasion. The State also mentions that the EPA has demonstrated a proclivity to exploit its coercive power under Title VI to make unlawful demands as part of informal negotiations.

As noted by the Supreme Court, "[t]he scope of injunctive relief is dictated by the extent of the violation established, not by the geographical extent of the plaintiff class." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). The Court agrees that the unlawful disparate-impact regulations are illegal anywhere in the United States. However, the State's request is limited to a permanent injunction exclusively within the borders of the State of Louisiana.

The Louisiana Constitution bans discrimination "because of race" and guarantees all within Louisiana's borders "the equal protection of the laws." Louisiana Const. art. 1 § 3. Louisiana statutory law similarly bans discrimination by virtually all businesses and other federal grant recipients in the State. *See*, *e.g.*, La. R.S. 23:332; 17:111. As such, a statewide injunction is necessary to provide complete relief. *Califano*, 442 U.S. at 702; see also *Louisiana v. Becerra*, 20 F.4th 260, 263-64 (5th Cir. 2021); see also *BST Holdings, LLC v. OSHA*, 17 F.4th 604, 619 (5th Cir. 2021) (ordering a nationwide stay that included non-parties).

## CONCLUSION

For the reasons explained herein, the Court will grant the State of Louisiana a permanent injunction and permanently enjoin Defendants, the United States Environmental Agency; Michael S. Regan in his official capacity as Administrator of the EPA; the

Director of the EPA's Office of External Civil Rights Compliance; the United States Department of Justice; and Merrick Garland in his official capacity as Attorney General of the United States of America from:

(A) Enforcing the Title VI disparate-impact requirements contained in 40 C.F.R. § 7.35(b), (c) and 28 C.F.R. § 42.104(b)(2) against any entity in the State of Louisiana, or requiring compliance with those requirements as a condition of past, existing, or future awards of financial assistance to any entity in the State of Louisiana; and

(B) Enforcing against any entity in the State of Louisiana any EPA disparate-impact requirement under Title VI or cumulative-impact-analysis requirement under Title VI that has not been ratified by the President pursuant to 42 U.S.C. § 2000d-1 and is not contained in the EPA regulations implementing Title VI within 40 C.F.R. Part 7.

Judgment will also be entered in favor of the State of Louisiana on Counts III, IV, V and VI of the Complaint. Counts I, II, and VII will be dismissed without prejudice in favor of Defendants.

**THUS DONE AND SIGNED** in Chambers on this 22nd day of August, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**