# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Liz Murrill, <br><br> PLAINTIFF, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 2:23-cv-00692 |

**STATE'S REPLY IN SUPPORT OF RULE 59(E) MOTION TO AMEND THE JUDGMENT**

**STATE'S 59(E) REPLY**

Federal Defendants' (EPA's) response fails to undermine any of the State's three bases for obtaining relief under Rule 59(e).

**Change in Law.** EPA is mistaken that *Restaurant Law Center v. U.S. Department of Labor*, 115 F.4th 396 (5th Cir. 2024) does not represent an intervening change in law. As an initial matter, EPA's arguments (at 1, 3-4) are largely misdirected at the issue of whether vacatur is the default remedy for APA violations. There is, however, no change in law on that issue: Fifth Circuit precedent had already made clear the default appropriateness of vacatur before *Restaurant Law Center*, and that case reiterates that rule. *Restaurant Law Center*, 115 F.4th at 410. Nor was that the State's argument. EPA's contentions on that front are thus inapposite.

More fundamentally, EPA fundamentally misunderstands the nature of *Restaurant Law Center*. That is best demonstrated by its contention (at 1) that vacatur is "still discretionary" in this context. But the **holding** of *Restaurant Law Center* is that vacatur is *not* discretionary in this context: *i.e.*, where the challenged rule "*suffers from a fundamental substantive defect* that the [agency] *could not rectify on remand.*" 115 F.4th at 410 (citation omitted) (emphasis added). EPA has never meaningfully disputed that the defects that this Court identified in its Disparate-Impact Mandates are incurable on remand.

*Restaurant Law Center* breaks new legal ground by making plain that vacatur is *required* when the defects are incurable on remand. In that case, the district court had held that a regulation did not violate the APA, and the Fifth Circuit reversed. But rather than remand the question of remedies to the district court to exercise its equitable discretion in the first instance, the Fifth Circuit necessarily concluded that no discretion existed to withhold vacatur when the defects were irremediable on remand—and thus simply resolved the remedial question itself. That no-remand disposition was appropriate only because there was no discretion left to exercise.

1

Notably, *Restaurant Law Center* goes beyond *Alliance for Hippocratic Medicine v. FDA*, 78 F.4th 210, 255 (5th Cir. 2023), in a manner that constitutes a change in law that is properly the subject of a Rule 59(e) motion. In *Alliance for Hippocratic Medicine*, the district court had granted relief in the nature of a vacatur, which the Fifth Circuit affirmed as being within the discretion of the district court. *Id.* at 254 (explaining that the district court's stay under §705 was "the temporary form of vacatur" and rejecting the argument that the "the district court abused its discretion by entering this particular form of relief"). That decision, which applied abuse-of-discretion review, thus confirmed that vacatur was *within* the district court's discretion. But *Restaurant Law Center* makes plain that no such discretion to withhold vacatur even *exists* where, as here, the defects in the challenged regulation are irremediable.

*Restaurant Law Center* further resolved the same injunction-versus-vacatur question that is presented here—and did so squarely in favor of vacatur. Much like the case here, the court considered a "request [for] both vacatur of the [regulation] and a nationwide injunction against its enforcement." And it concluded that "vacatur [wa]s the proper remedy." 115 F.4th at 409–10. Again, the Fifth Circuit was only able to resolve that question—and avoid remand—by necessarily concluding that there was no discretion to withhold vacatur.

EPA attempts (at 5) to distinguish this aspect of *Restaurant Law Center* by arguing that the State did not seek a nationwide injunction here. Once again, "no good deed goes unpunished." *Winter v. NRDC, Inc.*, 555 U.S. 7, 31 (2008). In EPA's mind, the State should be *punished*, through the withholding of vacatur, because the State sought only a statewide injunction instead of a nationwide injunction. But EPA cites nothing for the proposition that the State was required to seek the maximum possible scope of injunctive relief in order to effectuate the APA's vacatur mandate. Not only does no such law exist, but the effects of such a rule would be perverse: parties would be required to seek excessively broad injunctive relief simply to ensure vacatur under the APA. That would saddle courts with unnecessary disputes and prevent parties from seeking more targeted relief lest their failure to

2

seek maximalist relief waive their right to more modest remedies. Put simply, EPA's attempt to distinguish *Restaurant Law Center* is upside down, and the fact that the agency needed to trot out new arguments in service of that distinction underscores that *Restaurant Law Center* broke new legal ground for which Rule 59(e) relief is warranted.

***New Evidence***. EPA's attempts (at 7-8) to distinguish the State's new evidence is unavailing. The State is not arguing that EPA has outright blackballed the State (yet)—only that it has an incentive to steer grants to other States. EPA's evidence (at 8) that "there were 28 awards by EPA to entities in the State of Louisiana" is thus irrelevant because it does not answer whether the State might have received 30 or 40 grants absent this Court's withholding of vacatur.

More tellingly, EPA once again *strikingly refuses* to offer "any binding commitment not to disfavor the State in making grants." Doc. 66-1 at 3; *id.* at 3 n.1 (noting prior refusals to make any such commitment). EPA effectively offers nothing more than: "Trust me!" But this is the same agency that engaged in egregious machinations to attempt to moot this case and evade judicial review. Given the extraordinary shenanigans that EPA has already pulled in this case, the State should not be left at the agency's mercy in obtaining future grants, particularly given the agency's misplaced priorities.

***Misunderstanding of the State's position.*** EPA does not deny that the Court's language quoted by the State (Doc. 66-1 at 4) evinces a potential misunderstanding of the State's position as to whether it was seeking universal vacatur. While EPA (at 9) quotes other language to suggest that might not be the case, the State's basic point remains: it appears that this Court may have (or may not have) misperceived the State's position. As EPA emphasizes (at 8), "there can be no doubt that the State sought universal vacatur." Accordingly, to the extent the Court may have perceived otherwise, relief under Rule 59(e) is warranted here.

This Court should grant the State's Rule 59(e) motion and amend its August 22 judgment to vacate the Disparate-Impact Mandates.

3

Dated:  October 9, 2024

Respectfully submitted,

By: /s/ Tracy Short

DREW C. ENSIGN *
  Special Assistant Solicitor General
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
602-388-1262
Email:  densign@ holtzmanvogel.com

TRACY SHORT (La #23940)
  Assistant Chief Deputy Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
shortt@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*

\* *pro hac vice application granted*

4