# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| THE STATE OF LOUISIANA, By and through its Attorney General, Liz Murrill, <br><br> PLAINTIFF, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; et al., <br><br> DEFENDANTS. | CIVIL ACTION NO. 2:23-cv-00692 |

## STATE'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO AMEND THE JUDGMENT

The State respectfully submits as supplemental authority Judge Joseph's decision this year in *Louisiana v. EEOC*, No. 24-cv-629 (W.D. La. May 21, 2025) (*EEOC* Order attached), in which Judge Joseph granted summary judgment to the State and universally vacated an unlawful EEOC regulation. The federal government did not appeal that adverse judgment or universal vacatur. The Court should take the same route here.

As the Court is aware, in this case the Court likewise granted summary judgment to the State in deeming the Title VI Disparate-Impact Mandates unlawful. ECF 65. As a remedy, however, the Court did not vacate the Disparate-Impact Mandates. Instead, the Court entered a permanent injunction against enforcement of those Mandates in Louisiana. *See id.* The State timely filed a Rule 59 motion to amend the judgment to specifically vacate the Mandates nationwide. ECF 66 (motion); ECF 69 (reply). That September 19, 2024 motion remains pending.

Judge Joseph's *EEOC* Order explains that, "[w]hen awarding relief under Section 706(2)" of the Administrative Procedure Act, "the Court may fashion the remedy in one of two ways: remand

1

the Rule with vacatur or remand the Rule without vacatur." *EEOC* Order at 35. But "remand [to the agency] without vacatur is appropriate only 'when there is at least a serious possibility that the agency will be able to substantiate its decision given an opportunity to do so.'" *Id.* at 36. Moreover, "[i]t is equally clear that the scope of ultimate relief under Section 706 is not party-restricted, but rather directs federal courts to wholly 'set aside' unlawful agency action." *Id.* at 37. And as for the propriety of an injunction, "[i]f vacatur is sufficient to address the injury, it is improper to also issue an injunction." *Id.* (citation omitted).

Applying those principles, Judge Joseph determined that vacatur "on a nationwide basis" was appropriate to set aside an unlawful EEOC rule. *Id.* And because vacatur was appropriate, "a permanent injunction is neither required nor permitted." *Id.*

So, too, here. Because nationwide vacatur is the default remedy under the Administrative Procedure Act, the Court should amend the judgment to vacate the Title VI Disparate-Impact Mandates on a nationwide basis. (The federal government has never argued that the constitutional defects this Court identified are curable, so remand to the agency is unnecessary.) And because that remedy is sufficient to address the State's harm, "a permanent injunction is neither required nor permitted." *Id.* The Court should grant the State's Rule 59 motion and amend its August 22, 2024 judgment to vacate the Disparate-Impact Mandates.

Dated:  December 1, 2025        Respectfully submitted,

By: /s/ *Tracy Short*

TRACY SHORT (La #23940)
  Assistant Chief Deputy Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third Street
Baton Rouge, Louisiana 70804
Tel: (225) 326-6766
shortt@ag.louisiana.gov

*Counsel for Plaintiff State of Louisiana*