**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **STATE OF LOUISIANA** | **CASE NO. 2:23-CV-00692** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **U S ENVIRONMENTAL PROTECTION AGENCY ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is the "State's Rule 59(e) Motion to Amend the Judgment (Doc. 66), wherein Plaintiff, the State of Louisiana ("Louisiana") moves under Federal Rule of Civil Procedure 59(e) to amend the judgment entered by this Court on August 22, 2024, by vacating the challenged regulations. 40 C.F.R. § 7.35(b), (c) and 28 C.F.R. § 42.104(b)(2), in so far as they authorize disparate-impact liability.[1]

## BACKGROUND

This suit involves the DOJ's published regulations that purport to impose disparate-impact-based requirements. See, *e.g.,* 28 C.F.R. § 42.104(b)(3). The EPA has also adopted regulations to implement Title VI, (See 40 C.F.R. § § 7.10-180), which contain a restriction on taking actions with disparate impacts. See 40 C.F.R. § 7.35(b), (c). This Court concluded that the disparate impact and cumulative impact analysis the EPA is requiring as a condition for funding grants, creates a race-based decision.[2]

[1] The Parties filed a "Joint Request for Briefing Schedule" (doc. 56), which the Court granted (Doc. 57); as such, this Memorandum Ruling and the accompanying Judgment are a final appealable Judgment.
[2] See Memorandum Ruling, p. 30, Doc. 48.

This Court found (1) that the Disparate-Impact Mandates suffer from a fundamental substantive defect, (2) that the regulations violated the statute they purport to implement, and (3) that the defect could not be rectified on remand, The Court further found that the challenge mandate violated the Constitution. To that end the undersigned issued a statewide injunction, as opposed to a nationwide or universal vacatur.

The State of Louisiana seeks to amend the Judgment issued on August 22, 2024,[3] to vacate the Disparate-Impact Mandates.

## LAW AND ANALYSIS

The State first notes that there has been an intervening change in law after this Court's ruling and injunction, in which the Fifth Circuit decided in Restaurant *Law Center v. U.S. Department of Labor*, 120 F.4th 163 (5th Cir. Aug. 23, 2024). In *Restaurant* the Fifth Circuit explained that "the APA directs the reviewing court" to set aside an unlawful agency action through either vacatur or remand without vacatur. *Id*. at *28. The Fifth Circuit further explained that "[w]hile remand without vacatur might be appropriate in 'rare cases,'" it is not available where the challenged rule "*suffers from a fundamental substantive defect* that the [agency] *could not rectify on remand*." *Id.* at *29 (citation omitted) (emphasis added).

Here, the Court concluded that the challenged Disparate-Impact Mandates were inconsistent with the governing statute's text, and therefore contained a "fundamental defect." Specifically, the Court held that "the disparate-impact regulations not only violate

---

[3] Doc. 65.

§ 601 [*i.e.*, the statute that they purport to implement], but also violate the Spending Clause." Doc. 64 at 4. This Court further "agree[d] with the State that Defendants cannot cure their regulations' deficiencies on remand." *Id.* at 4-5.

Additionally, the State informs the Court that it has new evidence to support its request for vacatur. On August 29, 2024, Defendant, Michigan's Department of Environment, Great Lakes, and Energy reached an agreement with Title VI complainants to resolve a Title VI complaint.[4] The State remarks that the agreement contains explicit cumulative impact mandates for Title VI complaints, which are the same mandates that this Court has held were unlawful.[5] The State voices its concern that it will "suffer a competitive disadvantage in obtain DOJ and EPA grants, because "[a]bsent a vacatur, grants to agencies in the other 49 States will continue to bind those agencies to Defendants' disparate-impact mandates for the term of the grants." Doc. 58 at 5. Of significance, grants to Michigan effectively bind that State to cumulative-impact mandates for the duration of the grant. Here the State's concern is that it suffers harm by the lack of a vacatur, which necessarily makes it less attractive for EPA to make grants to the State of Louisiana as compared to its 49 sister states (and, in particular, Michigan).[6]

The State thus maintains that vacatur is required under Fifth Circuit precedent that was not available at the time of the August 22, 2024, Ruling and Judgment. The State relies on Rule 59(e) of the Federal Rules of Civil Procedure, wherein the Court may amend a

---

[4] See Emerald Skipper Declaration, exhibits 95-96, Doc. 66-2.
[5] Doc. 65, p. 2.
[6] The State also notes that the EPA did not offer any binding commitment not to disfavor Louisiana in making grants.

Judgment to vacate the challenged disparate-impact mandate of 40 C.F.R. § 7.35(b)(c) and 28 C.F.R. § 42.104(b)(2) based on (1) intervening authority, (2) new evidence that did not exist at the time of this Court's judgment, and (3) the Court's potential misapprehension of the relief sought by the State.

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). This Court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

The Court agrees that a universal vacatur is warranted based on Fifth Circuit precedent. To that end the Court agrees with the State of Louisiana that the August 22 Judgment should be amended to vacate the Disparate-Impact Mandates.

## CONCLUSION

For the reasons explained above, the Court will grant the "State's Rule 59(e) Motion to Amend the Judgment (Doc. 66), and amend the Judgment entered by this Court on August 22, 2024, by vacating the challenged regulations. 40 C.F.R. § 7.35(b), (c) and 28 C.F.R. § 42.104(b)(2), in so far as they authorize disparate-impact liability.

**THUS DONE AND SIGNED** in chambers on this 15th day of September, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**